IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | Case No. 23-cv-00818<br><br>MDL No. 3060<br><br>The Honorable Mary M. Rowland |

**UNOPPOSED MOTION FOR REASSIGNMENT**
**BASED ON RELATEDNESS**

Defendants Strength of Nature, LLC, and Godrej Son Holdings, Inc., by and through the undersigned counsel and pursuant to Northern District of Illinois Local Rule 40.4, hereby submit this unopposed motion on behalf of all parties who request that this court relate *Scott v. L'Oreal USA Inc. et al.*, No. 23-cv-00869 (N.D. Ill.) and reassign it to *In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, No. 23-cv-00818 (N.D. Ill.), which is currently pending before this Court. Both cases involve questions of law and fact that are common to actions previously transferred to this multidistrict litigation ("MDL"). As Judge J. Phil Gilbert of the Southern District of Illinois found in transferring the *Scott* case to the Northern District, there was an "expectation that this case w[ould] eventually be consolidated into MDL-3060." ECF No. 90 at 1, *Scott v. L'Oreal USA, Inc. et al.*, No. 23-cv-00166 (S.D. Ill.) (Feb. 10, 2023 Order). Reassignment and relatedness of the two actions will lessen the possibility of inconsistent verdicts, avoid duplicative efforts, and promote judicial economy. For these reasons, the parties respectfully request that this Court grant this Motion and transfer *Scott* to join *In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation* ("MDL 3060") the existing MDL pending before this Court.

Counsel for Plaintiff and defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and Softsheen-Carson, Inc. agree with this request and join this unopposed motion.

1

### I. BACKGROUND

On January 19, 2023, Plaintiff Scott filed this action against Defendants seeking redress for personal injury she believes she sustained from use of hair relaxer products. *Scott*, ECF No. 1 at 43–67. Subsequently, on January 20, 2023, the Honorable Judge J. Phil Gilbert ordered Plaintiff to show cause on or before February 10, 2023 why the court should not transfer the case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). ECF No. 4 at 1, *Scott v. L'Oreal USA, Inc. et al.*, No. 23-cv-00166 (S.D. Ill.) (Jan. 20, 2023 Order). Plaintiff filed a Notice of Non-Opposition to Order to Show Cause on February 9, 2023, stating that she would not oppose transfer to the Northern District of Illinois, particularly "in light of the United States Judicial Panel on Multidistrict Litigation's Transfer order of February 6, 2023 for all similarly-filed cases" to be transferred to the Northern District for efficient disposition. ECF No. 9 at 1, *Scott v. L'Oreal USA, Inc. et al.*, No. 23-cv-00166 (S.D. Ill.) (Feb. 9, 2023 Notice). On February 10, 2023, Judge Gilbert transferred the case to the Northern District of Illinois. ECF No. 10 at 1, *Scott v. L'Oreal USA, Inc. et al.*, No. 23-cv-00166 (S.D. Ill.) (Feb. 10, 2023 Order).

Pursuant to the standing Order from the United States Judicial Panel on Multidistrict Litigation, this Court filed a Conditional Transfer Order on February 8, 2023, which included *Scott v. L'Oreal USA, Inc. et al.*, on the grounds that it appeared to involve "questions or fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Rowland." ECF. No. 137 at 1, *In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, No. 23-cv-00818 (N.D. Ill.) (Feb. 8, 2023 Conditional Transfer Order). This Court then vacated the Conditional Transfer Order, stating that the Panel had been advised that Scott was transferred to the Northern District of Illinois pursuant to 28 U.S.C. §

1404, by the Honorable J. Phil Gilbert. ECF No. 142 at 1, *In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, No. 23-cv-00818 (N.D. Ill.) (Feb. 17, 2023 Order Vacating Conditional Transfer Order). After transfer, the *Scott* case was assigned to the Honorable Jorge L. Alonso. Judge Alonso has scheduled a telephonic status hearing in the *Scott* case for April 13, 2023.

## II. ARGUMENT

Local Rule 40.4 specifies the requirements that must be met in order to determine whether cases are "related," and whether reassignment of the cases is appropriate. *See* Northern District of Illinois L.R. 40.4. A party seeking to demonstrate that cases are "related" must show that at least *one* of the following conditions is satisfied: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or, (4) in class action suits, one or more of the classes involved in the cases is or are the same." *Id.* at 40.4(a). If any such condition is met, Local Rule 40.4(b) allows for a case to be reassigned to another judge if it is found to be related to an earlier-number case assigned to that judge and each of the following criteria is met:

> (a) both cases are pending in this Court;
> (b) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (c) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (d) the cases are susceptible of disposition in a single proceeding.

*Id.* at 40.4(b).

The actions previously transferred to MDL 3060 and *Scott* include substantially similar factual allegations and legal claims. As described above, this case was tagged as substantially

3

similar to the MDL before this court by the both the transferor court and the Panel. As such, the requirements of Local Rule 40.4(a) are satisfied, and the actions should be related.

Reassignment of the *Scott* action is also appropriate under Local Rule 40.4(b): (1) both actions are currently pending before the Northern District of Illinois, (2) the handling of the *Scott* action with MDL 3060 together by one court will be the most efficient for the parties and judiciary, (3) neither the *Scott* nor the MDL 3060 actions have progressed to the point where reassignment of the cases before one court would delay the proceedings—no discovery has been taken, and no trial date has been set; and (4) the *Scott* and MDL 3060 actions are susceptible to disposition in a single proceeding. This fourth condition "is satisfied when the issues of both law and fact are the same in both cases. . . . [T]he rule does not require that the cases be completely identical to permit reassignment." *Pactiv Corp. v. Multisorb Technologies, Inc.*, No. C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15, 2011). Because the claims in *Scott* and *MDL 3060* are based on substantially similar issues of both law and fact, this requirement is satisfied for the same reasons that Local Rule 40.4(a) is satisfied. Additionally, reassignment and relation would lessen the possibility of inconsistent verdicts and duplicative efforts.

### III. CONCLUSION

For the reasons set forth above, the parties request that pursuant to Northern District of Illinois Local Rule 40.4 this Court grant this Motion and reassign *Scott v. L'Oréal USA Inc. et al.*, No. 23-cv-00896 (N.D. Ill.) to this Court as related to *In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, No. 1:23-cv-00818 (N.D. Ill.).

Dated: April 11, 2023

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ Lori B. Leskin*
Lori B. Leskin
250 W. 55th Street
New York, New York 10019
Telephone: 212.836.8000
Facsimile: 212.836.8689
Email: lori.leskin@arnoldporter.com

Daniel Meyers (6299509)
70 West Madison Street
Suite 4200
Chicago, IL 60602
Telephone: 312.583.2393
Facsimile: 312.583.3260
Email: daniel.meyers@arnoldporter.com

*Attorneys for Defendants Strength of Nature LLC and Godrej SON Holdings, Inc.*

## CERTIFICATE OF SERVICE

I, Lori B. Leskin, an attorney, hereby certify that on April 11, 2023, I caused a copy of the foregoing document to be filed electronically through the Court's CM/ECF system, which sent notification of such filing to all registered counsel of record.

*/s/ Lori B. Leskin*
Lori B. Leskin

US 173575220v1