**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

<u>CASE MANAGEMENT ORDER NO. 5</u>
<u>AGREED CONFIDENTIALITY, PRIVILEGE AND CLAWBACK ORDER</u>

***CONFIDENTIALITY***

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Protected Information – As used in this Order, the Parties will be able to designate confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted under the following two designations "Confidential Information" and "Highly Confidential Attorneys' Eyes Only Information."

(A) Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

1

by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by law, statute, or regulation; (b) proprietary research, technical, commercial or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case[1]. Information or documents that are available to the public may not be designated as Confidential Information. The parties anticipate that documents will be reviewed for applicability of these categories and, in recognition of such, the parties will make a good faith effort to make reasonable and proportionate use of the confidentiality designations.

(B)    Highly Confidential – Attorneys' Eyes Only Information. As used in this Order "Highly Confidential – Attorneys' Eyes Only Information" means information which – if disclosed, disseminated, or used by or to a Competitor of the Producing Party or any other person not enumerated in Paragraph 5 and its subparts could reasonably result in possible antitrust violations, disclosure of trade secrets, or commercial or financial and/or creates an extraordinary risk of harm, including harm to non-parties. The parties anticipate that documents will be reviewed for applicability of these categories and, in recognition of such, the parties will make a good faith effort to make reasonable and proportionate use of the confidentiality designations.

3.    Designation.

(A) A party may designate a document as Confidential Information for protection under this Order

---

[1]    If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.

by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information and/or Highly Confidential – Attorneys' Eyes Only are not required to be marked.

(B) The designation of a document as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only is a certification by an attorney or a party appearing pro se that the document contains Confidential Information and/or Highly Confidential – Attorneys' Eyes Only as

defined in this order.[2]

4.      Depositions.[3]

All deposition testimony shall initially be treated as Highly Confidential – Attorneys' Eyes Only Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information and/and/or Highly Confidential – Attorneys' Eyes Only Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.  The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information and/and/or Highly Confidential – Attorneys' Eyes Only Information, unless otherwise ordered by the Court.

In the event that Corporate Counsel or In-House Counsel (or current employees) of any Competitor, who is a party to this litigation, of the Producing Party is present at the deposition of any employee or former employee of the Producing Party, prior to a document designated as Highly Confidential – Attorneys' Eyes Only Information being used in an examination, such Corporate Counsel or In-House Counsel (or current employees) of any competitor, who is a party to this litigation, of the Producing Party shall excuse himself or herself from the deposition room

---

[2]      An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

[3]      The parties or movant seeking the order shall select one alternative for handling deposition testimony and delete by redlining the alternative provision that is not chosen.

without delaying or disrupting the proceedings.

5.      Protection of Confidential Material and Highly Confidential – Attorneys' Eyes Only Information.

(A) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(B) Limited Third-Party Disclosures for Confidential Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    Counsel. Outside Counsel, Corporate Counsel, and In-House Counsel for the parties and employees of counsel who have responsibility for the action;

    (2)    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    Mediators, the Court and their personnel;

    (4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored

documents;

(6)     Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(C)     Limited Third-Party Disclosures for Highly Confidential – Attorneys' Eyes Only Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential – Attorneys' Eyes Only Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential – Attorneys' Eyes Only Information:

(1) Outside Counsel and Corporate Counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel: provided, however, that information designated as Highly Confidential– Attorneys' Eyes Only Information by any Defendant may be disclosed to Corporate Counsel of another Defendant

only if (i) Corporate Counsel has regular involvement with the litigation; (ii) disclosure to that Corporate Counsel is reasonably necessary to this Litigation; and (iii) that Corporate Counsel completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound.

(2) Except as otherwise provided in this Order or any other Order in this Litigation, no other Employees of any adverse defendant may receive the High Confidential – Attorneys' Eyes Only Information of another, or be shown such material at a deposition;

(3) Mediators, the Court and their personnel;

(4) Court Reporters and Recorders. Court Reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, provided that the contractor agrees to be bound by this Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the Certification in Exhibit A Acknowledgment and Agreement to Be Bound;

(7) Witnesses during deposition who may be shown, but shall not be permitted to retain, Highly Confidential – Attorneys' Eyes Only Information; provided, however, that, unless otherwise agreed by the relevant Parties or order by the

Court, no Highly Confidential – Attorneys' Eyes Only Information of a Defendant may be shown to any witness who is a current employee of another Defendant who is not otherwise authorized to receive the information under this Order. In the event that a testifying witness refuses to sign the certification contained in Attachment A on the record at the deposition, the witness nevertheless may be shown and questioned about any document (regardless of confidentiality designation) if: (1) it is evident from the document that the witness prepared, received, or reviewed the document prior to its production in this action; (2) the document came from the custodial file of the witness; or (3) the document consists of policies or procedures for the employment responsibilities held by the witness. The use of a document under this provision will not waive the document's confidentiality designation nor will the witness be entitled to retain a copy of the document. Pages of transcribed deposition testimony or exhibits to depositions that are properly designated as Highly Confidential – Attorneys' Eyes Only pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(D) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and/and/or Highly

Confidential – Attorneys' Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.      Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information.

7.      Filing of Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8.      No Greater Protection of Specific Documents. Except on privilege grounds not

addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      Challenges by a Party to Designation as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only.

The designation of any material or document as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only is subject to challenge by any party. The following procedure shall apply to any such challenge.

(A) Meet and Confer. A party challenging the designation of Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(B) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information under the terms of this Order.

10

10.     Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     Use of Confidential Documents or Information and/or Highly Confidential – Attorneys' Eyes Only Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.

(A) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(B) The receiving party also must immediately inform in writing the party who caused

11

the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(C) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information , and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information by the other party to this case.

13. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. Obligations on Conclusion of Litigation.

(A) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(B) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents

and/or Highly Confidential – Attorneys Eyes Only Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[4] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(C) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information and/or Highly Confidential – Attorneys Eyes Only Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information and/or Highly Confidential – Attorneys Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information and/or Highly Confidential – Attorneys Eyes Only Information.

(D) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

---

[4]    The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

15. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information and/or Highly Confidential – Attorneys Eyes Only Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties and their corporate and in-house counsel, and persons made subject to this Order by its terms.

## _PRIVILEGE_

The parties have conferred and hereby agree and stipulate to the following protocol on privilege issues:

### A. PRIVILEGE LOG

1. Any document falling within the scope of any request for production that is withheld or redacted on the basis of a claim of the attorney-client privilege, the work product doctrine, or any other claim of privilege from discovery is to be identified by the Producing Party in a privilege log; and a privilege log should be produced on a rolling basis, within 60 days after each production. A final privilege log should be produced within thirty (30) calendar days of a document production.

2.      Privilege logs will be produced in an Excel format, or other agreed-upon format, which allows the Receiving Party to search and sort any and all columns and entries of the privilege log.

3.      Privilege logs should build on the previously produced privilege log with a clear indication of which log entries have been revised (*e.g.*, with yellow shading) or added (*e.g.*, using the log production date in ¶6(b) below).

4.      A log of the documents withheld or redacted on the basis of privilege will be generated from the following corresponding metadata fields[5] to the extent they exist as electronic metadata associated with the original electronically stored information:

- Author
- Subject
- Title
- Attachment Name
- File Name
- File Path(s) unless it reveals privileged information[6]
- Last Saved/Edited By
- Custodian(s)
- Sender/From
- Recipient/To
- CC
- BCC
- Sent Date/Time
- Created Date/Time
- Date/Time Last Modified
- Family relationship (*e.g.*, identifying parent emails and attachments)
- File Extension
- Attachment Count
- Hash Value
- Conversation ID or Thread ID

---

[5]      For electronically stored information other than email and e-docs that do not conform to the metadata fields listed here, such as text messages, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be included in the privilege log.
[6]      This will only be produced upon reasonable requests made in connection with a dispute or formal challenge related to the log entry, however, this does not alleviate Defendants requirement to preserve this data.

5.      Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

6.      Parties may substitute an alternative description of the content within the identified metadata field(s) where the content of the metadata field reveals privileged information. The Producing Party shall identify each instance in which it has modified the content of the field and the basis for the modification.

7.      Parties will also include on the privilege log fields containing: (a) a unique document ID or Bates number; (b) the log production date[7]; (c) information sufficient to understand the family relationship of withheld or redacted documents; (d) the privilege asserted (*e.g.*, attorney-client, work product); and (e) a description of the nature of the withheld or redacted document or communication in a manner that, without revealing information claimed privileged, will enable a party to assess the privilege claim.

8.      If the document is the parent or child of a family of documents, some of which have been produced and others withheld, the log should identify the Bates numbers of the first document (i.e., the parent, or if the parent is withheld the first attachment) produced from the family in which the logged document was withheld.

9.      To the extent that Listserv or group email addresses are identified on the privilege log, the Designating Party shall work in good faith to identify individuals and/or groups of individuals and/or groups of individuals who make up such Listserv or group email.

10.     The privilege logs will clearly identify (a) any attorneys on the privilege log using an asterisk or other agreed-upon method; and (b) any third party (along with the name of the third-party business, and the job title and/or role of the third-party identified in a log entry or entries)).

11.     Should a Receiving Party have a good-faith reason to believe a particular entry or portion of the entry log is not accurate or does not provide adequate information, the Receiving Party may request to meet and confer with the Producing Party concerning any additional information,

---

[7]      If the document is withheld in its entirety, the production date it would have been included in must be listed.

which will be provided to the Receiving Party upon reasonable request within fourteen days in a supplemental privilege log consistent with Rule 26(b)(6) of the Federal Rules of Civil Procedure.

12. To the extent a Producing Party seeks to withhold or redact any hard-copy documents or documents lacking sufficient metadata, the Producing Party shall log - if known - the following information for such documents consistent with Rule 26(b)(6) of the Federal Rules of Civil Procedure:

     (a)    a statement of the ground(s) alleged for withholding all or part of such document;

     (b)    the date the document was prepared;

     (c)    the date the document was distributed;

     (d)    the identity of the document's author;

     (e)    the identity of all recipients of the document;

     (f)    an indication of all authors or recipients of the document who are attorneys;

     (g)    an indication of all authors or recipients of the document who are third parties and the nature of each third-party relationship;

     (h)    a description of the nature of the withheld or redacted document in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the privilege claim; and

     (i)    a unique document ID or Bates number.

13. Notwithstanding a claim of privilege, any document containing both privileged and non-privileged matter must be produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself.

14. Privilege log identification is not required for work product authored by in-house counsel after October 21, 2022. Privilege log identification is not required for (1) communications between in-house and outside counsel, and (2) internal communication: (i) within a law firm, (ii) between a law firm or any court approved leadership structure including, but not limited to Co-Lead

Counsel, Plaintiffs' Executive Committee or Plaintiffs' Steering Committee; (iii) within and among lawyers representing Defendants in this litigation; (iv) within a legal department of a corporation or of another organization; or (v) within the company of a defendant involving the administration of discovery in this litigation.

15.     Absent agreement by the Parties, documents withheld or redacted on the basis of privilege may not be logged categorically.

16.     When the deposition of a custodian is scheduled for a date following substantial completion of a production of their custodial file, the parties shall provide privilege logs involving documents from the deponent's custodial file no fewer than fourteen (14) days prior to the deposition, unless otherwise negotiated and agreed to between counsel.

### B. CHALLENGING PRIVILEGE

17.     A Receiving Party may challenge a Producing Party's claims of privilege or work product protection at any time.

18.     The Receiving Party shall be set forth in writing their challenges and the Producing Party shall have fourteen (14) calendar days to respond. Failure to respond timely will be presumed to terminate the meet and confer process.

19.     Within seven (7) calendar days of the Producing Party's response, the parties shall meet and confer to attempt to resolve the challenge.

20.     Once a Receiving Party initiates a written challenge pursuant to paragraph 18 herein, the meet and confer process shall be presumed concluded no later than thirty (30) calendar days later, inclusive of the response times in paragraphs 18 and 19.

21.     If the Receiving Party lodges a challenge to a withheld or redacted document, the Parties agree to meet and confer regarding the claim of privilege pursuant to the guidelines herein.

If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court.

_____

### _CLAWBACK_[8]

The Parties have conferred and hereby agree and stipulate to the following protocol for the clawback of documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(B):

**A. Clawback Notice**

1.      In the event that a Party producing documents (a "Producing Party") discovers that it has produced any attorney-client privileged or work-product-protected documents ("Privileged Documents") it shall provide written notice (a "Clawback Notice") of the claim to the Party that received the documents (the "Receiving Party") identifying the Privileged Documents within fourteen calendar days of its discovery. The Clawback Notice shall include (i) the Bates range of each Privileged Document the Producing Party seeks to claw back, and (ii) a privilege log (in the format agreed by the parties) listing the item(s) produced. If the Producing Party claims that only a portion of the Privileged Document(s) contains privileged or other protected material, the new copy will be redacted to protect only the portion(s) claimed to be privileged or work product. If the Producing Party claims that the entire document is privileged or protected, then the Producing Party shall provide a slip sheet noting that the document has been withheld. The privilege log accompanying the Clawback Notice shall provide the basis for the privilege claim.

**B. Procedures Following Clawback Notice.**

1.      <u>No Challenge.</u> Within fourteen calendar days of receipt of a Clawback Notice (unless

---

[8]      The Parties agree and stipulate that the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit any party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

the Receiving Party challenges the Producing Party's claim of privilege as set forth below), or a Receiving Party's own determination that Privileged Document(s) were produced, or a determination by the Court that documents produced are Privileged Document(s), the Receiving Party must promptly return and/or destroy the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed, and notify the Producing Party when this is complete.

2.      Challenge. If a Receiving Party challenges a claim that a Document specified in a Clawback Notice is privileged or work-product-protected:

(i)      Upon its receipt of a Clawback Notice, the Receiving Party shall notify the Producing Party of its challenge (and the reasons therefor) within fourteen calendar days of receiving the Clawback Notice asserting the claim.[9]   The Receiving Party shall immediately sequester the challenged Document, all copies thereof, and any notes that reproduce, copy, or otherwise disclose or use the substance of the information for which privilege is claimed, until the claim has been resolved.

(ii)      Within fourteen calendar days of the Producing Party's receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to reach agreement, within five business days of the meet and confer, the parties shall submit a joint discovery letter to the Court, submitting the issue for a determination and/or for *in camera* review.  Each party may use the content of the Document(s) at issue solely in briefing or argument submitted in connection with any challenge to a Clawback Notice, in which case the Receiving Party agrees not to argue that such use constitutes waiver of the claimed privilege or work

---

[9]      The parties will agree to reasonable extensions of this time period in the event a Producing Party seeks to claw back more than twenty-five documents at the same time.

product protection in this or any other federal or state proceeding, and each party agrees that any such briefing must be filed under seal. The Document(s) listed in the Clawback Notice shall not otherwise be used or disclosed by the Receiving Party during the time in which the parties are meeting and conferring about the privileged nature of the Document(s) or during the time in which the challenge is before the Court for determination, unless otherwise agreed in writing by the parties or ordered by the Court. The Producing Party shall bear the burden of establishing the privileged or protected nature of the Document(s).

### C. Procedure During Depositions and Hearings

1.     If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection in this or any other Federal or State proceeding; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privileged or work-product-protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the document(s) in dispute. As to any testimony subject to a claim of privilege or work product, the Producing Party shall serve a Clawback Notice within five business days of the deposition, after which the parties shall follow the procedures set forth in Section II. Pending determination of the Clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section II above. In the event the Court decides

the Clawback dispute in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available within fourteen days of the Court's decision.

2.     If a Receiving Party uses discovery materials in a brief, at a hearing (including trial), or in an expert report and the Producing Party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing (including trial), the Producing Party shall serve a Clawback Notice within five business days of the briefing event, hearing (including trial), or service of expert report if claiming that any discovery materials used by the Receiving Party are attorney client privileged or protected work product.

3.     The Producing Party shall be responsible for removing any privileged or protected material from the public record and, at the Receiving Party's option, for filing any necessary amended public and/or redacted filings that contain the privileged or protected material.

4.     <u>Obligation of Producing Party to Conduct Further Review</u>. Following any notification pursuant to Order, within seven calendar days, the Producing Party must promptly conduct a review of its productions of documents or testimony to identify any additional documents or testimony regarding the same or similar topic as the document that notice of Clawback was provided for or the privilege shall be waived as to the similar documents and or testimony.

**D. Miscellaneous**

1.     Nothing in this Stipulation is intended to create an obligation for a party to conduct a privilege review of another party's discovery material. It is the intent of the parties that each side conduct a privilege review prior to the production of Documents to the other.

2.     In no event may a Producing Party rely on its own production or disclosure of privileged or work product materials as a basis to seek disqualification of a Receiving Party's counsel.

E N T E R:

Dated: May 24, 2023

_____
MARY M. ROWLAND
United States District Judge

24

WE SO MOVE
and agree to abide by the
terms of this Order


/s/ Edward A. Wallace
Edward A. Wallace
WALLACE MILLER
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
Tel.: 312-261-6193
Email: eaw@wallacemiller.com

*Plaintiffs' Liaison Counsel*

/s/ Diandra "Fu" Debrosse Zimmermann
Diandra "Fu" Debrosse Zimmermann
DICELLO LEVITT LLC
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

/s/ Fidelma L. Fitzpatrick
Fidelma L. Fitzpatrick
MOTLEY RICE LLC
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

/s/ Michael A. London
Michael A. London
DOUGLAS & LONDON, P.C.
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

25

/s/ Benjamin L. Crump
Benjamin L. Crump
BEN CRUMP LAW FIRM
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

/s/ Dennis S. Ellis
Dennis S. Ellis
Katherine F. Murray
Nicholas J. Begakis
Ellis George Cipollone O'Brien Annaguey LLP
2121 Avenue of the Stars, Suite 3000
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com
nbegakis@egcfirm.com

/s/ Jonathan Blakley
Jonathan Blakley (6308603)
Gordon Rees Scully Mansukhani LLP
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

/s/ Peter Siachos
Peter Siachos (68465)
Gordon Rees Scully Mansukhani LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Attorneys for Defendants L'Oréal USA, Inc., L'Oréal
USA Products, Inc., SoftSheen-Carson LLC and
SoftSheen-Carson (W.I.), Inc.*

26

/s/ Donna M. Welch
Donna M. Welch
Michael F. LeFevour
Kirkland & Ellis, LLP
300 N. LaSalle
Chicago, IL 60654
T: (312) 862-2425
dwelch@kirkland.com
Michael.lefevour@kirkland.com

*Attorneys for Defendant Namaste Laboratories, LLC*

/s/ Lori B. Leskin
Lori B. Leskin
Arnold & Porter Kaye Scholer, LLP
250 West 55th Street
New York, NY 10019 T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com

/s/ Rhonda R. Trotter
Rhonda R. Trotter
Arnold & Porter Kaye Scholer, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
*Attorneys for Defendants Strength of Nature LLC; Strength of Nature Global LLC; Godrej SON Holdings Inc.*

/s/ R. Trent Taylor
R. Trent Taylor (admitted pro hac vice)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182/F: (804) 225-5409
rtaylor@mcguirewoods.com

27

/s/ Patrick P. Clyder
Patrick P. Clyder
Royce B. DuBiner
McGuireWoods LLP
77 West Wacker Drive Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100/F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

/s/ Joseph P. Sullivan
Joseph P. Sullivan (6206202)
Kevin A. Titus (6217520)
Bryan E. Curry (6255803)
Litchfield Cavo LLP
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

/s/ Richard J. Leamy, Jr.
Richard J. Leamy, Jr.
Kristen A. Schank
Wiedner & McAuliffe, Ltd.
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
312.855.1105
rjleamy@wmlaw.com
kaschank@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818 <br><br> MDL No. 3060 <br><br> Judge Mary M. Rowland |

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated May  24, 2023, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and/or Highly Confidential – Attorneys Eyes Only Information and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information and/or Highly Confidential – Attorneys Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information and/or Highly Confidential – Attorneys Eyes Only Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:

                              _____

                              _____

                              _____

                              _____

Date: _____      _____
                                Signature