UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 1:23-cv-00818 MDL No. 3060 |
| SHAQUITA DAVIS,     Plaintiff, v. L'OREAL USA, INC., L'OREAL USA PRODUCTS, INC., SOFT SHEEN-CARSON LLC, STRENGTH OF NATURE, LLC GODREJ SON HOLDINGS, INC., PDC BRANDS, PARFUMS DE COEUR, LTD,     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-06560 Hon. Judge Rowland |

**This Document Relates to 23-cv-01058**

**DEFENDANT, PARFUMS DE COEUR LTD D/B/A PDC BRANDS'
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 8, 12(b)(2) AND 12(b)(6)**

Defendant, Parfums de Coeur, Ltd. d/b/a PDC Brands ("PDC"), incorrectly sued as both Parfums de Coeur, Ltd. and PDC Brands, by its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Motion to Dismiss pursuant to Fed. R. Civ. P. 8, 12(b)(2) and 12(b)(6):

**FRCP Rule 12(b)(2) Motion to Dismiss**

1. PDC moves this Court pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for entry of an order dismissing this case for a lack of personal jurisdiction.

2. Parfums de Coeur, Ltd. was incorporated in the state of Connecticut and maintains its principal place of business in Connecticut. PDC Brands is a trade name of Parfums de Coeur,

1

282933714v.1

Ltd. and not a legal entity. As such, the state and Federal Courts in Illinois have no general personal jurisdiction over PDC.

3. Plaintiff has sued PDC for a product it never designed, manufactured or sold, and as such there is no specific jurisdiction in Illinois state or Federal Courts as this case does not arise from any action of PDC.

4. PDC expressly adopts its Memorandum of Law in Support of Its Motion to Dismiss as if fully set forth herein.

## FRCP Rule 12(b)(6) Motion to Dismiss

5. Plaintiff's Complaint alleges a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act (Count 8); Fraud (Count 9); Fraudulent Concealment (Count 10); Breach of Express Warranty (Count 11); Breach of Implied Warranties (Count 12) and Medical Monitoring (Count 14).

6. The allegations within these counts of Plaintiff's Complaint fail to state a claim upon which relief can be granted based on the lack of factual allegations against PDC.

7. PDC expressly adopts its Memorandum of Law in Support of Its Motion to Dismiss and the omnibus motion to dismiss filed by defendants as if fully set forth herein.

## FRCP Rule 56 Motion for Summary Judgment

8. PDC is attaching exhibits to its Motion to Dismiss, and the Court may choose to treat the motion as a Motion for Summary Judgment pursuant to FRCP 12(d).

9. PDC expressly adopts and incorporates its contemporaneously-filed Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(a)(2) ("Rule 56.1 Statement"), as well as its contemporaneously-filed Memorandum of Law in Support of Its Motion to Dismiss ("Legal Memorandum"), as though fully set forth herein.

WHEREFORE, Defendant Parfums de Coeur, LTD D/B/A PDC Brand, incorrectly sued as both Parfums de Coeur, Ltd. and PDC Brands, respectfully requests that this Honorable Court dismiss Plaintiff's claims against it.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP

*/s/ James R. Williams*
James R. Williams (6276890)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Telephone: (312) 704-0550
Facsimile: (312) 704-1522
jim.williams@wilsonelser.com
*Counsel for Parfums de Coeur, Ltd. d/b/a PDC Brands*

## Certificate of Service

I hereby certify that on July 5, 2023, I filed the forgoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Janette Gillespie

282933714v.1