UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 1:23-cv-00818 MDL No. 3060 |
| SHAQUITA DAVIS,<br>    Plaintiff,<br><br>v.<br><br>L'OREAL USA, INC., L'OREAL USA PRODUCTS, INC., SOFT SHEEN-CARSON LLC, STRENGTH OF NATURE, LLC GODREJ SON HOLDINGS, INC., PDC BRANDS, PARFUMS DE COEUR, LTD,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-06560<br><br><br><br>Hon. Judge Rowland |

**This Document Relates to 1:22-cv-06560**

**DEFENDANT PARFUMS DE COEUR LTD D/B/A PDC BRANDS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 8, 12(b)(2) AND 12 (b)(6)**

Defendant Parfums de Coeur, LTD D/B/A PDC Brands ("PDC"), incorrectly sued as both Parfums de Coeur, Ltd. and PDC Brands, by and through its undersigned counsel, hereby files this Memorandum of Law in Support of its Motion to Dismiss pursuant to Federal Rules of Trial Procedure 8, 12(b)(2) and 12(b)(6):

**INTRODUCTION/ FACTS**

Plaintiff, Shaquita Davis, filed a product liability lawsuit on November 22, 2022 against seven defendants, including PDC, alleging various injuries as a result of her use of certain hair care products. Plaintiff alleges that she used Dark and Lovely ORS Olive Oil Built-In Protection Full Application No-Lye Hair Relaxer; Motions Professional Classic Formula Hair Relaxer; Just for Me Conditioning Crème Relaxer Regular; Profectiv Mega Growth No-Lye Relaxer; and

1

Softsheen Carson Bantu No Base Relaxer between 1990 and 2020. *L.R. 56.1 Statement*, ¶1-2. Notably, Cantu brand hair relaxer is not listed here. Specifically, Plaintiff's initial Complaint alleges that:

"Plaintiff brings this action against Defendants for claims arising from the direct and proximate result of Defendants, their directors, agents, heirs and assigns, and/or their corporate predecessors' negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the products known as include (sic) Dark & Lovely, Just for Me, and Cantu Shea Butter Relaxer (together, the "Products"). *L.R. 56.1 Statement*, ¶2.

The only allegations in Plaintiff, Shaquita Davis' 255 paragraph initial Complaint that specifically reference PDC are paragraphs 9 and 10, which allege that PDC maintains its principal place of business in Connecticut; and paragraph 203, which alleges that PDC intentionally marketed its product in a manner to appear that, rather than harmful chemicals, it instead uses natural ingredients, including but not limited to "shea butter." *L.R. 56.1 Statement*, ¶3-7. The initial Complaint does not even identify which product Plaintiff associates with PDC.

Plaintiff, Shaquita Davis' case was transferred to this MDL (3060) on February 24, 2023. *L.R. 56.1 Statement*, ¶28. The MDL Plaintiffs then filed a Master Long Form Complaint ("Master Complaint") on May 15, 2023. *L.R. 56.1 Statement*, ¶9. The Master Long Form Complaint contains 281 paragraphs, only two of which identify PDC. *L.R. 56.1 Statement*, ¶10-12. Paragraph 2 lists the defendants and as to PDC states "Cantu (PDC Brands)"; and paragraph 25 states that PDC is a Connecticut corporation with its principal place of business and headquarters in Connecticut. *L.R. 56.1 Statement*, ¶10-11. The specific Cantu product at issue is not identified, although the Master Long Form Complaint generally states that the products at issue are "hair relaxer products". *L.R. 56.1 Statement*, ¶10. PDC acquired some products with the Cantu name in

2

2015 from Advanced Beauty, Inc., More specifically, PDC only acquired some of the products and formulations that were then currently being sold, and expressly did not acquire discontinued products and formulations; ABI expressly retained liability for such products; PDC expressly did not assume liability for any products previously sold by ABI. *L.R. 56.1 Statement*, ¶18-25. In spite of Plaintiff's generalized and overbroad allegations that amount to no more than legal conclusions, PDC has never sold any hair relaxer product. *L.R. 56.1 Statement*, ¶22-24.

In 2015, PDC purchased certain assets from Advanced Beauty, Inc. ("ABI"), including some products with the Cantu name. *L.R. 56.1 Statement*, ¶19-20. ABI had discontinued the sale of its Cantu Shea Butter Relaxer product prior to the 2015 asset purchase. *L.R. 56.1 Statement*, ¶23. PDC did not purchase Cantu Shea Butter Relaxer, and did not assume any liabilities for Cantu Shea Butter Relaxer. *L.R. 56.1 Statement*, ¶22-27. PDC has never designed, manufactured or sold a hair relaxer product. *L.R. 56.1 Statement*, ¶24.

Plaintiff's initial Complaint and Master Complaint fail to establish that this Court has personal jurisdiction over PDC in this matter. Additionally, Plaintiff's initial Complaint and Master Complaint do not satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8 and 12(b)(6) and fail to state a claim against PDC.

## FRCP RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiffs are unable to prove a *prima facie* case for personal jurisdiction over PDC, because Plaintiff's claims against PDC are not alleged to have arisen out of any alleged contacts between Parfums De Coeur and Plaintiff in Illinois, and because the company is neither incorporated in nor maintains a principal place of business in Illinois. While Plaintiff sued PDC Brands as a separate entity, "PDC BRANDS" is a trade name (fictitious name or "d/b/a") for Parfums de Coeur, Ltd. *L.R. 56.1 Statement*, ¶14. Parfums De Coeur, Ltd. was incorporated in the State of Connecticut, where it also maintains its principal place of business. *L.R. 56.1 Statement*, ¶15. PDC is not

registered to do business in Illinois; has no registered agent in Illinois; does not own real property in Illinois; does not maintain any offices in Illinois; nor does it maintain any facilities, mailing addresses or bank accounts in Illinois. *L.R. 56.1 Statement*, ¶16-17. Additionally, PDC did not design, manufacture or sell any of the products identified in either Plaintiff's initial Complaint or in the Master Long Form Complaint, which means it did not do so in Illinois. *L.R. 56.1 Statement*, ¶18, 24. Therefore, Plaintiffs' Complaint should be dismissed for failure to establish personal jurisdiction pursuant to Sections 5/2-209, 5/2-301 and 5/2-619 of the Illinois Code of Civil Procedure.

When a defendant raises a Rule 12(b)(2) challenge, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Bakhtiari v. Doe*, 2022 U.S. Dist. Lexis 224296 (N.D. Ill. 2022); citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). In resolving a Rule 12(b)(2) motion, the Court accepts as true all well-pleaded facts alleged in the complaint. *Bakhtiari v. Doe*, 2022 U.S. Dist. Lexis 224296 (N.D. Ill. 2022); citing *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). As is noted above, Plaintiff has failed to allege any well-plead facts against PDC in either the initial Complaint or the Master Complaint.

However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Bakhtiari v. Doe*, 2022 U.S. Dist. Lexis 224296 (N.D. Ill. 2022); citing *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court accepts as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *Bakhtiari v. Doe*, 2022 U.S. Dist. Lexis 224296 (N.D. Ill. 2022); citing *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 (7th Cir. 2009)

This Court may not exercise jurisdiction over a nonresident defendant where the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment. *Shaffer v. Heitner*,

433 U.S. 186, 207 (1997). A trial court may only exercise personal jurisdiction over a nonresident defendant when the defendant has certain minimum contacts with the forum State such that the maintenance of the suit does not offend the 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The concept of "minimum contacts" and "fair play and substantial justice" presaged the development of two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *Keller v. Henderson*, 359 Ill. App. 3d 605, 613 (Ill. 2005).

This Court lacks specific jurisdiction over PDC

A court has specific jurisdiction over a nonresident defendant only when the lawsuit "arises out of or relates to" the defendant's purposeful contacts with the forum state. *Int'l Shoe Co.*, 326 U.S. at 319. Specific jurisdiction arises when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities. *Bakhtiari v. Doe*, 2022 U.S. Dist. Lexis 224296 (N.D. Ill. 2022); citing *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3rd 440, 444 (7th Cir. 2010). There must be a relationship among the defendant, the forum state and the subject matter of the litigation. *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014).

Here, Plaintiff's claims against this Defendant do not "arise out of or relate to" any alleged PDC contacts with the State of Illinois. Neither Plaintiff's initial Complaint, nor the Master Long Form Complaint allege where Plaintiff used a hair relaxer product allegedly manufactured or sold by PDC. *L.R. 56.1 Statement*, ¶1-13. Neither Plaintiff's initial Complaint, nor the Master Long Form Complaint, allege that PDC manufactured or sold a hair relaxer product in Illinois. *L.R. 56.1 Statement*, ¶1-13.

While it is Plaintiff's burden to establish personal jurisdiction, PDC has come forward with evidence that it did not design, manufacture or sell any hair relaxer product. *L.R. 56.1 Statement*,

¶24. As such, this case does not arise from any action of PDC in the state of Illinois or directed towards Illinois since it did not make the product at issue. Accordingly, Plaintiffs are unable to establish a *prima facie* case for specific personal jurisdiction over this Defendant, because the lawsuit does not "arise out of or relate to" Parfums De Coeur's purposeful contacts with the State of Illinois.

This Court lacks general jurisdiction over PDC

The United States Supreme Court held that the paradigm places where a corporation can be fairly regarded as "at home" are its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014) (citing *Goodyear Dunlop Tires Operations*, 131 S.Ct. at 2853 – 54). A nonresident corporation is not subject to general jurisdiction where the forum state is neither the corporation's place of incorporation nor its principal place of business. *Daimler AG*, 134 S.Ct. at 760 – 61.

Plaintiff's Complaint alleges that Parfums De Coeur, Ltd. and PDC Brands maintain their principal places of business in Connecticut. PDC has submitted a declaration from Matthew Wagner, which makes clear that Parfums De Coeur, Ltd. does business as PDC Brands, which is not a separate legal entity, and that Parfums De Coeur, Ltd. was incorporated in Connecticut and maintains its principal place of business in Connecticut. *L.R. 56.1 Statement*, ¶14-15. Here, the State of Illinois is not an "all-purpose forum" for claims against this Defendant, because the corporation is not "at home" in the forum. In spite of the fact that Plaintiff bears the burden of establishing personal jurisdiction as to each defendant, Parfums De Coeur, Ltd. has produced more information that is required under *Daimler* and its progeny to establish that it is not at home in the State of Illinois and this court has no personal jurisdiction over PDC in this matter.

284535764v.1

**FRCP RULE 12(b)(6) MOTION TO DISMISS**

Federal Rules of Civil Procedure 8 and 12 set forth the conditions for a sufficient pleading. Rule 8(a)(2) says a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Taha v. Int'l Bhd. Of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). If a complaint falls short of this requirement, it risks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Id*. A claim satisfies Rule 8(a)(2) and avoids dismissal under Rule 12(b)(6) if the complaint alleges facts that show the claim is "plausible on its face." *Id*, citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept legal conclusions as truth. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Rule 8(a)(2) prescribes what a pleading must show; *Twombly* and *Iqbal* clarify that rule's demands. *Id*. In the wake of those cases, a complaint must include facts showing a plausible—not merely "conceivable"—entitlement to relief. *Id*, citing *Iqbal*, 556 U.S. at 683. A complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*, citing *Iqbal*, 556 U.S. at 678. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* In keeping with these principles, when considering the viability of a claim in the face of a Rule 12(b)(6) challenge, the Court may reject sheer speculation, bald assertions, and unsupported conclusory statements. *Id, citing Yeftich v Navistar*, 722 F.3d 911, 915 (7th Cir. 2013); *Iqbal*, 556 U.S. at 678, 681; *Twombly*, 550 U.S. at 555.

While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Iqbal*, 556 U.S. 662, 664 (2009). When a Plaintiff's Complaint is deficient

under FRCP 8, she is not entitled to discovery. *Id, at* 686. Plaintiff's Complaint and the Long Form Master Complaint plead no facts specific to PDC and relies only on legal conclusions.

Plaintiff filed this case in federal court based on diversity jurisdiction. *L.R. 56.1 Statement*, ¶1. When a federal court exercises diversity jurisdiction, it must apply state substantive law. *Schwarz v. Nat'l Van Lines, Inc.*, 375 F.Supp.2d 690, 699 (N.D. Ill. June 22, 2005).

While Plaintiff's Complaint contains a number of causes of action against each defendant, each of those theories are premised on identifying a responsible defendant[1]. Regardless of the theories Plaintiff asserts in her complaint, Plaintiff cannot maintain any cause of action against PDC because PDC did not design, manufacture, or sell the hair relaxer products at issue in Plaintiff's complaint.

Plaintiff's initial Complaint fails to identify what product PDC is alleged to have manufactured, sold or distributed other than generally alleging hair relaxers caused her condition;

---

[1] An essential element of both strict liability and negligence theories is proximate cause. *Kleen v. Homak Mfg. Co.*, 320 Ill.App. 3d 639, 641 (Ill. Ct. App. 2001). Proximate cause is composed of two distinct requirements, legal cause and cause in fact. *Id*, at 642. A defendant's conduct is a cause in fact of the plaintiff's injury only if that conduct is a material element and a substantial factor in bringing about the injury. *Id*. To sufficiently plead a cause of action based on a violation of Illinois' Consumer Fraud Act, a plaintiff must allege the following: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶20-21 (IL Sup. Ct. 2019). When fraud is alleged, Federal Rule of Civil Procedure 9(b) requires a higher standard of pleading. *United States ex rel. Grenadyor v. Ukranian Vill. Pharm., Inc.*, 895 F.Supp.2d 872, 877 (N.D. Ill. Sept. 15, 2012). The complaint must allege the who, what, when, where and how of the alleged fraud. *Id.* As a basis for recovery under a breach of implied warranty of merchantability, a plaintiff must establish (1) a sale of goods, (2) that the seller of the goods is a merchant with respect to those goods, and (3) that the goods were not of merchantable quality (*i.e.*, unfit for the ordinary purposes for which the goods are used). *Maldonado v. Creative Woodworking Concepts, Inc.*, 342 Ill.App.3d 1028, 1034 (Ill.App.Ct. 3rd Dist., 2003). To state a claim for breach of express warranty under Illinois state law, a Plaintiff must allege (1) the terms of an express warranty, (2) a breach of that warranty, (3) a demand upon the defendant to perform under the terms of the warranty, (4) defendant's failure to perform, (5) his own compliance with the warranty, and (5) damages. *Bonahoom v. Staples, Inc.*, 2021 U.S. Dist. Lexis 50174 (N.D. Ill. March 17, 2001). Plaintiff's warranty claims also require her to plead and prove that PDC was the seller (implied warranty) and that PDC provided a warranty and failed to perform (express warranty).

and the only factual allegations in Plaintiff's Master Long Form Complaint are PDC's state of incorporation and that it is sued for Cantu Hair Relaxer. *L.R. 56.1 Statement*, ¶1-8. The other paragraphs are either 1. unrelated to PDC or 2. generally alleged to apply to all defendants, without actual factual support. The Master Complaint does no more than to identify Cantu with "PDC Brands" in parenthesis after it, but Cantu is not a specific product. *L.R. 56.1 Statement*, ¶9-13.

Plaintiff generally alleges successor liability as to all defendants. *L.R. 56.1 Statement, ¶*2. PDC has produced an Asset Purchase Agreement and a declaration in support of this motion to dismiss. The Court can convert this motion to a motion for summary judgment; however, the Court can consider extrinsic evidence when ruling on a Rule 12(b)(6) motion where the documents are referred to in plaintiff's complaint and the documents are central to plaintiff's claim. *Deibel v. Hoeg*, 2019 U.S. Dist. LEXIS 60029 (S.D. Ind. 2019); citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Plaintiff's initial complaint bases liability, in part, on each defendant's corporate predecessors' actions. *L.R. 56.1 Statement, ¶*2. Plaintiff's Master Long Form Complaint also alleges liability through corporate predecessors. *L.R. 56.1 Statement, ¶*10. As Plaintiff has made the allegation that liability is based in part on successor liability, the Asset Purchase Agreement and a declaration related to the Cantu Hair Relaxer product are integral to Plaintiff's claims and can be considered in a Rule 12(b)(6) motion.

Illinois has long applied the common-law rule, known as the "rule of successor nonliability", that a corporate successor is not subject to any debts or obligations incurred by the entity that previously operated the business. *People ex rel. Dep't of Human Rights v. Oakridge Healthcare Ctr.*, LLC, 2020 IL 124753, ¶20 (Ill.Sup.Ct. 2020). This doctrine developed as a response to the need to protect *bona fide* purchasers from assumed liability. *Id*. There are four exceptions which were created to address situations where the original business is dissolved or lacks sufficient assets: (1) the parties had an express or implied agreement that the transferee would

9

assume the transferor's liabilities, (2) the transaction amounts to a merger or consolidation or a *de facto* merger of the transferor and the transferee, (3) the transferee is a mere continuation or reincarnation of the transferor, or (4) the transaction was entered into for the fraudulent purpose of avoiding liability for the transferor's obligations. *Id*. None of these exceptions to the general rule apply here as there is no evidence that the seller, Advanced Beauty, is dissolved or lacks sufficient assets. Even if Advanced Beauty were dissolved, no one of the four exceptions apply.

(1) There was no agreement that transferee would assume the transferor's liabilities, in fact, the opposite is true. The APA provides that Seller shall retain any liabilities for personal injury or property damage, whether in contract, tort, strict liability or under any other theory, arising from products sold or services rendered by the Business prior to or on the Closing Date. APA, p.14, Section 2.5(k). The Seller, ABI, discontinued Cantu's hair relaxer product prior to the close of the APA and PDC never manufactured or sold a Cantu hair relaxer product. *L.R. 56.1 Statement, ¶*23. ABI and PDC specifically agreed that ABI retained liabilities for products sold prior to the sale. *L.R. 56.1 Statement, ¶*21-27.

(2) The asset purchase does not amount to a merger or consolidation or a *de facto* merger of the transferor and the transferee. PDC purchased certain assets from Advanced Beauty, Inc. in 2015. *L.R. 56.1 Statement, ¶*19. To show that a de facto merger occurred, Plaintiff must establish all of the following factors: (a) continuation of the enterprise with continuity of management, personnel, physical location, assets and general business operations; (b) continuity of shareholders between the seller and buyer; (c) the seller corporation ceases its ordinary business operations, liquidates and dissolves as soon as legally and practically possible; and (d) the purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation. *Myers v. Putzmeister, Inc.*, 232 Ill.App.3d 419, 423-424 (1992). Upon information and belief, Advanced

Beauty, Inc. is now known as AB Brands, LLC, which is an active business. PDC was formed in Connecticut in 1981 and simply purchased some assets from ABI. *L.R. 56.1 Statement,* ¶15, 19, 20, 21, 24-27. There is no evidence that PDC has ever owned or had any ownership interest in Advanced Beauty, Inc., or AB Brands, LLC, which it does not and has not. PDC did not assume liabilities for Cantu Shea Butter hair relaxer. *L.R. 56.1 Statement,* ¶25-27. The asset purchase was not a *de facto* merger and Plaintiff has not met her burden of proof that it was.

(3) PDC is not a mere continuation or reincarnation of Advanced Beauty, Inc. which upon information and belief was rebranded as AB Brands, LLC and is still in business today. Where there is a lack of continuity of ownership, a purchaser is not a mere continuation or reincarnation of the seller. *Myers v. Putzmeister, Inc.*, 232 Ill.App.3d 419, 426 (1992). Plaintiff has not met her burden of proof that PDC was a mere continuation of ABI.

(4) The APA was not entered into for the fraudulent purpose of avoiding liability for the transferor's obligations. PDC paid fair value for the assets purchased in an arm length transaction. *L.R. 56.1 Statement,* ¶20.

In this case, it is undisputed that PDC did not manufacture, sell, supply, or distribute Cantu Shea Butter Hair Relaxer product, or any other hair relaxer product listed in Plaintiff's complaint. *L.R. 56.1 Statement,* ¶18-27. While PDC purchased certain products from ABI, it did not purchase any hair relaxer products, assume liability therefor, or ever sell any relaxer products. *Id*. Thus, Plaintiff's claims against PDC fail as a matter of law. Notably, all but one other plaintiff who initially named PDC as a defendant in this Multi District Litigation has agreed to voluntarily dismiss their cases against PDC because PDC did not sell the allegedly defective products at issue in this MDL. *L.R. 56.1 Statement,* ¶29-31. A motion to dismiss is also being filed in the Denisha Freeman case (23-cv-10039), which is the other MDL case PDC remains in, in spite of dismissal requests in both cases.

**PDC INCORPORATES DEFENDANTS' OMNIBUS MOTION TO DISMISS**

This motion has been filed by PDC to address issues specific to PDC: lack of personal jurisdiction and that it has no liability for the Cantu Hair Relaxer identified in Plaintiffs' Master Long Form Complaint. In order to avoid repetitive pleading, PDC joins the omnibus motion to dismiss filed by defendants as if fully set forth herein, to the extent the arguments therein are not contrary to this motion.

**SUMMARY JUDGMENT ARGUMENT**

While this motion is a motion to dismiss, PDC has come forward with the Asset Purchase Agreement and a declaration from its general counsel. As such, this section has been included in the event the Court treats this motion, or a portion thereof, as a motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party can move for summary judgment at any time until 30 days after the close of all discovery, unless a different time is set by local rule or court order. Fed. R. Civ. P. 56(b). The presence of factual disputes preclude summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although a court views a motion for summary judgment in the light most favorable to the non-moving party, that party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249.

For the same reasons as are stated above in the Rule 12(b)(6) section, summary judgment is appropriate in this case. There is no reason to keep PDC in this suit when it is clear that it has

never manufactured a hair relaxer product and has no liability for the Cantu Hair Relaxer as alleged in Plaintiff's Master Long Form Complaint.

## CONCLUSION

The issue in this case is straightforward—PDC did not manufacture, sell, distribute, or otherwise place into the stream of commerce any product Plaintiff claims caused her injuries. Because it is undisputed that PDC did not sell the products in question, and did not assume any liability for sales thereof, PDC respectfully requests that this Court dismiss Plaintiff's claims against it with prejudice, or alternatively, to grant summary judgment in favor of PDC.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ James R. Williams*
James R. Williams (6276890)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Telephone: (312) 704-0550
Facsimile: (312) 704-1522
jim.williams@wilsonelser.com
***Counsel for Parfums de Coeur, Ltd. d/b/a PDC Brands***

### Certificate of Service

I hereby certify that on July 5, 2023, I filed the forgoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Janette Gillespie

284535764v.1