**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818 |
| | MDL No. 3060 |
| **This document relates to: ALL ACTIONS** | Judge Mary M. Rowland |

**REVLON'S UPDATE REGARDING ITS BANKRUPTCY PROCEEDINGS
AND RESPONSE TO PLAINTIFFS' JOINT STATUS REPORT ADDENDUM**

Defendant Revlon, Inc. and its reorganized debtor affiliates (together "Revlon") respectfully submit this update regarding the status of its bankruptcy proceedings and response to Plaintiffs' "joint" status report addendum filed June 30, 2023, which Plaintiffs submitted without meeting or conferring with Revlon. As discussed below, Plaintiffs' status report misdescribes certain aspects of those proceedings and their status; complains about issues that were expressly raised and addressed in the bankruptcy proceedings by the bankruptcy court or by the debtors and claimants; and suggests that the Plaintiffs may seek impermissibly to collaterally attack in this MDL the final and non-appealable order entered by the bankruptcy court.

Revlon summarizes the provisions of the bankruptcy proceedings and the bankruptcy court's confirmation order approving Revlon's Plan so that it may offer some guidance to the Court as to how those bankruptcy proceedings and confirmation order may affect these MDL proceedings. But to be clear, this update and response is qualified, necessarily, by reference to the full text of the Plan and the relevant filings in the Chapter 11 proceedings.[1]

---

[1] *See* Revised Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, *In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. May 1, 2023) (Dkt. 1860) (with all supplements and exhibits thereto, as it has been and may be amended, altered, modified, revised, or supplemented from time to time, the "Plan").

**Status of the Revlon Bankruptcy Proceedings and**
**Revlon's Confirmed Reorganization Plan**

On June 15 and 16, 2022, Revlon filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. A few months later, on September 12, 2022, the bankruptcy court entered a Bar Date Order, establishing October 24, 2022, as the General Bar Date, meaning that any person or entity, other than a governmental entity, that had a claim against Revlon that arose, or was deemed to have arisen, prior to Revlon's bankruptcy petition date must file a proof of claim form, with substantiating documentation, asserting such claim before the General Bar Date to ensure that the claimant's claims were addressed in, and that, as creditors, they could participate in the bankruptcy proceedings. No claims may be brought against Revlon absent compliance with the bankruptcy court's order and proof-of-claim procedures.

In late-January and early-February 2023, three law firms representing alleged hair straightening claimants moved to extend the Bar Date to allow additional time for hair straightening claimants to file proof of claim forms for alleged Hair Straightening Claims.[2] Revlon attempted to negotiate with these firms to resolve the motions without the need for a hearing, but those efforts were unsuccessful. Instead, Revlon responded to the motions, consenting to an extension of the Bar Date solely for alleged Hair Straightening Claims, but requesting, among other things, individualized proof of claim forms to substantiate Hair Straightening Claims.

---

[2] The Plan defines "Hair Straightening Claim" as "any Claim against the Debtors arising out of or related to the alleged use of or exposure to chemical hair straightening or relaxing products produced, manufactured, distributed, or sold by Revlon, Inc. or its affiliated Debtors, or for which Revlon, Inc. or its affiliated Debtors are or are alleged to be liable, including without limitation those hair straightening or relaxing products marketed under the brands 'Crème of Nature,' 'African Pride,' 'French Perm,' 'Fabulaxer,' 'Revlon Professional,' 'Revlon Realistic,' 'Herbarich,' or 'All Ways Natural Relaxer' that existed, arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, unliquidated, manifested or unmanifested, that has not been settled, compromised or otherwise resolved. For the avoidance of doubt, any Claims of the Debtors' insurers shall not be considered Hair Straightening Claims."

2

On March 7, 2023, after holding an extensive hearing, the bankruptcy court entered a "Hair Straightening Bar Date Order," extending the date by which any claimant asserting a Hair Straightening Claim against Revlon that arose, or was deemed to have arisen, prior to the bankruptcy petition date must file a hair straightening proof of claim to April 11, 2023.[3] On March 10, 2023, Revlon commenced a newspaper, internet, and social media supplemental noticing program pursuant to the Hair Straightening Bar Date Order to notify potential hair straightening claimants about the need to submit proof of claim forms. BK Dkt. No. 238; Orig. BK Dkt. No. 1712. Over 30,000 proof of claim forms for alleged Hair Straightening Claims were eventually filed before this date.

On April 3, 2023, the bankruptcy court entered a final and non-appealable Confirmation Order, confirming Revlon's plan of reorganization under Chapter 11, including, as described below, the treatment of alleged Hair Straightening Claims. On May 2, 2023, Revlon emerged from bankruptcy, and prepetition claims, including Hair Straightening Claims, were discharged.

**Assertions of Hair Straightening Claims Against Revlon in this MDL**

Revlon's confirmed plan of reorganization affects the way in which potential plaintiffs in civil cases may (and may not) liquidate alleged Hair Straightening Claims against it.

*First*, under Article IX.A.6 of the Plan, a plaintiff may assert Hair Straightening Claims, if evidenced by a timely and valid hair straightening proof of claim, only in these MDL proceedings through this Court's direct filing order or, if this MDL is terminated, in the Southern District of New York. Thus, potential plaintiffs may not file a hair straightening complaint elsewhere or file

---

[3] Revlon notes that certain potential claimants have moved the bankruptcy court for leave to file late proof of claim forms for alleged Hair Straightening Claims. Revlon has objected to those motions and a hearing has been scheduled on them for July 19, 2023.

one without having timely filed a *valid* proof of claim in the bankruptcy proceedings.[4] Orig. BK Dkt. No. 1746, Ex. A. As further addressed below, Revlon anticipates that certain individual complaints filed in this MDL will be subject to motions to dismiss based on determinations by the bankruptcy court as to the failure to file a timely and valid proof of claim.

*Second*, under Article IX.A.6 of the Plan, hair straightening complainants must file a complaint alleging Hair Straightening Claims against Revlon on or before September 14, 2023, otherwise they will be forever barred from pursuing them.[5] Orig. BK Dkt. No. 1746, Ex. A.

*Third*, under Article IX.A.6 and VII.L.3 of the Plan, any recovery for alleged Hair Straightening Claims, through settlement or judgment, is considered discharged in bankruptcy and not recoverable to the extent it is not covered by Revlon's insurance, and no recovery can be obtained from reorganized Revlon, its affiliates, or their bankruptcy estates.[6] Orig. BK Dkt. No. 1746, Ex. A.

*Fourth*, under Art. IV.R of the Plan, Revlon has "the sole power and authority to administer, dispute, object to, compromise, or otherwise resolve all Hair Straightening Claims." Revlon anticipates that, in the parallel bankruptcy proceedings, it will raise certain objections to

---

[4] Prior to May 30, 2023, the lead bankruptcy case was *In re Revlon, Inc., et al.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y.). Docket entries filed in *In re Revlon, Inc.* are cited herein as "Orig. BK Dkt." Docket entries filed in *In re RML, LLC*, Case No. 22-10784 (DSJ) (Bankr. S.D.N.Y.), which is the current lead case, are cited herein as "BK Dkt."

[5] As phrased in the Plan, complaints need to be filed by the later of several dates/events based on certain contingencies. Ultimately, September 14, 2023 became the operative date. The Plan also provides, however, that hair straightening claimants who are diagnosed *after* the Hair Straightening Bar Date have six months from the date of a relevant diagnosed injury. Plaintiffs' characterization of the Plan as barring *all* claims by claimants with subsequent diagnoses is erroneous.

[6] Revlon Group Holdings LLC, which is a named defendant, is the name of a new Revlon entity that was created upon emergence from bankruptcy. Various plaintiffs have also purported to assert claims against Revlon, Inc. and Revlon Consumer Products Corporation. To the extent that the naming of these entities was not mistake, but reflects Plaintiffs' intent to pursue recoveries against the estate rather than Revlon's insurance, such recoveries and claims are barred by the confirmed reorganization plan.

4

the validity of proofs of claims filed by various claimants. In the event that such proofs of claims are sustained by the bankruptcy court, Revlon may seek to dismiss the complaints filed by such claimants in these MDL proceedings. Orig. BK Dkt. No. 1746, Ex. A.

### **Revlon's Recent Omnibus Objection to Certain Proofs of Claim**

As discussed above, the confirmed Plan, the bankruptcy court's orders, and the Federal Rules of Bankruptcy Procedure all permit Revlon to object to proofs of claim filed by creditors, including proofs of claim submitted by hair straightening claimants. On May 30, 2023, Revlon filed with the bankruptcy court an omnibus objection to various proofs of claim filed by a range of creditors, including about 3,000 hair straightening claimants, asking the bankruptcy court to enter an order "disallowing, expunging, or modifying the claims" due to certain *non-substantive* issues—e.g., claimants had submitted duplicate proof of claim forms, certain proofs of claim had been amended and superseded by subsequently filed proofs of claim, or the proofs of claim were untimely, meaning they were not received, for Hair Straightening Claims, by the Hair Straightening Bar Date. Revlon anticipates that it will be filing additional objections with respect to other proofs of claim. The deadline for filing such objections in the bankruptcy court is currently October 30, 2023.[7]

As for Plaintiffs' status report, other than Plaintiffs' taking the opportunity ahead of Revlon appearing in this MDL to air generalized grievances about the bankruptcy court's order regarding the objection process—which was the subject of extensive briefing and hearings in the bankruptcy proceedings in which Plaintiffs' MDL Lead Counsel participated—Plaintiffs' intent here is unclear and their summary is unhelpful because they misleadingly characterize the bankruptcy court's order and omit that the hair-straightening-claim objections about which they are complaining were,

---

[7] The deadline for filing objections in the bankruptcy court may be extended by order of the bankruptcy court.

in fact, resolved ahead of the bankruptcy court's hearing on the objections. Ultimately, on June 30, 2023, the bankruptcy court entered an order sustaining Revlon's objection. *See* BK Dkt. No. 252.

There is no question that the bankruptcy court has the authority to rule on objections to proofs of claims. Plaintiffs' counsel made that clear at last week's bankruptcy hearing on Revlon's omnibus objection, stating, "We were not saying the Court lacks authority to determine what's a facially valid claim," Ex. A at 15:2-4, and that there "is no allegation that the Court lacks authority to enter the order that is being entered, and I think we can just leave it at that." *id.* at 15:18-19.[8]

Revlon further corrects the record as follows:

1. Revlon's May 30, 2023 omnibus claims objection concerned thousands of proofs of claim—not just hair straightening proofs of claims—so Plaintiffs' suggestion that Revlon was somehow being discourteous by not granting them an extension to respond to the objection ignores that there were other claimants involved. It also ignores the non-substantive nature of the relevant objections.

2. Revlon devoted considerable time and attention to outreach to claimants' counsel whose claims were the subject of the omnibus objection in order to resolve various replies to its omnibus claims objection. During this process, as appropriate, Revlon agreed to withdraw, adjourn, or adjust its objection to various claims. MDL Lead Counsel's assertion that Revlon was "unwilling to modify or amend the objection to accommodate any of the MDL Lead Counsel's concerns" is plainly inaccurate. Indeed, although not disclosed by Plaintiffs in their status report, by June 29, 2023, substantially all responses to the omnibus objection—*including that of Plaintiffs' MDL Lead Counsel*—were resolved. This was the day before Plaintiffs filed their status report in these proceedings.

3. Contrary to Plaintiffs' suggestion otherwise, Revlon's omnibus objection was in full compliance with an order of the bankruptcy court dated November 29, 2022 governing omnibus claims objection procedures. Revlon's request that the bankruptcy court disallow and expunge certain proofs of claim was squarely within the bankruptcy court's jurisdiction.[9] Accordingly, the bankruptcy court entered an

---

[8] Revlon expressly reserves all rights to challenge the MDL Lead Counsel's appearance in the bankruptcy court in connection with future claims objections or otherwise.

[9] As set forth in Revlon's reply to responses to the omnibus objection, BK Dkt. 248, the use of an omnibus claims objection to object to personal injury claims is not "extraordinary" as suggested by Plaintiffs' MDL Lead Counsel, Status Report at 10, considering a number of bankruptcy courts addressing mass tort claims have granted such relief. *See, e.g.*, *In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Bankr. D. Del. May

6

      order *sustaining* Revlon's omnibus objection on June 30, 2023. *See* BK Dkt. No. 252.

4. Plaintiffs' contention that Revlon's characterization of the objection process in support of the third amended joint plan of reorganization somehow supersedes the plain text of the confirmed Plan is erroneous. Status Report at 7 (citing Orig. BK Dkt. No. 1728). The Plan's language is controlling, and as discussed above, the Plan provides that Revlon has the sole authority to object to Hair Straightening Claims. The bankruptcy court's order granting Revlon's omnibus objection only affirms that fact.

### The September 14, 2023 MDL Filing Deadline

With respect to the September 14, 2023 deadline for filing claims in the MDL, Plaintiffs suggest that they may ask this Court to overrule or alter the deadline set forth in the bankruptcy court's final, non-appealable order, which was entered in the very bankruptcy proceedings in which Plaintiffs' MDL Lead Counsel participated. Any such collateral attack should be rejected. The bankruptcy court's Confirmation Order is a final order of that court, and the appeal deadline has passed. The threat that these proceedings will be overwhelmed with claims against Revlon is no more of a threat than claims against any other defendant.

Plaintiffs state that they "understand that the approximately 30,000 claimants (via their personal counsels) are capable of filing direct claims in this MDL by September 14, 2023." Status Report at 11. This is overly simplistic and assumes too much. While it is true that over 30,000 hair straightening proof of claim forms have been filed in the bankruptcy proceedings, that does

---

12, 2023) (Dkt. 8769) (sustaining the reorganized debtors' sixteenth omnibus claims objection to certain claims on grounds of insufficient documentation, including alleged opioid claims); *In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Bankr. D. Del. Sept. 14, 2021) (Dkt. 4267) (sustaining the debtors' third omnibus claims objection to certain amended and exact duplicate claims, including personal injury claims); *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. July 22, 2021) (Dkt. 4487) (sustaining trustee's eleventh omnibus objection to certain duplicate claims, including personal injury claims); *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Mar. 18, 2021) (Dkt. 4379) (sustaining trustee's first omnibus objection to certain insufficient documentation claims, including personal injury claims); *In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Apr. 8, 2020) (Dkt. 1611) (sustaining debtors' first omnibus claims objection to certain amended and duplicative claims, including personal injury claims).

not mean there are necessarily 30,000 valid lawsuits for Hair Straightening Claims, given that each individual proof of claim must have been timely, valid, and properly filed. Based on the findings to date, Revlon anticipates that there will be additional claims objections filed with the bankruptcy court. The resolution of Revlon's omnibus objection demonstrated that at least 3,000 of such hair straightening proof of claim forms were invalid. But even if all of these claimants are, as Plaintiffs' MDL Lead Counsel state, "capable of filing such complaints by the deadline," it would be more efficient for them to join the MDL (if permissible) sooner rather than later. In any case, the September 14, 2023 filing deadline ordered by the bankruptcy court should not be disturbed.

Dated: July 5, 2023 	Respectfully submitted,

/s/ Robert A. Atkins
Robert A. Atkins
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
ratkins@paulweiss.com

Randy Luskey
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
(628) 432-5112
rluskey@paulweiss.com

David E. Cole
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7348
dcole@paulweiss.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*