**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

**REVLON'S MEMORANDUM REGARDING THE BANKRUPTCY COURT'S
FINAL ORDER REGARDING THE MDL FILING DEADLINE**

Defendant Revlon, Inc. and its reorganized debtor affiliates (together "Revlon") respectfully submit this memorandum in advance of the status conference concerning the "Revlon bankruptcy court's deadline to file complaints in this matter." Dkt. 153. Plaintiffs previously argued that this Court should entertain a collateral attack on the final, non-appealable order confirming Revlon's reorganization plan that was issued by the bankruptcy court sitting in another district—the Southern District of New York. Specifically, Plaintiffs have urged that this Court overrule or alter the MDL filing deadline for Hair Straightener Claims set by the bankruptcy court. It should not and cannot do so.

***First***, Plaintiffs failed to appeal the bankruptcy court's order confirming Revlon's reorganization plan and this Court has no jurisdiction to alter it. The MDL filing deadline has already been litigated, negotiated, and settled by Revlon, Plaintiffs, and other stakeholders, such as Revlon's insurers, in the bankruptcy court, which resulted in that court issuing a final order confirming Revlon's reorganization plan, which, among other things, included the September 14, 2023 MDL filing deadline.[1] Orig. BK Dkt. No. 1746, Ex. A. The district court sitting in the

---

[1] Prior to May 30, 2023, the lead bankruptcy case was *In re Revlon, Inc., et al.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y.). Docket entries filed in *In re Revlon, Inc.* are cited herein as "Orig. BK Dkt." Docket

Southern District of New York is the only district court with jurisdiction to hear any appeal of that order, 28 U.S.C. § 158(a), but Plaintiffs chose not to pursue an appeal within the fourteen-day appeal period, Fed. R. Bankr. P. 8002, and thus deprived even that district court of jurisdiction to review the bankruptcy court's final order. *See In re Universal Minerals, Inc.*, 755 F.2d 309, 311–12 (3d Cir. 1985). Plaintiffs' suggestion that this Court should review and alter Revlon's confirmed reorganization plan asks the Court to exceed its jurisdiction and also raises *res judicata* issues.

**Second**, Plaintiffs' request here—outside of the bankruptcy proceedings and in the absence of the other stakeholders and creditors who litigated and settled the issues resolved by Revlon's confirmed reorganization plan—amounts to an impermissible collateral attack on the bankruptcy court's final order and should be rejected. Plaintiffs' avenues for appeal were clearly marked, but Plaintiffs avoided them. As the Supreme Court noted in *Celotex* in the context of an injunction issued by a bankruptcy court:

> If dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving,' see 28 U.S.C. § 158(a), and then to the Court of Appeals for the Eleventh Circuit, see § 158(d). Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

*Celotex Corp.* v. *Edwards*, 514 U.S. 300, 313 (1995).

Accordingly, Plaintiffs should have pursued their challenges in the bankruptcy court or appealed to the district court in the Southern District of New York if they disagreed with the bankruptcy court's final order. Plaintiffs failed to do so. Instead, Plaintiffs ask this Court to

---

entries filed in *In re RML, LLC*, Case No. 22-10784 (DSJ) (Bankr. S.D.N.Y.), which is the current lead case, are cited herein as "BK Dkt."

improperly exercise its authority to alter the bankruptcy court's final order. Courts in this District have repeatedly declined to interfere with bankruptcy court orders where they had no authority to do so. *See Lindsay* v. *United Rd. Towing, Inc.*, 2019 WL 670250, at *3 (N.D. Ill. Feb. 19, 2019) (declining to review bankruptcy court's determination regarding employment related claims "[b]ecause Plaintiff has not identified any authority for this Court to collaterally review the order of the bankruptcy court"); *see also Gen. Elec. Railcar Leasing Servs. Corp.* v. *Carlson Mktg. Grp., Inc.*, 1992 WL 26900, at *4 (N.D. Ill. Feb. 10, 1992) (finding that Defendants' request for district court to review bankruptcy judge's ruling was an improper attempt to collaterally attack the bankruptcy court's order where Defendants failed to object in the bankruptcy proceedings or appeal the ruling); *Grabill Corp.* v. *Pelliccioni*, 135 B.R. 835, 841 (N.D. Ill. 1991), *aff'd sub nom. In re Grabill Corp.*, 983 F.2d 773 (7th Cir. 1993) ("In our view, appellants' appeal on this point is merely an 'end-run' around the bankruptcy court's order disqualifying appellants—an order which they never appealed. This court does not approve of appellants' thinly veiled collateral attack on the bankruptcy court's final determination.").

*Third*, even if this Court had jurisdiction to consider Plaintiffs' request, Plaintiffs' portrayal of their time constraints is exaggerated. Plaintiffs have asserted that they would now be faced with only 60 days to get all of their claims on file, but that is plainly wrong. The bankruptcy court's final order confirming the reorganization plan was issued on *April 3, 2023* (and the Chang et al. paper that is at the center of Plaintiffs' complaints was published on *October 17, 2022*).[2] By September 14, 2023, claimants will have had about 5 months from the issuance of the confirmation order to get complaints on file. Plaintiffs never appealed the order or that deadline, despite it now

---

[2] The September 14, 2023 MDL filing deadline has been in place since as early as the Revlon's second amended reorganization plan, which was filed with the bankruptcy court on *March 16, 2023*. Orig. BK Dkt. No. 1613 at 90.

3

being somehow impractical or unduly burdensome. Plaintiffs have not shown that there is any material difference between their position now and when the order issued.

*Fourth*, Plaintiffs have erroneously urged that this Court interpret the contingency dates establishing the MDL filing deadline—the one pegged to this Court's issuance of its MDL Direct Filing Order—as somehow establishing a floating deadline that this Court could adjust by issuing successive MDL Direct Filing Orders or one somehow more specific to Revlon. Specifically, the plan establishing the MDL filing deadline provides:

> The Plan shall constitute an objection to each Hair Straightening Claim. On or after the later of (a) the Effective Date and (b) the date of entry of <u>an order in the MDL permitting potential plaintiffs to file complaints directly in the Hair Straightening MDL (the "MDL Direct Filing Order"),</u> each Hair Straightening Claimant that has properly filed a Hair Straightening Proof of Claim shall file a complaint naming the applicable Debtor(s) in the Hair Straightening MDL or, if the Hair Straightening MDL has terminated or is otherwise the inapplicable forum for such action, in the United States District Court for the Southern District of New York consistent with the applicable provisions of 28 U.S.C. §§ 157 and 1334, for the purpose of liquidating such Hair Straightening Claim against the applicable Debtor(s) (any such action, a "Hair Straightening Liquidation Action"). All Hair Straightening Liquidation Actions must be commenced no later than the later of (a) September 14, 2023, (b) <u>90 days after entry of the MDL Direct Filing Order</u>, and (c) solely with respect to a Hair Straightening Claimant who is diagnosed after the Hair Straightening Bar Date, six (6) months from the date of the applicable diagnosis by a licensed medical doctor. Any Hair Straightening Claim for which a Hair Straightening Liquidation Action is not timely commenced pursuant to the foregoing sentence shall be disallowed

Orig. BK Dkt. No. 1746, Ex. A, Article IX.A.6.

As an initial matter, the plan, as confirmed by the bankruptcy court, provides that the bankruptcy court has "*exclusive jurisdiction*" to "hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan" and to "resolve any . . . controversies, suits, disputes . . . that may arise in connection with Consummation, including interpretation or enforcement of the Plan." Orig. BK Dkt. No. 1746, Ex. A, Articles XIII.9 and XIII.18 (emphasis added). If there is any question about what MDL Direct Filing Order means in

4

the context of the plan that the *bankruptcy court* confirmed, that question should be resolved by the *bankruptcy court*.

But there really should be no question. The plain language of the plan is clear. The clock on this MDL Direct Filing Order contingency started ticking upon the entry of "*an order* in the MDL permitting potential plaintiffs to file complaints directly in the Hair Straightening MDL," and not any order, the most recent order, or an order that specifically mentions Revlon. Plaintiffs' argument makes no sense, and they offer no explanation for why the relevant stakeholders in the bankruptcy proceedings, *e.g.,* Revlon's insurers, would have agreed to an open-ended or floating filing deadline. The September 14, 2023 deadline falls later in time and is thus the controlling and operative MDL Filing Deadline at issue here.

And it is clear that Plaintiffs' supposed confusion about the meaning of the language appears to be recently manufactured. They have filed numerous cases in this MDL under the MDL Direct Filing Order naming Revlon as a defendant[3] and actively participated in the negotiation of the plan and confirmation order (including the Brown Rudnick law firm, which serves as bankruptcy counsel to the Plaintiffs' executive committee in the MDL).

*Lastly*, if this Court were to move the MDL Filing Deadline set by the bankruptcy court, it would invite chaos and may prejudice other parties to the bankruptcy proceedings who are not parties here. For example, Plaintiffs filing claims in the MDL after the September 14, 2023

---

[3] *See, e.g.*, *Wanjohi* v. *L'Oréal USA et al.*, Case No. 1:23-cv-02817; *Sudduth* v. *L'Oréal USA et al.*, Case No. 1:23-cv-03185; *McFarlane* v. *L'Oréal USA et al.*, Case No. 1:23-cv-03439; *Davis* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04038; *Burns* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04037; *Dugan* v. *Revlon Inc. et al.*, Case No. 1:23-cv-04039; *Chatman* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04027; *Goodwin* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04030; *McConnell* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04067; *Speed* v. *Revlon Inc. et al.*, Case No. 1:23-cv-04095; *Miles* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04058; *Pace* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04102; *Johnson-Salaam* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04054; *Johnson* v. *L'Oréal USA et al.* Case No. 1:23-cv-04196; *Jones* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04035; *Gentry* v. *L'Oréal USA et al.*, Case No. 1:23-cv-04239; *Drumm* v. *Revlon, Inc. et al.*, Case No. 1:23-cv-04236.

deadline may later be faced with the bankruptcy court rejecting any judgments that might be obtained against Revlon, given that the complaints were time-barred under Revlon's confirmed reorganization plan and would have been filed in violation of the bankruptcy court's injunction. It is also unfair to those claimants who timely filed complaints in this MDL and could dilute potential funds available for recovery by those parties.

For at least the foregoing reasons, the Court should not disturb the September 14, 2023 MDL filing deadline.

Dated: July 13, 2023

Respectfully submitted,

*/s/ Randy Luskey*
Robert A. Atkins
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
ratkins@paulweiss.com

Randy Luskey
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
(628) 432-5112
rluskey@paulweiss.com

David E. Cole
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7348
dcole@paulweiss.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*