**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

**REVLON'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFFS' INTERROGATORIES 1 AND 4–11**

Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings, LLC (together, "Revlon") respectfully move this Court to extend by 30 days the deadline to respond to Plaintiffs' first sets of interrogatories. If granted, Revlon's responses would be due on or before September 20, 2023. In support hereof, Revlon states the following:

1. Revlon first appeared in this MDL on June 30, 2023. On July 11, 2023, less than two weeks later, Plaintiffs served each of the Revlon defendants with Plaintiffs' first set of interrogatories, which were substantively identical to interrogatories previously served on other defendants and, as to Revlon, ask for detailed information concerning Revlon hair straightener products spanning decades.

2. Pursuant to this Court's July 14, 2023 Minute Order, on July 18 and 21, 2023, respectively, Revlon served its unverified responses and then verified supplemental responses to interrogatories 2 and 3, which asked Revlon to identify its hair straightener brands and products.

3. Pursuant to this Court's Case Management Order No. 6 (Dkt. 168), Revlon's responses to the remaining interrogatories—Nos. 1 and 4 through 11—are currently due August 21, 2023.[1]

4. Revlon is and has been diligently searching for information to permit it to provide substantive responses to Plaintiffs' remaining interrogatories, but given the breadth and wide-ranging time frame of the requests, Revlon's investigation is taking longer than it had anticipated. While Revlon did not object to being placed on the same timelines in terms of responding to discovery requests as other defendants, who had appeared and participated in this MDL well before Revlon and who had been served with discovery requests before Revlon had been served, given the status of its investigation, Revlon believes that an additional 30 days will be necessary for it to substantively respond to the remainder of Plaintiffs' interrogatories.

5. With respect to Plaintiffs' other discovery requests, including Plaintiffs' document requests and deposition notices that have been served on Revlon, Revlon intends to follow and abide by the same deadlines applicable to other defendants under this Court's orders. Indeed, Revlon intends to serve its responses and objections to Plaintiffs' document requests later today.

6. Revlon asked Plaintiffs if they would agree to Revlon's requested 30-day extension to avoid overburdening the Court, and the parties have conferred without success. Plaintiffs indicated that they would agree to the extension only if Revlon agreed to extend by 30 days the deadline ordered by the bankruptcy court overseeing the Revlon

---

[1] As it did with respect to Plaintiffs' interrogatories 2 and 3, Revlon intends to file omnibus responses and objections to Plaintiffs' interrogatories 1 and 4 through 11 on behalf of Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings, LLC.

bankruptcy proceedings for hair straightener claimants to file claims against Revlon in this MDL ("MDL Filing Deadline"). While Revlon would consider reasonable extensions and other accommodations and professional courtesies with respect to discovery and other deadlines in this MDL, Plaintiffs' proposal is unreasonable, improper, and simply impossible. As explained (again) to Plaintiffs' counsel, even if Revlon were inclined to agree to extend the MDL Filing Deadline, Revlon cannot unilaterally grant any extensions of the deadlines entered by the bankruptcy court as part of Revlon's confirmed reorganization plan. Any such extensions would require the approval of the bankruptcy court and the other stakeholders in those proceedings (including Revlon's insurers) and would otherwise invite chaos and may prejudice other parties to the bankruptcy proceedings who are not parties here. Dkt. 157 at 5–6. Revlon asked Plaintiffs' counsel to reconsider their position in view of the foregoing, but Plaintiffs' counsel confirmed that Plaintiffs would not agree to the requested extension.

      For the foregoing reasons, Revlon respectfully requests a 30-day extension, to September 20, 2023, to serve its responses and objections to interrogatories 1 and 4 through 11.

Dated: August 21 2023

Respectfully submitted,

*/s/ Randall S. Luskey*

Robert A. Atkins
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
ratkins@paulweiss.com

Randall S. Luskey
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
(628) 432-5112
rluskey@paulweiss.com

David E. Cole
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7348
dcole@paulweiss.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*