IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

CASE MANAGEMENT ORDER NO. 8
Service of and Responses to Short Form Complaints

Plaintiffs' Leadership Committee ("the PLC") filed a Master Long Form Complaint together with a sample template Short Form Complaint and Jury Demand on May 15, 2023 [ECF 106]. On July 14, 2023, the Court issued a Minute Entry requiring a revised and agreed-to Short Form Complaint ("SFC") to be filed by August 1, 2023 [ECF 161]. On August 1, 2023, the PLC filed a Proposed Short Form Complaint [ECF 173]. On August 3, 2023, the Court adopted the PLC's filed Proposed Short Form Complaint and ordered the parties to meet and confer as to a process to govern responses to SFCs. [ECF 175]. The Court now enters this Order to govern the process for service of and responses to SFCs.

I.  **Scope of Order**

This Order shall govern all actions filed in, transferred to, or removed to the above-captioned MDL proceeding ("this MDL" or "the MDL") or otherwise expressly identified herein.

II. **Short Form Complaints**

A.  Any new Plaintiff who files directly into this MDL pursuant to this Order and Case Management Order No. 7 [Dkt. 175] shall do so using the approved SFC.

B.  The SFC is accessible to any new Plaintiffs' counsel via the MDL Court's website (https://www.ilnd.uscourts.gov/MDL3060). Specifically, it is attached to Case Management Order

1

No. 7 and posted under 'Forms' on the Court's MDL 3060 webpage.[1] A Plaintiff will not be excused from compliance with this or any other Order of the Court due to a claimed inability to access the template SFC absent good cause or special circumstances.

    **C.**    For purposes of statutes of limitation and of repose, a Plaintiff's case shall be deemed to have been initiated as of the date of the filing of the Plaintiff's original long-form complaint, even if filed in another federal court or a state court, or the Plaintiff's SFC, whichever was filed first, absent separate agreement between Plaintiff's counsel and Defendants.

    **D.**    SFCs shall not be filed on the master MDL Dockets but shall only be filed on the docket of each Plaintiff's individual member case.

    **E.**    To the extent a Plaintiff wishes to amend an SFC that the Plaintiff has already filed, or to voluntarily dismiss a party from that action, any such amendment or dismissal shall be done in a manner consistent with the Federal Rules of Civil Procedure, the Local Rules, and any Order of this Court.

    **F.**    In the event a Plaintiff fails to file an SFC pursuant to Case Management Order No. 7, Section II.B., Defendants shall advise her in writing, through counsel where applicable, of the alleged failure to comply.  Any such Plaintiff shall have 14 days from such notice to file the SFC pursuant to Case Management Order 7, Section II.B.  In the event the SFC is not filed within this cure period, any named Defendant may seek dismissal of that Plaintiff's case, or other relief, by filing a motion on the individual member case docket.  Plaintiff will have 14 days from the date of filing to respond to Defendant's motion; and Defendants shall have 7 days to reply.

    **G.**    In the event a Plaintiff's SFC is Materially Incomplete, Defendants shall engage in a meet and confer with Plaintiff, through counsel where applicable, to advise her of the alleged

---

[1] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_cmecf/MDL3060/HRL%20MDL%20-%20Short%20Form%20Complaint.pdf

deficiency. Any such Plaintiff shall have 30 days from the date of initial notice of the alleged deficiency to cure the alleged deficiency or otherwise address the issue, including filing of an Amended SFC, for which if leave is required, Defendants will not oppose leave. In the event any such SFC's alleged deficiency is not cured or the matter resolved, any named Defendant may seek dismissal of that Plaintiff's case, or other relief, by filing a motion on the individual member docket, with a copy of the motion to PEC co-lead counsel and liaison counsel. Plaintiff will have 30 days from the date of filing to respond to Defendant's motion and Defendant shall have 7 days to reply. For purposes of this Paragraph, the following shall be deemed to render the SFC Materially Incomplete:

  i. Failure to provide a basis for venue in SFC ¶2;
  ii. Failure to identify the Plaintiff's jurisdiction of citizenship in SFC ¶3;
  iii. Failure to name any Defendant in SFC ¶4;
  iv. Failure to provide a first date of use in SFC ¶5;
  v. Failure to identify any product(s) in SFC¶6 associated with a Defendant named in SFC ¶4 or the identification of a product in SFC ¶6 not associated with a Defendant named in SFC ¶4;
  vi. Failure to identify any injury in SFC ¶8;
  vii. Failure to select any cause of action in SFC ¶11.

**III. Answers**

Defendants have filed a Motion to Dismiss the Master Complaint. Defendants' obligation to file any Master Answer or Answers to individual SFCs is stayed until a decision is issued on the pending Motion. Within sixty (60) days of the Court's Order on the Motion to Dismiss, unless the Motion is granted such that the Master Complaint is dismissed in its entirety or Plaintiffs seek to

amend the Master Complaint following the Court's Order, each Defendant shall file its Master Answer to the Master Complaint. A Defendant's Master Answer shall also constitute their answer to any SFC to which the Master Complaint applies absent the provisions set forth below in Section IV.G., except that a Defendant's Master Answer will not waive any objections to service (except as set forth herein), jurisdiction, or venue, and will not waive any defenses to any claims or issues not pleaded in the Master Complaint. Should Plaintiffs seek to amend the Master Complaint following the Court's Order, the filing of each Defendant's Master Answer to the Amended Master Complaint or any further motion to dismiss will be due within sixty (60) days after the Amended Master Complaint is filed.[2]

## IV. Service of Short Form Complaint

A. Plaintiffs who have already filed complaints and served them on the Defendant(s) named in their SFC may effectuate service of the SFC on any appearing Defendants' counsel by CM/ECF.

B. To expedite and streamline service of newly filed SFCs, the Defendants identified below have agreed to establish, maintain, and monitor an email address for the express purpose of accepting service of newly-filed SFCs. Accordingly, Plaintiffs who have directly filed cases in this MDL and who have not yet served Defendants, or Plaintiffs who directly file cases in this MDL after the date of this Order, or whose cases are later transferred into the MDL, may effectuate service via email through compliance with the below procedures for those identified Defendant(s). For any other Defendant(s), plaintiffs must effectuate service of process in accordance with the Federal Rules of Civil Procedure. If any new Defendant is named in this MDL and is added as a listed Defendant in the SFC, within 30 days of being added to the SFC, such new Defendant shall

---

[2] Nothing in this Order governs any Answer or Response to the Consolidated Class Action Complaint [Dkt 185], which will be addressed in future Orders of the Court.

provide an email address for service via email to be effectuated (in the format below).

      i.      <u>AFAM Concept Inc.</u>: Plaintiffs can effectuate service on AFAM Concept Inc. by emailing a completed waiver of service, Civil Cover Sheet and SFC to <u>rgat135@gmail.com</u>, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, AFAM Concept Inc., has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons.[3] Under no circumstances shall AFAM Concept Inc.'s willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

      ii.      <u>Avlon Industries, Inc.</u>: Plaintiffs can effectuate service on Avlon Industries, Inc. by emailing a completed waiver of service, Civil Cover Sheet and SFC to <u>MDL3060serviceavlon@gsrnh.com</u>, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, Avlon Industries,

---

[3] Pursuant to the NDIL Website:

**Duty to Avoid Unnecessary Expenses of Serving a Summons**
Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

Inc., has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall Avlon Industries, Inc.'s willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

  iii. <u>Beauty Bell Enterprises, LLC</u>: Plaintiffs can effectuate service on Beauty Bell Enterprises, LLC by emailing a completed waiver of service, Civil Cover Sheet and SFC to MDL3060ServiceBBE@litchfieldcavo.com, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, Beauty Bell Enterprises, LLC., has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall Beauty Bell Enterprises, LLC's willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

  iv. <u>Dabur International Ltd. ("Dabur")</u>: Plaintiffs can effectuate service on Dabur by emailing a completed waiver of service, Civil Cover Sheet and SFC to <u>DaburIntl.MDLService@bakermckenzie.com</u>, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that

6

Defendant, Dabur International Ltd., has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall Dabur's willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

      v.      <u>Dermoviva Skin Essentials, Inc. ("Dermoviva")</u>: Plaintiffs can effectuate service on Dermoviva by emailing a completed waiver of service, Civil Cover Sheet and SFC to <u>Dermoviva.MDLService@bakermckenzie.com</u>, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, Dermoviva Skin Essentials, Inc., has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall <u>Dermoviva</u>'s willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

      vi.      <u>House of Cheatham LLC</u>: Plaintiffs can effectuate service on House of Cheatham LLC by emailing a completed waiver of service, Civil Cover Sheet and SFC to MDL3060Service@mcguirewoods.com, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that

7

Defendant, House of Cheatham LLC, has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall House of Cheatham LLC's willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

vii. <u>L'Oréal USA, Inc., L'Oréal USA Products, Inc., SoftSheen-Carson LLC, SoftSheen-Carson (W.I.), Inc. (together "L'Oréal USA Defendants")</u>: Plaintiffs can effectuate service on the L'Oréal Defendants by emailing a completed waiver of service, Civil Cover Sheet and SFC to <u>MDL3060Service@egcfirm.com</u>, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, L'Oréal USA Defendants, has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall the L'Oréal USA Defendants' willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

viii. <u>Luster Products, Inc.</u>: Plaintiffs can effectuate service on Luster Products, Inc. by emailing a completed waiver of service, Civil Cover Sheet and SFC to <u>dmoore@lusterproducts.com</u>, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case

being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, Luster Products, Inc., has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall Luster Products Inc.'s willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

  ix. <u>McBride Research Laboratories, Inc</u>.: Plaintiffs can effectuate service on McBride Research Laboratories, Inc. by emailing a completed waiver of service, Civil Cover Sheet and SFC to McBrideMDL@lewisbrisbois.com, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, McBride Research Laboratories, Inc., has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall McBride Research Laboratories, Inc.'s willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

  x. <u>Namasté Laboratories, LLC ("Namast</u><u>é</u><u>")</u>: Plaintiffs can effectuate service on Namasté by emailing a completed waiver of service, Civil Cover Sheet and SFC to <u>Namaste.MDLService@bakermckenzie.com</u>, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil

9

action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, Namaste Laboratories, LLC, has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall Namasté's willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

xi. <u>Revlon, Inc., Revlon Consumer Products Corp., and Revlon Group Holdings LLC (together "Revlon")</u>: Plaintiffs can effectuate service on Revlon by emailing a completed waiver of service, Civil Cover Sheet and SFC to Revlon-MDL-Service@paulweiss.com, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, Revlon, has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall Revlon's willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

xii. <u>Sally Beauty Supply LLC ("Sally Beauty")</u>: Plaintiffs can effectuate service on the Sally Beauty by emailing a completed waiver of service, Civil Cover Sheet and SFC to MDL3060servicesallybeauty@sidley.com, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil

action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, Sally Beauty Supply LLC, has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall Sally Beauty's willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

xiii. <u>Strength of Nature LLC, Strength of Nature Global LLC (together "SON LLC")</u>: Plaintiffs can effectuate service on SON LLC by emailing a completed waiver of service, Civil Cover Sheet and SFC to MDL3060ServiceSONLLC@arnoldporter.com, which mailbox shall respond with acknowledgment of same. The subject line of the email shall include the caption and civil action number of the case being served. The responsive email acknowledgement shall include the statement that "Service of this responsive email shall serve as proof that Defendant, SON LLC, has received actual notice of the legal action brought against them and service of process is complete." Plaintiffs shall not be required to serve a summons. Under no circumstances shall SON LLC's willingness to accept service via e-mail be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any affiliated entity.

**C.** The failure to email a Defendant's appropriate service email address, as set forth above, shall constitute a failure to effect service on that Defendant, unless a Plaintiff chooses to serve process in another manner pursuant to the Federal Rules of Civil Procedure.

**D.** A Defendant shall have sixty (60) days from service pursuant to paragraph IV.B. to

11

notify a plaintiff of any defect in service, including, but not limited to, the failure to provide a copy of a completed SFC with service. Any such defect shall be addressed via a meet and confer and, if that is not successful, Defendant(s) may move as appropriate. Absent the receipt of notification of a defect in service, a responsive email received by plaintiff that states "[s]ervice of this responsive email shall serve as proof that Defendant, [insert name], has received actual notice of the legal action brought against them and service of process is complete" shall constitute good service under the Federal Rules and plaintiff need not file a waiver of service, Affidavits of service or any other document with the Court.

**E.** If such notice (as required by paragraph IV.D., above) is not provided, a Defendant's automated email response sent pursuant to paragraph IV.B. precludes any motion practice regarding deficient service. Further, a Defendant may not move to dismiss a complaint for failure to effectuate service unless and until that Defendant provides sixty (60) days written notice to plaintiff and provides an opportunity to effectuate service pursuant to Paragraph IV.B., above, or the Federal Rules of Civil Procedure.

**F.** Under no circumstances shall a Defendant's agreement to accept service by email pursuant to Paragraph IV.B., above, be deemed to waive any defenses available to that Defendant, except the Affirmative Defense of lack of service other than as set forth in IV.D. and E. Nor shall a Defendant's agreement to accept service via email waive ordinary service requirements outside of this MDL, unless the case is subsequently transferred to this MDL.

**G.** Answers and Affirmative Defenses to a SFC must be provided upon a given case's selection as a bellwether case. The schedule for the filing of any such Answer will be incorporated into the future bellwether case selection plan. In addition, any cases remanded from this MDL may require a case specific Answer, subject to the parties' negotiation and agreement on same

12

following remand. A Plaintiff may not move for a default judgment against a Defendant for failure to respond to a complaint unless and until that Plaintiff provides sixty (60) days written notice to Defendant and provides an opportunity to answer or respond to the complaint.

E N T E R:

Dated: September 13, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge