## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

In RE: Hair Relaxer Marketing, Sales Practices, And
Products Liability Litigation, et al.

                                                      Plaintiff,

v.                                                                                              Case No.:
                                                                                             1:23−cv−00818

                                                                                             Honorable Mary
L'Oreal USA, Inc., et al.                                                M. Rowland

                                                                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 2, 2023:

      MINUTE entry before the Honorable Mary M. Rowland: Status hearing held on October 2, 2023. The parties discussed discovery matters. The Court addressed nine categories of discovery disputes common to most or all defendants. (1) First, as to defendants' affiliated entities: as the law is settled that a defendant need not have actual possession of documents to be in control of those documents, Defendants must produce relevant documents of affiliates if defendants have control over that affiliate. By 10/10/23, each Defendant is to identify (a) the affiliates that defendant has control over for purposes of discovery production and (b) the affiliates that are not being searched, along with an explanation for why those entities do not have documents within that defendant's "possession, custody or control". (2) Next, regarding outside−of−the−U.S. (OUS) documents, by 10/10/23 Defendants are to provide Plaintiffs a list of document requests that Defendants will respond to and those for which they will stand on their objection(s). (3) Parties discussed their views on the definition of "hair relaxer products." As to hair relaxer kits sold to consumers, parties agree that it is limited to the kits and does NOT include the conditioners or shampoos that may be recommended "for best results" on the back of the kit. But the discovery will include ALL the products contained in the kit. As for hair relaxer products sold commercially to salons, the parties will meet and confer. Production will be limited to the products required by the label, not all products sold by the Defendant to the salon per Defendants' suggestion. (4) As to temporal scope, Defendants generally do not object to Plaintiffs requesting documents dating back five years from when a defendant began manufacturing, selling and/or marketing the product; however, if there are any particular categories of documents Defendants object to producing based on this time period, they should so specify in their discovery responses. (5) The Court denied Plaintiffs' request for (and sustained Defendants' objection to) production of Defendants' litigation hold letters or the parameters of those litigation hold letters. (6) Defendants are reminded of their obligation to comply with FRCP 33(d) in responding to interrogatories. (7) With regard to patents and patent−related documents, the Court overrules Defendants' objection. Defendants must produce relevant and responsive patent and patent−related documents. The case, Intercat, Inc. v. Nol−Tec Sys.,

a Minnesota district court case, was cited to the Court. The Court reviewed that case, a patent case specifically noting a company's "interest in preventing a competitor from acquiring confidential intellectual property" (and still granted the motion to compel there). The Court is not persuaded that case requires sustaining Defendants' objection here. (8) The deadline for Defendants to produce all responsive documents is November 13, 2023 (except for defendants Sally Beauty, Luster Products, and McBride, who will meet and confer with Plaintiffs). Defendants are to file a status report updating the Court about written discovery production by 11/13/23. (9) Finally, Plaintiffs must serve narrowly tailored written requests regarding ESI on Defendants by 10/5/23; Defendants shall respond by 10/19/23. No 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address this issue if needed at the November hearing. As to defense counsel, the Court ordered Defendants to file a notice updating the Court about Defendants' lead and/or liaison counsel by 10/6/23. All counsel present remotely for the 10/2/23 hearing who wish to have their appearance reflected of record are directed to provide as soon as possible their name and firm to their respective liaison counsel, who shall provide that information to the official court reporter by email, Laura_Renke@ilnd.uscourts.gov, by the close of business today, Tuesday 10/3/23. Mailed notice. (dm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.