**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818 |
| | MDL No. 3060 |
| | Judge Mary M. Rowland |

**CASE MANAGEMENT ORDER NO. 9
Establishing Common Benefit Fee and Expense Protocols**

## I.  SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation. As set forth in more detail below, common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, a potential settlement process, defense of plaintiffs' rights in respect of potential or actual insolvency proceedings of any Defendant, and all other work that advances this litigation to conclusion. The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev. 1987); *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657 (E.D. La. Aug. 4, 2005, amended May 3, 2007; Feb. 1, 2008; Sep. 15, 2008; Apr. 10, 2008; and Oct. 31, 2008); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 582 F.3d 524 (3d. Cir. 2009); *In re*

*Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Relevant Prod Liab.* Litig, 09-md-2100 (S.D. Ill Mar. 25, 2010); In *re Am. Med. Sys., Inc., Pelvic Repair Sys. Prod. Liab. Litig*., MDL No. 12-md-02325 (S.D.W. Va. Oct. 4, 2012); *In re C.R. Bard Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 10-md-02187 (S.D.W. Va. Oct. 4, 2012); *In re Boston Sci., Corp., Pelvic Repair Sys. Prod Liab. Litig*., MDL No. 12-md-0236 (S.D.W. Va. Oct. 4, 2012); *In re Coloplast Corp., Pelvic Repair Sys. Prod Liab. Litig*., MDL No. 12-md-02387 (S.D.W. Va. Oct. 4, 2012); *In re Ethicon, Inc. Pelvic Repair Sys. Prod Liab. Litig*., MDL No. 12-md-02327 (S.D.W. Va. Oct. 4, 2012); *In re Avandia Marketing, Sales Practices and Prod Liab. Litig*., MDL No. 07-md-01871 (E.D. Pa. Oct. 19, 2012); *In re Zimmer Nexgen Knee Implant Prod Liab. Litig.,* MDL No. 2272 (N.D. Ill. Feb. 19, 2013); *In re E.I DuPont De Nemours and Company C-8 Pers. Injury Litig*., MDL No. 13-md-02433 (S.D. Ohio Aug. 5, 2013, amended Sep. 6, 2013); *In re Cook Med Inc. Pelvic Repair Sys. Prod. Liab. Litig*., MDL No. 13-md-02440 (S.D.W. Va. Oct. 28, 2013); *In re Testosterone Replacement Therapy Prod. Liab. Litig*., (N.D. Ill. Nov. 25, 2014); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices and Prod. Liab. Litig*., MDL No. 14-mn-02502 (D.S.C. Jan. 22, 2015); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,* on April 20, 2010 MDL No. 10-md-02179 (E.D. La. Oct. 2, 2015); *In re Neomedic, Pelvic Repair Sys. Prod. Liab. Litig*., MDL No. 14-md-02511 (S.D.W. Va. Dec. 22, 2015); *In re lnvokana (Canaglifozin) Prod Liab. Litig*., MDL No. 16-md-02750 (D.N.J. Mar. 21, 2017); *In re Benicar (Olmesartan) Prod Liab. Litig*., MDL No. 15-md-2606 (D.N.J. Aug. 15, 2017); *In re Proton-Pump Inhibitor Prod Liab. Litig.* (No. II), MDL No. 17-md-02789 (D.N.J May 8, 2018); *In re Aqueous Film-Forming Foams Prod Liab. Litig.*, MDL No. 2873 (D.S.C Apr. 26, 2019); *In re Elmiron (Pentosan Polysulfate Sodium) Prod Liab. Litig.*, MDL No. 2973 (D.N.J. Aug. 26, 2021); *In re Paraquat Prod Liab. Litig.,* MDL No. 21-md-3004 (S.D. Ill Oct. 13, 2021); *In re Abbott Lab., et al., Preterm Infant Nutrition Prod Liab. Litig.,* MDL No. 3026 (N.D. Ill Aug. 25, 2022); and *In re Recalled Abbott Infant Formula Prod Liab. Litig.,* MDL No. 3037 (N.D. Ill Oct. 28, 2022).

It cannot be understated the massive amount of work that goes into the prosecution, management, coordination, oversight communication and overall litigation in a complex multidistrict litigation. The cases at bar include no less than seven Defendants (many with complicated corporate histories), well over 50 different products, and discovery efforts that will span years on various topic areas like: marketing, sales, distribution, design, research, testing, chemical composition, notice, regulatory issues, scientific and medical issues, and other areas too. This work will require the storage, categorization, review, coding, and analyzing of millions of pages of documents and data from the Defendants and third-parties, the taking of corporate defense witness depositions, the defending of bellwether plaintiff depositions, the conducting of non-party witness depositions, and the tendering of complicated expert reports in multiple disciplines as well as the expert discovery/depositions that follow. It will also likely include dispositive motion practice and extensive pre-trial preparation and possibly a bellwether trial or many. The above work requires significant costs, including but not limited to, document and data storage of documents and the analysis and coding of same, deposition and video services, and expert review and analysis, and only if the litigation is successful are these costs ever reimbursable. This Order helps ensure that should the plaintiffs be successful, there is a means to compensate the lawyers for their hard-work that benefited the common good and reimburse their costs and expenses that were fronted and incurred for the common good – all of which is common benefit.

### A. Application of this Order

This order applies to all cases now pending in this MDL, as well as to any case later filed directly into or transferred to this MDL (if permitted) or removed to this Court and treated as part of the coordinated proceeding known as *In Re Hair Relaxer Marketing Sales Practices and Products Liability Litigation*, MDL 3060 (the "MDL") subject to sub-point three (3) below.

This Order further applies to:

(1) every appointed co-lead counsel ("Co-Leads"), member of the Plaintiffs' Executive Committee (the "PEC"), member of the Plaintiffs' Steering Committee (the "PSC"), and member of the Leadership Development Committee (the "LDC") (collectively referred to as the "PSC" and identified in this Court's Order Granting Petition for Appointment of a Plaintiffs' Leadership Committee, dated March 2, 2023) regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A;

(2) every member of any PSC law firm's lawyers designated and authorized to work on PSC Committees or Sub-committee and members of their law firm, or any other counsel authorized by Co-Lead counsel to perform work that may be considered of value to the MDL (hereinafter collectively referred to as "Affiliated Counsel"), regardless of whether the attorney or law firm signs the "Participation Agreement" attached hereto as Exhibit A. If an attorney or law firm accepts the opportunity to perform work in the MDL as Affiliated Counsel at the direction of Co-Lead Counsel or their designees, such attorney or law firm affirmatively consents to the application of this Order to all cases such counsel has a financial interest in, regardless of whether the attorney or law firm signs the Participation Agreement;

(3) each attorney and/or law firm who represents a plaintiff with a case now pending in or later filed in this Court, transferred to or filed directly into this MDL, or removed to this Court, regardless of whether plaintiff's attorney or law firm signs the "Participation Agreement" attached hereto as Exhibit A ("the MDL Plaintiffs' Counsel") and regardless of whether such case is removed in whole or part to, or addressed in, a case proceeding under Title 11 of the United States Code. It is presumed that for all such

attorneys, this Order shall apply to every case in which they or their law firm have any fee interest – whether filed in this MDL, filed in another jurisdiction, tolled and/or unfiled – subject to the ability of any such attorney or law firm to apply to the Court for relief from this presumption, which shall be granted upon a showing of good cause. An attorney or law firm subject to this sub-paragraph only can request to be removed from application of this Order but they shall make their request: (i) within 60 days of said case being filed directly into this MDL, being transferred to this MDL or being filed in or removed to this Court; or (ii) within 60 days of the resolution of the case within a proceeding under Title 11 of the United States Code. No extensions of these deadlines shall be granted; and

(4) each attorney and law firm who represents plaintiff(s) solely with case(s) filed in state court(s) or who has tolled or unfiled cases and who elects to sign the Participation Agreement attached hereto as Exhibit A ("the Participating Non-MDL Plaintiffs' Counsel"). For all such attorneys, this Order shall apply to every case – filed or unfiled – in which they or their law firm have any fee interest. Further, each attorney or law firm who represents plaintiff(s) solely with cases(s) filed in state court(s) or who has tolled or unfiled cases and who benefits from the common benefit work prepared in this litigation, including by receiving work-product or other benefit generated by or at the direction of Co-Lead Counsel, the PEC, the PSC, or the LDC, may be subject to this Order regardless of whether they have signed the Participation Agreement if the Court determines that the attorney or law firm has benefited from the common benefit work prepared in this litigation; and

(5) "Special Insolvency Professionals," meaning the attorneys and/or professionals retained by the Co-Lead counsel and PEC as Special Insolvency Professionals, listed on Exhibit B attached hereto, which may be amended from time to time, who have agreed that compensation for their services and expenses shall be payable from any funds for the common benefit established pursuant to this or any further Court Order and who have agreed to submit time/billing records in a manner consistent with the obligations under this Order and the Participation Agreement (Exhibit A).

"Participating Counsel" shall mean all attorneys and law firms included in A(1), A(2), A(3), A(4), and A(5) above.

**B.      Participation Agreement (Exhibit A)**

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between: (1) the PSC and (2) plaintiffs' attorneys with cases solely in state court or unfiled or tolled cases who elect to sign the Participation Agreement and perform or receive common benefit work. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only, and not defendants or defendants' counsel. All plaintiffs' attorneys who currently only have cases pending in any state court and who want to become a Participating Counsel shall, within 60 days of this Order or at a time thereafter by agreement with Co-Lead counsel, execute the Participation Agreement, which shall be provided to any known counsel with state court cases only by Plaintiffs' Liaison Counsel. Any plaintiffs' attorney who does not yet have a Hair Relaxer case filed in any federal or state court and who wants to become a Participating Counsel may also execute the Participation Agreement. Any plaintiffs' attorneys who, in the future, only have cases pending in any state court and who want to become a Participating Counsel shall be permitted (and encouraged) to execute the Participation Agreement.

Participating Counsel shall be entitled to receive all the common benefit work product performed and generated in the MDL. Participating Counsel may not share common benefit work product with counsel who choose not to execute the Participation Agreement. Participating Counsel who receive common benefit work product shall be bound by CMO 4, the Protective Order in this MDL. Counsel who choose not to execute the Participation Agreement are not entitled to receive common benefit work product and may be subject to an increased assessment on all Hair Relaxer cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed in the MDL.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel who have executed Exhibit A, as well as Counsel who are bound by this Order under Sections I.A.1, I.A.2, I.A.3, I.A.4, and I.A.5. The Participation Agreement and this Order shall not be cited by a Party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II.    TIMING OF SUBMISSIONS FOR COMMON BENEFIT TIME & EXPENSES

Time and expense submissions are to be made no later than the last day of each month, beginning November 30, 2023. Except for the first submission, each submission should contain all time and expenses incurred through the last day of the calendar month that precedes the month prior to the submission date. For example, the submission due on December 31, 2023, should include all time and expenses incurred from October 1, 2023 through October 31, 2023, and then the submission due on January 31, 2024, should include all time and expenses incurred from November 1, 2023 through November 30, 2023, and then the submission due on February 28, 2024, should

include all time and expenses incurred from December 1, 2023 through December 31, 2023, and so on. ***The first submission due on November 30, 2023 should include all time and expenses incurred through September 30, 2023***.

All time and expense submissions should be accompanied by contemporaneous records in the form provided (and attached hereto as Exhibit C) and verified by a partner or shareholder in the submitting firm or by a member of the PSC, Affiliated Counsel or Special Insolvency Professional if that person is not a partner or shareholder in the submitting firm. In addition, each firm that makes a common benefit time and/or cost submission for a given month shall also be required to submit a brief summary (no more than 2 or 3 sentences) summarizing the contribution that each timekeeper from that law firm made toward the common benefit and advancement of the litigation.

Failure to provide submissions in a timely manner may result in a waiver of attorney fees and expenses claimed for the time period that is the subject of the submission. Failure to submit time and expense records **in electronic (searchable) format** on the Excel forms approved by Plaintiffs' Co-Leads attached hereto as Exhibit C, may result in a deficiency, after which the submitting firm must cure the deficient submission. Absent prior approval from Plaintiffs' Co-Lead or special circumstances, failure to cure a deficiency within twenty-one (21) from notice by Plaintiffs' Co-Leads or their designee(s) may result in (a) that month's submission being rejected, and/or (b) the submitting firm waiving compensation for the time and expenses submitted that month. Upon a determination by Plaintiffs' Co-Lead that a Participating Law Firm repeatedly fails to comply with the requirement to timely submit time and expense records in the required format, that Participating Law Firm may be barred from performing future common benefit work.

Moreover, only that time and those expenses incurred for the common benefit of all cases, consistent with the terms of this Order and the Court's Order Granting Petition for Appointment of

a Plaintiffs' Leadership Committee, dated March 2, 2023 shall be considered for common benefit reimbursement at the end of the litigation.

*All time and expenses submissions shall be made to the following email address:*

MDL3060Time@amylcollinspc.com

## III.    COMMON BENEFIT EXPENSES

### A.    Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, an expense must meet the requirements of this section and the limitations set forth in the Participation Agreement. Specifically, an expense must be: (a) for the common benefit, including work conducted in preparation for and participation in any insolvency proceeding of a Defendant for the benefit of all plaintiffs; (b) appropriately authorized; (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm or by a member of the PSC, Affiliated Counsel or Special Insolvency Professional if that person is not a partner or shareholder in the submitting firm.

### B.    Shared and Held Common Benefit Expenses

#### 1.    Shared Costs

Shared costs are costs incurred for the common benefit of all plaintiffs. Shared Costs are costs that will be paid out of a separate Hair Relaxer Operating Expense Fund established and administered by Plaintiffs' Co-Leads and/or its designee and funded by all members of the PSC and others as determined by Plaintiffs' Co-Leads. All Shared Costs must be approved by no less than a majority of Plaintiffs' Co-Leads or designee(s) prior to payment. Shared Costs include: (a) certain filing and service costs; (b) deposition, court reporter, and video technician costs for non-case specific depositions; (c) costs necessary for creation of a document depository, the operation and

administration of the depository, and any equipment required for the depository; (d) PSC administrative matters (e.g., expenses for equipment, technology, courier services, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC and administrative matters such as PSC or PEC meetings; (f) accountant fees; (g) general non-case specific expert witness and consultant fees and expenses; (i) research by outside third party vendors/consultants/ attorneys; (j) translation costs; (k) bank or financial institution charges; (l) certain investigative services, (m) costs associated with bellwether trials, as defined and approved in writing by Plaintiffs' Co-Leads; (n) costs associated with securing external counsel, including but not limited to bankruptcy and ethics counsel; and (n) special master and/or mediator charges.

### 2. Held Costs

Held Costs are those that will be carried by each Participating Counsel in MDL 3060. Held Costs are those that do not fall into any of the above categories of shared costs but are incurred for the benefit of all plaintiffs. By way of example, travel costs incurred by a firm for travel to undertake common benefit work shall be held costs. Held costs can also include unreimbursed, but authorized, shared costs. No specific client-related costs shall be considered as Held Costs, unless the case is determined in writing by Plaintiffs' Co-Leads to be a "common benefit case," e.g., certain bellwether cases as determined by Plaintiffs' Co-Leads.

### C. Authorization and Submission

The Participation Agreement sets forth the guidelines for authorizing and submitting expenses for the common benefit which shall be followed.

### D. Expenses Limitations

### 1. Travel Limitations

Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Leads, all travel reimbursements are subject to the following limitations:

    i.    <u>Air Travel</u>: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights or domestic flights where the actual in air travel time is 3 hours or more, both of which require prior approval by Plaintiffs Co-Leads in order to be considered for reimbursement. Use of a private aircraft will be reimbursed at the rate of first-class fare per passenger. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare and the coach airfare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

    ii.    <u>Hotel</u>: Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.

    iii.    <u>Meals</u>: Meal expenses must be reasonable.

    iv.    <u>Cash Expenses</u>: Miscellaneous cash expenses for which receipts are generally not available (tips, luggage handling, pay telephone, etc) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

    v.    <u>Rental Automobiles</u>: Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

    vi.    <u>Mileage</u>: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 65.5 cents per mile).

**2. Non-Travel Limitations**

    i.    <u>Shipping, Courier and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

ii.  <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

iii. <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 10¢ per page.

iv.  <u>Computerized Research – Lexis/Westlaw</u>: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

### E.  Verification

The forms detailing expenses shall be certified by a partner or shareholder in the submitting firm or by a member of the PSC, Affiliated Counsel or Special Insolvency Professional if that person is not partner or shareholder in the submitting firm. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that the work was performed and paid for the common benefit.

## IV.  COMMON BENEFIT WORK

### A.  Qualified Common Benefit Work Eligible for Reimbursement

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit if said time and efforts are: (a) for the common benefit,; (b) appropriately authorized; (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm or by a member of the PSC, Affiliated Counsel or Special Insolvency Professional if said attorney is not a partner or shareholder in the submitting firm.

Common benefit work shall only be performed by employees of the law firm submitting time/expenses and time/expenses by contract attorneys will not be compensated/reimbursed, unless allowed for in this Order (i.e. Special Insolvency Professionals), or approved by a Plaintiffs' Co-Lead Counsel in writing.

Not all common benefit hours billed/submitted are equal. There is no guarantee that all of the time submitted by any firm or lawyer will be compensated and the hourly rate for the work that is compensated is not guaranteed. Moreover, because all common benefit work is not the same, the hourly rate between tasks and work may vary significantly. Moreover, if counsel is a member of the PSC and fails to timely submit capital contributions as may be requested by Plaintiffs' Co-Leads throughout this litigation, such counsel and members of his/her firm shall not be allowed to submit common benefit time or expenses for reimbursement for the period of time and submission of this time or expense may be rejected or significantly reduced for failure to timely pay capital contributions.

### B. Compensable Common Benefit Work Defined

As the litigation progresses and common benefit work product continues to be generated, Plaintiffs' Co-Leads and the PEC may assign common benefit work. Examples of common benefit work include, but are not limited to, document review and document coding; expert retention and development authorized by Co-Leads; work conducted in preparation for and participation in any insolvency proceeding of a Defendant or potential Defendant, including but not limited to representation of Co-Lead Counsel, PEC and/or PSC in the chapter 11 cases of Revlon Consumer Products Corp. and its affiliates and subsidiaries; and preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts. Common benefit work may also include research on legal issues, work on case management matters, third-party discovery, and other matters. While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of an approved early trial or bellwether trial process in the MDL, the time and expenses in working-up as part of the bellwether process and all pre-trial and trial work for the case (including work performed as part of the approved bellwether process), as defined by

Plaintiffs' Co-Leads, may be authorized by Plaintiffs' Co-Leads and thus be considered for common benefit to the extent it complies with the other provisions of this Order or Participation Agreement.

### C. Authorization and Time Keeping

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as set forth in the Participation Agreement. Further, all time shall be submitted on a timely basis in accordance with Section II above and in the form approved and set forth in Exhibit C, hereto. The time and expense will be maintained by the firm of Postlethwaite & Netterville and reviewed by Amy Collins, Esq, both of whom agree to be bound and subject to CMO 4, the Protective Order in this MDL.

## V. PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fee and Expense Funds

At an appropriate time, Plaintiffs' Co-Lead Counsel will be directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first interest-bearing accounts shall be designated the "Hair Relaxer Fee Fund" and the second interest-bearing accounts shall be designated the "Hair Relaxer Expense Fund." The Funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant or other duly capable and experienced administrator to serve as Escrow Agent ("EA") and/or Fund Administrator ("FA") over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged or fee structure for the EA and/or FA, including any of the EA and/or FA's assistants, who shall be utilized where appropriate to control

costs. The EA and/or FA shall submit quarterly detailed bills to the Court and to Plaintiffs' Co-Lead Counsel or its designee. Upon approval by the Court, the EA and/or FA's bills shall be paid from the Hair Relaxer Expense Fund or the PSC directly and shall be considered a shared cost. The Plaintiffs' Co-Lead Counsel or its designee shall provide a copy of this Order to the EA and/or FA.

### B. Payments into the Fee and Expense Funds

#### 1. General Standards

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to Hair Relaxer claims are subject to an assessment of the gross monetary recovery, as provided herein.

#### 2. Gross Monetary Recovery

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendants through a settlement or pursuant to a judgment, including any settlement that results from the insolvency proceeding of any Defendant, including but not limited to any insolvency proceeding under Title 11 of the United States Code. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third- parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state court, unfiled, or tolled.

### 3. Assessment Amount and Holdback

Each case of a Participating Counsel where a judgment is entered or in which a resolution is reached with a signed settlement agreement shall be assessed for common benefit work and costs at 11% of the Gross Monetary Recovery in each such case. This amount shall be referred to as a Common Benefit Work Holdback percentage from the gross award, with 8% of the holdback being used to pay common benefit work and 3% of the holdback being used to reimburse common benefit expenses. These amounts and this request are without objection and on consent of the PSC.

The Cost Holdback portion shall be allocated to pay and/or reimburse the expenses that have been and/or will be incurred at the direction and approval by Co-Lead Counsel for the common benefit of Plaintiffs in MDL 3060. The Common Benefit Work Holdback shall be allocated to pay and/or reimburse fees for legal services that have been and/or will be provided by attorneys acting at the direction of Co-Lead Counsel for the common benefit of Plaintiffs in MDL 3060.

All expenses and legal services shall be at the direction of Co-Lead Counsel in order to be considered for reimbursement from these funds. Co-Lead Counsel may apply to the Court for an additional common benefit assessment against all Participating Cases that are pending at the time of such an application, including if additional funds are needed for reimbursement of the expenses that have been and/or will be incurred at the direction of Co-Lead Counsel for the common benefit of Plaintiffs in MDL 3060.

### 4. Reporting Obligations

Plaintiffs' Liaison Counsel shall provide to Defendants' Liaison Counsel the following two lists on a quarterly basis beginning on December 15, 2023: (a) a list of all lawyers who have filed a case that is pending in the MDL ("the MDL Counsel List") and (b) a list of all lawyers who have executed the Participation Agreement that is Exhibit A hereto who do not have a case pending in

the MDL ("the Non-MDL Participating Counsel List"). These same lists shall be made available to all plaintiffs' counsel with cases in this MDL, as well as any other plaintiffs' counsel who signs the Participation Agreement, upon request. In the event there is a dispute as to whether a case should be on the lists, Plaintiffs' Co-Lead Counsel shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful, upon motion to the Court.

Within 14 days of receipt of these two lists from Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel shall provide to Plaintiffs' Liaison Counsel a list of all lawyers who appear as counsel of record on a complaint in any hair relaxer case in any court in the United States (state or federal) who do not appear on either the MDL Counsel List or the Non-MDL Participating Counsel List. The parties' reporting obligations shall continue quarterly until the conclusion of this MDL.

### 5. Defendants' Obligations to Pay Common Benefit Assessments

For cases subject to an assessment (*i.e.,* all plaintiffs subject to this Order under Section I.B.1-5), Defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim shall be entered unless accompanied by a certificate of the Defendants' counsel that the assessment, if applicable, will be withheld and will be deposited into the Funds. This provision shall apply to any amounts paid to plaintiffs and their counsel resulting from any insolvency proceeding, including any insolvency proceeding under Title 11 of the United States Code, and may be made by any successor to the Debtor established pursuant to the insolvency proceeding, including but not limited to any trust established to compensate plaintiffs established pursuant to a Chapter 11 Plan of Reorganization or Liquidation under Title 11 of the United States Code. If for any reason the assessment is not or has

not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Fund promptly.

To preserve the confidentiality of settlement amounts, if any, Defendants may pay any such assessments on an aggregate basis for each quarter. Details of any individual settlement agreement, individual settlement amount, or amounts deposited into escrow by any particular Defendant shall be confidential; however they shall be disclosed to a Special Master, if one is appointed and/or Postlethwaite & Netterville and reviewed by Amy Collins, Esq, and to Co-Lead Counsel only to: (1) identify the plaintiff(s) in connection with which the 11% assessment is being sent; (2; (3) state whether there are other settlement payments that will be made over time; and (4) supply details regarding the mechanism of deposit and that the 11% has been heldback pursuant to this Order. Co-lead counsel shall not receive information regarding an individual's confidential settlement in which they are not counsel in. Quarterly statements from the EA and/or FA shall, however, be provided to Plaintiffs' Co-Lead or its designee (and, if the Court so orders, to the Court) showing only the aggregate of the quarterly deposits from all Defendants, disbursements, interest earned, financial institution charges, if any, and current balance.

## VI.    DISTRIBUTIONS

### A.    Court Approval

The amounts deposited into the Hair Relaxer Fee Fund and the Hair Relaxer Expense Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. Such sums shall be distributed only upon Order of this Court. This Court retains jurisdiction over any common benefit award or distribution. The Participating Counsel agree that any final decision by this Court regarding common benefits fees and common benefit expenses shall be final, binding, and non-appealable.

**B.      Application for Distribution**

Each Participating Counsel who does common benefit work and has complied with this Order has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court. Any Counsel who does not sign the Participation Agreement shall not be eligible to receive common benefit payments for any work performed or expenses incurred.

At the appropriate time this Court shall also appoint a Common Benefit Fee Committee to make recommendations to this Court and/or a Special Master for distributions to Participating Counsel who have performed common benefit work and/or incurred common benefit expenses. In the event that there is not unanimous agreement among members of the Common Benefit Fee Committee, each member of the Common Benefit Fee Committee shall only have one vote and each vote shall bear the same weight. A decision about the recommendation to the Court of Common Benefit Fee Committee need only be made by a majority of votes. The Common Benefit Fee Committee shall determine on its own the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court and/or a Special Master. This Court will give due consideration to the recommendation of the Common Benefit Fee Committee.

IT IS SO ORDERED. Dated this _____ day of _____, 2023.


_____
Mary M. Rowland
United States District Judge

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

**EXHIBIT A TO CMO NO. 9
Common Benefit Participation Agreement**

**THIS AGREEMENT** is made this ___ day of _____, 202__, by and between the

Plaintiffs' Steering Committee  appointed by the United States District Court for the Northern

District of Illinois in MDL 3060 and _____ [**Name of the Firm Executing**

**the Agreement]** (the "Participating Counsel").

**WHEREAS**, the United States District Court for the Northern District of Illinois has

appointed an attorney from each of the following law firms: DiCello Levitt LLC, The Ben Crump

Law Firm, Motley Rice, Douglas & London, P.C., Wallace Miller, Levin Papantonio Rafferty,

Johnson Becker, Simmons Hanly Conroy, Lieff Cabraser Heimann & Bernstein, Aylstock, Witkin,

Kreis & Overholtz, PLLC, May Jung, Morgan & Morgan, The Cochran Firm, Beasley Allen,

Andrews & Thorton, Environmental Law Group, Wagstaff & Cartmell LLP, Childers, Schleuter &

Smith, Fibich Leebron, Copeland Briggs, Napoli Shkolnik, Breit Biniazan, Chaffin Luhana LLP,

Schlichter Bogard & Denton, Laminack, Pirtle & Martines, Parker Waichman, Romaucci &

Blandin LLC, Ashcraft & Gerel, LLP, Bain Law, Weitz & Luxenberg, Hausfeld, Wright & Schulte

LLC, Peiffer Wolf Carr Kane Conway & Wise LLP, Stewart Mille Simmons, Wagstaff Law Firm,

and Watts Guerra to serve as members of Plaintiffs' Steering Committee to facilitate pretrial

proceedings in the federal actions relating to the use, marketing and sales of chemical hair relaxers; and

**WHEREAS**, the Plaintiffs' Steering Committee, in association with other attorneys working for the common benefit of plaintiffs, have developed or are in the process of developing work product that will be valuable in all proceedings and benefit all plaintiffs alleging injury caused by the use of chemical hair relaxers ("Common Benefit Work Product"); and

**WHEREAS**, Participating Counsel is desirous of acquiring the Common Benefit Work Product and establishing an amicable working relationship with the Plaintiffs' Steering Committee for the mutual benefit of their clients;

**NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

I.    **SCOPE OF AGREEMENT**

    A.    **Purpose**

This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product pursuant to Case Management Number ("CMO") No. 9, the Order Establishing Common Benefit Fee and Expense Fund and this Participation Agreement. Any plaintiffs' attorney who executes this Agreement or who is otherwise bound to this Participation Agreement by CMO No. 9 ("Participating Counsel") is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement, regardless of the venue in which the attorney's cases are pending.

**B. Rights and Obligations of Participating Counsel**

Participating Counsel shall be provided access to the Common Benefit Work Product, including access to the document depository. Participating Counsel agree that all Hair Relaxer cases and/or claims in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court, are subject to the terms of this Participation Agreement. Participating Counsel shall produce a list that correctly sets forth the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has filed a civil action arising from the use, marketing, and/or sale of chemical hair relaxers. Such list shall include the court and docket number of each such case. Participating Counsel shall also produce a list that contains the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has not yet filed a civil action. Participating Counsel shall supplement the lists on a quarterly basis and provide the lists to Plaintiffs' Co-Liaison Counsel. The initial list shall be provided within 30 days of signing this Agreement and must be supplemented every 90 days thereafter.

**II. AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY**

Subject to terms of this agreement and the terms of CMO No. 9, all plaintiffs and their attorneys who agree to settle, compromise, dismiss, or reduce the amount of a claim, or with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, for any chemical hair relaxer claims are subject to an assessment of the Gross Monetary Recovery, as provided herein.

## A.    Assessment Amount

Each case of a Participating Counsel where a judgment is entered or in which a resolution is reached with a signed settlement agreement shall be assessed for payment of common benefit work and reimbursement of common benefit expenses.

The aforementioned assessment shall be 11% of the Gross Monetary Recovery in each such case ("the Common Benefit Work Holdback percentage"), with 8% of the holdback being used to compensate common benefit work and 3% of the holdback being used to reimburse common benefit expenses.

The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only, and not defendants or defendants' counsel. All plaintiffs' attorneys who currently have cases pending in any state court and who want to become a Participating Counsel shall, within 60 days of this Order, execute the Participation Agreement. Any plaintiffs' attorney who does not yet have a Hair Relaxer case filed in any federal or state court and who wants to become a Participating Counsel shall execute the Participation Agreement if that lawyer intends to voluntarily become a Participating Counsel and be bound by this agreement.

## B.    Gross Monetary Recovery Defined

Gross Monetary Recover includes any and all amounts paid to plaintiffs' and/or their counsel by defendant(s) through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future.

4

## C.    Covered Cases

The assessment amount set forth above and in the related Common Benefit Order shall apply to all cases now pending or later filed in, transferred to, or removed to MDL 3060 and treated as part of the coordinated proceeding known as *In re Hair Relaxer Marketing Sales Practices and Products Liability Litigation,* regardless of whether the plaintiff's attorney has executed the Participating Agreement. In addition, pursuant to the terms of CMO No. 9, the assessment amount shall apply to all cases in which counsel who have a filed case in MDL 3060 have a fee interest, regardless of the size of that fee interest. Counsel who sign this Participation Agreement further agree that the assessment shall apply to all un-filed cases, tolled cases, and/or cases filed in state court in which they have a fee interest, regardless of the size of that fee interest.

Non-Participating Counsel who have no fee interest in any case in MDL 3060 are not required to pay an assessment on state court cases or on un-filed cases. However, non-MDL Plaintiffs' Counsel as defined in CMO No. 9, Section I(B), who do not sign the Participation Agreement are not entitled to receive Common Benefit Work Product, and may be subject to an increased assessment on all Hair Relaxer cases/claims in which they have a fee interest if they receive any Common Benefit Work Product or otherwise benefit from the work product created by the PSC and Affiliated Counsel and other Participating Counsel working with the MDL. Non-Participating Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

## D.    Attorneys' Fee Lien

With respect to each client represented in connection with chemical hair relaxer related claims that are filed or pending in any Federal or State court, are un-filed, or are subject to a tolling agreement, consistent with ¶ I(B) and I(C) of the Case Management Order Establishing Common

Benefit Fee and Expense Fund (CMO No. 9), each Participating Counsel shall agree to have defendants deposit or cause to be deposited in the Hair Relaxer Fee and Expense Funds established by the District Court in the MDL an 11% percentage of the gross monetary amount recovered by each such client that is equal to the assessment amount. In the event defendants do not deposit the assessed percentage into the Funds, Plaintiff and Plaintiff's Participating Counsel shall deposit or cause to be deposited in the Hair Relaxer Fee and Expense Funds established by the District Court in the MDL a percentage of the gross amount recovered by each such client that is equal to the assessment amount. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC and Affiliated Counsel a lien upon and/or a security interest in any fee (a) generated as a result of any recovery by any client who they represent in connection with any chemical hair relaxer-induced injury and chemical hair relaxer marketing and sales practices claims and (b) they have any interest in, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

### E. Attorney-Client Contracts

Both the PSC and Affiliated Counsel and Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in either state or federal cases, the PSC and Affiliated Counsel will recommend to the MDL Court that appropriate consideration will be given to individual case contracts between attorneys and their clients.

## III. COMMON BENEFIT EXPENSES

### A. Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must be: (a) for the common benefit; (b) appropriately authorized[1]; (c) timely submitted within the defined limitations set forth in this Order;; and (d) verified by a partner or shareholder in the submitting law firm or by a member of the PSC and Affiliated Counsel if said member is not a partner or shareholder in the submitting firm.

### B.    Authorization and Submission of Expenses

Participating Counsel must submit expenses consistent with the Common Benefit Order. Expenses incurred on matters common to all claimants in MDL 3060 and authorized (as that term is defined in footnote 1) may be submitted for reimbursement.

### C.    Verification

The forms detailing expenses shall be certified by a senior partner in each firm or PSC and Affiliated Counsel member him or herself, and such certification should attest to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that work was performed and paid for the common benefit.

Cost records shall be submitted electronically on a monthly basis to the following email address: MDL3060Time@amylcollinspc.com as directed by CMO No. 9. Untimely submission of Cost records may result in a waiver of said costs. Unsubstantiated costs may be disallowed, as recommended by any Fee Committee or ultimately a Special Master or Court.

## IV.    COMMON BENEFIT WORK

### A.    Common Benefit Work Eligible for Reimbursement

---

[1] For the purposes of this Participation Agreement, "authorized" or "approved" in terms of common benefit expenses and common benefit work shall mean authorized and approved by a Plaintiffs' Co-Lead Counsel or the Plaintiffs' Executive Committee or those individuals appointed by a Plaintiffs' Co-Lead Counsel to authorize or approve common benefit work.

In order to be eligible for reimbursement, time expended must be: (a) for the common benefit; (b) appropriately authorized (*see* footnote 1 *supra*); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting law firm or by a member of the PSC and Affiliated Counsel if said member is not a partner or shareholder in the submitting firm. Moreover, if counsel is a member of the PSC and Affiliated Counsel and fails to timely submit capital contributions as may be requested by Co-Lead Counsel throughout this litigation, such counsel and members of his/her firm shall not be allowed to submit common benefit time or expenses for reimbursement.

**B.      Non-Sharing of Common Benefit Work with Non-Participating Counsel**

Participating Counsel are prohibited from sharing Common Benefit Work Product with Non-Participating Counsel, as defined herein.

**C.      Authorization**

Time spent on matters common to all claimants in the MDL must be assigned by a Plaintiffs' Co-Lead Counsel or the Plaintiffs' Executive Committee to be eligible for consideration as common benefit time. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted; nor should time spent on unauthorized work be submitted for consideration.

**Examples of Authorized and Unauthorized Work:**

1.    <u>Depositions of corporate witnesses</u>: Any attorney not designated as one of the authorized questioners or otherwise authorized to attend a deposition on behalf of the PSC shall not be eligible to submit time or expenses for preparing for or attending such deposition, as such attendance is deemed to be on behalf of that attorney's individual clients. Additionally, while the counsel appointed as one of the authorized questioners may utilize other lawyers and/or staff in his/her firm to prepare for the deposition in the event

that he/she elects to bring other people from his/her firm to attend the deposition, only the time and expenses for the appointed questioner and no more than two other people from his/her firm shall be considered for common benefit, the time and travel of all other people from his/her firm should not be submitted and will not be considered for common benefit reimbursement or fees;

2. <u>Periodic PSC, MDL, or Full-Committee Conference Calls and Meetings</u>: Such calls and meetings are held so that individual attorneys are kept up-to-date on the status of the litigation, therefore participation by listening to such calls is not common benefit work. Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and that is a reason to participate in such calls and meetings. Only the attorneys designated by Plaintiffs' Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and only their time will be considered common benefit time. Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for participation in PSC communications that are germane to all members of the PSC and are necessary to fulfill their PSC obligations;

3. <u>Periodic Status Conferences</u>: Periodic status conferences are held so that the litigation continues to move forward, and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation, but participation by attending and listening to such conferences is not common benefit work. Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or

common benefit time, nor shall participation in such status conferences via telephone be considered common benefit time. The attorneys designated by Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered common benefit time;

4. <u>Identification and Work Up of Experts</u>: If a Participating Attorney travels to and retains an expert without the knowledge and approval of the Co-Lead Counsel, the MDL may not need or use that expert, and the associated time and expense may not be considered common benefit expenses/work, and therefore may not be compensable;

5. <u>Attendance at Various Seminars</u>: Attendance at a seminar that has an agenda item about the Hair Relaxer litigation is not common benefit work or a common benefit expense unless expressly authorized by Co-Lead Counsel in writing;

6. <u>Document Review</u>: In the MDL, only document review specifically assigned to an attorney and authorized by Plaintiffs' Co-Lead Counsel or the Plaintiffs' Executive Committee will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that attorney by Plaintiffs' Co-Lead Counsel, that review is not considered common benefit work;

7. <u>Review of Pleadings and Orders</u>: Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel or the Plaintiffs' Executive Committee to review and summarize those pleadings or orders for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are reviewing those

10

pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit work. Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for reviewing orders that are germane to all members of the PSC and review of which is necessary to fulfill their PSC obligations;

8. <u>Review of Discovery Responses</u>: Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by a Plaintiffs' Co-Lead Counsel or the Plaintiffs' Executive Committee, to review and summarize discovery responses for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit work;

9. <u>Bellwether Trials</u>: While the work-up of individual cases is not considered common benefit work, in the event that a case is selected as part of an approved bellwether trial process in the MDL or a cooperating state court jurisdiction, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered common benefit work at the discretion of Co-Lead Counsel to the extent it complies with the other provisions of this Order and Participation Agreement;

10. <u>Duplicative Billing</u>: Having multiple attorneys within one firm bill for duplicative work will be a fact to be considered by any Fee Committee (which will likely be appointed at a future and appropriate time) and may not be compensated and should not be submitted. Law firms are free to staff cases any way they deem appropriate for their law firm;

however, the MDL will not compensate one law firm for duplicative billing. This paragraph is not intended to prevent, by way of example, having one lawyer create the first draft of a brief and another lawyer review and edit the brief, nor does this paragraph prevent having multiple attorneys within one firm assist the questioning attorney getting ready for a deposition.

### D. Time Keeping and Submission of Time Records

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep a daily record of time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location, and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in tenth-of-an-hour increments. Time submissions are subject to audit.

These guidelines are intended for all activities performed and expenses incurred by Participating Counsel in MDL 3060:

1.     All time submissions must be incurred only for work authorized under this Participation Agreement;

2.     All time submissions must be made on the forms provided by the Plaintiffs' Executive Committee;

3.     Time and expense submissions are to be made on the last day of each month, beginning November 30, 2023. Each submission should contain all time and expenses incurred through the last day of the calendar month that precedes the month prior to the submission date. For example, the submission due on November 30, 2023, should include all time and expenses incurred through September 30, 2023, and then the submission due on December 31, 2023, should include

12

all time and expenses incurred from October 1, 2023 through October 31, 2023, and then the submission due on January 31, 2024, should include all time and expenses incurred from November 1, 2023 through November 30, 2023, and then the submission due on February 28, 2024, should include all time and expenses incurred from December 1, 2023 through December 31, 2023, and so on. All time and expense submissions should be accompanied by contemporaneous records in the form provided and attached hereto and verified by a partner or shareholder in the submitting firm or by a member of the PSC and Affiliated Counsel if said member is not a partner or shareholder in the submitting firm. Submissions of time and expense made after the 30th day of the month two months from which the time or expense were incurred may be rejected. In addition, each firm that makes a common benefit time and/or cost submission for a given month shall also be required to submit a brief summary (no more than 2 or 3 sentences) summarizing the contribution that each time keeper from that law firm made toward the common benefit and advancement of the litigation. Moreover, only that time and those expenses incurred for the common benefit of all cases, consistent with the terms of the Common Benefit Order (CMO 9) and this Participation Agreement and the Court's Order Granting Petition for Appointment of a Plaintiffs' Leadership Committee, dated March 2, 2023  shall be considered for common benefit reimbursement at the end of the litigation.

4.      All time and expense submissions must be electronically sent in the designated form to the attention of MDL3060Time@amylcollinspc.com so they can be reviewed, compiled, and submitted to the Court at the appropriate time.

5.      Failure to provide submissions in a timely manner may result in a waiver of attorney fees and expenses claimed for the time period that is the subject of the submission. Failure to submit time and expense records **in electronic (searchable) format** on the Excel forms approved by

Plaintiffs' Co-Lead Counsel, or any other method approved by Plaintiffs' Co-Lead Counsel, may result in a deficiency, after which the submitting firm must cure the deficient submission. Absent prior approval from Plaintiffs' Co-Lead Counsel or special circumstances, failure to cure the deficiency within the twenty one-day period shall result in (a) that month's submission being rejected, and (b) the submitting firm waiving compensation for the time and expenses submitted that month. Upon a determination by Plaintiffs' Co-Lead Counsel that a Participating Law Firm repeatedly fails to comply with the requirement to timely submit time and expense records in the required format, that Participating Law Firm may be barred from performing future common benefit work.

6. Time spent compiling the data for the time and expense submissions is not considered common benefit time.

7. Common benefit work shall only be performed by employees of the law firm submitting time and/or expenses, unless prior written consent of Co-Lead Counsel is obtained. Absent prior written consent of Co-Lead Counsel, time and/or expenses by contract attorneys will not be compensated or reimbursed.

8. The undersigned Participating Counsel understands, acknowledges and agrees that there is no guaranty that all of the time submitted by his or her law firm will be compensated and that the hourly rate for the work that is compensated is not guaranteed (e.g., that the Common Benefit Fee Committee may award different hourly rates for different work and for the same work performed by different attorneys or law firms). The undersigned also understands, acknowledges, and agrees that all hours are not going to be viewed equally and awarded at the same rate (e.g., document review time and deposition/trial time may not be treated and awarded at the same rate).

### E.    Distribution of Fees

1.    <u>No Individual Right to the Funds</u>: No party or attorney has any individual right to any common benefit funds except to the extent directed by Order of the MDL Court. Common benefit funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed by court order. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Agreement.

2.    <u>Court Approval</u>: The amounts deposited in the Hair Relaxer Fee and Expense Funds shall be available for distribution to attorneys who have performed professional services or incurred expenses for the common benefit. The MDL Court retains jurisdiction over any common benefit award. The undersigned Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby consents to the jurisdiction of the MDL Court in connection with any common benefit award. Any decision by the District Court (Judge Rowland) regarding the award of common benefit fees and/or expenses shall be final, binding, and non-appealable.

3.    Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and reimbursement prior to any recommendation to the Court. It is expected that due consideration of payment of common benefit fees and expenses will be given to the recommendation of Plaintiffs' Common Benefit Fee Committee by the MDL Court and/or any Special Master.

Execute Below:

I _____ [name of lawyer executing the Agreement] hereby represent to the Plaintiffs' Leadership Group that I have the authority to execute this Agreement on behalf of my law firm and have the authority to bind my law firm to the terms of this Agreement.

**Choose One:**

I _____ [name of lawyer executing the Agreement] hereby certify that my law firm is a MDL Plaintiffs' Counsel as defined in CMO ____, Section ____ and is subject to an assessment for fees and costs as outlined herein.

I _____ [name of lawyer executing the Agreement] hereby certify that my law firm is a participating non-MDL Plaintiffs' Counsel as defined in CMO ___, Section ____, and is an early participant and is subject to an assessment for fees and costs as outlined herein.

Dated: _____          _____

**Law Firm Name:**
**Attorney's Name:**

16

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818 <br><br> MDL No. 3060 <br><br> Judge Mary M. Rowland |

**EXHIBIT B TO CMO NO. 9
Special Insolvency Professionals**

1. Brown Rudnick LLP
2. Otterbourg P.C.

17

Exhibit C

**HAIR RELAXER MDL 3060**
**MONTHLY TIME REPORT**

| Reporting Period: (mm/yy) | Time Report for: (Name of firm) | | Month Total: | 0.0 |
|---|---|---|---|---|

**Category Codes:**

| | | |
|---|---|---|
| 01. Investigation/Analysis/Research (Factual) | 08. Insolvency Work/Proceedings | 15. Experts/Consultants |
| 02. PLC Meetings/Strategy | 09. Plaintiffs' Document Production | 16. Settlement/Mediation |
| 03. Attorney Communications | 10. Legal Research | 17. Trial Preparation |
| 04. Case Management/Administrative | 11. Bellwether Selection | 18. Trial |
| 05. Pleadings/Motions/Briefing | 12. Depositions (Prepare/Take/Defend) | 19. Appeals/Post-Trial |
| 06. Written Discovery | 13. Document Review Tier 1 | 20. Travel |
| 07. Court Appearances | 14. Document Review Tier 2 | |

| Last Name, First Name | Title/Level | Date of Service (m/d/yy) | Category Code | Detailed Description of Work Performed | Committee Name or Co-Lead Counsel Who Assigned or Approved Work | Name of Case for Case Specific Work | Time spent (by .1 increments) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

**TIME AND EXPENSE VERIFICATION**

I, _____, a _____ (partner/shareholder/PSC

Member/Affiliated Counsel) in the law firm of _____,

hereby certify that the Time and Expense submission for the time period _____

through _____ is accurate to the best of my knowledge in accordance with

Case Management Order No. 9 Establishing Common Benefit Fee and Expense Protocols.


_____
ATTORNEY NAME


DATE: _____