UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

CASE MANAGEMENT ORDER NO. 9
(Plaintiff Fact Sheets and Records Authorizations)

The Court hereby issues this Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS") and the execution of authorizations for the release of certain records.

1. **Scope.** This order applies to all plaintiffs, defendants, and their counsel in: (a) all actions transferred to *In Re Hair Relaxer Marketing Sales Practices and Products Liability Litigation* ("MDL 3060") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order of February 6, 2023; (b) all related actions originally filed in or removed to this Court; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, the "Member Actions").

2. **Confidentiality.** All information disclosed on a PFS, and all related documents (including healthcare records and information) produced therewith or pursuant to an executed authorization shall be deemed confidential and treated as "Confidential Information" as required in the protective/confidentiality orders already entered in this MDL.

3. **Duty to Meet and Confer.** The Plaintiffs' counsel and Defendants' counsel shall meet and confer in a good faith effort to resolve any disputes not specifically addressed below regarding the production of documents and/or completion or service of a PFS, and/or authorizations.

1

4. **Admissibility.** The admissibility of information in the PFS shall be governed by the Federal Rules of Evidence and no objections are waived by virtue of any PFS response.

## I. PLAINTIFF FACT SHEET AND VERIFICATIONS

1. **Plaintiff Fact Sheet.** The form PFS that shall be used in MDL 3060 and all Member Actions is attached as Exhibit A. The questions in the PFS shall be answered without objection as to relevance or the form of the question. In compliance with the deadlines set forth in Paragraph 4, every Plaintiff in each Member action shall:

  a. "Substantially complete" (*see* Section 3 below for definition of "substantially complete") and contemporaneously sign and date a PFS. Plaintiff may electronically sign;

  b. Execute the authorizations attached as Exhibit B; and

  c. Serve the completed and executed PFS, signed authorizations, and requested documents upon counsel as set forth in Paragraph 5, below.

2. **Deadlines for PFS Submission:** For any case filed, removed or transferred to this Court, the plaintiff in each Member Action shall provide a PFS in accordance with this order on the following schedule:

  a. **Cases Entering the MDL by June 30, 2023:** For any case filed, removed, or transferred to this Court on or before June 30, 2023, the plaintiff in each Member Action shall provide a PFS in accordance with this order within forty-five (45) days of entry of this order;

  b. **Cases Entering the MDL Between July 1, 2023 and August 31, 2023:** For any case filed, removed or transferred to this Court between July 1, 2023 and August 31, 2023, the plaintiff in each Member Action shall provide a PFS in accordance with this order within sixty (60) days of entry of this order;

    c. **Cases Entering the MDL Between September 1, 2023 and Date of the Entry of This Order:** For any case filed, removed, or transferred to this Court between September 1, 2023 and the entry of this order, plaintiffs with last names beginning with A thru L in each Member Action shall provide a PFS in accordance with this order within ninety (90) days of entry of this order while plaintiffs with last names beginning with M thru Z in each Member Action shall provide a PFS in accordance with this order within one hundred twenty (120) days of entry of this order;

    d. **Cases that Enter the MDL After the Date of Entry of This Order:** For any case filed, removed or transferred to this Court on or after the date of entry of this order, the plaintiff in each Action shall provide a PFS within forty-five (45) days of service of a short form complaint and receipt of the first defendants' responsive acknowledgment.

3. **Scope of Responses.** Each plaintiff subject to this order is required to provide a PFS that is substantially complete. For a PFS to be "substantially complete" the responding plaintiff must:

   a. Answer every question contained in the PFS to the best of his or her ability, providing as much information as he or she can, including by consulting non-privileged documents in his or her custody, possession, or control; a plaintiff may answer questions in good faith by indicating "not applicable," "I don't know," "I do not recall," or "unknown" where the plaintiff can provide no other information, but this does not relieve the plaintiff from providing his or her best estimate where applicable (*e.g.*, if the plaintiff cannot provide the specific date of an event, she should provide her best estimate of the date and/or a description of the time period);

   b. produce all Documents (as defined in the PFS) identified in response to Section IX of the PFS;

    c. produce all applicable, completed, and executed authorizations, requested in the PFS, as reflected in Exhibit B (which may be amended to reflect the identity of healthcare records collection vendors without further order of the Court); and

    d. sign and date the declaration found at the end of the PFS. A plaintiff may electronically sign the PFS; however, the defendants are entitled to request, and the plaintiff must preserve certificates of completion, other metadata, or other confirmation by plaintiff approving the signature; and

    e. By uploading the Fact Sheet to Third Party Vendor, Counsel certifies that they have conducted a reasonable inquiry pursuant to the Federal Rules.

4. **Amendments and Verification.** Each plaintiff shall remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e). In the event a plaintiff serves an amended PFS, that plaintiff shall clearly indicate on the face of the amended PFS that the PFS has been amended (and, if applicable, identify the iteration of the amendment (*i.e.*, "First Amended," "Second Amended," etc.)).

5. **Service of PFS.** The plaintiffs shall complete and serve their PFS, authorizations, and documents responsive to the requests for production of documents as set forth in the PFS by uploading them to their account in the database maintained by Third Party Vendor. Authorizations shall also be uploaded to the appropriate tab as separate PDFs titled with the type of authorization (*e.g.*, employment, medical, etc.) to the best of a plaintiff's ability.

6. **Treatment as Discovery Responses.** All information in a PFS or amendment thereto are binding on the responding plaintiff as if that information was provided in verified answers to interrogatories under Fed. R. Civ. P. 33. Each completed PFS or amendment thereto shall be verified (signed and dated by the plaintiff or the plaintiff's representative) as if it were

interrogatory responses provided pursuant to Fed. R. Civ. P. 33. Any requests for production of documents in the PFS shall be treated as document requests under Fed. R. Civ. P. 34. Defendants' use of the PFS is in lieu of interrogatories and requests for production of documents that Defendants otherwise would have propounded, other than additional discovery contemplated in future phases of litigation and subject to the Court's approval of same.

7. **Compliance Process.**

   a. **Warning or Deficiency Letters**

      i. If any plaintiff fails to serve a PFS or fails to provide any applicable authorizations by the deadline set forth in this Order, that plaintiff will receive an automated Warning Letter from the Third Party Vendor within thirty (30) days of the deadline to serve the PFS, notifying the plaintiff's attorney of record and/or their designated attorney (if applicable) of the failure to serve a PFS and/or an authorization. Plaintiffs and their counsel are responsible for ensuring appropriate contact information is provided to the Third Party Vendor to receive the automated Warning Letter.

      ii. If any plaintiff fails to serve a substantially complete PFS, serve the appropriate records, or fails to provide applicable authorizations, the defendants shall designate a single defendant (the "Designated Defendant") to serve a Deficiency Letter on that plaintiff and notify the plaintiff's attorney of record and/or their designated attorney (if applicable), as well as the PLC or their designee, of the failure to serve a substantially complete PFS and/or an authorization.

5

1. For those cases which meet the criteria for inclusion in the bellwether selection pool, the Bellwether Protocol (to be determined in a future Case Management Order) will control PFS Deficiency timing.

2. For those cases that are outside of the criteria for inclusion in the bellwether selection pool, any Deficiency Letters must be served within six (6) months of the Bellwether Pool's selection or no later than nine (9) months after service of a PFS, whichever is later.

iii. Plaintiffs who are served with a Warning or Deficiency Letter, shall have thirty (30) calendar days from service of the Letter to serve a substantially complete PFS, and/or serve the appropriate records and/or record authorizations in accordance with this order and/or to serve any objections to the Letter.

iv. The Letter shall identify the case name, docket number, the Designated Defendant, and the thirty (30) calendar day deadline.

v. Once a plaintiff responds to a Deficiency Letter, the Designated Defendant shall not send additional Deficiency Letters identifying deficiencies related to issues not identified in the original Deficiency Letter, unless a case is selected for inclusion in a bellwether selection pool. In such a circumstance, the Designated Defendant may pursue additional deficiencies from the PFS not identified in the original Deficiency Letter, and/or may follow up further on those previously identified as part of a plaintiff's continuing obligation to supplement discovery under the Federal Rules.

b. **Obligation to Meet-and-Confer**

   i. The attorney of record for the allegedly deficient plaintiff fact sheet and/or their designated attorney (if applicable) and the Designated Defendant must meet-and-confer within thirty (30) calendar days of service of the Warning or Deficiency Letter, absent agreement of the parties.

c. **PFS Compliance Meet-and-Confer amongst the Parties**

   i. In addition to the individual meet and confer obligations referenced above in Section 7. b., Plaintiffs' Leadership shall designate a Plaintiffs' Compliance Liaison to organize and mediate a PFS Compliance Meet-and-Confer between plaintiff's attorney of record/designated attorney and Designated Defendant(s) for each Letter. The Plaintiffs' Compliance Liaison will also be permitted to address any failures of the Compliance and/or Deficiency process.

   ii. If any plaintiff does not comply with the requirements of this order by providing a substantially complete PFS, and executing the applicable Authorizations within the thirty (30) calendar day period set forth above, the Designated Defendant may place the deficient plaintiff on a list of cases, identified by plaintiff name, case number, and attorney of record (the PFS Compliance Meet-and-Confer List). This list will be provided to Plaintiffs' Compliance Liaison at least seven (7) calendar days before the monthly PFS Compliance Meet-and-Confer between the parties' Leadership and including all applicable plaintiffs' attorneys of record and/or their designated attorney (if applicable) for resolution of remaining PFS Compliance disputes.

    iii. The Designated Defendant may assign their duties pursuant to this order to another defendant at the discretion of the Designated Defendant but there shall only be one Designated Defendant at a given time.

    iv. This PFS Compliance meet-and-confer will occur on an at least monthly basis and be scheduled at least ten (10) calendar days prior to any upcoming Case Management Conference. During the PFS Compliance Meet-and-Confer, the parties will discuss outstanding disputes remaining on the PFS Compliance Meet-and-Confer List.

d. **Court Call for Warning or Deficiency Resolution**

    i. Following the PFS Compliance Meet-and-Confer, if the Designated Defendant still contends that any plaintiff has not complied with the requirements of this order by providing a substantially complete PFS, and executing the applicable Authorizations, or some other agreement reached between the parties, the Designated Defendant may place the alleged non-compliant plaintiff on the call docket, subjecting the plaintiff to appropriate court relief including issuing an order to show cause, compelling production and/or up to dismissal with or without prejudice.

    ii. Following the PFS Compliance Meet-and-Confer and in connection with the Court's existing timeline for submitting the Parties' Status Report prior to any Case Management Conference, Defendants shall file the list of cases by plaintiff name, case number, and brief description of alleged deficiency for any cases subject to court relief (the Call Docket List).

    iii. There shall be no briefing by any party.

    iv. The Call Docket List will be heard at the end of the next status conference or another time determined by the Court and agreed to by the parties, which date will be published by the Court on the Court's website.

    v. At the hearing, Defendants will advise the Court of any cases that may be removed from the list by agreement since the submission of the Call Docket List.

    vi. At the Call Docket, each party will have the opportunity to address the Court, in person or via telephone, regarding the matter.

    vii. Any plaintiff who fails to appear individually or through his or her attorney(s) at the Call Docket and establish good cause for the failure to make discovery disclosures as required herein, may be subject to an order to show cause, an order compelling production, dismissal with or without prejudice, or be subject to any other relief as the Court may order.

**8. Authorizations.** Plaintiffs will provide completed authorizations for all healthcare providers (including mental health providers, if applicable), and employers (if applicable) named in the PFS. In addition to the addressed authorizations:

    a. Each plaintiff shall be required to execute five blank versions of the healthcare authorizations, which shall be held by the record collection vendor selected and agreed to by the parties ("Third Party Vendor"). If a plaintiff answers affirmatively to Section II.C.1 of the PFS, that plaintiff must provide two blank employer authorizations, in addition to the above. If a plaintiff answers affirmatively to Section V.K of the PFS, that plaintiff must provide two blank mental health authorizations, in addition to the above.

    b. If Defendant(s) learn of a healthcare provider or employer not identified in the PFS from whom Defendant(s) want to collect records, Defendant(s) shall notify the Third Party Vendor. The Third Party Vendor shall convey that request to Plaintiff's attorney of record. Plaintiff's attorney of record shall have fourteen (14) days to approve the request, provide a completed authorization addressed to the newly identified Healthcare provider or employer, or provide written objections to the production of some or all of said records. If Plaintiff's attorney of record objects, the relevant parties shall meet and confer and, if the objection cannot be resolved, Defendants may move to compel. If Plaintiff's counsel either approves of the request or does not object within fourteen (14) calendar days, the Third Party Vendor is deemed to have authority to utilize one of the blank authorization forms to collect records from the requested provider. A plaintiff may use e-signatures or place a duplicated signature image on the authorization form in an effort to accelerate the medical records collection process.

    c. In the event that all provided executed blank authorizations in a specific category (e.g. Healthcare) are used, Plaintiff's attorney of record shall replenish the authorization(s) utilized by the Third Party Vendor within fourteen (14) calendar days of the date the Third Party Vendor notifies the Plaintiff's attorney that additional authorizations are needed.

    d. Defendant(s) will not utilize blank authorizations other than through the Third Party Vendor.

**9. Duty to Accept Court-Approved Authorizations.** The records authorization forms attached to this order (the "Authorization Forms") have been approved for use in all claims affected by this order, and the Healthcare Authorization Forms comply with the Health Insurance Portability and Accountability Act. Accordingly:

    a. All physicians, healthcare providers, federal, state, and or/local government agencies, and any other entity asked to produce healthcare records relating to a claimant must accept the Authorization Forms as valid for all claims affected by this order;

    b. Entities may not request or insist on forms or terms different from the Authorization Forms;

    c. When signed either electronically or with wet ink signature by a plaintiff or a plaintiff's personal representative with respect to claims affected by this order, the Authorization Forms must be relied on by all entities to authorize the release of all records, including all healthcare records;

    d. No facility-specific or different form may be required by any person or entity for the production of any records relating to claims affected by this order;

    e. A photograph or .pdf image of the Authorization Forms must be accepted by all entities;

    f. No original signatures may be required on the Authorization Forms for the production of any records by any facility, pharmacy, or other entity; and

    g. Any Authorization Forms dated after the entry of this order will be effective for the production of any records relating to a plaintiff for the duration of the Member Actions.

**10.** **Obligation to Cooperate by Providing Additional Authorizations.** If Defendants wish to obtain records from a custodian who will not accept the authorizations in the form that a plaintiff executed pursuant to this order, that plaintiff will cooperate with Defendants and provide the necessary authorization(s).

**11.** **Collection of Records.** Defendants or their designee shall have the right to contact agencies, companies, firms, institutions, providers, or other records custodians to obtain a plaintiff's records or records relating to that plaintiff without further notice to the plaintiff. No interviews or discussion regarding a Plaintiff's healthcare shall be permitted during this outreach.

**12.** **Copies of Records.** Third Party Vendor shall make available for purchase by a plaintiff's counsel all records obtained by use of the plaintiff's authorizations within fourteen (14) days of the receipt of the records pursuant to the terms of the Third Party Vendor contract with the parties.

## II. PHASE II FACT SHEETS

The parties shall negotiate additional document requests in Phase II that may include a plaintiff and/or defense fact sheet. These may include, but not be limited to, social media and other ESI productions from individual plaintiffs and geographic marketing information production from defendants to the extent it is not produced in general discovery.

E N T E R:

Dated: December 19, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge