UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: HAIR RELAXER MARKETING | ) | Case No. 1:23-cv-00818 |
| SALES PRACTICES AND PRODUCTS | ) | MDL No. 3060 |
| LIABILITY LITIGATION | ) | |

**This Document Relates to All Cases and the following specific cases:**
1:23-cv-09130
1:23-cv-16263
1:23-cv-16045
1:23-cv-16428

**DEFENDANT PARFUMS DE COEUR LTD D/B/A PDC BRANDS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(a)(2) IN SUPPORT OF ITS MTD IN THE EVENT IT IS CONSIDERED A MSJ**

Defendant Parfums de Coeur, LTD D/B/A PDC Brand ("PDC"), by its undersigned counsel, states as follows for its Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(a)(2):

**Master Long Form Complaint**

1. Plaintiffs in this Multi District Litigation filed a Master Long Form Complaint on May 15, 2023, which sets forth various causes of action that can be incorporated by individual Plaintiffs using the Short Form Complaint. (Master Long Form Complaint, 23-cv-818, doc #106 and #106-1).

2. Plaintiffs filed a Master Long Form Complaint which generally alleges Negligence and/or Gross Negligence (Count 1), Negligent Misrepresentation (Count 2), Negligence Per Se (Count 3), Strict Liability: Design Defect (Count 4), Strict Liability: Failure to Warn (Count 5), Breach of Implied Warranty of Merchantability/ Fitness for Particular Use (Count 6), Breach of Express Warranty under state law and Magnuson-Moss Warranty Act (Count 7), Fraud/Fraudulent Misrepresentation (Count 8), Fraudulent Concealment (Count 9), U.S. State and Territory

1

Statutory Consumer Protection and Unfair or Deceptive Trade Practices Act (Count 10), Unjust Enrichment (Count 11), Wrongful Death (Count 12), Survival Action (Count 13), Loss of Consortium (Count 14), and Punitive Damages (Count 15).

3. This Court entered an Order on November 13, 2023 dismissing Counts 2, 8 and 9 of the Master Long Form Complaint, as well as Count 10, but only as to the fraud-based claims. (23-cv-818, doc #291, p. 17).

4. The Master Long Form Complaint references Parfums De Coeur or PDC three (3) times:

   a. The introductory paragraph lists "Parfums de Coeur, Ltd. d/b/a PDC Brands ("PDC Brands")" (Master Long Form Complaint, 23-cv-818, doc #106, page 1);

   b. Lists "Cantu (PDC Brands)" in paragraph two, which lists products Plaintiffs allege are at issue in this case (Master Long Form Complaint, 23-cv-818, doc #106, page 2, ¶2); and

   c. Paragraph 25 alleges that "Defendant Parfums de Coeur, Ltd. d/b/a PDC Brands is a Connecticut corporation with its principal place of business and headquarters located at 750 East Main Street, Suite 1000, Stamford, Connecticut 06901" (Master Long Form Complaint, 23-cv-818, doc #106, page 7, ¶25);

5. Plaintiffs' Master Long Form Complaint alleges that PDC Brands maintains its principal place of business in Connecticut. (Master Long Form Complaint, 23-cv-818, doc #106, page 7, ¶25).

6. The Master Long Form Complaint alleges that Plaintiffs' injuries from Defendants' hair relaxer products are "the direct and proximate result of the conduct of Defendants, their directors, agents, heirs and assigns, and/or their corporate predecessors," and then lists each defendant, including "Cantu (PDC Brands)". (Master Long Form Complaint, 23-cv-818, doc #106, page 2, ¶2).

7. The Master Long Form Complaint cites to the not yet filed Short Form Complaint to establish personal jurisdiction. (Master Long Form Complaint, 23-cv-818, doc #106, page 2, ¶32).

## Asset Purchase Agreement and Declaration of Matthew Wagner

8. Parfums de Coeur, Ltd. does business as PDC Brands, which is not a separate legal entity. (Wagner Declaration, ¶19, **Ex. 1;** Certificate of Adoption of Trade Name in the Town of Darien, CT**, Ex. 2;** and Certificate of Trade Name in the town of Stamford, CT**, Ex. 3**).

9. Parfums de Coeur, Ltd. was incorporated in the State of Connecticut in 1981 and maintains its principal place of business in Connecticut. (Wagner Declaration, ¶20, **Ex. 1**).

10. Parfums de Coeur, Ltd. is not registered to do business in Illinois and does not maintain a registered agent in Illinois. (Wagner Declaration, ¶21, **Ex. 1**).

11. Parfums de Coeur, Ltd. does not own real property in Illinois; does not maintain any offices, facilities or mailing addresses in Illinois; and does not maintain a bank account in Illinois. (Wagner Declaration, ¶22-26, **Ex. 1**).

12. PDC did not design, develop, manufacture, test, package, promote, market, label, provide, or sell any of the products identified in Plaintiffs' the Master Long Form Complaint. (Wagner Declaration, ¶13, **Ex. 1**).

13. In 2015, PDC purchased certain assets from Advanced Beauty Inc. ("ABI"), including some related to a brand known as Cantu ("Cantu Asset Purchase"). (Wagner Declaration, ¶3-5, 8, **Ex. 1**; Asset Purchase Agreement, marked confidential p 6, **Ex. 4**).

14. In consideration of the Asset Purchase, PDC agreed to pay ABI a sum of money through an arm's length transaction that was highly negotiated through PDC and ABI's respective legal counsel, including Matthew Wagner who represented PDC in negotiating the Asset Purchase. (Wagner Declaration, ¶6-8, **Ex. 1**; Asset Purchase Agreement, marked confidential, p 4, **Ex. 4**).

15. PDC and ABI executed an Asset Purchase Agreement ("APA"), which documents the Asset Purchase. (Wagner Declaration, ¶4-5, **Ex. 1**; Asset Purchase Agreement, marked confidential, **Ex. 4**).

16. ABI had owned the Cantu Assets, including the Hair Relaxer that Plaintiff claims was defective. However, PDC did not purchase Cantu's Hair Relaxer product or any inventory attendant thereto. (Wagner Declaration, ¶7-9, 11, **Ex. 1**; Asset Purchase Agreement, marked confidential, p 6, 105 **Ex. 4**).

17. In fact, ABI had discontinued its sale of Cantu's Hair Relaxer product prior to the Cantu Asset Purchase. (Wagner Declaration, ¶10, **Ex. 1**).

18. PDC has never designed, manufactured, or sold the Hair Relaxer product or any relaxer product, and as such has never done so in the state of Illinois. (Wagner Declaration, ¶12-16, **Ex. 1**).

19. PDC expressly disclaimed any liability for products that ABI sold prior to the Asset Purchase, which included Cantu's Hair Relaxer product. (Wagner Declaration, ¶10-11, 17, **Ex. 1;** APA, p 13, **Ex. 4**).

20. ABI agreed to retain liability for all products it sold prior to the Cantu Asset Purchase. (Wagner Declaration, ¶10-11, 18, **Ex. 1;** APA, p 14, **Ex. 4**). In this regard, § 2.5 entitled "Retained Liabilities" states in relevant part:

> 2.5. <u>Retained Liabilities.</u>
>
> Notwithstanding any other provision of this Agreement, [ABI] shall retain and [PDC] shall not assume, agree to pay, perform or discharge any liabilities or obligations of [ABI] other than the Assumed Liabilities (such liabilities not assumed by [PDC], collectively, the "Retained Liabilities"). "Retained Liabilities" shall include, without limitation, the following:
>
> \*\*\*
>
> (k) any liabilities for personal injury or property damage, whether in contract, tort, strict liability or under any other theory, arising from products sold or services rendered by the Business prior to or on the Closing Date;
>
> (l) any liabilities arising out of Products sold by [ABI] prior to or on the Closing Date, including any liabilities related to returns of such Products after the Closing Date;
>
> \*\*\*
>
> (n) any and all other liabilities arising out of or relating to periods prior to the Closing, including all accounts payable.

(APA, §2.5 p 14, **Ex. 4**; see also Wagner Declaration, ¶17-18, **Ex. 1**)

21. Section 2.5 of the APA specifically states that PDC is not liable for any liability arising from products sold prior to the closing date and any claim based upon an event or claim arising prior to the Closing Date. (APA, §2.5 p 14, **Ex. 4**; see also Wagner Declaration, ¶17-18, **Ex. 1**)

5

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

*/s/ James R. Williams*
James R. Williams (6276890)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Telephone:    (312) 704-0550
Facsimile:     (312) 704-1522
jim.williams@wilsonelser.com
***Counsel for Parfums de Coeur, Ltd. d/b/a PDC Brands***

### Certificate of Service

I hereby certify that on January 12, 2024, I filed the forgoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Janette Gillespie

6

291707293v.1