**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br><br>Master Docket Case No. 1:23-cv-00818<br><br>Honorable Mary M. Rowland |

## REVLON'S ANSWER TO MASTER LONG FORM COMPLAINT

Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC (collectively, the "Revlon Defendants"), by and through their counsel, submit this Omnibus Answer in response to the Master Long Form Complaint (the "Master Complaint").

To the extent not specifically admitted, Revlon denies all allegations in the Master Complaint. The Revlon Defendants expressly reserve the right to amend and supplement this Answer, including to assert any counterclaims or cross-claims or modify its affirmative defenses.

By submitting this Answer, the Revlon Defendants do not waive and are not waiving any form of relief available before the U.S. Bankruptcy Court for the Southern District of New York in Case No. 22-10760-dsj (Bankr. S.D.N.Y.) in the event the Revlon Defendants move that court for relief related to any violation of the Confirmation Plan (ECF No. 1746) and the injunctions therein by any of the Plaintiffs.

**RESPONSES TO ALLEGATIONS IN THE AMENDED COMPLAINT**

**NATURE OF THIS MASTER COMPLAINT[1]**

1.     Paragraph 1 purports to characterize the Master Complaint, which is a writing that speaks for itself.  The Revlon Defendants deny that Plaintiffs' alleged injuries are the result of any wrongful conduct by the Revlon Defendants, and that Plaintiffs are entitled to the relief on any of the within claims or causes of action.  In particular, the Revlon Defendants deny that Defendant Revlon Group Holdings LLC, which is a recently formed company as the result of Revlon's emergence from Chapter 11 Bankruptcy, sold any hair relaxer products.  The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products not sold by brands owned by Revlon Inc. and/or Revlon Consumer Products Corporation ("Revlon's Hair Relaxers").

2.     Paragraph 2 purports to characterize the Master Complaint, which is a writing that speaks for itself.   The Revlon Defendants deny that Plaintiffs' alleged injuries are the result of any wrongful conduct by the Revlon Defendants, and that Plaintiffs are entitled to the relief on any of the within claims or causes of action.  The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products other than Revlon's Hair Relaxers.

3.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.     To the extent paragraph 4 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 4, except

---

[1]    The Revlon Defendants generally repeat the headings of the Complaint for the Court' s convenience, without adopting them for their substance.

deny knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products other than Revlon's Hair Relaxers.

## NATURE OF THIS ACTION

5.      Paragraph 5 purports to characterize the Master Complaint, which is a writing that speaks for itself.  The Revlon Defendants deny that Revlon's Hair Relaxers were defective or that they caused any injuries alleged and further deny that Plaintiffs are in any way entitled to damages or other relief.  The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products other than Revlon's Hair Relaxers.

6.      The Revlon Defendants deny the allegations in paragraph 6, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 related to products other than Revlon's Hair Relaxers.

7.      The Revlon Defendants deny the allegations in paragraph 7, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 related to products other than Revlon's Hair Relaxers.

8.      The Revlon Defendants deny the allegations in paragraph 8, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 related to products other than Revlon's Hair Relaxers.

9.      The Revlon Defendants deny the allegations in paragraph 9, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 related to Plaintiffs' use of hair relaxer products, whether they relied on any particular statements, and their medical conditions.  The Revlon Defendants further deny knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 9 related to products other than Revlon's Hair Relaxers.

## I.     PARTIES

10.     The Revlon Defendants admit that Plaintiffs have filed a Master Complaint purportedly pursuant to the Court's order dated April 18, 2023 (ECF No. 77).  The Master Complaint is a writing that speaks for itself.  The Revlon Defendants deny that Plaintiffs' alleged injuries are the result of any wrongful conduct by the Revlon Defendants, and that Plaintiffs are entitled to the relief on any of the within claims or causes of action.  The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products other than Revlon's Hair Relaxers.

11.     The Revlon Defendants deny the allegations in paragraph 11, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 related to products other than Revlon's Hair Relaxers.

12.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     The Revlon Defendants deny the allegations in paragraph 15, except admit that Revlon Inc., which was dissolved in December 2023, was organized under Delaware law and had its principal place of business in New York, New York.

16.     The Revlon Defendants deny the allegations in paragraph 16, except admit that Revlon Consumer Products Corporation, now named Revlon Consumer Products LLC upon emergence, is organized under Delaware law and has its principal place of business in New York, New York.

17.     To the extent paragraph 17 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 17, except admit that Defendant Revlon Group Holdings LLC is a limited liability company organized in Delaware; that Revlon Group Holdings LLC is a recently formed company as the result of Revlon's emergence from Chapter 11 Bankruptcy; and that as of the date of Revlon's emergence in May 2023, Revlon Group Holdings LLC was owned in part by Glendon Capital Management, King Street Capital Management, Angelo Gordon & Co., Antara Capital, Nut Tree Capital Management, Oak Hill Advisors and Cyrus Capital Partners.

18.     To the extent paragraph 18 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants aver that only Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC have been named as defendants in this Master Complaint and will construe the term "Revlon" to refer to these entities.

19.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

## II.     <u>JURISDICTION AND VENUE</u>

31.     To the extent paragraph 31 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants admit, upon information and belief, that subject matter jurisdiction exist as to most of the claims brought by Plaintiffs in this MDL, but

reserve the right to challenge such jurisdiction in a particular case should further factual investigation reveal otherwise.

32.     The Revlon Defendants deny the allegations in paragraph 32, except admit that this Court has personal jurisdiction over the Revlon Defendants, including Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC.

## III.     FACTS COMMON TO ALL COUNTS

### A.     Market for Hair Relaxer Products

33.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     The Revlon Defendants deny the allegations in paragraph 37.

### 1.     History of Afro-Textured Hair and Hair Relaxers—The Framework for Defendants' Wrongful Marketing Practices

38.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

## 2.     The Invention of the Chemical Relaxer

48.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, except admit that there was a Black inventor named Garret Augustus Morgan who invented a hair straightening product.

49.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

### 3.     **Defendants' Marketing Efforts**

53.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     The Revlon Defendants deny the allegations in paragraph 55, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 related to products other than Revlon's Hair Relaxers.

56.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     The Revlon Defendants deny the allegations in paragraph 57, except admit that hair relaxer products have been marketed and sold under certain brands owned by Revlon Inc. and/or Revlon Consumer Products Corporation, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 products other than Revlon's Hair Relaxers.

58.     The Revlon Defendants deny the allegations in paragraph 58, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 related to products other than Revlon's Hair Relaxers.

59. The Revlon Defendants deny the allegations in paragraph 59, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 related to products other than Revlon's Hair Relaxers.

60. The Revlon Defendants deny the allegations in paragraph 60, except deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60 related to what a consumer may believe and products other than Revlon's Hair Relaxers.

61. The Revlon Defendants deny the allegations in paragraph 61, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 related to products other than Revlon's Hair Relaxers.

62. The Revlon Defendants deny the allegations in paragraph 62, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 related to products other than Revlon's Hair Relaxers.

### 4. Chemical Relaxer Use: From Adolescence into Adulthood

63. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, except admit that there is a 2021 Dove Crown Research Study for Girls and refer the Court to that study for its contents.

67.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     The Revlon Defendants deny the allegations in paragraph 69, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 related to the knowledge and conduct of the other defendants.

**5.     Defendants' Hair Relaxer Products Contain Harmful, Toxic and Carcinogenic Ingredients**

70.     The Revlon Defendants deny the allegations in paragraph 70, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 related to the knowledge of the other defendants.

71.     The Revlon Defendants deny the allegations in paragraph 71, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 related to ingredients that are not present in Revlon's Hair Relaxers.

72.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     To the extent paragraph 80 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 80, and refer the Court to the FPLA and the corresponding regulations for their contents.

81.     To the extent paragraph 81 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 81, and refer the Court to the FPLA and the corresponding regulations for their contents.

**B.      Scientific Studies Confirm – Hair Relaxer Products Cause Uterine and Ovarian Cancer**

**1.      <u>Uterine Cancer</u>**

82.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     The Revlon Defendants deny the allegations in paragraph 85, except admit that there was a study supported by the NIH that was published in October 2022 (the "October 2022 Study"), and refer the Court to that study for its contents.

86.     The Revlon Defendants deny the allegations in paragraph 86 and refer the Court to the October 2022 Study for its contents.

87.     The Revlon Defendants deny the allegations in paragraph 87 and refer the Court to the October 2022 Study for its contents.

88.     The Revlon Defendants deny the allegations in paragraph 88 and refer the Court to the October 2022 Study for its contents.

2.     **Ovarian Cancer**

89.     The Revlon Defendants deny the allegations in paragraph 89, except admit that there was a study supported by the National Institute of Environmental Health that was published in 2021 (the "2021 Study"), and refer the Court to that study for its contents.

90.     The Revlon Defendants deny the allegations in paragraph 90, and refer the Court to the 2021 Study for its contents.

91.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

13

95.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

**C.     Regulatory Framework**

97.     To the extent paragraph 97 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 97, except admit that federal law does not require FDA approval for cosmetic products before distribution in the market, and refer the Court to the FD&C Act and FPLA for their contents.

98.     To the extent paragraph 98 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 98, and refer the Court to the FD&C Act for its complete contents.

99.     To the extent paragraph 99 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 99, and refer the Court to the FD&C Act for its complete contents.

100.     To the extent paragraph 100 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 100, and refer the Court to the FD&C Act for its complete contents.

101.     To the extent paragraph 101 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 101, and refer the Court to the FD&C Act for its complete contents.

102. To the extent paragraph 102 states a legal conclusion, no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 102, and refer the Court to the FD&C Act for its complete contents.

103. To the extent paragraph 103 states a legal conclusion, no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 103, and refer the Court to the regulations promulgated by the FDA for their complete contents.

104. To the extent paragraph 104 states a legal conclusion, no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 104.

105. The Revlon Defendants deny the allegations in paragraph 105, and refer the Court to the regulations promulgated by the FDA for their complete contents.

106. To the extent paragraph 106 states a legal conclusion, no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 106, and refer the Court to the regulations promulgated by the FDA for their complete contents.

107. To the extent paragraph 107 states a legal conclusion, no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 107, except admit that 21 CFR § 740.1 contains the quoted language, and refer the Court to 21 CFR § 740.1 for its complete contents.

108. To the extent paragraph 108 states a legal conclusion, no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 108, except admit that 21 CFR § 740.10 contains the quoted language, and refer the Court to 21 CFR § 740.10 for its complete contents.

109. To the extent paragraph 109 states a legal conclusion, no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 109.

110.    The Revlon Defendants deny the allegations in paragraph 110, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 related to products other than Revlon's Hair Relaxers.

111.    The Revlon Defendants deny the allegations in paragraph 111, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 related to products other than Revlon's Hair Relaxers.

112.    The Revlon Defendants deny the allegations in paragraph 112, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 related to products other than Revlon's Hair Relaxers.

113.    The Revlon Defendants deny the allegations in paragraph 113, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 related to products other than Revlon's Hair Relaxers.

114.    The Revlon Defendants deny the allegations in paragraph 114, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 related to products other than Revlon's Hair Relaxers.

## CAUSES OF ACTION

### First Cause of Action
### Negligence and/or Gross Negligence

115.    The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

116.    The Revlon Defendants deny the allegations in paragraph 116, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 related to products other than Revlon's Hair Relaxers.

117.    The Revlon Defendants deny the allegations in paragraph 117, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 related to products other than Revlon's Hair Relaxers.

118.    The Revlon Defendants deny the allegations in paragraph 118, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 related to products other than Revlon's Hair Relaxers.

119.    The Revlon Defendants deny the allegations in paragraph 119, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 related to products other than Revlon's Hair Relaxers.

120.    The Revlon Defendants deny the allegations in paragraph 120, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 related to products other than Revlon's Hair Relaxers.

121.    The Revlon Defendants deny the allegations in paragraph 121, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 related to products other than Revlon's Hair Relaxers.

122.    The Revlon Defendants deny the allegations in paragraph 122, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 related to products other than Revlon's Hair Relaxers.

123.    The Revlon Defendants deny the allegations in paragraph 123, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 related to products other than Revlon's Hair Relaxers.

124.    The Revlon Defendants deny the allegations in paragraph 124, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 related to products other than Revlon's Hair Relaxers.

125.    The Revlon Defendants deny the allegations in paragraph 125, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 related to products other than Revlon's Hair Relaxers.

126.    The Revlon Defendants deny the allegations in paragraph 126, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 related to products other than Revlon's Hair Relaxers.

127.    The Revlon Defendants deny the allegations in paragraph 127, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

128.    The Revlon Defendants deny the allegations in paragraph 128, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 related to products other than Revlon's Hair Relaxers.

**Second Cause of Action**
**<u>Negligent Misrepresentation</u>**

129.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

130.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon

Defendants deny the allegations in paragraph 130, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 related to products other than Revlon's Hair Relaxers.

131. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 131, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 related to products other than Revlon's Hair Relaxers.

132. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 132, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 related to products other than Revlon's Hair Relaxers.

133. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 133, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 related to products other than Revlon's Hair Relaxers.

134. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 134, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 related to products other than Revlon's Hair Relaxers.

135.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 135, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 related to products other than Revlon's Hair Relaxers.

136.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 136, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 related to products other than Revlon's Hair Relaxers.

137.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 137, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

138.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 138, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 related to Plaintiffs' purchase and use of the hair relaxer products and products other than Revlon's Hair Relaxers.

139.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 139, except deny knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 139 related to products other than Revlon's Hair Relaxers.

140.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 140, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

141.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 141, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 related to products other than Revlon's Hair Relaxers.

142.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 142, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 related to products other than Revlon's Hair Relaxers.

### Third Cause of Action
### Negligence *Per se*

143.    The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

144.    The Revlon Defendants deny the allegations in paragraph 144, and refer the Court to the Food, Drug, and Cosmetic Act for its complete contents.

145.    The Revlon Defendants deny the allegations in paragraph 145, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 related to products other than Revlon's Hair Relaxers.

146.    The Revlon Defendants deny the allegations in paragraph 146, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 related to products other than Revlon's Hair Relaxers.

147.    The Revlon Defendants deny the allegations in paragraph 147, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 related to products other than Revlon's Hair Relaxers.

148.    The Revlon Defendants deny the allegations in paragraph 148, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

149.    The Revlon Defendants deny the allegations in paragraph 149, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 related to products other than Revlon's Hair Relaxers.

**Fourth Cause of Action**
**Strict Liability: Design Defect**

150.    The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein

151.    The Revlon Defendants deny the allegations in paragraph 151, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 related to Plaintiffs' use of the hair relaxer products, and admit that hair relaxer products have been marketed and sold under certain brands owned by Revlon Inc. and/or Revlon Consumer

Products Corporation. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 related to products other than Revlon's Hair Relaxers.

152.     The Revlon Defendants deny the allegations in paragraph 152, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 related to products other than Revlon's Hair Relaxers.

153.     The Revlon Defendants deny the allegations in paragraph 153, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 related to products other than Revlon's Hair Relaxers.

154.     The Revlon Defendants deny the allegations in paragraph 154, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 related to products other than Revlon's Hair Relaxers.

155.     The Revlon Defendants deny the allegations in paragraph 155, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 related to Plaintiffs' purchase of the hair relaxer products and products other than Revlon's Hair Relaxers.

156.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 related to products other than Revlon's Hair Relaxers.

157.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, except deny knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 157 related to products other than Revlon's Hair Relaxers.

158.    The Revlon Defendants deny the allegations in paragraph 158, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 related to products other than Revlon's Hair Relaxers.

159.    The Revlon Defendants deny the allegations in paragraph 159, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 related to products other than Revlon's Hair Relaxers.

160.    The Revlon Defendants deny the allegations in paragraph 160, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

161.    The Revlon Defendants deny the allegations in paragraph 161, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 related to products other than Revlon's Hair Relaxers.

162.    The Revlon Defendants deny that Plaintiffs are entitled to the relief requested.

**Fifth Cause of Action**
**Strict Liability: Failure to Warn**

163.    The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

164.    The Revlon Defendants deny the allegations in paragraph 164, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 related to Plaintiffs' use of the hair relaxer products, and admit that hair relaxer products have been marketed and sold under certain brands owned by Revlon Inc. and/or Revlon Consumer

Products Corporation. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 related to products other than Revlon's Hair Relaxers.

165. The Revlon Defendants deny the allegations in paragraph 165, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 related to products other than Revlon's Hair Relaxers.

166. The Revlon Defendants deny the allegations in paragraph 166, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 related to products other than Revlon's Hair Relaxers.

167. The Revlon Defendants deny the allegations in paragraph 167, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

168. The Revlon Defendants deny the allegations in paragraph 168, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 related to Plaintiffs' purchase of the hair relaxer products and products other than Revlon's Hair Relaxers.

169. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 related to products other than Revlon's Hair Relaxers.

170. The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.     The Revlon Defendants deny the allegations in paragraph 171, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

172.     The Revlon Defendants deny the allegations in paragraph 172, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 related to products other than Revlon's Hair Relaxers.

**Sixth Cause of Action**
**Breach of Implied Warranty of Merchantability/Fitness for Particular Use**

173.     The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

174.     The Revlon Defendants deny the allegations in paragraph 174, except admit that hair relaxer products have been marketed and sold under certain brands owned by Revlon Inc. and/or Revlon Consumer Products Corporation.  The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 related to products other than Revlon's Hair Relaxers.

175.     The Revlon Defendants deny the allegations in paragraph 175, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 related to products other than Revlon's Hair Relaxers.

176.     The Revlon Defendants deny the allegations in paragraph 176, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 related to products other than Revlon's Hair Relaxers.

177.    The Revlon Defendants deny the allegations in paragraph 177, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 related to products other than Revlon's Hair Relaxers.

178.    The Revlon Defendants deny the allegations in paragraph 178, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 related to products other than Revlon's Hair Relaxers.

179.    The Revlon Defendants deny the allegations in paragraph 179, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 related to products other than Revlon's Hair Relaxers.

180.    The Revlon Defendants deny the allegations in paragraph 180, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 related to products other than Revlon's Hair Relaxers.

181.    The Revlon Defendants deny the allegations in paragraph 181, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 related to Plaintiffs' purchase and use of the hair relaxer products and products other than Revlon's Hair Relaxers.

182.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182.

183.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

184.    The Revlon Defendants deny the allegations in paragraph 184, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 related to products other than Revlon's Hair Relaxers.

185.    The Revlon Defendants deny the allegations in paragraph 185, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 related to Plaintiffs' purchase and use of the hair relaxer products and products other than Revlon's Hair Relaxers.

186.    The Revlon Defendants deny the allegations in paragraph 186, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 related to products other than Revlon's Hair Relaxers.

187.    The Revlon Defendants deny the allegations in paragraph 187, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 related to products other than Revlon's Hair Relaxers.

188.    The Revlon Defendants deny the allegations in paragraph 188, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 related to products other than Revlon's Hair Relaxers.

189.    The Revlon Defendants deny the allegations in paragraph 189, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 related to products other than Revlon's Hair Relaxers.

190.    The Revlon Defendants deny the allegations in paragraph 190, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 related to products other than Revlon's Hair Relaxers.

191.    The Revlon Defendants deny the allegations in paragraph 191, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

192.    The Revlon Defendants deny the allegations in paragraph 192, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 related to products other than Revlon's Hair Relaxers.

193.    The Revlon Defendants deny the allegations in paragraph 193, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 related to products other than Revlon's Hair Relaxers.

**Seventh Cause of Action**
**Breach of Express Warranty under state law and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.***

194.    The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

195.    The Revlon Defendants deny the allegations in paragraph 195, except admit that hair relaxer products have been marketed and sold under certain brands owned by Revlon Inc. and/or Revlon Consumer Products Corporation.  The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 related to products other than Revlon's Hair Relaxers.

196.    To the extent paragraph 196 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 196, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 related to products other than Revlon's Hair Relaxers.

197.    To the extent paragraph 197 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 197, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 products other than Revlon's Hair Relaxers.

198.     The Revlon Defendants deny the allegations in paragraph 198, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 related to products other than Revlon's Hair Relaxers.

199.     The Revlon Defendants deny the allegations in paragraph 199, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 related to products other than Revlon's Hair Relaxers.

200.     The Revlon Defendants deny the allegations in paragraph 200, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 related to products other than Revlon's Hair Relaxers.

201.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201.

202.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202.

203.     The Revlon Defendants deny the allegations in paragraph 203, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 related to products other than Revlon's Hair Relaxers.

204.     The Revlon Defendants deny the allegations in paragraph 204, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 related to Plaintiffs' purchase and use of the hair relaxer products and products other than Revlon's Hair Relaxers.

205.     The Revlon Defendants deny the allegations in paragraph 205, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 related to products other than Revlon's Hair Relaxers.

206.    The Revlon Defendants deny the allegations in paragraph 206, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 related to products other than Revlon's Hair Relaxers.

207.    The Revlon Defendants deny the allegations in paragraph 207, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 related to products other than Revlon's Hair Relaxers.

208.    The Revlon Defendants deny the allegations in paragraph 208, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 related to products other than Revlon's Hair Relaxers.

209.    The Revlon Defendants deny the allegations in paragraph 209, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 related to products other than Revlon's Hair Relaxers.

210.    The Revlon Defendants deny the allegations in paragraph 210, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 related to products other than Revlon's Hair Relaxers.

211.    The Revlon Defendants deny the allegations in paragraph 211, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 related to products other than Revlon's Hair Relaxers.

212.    The Revlon Defendants deny the allegations in paragraph 212, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 related to products other than Revlon's Hair Relaxers.

## Eighth Cause of Action
### Fraud/Fraudulent Misrepresenation

213.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

214.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 214, except admit that hair relaxer products have been sold under certain brands owned by Revlon Inc. and/or Revlon Consumer Products Corporation.  The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214 related to products other than Revlon's Hair Relaxers.

215.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 215, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 related to products other than Revlon's Hair Relaxers.

216.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 216, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 related to products other than Revlon's Hair Relaxers.

217.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 217, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217 related to products other than Revlon's Hair Relaxers.

218.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 218, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 related to products other than Revlon's Hair Relaxers.

219.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 219, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 related to products other than Revlon's Hair Relaxers.

220.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 220, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 related to products other than Revlon's Hair Relaxers.

221.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 221, except deny knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 221 related to products other than Revlon's Hair Relaxers.

222.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 222, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 related to products other than Revlon's Hair Relaxers.

223.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 223, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 related to Plaintiffs' purchase and use of the hair relaxer products and products other than Revlon's Hair Relaxers.

224.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 224.

225.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 225, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 related to products other than Revlon's Hair Relaxers.

226.     Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 226, except deny knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 226 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

227. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 227, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph related to products other than Revlon's Hair Relaxers.

**Ninth Cause of Action**
**<u>Fraudulent Concealment</u>**

228. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

229. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 229, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229 related to products other than Revlon's Hair Relaxers.

230. Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required. To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 230, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230 related to products other than Revlon's Hair Relaxers.

231.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 231, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231 related to products other than Revlon's Hair Relaxers.

232.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 232, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232 related to products other than Revlon's Hair Relaxers.

233.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 233, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 related to products other than Revlon's Hair Relaxers.

234.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 234, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 related to products other than Revlon's Hair Relaxers.

235.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 235, except deny knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 235 related to products other than Revlon's Hair Relaxers.

236.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 236, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 related to Plaintiffs' purchase and use of the hair relaxer products and products other than Revlon's Hair Relaxers.

237.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 237, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 related to products other than Revlon's Hair Relaxers.

238.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 238, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

239.    Since this cause of action has been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 239, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239 related to products other than Revlon's Hair Relaxers.

**Tenth Cause of Action**
**U.S. State and Territory Statutory Consumer Protection and Unfair or Deceptive Trade Practices Claims**

240.     The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

241.     Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims. The Revlon Defendants deny the rest of the allegations in paragraph 241, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 related to products other than Revlon's Hair Relaxers.

242.     Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims. The Revlon Defendants deny the rest of the allegations in paragraph 242, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 related to products other than Revlon's Hair Relaxers.

243.     Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims. The Revlon Defendants deny the rest of the allegations in paragraph 243, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243 related to products other than Revlon's Hair Relaxers.

244.     Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims. The Revlon Defendants deny the rest of the allegations in paragraph 244, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244 related to products other than Revlon's Hair Relaxers.

245.    Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims.  The Revlon Defendants deny the rest of the allegations in paragraph 245, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 related to products other than Revlon's Hair Relaxers.

246.    Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims.  The Revlon Defendants deny the rest of the allegations in paragraph 246, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 related to products other than Revlon's Hair Relaxers.

247.    Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims.  The Revlon Defendants deny the rest of the allegations in paragraph 247, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247 related to Plaintiffs' use of the hair relaxer products and products other than Revlon's Hair Relaxers.

248.    Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims.  The Revlon Defendants deny the rest of the allegations in paragraph 248, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248 related to products other than Revlon's Hair Relaxers.

249.    Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those

claims. The Revlon Defendants deny the rest of the allegations in paragraph 249, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 related to products other than Revlon's Hair Relaxers.

250. Since the fraud-based claims have been dismissed by the Court's Order dated November 13, 2023 (ECF No. 291), no response is required for allegations with respect to those claims. The Revlon Defendants deny the rest of the allegations in paragraph 250, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 related to products other than Revlon's Hair Relaxers.

**Eleventh Cause of Action**
**Unjust Enrichment**

251. The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

252. The Revlon Defendants deny the allegations in paragraph 252, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252 related to Plaintiffs' purchase of the hair relaxer products and products other than Revlon's Hair Relaxers.

253. The Revlon Defendants deny the allegations in paragraph 253, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253 related to Plaintiffs' purchase of the hair relaxer products and products other than Revlon's Hair Relaxers.

254. The Revlon Defendants deny the allegations in paragraph 254, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 related to Plaintiffs' purchase of the hair relaxer products and products other than Revlon's Hair Relaxers.

255.    The Revlon Defendants deny the allegations in paragraph 255, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255 related to Plaintiffs' medical conditions and products other than Revlon's Hair Relaxers.

256.    The Revlon Defendants deny the allegations in paragraph 256, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256 related to products other than Revlon's Hair Relaxers.

**Twelfth Cause of Action**
**<u>Wrongful Death</u>**

257.    The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

258.    The Revlon Defendants deny the allegations in paragraph 258, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258 related to products other than Revlon's Hair Relaxers.

259.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259.

260.    The Revlon Defendants deny the allegations in paragraph 260, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 related to products other than Revlon's Hair Relaxers.

261.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261, except deny that Plaintiffs are entitled to the relief sought.

262.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262, except deny that Plaintiffs are entitled to the relief sought.

263.     The Revlon Defendants deny the allegations in paragraph 263, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263 related to products other than Revlon's Hair Relaxers.

**Thirteenth Cause of Action**
**Survival Action**

264.     The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

265.     The Revlon Defendants deny the allegations in paragraph 265, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 related to products other than Revlon's Hair Relaxers.

266.     The Revlon Defendants deny the allegations in paragraph 266, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 related to products other than Revlon's Hair Relaxers.

267.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267.

268.     The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268, except deny that Plaintiffs are entitled to the relief sought.

269.     The Revlon Defendants deny the allegations in paragraph 269, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 related to products other than Revlon's Hair Relaxers.

**Fourteenth Cause of Action**
**Loss of Consortium**

270.     The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

271.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271.

272.    The Revlon Defendants deny the allegations in paragraph 272, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272 related to products other than Revlon's Hair Relaxers.

273.    The Revlon Defendants deny the allegations in paragraph 273, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273 related to products other than Revlon's Hair Relaxers.

274.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274, except deny that Plaintiffs are entitled to the relief sought.

275.    The Revlon Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 275.

276.    The Revlon Defendants deny the allegations in paragraph 276, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 276 related to products other than Revlon's Hair Relaxers.

277.    The Revlon Defendants deny the allegations in paragraph 277, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277 related to products other than Revlon's Hair Relaxers.

**Fifteenth Cause of Action**
**Punitive Damages**

278.    The Revlon Defendants repeat, assert, and incorporate by reference their responses to the foregoing allegations as if fully set forth herein.

279.     The Revlon Defendants deny the allegations in paragraph 279, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279 related to products other than Revlon's Hair Relaxers.

280.     The Revlon Defendants deny the allegations in paragraph 280, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 280 related to products other than Revlon's Hair Relaxers.

## JURY TRIAL DEMAND

The Revlon Defendants admit that Plaintiffs purport to demand a jury trial.

## PRAYER FOR RELIEF

The Revlon Defendants deny all remaining allegations not specifically admitted herein and deny that the Plaintiffs are entitled to any of the relief sought or to any relief at all.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than those imposed by operation of law, and without admitting that they bear the burden of proof with respect to any of the following, the Revlon Defendants allege the following affirmative defenses, which shall apply to this Master Complaint as well as any individual complaint that is or should, at any time, become part of this MDL.  The Revlon Defendants assert these defenses based on the facts presently known to them, while reserving the right to add additional defenses based on facts learned during discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
### (Revlon's Confirmed Reorganization Plan)

Plaintiffs' claims against the Revlon Defendants should be dismissed to the extent they failed to file proof of claims as required under Revlon's confirmed Chapter 11 Plan of

reorganization (the "Plan").[2]   Under Article IX.A.6 of the Plan, a plaintiff may assert Hair Straightening Claims only if they had previously filed a timely and valid hair straightening proof of claim in Revlon's Chapter 11 proceeding.  To the extent any plaintiff failed to file a timely proof of claim, their claims against Revlon have been fully discharged and cannot now be liquidated. Plaintiffs' claims against the Revlon Defendants should also be dismissed to the extent they filed a complaint in this MDL after the September 14, 2023 deadline to do so as required by the Plan.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' Master Complaint fails to state a claim upon which relief can be granted.  As an example, and without limitations, Plaintiffs fail to identify with reasonable specificity the Revlon products they purchased or used.   Plaintiffs fail to allege any facts that support any causal connection between the alleged conduct of the Revlon Defendants and Plaintiffs' alleged injury; specifically, the scientific evidence cited by Plaintiffs fails to establish that any products designed, manufactured, marketed, or sold by the Revlon Defendants caused any injury to any Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**
**(Statute of Limitations/Statute of Repose)**

Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose.

**FOURTH AFFIRMATIVE DEFENSE**
**(Pre-emption)**

Plaintiffs' claims may be preempted by the Food, Drug, and Cosmetic Act ("FDCA").

---

[2] *See* Revised Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, *In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. May 1, 2023) (Dkt. 1860) (with all supplements and exhibits thereto, as it has been and may be amended, altered, modified, revised, or supplemented from time to time, the "Plan").

### FIFTH AFFIRMATIVE DEFENSE
**(Contributory Negligence or Comparative Fault)**

Plaintiffs' claims may be barred because of their own lack of reasonable care in using any alleged products.

### SIXTH AFFIRMATIVE DEFENSE
**(Assumption of Risk)**

Plaintiffs' claims may be barred to the extent their alleged injuries, if any, were sustained by voluntarily and unreasonably proceeding to encounter a known risk.

### SEVENTH AFFIRMATIVE DEFENSE
**(Third Party Fault or Negligence)**

Plaintiffs' claims may be barred because Plaintiffs' alleged injuries were the result of the negligence and/or fault of a person or entity other than Plaintiffs or the Revlon Defendants.

### EIGHTH AFFIRMATIVE DEFENSE
**(Intervening and Superseding Cause)**

Plaintiffs' claims may be barred because their alleged injuries were the result of an intervening and/or superseding cause.

### NINTH AFFIRMATIVE DEFENSE
**(State of the Art)**

Plaintiffs' claims may be barred because the Revlon Defendants acted in conformity with industry standards based on the existing state of knowledge at all relevant times.

### TENTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiffs' claims may be barred by the doctrine of waiver, laches, estoppel, release, or statutory and regulatory compliance because their undue delay in filing this action has prejudiced the Revlon Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Punitive Damages/Good Faith)**

Plaintiffs are not entitled to any punitive damages because Plaintiffs have failed to allege that the Revlon Defendants acted in a manner that was malicious, willful, outrageous, wanton, reckless, grossly negligent, intentional, immoral, unethical, oppressive, unscrupulous, or done with bad motives or in violation of public policy. On the contrary, any statement made by, or attributed to the Revlon Defendants was true at the time made and/or otherwise made under a good faith belief that it was true.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Speculative Injuries)**

Plaintiffs' alleged injuries are too speculative and remote from the alleged wrongful conduct to serve as a basis for liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Ripeness/Mootness)**

Plaintiffs' claims may be barred because they are not ripe or have become moot.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Reliance)**

Plaintiffs' warranty claims are barred because they did not reasonably rely on any alleged express or implied warranty, and because Plaintiffs did not give the Revlon Defendants adequate notice of any alleged breach of warranty, express or implied.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Standing)**

Plaintiffs' claims may be barred because Plaintiffs lack standing to bring such claims.

**WHEREFORE**, the Revlon Defendants respectfully request the following relief against Plaintiff:

a) The entry of judgment on Plaintiffs' Master Complaint in favor of the Revlon Defendants, and against Plaintiffs, with Plaintiffs not being awarded any relief of any kind;

b) An award to the Revlon Defendants of attorney's fees, other professional fees, costs, and expenses incurred by the Revlon Defendants in defending against Plaintiffs' Master Complaint; and

c) An award to the Revlon Defendants of all other and further relief that this Court deems just and proper.

By seeking the aforementioned relief, the Revlon Defendants do not waive and are not waiving any form of relief available before the bankruptcy court in the event the Revlon Defendants move that court for relief related to Plaintiffs blatant violation of the Plan and the injunctions therein.

Dated: January 12, 2024                    Respectfully submitted,

                                           */s/ Randall S. Luskey*
                                           Robert A. Atkins
                                           Daniel H. Levi
                                           Shimeng (Simona) Xu
                                           PAUL, WEISS, RIFKIND, WHARTON &
                                           GARRISON LLP
                                           1285 Avenue of the Americas
                                           New York, NY 10019
                                           (212) 373-3000
                                           ratkins@paulweiss.com
                                           dlevi@paulweiss.com
                                           sxu@paulweiss.com

                                           Randall S. Luskey
                                           PAUL, WEISS, RIFKIND, WHARTON &
                                           GARRISON LLP
                                           535 Mission Street, 24th Floor
                                           San Francisco, California 94105
                                           (628) 432-5112
                                           rluskey@paulweiss.com

                                           David E. Cole
                                           PAUL, WEISS, RIFKIND, WHARTON &
                                           GARRISON LLP
                                           2001 K Street, NW
                                           Washington, DC 20006
                                           (202) 223-7348
                                           dcole@paulweiss.com

                                           *Counsel for Defendants Revlon, Inc., Revlon*
                                           *Consumer Products Corporation, and Revlon*
                                           *Group Holdings LLC*