**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**JOINT STATUS REPORT FOR
JANUARY 25, 2024 CASE MANAGEMENT CONFERENCE**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint status report in advance of the status conference scheduled for January 25, 2024.

1. *Plaintiff Fact Sheets:* The parties submitted a proposed Plaintiff Fact Sheet and implementing order on November 14, 2023. At the Case Management Conference ("CMC") on November 17, 2023, the parties jointly provided an explanation of the proposed implementing order and deficiency resolution process. After allowing time for resolution of technical issues with Brown Greer, the third-party vendor managing the Plaintiff Fact Sheet process, the Court entered Case Management Order No. 9 on December 19, 2023. *See* ECF No. 343. The first set of Plaintiff Fact Sheets are due on February 2, 2024.

2. *Science Day:* As requested by the Court at the November 17, 2023 CMC and memorialized in the minute order issued by the Court immediately following the conference (*See* ECF No. 301), the parties filed competing submissions setting forth their respective positions regarding Science Day, scheduling, and the scope of issues to be discussed during Science Day. *See* ECF No. 312 for Plaintiffs' Position Statement, and ECF No. 313 for Defendants' Joint Submission. The Parties will be prepared to discuss Science Day further at the January 25 conference.

3. *Bellwether Process:* The parties have engaged in multiple meet and confer conferences since the November 17, 2023 CMC in an attempt to submit a joint proposed bellwether scheduling order. Unfortunately, the parties were not able to agree on all issues and submitted separate proposals and briefs on January 16, 2024. *See* ECF No. 396 for Plaintiffs' Proposed Pretrial Order for Bellwether Protocol and ECF No. 395 for Defendants' Joint Submission Regarding Bellwether Selection. The Parties will be prepared to discuss the bellwether selection process further at the January 25 conference.

4. *Consolidated Class Action Complaint:* As requested by the Court during the November 17, 2023 CMC and memorialized in the minute order issued by the Court immediately following the conference (*see* ECF No. 301), Defendants filed a proposed briefing schedule (*see* ECF No. 307), which was adopted by the Court in the Minute Order dated December

1

1, 2023 (*see* ECF No. 308). Defendants are to file their Joint Motion to Dismiss the Consolidated Class Action Complaint and Joint Motion to Strike Class Allegations and Request for Punitive Damages by February 5, 2024. Plaintiffs' Opposition to the Motion to Dismiss and Opposition to the Motion to Strike are due on March 11, 2024, and Defendants' Reply in Support of the Motion to Dismiss and Reply to in Support of the Motion to Strike is due on April 8, 2024.

5. ***Plaintiff Steering Committee's Proposed Case Management Order Re Common Benefit Fund:*** As requested by the Court's Minute Order dated December 11, 2023 (*See* ECF No. 326), the PLC filed their position statement on December 22, 2024. Keller Postman filed their objections on January 12, 2024 (*See* ECF No. 377). The PLC intends to file their reply on January 24, 2024.

6. ***General Discovery Report:***

    a. ***Initial Document Production***: Pursuant to the Court's Minute Order dated December 27, 2023 (*See* ECF No. 301), each Defendant is to finalize its productions in response to Plaintiffs' First Request for Production of Documents and to serve final verified responses to Plaintiffs' First Set of Interrogatories by February 29, 2024.

    b. ***Plaintiffs' Recent Discovery Demands***:

        i. ***Defendants' Position***:

            On or about December 1, 2023, the PSC served most of the defendants with approximately six (6) new sets of interrogatories, totaling approximately 199 interrogatories, including subparts, and six (6) new sets of document requests that include 73 separately numbered requests, totaling 114 requests including subparts. Responses to these requests would have been due on or about January 2, 2024. Defendants, anticipating that the holidays would make meeting that deadline challenging, requested and received an extension of 21 days to respond. A more thorough review of the second set of discovery requests reveals them to be unduly burdensome and unreasonably numerous, particularly given the broad scope of the first set of written discovery requests to which the defendants have already provided responses, discovery that consisted of approximately 109 total interrogatories, including subparts. Requiring responses to all of the interrogatories is not reasonable.

            Defendants offered to meet and confer to discuss an appropriate number of interrogatories to which the defendants can respond in lieu of objecting and/or seeking Court intervention. The parties met and conferred on January 17 and 18, 2024. Defendants asked Plaintiffs to consider reasonable limits to the number of interrogatories and make an effort to focus discovery. Plaintiffs indicated they would not accept any limits on the number of

interrogatories and declared an impasse to the meet and confer efforts. Defendants prefer to set a briefing scheduling for the parties, with the Court's approval, at the January 25, 2024 Conference.

ii. *PSC Position*:

On December 1, 2023, Plaintiffs served additional discovery requests on each of the Defendants, as was repeatedly identified as the course of written discovery. (*See* Aug. 26, 2023 Tr. at 15:19-23, 28:18-20; Oct. 5, 2023 Tr. 21:17-25.) Those discovery requests were broken into six sets; each of which addresses a specific topic which is identified in the document.

| Topic | RFP Set # | # of Requests | Rog. Set # | # of Rogs. |
|---|---|---|---|---|
| Agreements / Manufacturing | Second | 9 | Third | 6 |
| Communications / Hair Relaxer-Related Litigation | Third | 10 | Fourth | 3 |
| Marketing | Fourth | 19 | Fifth | 9 |
| Product Design, Development Studies & Testing | Fifth | 19 | Sixth | 14 |
| Regulatory, Post-Market Surveillance | Sixth | 9 | Seven | 15 |
| Sales | Seventh | 9 | Eighth | 5 |
|  |  |  |  |  |
| Total[1] |  | 75 |  | 52 |

In December 2023, defendants all requested additional time to respond. The PSC provided 21-day extensions to all Defendants, with the agreement that the responses to the discovery would be due on January 23, 2024. On January 12, 2024, for the first time ever, Defendants purported to have completed a "more thorough review of the second set of discovery requests [sic]" and claimed that the 52 interrogatory requests are excessive and burdensome.

On January 17, 2023, the parties conducted their first meet and confer on this topic. The parties were unable to come to an agreement concerning purported limitations on discovery. Plaintiffs will be prepared to submit a letter brief to the Court on this issue no later than January 22, 2023.

---

[1] This chart does not apply to L'Oréal USA, which was served additional requests: 148 Requests for Production and 62 Interrogatories in total in the sets of discovery referenced in this chart, exclusive of the earlier discovery referred to herein. However, the core discovery in these sets are the same.

3

c. *ESI:* On November 17, 2023, the Court referred ESI discovery and related disputes to Magistrate Judge Finnegan. ECF No. 301. Magistrate Judge Finnegan has scheduled an initial video conference with the Parties for January 25 at 11:00am CT. The parties have submitted a Joint Status Report to Magistrate Judge Finnegan in advance of that conference, a copy of which is attached to this Report as Exhibit A.

d. *Defendant Discovery Status*:

**Global Issues**: The Plaintiffs have identified three issues that are currently applicable to multiple defendants: (1) incomplete responses to Plaintiffs' First Set of Interrogatories, Interrogatory 6; (2) failure of certain Defendants to identify, by Bates number, which documents are responsive to which requests; and (3) failure to conduct an adequate search for responsive documents. Plaintiffs are in the process of concluding meet and confers with each of the Defendants on these issues by January 19, 2024. If these issues are not fully resolved through that process, the Plaintiffs intend to submit a letter brief to the Court no later than January 22, 2024 addressing these matters in more detail.

**Revlon:**

The parties continue to meet and confer on outstanding discovery issues, the PSC provides the following update.

Initial Set of Interrogatories: The PSC served their initial sets of interrogatories to Revlon on July 10, 2023. In accordance with the Court's Minute Order dated July 14, 2023 (*see* ECF No. 161), Revlon provided initial responses to the Product Identification interrogatories (Interrogatory Nos. 2 and 3) on July 18, 2023 and provided verified responses on July 21, 2023. Revlon provided responses to the remaining interrogatories on September 20, 2023. Revlon has since amended its Responses to Interrogatories 1, 4, and 5-11 on December 6, 2023.

Second Set of Interrogatories: Pursuant to the Court's Minute Order dated October 2, 2023, (*See* ECF No. 258), the PSC served interrogatories related to ESI on October 5, 2023. Revlon provided its responses on October 19, 2023. The parties have met and conferred twice regarding the sufficiency of Revlon's responses to the ESI Interrogatories. Revlon has stated that they will provide amended responses early next week.

Initial Set of Document Requests: The PSC served their initial sets of Requests for Production of Documents to Revlon on July 10, 2023. In response, Revlon, began producing documents beginning on September 20, 2023.

Revlon indicated at January 12, 2024 meet and confer that their rolling production was ongoing and that they intended to provide documents until the Court's February 29, 2024 deadline.

Document Production: Revlon has produced 469 documents, of which 182 documents appear to be responsive to Request 1 (organizational charts); 16 documents are responsive to Request 6 (labels); 24 documents are responsive to Request 10 (Revlon studies); one document is responsive to Request 13 (retention policy); and 32 documents are responsive to Request 15 (patents).Revlon indicated in a filing its belief that it has substantially completed its production of hard copy documents but is working with the PSC on electronic document production that is still on-going. Revlon has informed us that they will continue rolling productions up until the Court's February

29, 2024 deadline. Revlon indicated that it would make a production before the end of January. According to the PSC:

The PSC sent to Revlon on November 7, 2023, a list of potential ESI custodians from whom they would like to collect files. Revlon is currently considering the proposal and intend to meet and confer on it. Revlon indicated during the January 12, 2024 meet and confer that they will let Plaintiffs know next week which custodians that they are agreed upon.

Rule 30(b)(6) Depositions:

Corporate Organization: Deposition of Laurie Sammon was taken on October 31, 2023. Outstanding issues from that deposition include the roles and functions of individuals who work with hair relaxer products. Revlon indicated that they would consider providing that information.

Product ID: Deposition has been suspended pending production of sufficient product identification materials. Production is ongoing through February 29, 2024. Plaintiffs will evaluate after that date whether this deposition needs to go forward.

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

**L'Oréal USA:**

Initial Set of Interrogatories: The PSC served their initial set of interrogatories to L'Oréal USA, Inc., L'Oréal USA Products, Inc., and Softsheen Carson, LLC (collectively "L'Oréal USA") on June 27, 2023. In accordance with the Court's Minute Order dated July 14, 2023 (*See* ECF No. 161), L'Oréal USA provided initial responses to the Product Identification interrogatories (Interrogatory Nos. 2 and 3) on July 18, 2023, then verified responses on July 21, 2023. L'Oréal USA provided responses to the remaining interrogatories on August 21, 2023 and amended responses on September 11, 2023. It is Plaintiffs' understanding that L'Oréal USA intends to further amend these responses.

Second Set of Interrogatories: The PSC served additional interrogatories related to ESI on September 15, 2023. L'Oréal USA provided their response on October 19, 2023. The PSC is still assessing these responses.

Initial Set of Document Requests: The PSC served their initial set of Requests for Production of Documents to L'Oréal USA on June 27, 2023. L'Oréal USA provided responses on August 21, 2023 and has started producing responsive documents.

Document Production: L'Oréal USA represents that it has substantially completed its production of documents responsive to Plaintiffs' First Set of Requests for Production of Documents and First and Second Sets of Interrogatories. This production, which consists of 1,005 documents totaling 13,682 pages, includes, but is not limited to, product labels, instructions for use, formulas, patents, testing and education materials for both Hair Relaxers as well as component products sold in retail kits with a Hair Relaxer product, or required by the label of a professional Hair Relaxer product. L'Oréal USA also has produced standard operating procedures, protocols, guidelines, network map, organizational charts, insurance policies and document retention policies. Plaintiffs have identified missing information in production including, but not limited to certain labels, instructions for use, ingredients and lab notebooks. Although L'Oréal USA is conducting a search

for lab notebooks with the intent to produce, it asserts that Plaintiffs must contend what specific labels and instructions for use are missing. Plaintiffs disagree and request L'Oréal USA review and produce all responsive information to outstanding discovery  L'Oréal USA has identified approximately 200 boxes of hard copy documents and are reviewing for responsive production. L'Oréal USA will be serving supplemental responses to interrogatories to identify the bates numbers for the documents that are responsive to Plaintiffs' interrogatories. Further, Plaintiffs are waiting for the documents from L'Oréal S.A. to be produced.

Rule 30(b)(6) Depositions:

Corporate Organization: Deposition of Anne Garrison was taken on September 13, 2023. A follow-up deposition of Kent Weiss was taken on December 14, 2023.

Product ID: Deposition of Noah Yung-Hung was taken on September 12, 2023.

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

**Avlon Industries, Inc.:**

Initial Set of Interrogatories:  The PSC served their initial set of interrogatories to Avlon Industries, Inc. on June 27, 2023.  In accordance with the Court's Minute Order dated July 14, 2023 (*See* ECF No. 161), Avlon Industries, Inc provided initial responses to the Product Identification interrogatories (Interrogatory Nos. 2 and 3) on July 18, 2023, then verified responses on July 21, 2023. Avlon Industries, Inc. provided responses to the remaining interrogatories on August 21, 2023. Avlon Industries, Inc., provided supplemental responses to Interrogatories Nos. 4-11 on September 26, 2023. Avlon Industries, Inc. provided its second supplemental responses to the Interrogatories on November 13, 2023. Avlon Industries, Inc. provided its third supplemental responses to the Interrogatories on December 15, 2023.

Second Set of Interrogatories: Pursuant to the Court's Minute Order dated October 2, 2023, (*See* ECF No. 258), the PSC served interrogatories related to ESI on October 5, 2023. Avlon provided their response on October 19, 2023.  Plaintiff has identified some deficiencies as it relates to Avlon's responses to these ESI Interrogatories.  Plaintiff anticipates those deficiencies will be addressed with the magistrate at the appropriate time.

Initial Set of Document Requests:  The PSC served their initial set of Requests for Production of Documents to Avlon Industries, Inc. on June 27, 2023. Avlon Industries, Inc. produced documents in response beginning on August 21, 2023. Avlon Industries, Inc. provided its second supplemental responses to the Requests for Production on November 13, 2023.  At that time, Avlon also indicated that its production was substantially complete.

Despite that representation, Avlon Industries, Inc. provided its third supplemental responses to the Request for Production on December 15, 2023. Plaintiff has identified certain materials that are still missing from Defendant's production, such as two product labels and an ingredient list for one of the products.  Avlon states that it will supplement its production but has not yet done so.

Of note, to date, Avlon's productions have been made based on the document source(s) it has reviewed and located to date.  However, Avlon has not yet reviewed/categorized/produced approximately 294 banker's boxes of materials and therefore has not produced responsive

6

materials that may appear in those banker's boxes. Avlon also has not reviewed custodial files nor has it produced lab books that were discovered, as described in more detail below.

Avlon reports to Plaintiff that it continues to search for historic testing and research information on its hair relaxers in both paper and electronic format and expects to produce more responsive material once its 294 boxes of uncategorized documents are scanned and search terms are agreed upon by the parties. Avlon indicated that it will complete its review of these two document sources in response to the first set of discovery by April 2024. In addition, Avlon located but has not produced 220 lab books that are not digitized and include information for Avlon products both at issue and not at issue in this litigation. Avlon has indicated that it will produce responsive information once the lab books are digitized, and the parties have reached agreement on search terms.

Document Production: To date, Avlon Industries Inc. has produced 286 documents, totaling 4,896 pages. The meet and confer process is on-going.

Rule 30(b)(6) Depositions:

Corporate Organization: Deposition scheduled for January 24, 2024 – will be rescheduled.

On January 16, 2024, Avlon notified Plaintiffs that it would not be able to produce witnesses and requested information for the corporate structure deposition and the product identification deposition scheduled for January 23, 2024, and January 24, 2024, on account of a pipe bursting at its offices and facilities. The employees involved in collecting and preparing for those depositions are trying to resolve the damage caused by the burst pipe at its offices and facilities. The depositions are going to be rescheduled.

Product ID: Deposition scheduled for January 23, 2024 – will be rescheduled. See explanation immediately above.

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

**Beauty Bell Enterprises and House of Cheatham, LLC:**

Initial Set of Interrogatories: The PSC served their initial set of interrogatories to Beauty Bell Enterprises and House of Cheatham, LLC on June 27, 2023. In accordance with the Court's Minute Order dated July 14, 2023 (*See* ECF No. 161), Beauty Bell Enterprises and House of Cheatham, LLC provided initial responses to the Product Identification interrogatories (Interrogatory Nos. 2 and 3) on July 18, 2023, then verified responses on July 21, 2023. Beauty Bell Enterprises and House of Cheatham, LLC provided responses to the remaining interrogatories on August 21, 2023.

House of Cheatham, LLC also submitted amended responses to the initial interrogatories, including the Product Identification interrogatories, on October 17, 2023.

Second Set of Interrogatories: Pursuant to the Court's Minute Order dated October 2, 2023, (*See* ECF No. 258), the PSC served interrogatories related to ESI on October 4, 2023. Beauty Bell Enterprises and House of Cheatham, LLC provided their response on October 19, 2023. The PSC is still assessing these responses.

Initial Set of Document Requests: The PSC served their initial set of Requests for Production of Documents to Bell Beauty Enterprises and House of Cheatham, Inc on June 26, 2023. Beauty Bell Enterprises and House of Cheatham, LLC responded to these requests and began producing documents on August 21, 2023. House of Cheatham, LLC also submitted amended responses on October 17, 2023.

Document Production: To date, Beauty Bell Enterprises has not produced any documents because it has no responsive documents in its possession. House of Cheatham, LLC has produced approximately 18,445 documents totaling 60,112 pages. The meet and confer process is on-going with the PSC seeking detail from House of Cheatham, LLC as to which documents are responsive to which Requests.

On November 8, 2023, the PSC sent to Bell Beauty Enterprises and House of Cheatham, LLC, a list of potential ESI custodians from whom they would like to collect files. The parties briefly discussed the list on November 14, 2023.

Rule 30(b)(6) Depositions:

Corporate Organization: Depositions of Pete Stanca and Pankaj Talwar were taken on October 18, 2023.

Product ID: N/A

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

**Namasté Laboratories LLC:**

Initial Set of Interrogatories: The PSC served their initial set of interrogatories to Namasté Laboratories LLC on June 27, 2023. In accordance with the Court's Minute Order dated July 14, 2023 (*see* ECF No. 161), Namasté Laboratories LLC provided initial responses to the Product Identification interrogatories (Interrogatory Nos. 2 and 3) on July 18, 2023 and provided verified responses on July 21, 2023. Namasté Laboratories LLC provided responses to the remaining interrogatories on August 21, 2023.

Second Set of Interrogatories: Pursuant to the Court's Minute Order dated October 2, 2023, (*see* ECF No. 258), the PSC served interrogatories relating to ESI on October 5, 2023. Namasté Laboratories LLC has provided responses, which the PSC is still reviewing and assessing.

Initial Set of Document Requests: The PSC served their initial set of Requests for Production of Documents to Namasté Laboratories LLC on June 27, 2023. Namasté provided its responses on August 21, 2023 and has begun collecting and producing responsive documents.

Eighth Set of Document Requests: Because Namasté took the position that it would not produce any custodial file documents (or negotiate the production of those files) without the PSC first serving a formal request for specific custodial records, the PSC propounded its Eighth Set of Document Requests for certain custodial files. Namasté's response is due January 18, 2024. Plaintiffs' Eighth Request for Production seeks, without limitation, the "complete custodial files" of fifty-one (51) individuals as well as "[a]ll Namasté Laboratories File Servers and Sharepoints."

Namasté will file a written response on January 18, 2024 but anticipates that the parties will need to engage in meet and confer efforts in response to these requests.

Document Production: As of November 13, Namasté had produced 743 documents totaling 9,396 pages. While Namasté anticipates producing additional documents, and is reviewing documents for privilege and responsiveness, documents have not been produced since mid-November. Before the Court granted an extension to February 29, 2024, for all defendants to produce documents responsive to Plaintiffs' Initial Set of Document Requests, Namasté represented that the majority (75%) of its production in response to the Initial Set would be completed in advance of the January 25 conference. Namasté continues to work toward that target and, in any event, will produce all documents in response to Plaintiffs' Initial Set of Document Requests on or before the Court's February 29, 2024 deadline.

Rule 30(b)(6) Depositions

Corporate Organization: Deposition taken on November 15, 2023

Product ID: N/A

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

**Strength of Nature LLC:**

Initial Set of Interrogatories: The PSC served their initial set of interrogatories to Strength of Nature LLC on June 27, 2023. In accordance with the Court's Minute Order dated July 14, 2023 (*See* ECF No. 161), Strength of Nature LLC provided initial responses to the Product Identification interrogatories (Interrogatory Nos. 2 and 3) on July 18, 2023, then verified responses on July 21, 2023. Amended Verified responses were served on August 14, 2023. Strength of Nature LLC provided responses to the remaining interrogatories on August 21, 2023.

Second Set of Interrogatories: Pursuant to the Court's Minute Order dated October 2, 2023, (*See* ECF No. 258), the PSC served interrogatories relating to ESI on October 5, 2023. Strength of Nature LLC provided its responses on November 2, 2023 and the Plaintiffs have formally withdrawn those notices and ESI Interrogatories.

Initial Set of Document Requests: The PSC served its initial set of Requests for Production of Documents to Strength of Nature LLC on June 27, 2023. Strength of Nature LLC responded to the Requests on August 21, 2023.

Document Production: Strength of Nature LLC has produced 374 documents, totaling approximately 9,337 pages, as of November 13, 2023, and, has substantially completed its production of documents responsive to Plaintiffs' First Set of Requests for the Production of Documents ("RFPs") and First Set of Interrogatories ("Interrogatories"). As to the Interrogatories, Strength of Nature has identified additional documents relating to testing of Hair Relaxer Products that exist only in paper form, including laboratory notebooks, which are not digitized. Strength of Nature has produced examples of these non-digitized laboratory documents to Plaintiffs and the parties have agreed to meet and confer as to the best method of production of these documents. Regarding the RFPs, Strength of Nature is continuing to search for documents responsive to the 21 separate categories of Standard Operating Procedures ("SOPs") enumerated in Plaintiffs'

Request. Strength of Nature has produced responsive SOPs and will continue to produce any additional responsive SOPs upon discovery of same.

Rule 30(b)(6) Depositions:

Corporate Organization: Plaintiffs have withdrawn their deposition notice.

Product ID: Plaintiffs have withdrawn their deposition notice.

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

**Luster Products, Inc.:**

Initial Set of Interrogatories: The PSC served their initial set of interrogatories to Luster Products, Inc. on September 28, 2023. Luster Products, Inc. provided their responses on October 30, 2023. Following a meet and confer on December 14, 2024, the PSC agreed to give Luster Products, Inc. until January 8, 2024 to supplement their responses, however, they have not produced supplemental responses to date. The PSC is unable to conduct a meaningful meet and confer until Luster Products, Inc. provides basic information.

Second Set of Interrogatories: Pursuant to the Court's Minute Order dated October 2, 2023 (*See* ECF No. 258), the PSC served interrogatories relating to ESI on October 4, 2023. Luster Products, Inc provided their responses on November 6, 2023. Following a meet and confer on December 14, 2024, the PSC agreed to give Luster Products, Inc. until January 8, 2024. Over the PSC's objection, Luster unilaterally extended the deadline to January 15, 2024. Luster provided supplemental responses on January 17, 2024.

Initial Set of Document Request. The PSC served their initial set of Requests for Production of Documents to Luster on September 28, 2023. Following a meet and confer on December 14, 2024, Luster Products, Inc. had received an extension to respond until to respond until January 8, 2024. Luster requested an extension until January 15, 2024, however, the PSC did not agree to the requested extension. Nevertheless, Luster served their supplemental responses on January 12, 2024. The PSC is still assessing these responses; however, a brief review of the additional 1,393 pages of documents received reveals that these responses remain deficient and a further meet and confer will be required. To date, Luster Products, Inc. has only served a total of 1,510 pages of documents in response to the PSC's initial set of Requests for Production.

Rule 30(b)(6) Depositions:

Corporate Organization: To be scheduled.

Product ID: To be scheduled.

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

**Sally Beauty Supply LLC:**

Initial Set of Interrogatories: The PSC served their initial set of interrogatories to Sally Beauty Supply LLC on August 13, 2023. Sally Beauty Supply LLC provided their responses on September 22, 2023 and supplemental responses on January 2, 2024.

Second Set of Interrogatories: The PSC served additional interrogatories related to ESI on October 5, 2023. Sally Beauty Supply LLC produced its Network Map on November 3, 2023 and sent a letter in lieu of answers on November 8, 2023, which was not responsive to the full set of interrogatories. The parties subsequently had a meet and confer on November 10, 2023, and at which time Sally Beauty said it would provide answers in accordance with the Court's scheduling orders. Sally Beauty supplemented its responses on January 18, 2024..

Initial Set of Document Request. The PSC served their initial set of Requests for Production of Documents to Sally Beauty LLC on August 13, 2023. Sally Beauty provided their responses on September 22, 2023.

Document Production: To date, Sally Beauty Supply LLC has produced 1,401 documents, totaling 5,625 pages. These productions are responsive to plaintiffs' First Set of Requests for Production and Interrogatories served on Sally Beauty Supply LLC and include, but are not limited to Hair Relaxer product studies, communications with regulatory agencies, Hair Relaxer product artwork and instructions, Hair Relaxer material data sheets, Hair Relaxer product safety worksheets, a Network Map and Sally Beauty Supply LLC's policies and procedures. Per the agreement of the parties, Sally Beauty agreed to substantially complete its rolling production of documents by December 15, 2023 and complied with this deadline.

Rule 30(b)(6) Depositions:

Corporate Organization: The parties are evaluating the need for this deposition pending review of ongoing document production made by Sally Beauty.

Product ID: N/A

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date. The PSC is assessing the responses and productions, and the meet and confer process is on-going.

**McBride Research Laboratories, Inc.:**

Initial Set of Interrogatories: The PSC served their initial set of interrogatories to McBride Research Laboratories, Inc. on October 5, 2023. McBride Research Laboratories, Inc. served its responses to the PSC's initial set of interrogatories on December 14, 2023.

Second Set of Interrogatories: The PSC served additional interrogatories relating to ESI on October 5, 2023. McBride Research Laboratories, Inc. served its responses to the PSC's second set of interrogatories on December 14, 2023.

Initial Set of Document Request: The PSC served their initial set of Requests for Production of Documents to McBride Research Laboratories, Inc. on October 5, 2023. McBride Research Laboratories, Inc. served its responses to the PSC's initial set of Requests for Production of Documents on December 14, 2023.

<u>Document Production</u>: McBride Research Laboratories, Inc. served its first production of documents to the PSC on December 14, 2023.

<u>Rule 30(b)(6) Depositions</u>

Corporate Organization: To be scheduled.

Product ID: To be scheduled.

ESI: At the status hearing held on October 2, 2023, the Court noted that no 30(b)(6) deposition will be taken until the written discovery is complete and the Court will address the issue if needed at a later date.

|  |  |
|---|---|
| Dated: January 18, 2024 | Respectfully submitted, |
|  | */s/ Edward A. Wallace* <br> Edward A. Wallace <br> **WALLACE MILLER** <br> 150 N. Wacker Dr., Suite 1100 <br> Chicago, Illinois 60606 <br> Tel.: 312-261-6193 <br> Email: eaw@wallacemiller.com |
|  | *Plaintiffs' Liaison Counsel* |
|  | Diandra "Fu" Debrosse Zimmermann <br> **DICELLO LEVITT LLC** <br> 505 20th Street North - Suite 1500 <br> Birmingham, Alabama 35203 <br> Tel.: 312-214-7900 <br> Email: fu@dicellolevitt.com |
|  | *Plaintiffs' Co-Lead Counsel* |
|  | Fidelma L. Fitzpatrick <br> **MOTLEY RICE LLC** <br> 40 Westminster Street, Fifth Floor <br> Providence, Rhode Island 02903 <br> Tel.: 401-457-7700 <br> Email: ffitzpatrick@motleyrice.com |
|  | *Plaintiffs' Co-Lead Counsel* |
|  | Michael A. London <br> **DOUGLAS & LONDON, P.C.** <br> 59 Maiden Lane, Sixth Floor <br> New York, New York 10038 <br> Tel.:212-566-7500 <br> Email: mlondon@douglasandlondon.com |

12

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email:ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

Mark C. Goodman
Baker & McKenzie LLP
Two Embarcadero Center, 11th floor
San Francisco, CA 94111
Tel: (415) 576-3080
Fax: (415) 576-3099
Email: mark.goodman@bakermckenzie.com

*Defendants' Liaison Counsel*

Dennis S. Ellis
Katherine F. Murray
Nicholas J. Begakis
Ellis George Cipollone O'Brien Annaguey LLP
2121 Avenue of the Stars, Suite 3000
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com
nbegakis@egcfirm.com

Jonathan Blakley (6308603)
Gordon Rees Scully Mansukhani LLP
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos (68465)
Gordon Rees Scully Mansukhani LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500

F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., SoftSheen-Carson LLC and SoftSheen-Carson (W.I.), Inc.*

Michael F. LeFevour
Kirkland & Ellis, LLP
300 N. LaSalle
Chicago, IL 60654
T: (312) 862-2425
Michael.lefevour@kirkland.com

*Counsel for Defendant Namasté Laboratories, LLC*

Lori B. Leskin
Arnold & Porter Kaye Scholer, LLP
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com

Rhonda R. Trotter
Arnold & Porter Kaye Scholer, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
Rhonda.Trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; Godrej SON Holdings Inc.*

R. Trent Taylor
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182/F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
McGuireWoods LLP
77 West Wacker Drive

Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100/F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan (6206202)
Kevin A. Titus (6217520)
Bryan E. Curry (6255803)
Litchfield Cavo LLP
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Beauty Bell Enterprises, LLC*
*f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Wiedner & McAuliffe, Ltd.
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
312.855.1105
rjleamy@wmlaw.com
kaschank@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*