UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXING MARKETING SALES PRACTICES AND PRODUCTS LIABILTIY LITIGATION | MDL No. 3060<br><br>Master Docket No. 1:23-cv-00818<br><br>Hon. Mary M. Rowland |

**DEFENDANTS' JOINT SUBMISSION REGARDING
HANDLING OF DISCOVERY DISPUTES AND, ALTERNATIVELY,
REQUEST FOR REFERRAL TO MAGISTRATE**

Defendants jointly submit this memorandum regarding the handling of Plaintiffs' unauthorized, serial filings addressing alleged discovery disputes, including those mentioned in the January 18, 2024 Joint Status Report (ECF No. 400) ("JSR"). Defendants ask the Court to set a reasonable briefing schedule for resolution of the discovery disputes described below and issue an order governing the discovery dispute process moving forward.

**I.        PRELIMINARY STATEMENT**

Plaintiffs' last minute filings regarding supposed discovery disputes and their demonstrated tactic of raising discovery disputes without notice at the eleventh hour necessitate the Court's intervention to establish an equitable framework that allows the parties to reasonably present their positions and the Court to have the information it needs to rule on such disputes. To this end, Defendants respectfully request that the Court: (1) issue a briefing schedule setting forth a reasonable timeline for the parties to brief the current discovery disputes (including the number of interrogatories the plaintiffs should be permitted to serve, and the three newly alleged disputes raised, in most cases, for the first time in the JSR); and (2) enter an order governing the resolution of discovery disputes when the parties are unable to resolve disputes without Court

intervention or referring discovery disputes to the Magistrate, if the Court so desires.

Defendants make these requests in the hopes that it puts an end to Plaintiffs' serial discovery briefing — which seems to be happening mere days before each case management conference — seeking global resolution of issues that have not been raised with individual defendants and that is invariably submitted on a schedule that prevents Defendants from properly responding. Plaintiffs' unilateral submission of briefs on these issues — under the guise of seeking "informal resolution" — is not fair or proper. These are not true attempts to resolve matters informally; they are motions to compel filed on inadequate notice and in violation of Local Rules *(see* N.D. Ill. L.R. 37.2 (requiring certification of formal meet and confer prior to moving to compel).

Early in the discovery process in this MDL, Plaintiffs assigned a discovery liaison for each defendant and served deposition notices, requests for production and interrogatories on each defendant. As Plaintiffs have explained to the Court, their intention with respect to this first wave of discovery was to "understand how each of these defendants are similar, but also, equally important, how each of them are different." (ECF No. 151, July 10, 2023 Tr. at 53:11-14.) Plaintiffs represented:

> Based on the responses that we get to that discovery . . . what we intend to do is take a look at it for each individual defendant and then craft discovery that is relevant to each individual defendant. They are not all the same. They're not all – they're not all organized the same. They don't all do the same thing. They're not all as big or as small or anything. And so what we believed is by getting this foundational discovery, it would allow us to go forth and actually have enough information to make reasonable determinations about what we can and should be doing against each defendant family separately so we could go in with something that was thoughtful as opposed to just a whole bunch of discovery and let's see what we will get.

*Id*. at 53:15-54:5. Since that time, each defendant has been negotiating directly with its assigned plaintiff discovery liaison, focusing on its unique circumstances. Accordingly, Defendants are

situated differently in terms of the scope and process of discovery, how objections are being handled, and indeed, what objections are being raised and why. Simply put, this is not a one size fits all litigation, and discovery is no exception. Plaintiffs' past and anticipated tactics, however, contradict this reality and they seek sweeping pronouncements against "all" defendants, ignoring the status of individual responses, negotiations or issues.

There is ample evidence that Plaintiffs' last minute filing of discovery briefing is becoming a pattern that needs to be curtailed. ***Five days*** prior to the October 2, 2023 Discovery Conference, Plaintiffs submitted an 18 page "Letter Brief re Discovery Disputes." The first ten pages of the brief referred generally to "Defendants' improper objections," and "Defendants'" improper discovery tactics. The last-minute brief then addressed certain purported defendant-specific issues. The brief was accompanied by exhibits that were too voluminous to send by email. While Defendants were afforded an opportunity to file a simultaneous brief, given the simultaneous filings and Plaintiffs' refusal to be transparent in the meet and confer process, there was no meaningful back and forth regarding the issues. The result was the Court having to spend a large amount of time addressing discovery issues during the conference, which did not afford Defendants a full and fair opportunity to be heard on the issues.

The following month, ***two days*** prior to the November 17, 2023 Case Management Conference, Plaintiffs submitted an eight page (single spaced) "Letter Brief Regarding Key Discovery Disputes." (ECF No. 299-1.) This brief was not authorized by the Court and was served while many of Defendants' counsel were traveling to Chicago for the hearing. Like the prior brief, the letter referred generally to alleged misdeeds committed by "multiple defendants." (*Id.* at 1.) Although the issues raised were based on disputes discussed only with a handful of individual defendants, Plaintiffs' relief sought to impose obligations on ***all*** Defendants. As a

result of this unauthorized filing, Defendants were required to respond at the hearing and the Court permitted Defendants to brief one of the issues raised in Plaintiffs' brief.

During final preparation of the most recent JSR, which was filed on January 18, 2024, Plaintiffs announced their intention to file additional discovery missives in advance of the January 25 Case Management Conference, which is just three business days away. There are several reasons such briefing is improper.

First, the parties only reached an impasse on January 18, 2024 regarding the appropriate number of additional interrogatories to be propounded on Defendants, when Plaintiffs suddenly declared they would not agree to any limitations, rejected outright the idea of a joint briefing schedule to propose to the Court, and stated that they planned to file a brief on January 22 to be addressed on January 25. This was a surprise to Defendants, given that on January 17, the parties discussed meeting again the week of January 22 to agree on a process for raising this with the Court if an impasse were reached. Plaintiffs apparently intend to brief the issue this week, leaving Defendants no time to meaningfully respond. Thus, Defendants respectfully ask the Court to order a briefing schedule on a prompt, but reasonable, timeline.

Second, calling them "Global Issues" in the JSR, Plaintiffs claim that they have identified three issues applicable to "multiple defendants" and "are in the process of concluding meet and confers with each of the Defendants on these issues by January 19, 2024. If these issues are not fully resolved through that process, the Plaintiffs intend to submit a letter brief to the Court no later than January 22, 2024 (***three days*** before the hearing) addressing these matters in more detail." (JSR, ECF No. 400 at p. 4, Section 6(d).) Defendants are not aware of the substance of the threatened letter brief other than from the JSR, which was the first time Defendants learned of such purported "global issues." Not every individual defendant has been told of any specific

issues expected to be raised in this letter brief concerning them but a few defendants were informed just a day or two ago (on January 18 or 19) that Plaintiffs intended to raise in briefing and at the Case Management Conference certain purported deficiencies in document productions and discovery responses by some individual defendants that have supposedly existed for months. Plaintiffs apparently expect the Court to address these issues in response to sweeping pronouncements about docket-wide discovery deficiencies without full briefing. Indeed, based on experience, Defendants anticipate that the letter brief will raise myriad issues allegedly applicable to "multiple defendants" even though not every defendant has been involved.[1] Requiring Defendants to address discovery accusations at the eleventh hour without an adequate opportunity to understand and discuss the issues with Plaintiffs prior to briefing and without the opportunity to respond in writing on a reasonable timetable is unfair. It should not be permitted in these proceedings. Each defendant is uniquely situated, at a minimum, from a discovery perspective, and each defendant is entitled to notice and an opportunity to be heard regarding any issues specific to them. The JSR is not where Defendants should learn for the first time that Plaintiffs intend to unilaterally lodge discovery dispute briefs, and it certainly should not happen within a week of a Court conference.

To be clear, Defendants are not asking for a lengthy Federal Rules of Civil Procedure discovery motion process, but there needs to be some process in place to allow for notice and an opportunity to brief the issues. Plaintiffs' pattern of filing last minute discovery briefs before

---

[1] The only issue Defendants are certain will be included in the upcoming brief is the plaintiffs' refusal to agree to any limits on written discovery, a position that is squarely contradicted by the Manual for Complex Litigation. "Discovery control in complex litigation may take a variety of forms, including time limits, restrictions on scope and quantity, and sequencing." Manual for Complex Litigation, Fourth at § 11.422. "Presumptive limits should be set early in the litigation." *Id*. To be clear, Defendants want to brief this issue and ask the Court to issue a reasonable briefing schedule for the parties to do so.

scheduled status conferences serves only to ambush Defendants at these conferences in the hope of getting the Court to render an immediate judgment on complex issues, differing among the various defendants, without fulsome review, and then seek to impose that ruling against all Defendants regardless of their position. The Manual for Complex Litigation expresses a preference for informal resolution of discovery disputes, but notes that, if "informal procedures fail or are rejected, it helps to adopt procedures that minimize the activity needed to resolve the dispute. These procedures include restricting the length of motions, memoranda, and supporting materials, barring replies generally, and setting time limits for submission." Manual for Complex Litigation, Fourth at § 11.424. And, of course, principles of fairness and due process come into play. The process used for adjudication of discovery disputes must be fair to all parties.

Respectfully, the time has come for the Court to impose such requirements on the parties in this litigation, to prevent Plaintiffs from high-jacking the discovery motion process and wasting the resources of the parties and the Court. While there is substantial evidence to support a referral to the Magistrate at this time, Defendants are hopeful that an order from the Court establishing procedures for discovery disputes, including as requiring leave of Court and an agreed briefing schedule prior to raising any discovery dispute, will curb any further abuses. If such an order cannot solve the problem, a referral to the Magistrate may be needed to ensure fairness to all parties.

## II. THE COURT SHOULD ESTABLISH A PROTOCOL FOR RAISING DISCOVERY DISPUTES OR REFER ALL DISCOVERY DISPUTES TO THE MAGISTRATE.

### A. Entry Of A CMO Governing Discovery Disputes

Local Rule 37.2 precludes a party from bringing a discovery motion "unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts

Case: 1:23-cv-00818 Document #: 403 Filed: 01/22/24 Page 7 of 14 PageID #:6713

to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." N.D. Ill. L.R. 37.2.  If the parties have met and conferred, the motion must identify "the date, time and place of such conference, and the names of all parties participating therein." *Id.*  This local rule is consistent with the Manual for Complex Litigation.  Both authorities contemplate that the parties will work together to resolve their disputes; not that one party will raise issues with the MDL judge outside of motion practice, in an attempt to obtain relief on a less than full record while ignoring the substance of any discussions held during meet and confer, if any has occurred at all. *Cf. Morningware, Inc. v. Hearthware Home Prods., Inc.*, 2010 WL 3781254 (N.D. Ill. 2010) ("[F]from this point forward, the Court trusts that the parties will be able to work through their [Local Patent Rule] and discovery disputes, including making a good faith attempt to resolve their disputes ***before bringing them to the court's attention***") (emphasis added); s*ee also* Manual for Complex Litigation, Fourth at § 10.21  ("[Counsel] need to communicate constructively and civilly with one another and attempt to resolve disputes informally as often as possible.  Even where the stakes are high, counsel should avoid unnecessary contentiousness and limit the controversy to material issues genuinely in dispute").  Where such "informal procedures fail or are rejected, it helps to adopt procedures that minimize the activity needed to resolve the dispute.  These procedures include restricting the length of motions, memoranda, and supporting materials, barring replies generally, and setting time limits for submission." Manual for Complex Litigation, Fourth § 11.424.

      As this MDL progresses, discovery issues are likely to occur with greater frequency and many of them will be party-specific and fact-specific (e.g., anticipated issues related to Plaintiff Fact Sheet deficiencies, adequacy of document production by different defendants, etc.).

2362896.1 -7- Case No. 1:23-cv-00818
DEFENDANTS' JOINT SUBMISSION REGARDING DISCOVERY

Combined with the fact that Plaintiffs seem substantially less willing to compromise and are repeatedly filing last minute briefing of discovery issues in advance of hearings, it seems clear that the Court needs to establish a discovery resolution process as soon as possible. To do otherwise would be to endorse the unfair last minute filings made before the October, November and January case management conferences.

The process should require Plaintiffs to give adequate notice of any discovery issue to the affected defendant and require the parties to agree on a briefing schedule or to ask the Court to set one, before submitting briefing to the Court.

### B. Referral To A Magistrate

If a discovery resolution process fails to prevent last minute filings days prior to a conference, then a magistrate referral may be appropriate. The Manual for Complex Litigation suggests that the "judge should decide early in the litigation whether to refer all or any part of pretrial supervision and control to a magistrate judge." Manual for Complex Litigation, Fourth at § 10.14. The Manual notes that it may be particularly helpful to refer "supervision of all discovery matters" to a magistrate where they "may be time-consuming or require an immediate ruling." *Id.* Here, the parties have proceeded without a magistrate referral, except with the respect to the issue of ESI. The Court has addressed discovery issues when needed (ECF No. 161 (ordering responses to pending interrogatories regarding product identification in four days, and verifications three days thereafter)) and resolved certain discovery disputes directly during the status conferences when they were fully vetted and briefed by both parties. (ECF No. 146 (ordering a date for Defendants to provide initial disclosures and the commencement of traditional fact discovery).) However, given the anticipated increase in discovery disputes and Plaintiffs' pattern of raising discovery issues just days before a conference, something needs to

change. If a discovery process does not solve the problem, then a referral to the Magistrate would be appropriate.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order establishing procedures for the parties to bring discovery disputes to the Court or, in the alternative, refer all discovery matters to the Magistrate.

Dated: January 22, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Dennis S. Ellis
　　　　　　　　　　　　　　　　　　　　Katherine F. Murray
　　　　　　　　　　　　　　　　　　　　Nicholas J. Begakis
　　　　　　　　　　　　　　　　　　　　Serli Polatoglu
　　　　　　　　　　　　　　　　　　　　Ellis George LLP
　　　　　　　　　　　　　　　　　　　　2121 Avenue of the Stars, Suite 3000
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067
　　　　　　　　　　　　　　　　　　　　T: (310) 274-7100
　　　　　　　　　　　　　　　　　　　　F: (310) 275-5697
　　　　　　　　　　　　　　　　　　　　dellis@ellisgeorge.com
　　　　　　　　　　　　　　　　　　　　kmurray@ellisgeorge.com
　　　　　　　　　　　　　　　　　　　　nbegakis@ellisgeorge.com
　　　　　　　　　　　　　　　　　　　　spolatoglu@.com

　　　　　　　　　　　　　　　　　　　　Jonathan Blakley (6308603)
　　　　　　　　　　　　　　　　　　　　Gordon Rees Scully Mansukhani LLP
　　　　　　　　　　　　　　　　　　　　1 N. Franklin St., Suite 800
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　T: (312) 565-1400
　　　　　　　　　　　　　　　　　　　　F: (312) 565-6511
　　　　　　　　　　　　　　　　　　　　jblakley@grsm.com

　　　　　　　　　　　　　　　　　　　　Peter Siachos (68465)
　　　　　　　　　　　　　　　　　　　　Gordon Rees Scully Mansukhani LLP
　　　　　　　　　　　　　　　　　　　　18 Columbia Turnpike, Suite 220
　　　　　　　　　　　　　　　　　　　　Florham Park, NJ 07932
　　　　　　　　　　　　　　　　　　　　T: (973) 549-2500
　　　　　　　　　　　　　　　　　　　　F: (973) 377-1911
　　　　　　　　　　　　　　　　　　　　psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc.;
L'Oréal USA Products, Inc.; SoftSheen-Carson
LLC and SoftSheen-Carson (W.I.), Inc.*

Mark Goodman
Baker & McKenzie LLP
Two Embarcadero Center, Suite 1100
San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

Maurice Bellan
Baker & McKenzie LLP
815 Connecticut Avenue, NW
Washington DC 2000g
T: (202) 452-7057
maurice.bellan@bakermckenzie.com

Barry Thompson
Baker & McKenzie LLP
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com
Laura Kelly
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
laura.kelly@bakermckenzie.com

*Counsel for Defendant Namasté
Laboratories, LLC*

Lori B. Leskin
Arnold & Porter Kaye Scholer, LLP
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com

Rhonda R. Trotter
Arnold & Porter Kaye Scholer, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

T: (213) 243-4000
F: (213) 243-4199

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

Heidi Levine
Sidley Austin LLP
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
Sidley Austin LLP
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Kara L. McCall
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
kmccall@sidley.com

*Counsel for Sally Beauty Supply LLC*

Seth A. Litman
Irvin Hernandez
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
T: (404) 541-2900
Seth.Litman@ThompsonHine.com
Irvin.Hernandez@ThompsonHine.com

*Counsel for Keratin Defendants Keratin Complex and Keratin Holdings, LLC*

R. Trent Taylor
McGuireWoods LLP
Gateway Plaza

800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182/F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100/F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan (6206202)
Kevin A. Titus (6217520)
Bryan E. Curry (6255803)
Litchfield Cavo LLP
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Wiedner & McAuliffe, Ltd.
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
312.855.1105
rjleamy@wmlaw.com
kaschank@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
Maron Marvel

191 N. Wacker Drive – Suite 2950
Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Abbot P. Edward
Melissa He
Erich J. Gleber
Hawkins Parnell & Young LLP
275 Madison Avenue, 10th Floor
New York, NY 10016
eabbot@hpylaw.com
mhe@hpylaw.com
egleber@hpylaw.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group*

*Holdings LLC*

Joseph J. Welter
Ryan M. Frierott
Goldberg Segallia
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc*