**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br><br>Master Docket No. 1:23-cv-00818<br><br>Hon. Mary M. Rowland |

**REVLON'S NOTICE OF MOTION TO STRIKE CLASS ALLEGATIONS**
**UNDER RULE 23(d)(1)(D) AND DISMISS THE CONSOLIDATED**
**CLASS ACTION COMPLAINT**

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC (collectively, "Revlon") hereby move this Court to strike the class allegations under Federal Rule of Civil Procedure 23(d)(1)(D) and dismiss the consolidated class action complaint ("Class Action Complaint") filed by Plaintiffs in MDL No. 3060 ("Plaintiffs").[1]

The class allegations against Revlon should be stricken as overbroad. *See* Fed. R. Civ. P. 23(d)(1)(D). The proposed class definition is overbroad and deficient on its face because Plaintiffs' proposed class includes putative class members who have not filed a timely and valid Proof of Claim and commenced an action in the multidistrict litigation, as required by the confirmed Plan of Reorganization ("Plan") and the orders of the U.S. Bankruptcy Court for the Southern District of New York. Consistent with this Court's prior rulings adhering to the Plan, the class allegations should accordingly be stricken as to Revlon.

The claims of all named plaintiffs who have failed to comply with the bankruptcy court's order should also be dismissed. *See* Fed. R. Civ. P. 12(b)(6). Apart from Cynthia Harris, Shaquita Jackson, Cyleisia Longely, Hattie McDonald, and Evelyn Williams, none of the remaining named plaintiffs filed timely Proofs of Claim and a complaint in the multidistrict litigation. The Court should dismiss these claims because, as a matter of law, they have been enjoined and discharged under the Plan and can no longer be pursued or liquidated.

---

[1] Revlon joins the defendants' Joint Motion to Dismiss Consolidated Class Action Complaint and Joint Motion to Strike Class Allegations and Punitive Damages Request in Consolidated Class Action Complaint, and submits this separate motion to address the unique impact of the bankruptcy court's orders and the Plan on the class allegations against Revlon.

Moreover, the Class Action Complaint should be dismissed in its entirety as to Revlon because, once limited to a putative class of people who have complied with the bankruptcy court's orders and the confirmed Plan, the parties, claims, and relief sought are nearly identical to those already in the multidistrict litigation.

This Motion is based on this Notice of Motion and the supporting Memorandum of Law filed and served concurrently herewith, the pleadings, records and files in this action, those matters of which this Court may take judicial notice, and on such further evidence and argument as may be presented prior to or at the time of the hearing.

Dated: February 5, 2024

Respectfully submitted,

/s/ Randall S. Luskey
Robert A. Atkins
Daniel H. Levi
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com

David E. Cole
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, D.C. 20006
(202) 223-7348
dcole@paulweiss.com

Randall S. Luskey
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
(628) 432-5112
rluskey@paulweiss.com

-3-

Edward P. Abbot
Erich J. Gleber
Melissa He
HAWKINS PARNELL & YOUNG LLP
275 Madison Avenue, 10th Floor
New York, NY 10016
(212) 897-9655
eabbot@hpylaw.com
egleber@hpylaw.com
mhe@hpylaw.com

*Counsel for Defendants Revlon, Inc., Revlon
Consumer Products Corporation, and Revlon
Group Holdings LLC*

-3-