**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 <br><br> Master Docket No. 1:23-cv-00818 <br><br> Hon. Mary M. Rowland <br><br> Hon. Sheila M. Finnegan |

**PLAINTIFFS' STATUS REPORT REGARDING**
**LEGACY SYSTEMS**

Pursuant to the Court's February 17, 2024 minute entry (ECF No. 455), Plaintiffs submit this update as to the progress on the meet and confers regarding the legacy systems. Plaintiffs having not heard back from Defendants regarding their position at 11:55 am CT submits this as Plaintiffs' status update only.

**Plaintiffs' position**

Although several of the Parties continue to meet and confer on this issue, Plaintiffs' overall position is that the Defendants should be producing this information. Many of the meet and confers meetings involve the request of additional time by the Defendants to investigate the legacy systems, or to claim that is the production is too burdensome, without articulating the manner in which providing the names of the previously used programs is burdensome.

The Defendants fail to address the names of these legacy programs, which speak directly to notice.[1] Plaintiffs request that this Court set a deadline for the Defendants to provide this

---

[1] *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 923 (N.D. Ill. 2021) (Johnston, J.) ("whole process" of ESI starts with identification, and a plaintiff needs to discover the types and sources of ESI that a defendant has used to identify or store information); *see also* Fed. R. Civ. P. 26(b)(2) advisory committee's note (2006) (producing party must identify "sources containing potentially responsive information" with "enough detail to enable [the receiving party] to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources"); *Doe LS 340 v. Uber Techs., Inc.*, No. 23–md-03084, 2024 WL 107929, at *4 (N.D. Cal. Jan. 9,

information and for a briefing schedule for a short, single brief filed simultaneously by the parties on each side of the issue, should a defendant chose to note provide the information by the deadline set.

Dated: March 4, 2024

Respectfully Submitted,

*/s/ Edward A. Wallace*
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
Tel.: 312-261-6193
Email: eaw@wallacemiller.com

*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor

---

2024) (ordering responding party to disclose "sources of ESI it preserved," "when each ESI source was used," "what each source was used for," and "the general types of information housed or contained in each source" and reasoning that "courts routinely hold that parties are entitled to know what kinds and categories of ESI" exists, "the disclosure of information indicating *non-custodial sources of the ESI* is expected in the ordinary course of discovery," and parties must "identify and discuss *a list of systems*, if any that contain [non-custodial] ESI.") (internal quotation marks and citations omitted ) (emphasis added); *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.,* No. 15-cv-3183, 2016 WL 7042117, at *8-9 (D. Minn. July 25, 2016), objections overruled, No. 15-cv-3183, 2016 WL 6534394 (D. Minn. Nov. 2, 2016) (rejecting the argument that "requested materials dating back to 2000" and "stored on 'legacy' computer systems are difficult and costly to access" when the responding party "has offered no evidence to the Court to support that assertion" and finding that responding party's choice to keep "its [electronic] records at fifty-six domestic and international locations" rather than in a "centralized system" did not demonstrate undue burden and "shield it from discovery."); *Navajo Nation v. Urb. Outfitters, Inc.*, No. 12-CV-0195, 2015 WL 11089521, at *2 (D.N.M. June 10, 2015) (rejecting the responding parties' undue burden argument relating to ESI because "Defendants fail to specify how many hours such a production would require, or how expensive it would be.").

Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*