IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>Case No. 23-cv-0818<br><br>Judge Mary M. Rowland |

**ORDER**

Defendant L'Oréal USA moves this Court to reconsider its ruling granting Plaintiffs' motion to compel discovery from L'Oréal's corporate parent, L'Oréal S.A. [461]. For the following reasons, L'Oréal's motion is denied.

### I. Background

On December 6, 2023, Plaintiffs filed a motion to compel discovery from various Defendants' foreign affiliates. [315]. The Court largely granted Plaintiffs' motion as to L'Oréal S.A., the French-headquartered corporate parent of L'Oréal USA, finding that the two entities had a sufficiently close corporation relationship to warrant production from L'Oréal S.A. [353]. The Court's order excluded categories of foreign governance documents from the scope of the order. *Id.* A more detailed account of the facts behind the motion to compel can be found in this Court's opinion granting the motion in part. *Id.*

### II. Standard

1

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

### III. Analysis

L'Oréal argues for reconsideration based on: a) the Court's reliance on incorrect (and/or incomplete) facts and b) the legal and logistical consequences of compelling discovery from a French company. These arguments are not persuasive.

First, L'Oréal takes issue with Plaintiffs' factual allegations cited by the Court in its analysis of the corporate relationship between L'Oréal USA and L'Oréal S.A. L'Oréal disputes that: it produced a document from its foreign affiliate in advance of

a deposition, the foreign parent's website advertises American hair relaxer products, the two entities worked together to secure a patent for American-developed hair relaxer formulas, and the entities' shared intranet site related to the development and sale of hair relaxer products. The Court will not rehash fact disputes, primarily because L'Oréal had the opportunity to present its own facts during the original briefing. Moreover, most of L'Oréal's arguments amount to interpretations of facts relied on by the Court, not actual contradictions that rise to "manifest errors of fact." L'Oréal does not meaningfully dispute, for example, that it used data from its foreign parent to respond to initial discovery requests and prepare a witness for a 30(b)(6) deposition, or that L'Oréal S.A. owns the patent for L'Oréal USA's hair relaxer products. The Court was not focused only on whether the subsidiary and parent had a close relationship as to a particular product or set of documents. The predicate question — whether the two entities are sufficiently close — required the Court to look at the relationship altogether. L'Oréal does not meaningfully challenge that assessment.

Next, L'Oréal argues that its French parent would risk violating the French "blocking statute" by producing discovery outside of the Hague Convention procedures. L'Oréal has not, however, identified "the specific French interests that would be undermined" by this Court's discovery order. *Metso Minerals Indus., Inc. v. Johnson Crushers Int'l, Inc.*, 276 F.R.D. 504, 505 (E.D. Wis. 2011), *order clarified*, 10-C-0951, 2011 WL 6257135 (E.D. Wis. Dec. 14, 2011); *see also Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, 16-CV-3401, 2017 WL 4287205, at *1 (N.D. Ill.

3

Sept. 27, 2017) (party citing foreign laws to prevent production must "provide the Court with information of sufficient particularity and specificity to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law."). L'Oréal provides the Court with a declaration from French attorney Alexander Blumrosen to recount recent French enforcement of the blocking statute. [461-1]. Yet neither Blumrosen's declaration, nor L'Oréal in its motion, detail how this Court's discovery order uniquely impedes on French sovereign interests.

L'Oréal USA requests an extension of time so that it can coordinate with L'Oréal S.A. to avoid exposure to criminal prosecution and streamline logistics. This request is granted. Parties are to work together to determine a reasonable timeline for the production of foreign materials.

## CONCLUSION

For the stated reasons, L'Oréal USA motion to reconsider [461] is denied. Discovery to proceed as ordered.

E N T E R:

Dated: March 4, 2024

_____
MARY M. ROWLAND
United States District Judge