# Exhibit A

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE  (2 I 2) 373-3000

WRITER'S DIRECT DIAL NUMBER

(212) 373-3497

WRITER'S DIRECT FACSIMILE

(212) 492-0497

WRITER'S DIRECT E-MAIL ADDRESS

dlevi@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

2029 CENTURY PARK EAST, SUITE 2000
LOS ANGELES, CALIFORNIA 90067-3006
TELEPHONE: (310) 982-4350

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1313 NORTH MARKET STREET, SUITE 806
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

February 7, 2024

**By First Class Mail**

Re:  *In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, No. 1:23-CV-00818 (MDL No. 3060)

Dear Counsel,

We write regarding one or more complaints filed by your firm against Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC (collectively, "Revlon"), asserting claims related to plaintiffs' alleged use of hair relaxer products.  In May 2023, Revlon emerged from bankruptcy proceedings. The complaint(s) filed by your firm are based on alleged prepetition claims against Revlon, the pursuit of such claim(s) violates the discharge and injunction provisions under Revlon's confirmed chapter 11 plan of reorganization. We demand that you dismiss Revlon from the case(s) within fourteen days and immediately cease all efforts to pursue prepetition claims against Revlon in violation of the Plan and Confirmation Order (as defined herein).  The attached exhibit identifies complaint(s) improperly filed by your firm on behalf of plaintiff(s) who did not timely file a proof of claim in the bankruptcy proceedings  and/or failed to file a timely complaint in the MDL by the September 14, 2023 deadline.

On June 15, 2022 (the "Petition Date"), Revlon, Inc., and certain affiliated entities (before the effective date of their chapter 11 plan of reorganization, the "Debtors" and after the effective date of their plan of reorganization, the "Reorganized Debtors") filed voluntary petitions for relief under chapter 11 of title of the United States Code, 11 U.S.C. §§ 101 *et seq* (the "Bankruptcy Code"), in the United States Bankruptcy Court for

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

the Southern District of New York (the "Bankruptcy Court"). On April 3, 2023, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1746] (the "Confirmation Order"), confirming the *Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1727] (with all supplements and exhibits thereto, as it has been and may be amended, altered, modified, revised, or supplemented from time to time, including on May 1, 2023 [Docket No. 1860], the "Plan").

On May 2, 2023, the Reorganized Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Final Deadlines for Filing Certain Claims* [Docket No. 1869] (the "Notice of Effective Date"), disclosing that the Effective Date (as defined in the Plan) occurred on May 2, 2023, the Plan was substantially consummated, and the Debtors emerged from chapter 11. On May 30, 2023, the Bankruptcy Court entered the *Order (I) Consolidating the Administration of the Remaining Matters at the Remaining Case, (II) Entering a Final Decree Closing the Affiliate Cases, (III) Changing the Case Caption of the Remaining Case, and (IV) Granting Related Relief* [Docket No. 1920], closing all cases except *In re RML, LLC*, Case No. 22-10784.

Pursuant to paragraph 140 of the Confirmation Order and section 1141(d) of the Bankruptcy Code, all prepetition claims, interests, and causes of action were discharged upon the occurrence of the Effective Date. Furthermore, under paragraph 145 of the Confirmation Order and Bankruptcy Rule 3020(c)(1), all entities that hold claims or interests that have been released or discharged under the Plan are permanently enjoined from, among other things, commencing or continuing an action or other proceeding on account of such claims or interests.

Moreover, Article IX.A.6. of the Plan sets forth procedures for liquidating any prepetition claim that is a Hair Straightening Claim (as defined in the Plan) for which a timely Hair Straightening Proof of Claim (as defined in the Plan) has been properly filed. Accordingly, pursuant to Bankruptcy Rule 3003(c)(2), the Plan, and the Confirmation Order, plaintiffs who failed to file a timely proof of claim are forever barred, estopped, and enjoined from asserting such Hair Straightening Claims against the Reorganized Debtors (or filing a Proof of Claim with respect thereto), and the Reorganized Debtors and their properties and estates are forever discharged from any and all indebtedness or liability with respect to such Hair Straightening Claims.

The complaint(s) filed by your firm, as identified in the attached exhibit, pursue prepetition claims in violation of the Plan and the Confirmation Order. We demand that you immediately cease all efforts to pursue such claim(s) and dismiss Revlon from the case(s) with prejudice within fourteen days. Please note that any refusal to dismiss such claims against Revlon or any further attempts to commence a legal action against, or recover damages from, Revlon in connection with any Hair Straightening Claim may

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

result in bankruptcy court sanctions and, with respect to the civil action, Revlon reserves all rights to pursue sanctions, including, without limitation, reimbursement of its fees and costs.

This letter is not intended to be a complete statement of Revlon's rights, and shall not be construed as a waiver of any legal or equitable rights or remedies, all of which are expressly reserved.

If you have any questions concerning the above, please feel free to contact me.

Sincerely,

*/s/ Daniel H. Levi*

Daniel H. Levi

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

| Name of Plaintiff | Counsel of Record | Case Caption of Noncompliant Pending Action | Case Number of Noncompliant Pending Action | Filing Date of Noncompliant Action |
|---|---|---|---|---|
| JERICA POELLNITZ | DICELLO LEVITT GUTZLER LLC | Poellnitz v. AFAM Concept, Inc. d/b/a JF Labs, Inc. et al | 1:23-cv-07073 | 9/5/2023 |
| KIANA JONES | DICELLO LEVITT GUTZLER LLC | Jones v. AFAM Concept, Inc. et al | 1:23-cv-07640 | 9/7/2023 |
| LEEANESHA MCDONALD | DICELLO LEVITT GUTZLER LLC | McDonald v. Beauty Bell Enterprises LLC et al | 1:23-cv-13277 | 9/14/2023 |
| LORETTA TAYLOR | DICELLO LEVITT GUTZLER LLC | Taylor v. Avlon Industries et al | 1:23-cv-07884 | 9/8/2023 |
| NATALIE RAY | DICELLO LEVITT GUTZLER LLC | Ray v. AFAM Concept, Inc. d/b/a JF Labs, Inc et al | 1:23-cv-07758 | 9/7/2023 |
| ROSE GREEN | DICELLO LEVITT GUTZLER LLC | Green v. AFAM Concept, Inc. d/b/a JF Labs, Inc. et al | 1:23-cv-07693 | 9/7/2023 |
| ROSEMARY THOMPSON | DICELLO LEVITT GUTZLER LLC | Thompson v. Beauty Bell Enterprises LLC f/k/a House of Cheatham, Inc. et al | 1:23-cv-07656 | 9/7/2023 |
| VALERIE TRUITT | DICELLO LEVITT GUTZLER LLC | Truitt v. LOreal USA Inc. et al | 1:23-cv-07717 | 9/7/2023 |

Revlon 2890 SRF 76521 Packid: 22 ADRID: 28272992 SVC: Notice Party
DICELLO LEVITT GUTZLER LLC
MARK ABRAMOWITZ
7556 MENTOR AVE
MENTOR OH 44060