# Exhibit E

Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 22-10760-dsj

- - - - - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

        REVLON, INC., et al.,

                Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - -x

                    United States Bankruptcy Court

                    One Bowling Green

                    New York, New York 10004

                    March 7, 2023

                    10:00 AM

B E F O R E:

HON. DAVID S. JONES

U.S. BANKRUPTCY JUDGE

Page 2

22-10760-dsj Revlon, Inc., et al.

Ch. 11

Contested Matters

HEARING re Hair Relaxer Claimants' Motion to Extend the Bar

Date for Filing Hair Relaxer Proofs of Claim (ECF No. 1387)

HEARING re Motion by Watts Guerra, LLP, on Behalf of Certain

Hair Relaxer Cancer Claimants, for Authority to File Late

Proofs of Claim (ECF No. 1403)

HEARING re Notice of Motion by Weitz & Luxenberg, PC on Behalf

of Certain Hair Relaxer Cancer Claimants for Authority to File

Late Proofs of Claim (ECF No. 1453)

Transcribed by:  Lisa Beck

Page 3

A P P E A R A N C E S :

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    Attorneys for Debtors and Debtors-in-Possession

    1285 Avenue of the Americas

    New York, NY 10019

BY:  ROBERT A. BRITTON, ESQ.

    PAUL M. BASTA, ESQ.

    ALICE B. EATON, ESQ.

    KYLE J. KIMPLER, ESQ.

    SEAN MITCHELL, ESQ.

    (VIA ZOOM)

BROWN RUDNICK LLP

    Attorneys for the Official Committee of Unsecured

     Creditors

    One Financial Center

    Boston, MA 02111

BY:  TRISTAN AXELROD, ESQ.

    BENNETT SCOTT SILVERBERG, ESQ.

    ROBER J. STARK, ESQ.

    (VIA ZOOM)

Page 4

U.S. DEPARTMENT OF JUSTICE

Office of the United States Trustee

Alexander Hamilton Custom House

One Bowling Green

New York, NY 10004

BY:  BRIAN S. MASUMOTO, AUST

(VIA ZOOM)

STUTZMAN, BROMBERG, ESSERMAN PLIFKA, P.C.

Attorneys for Hair Relaxer Claimants

2323 Bryan Street

Suite 2200

Dallas, TX 75201

BY:  SANDER L. ESSERMAN, ESQ.

PETER D'APICE, ESQ.

(VIA ZOOM)

DICELLO LEVITT LLC

      Attorneys for Hair Relaxer Claimants

      Ten North Dearborn Street

      Sixth Floor

      Chicago, IL 60602

BY:   ADAM J. LEVITT, ESQ.

      (VIA ZOOM)

DICELLO LEVITT LLC

      Attorneys for Hair Relaxer Claimants

      505 20th Street North

      15th Floor

      Financial Center

      Birmingham, AL 35203

BY:   DIANDRA DEBROSSE ZIMMERMANN, ESQ.

      (VIA ZOOM)

Page 6

ANDREWS MYERS, PC

        Attorneys for Watts Guerra Cancer Claimants

        1885 Saint James Place

        15th Floor

        Houston, TX 77056


BY:   LISA NORMAN, ESQ.

        EDWARD L. RIPLEY, ESQ.

        (VIA ZOOM)


COCHRAN FIRM

        Attorneys for Plaintiffs

        1825 Market Center Blvd 500

        Dallas, TX 75207


BY:   LARRY F. TAYLOR, ESQ.

        (VIA ZOOM)


AKIN GUMP STRAUSS HAUER FELD LLP

        Attorneys for Ad Hoc Group of 2016 TL Lenders

        2001 K Street NW

        Washington, DC 20006


BY:   JAMES SAVIN, ESQ.

        (VIA ZOOM)

Page 7

AKIN GUMP STRAUSS HAUER FELD LLP

Attorneys for Ad Hoc Group of 2016 TL Lenders

One Bryant Park

New York, NY 10036

BY:   KEVIN ZUZOLO, ESQ.

(VIA ZOOM)

DAVIS POLK WARDWELL LLP

Attorneys for Ad Hoc Group of BrandCo Lenders

450 Lexington Avenue

New York, NY 10017

BY:   GARRETT CARDILLO, ESQ.

ANGELA LIBBY, ESQ.

MAGALI GIDDENS, ESQ.

STEPHANIE MASSMAN, ESQ.

ELLIOT MOSKOWITZ, ESQ.

ELI J. VONNEGUT, ESQ.

(VIA ZOOM)

Page 8

LATHAM WATKINS LLP

     Attorneys for Citibank

     1271 Avenue of the Americas

     New York, NY 10020

BY:   JONATHAN J. WEICHSELBAUM, ESQ.

     (VIA ZOOM)

PROSKAUER ROSE LLP

     Attorneys for MidCap Funding IV Trust

     Eleven Times Square

     New York, NY 10304

BY:  VINCENT INDELICATO, ESQ.

     REUVEN KLEIN, ESQ.

     MEGAN VOLIN, ESQ.

     (VIA ZOOM)

Page 64

your point.  Look -- and if I misspoke in a way that made you anxious or unhappy, apologies.  I really -- I guess, I think the thing I'm hearing from the other side is they want -- if they want to move the needle on what is and isn't a pre-petition proof of claim that needs to be asserted now, I am decidedly not moving that needle.  And so what I want to just do is make sure that the notice correctly characterizes those who must file claims now.  And that's --

MR. BRITTON:  That's fine, Your Honor.  So -- I apologize.  So you had suggested --

THE COURT:  No.  Don't apologize.  Go ahead.

MR. BRITTON:  You had suggested noting that only pre-petition claims are subject to the bar date and ultimately subject to the discharge.  I think that's accurate, Your Honor, but it needs to be clear that unmanifested claims are potentially pre-petition claims.

Now what you can't decide today -- the language in the bar date order that was cited by Plaintiffs is very standard language.  Right?  You have a claim as that term is used under the Bankruptcy Code and you fail to assert your claim on a timely basis, you may be forever barred and discharged even if it's an unmanifested claim.  What you can't decide today and what we haven't asked you to decide today is that some particular future claimant, when their claim manifests, when their injury manifests itself in the future,

Page 65

was actually barred and discharged because notice was constitutionally sufficient. That issue we'll have to deal with when it arises at some point in the future. But we're not hiding from the fact that we believe that our supplemental bar date notice and noticing program will put folks on notice and that they need to file their claims, even future claims. Even I used the product at some pre-petition and therefore may, in the future, have a claim. They need to file a proof of claim to preserve that. We believe that whether or not that's the way it works out will be an issue to be decided at some point by your or another Court in the future.

I believe that Ms. Norman asked us to clarify the noticing regime and put some language into the order acknowledging that our supplemental noticing would be in accord with the noticing regime represented or described to you on the record today.

THE COURT: Yeah.

MR. BRITTON: I think that's fine. Our supplemental form of notice is attached to our form of order. It does refer specifically to products that were used and puts people on notice that if they have any claims, including unmanifested claims, they need to file their claims by the bar date or they may be forever barred.

We're proposing to publish that, Your Honor, in the same newspapers as our original publication notice, that is,