**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M Rowland<br><br>**This document relates to:**<br>All Cases |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT NAMASTE LABORATORIES LLC TO COMPLY WITH COURT DISCOVERY ORDERS**

**I.    INTRODUCTION**

Plaintiffs move to compel Defendant Namaste Laboratories LLC ("Namaste") by April 15, 2024 to complete, and certify the completion of, its production in response to Plaintiffs' First Set of Requests for Production.  In particular, Plaintiffs are concerned at the lack of (1) foreign regulatory documents, and (2) testing documents from Namaste's production. Because Namaste has had at least 33 hair relaxer products on the market, many of which appear to be very similar, if not identical, to other products it manufactured, marketed, or sold overseas, Plaintiffs reasonably believe foreign regulatory and/or testing documents exist. There is no doubt these materials are relevant and should have been produced. *See, e.g.*, ECF 353 at 9 (ordering production of foreign regulatory documents).[1]

**II.    BACKGROUND AND ARGUMENT**

In June 2023, Plaintiffs served Namaste with initial discovery requests, including requests for foreign regulatory and testing documents, as follows:

**REQUEST NO. 5.** ALL DOCUMENTS, including but not limited to COMMUNICATIONS, memoranda, reports, and studies, submitted to any Regulatory Agency by YOU or on YOUR

---

[1] Given the gaps in Set One and the lack of any progress by Namaste on subsequent document requests and interrogatories served by Plaintiffs almost four months ago, in December 2023, Plaintiffs respectfully submit that it would assist the parties to stay on track if the Court would set deadlines for Defendants to respond and produce documents responsive to Plaintiffs' document requests Sets Two through Seven, and to serve verified responses to Plaintiffs' interrogatories Sets Three through Eight.

behalf, or received by YOU or anyone on YOUR behalf from any Regulatory Agency in the United States or outside of the United States concerning YOUR HAIR RELAXER PRODUCT(S).

**REQUEST NO. 10.** Produce all published and unpublished studies or laboratory and animal testing YOU conducted concerning the safety of YOUR HAIR RELAXER PRODUCT(S whether proposed, pending, and/or completed. This request includes, but is not limited to, DOCUMENTS and COMMUNICATIONS regarding the following:

    1.Trial protocols and testing protocols, and any amendments thereto;
    2. Laboratory notebooks;
    3. Raw data;
    4. Data summaries and/or analysis;
    5. Test results, including any summaries and/or analyses;
    6. Draft and final reports, whether or not submitted to the FDA or other regulatory agency;
    7. Draft and published results, articles, posters, abstracts, white papers, position papers, and presentations of testing data;
    8. Internal memoranda or COMMUNICATIONS concerning studies or results;
    9. Summaries or compilations of medical literature relating or referring to YOUR HAIR RELAXER PRODUCT(S);
    10. Comparisons or data summaries relating or referring to YOUR HAIR RELAXER PRODUCT(S); and
    11. ALL internal or external COMMUNICATIONS relating or referring to any STUDY relating to a HAIR RELAXER PRODUCT(S) that involves or mentions hormonesensitive cancers.

*See* Ex. A (Plaintiffs' First Set of Requests for Production). The Court previously rejected the objections of Defendants (including Namaste) to producing foreign regulatory documents. *See* ECF 353, at 9.

Over the past eight months, Namaste has produced 12,750 documents (one-half of which were produced on February 28, 2024 or later) in response to Plaintiffs' First Set of Requests. Of those, very few concern testing and only 3 unique documents are foreign regulatory submissions, specifically so-called "cosmetic product safety report(s)" (CPSR) that are required by EU regulations.[2] But Namaste's own documents suggest there are more of these kinds of documents that

---

[2] For context, in order to comply with EU Regulation (EC) No 1223/2009, a Product Information File (PIF) must be completed for all Cosmetics—including hair relaxers or straighteners—marketed within the EU. One of the components of a PIF is the Cosmetic Product Safety Report (CPSR). Notably, the CPSR is

2

exist. For example, NAMASTE_00019813 (Ex. B), lists a number of relaxing/ straightening products sold in the EU for which Plaintiffs do not have any of these CPSR documents. Notably, additional documents suggest Namaste actually possesses these documents within the meaning of the Federal Rules, *see e.g.*, Ex. C, NAMASTE_00020905 (email including a Namaste Labs employee regarding CPSR); Ex. D, NAMASTE_00020969 (same).

For all these reasons, Plaintiffs reasonably believe that the absence of testing and foreign regulatory documents reflects that Namaste failed to complete its collection by the February 29, 2024, deadline despite the Court's clear instruction to the parties at the January 25, 2024 Case Management Conference: "All this stuff on the first set [of requests for production], it has to be done by February 29th. *There's no more extensions on that*." See ECF 421 at 4-5 (hearing transcript) (emphasis added).

Plaintiffs are concerned about being prejudiced by a record that might change significantly months past when deadlines for production ran. Accordingly, Plaintiffs seek an Order compelling Namaste by April 15, 2024 to complete its production responsive to Plaintiffs' First Set of Requests for Production and certify in writing that its production is complete.

To ensure the parties stay on track with subsequent outstanding discovery, Plaintiffs further request that the Court set deadlines for Namaste (and all Defendants) to complete document productions pursuant to Plaintiffs' document requests Sets Two through Seven, and a date by which to provide verified responses to interrogatories Sets Three through Eight.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Motion be granted.

---

intended to collect the necessary data to justify the safety of the cosmetic product and includes an evaluation of the safety of the cosmetic product. *See* EU website https://www.cpsr.eu/en/.

Dated: March 25, 2024          Respectfully submitted,

/s/ Edward A. Wallace
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
Tel.: 312-261-6193
Email: eaw@wallacemiller.com
*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com
*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com
*Plaintiffs' Co-Lead Counsel*