# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M Rowland<br><br>**This document relates to:**<br>All Cases |

### PLAINTIFFS' MOTION TO COMPEL DEFENDANTS L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., AND SOFTSHEEN-CARSON LLC TO COMPLY WITH COURT DISCOVERY ORDERS

**I.     INTRODUCTION**

Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., and SoftSheen-Carson LLC. (collectively "L'Oréal") have marketed, manufactured, distributed, or sold hair relaxer products in the United States since at least the late 1970s. Unfortunately, L'Oréal has taken the position it is not able to confirm that it sold or distributed hair relaxer products prior to 2007 and informed Plaintiffs it has destroyed documents that might answer this question under its retention policies. Plaintiffs have repeatedly raised concerns about the missing records and information, and L'Oréal has responded that, after reviewing the financial ledger of L'Oréal S.A., it "simply does not have this information." Plaintiffs are thus in limbo with an incomplete record that might change significantly if L'Oréal modifies its position about its pre-2007 products months or years from now. Accordingly, Plaintiffs respectfully request an Order compelling L'Oréal by April 15, 2024 either to certify its answers are complete and no more information is forthcoming or to complete its review of documents (beyond merely the financial ledger of L'Oréal S.A.) and/or its interviews of additional current or former employees to provide a complete answer to Plaintiffs' First Set of Interrogatories 2, 3 and 4.

In addition, Plaintiffs respectfully request that for any pre-2007 product, brand, or year that L'Oréal is unable to confirm in its Interrogatory responses, L'Oréal be precluded from challenging any Plaintiff's stated use of such L'Oréal hair relaxer product, brand, or year not listed in their response. Finally, if L'Oréal provides new product information by April 15, 2024, Plaintiffs respectfully seek thirty days, to May 15, 2024, to complete a review of the information and any related production to ensure that Plaintiffs have received the requested ingredients, labels, warnings, and artwork for any additional products identified by L'Oréal or to bring any appropriate motions concerning missing information.

## II.    BACKGROUND AND ARGUMENT

In June 2023, Plaintiffs served L'Oréal with initial discovery requests, including their First Set of Interrogatories seeking product information, as follows:

**Interrogatory 2:** Provide each of the brand names under which YOU have made HAIR RELAXING PRODUCT(S) available for sale or distribution in the United States.

**Interrogatory 3:** For each brand name listed in response to Interrogatory No. 2, provide a complete list of HAIR RELAXING PRODUCT(S) that YOU have made available for sale and/or distribution in the United States under that brand name. In addition, if YOU have made additional HAIR RELAXING PRODUCT(S) available for sale and/or distribution in the United States which do not otherwise fall under a brand name listed in response to Interrogatory No. 2, provide names of those additional HAIR RELAXING PRODUCT(S).

**Interrogatory 4:** For each of YOUR HAIR RELAXING PRODUCT(S) identified in response to Interrogatory No. 3, provide the years that YOU have made the product available for sale or distribution in the United States.

*See* Ex. A (Plaintiffs' First Set of Interrogatories – same set sent to L'Oréal entity that L'Oréal responded on behalf of all of them).

L'Oréal produced verified responses to Interrogatory Nos. 2 and 3 on July 21, 2023. Subsequently on September 11, 2023, L'Oréal produced their First Amended Objections and Responses to Interrogatories 4-11. The amended response to Interrogatory 4 included a newly identified brand name and additional products not contained in the verified responses from July. Per Court order, L'Oréal produced supplemental responses to Interrogatory Nos. 2 and 3 on February 29, 2024. *See* Ex. B which contains each of these responses.

In the eight months since L'Oréal was served with initial discovery in June 2023, L'Oréal has produced 18,179 documents (almost all produced on February 29, 2024). Although some of these documents reference sales data, inventory sheets, and advertisements detailing various L'Oréal hair relaxer products and brands on the market prior to 2007, L'Oréal refuses to confirm its own sales and distribution of hair relaxer products before 2007, claiming that the only records it will rely on are L'Oréal S.A.'s financial records, which only date back to 2007.[1] The limitations of relying only on L'Oréal S.A.'s financial records to answer this question became evident during the deposition of L'Oréal USA's corporate representative, Ms. Noah Yung-Hing, who was designated to testify regarding products and brands sold and/or distributed in the United States. In preparation for her testimony, Ms. Noah Yung-Hing testified that she reviewed a list limited to products since 2007, provided by counsel from the financial team at L'Oréal S.A. Ms. Noah Yung-Hing conducted no investigation or research into product identification beyond that, and apparently defense counsel have not either.[2]

---

[1] *See* September 12, 2023 Deposition Tr. Noah Yung-Hing at 27:7-16; 27:22-29:22. (Ex. C).
[2] Plaintiffs are loath to submit a bevy of counsel letters on this issue, but *at L'Oréal's request* are attaching L'Oréal's letter as Exhibit D. Plaintiffs respectfully disagree with L'Oréal that it is a waste of Court time to address gaps in product identification in this case.

3

L'Oréal's unilateral decision to conduct such a limited investigation into product identification is not appropriate when Plaintiffs have seen in L'Oréal's recent productions that there are records from the 1990s referencing L'Oréal's sales and/or distribution of hair relaxer products.[3]

Accordingly, Plaintiffs respectfully request that for any pre-2007 product, brand, or year that L'Oréal is unable to confirm in its Interrogatory responses, L'Oréal be precluded from challenging any Plaintiff's stated use of such L'Oréal hair relaxer product, brand, or year not listed in their response. To the extent L'Oréal provides new product information by April 15, 2024, Plaintiffs respectfully seek thirty more days, to May 15, 2024, to complete a review of the information and any related production to ensure that Plaintiffs have received the requested ingredients, labels, warnings, and artwork for any additional products identified by L'Oréal or to bring any appropriate Motions concerning missing information.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Motion be granted.

Dated: March 25, 2024

Respectfully submitted,

*/s/ Edward A. Wallace*
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
Tel.: 312-261-6193
Email: eaw@wallacemiller.com
*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLP**
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900

---

[3] Attached as Exhibit E is an exemplar of L'Oréal's records indicating its pre-2007 sales and distribution of hair relaxer products. L'Oréal will not confirm the information reflected in these documents in L'Oréal's responses to the Interrogatories at issue.

4

Email: fu@dicellolevitt.com
*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com
*Plaintiffs' Co-Lead Counsel*