IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M Rowland<br><br>**This document relates to:**<br>All Cases |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT REVLON, INC., REVLON CONSUMER PRODUCTS CORPORATION, AND REVLON GROUP HOLDINGS LLC TO COMPLY WITH COURT DISCOVERY ORDERS**

**I.     INTRODUCTION**

Plaintiffs move to compel Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC (collectively "Revlon") to complete their production in response to Plaintiffs' First Set of Requests for Production. While Revlon claims it has fully complied with its obligations to respond to Plaintiffs' interrogatories and requests for production, the extraordinarily small production of documents to date, totaling fewer than 950 documents, leads Plaintiffs reasonably to believe it has not done so. Consequently, for the reasons set forth below, Plaintiffs respectfully request that Revlon be ordered by April 15, 2024, to complete its production of documents responsive to Plaintiffs' First Request for Production and to certify to Plaintiffs and this Court that its production is complete.

**II.     ARGUMENT**

    **A.     Failure to Conduct an Appropriate Search and Document Production**

In the over eight months since Revlon was served with initial discovery in June 2023, Revlon has produced a grand total of 933 documents, 755 of which were produced in the month leading up to the Court's February 27, 2024 deadline, and an additional 178 that came after the deadline. By contrast, other "first wave" Defendants have produced exponentially more, including L'Oreal (over

18,000 documents), House of Cheatham (over 18,000) Namaste (over 12,000), Avlon (approximately 6,000), and Strength of Nature (about 2700). Notably, of the fewer than 1,000 documents produced by Revlon, more than one-third (353) are insurance related documents, 104 are ingredient lists, and over 100 are corporate organizational charts. In light of these numbers, it seems implausible that Revlon would have fewer than 400 documents regarding everything else requested by Plaintiffs in their First Set.

Plaintiffs have conducted multiple meet and confers with Revlon's counsel over the last several months in an effort to work through various discovery disputes. Those discussions continued last week via a series of email correspondence seeking clarity on where Revlon's document production stands. Unfortunately, the necessary clarity is not there, and in light of this Court's specific March 25, 2024 deadline to file any motions to compel with regard to the first round of Plaintiffs' discovery request, Plaintiffs feel constrained to raise this issue with the Court.

In those email exchanges, counsel for Revlon made numerous representations, including "Revlon has produced all responsive documents it located after a reasonable search," "Revlon is not withholding any documents," and "Revlon has produced all responsive regulatory communications it located after a reasonable search" in response to specific questions about the completeness of Revlon's production of foreign regulatory communications. But Plaintiffs have no detail on what Revlon contends is "a reasonable search," and what has been produced to date suggests that whatever search was conducted was insufficient.

### B. Failure to Comply with Court's December 27 Order on Foreign Documents

It also seems clear that Revlon has failed to abide by its obligation to produce documents concerning products sold outside the United States. In response to an interrogatory[1] calling for

---

[1] Revlon's Omnibus Second Supplemental Responses and Objections to Interrogatory Nos. 5-8, 10, 11 of Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 5.

2

Revlon to identify the hair relaxer products it sells outside of the United States, Revlon identified 23 different products sold outside the United States in approximately 35 different countries. However, Plaintiffs' review of the documents Revlon has produced to date indicates that Revlon has produced 50 or fewer foreign regulatory documents, which strongly suggests that Revlon has not made a complete production of its foreign regulatory documents and communications.[2] If so, this is a gross violation of multiple Court discovery Orders.

********

Accordingly, it is critical that Plaintiffs receive all documents responsive to their First Requests by no later than April 15, 2024, and a certification by Revlon that such production is complete.[3]

**III.    CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Motion be granted.

Dated:  March 25, 2024

Respectfully submitted,

*/s/ Edward A. Wallace*
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
Tel.: 312-261-6193
Email: eaw@wallacemiller.com
*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North - Suite 1500

---

[2] Although Revlon did not provide an exact number of documents produced here nor the Bates numbers associated with this document request, Plaintiffs' estimate is based on exemplars Revlon identified in the meet and confer process showing the types of documents Revlon considers to fit in this category.

[3] Given the gaps in Set One and the lack of any progress by Revlon on subsequent document requests and interrogatories served by Plaintiffs almost four months ago, in December 2023, Plaintiffs respectfully submit that it would assist the parties to stay on track if the Court would set deadlines for Defendants to respond and produce documents responsive to Plaintiffs' document requests Sets Two through Seven, and to serve verified responses to Plaintiffs' interrogatories Sets Three through Eight.

Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com
*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com
*Plaintiffs' Co-Lead Counsel*