UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br><br>Master Docket No. 1:23-cv-00818<br><br>Hon. Mary M. Rowland<br><br>Hon. Sheila M. Finnegan |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO RESPOND
TO OUTSTANDING INTERROGATORIES**

Defendants respectfully move this Court to compel Plaintiffs to respond to the outstanding interrogatories in Defendants' First Set of Interrogatories to All Plaintiffs, which were served August 4, 2023. The interrogatories to which Defendants seek responses have been pending for nearly eight months, were never withdrawn, and have gone without any written answers or objections from Plaintiffs. Defendants have tried in good faith to obtain responses but Plaintiffs have refused to respond to the outstanding requests. Defendants now seek this Court's intervention to obtain Plaintiffs' responses to this long-unanswered discovery.

**I.      BACKGROUND**

On August 4, 2023, Defendants served their First Set of Interrogatories to All Plaintiffs, which consisted of fourteen (14) separate interrogatories. (*See* Def. First Set of Interrog., attached as Exhibit A.) After service of the interrogatories, the parties engaged in discussions concerning whether to include them in the Plaintiff Fact Sheet (PFS). As a result of those discussions, initial drafts of the PFS included all fourteen (14) of Defendants' August 4, 2023 interrogatories.

During October 2023 negotiations concerning the scope and content of the PFS, however, Defendants agreed to remove some of the interrogatories from the PFS, agreeing to raise those

interrogatories at a later time outside of the PFS. (*See, e.g.*, Email from P. Oot to J. Hoekstra et al. (Oct. 16, 2023 12:54 PM), attached as Exhibit B; Email from H. Levine to J. Hoekstra et al. (Oct. 19, 2023 9:52 PM), attached as Exhibit C; Decl. of H. Levine, attached as Exhibit D, ¶¶ 3-9; Decl. of P. Oot, attached as Exhibit E, ¶¶ 3-9.) Defense counsel made clear during the meet-and-confers with Plaintiffs' leadership that they were not authorized to withdraw the interrogatories that were eliminated from the PFS nor did Defendants intend to do so. (Ex. D ¶¶ 9; Ex. E ¶¶ 9.) To the contrary, they expressly stated Defendants would return to the outstanding interrogatories later. (Ex. D ¶¶ 9; Ex. E ¶¶ 9.) The final PFS included only a subset of Defendants' interrogatories. (*See* ECF No. 343-1, PFS, attached as Exhibit A to Case Management Order ("CMO") No. 9, Dec. 19, 2023.)

The interrogatories that were previously served but ultimately not included in the PFS and that, therefore, remain outstanding include Interrogatory Nos. 3, 5, 6, 7, 9, 10, and 14, which cover the chemicals and all products at issue, product defects, and scientific funding. The interrogatories are directed at gathering facts and information critical to Defendants in developing their defenses. Plaintiffs' failure to provide this basic information is costly, burdensome, and prejudicial to the defense as it requires Defendants to try to develop scientific and company defenses based solely on the vague allegations in the complaint.

Defendants renewed their request that Plaintiffs provide written responses to the outstanding interrogatories on February 23 and March 15, 2024. (Email C. Baime to M. Abramowitz et al. (March 15, 2024 3:55 PM), attached as Exhibit F.) Plaintiffs have, instead, asserted myriad, unfounded arguments to avoid responding to the discovery, claiming, without support, that Defendants agreed to withdraw the interrogatories, that the discovery is not allowed under CMO 9, and that the discovery is premature and unduly burdensome, improperly directed at

counsel, and calls for the disclosure of information protected under the attorney-client privilege and the work product doctrine. (ECF No. 490, Joint Status Report at 33-34.)

Plaintiffs' refusal to respond to Defendants' interrogatories was addressed at the March 7, 2024 status conference, at which time Defendants were granted leave to pursue a motion to compel. Since that conference, and consistent with their obligations under N.D. Ill. Loc. R. 37.2, the parties continued to meet and confer in good faith regarding these interrogatories to no avail. (*See* Ex. D ¶¶ 11-12; Ex. E ¶¶ 11-12.) Facing Plaintiffs' continued refusal to respond and the Court deadline to file a motion to compel, Defendants see no alternative but to pursue the motion herein.

## II. ARGUMENT

### A. Defendants' First Set of Interrogatories to All Plaintiffs Constitute Proper Fact Discovery Timely Served During Fact Discovery

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever, as here, another party fails to respond to a discovery request or when its response is insufficient. Fed. R. Civ. P. 37(a). Moreover, where, as here, a party fails to serve, within the time to respond, an answer or objections to interrogatories and where no protective order is pending for those interrogatories, the court in which the action is pending may treat any subsequently asserted objections as waived. *See Spilotro v. United States,* 478 F.2d 1406, 1406 (7th Cir. 1973).

Courts have repeatedly determined that defendants are entitled to responses to the type of discovery sought here. *See, e.g.*, *Asher v. Baxter Int'l*, 2005 U.S. Dist. LEXIS 64593, at *23-26 (N.D. Ill. Sep. 9, 2005) (granting motion to compel answers to interrogatories that would explain the basis for plaintiff's fraud claim); *Thomas & Betts Corp. v. Panduit Corp.*, 1996 U.S. Dist. LEXIS 4494, at *8 (N.D. Ill. Apr. 8, 1996) (granting motion to compel answers to interrogatories seeking information as to plaintiff's legal theories because "the Court [was] quite interested in narrowing the issues and finding out exactly what [the plaintiff] actually contends"); *Pappas v.*

3

*Naked Juice Co.*, 2012 WL 12885109 (C.D. Cal. Dec. 5, 2012) (granting in products liability suit motion to compel answers to interrogatory seeking identity of "all other products [plaintiffs] have consumed during the relevant time period that contain any of the fifteen ingredients challenged in the Complaint"). Defendants' discovery is proper; Plaintiffs' willful withholding of this information deprives Defendants of a full and fair opportunity to obtain fact discovery necessary to mounting their defense.

      B.      **Plaintiffs' Arguments Opposing This Discovery Fail**

In refusing to respond to Defendants' interrogatories, Plaintiffs do not deny that the information sought is highly relevant and generally subject to discovery under Federal Rule of Civil Procedure 26. Instead, Plaintiffs assert that Defendants agreed to withdraw the interrogatories, that CMO 9 precludes the discovery, and that the interrogatories are premature and unduly burdensome, directed at counsel, and call for the disclosure of information protected under the attorney-client privilege and the work product doctrine. (*See* ECF No. 490, Joint Status Report at 33-34.)[1] Each of these arguments are without merit.

---

[1] Plaintiffs argued ***for the first time last week*** that the August 4 interrogatories were not properly served. As an initial matter, any alleged deficiency in service has been waived by failing to timely raise the objection. Moreover, it is undisputed that those interrogatories were sent to Plaintiffs' Leadership Counsel to coordinate responses on behalf of all Plaintiffs. (*See* Ex. A, Certificate of Service.) To suggest that service was somehow improper because the discovery was sent to Plaintiffs' Leadership Counsel, rather than to all plaintiff counsel of record, is erroneous and contravenes the basic directive of the JPML in consolidating these proceedings to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." (ECF No. 1, JPML Transfer Order, Feb. 9, 2023 at 1–2.) Indeed, to require service on all counsel would directly contradict the mandate to Plaintiffs' "Co-Lead Counsel, and as delegated by such to the PEC and PSC" to (1) "[c]oordinate services and filings;" (2) "[i]nitiate, coordinate, and conduct all pretrial discovery ***on behalf of all Plaintiffs***:" and (3) "[c]onduct all discovery in coordinated and consolidated manner ***on behalf of and for the benefit of all Plaintiffs***." (ECF No. 28, Order Granting Appointment of PLC, Mar. 2, 2023 at 6–8 (emphasis added); *see also* Manual for Complex Litigation § 10.221 (4th ed. 2004) (observing that court-appointed lead counsel "act for the group … in …initiating and organizing discovery requests and responses").)

### 1. Defendants Did Not Agree to Withdraw the Interrogatories

As an initial matter, Defendants *never* withdrew these interrogatories. To the contrary, in agreeing to remove specific interrogatories from the PFS during PFS negotiations, Defendants told Plaintiffs' leadership that Defendants would pursue the responses to the remaining interrogatories at a later time. (*See generally* Ex. B; Ex. C; Ex. D ¶¶ 3-9; Ex. E ¶¶ 3-9.)

### 2. CMO 9 Does Not Bar Defendants' Previously Served Interrogatories

CMO 9, which was entered *over four months* after these interrogatories were propounded, states that "Defendants' use of the PFS is in lieu of interrogatories and requests for production of documents that Defendants ***otherwise would have propounded***, other than additional discovery contemplated in future phases of litigation and subject to the Court's approval of same." (ECF No. 343, CMO 9, at 5 (emphasis added).) Accordingly, CMO 9 neither withdraws pending discovery nor excuses Plaintiffs from their obligations to respond to pending discovery. Instead, it precludes *future* discovery propounded on Plaintiffs outside of the "additional discovery contemplated in future phases of litigation." Because these interrogatories predate this PFS order, they fall outside the scope of this preclusion and remain outstanding.[2]

### 3. The Interrogatories Are Neither Premature nor Unduly Burdensome

Plaintiffs contend that the outstanding interrogatories are objectionable because they are "premature and unduly burdensome contention interrogatories." (*See* ECF No. 490, Joint Status Report at 34.) This Court, however, has repeatedly granted motions to compel responses to contention interrogatories earlier in discovery where, as here, answers could meaningfully

---

[2] In addition, the negotiation of the PFS and the agreement on the language included in CMO 9 were specifically focused on issues of *plaintiff-specific* discovery. That is, should Defendants seek new plaintiff-specific discovery not contained within the PFS, they must do so consistent with CMO 9. Nothing in CMO 9, however, bars Defendants from pursuing *general* discovery against all Plaintiffs.

5

contribute to "clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussion." *Asher*, 2005 U.S. Dist. LEXIS 64593, at *24-25 (granting motion to compel answers to contention interrogatories at "early stage of discovery"); *see also In re Arlington Heights Funds Consol. Pretrial*, 1989 U.S. Dist. LEXIS 8177, at *1-2 (N.D. Ill. July 7, 1989) (observing that the at-issue contention interrogatories were "well calculated to narrow the issues appropriately at an early stage" and that "to the extent that any future developments may give [plaintiff] the basis for additional answers to the Interrogatories …, the answers already on file can be supplemented"); *Thomas & Betts Corp.*, 1996 U.S. Dist. LEXIS 4494, at *3-4 (observing that courts have broad "discretion to allow use of contention interrogatories before discovery is complete" and granting motion to compel answers to the same where "the purpose of discovery is to uncover exactly the type of information sought" and defendant needed plaintiff's answers "in order to properly defend itself against the lawsuit"). The Court should follow these well-reasoned decisions and order responses to the contention interrogatories now when discovery is already well underway.

### 4. The Interrogatories Are Directed at Plaintiffs, Not Their Counsel

Contrary to Plaintiffs' arguments, none of the seven outstanding interrogatories are directed to Plaintiffs' counsel. Indeed, each and every interrogatory is directed at "You," the plaintiff, or relates to the plaintiff's Short Form Complaint. To be sure, Interrogatory No. 10 seeks information regarding "any grants, funding, or any other value that You, a Plaintiff Attorney, or anyone acting on a Plaintiff Attorney's behalf have provided" to certain third-party testing and studies on which *Plaintiffs* have relied for their claims. (Ex. A, Interrog. No. 10.) But such information is properly discoverable from Plaintiffs where, as here, an attorney's knowledge and conduct is imputed to the client. *See, e.g.*, *Lansing v. Carroll*, 71 F. Supp. 765, 772–73 (N.D. Ill. 2014) ("[A]n attorney's knowledge is imputed to the client—that is, it is presumed that the client

6

knows what the attorney knows, 'notwithstanding whether the attorney has actually communicated such knowledge to the client.'"); *Act II Jewelry, Ltd. Liab. Co. v. Wooten*, 2016 U.S. Dist. LEXIS 97846, at *15 (N.D. Ill. July 27, 2016) ("Because the attorney is an agent of the client, actions the attorney takes on the client's behalf are imputed to the client.").

> **5. Plaintiffs Cannot Rely on Vague Objections Based on Purported Attorney-Client Privilege or The Work Product Doctrine Without More**

Plaintiffs have only vaguely asserted that the subject interrogatories seek information protected under the attorney-client privilege and the work product doctrine. But if any such privilege exists, "it should be clearly articulated and the reason for its invocation given in such a manner that the Court can properly assess its applicability." *Thomas & Betts Corp.*, 1996 U.S. Dist. LEXIS 4494, at *5. Such claims cannot be asserted on a blanket basis, and it is Plaintiffs' burden to establish all elements of the privilege. *See id.* at *5-6. Moreover, because these protections "obscure the search for the truth, [the privilege must be] confined to [its] narrowest possible limits to minimize the impact upon the discovery process." *Id.* at *5. Defendants reserve the right to respond to such privilege claims if and when they are asserted with particularity.

## III. CONCLUSION

For the foregoing reasons, Defendants request that this Court enter an order compelling Plaintiffs to provide written responses to the outstanding interrogatories contained in Defendants' First Set of Interrogatories to All Plaintiffs served on August 4, 2023. To the extent the Court denies this motion, Defendants request, consistent with CMO 9, that the Court leave open the opportunity for Defendants to pursue this discovery during a "future phase" of the litigation.

Dated: March 25, 2024

Respectfully Submitted,

*/s/ Colleen Baime*

Mark C. Goodman
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, Suite 1100 San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

Maurice Bellan
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850 Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

Colleen Baime
Laura Kelly
**Baker & McKenzie LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

*Counsel for Defendant Namasté Laboratories, LLC*

Seth A. Litman
Irvin Hernandez
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
T: (404) 541-2900
Seth.Litman@ThompsonHine.com
Irvin.Hernandez@ThompsonHine.com

8

*Counsel for Keratin Defendants Keratin Complex and Keratin Holdings, LLC*

Dennis S. Ellis
Katherine F. Murray
Nicholas J. Begakis
Serli Polatoglu
**ELLIS GEORGE CIPOLLONE O'BRIEN LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com nbegakis@egcfirm.com
spolatoglu@egcfirm.com

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950 Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole

11

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Abbot P. Edward
Melissa He
Erich J. Gleber
**HAWKINS PARNELL & YOUNG LLP**
275 Madison Avenue, 10th Floor
New York, NY 10016
eabbot@hpylaw.com
mhe@hpylaw.com
egleber@hpylaw.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
kmccall@sidley.com

*Counsel for Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott

12

**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

13