**CASE MANAGEMENT ORDER NO. 11**
**(Service of Short form Complaints [CMO 8 Amendment] and**
**Plaintiff Fact Sheet [CMO 9 Amendment])**

On September 13, 2023, the Court issued Case Management Order No. 8 ("CMO 8") [ECF 249] to govern the form, procedure, and schedule for the completion and service of Short Form Complaints ("SFC"). In an effort to provide greater transparency to the Court and the Parties, and assist with tracking of deadlines for Plaintiff Fact Sheets, this order directs all Plaintiffs to serve their SFC by uploading them to the database maintained by the Third Party Vendor, as further described herein. The Parties will also jointly coordinate to track service in the Third Party Vendor electronic platform of SFCs filed and/or served before entrance of this order.

On December 19, 2023, the Court issued Case Management Order No. 9 ("CMO 9") [ECF 343] to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS"), including the execution of authorizations for the release of certain records and production of certain documents. The Order directs all Plaintiffs to complete and serve their PFS, authorizations, and documents responsive to the PFS requirements by uploading them to the database maintained by the Third Party Vendor[1] as part of their PFS obligations ("PFS Database") [ECF 343-4]. Specifically, paragraph 5 of CMO 9 states: "The plaintiffs shall complete and serve their PFS, authorizations, and documents responsive to the requests for production of documents as set forth in the PFS by uploading them to their account in the database maintained by Third Party Vendor."

---

[1] The term "Third Party Vendor" is used several times in CMO 9, which contemplates that the Third Party Vendor used for various tasks may be more than one vendor. The Vendor discussed here is in reference to the SFC, PFS intake, PFS deficiency process, and case dismissal tracking and not the collection and management of third party records.

CMO 9 also outlines the PFS Warning and PFS Deficiency process also contemplated for inclusion in the database maintained by the Third Party Vendor. In addition, paragraph 7 of CMO 9 states "Plaintiffs and their counsel are responsible for ensuring appropriate contact information is provided to the Third Party Vendor to receive the automated Warning Letter." For the Warning Letter to be automatically generated and issued by the Third Party Vendor and allow the Third Party Vendor to assist the Parties and Court in managing the docket, this Order directs all Plaintiffs to upload their Short Form Complaints ("SFCs") as described herein.

This Case Management Order supplements CMOs 8 and 9 in furtherance of the above-referenced objectives. In the event of any conflict between CMOs 8 and/or 9 and this CMO, this CMO shall control and CMOs 8 and/or 9 shall be deemed amended and reformed only to the extent required to eliminate any such conflict or inconsistency. Rights reserved by the parties in connection with CMOs 8 and/or 9 remain reserved unless specifically addressed herein.

By agreement of the parties and contingent upon continued responsiveness and performance by the Third Party Vendor to all parties, the Court hereby appoints BrownGreer PLC[2] as the Third Party Vendor for service and for management of the electronic platform that is hosting certain specified data for this MDL. BrownGreer PLC's MDL Centrality system—the electronic platform—will provide centralized hosting and management of the PFSs and SFCs while assisting the Court and parties with gathering, organizing, accessing, and analyzing various categories of information in connection with this matter.

The Court now enters this Order directing every Plaintiff to register his/her/their filed claim through Third Party Vendor's MDL Centrality System located at https://www.mdlcentrality.com/

---

[2] As per the parties' agreement.

to fulfill the service requirements of CMO 8 (as amended herein) and CMO 9 (as agreed by the parties for service of the PFS).

    A. **Third Party Vendor's Collection and Use of Data**

The Court grants Third Party Vendor a CMECF/ PACER pro hac waiver and orders the Third Party Vendor to file Notices of Appearance in the MDL docket and all member cases (working with the Clerk's Office to address previously filed cases) to ensure access on all associated/docketed items within MDL 3060 in the Northern District of Illinois to accomplish tasks contained herein.

The Third Party Vendor shall populate the shared database system with case information that includes but is not limited to the case number, parties, counsel, date of SFC filing, auto-populated service due date, and auto-populated PFS due date within 14 days of filing the SFC as a member case in the MDL. The Third Party Vendor shall also assign each Plaintiff a unique identifier ("Plaintiff ID") as soon as a Plaintiff's case information is populated in the database. Further, as contemplated in CMO 9, the Third Party Vendor shall automatically issue a Warning Letter the day after a Plaintiff's PFS is due if the Plaintiff has not served via MDL Centrality a PFS and at least one authorization. To the extent the Third Party Vendor is unable to determine either the service deadline for an SFC or the deadline for a Plaintiff to complete a PFS, Third Party Vendor must alert the Parties to the relevant case and the Parties must work with Third Party Vendor to ensure the required data is secured before either deadline.

If a Plaintiff fails to register with MDL Centrality before the Warning Letter is issued, Third Party Vendor will utilize attorney contact information provided by Plaintiff's counsel when a Complaint was filed in this litigation when sending the Warning Letter (if any). In accordance with the Federal Rules and Local Rules, Plaintiffs' counsel are obligated to monitor the email addresses

provided to the Court. Therefore, such service of a Warning Letter is deemed proper and the relevant plaintiff will be held to any deadlines resulting from the service of the Warning Letter.

B. **Production Format of SFCs and PFSs Loaded to MDL Centrality**

Following entry of this order, for all cases filed and/or transferred (and active) in the MDL, Plaintiffs' counsel shall upload (a) a PDF of the as-filed SFC (and all amended SFCs) and (b) a fillable form (i.e., electronic data copy) of the SFC (and all amended SFCs) to the online MDL Centrality system accessible at www.mdlcentrality.com within 45 days after entry of this Order. This does not alter or otherwise extend Plaintiffs' deadline to serve any Defendant in this litigation under the Federal Rules and applicable Orders.[3] Nor does this affect the process by which a Plaintiff can amend an SFC under the Federal Rules and applicable Orders entered by this Court.

As new cases are transferred into the MDL and a Plaintiff's obligation to serve an SFC under CMO 4 arise, or new SFCs are filed, the obligation to upload the PDF and fillable form SFC to MDL Centrality applies when service is effectuated via the MDL Centrality system. All submissions (including PFSs) to MDL Centrality shall also include fillable form format for text extraction.[4] Plaintiffs' counsel will be asked to identify for service purposes both the Defendants upon whom service is effected and date of service (whether serving for the first time using MDL Centrality or to confirm prior service for a previous filing) when an SFC is loaded to the MDL Centrality system.

---

[3] To the extent information contained in the file-stamped PDF and the fillable form SFC, the file-stamped PDF SFC controls, and the Parties will meet and confer to resolve any discrepancies between the two versions of the SFC.

[4] The Parties must work with Third Party Vendor to resolve any technical issues with upload or text extraction deficiencies.

C. **Form of Service**

MDL-Centrality shall serve electronically upon representatives of Defendants identified by Plaintiffs using contact information provided to MDL-Centrality by each Defendant in lieu of the email service outlined in CMO 8. Service of any SFC in this manner, and in compliance with CMO 8 to the extent not otherwise amended herein, will be deemed effective service under Fed. R. Civ. P. 4. Under no circumstances shall a willingness to accept service in this format be deemed as a waiver of service, or willingness to forfeit ordinary service requirements pursuant to the Federal Rules of Civil Procedure, as to any of Defendants' affiliates.

Service via MDL Centrality may not be possible for every Defendant named by a Plaintiff. A Plaintiff must serve any Defendant who cannot be served via MDL Centrality by service of process authorized under Fed. R. Civ. P. 4 and CMO 8.[5] To the extent that service is effectuated outside of MDL Centrality, in accordance with the Federal Rules, a Plaintiff must register with MDL Centrality and upload copies of service documents, as defined in CMO 8, to the Plaintiff's portal by Plaintiff's Counsel within 7 days of the effective date of service.

D. **Verification of Date of Service for SFCs Served Prior to Date of This Order**

To verify the date of service of the SFC for cases filed prior to the date of this Order, Plaintiffs and Defendants shall provide known and available service data to the Third Party Vendor indicating the effective date of service on any Defendant named in a given case, to the extent known. Within 5 days of a Plaintiff's upload and service of an SFC thru MDL Centrality, the data Plaintiffs and Defendants provided to Third Party Vendor, to the extent known and available as to that plaintiff, will be published to that Plaintiff's Individual Portal via the Third Party Vendor

---

[5] Due to counsel's change of firms, as updated through a Notice of Change of Distribution Email for McBride Research Laboratories, Inc ("McBride"). Per CMO 8 [ECF 320], McBride requests that, should service be made through CMO 8, the following email address is used for service pursuant to same: McbrideMDL@Dinsmore.com.

MDL Centrality platform. To the extent a party disagrees with the service data provided by Plaintiffs and/or Defendants, that party must upload to the Third Party Vendor proof relating to the Defendant served and the date of alleged service within 21 days of publication of the service data following upload of the SFCs.

Defendants who had not previously been served will be deemed to be served with the SFC at the time of the automatic receipt process to the relevant defendant through MDL Centrality. A Defendant who contests proper service and/or asserts the SFC received is deficient may raise these issues as described in CMO 8. A defendant that is currently carrying out the SFC deficiency process outlined in CMO 8 may continue in the process unchanged unless the service of an SFC under this CMO results in curing the initially identified deficiency. All other requirements of CMO 8 remain unchanged.

E. **Timing of Plaintiff Registration for MDL Centrality**

Each Plaintiff who files a complaint in or has an action removed to or transferred to this MDL, must, by counsel or as *pro se*, register to establish a secure online portal in the MDL Centrality online system and obtain authorized usernames, secure login passwords, and authorized email service address(es) to permit the use of MDL Centrality by such counsel or Plaintiff.

1. For any case filed in, removed to, or transferred to this Court, before the date of entry of this Order, each Plaintiff shall register with MDL Centrality within 14 days of entry of this Order if Plaintiff has not already done so.

2. For any case filed in or removed to this Court, on or after the date of entry of this Order, each Plaintiff shall register with MDL Centrality in order to upload their SFC to the online MDL Centrality system accessible at www.mdlcentrality.com and effectuate service upon defendants named in the SFC. This may occur at any time but no later than 90 days after

filing of the SFC on the Plaintiff's individual member case docket in accordance with CMO 8, paragraph II. D or when a long form complaint is transferred to the MDL. This provision does not affect the Parties' rights and obligations for service under the Federal Rules.

Records maintained by MDL Centrality concerning service will be rebuttably presumed to be authoritative for purposes of establishing the effective date of service. If a dispute arises as to service, the parties may reach an agreement or raise with the Court if they cannot agree.

**F. Further Access to MDL Centrality Data**

Each Defendant named and served in at least one SFC must, by counsel, register to establish a secure online portal in the MDL Centrality online system and obtain authorized usernames, secure login passwords, and authorized email service address(es) to permit use of MDL Centrality by Defendants' counsel.[6]

Defendants will use the Third Party Vendor platform for delivery of PFS Warning and PFS Deficiency Letters and for related communications beginning no later than 30 days after the later of, entry of this Order, or when the Third Party Vendor's electronic platform is capable of hosting this service.

The Plaintiffs' Executive Committee, Defendants' Counsel or their designees, and Attorney Designees Appointed by the Plaintiffs' Executive Committee and Defendants' Counsel, will have access to and be able to view, search and download all materials served by all Plaintiffs and by all Defendants in MDL Centrality, subject to the provisions of the parties' Protective Order (Case Management Order No. 3) and the requirements of Fed. R. Civ. P. 5, other than what

---

[6] As the parties have confirmed with BrownGreer, MDL-Centrality will provide the relevant defendant notifications within about an hour of any service processed via the MDL-Centrality portal.

is maintained in MDL Centrality that is the work product of any party or parties, for which the other parties shall not have access.

The Court may obtain access to and establish a secure online portal with MDL Centrality and obtain, through the Third Party Vendor, an authorized username and secure login password to permit use of MDL Centrality by the Court for access to reports and data regarding PFSs and SFCs served via MDL Centrality.

G. **HIPAA Authorization**

By using MDL Centrality, each Plaintiff authorizes the disclosure of his or her medical records and other health information submitted as part of any PFS or PFS-responsive documents to BrownGreer PLC as the administrator of the MDL Centrality System, the Court, Plaintiff Leadership, and Defendants, and to their authorized agents, representatives, and experts of the foregoing, for purposes of this litigation, pursuant to the terms of the Protective Order (Case Management Order No. 3).

H. **No Impact on Privileges or Work Product Protection**

The use of MDL Centrality by any party will not alter or otherwise waive or affect any attorney-client privilege, work product doctrine, common interest or other protection available that would otherwise apply to a document in the absence of the use of MDL Centrality. Any notations placed on materials, comments entered, or documents stored or uploaded to MDL Centrality by a user will be considered to be the work product of such user(s) unless and until the material is served on or purposefully disclosed to the opposing party through the use of MDL Centrality or otherwise. All other privileges or work product protections are covered by Case Management Order No. 5.

### I. No Impact on the Scope of Discovery

Use or action in MDL Centrality will not be deemed to limit the scope of inquiry at depositions and/or admissibility of evidence at trial. The scope of inquiry at depositions will remain governed by the Federal Rules of Civil Procedure and the admissibility of information will be governed by the Federal Rules of Evidence and applicable law, subject to agreement by the Parties, a deposition protocol to the extent one is ordered in this litigation, or any other relevant order entered by this Court.

### J. ECF Notifications

The Clerk of Court shall execute the steps necessary to include BrownGreer PLC as the MDL Centrality Administrator as an interested party for purposes of receiving emailed ECF notifications related to this matter, including the individual plaintiff dockets (member cases) and the MDL docket.

Ordered this 14th day of May 2024.

_____
Mary M. Rowland
United States District Judge