**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>*Related to: All Cases on Exhibit A* | MDL No. 3060<br><br>Master Docket No. 1:23-cv-00818<br><br>Hon. Mary M. Rowland<br><br>Mag. Judge. Sheila M. Finnegan |

**PLAINTIFFS' LEADERSHIP'S OMNIBUS MOTION FOR**
**LEAVE TO DISMISS NON- OVARIAN, UTERINE OR ENDOMETRIAL**
**CANCER CASES WITHOUT PREJUDICE**

Plaintiffs' Lead and Liaison Counsel, members of Plaintiffs Leadership, and individual counsel on behalf of Plaintiffs identified on Exhibit A, file the following Motion for Leave to Dismiss Non-Ovarian, Uterine, or Endometrial Cancer Cases Without Prejudice[1] against all Defendants for whom the individual Plaintiff brought suit,[2] and would state as follows:

**INTRODUCTION**

Movants are Plaintiffs whose cases were filed in or transferred into the MDL with claims against Revlon and/or other Defendants. These Plaintiffs believed they were under immediate time pressure to file claims even though they had not been able to secure all of the confirming

---

[1] Additional Plaintiffs in MDL 3060 may file similar motions in the future; the list of Plaintiffs contained within is not intended to be an exhaustive list of all similarly situated Plaintiffs. To date no Defendant (other than Revlon) had agreed to dismissal without prejudice for an injury other than uterine, ovarian or endometrial cancer even in the face of Plaintiffs' requests as they assert they do not believe the requests satisfy the good cause requirement for dismissal without prejudice.

[2] Many of these cases are brought against Revlon in addition to other Defendants. Even though the Revlon Bankruptcy reorganization led to the premature filing of many of these cases, Revlon is the only Defendant willing to agree to a dismissal without prejudice for those claimants who filed against Revlon by the bankruptcy bar date. For those claimants who did not meet the Revlon bankruptcy bar date, including Spanish-speaking claimants who challenged the absence of robust Spanish-language notice, Revlon joins the other Defendants in opposing dismissal without prejudice, apparently taking the position that if they filed at all they are forever barred even if the original (late) filing was good faith error. For these reasons, Plaintiffs are seeking dismissal without prejudice against all named and active Defendants.

medical records on short notice. At the time their cases were filed, they believed they were diagnosed with ovarian, uterine, or endometrial cancer, but later learned they had not been. After filing in good faith, some learned that their cancer was not a gynecological cancer, while others believed they had a gynecological cancer due to the surgical removal of their ovaries and/or uterus due to cancerous or pre-cancerous cells although no records confirmed a cancer diagnosis. Yet, other Plaintiffs did not have a clear understanding of the reasons for their medical history, believed cancer screenings were treatments, and/or misunderstood the underlying reason for some of the medical conditions from which they suffered. Records that were collected ultimately revealed that these Movants suffer from injuries other than ovarian, uterine, or endometrial cancer, and, fortunately, have not yet developed those cancers.[3] All of these filings, while made in good faith, occurred at a time when there was uncertainty amongst many claimants (and their counsel) about what types of claims would be pursued as well as the uncertainty of the Revlon bar deadline. Plaintiffs' leadership has taken a clear line in the long form complaint that the claims being pursued at this time relate only to ovarian, uterine and/or endometrial cancers. Thus, the Movants[4] do not

---

[3] The Revlon Bankruptcy Plan ("the Plan") contemplated the need for a future injury category both in hearing transcripts and on the Proof of Claim form. *See* Proof of Claim form page 5. *See also* page 62 of March 7, 2023, Bankruptcy Hearing Transcript where counsel for Revlon debtors stated that "Future claims" in the mass tort bankruptcy context means "pre-petition claims based on pre-petition exposure to a debtor's product" with the Court interjecting that it is an injury that "manifest[s] later". Additionally, the Plan permitted filing future cancer claims in the MDL after the September 14, 2023, deadline if the filing was within six months of diagnosis. Revlon defendants in the MDL litigation have largely agreed to dismissal without prejudice due to their unique position in the MDL amongst defendants. However, in the bankruptcy proceedings, Revlon's bankruptcy counsel has objected to allowing non-cancer creditors to amend their proof of claim forms to future claims. Therefore, Revlon's dismissal without the ability to amend the Proof of Claim form, when necessary, effectively amounts to a dismissal with prejudice under the Plan. Any dismissal without prejudice will also necessitate coordination with Revlon's bankruptcy counsel for Proof of Claim form amendment.

[4] The majority of Movants (identified on Exhibit A) were filed in relation to the Revlon Bankruptcy Plan filing deadline; however there are others with filing dates prior to the entry of CMO10 with similar fact patterns and later confirmed injury diagnosis who seek dismissal without prejudice. All Movants are seeking dismissal without prejudice under Rule 41(a)(2) and/or Rule 41(a)(1)(A)(i) as their diagnosed injuries are not specifically pled in either the Master Long Form or Short Form Complaint.

have injuries covered by the long-form complaint and seek dismissal without prejudice. Unfortunately, it is highly likely that some unknown subset of the Movants will develop the cancers at issue in the long form complaint. To avoid the extreme result of dismissal with prejudice for women who ultimately will suffer the core injuries covered by this MDL, this Motion seeks the ability of these women, if they later develop the covered claims, to refile if they so choose. That outcome -and the unique circumstances of the facts and claims in this litigation - is exactly why the law allows dismissals without prejudice.

The law affords the Court significant discretion here; indeed, the Court would only be abusing its discretion if somehow the Defendants were able to show they suffered extreme prejudice if this motion were to be granted. Simply put, the opposite is true. Movants (or at least some unknown subset of them) would be the ones to suffer is this motion *were not* granted. Moreover, the outcome Plaintiffs also seek aids Defendants, who will be better off by not having to defend these cases now and, for all practical purposes, will likely not ever have to defend the vast majority of the Movants. Movants therefore seek voluntary dismissals of their cases under Rule 41(a)(2) without prejudice because they (a) have no have proof of any injury claimed on their Short Form Complaint, (b) do not have proof of nor do they currently suffer from any injury alleged in the Long Form Master Complaint and (c) do not wish to proceed in this litigation with non-ovarian, uterine, or endometrial cancer cases but do not wish to be dismissed with prejudice as they seek to preserve their ability to re-file their cases in the event that they do develop cancer in the future.

## BACKGROUND

On June 15, 2022 (the "Petition Date"), Revlon, Inc. and 50 affiliated debtors (collectively, "Revlon," or, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy

3

Code. On September 9, 2022, the Bankruptcy Court entered an Order establishing October 24, 2022, as the "General Bar Date." On October 17, 2022, the National Institute of Health published a study finding that women who used chemical hair straightening products four or more times per year are twice as likely to develop uterine cancer (the "NIH Study"). Following publication of the NIH Study, the Bankruptcy Court entered an order extending the bar date applicable to hair straightening claimants to April 11, 2023. On February 6, 2023, the Judicial Panel on Multi-District Litigation centralized MDL 3060 (which included the four sets of defendants who responded to Plaintiffs' counsels' motion for consolidation – the L'Oréal Defendants, the Dabur International and Namaste Laboratories Defendants, the Strength of Nature Defendants, and the House of Cheatham Defendants.) There were 44 related federal actions filed at the time of consolidation in the Northern District of Illinois. Prior to the April 11, 2023 bar date, over 31,000 claimants filed a proof of claim in the Revlon bankruptcy proceeding, alleging pre-petition exposure to Revlon Hair Relaxer products that has caused or could cause injury in the future.

The Bankruptcy Court further ordered that all hair straightening claimants with a present pre-petition claim against Revlon were required to file directly into this MDL before September 14, 2023, or 90 days after entry of the MDL Court's Direct Filing Order. Because the MDL Direct Filing order was entered in March 2023, the later date of September 14, 2023 became the operative date by which all Revlon claimants with a proof of claim and an injury diagnosis were required to file into the MDL.

In July 2023, Plaintiffs requested that this Court either rule that the March Direct Filing Order did not apply to Revlon[5] or enter a later Direct Filing Order that would provide additional time for the Revlon claimants with present pre-petition claims to file into the MDL. *See Transcript*

---

[5] Revlon had not yet entered an appearance at the time the Direct Filing Order was filed.

*of July 10, 2023 CMC,* Document No. 151, at page 16. Plaintiffs explained that the September 14, 2023, deadline would significantly shorten the time that counsel would ordinarily take to properly vet cases and obtain medical records before filing. *Id.* at 17-18. Plaintiffs also indicated that cases which would not ordinarily meet the criteria for filing (i.e., a cancer diagnosis of the type discussed in the Long Form Master Complaint) would likely be filed due to the threat that Plaintiffs could be forever precluded from filings cases against Revlon after the expiration of the September 14 deadline. *Id.* Given the timing of the Revlon bankruptcy deadline to other Defendants' statutory deadlines, Plaintiffs also informed the Court that these filings would likely not only name Revlon as a Defendant, but also include the other Defendants, as Plaintiffs sought to avoid multiple filing fees. *Id.* The Court did not grant Plaintiffs' requested relief. Instead, it maintained the September 14, 2023 filing deadline, resulting in more than 6,000 cases that were directly filed in the MDL using the Short Form Complaint by September 14, 2023. *See Transcript of July 14, 2023 CMC,* Document No. 166, at pp. 23-24.

Following the Revlon filing deadline in September 2023, the Parties jointly negotiated and entered a process for Plaintiff-specific discovery in the MDL. Specifically, on December 19, 2023, the Court entered Case Management Order # 9 ("CMO 9") relating to submission of a Plaintiff Fact Sheet ("PFS"). CMO 9 had rolling deadlines specifically to address the volume of cases filed by the parties in relation to the Revlon bankruptcy and the need for further vetting of those cases by Plaintiff's counsel. The information contained in a completed PFS, as well as the medical records that a Plaintiff must submit with the PFS, are essential to the litigation (and defense) of this action. Indeed, in multidistrict proceedings, the exchange of profile forms such as the PFS is the initial step in the bellwether selection process. *See Honorable Eldon E. Fallon et al.*, "Bellwether Trials in Multidistrict Litigation," 82 Tul. L. Rev. 2323, 2344 (2008). Plaintiff Fact

Sheets give the attorneys some knowledge, however limited, about the individual cases in the MDL, thereby allowing them to make educated selections as to which cases are appropriate for additional case specific discovery as part of the Bellwether discovery pool.

Plaintiffs' Counsel understand that without a completed PFS it is nearly impossible for Hair Relaxer Defendants to assess the merits of a claim and to determine which cases are appropriate bellwether candidates. *See Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.)*, 496 F.3d 863, 867 (8th Cir. 2007) ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial [from failure to produce plaintiff fact sheet]."). However, the Plaintiffs at the center of this motion are ones for which counsel are unable to submit completed Plaintiff Fact Sheet as their injuries are not included in the Master Long Form Complaint or Short Form Complaint, nor are they addressed in the topics covered by the PFS. It is nearly impossible for these Plaintiffs to achieve a "substantially complete" PFS, yet they face dismissal with prejudice[6] for failure to meet discovery obligations and are now seeking to remove themselves voluntarily from an impossible situation. Impossible because they have not yet been diagnosed with one of the injuries which are central to this litigation – but may be diagnosed in the future.

## LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that when a Defendant has filed an answer,[7] Plaintiff must obtain an order from the Court to dismiss the action without

---

[6] The drastic nature of a dismissal with prejudice requires the action to be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir.1989).

[7] Arguably, Plaintiffs could have sought to voluntary dismiss these cases without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiffs' Master Long Form Complaint only asserted uterine, ovarian, and endometrial cancer as injuries caused by Defendants' products. At no place in the Master Long Form Complaint are "fibroids" or "leiomyoma" discussed, referenced or even mentioned.

prejudice.[8] The decision to permit a plaintiff to voluntarily dismiss an action without prejudice under Rule 41(a)(2) is within the sound discretion of the court. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir.1994) (citing *FDIC v. Knostman,* 966 F.2d 1133, 1142 (7th Cir.1992)). A district court abuses its discretion by dismissing a case without prejudice only if the dismissal would cause the defendant to "suffer 'plain legal prejudice.'" *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (citation omitted).

Dismissal is a harsh sanction and therefore its use should be limited. *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir.1994). A district Court's discretion is most limited when the sanction being considered is dismissal. Generally, a warning should precede dismissal with prejudice for discovery misconduct, and dismissal without one is more appropriate when a litigant commits multiple discovery violations. *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2011).

Courts have broad discretion in determining whether to dismiss a case with prejudice. But that discretion is not unbridled. Sanctions are warranted under Rule 37(b)(2) "when a party fails to comply with discovery orders, and the district court finds willfulness, bad faith, or fault." *De Falco v. Oak Lawn Pub. Library*, 25 F.Appx. 455, 457 (7th Cir. 2001); *Williams v. Wahner*, 714 F.Appx. 601, 604 (7th Cir. 2018) (same). "District courts routinely do not terminate a case at the

---

Movants' claims that Defendants' products caused fibroids or non-cancer injuries were asserted only in their Short-Form Complaint. While Case Management Order 8 provides that Defendants' Master Answer constitutes an Answer to each Short Form Complaint, Defendants Master Answer is not responsive to the fibroid and non-cancer claims that are only asserted in the Movants' Short-Form Complaints or are not asserted at all in either the Master Long Form Complaint or the Short Form Complaint. Plaintiffs submit that for purposes of Federal Rule of Civil Procedure 41(a)(1)(A)(i), no Answer has been filed in these cases.

[8] Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Movants could also voluntarily dismiss without prejudice if Defendants stipulate to the dismissals. Movants have requested such stipulations from Defendants, but those requests have been denied.

7

same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm's*, 377 F.3d 682, 687 (7th Cir. 2004). "The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell*, 969 F.2d 465, 473 (7th Cir. 1992) (citations and internal quotation marks omitted). Sanctions or other extreme situations with a clear evidentiary record of delay or other contumacious conduct are not the case for any of the Plaintiffs identified below. There is no evidence in favor of Defendants to support dismissal with prejudice at this early stage of litigation for these Plaintiffs seeking voluntary dismissal.

## ARGUMENT

In *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969), the Seventh Circuit set forth the following four factors that a Court must consider in determining whether a dismissal without prejudice would cause the defendant to suffer plain legal prejudice: (1) the defendants' effort and expense of preparation for trial; (2) whether there has been excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action. (3) whether there is insufficient explanation for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the defendant. The Court need not resolve each factor in Movants' favor to dismiss without prejudice, but the burden is on Movant to show that the balance of the four *Pace* factors favors the dismissal without prejudice. *Jones v. Bridgestone/Firestone, Inc.*, No. IP00-9373-C-B/S, Master File No. IP 00-9373-C-B/S, Individual Case No. IP 00-C-5046-B/S, MDL No. 1373 (S.D. Ind. Feb. 20, 2001).

Further, there is a discussion from *Tyco* that lays out the factors in context with the standard of review on appeal:

> We noted there that factors to be considered in examining motions to dismiss may properly include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id*. at 334. Koppers has strenuously urged that the facts of this case fit squarely within the *Pace* "test" for denying a motion to dismiss. We think, however, that this argument ignores our standard of review on appeal.

*Tyco Lab'ys, Inc. v. Koppers Co*., 627 F.2d 54, 56 (7th Cir. 1980).

Here, consideration of the four *Pace* factors strongly favors the Court exercising discretion to allow Movants to dismiss these non-ovarian, uterine, or endometrial cancer and fibroid cases without prejudice:

a. <u>Defendant's Effort and Expense in Preparing For Trial</u>

The first factor weighs heavily in Movants' favor as the Defendants have not expended much time or effort on any of these fibroid and non-ovarian, uterine, or endometrial cancer cases individually or collectively. Discovery on the Plaintiffs from the individual Movants has barely started. The Court has not selected any cases—much less these cases—as potential bellwether cases. Defendants have only propounded Plaintiff Fact Sheets, which are not specific to any of these Movants. Defendants have not deposed any of the Movants or done additional significant work on any particular Movant's case.

In fact, permitting these voluntary dismissals without prejudice would likely greatly reduce Defendants' time and expenses. Movants have made the determination that their fibroid and non-ovarian, uterine, or endometrial cancer cases are not viable at this time. Rather, than causing the Court and Defendants to expend time and resources litigating these cases by conducting discovery and perhaps motions practice at the summary judgment stage, Movants are voluntarily dismissing

these cases prior to any such efforts and expenditures. Defendants would only be required to expend time and resources on these cases if and only if any of these Plaintiffs developed the type of cancer(s) set forth in the Master Long Form Complaint.

    b. *There Has Been No Lack of Diligence by Plaintiffs in Prosecuting the Actions and Moving for Voluntary Dismissal*

Approximately eight months have passed since Movants filed the majority of these lawsuits in September 2023. Delays of similar lengths between filing suit and voluntary dismissals have been held by this Circuit as not excessive. *See FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992 (finding a delay of at least seven months from lifting of bankruptcy stay not excessive). Further, in the months that have elapsed since filing these cases, Movants and their counsel have diligently been acquiring several decades worth of medical records. For many of these Movants, they knew solely that they had medical treatment or partial hysterectomies but did not know whether their surgical procedures were due to cancerous or pre-cancerous tumors or non-cancerous or pre-cancerous fibroids. The rush to file by September 14, 2023 prevented counsel from being able to obtain the medical records to confirm these details for some Movants until after the suit was filed. Therefore, for many of the Movants, the delay between Movants' voluntary dismissal and the filing of the short form complaint has been far less than seven months. Thus, there has been no lack of diligence by Movants in obtaining the medical records and verifying the pathology results.

    c. *Movants Have Provided Sufficient Reason for the Voluntary Dismissals Without Prejudice*

Movants' reason for seeking voluntary dismissal without prejudice is sufficient here because they merely seek to preserve the right to re-file their lawsuits in the event they develop the life-threatening cancers set forth in the Master Long Form Complaint. It would be wholly inequitable for the Court to allow Revlon's bankruptcy to force these Movants to file their suits

10

prematurely because of the hurried September 14, 2023 deadline, and then preclude them from re-filing their suit when they develop cancers as a result of using Defendants' products. *See Hawkins v. Nalick*, 2012 IL App (5th) 110553, ¶ 15, 975 N.E.2d 793, 796 (stating it is an unduly harsh result for Plaintiff's claim to be dismissed before he/she is aware they have been injured).

   d. <u>No Summary Judgment Motion Has Been Filed by Defendants</u>

Finally, Defendants have not filed any motions for summary judgment against any Plaintiff. In fact, were they to do so, one of the reasons argued would likely be for failure to bring a claim supported by the Master Long Form Complaint, the very reason Plaintiffs are now seeking voluntary dismissal without prejudice of their current Short Form Complaints before any such work is needed. Plaintiffs are attempting to do the right thing: voluntarily dismiss their actions prior to any effort or resources being expended on the claim – while preserving their right to revisit suit if their diagnosis were to change in the future.[9]

## **CONCLUSION**

Movants respectfully request that the Court exercise its discretion to grant Movants a voluntary dismissal of their cases without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Under the Federal Rules, voluntary dismissals without prejudice should be freely

---

[9] The case law is ripe with examples where the motion to dismiss was granted with prejudice only when evidence reflected extreme circumstances. *See generally Sandle v. Wal-Mart Stores, Inc.*, No. 16 CV 4157, 2018 WL 1138544 (N.D. Ill. Mar. 2, 2018) (motion made on the first day of trial); *Clear Skies Nevada, LLC v. Hancock*, No. 15 C 6708, 2017 WL 3642034 (N.D. Ill. Aug. 23, 2017) (denying Plaintiff's motion where Plaintiff's delays had extended the litigation for two years, Plaintiff provided no reason for dismissal, discovery was closed, and Defendant had spent much time and money litigating, including preparation of a summary judgment motion); *Swanigan v. Trotter*, 645 F. Supp. 2d 656, 673 (N.D. Ill. 2009), *modified on reconsideration*, No. 7 C 4749, 2011 WL 658156 (N.D. Ill. Feb. 14, 2011) ("Here, Swanigan consented to the dismissal of certain defendants only after the parties put much expense and effort into the litigation. The parties engaged in an extensive discovery period that included at least sixteen depositions. Swanigan's consent to dismissal did not include any explanation of his need to voluntarily dismiss those defendants and Swanigan did not consent to their dismissal until after all defendants had moved for summary judgment. Therefore, under Fed.R.Civ.P. 42(a)(2), the Court finds it appropriate to dismiss Swanigan's claims against Kavanaugh, Orsa, Rogus, Switalla, Uginchus and Beazley with prejudice.").

granted unless the dismissal would cause the Defendants' plain legal prejudice. Here, the four *Pace* factors are all in favor of Plaintiffs and make clear that this Court should permit Plaintiffs to dismiss their cases without prejudice, which is a practical and just result.

        Respectfully submitted,

        /s/ Edward A. Wallace
        Edward A. Wallace
        **WALLACE MILLER**
        150 N. Wacker Dr., Suite 1100
        Chicago, Illinois 60606
        Tel.: 312-261-6193
        Email: eaw@wallacemiller.com

        *Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel, and counsel for Takisha Jordan, Lakisha Blackstone, Eva Buchanan, Lora Wilson, Debra Jefferies, Monique Hines, Carrie Milton, Lalita Wroten*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel, and counsel for Tiffany Thomas, Karen Moncrief, Theresa Thomas*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel, and counsel for Melodie Webb, Shondra Sudduth, Myesha Jones, Denita Rice, Annette De Jesus, Cherie Wallace, Nedra Scott, Lucy Jackson, Lauri Mahley, Shervetta Freeman, Angela D. Jones, Lisette Serrano, Sherry Swett, Brenda Tomberlin*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

Jayne Conroy
**SIMMONS HANLY CONROY**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 257-8482
Email: jconroy@simmonsfirm.com

*Plaintiffs' Executive Committee, and counsel for Latanya Lazaro, Tamica Garland, Lynn Ferguson, Bobbie Jackson, June Brown, Cynthia Brumfield, Sharise Buchanan, Mary Burkett, Cashandra Cosby, Desonya Crosby, Kinana Rivers, Marlita Roach-Alexis, Sabrina Russell, Victoria Sanders, Regina Whitehead, Tyresha Liz Washington, Shyhannes Beard, Felicia Christian-Weaver, Shandra Coates, Mary Mason, Maketta Matthews, Sheila McDaniel, Clara Biggs, Johnnie Brown, Tira Pittman, Tanishia Bryant, Stephanie Jones, Elise Carter, Monique Mitchell, Jacqueline Hypolite, Markeshia Kight, Bernice Owens, Shiekima Linson, Ophelia Choice, Damita Rice, Crystal Robinson, Cassondra Shares, Redell Sherrill, Alicia Hundall, Belinda Hayes, Antoinette Jackson, Tina Rhodes, Laverne Harris, RonChelle Tisdale, Mary Jacobs, Johnella Rucker, Dedra Semmions, Elizabeth Mathews, Ivette Matos, Nimani Campbell, Theresa McCloud, Danielle Myrick, Phyllis Washburn, Alisande Lymon, Leslie Mitchener, Aesha Hall, Angela Fleming,*

*Samantha Brown, Cassandra Williamson, Brittney Davis, Alrita Wilson, Deborah Woodruff, Sherena Battles, Tanya Tidwell, Faye Woods, Maria England, Alicia Richardson, Nneka Patterson, Sandra Lara, Shannon Leblanc, Star Saunders, Santana Danitza Heres, Rosetta Nalls, Kia Walker, Rose Fergerson, Patricia Chamblee*

Jennifer Hoekstra
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 E. Main St.
Pensacola, FL 32502
Tel.: (850) 202-1010
Email: jhoekstra@awkolaw.com

*Plaintiffs' Executive Committee, and counsel for Mary McGluen, Patricia Thomas, Dominiquea Anderson, Pamela Cowan, Sharon Beach*

Brian Barr
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen St.
Pensacola, FL 32502
Tel.: (850) 435-7044
Email: bbarr@levinlaw.com

*Plaintiffs' Executive Committee, and counsel for Windy Chandler, Fe Gonzalez, Yulonda Brooks, Stacey Tolliver, Laketia Brown, Kathy Geiger, Nykiya Hipps*

Kelly M. Dermody
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Tel.: (415) 956-1000
Email: kdermody@lchb.com

*Plaintiffs' Executive Committee, and counsel for Wilma Castro Flores*

15

Rene F. Rocha
**MORGAN & MORGAN**
400 Poydras St., Suite 1515
New Orleans, LA 70130
Tel.: (954) 318-0268
Email: rrocha@forthepeople.com

*Plaintiffs' Executive Committee, and counsel for Richmond Latasha, McIntosh Karen, Guiste Judith, Gaston Cheryl, Murphy Stacee, Moss Ali Natesha, Carraway Jacqueline, Jackson Valerie, Irie Shakara, Tyson-Harley Beverly, Cash Winona, McMillan Deloris, Taylor Glenda, Myers Iranetta, Jacobs Ursula, Jones Keasha, Bertrand Andrea, Jennings Priscilla, Price Patricia, Danese Moore-Rivers Angela*

Larry Taylor
The Cochran Firm
1825 Market Center Blvd #500
Dallas, TX 75207
Tel.: (214) 466-7620
Email: ltaylor@cochrantexas.com

*Plaintiffs' Executive Committee, and counsel for Shalenda Pitts, Ivette Morales Quiros, Antonia Allen, Mary Nelson, Alicia Jackson, Denise Lawson, Melanie Wilder, Delma Saldena, April Johnson*

C. Andrew Childers
**CHILDERS, SCHLEUTER & SMITH**
1932 North Druid Hills Road, Suite 100
Atlanta, GA 30319
Tel.: (404)419-9500
Email: achilders@cssfirm.com

*Plaintiffs' Steering Committee, and counsel for Juanita Davis, Cynthia Hill, Nanette White, Angela Merritt, Sebrena Hamilton-Keith, Trina Gray, Taletha James, Demetre Landry*

Buffy Martines
**LAMINACK, PIRTLE & MARTINES**
5020 Montrose Blvd., 9th Floor
Houston, TX 770606
Tel.: (713)292-2750
Email: buffym@lpm-triallaw.com

*Plaintiffs' Steering Committee, and counsel for Janice McNeil*

Maria Fleming
**NAPOLI SHKOLNIK**
360 Lexington Ave, Floor 11
New York, New York 10017
Tel.: (212) 397-1000
Email: mfleming@napolilaw.com

*Plaintiffs' Steering Committee, and counsel for Freddie Julian*

Thomas P. Cartmell
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel.: (816)701-1100
Email: tcartmell@wcllp.com

*Plaintiffs' Steering Committee, and counsel for Keisha Manns, Wyonna Hart, Rhonda Patterson*