Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| RML, LLC[1] | ) Case No. 22-10784 (DSJ) |
| Reorganized Debtor. | ) |
| Tax I.D. No. N/A | ) |

**ORDER GRANTING REORGANIZED DEBTORS' FIRST OMNIBUS MOTION TO
ENFORCE PLAN INJUNCTION AND CONFIRMATION ORDER**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (before the effective date of their chapter 11 plan of reorganization, the "Debtors" and after the effective date of their plan of reorganization, the "Reorganized Debtors") for entry of an order (this "Order") enforcing the discharge and injunction provisions of the Plan and Confirmation Order and pursuant to sections 105(d), 524, and 1141 of the Bankruptcy Code, Bankruptcy Rules 1015(c), 3020(d) and 9007, Articles X.B and X.G of the Plan, and paragraphs 140 and 145 of the Confirmation Order, all as more fully set forth in the Motion; and upon the Usitalo Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern*

---

[1] On May 30, 2023, the Court entered the *Order (I) Consolidating Remaining Matters Under the Remaining Case, (II) Entering Final Decree Closing Certain of the Chapter 11 Cases, (III) Changing the Case Caption of the Remaining Case, and (IV) Granting Related Relief*, In re Revlon, Inc., et al., No. 22-10760 (DSJ) [Docket No. 1920], closing the affiliated chapter 11 cases and directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. Items filed on the docket of *In re RML, LLC*, shall be identified as "RML Docket No. [●]." The location of RML, LLC's service address for purposes of these Chapter 11 Cases is: 55 Water St., 43rd Floor, New York, NY 10041-0004.

[2] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Motion.

*District of New York*, dated January 31, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having overruled all objections to the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. No later than fourteen days after the Reorganized Debtors have taken the steps described in the next sentence of this Order, the Plaintiffs listed in **Annexes 1** and **2** attached hereto shall take all appropriate actions to dismiss their Noncompliant Pending Actions asserting Hair Straightening Claims against the Debtors and/or Reorganized Debtors within such fourteen-day period. The Reorganized Debtors shall provide each Plaintiff listed in **Annexes 1** and **2** attached hereto with a proposed form of notice of dismissal, stipulation of dismissal, or other documentation or pleadings sufficient to dismiss their complaint, along with directions explaining the steps

Plaintiffs must take to file such documentation or pleadings or otherwise effectuate a dismissal of their complaint in compliance with this Order.

3. If a Plaintiff fails to take all appropriate actions to dismiss their alleged Hair Straightening Claims against the Debtors and/or Reorganized Debtors within such fourteen-day period, this Court, upon further motion of the Reorganized Debtors, to which any affected individual may object or otherwise respond, may issue an order holding such Plaintiff in contempt of the Court for violating the terms of this Order and the Plan Injunction by virtue of such Plaintiff's actions in violation of the Plan and Confirmation Order.

4. In connection with any contempt proceeding against a Plaintiff, the Reorganized Debtors shall be permitted to seek sanctions upon further motion in this Court for reasonable fees and costs incurred by the Reorganized Debtors after the date of this Order in connection with this matter.

5. The Reorganized Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion, including authorization to file a notice in a form substantially similar to that attached hereto as **Annex 3** (the "Enforcement Order Notice") in the Hair Straightening MDL, which notice shall include a description of this Order, the Noncompliant Pending Actions subject to this Order that remain pending, and the Reorganized Debtors' ability to seek sanctions in the event that a Plaintiff in a Noncompliant Pending Action fails to dismiss the Debtors and/or Reorganized Debtors as defendants in the Noncompliant Pending Action within fourteen days of entry of this Order.

6.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.  All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

8.  This Order is without prejudice to the right of any individual affected by this Order to file an individualized application for relief from the Hair Straightening Bar Date or the MDL Filing Deadline, as applicable, without prejudice to the Reorganized Debtors' right to object to any such applications on any basis.

9.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       June 3, 2024

                                    *s/ David S. Jones*
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE