**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to:**<br>*All Cases Subject to ECF Nos. 650, 653* | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland<br><br>Mag. Judge. Sheila M. Finnegan |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO
DISMISS NON-OVARIAN, UTERINE, AND ENDOMETRIAL CANCER CASES
WITHOUT PREJUDICE**

This Court has already made clear that it will grant a dismissal ***without prejudice*** only if a Plaintiff demonstrates good cause: "I can't just have people come in and say, 'Look. I filed a claim. I didn't really mean it.' . . . It's just not fair. I'm not going to do it." ECF 512 at 36–37. Recognizing that "Defendants are entitled to that finality" that comes with a dismissal with prejudice, the Court entered Case Management Order Number Ten ("CMO-10"), which was negotiated by the parties. Each Plaintiff agreed "to be bound by the rights, protections and privileges, and obligations of" all of this Court's orders, including CMO-10. ECF 175-1 at ¶ 2. Now, Plaintiffs yet again seek dismissals <u>*without*</u> prejudice, purporting to limit their request to certain Plaintiffs with certain alleged conditions without demonstrating good cause, which is an end-run around CMO-10. ECF 650. The Court should deny Plaintiffs' requests.

## BACKGROUND

Each of the 165 Plaintiffs seeking dismissal without prejudice made a decision to file their lawsuit against one or more Defendants. They each alleged that they suffered a life-altering injury. They each alleged that one or more of Defendants' products, and the Defendants' conduct in developing, manufacturing, and marketing that product or products, was the proximate cause of

their life-altering injury. They each claimed that the conduct of one or more Defendants was wanton, willful, and reckless, and demonstrated a complete disregard and reckless indifference for their safety and welfare. Their counsel represented to the Court that to the best of their knowledge, formed after a reasonable inquiry, their client's factual contentions had evidentiary support.

Defendants treated each Plaintiff's allegations with seriousness and diligence. Each Defendant retained counsel to defend against each Plaintiff's claims. Each Defendant began planning for the possibility that these claims exposed them to potentially devastating liability— legal, reputational, and financial. Plaintiffs told this Court over and over again that their claims had merit and they should not have to reveal with any specificity at this stage the specific chemical(s) at issue, or the causal connection between these chemicals and alleged injuries. They tried to dismiss hundreds of claims without prejudice for plaintiffs who did not complete their Plaintiff Fact Sheets ("PFS"), but this Court entered CMO 10, rejecting that request. Now, Plaintiffs filed an Omnibus Motion for Leave to Dismiss Non-Ovarian, Uterine, or Endometrial Cancer Cases Without Prejudice. ECF No. 650; *see also* ECF No. 653-54. There are two groups of Plaintiffs seeking dismissal:

- 162 Plaintiffs who claimed they suffer an injury, but they did not (Group 1), and

- 3 Plaintiffs who still claim an injury, but the injury is not ovarian, uterine, or endometrial cancer (Group 2).

### Group 1: Plaintiffs Who Claimed They Suffer an Injury, But They Did Not Suffer Any Injury at All

As styled, Plaintiffs' Leadership's Motion suggests that each plaintiff does indeed have a case against Defendants, but that their cases are premised on injuries other than ovarian, uterine, or endometrial cancer. ECF 650 at 2 ("Records that were collected ultimately revealed that ***these Movants suffer from injuries other than*** ovarian, uterine, or endometrial cancer" (emphasis supplied)). But that simply is not so. For the vast majority of Plaintiffs seeking dismissals without

prejudice, they represented to the Court that Defendants injured them when, in fact, they had suffered **no injury at all**.

To be clear, and by way of example below, these 162 Plaintiffs each filed a Short Form Complaint in which they alleged they had uterine, endometrial, or ovarian cancer; alleged when they were diagnosed with cancer; and alleged **no other injury.**

> 8.    Plaintiff's use of Defendant(s) hair relaxer product(s) caused serious injuries and damages including but not limited to the following:
>
> ☐   Uterine Cancer
> ☐   Endometrial Cancer
> ☒   Ovarian Cancer
> ☐   Other injuries and/or additional details (please specify):_____
> _____
> _____
> _____.
>
> 9.    Approximate date(s) of diagnosis (injury(ies)), if applicable at this time, that form(s) the basis of Plaintiff's claim(s): <u>Approximately 12/2006.</u>

*See, e.g.*, First Am. Short Form Compl. and Jury Demand, *Burkett v. Revlon*, No. 1:23-cv-8576, at ¶ 8. These 162 Plaintiffs could have alleged that their use of Defendants' products caused them to develop an injury other than uterine, ovarian, or endometrial cancer, but did not.[1]  These 162 Plaintiffs now acknowledge that, in fact, they never received the diagnosis they claimed they did.

Notwithstanding their misrepresentations to Defendants and to the Court, Plaintiffs ask the Court to dismiss their cases without prejudice because "they believed they were under immediate time pressure to file claims."  ECF 650 at 1.  Again, not so.  There was no time pressure to file a baseless claim.  And, in any event, these Plaintiffs had no fewer than five months after filing a

---

[1]  In a few cases, the Plaintiff did allege both cancer and a hysterectomy.  But none of these 162 Plaintiffs alleged any disease state other than uterine, ovarian, or endometrial cancer.

proof of claim against Revlon in the bankruptcy proceedings to confirm that they had a valid claim before the September 14, 2023 Revlon filing deadline in the MDL.

Regrettably, Defendants fear that these are not the only Plaintiffs who filed baseless claims and will seek dismissal *without prejudice* should this Court grant Plaintiffs' motion. Plaintiffs asked Defendants to remove from the May 31, 2024 Court call list 171 Plaintiffs who were either delinquent or deficient in their PFS completion on the grounds that these Plaintiffs have no ovarian, uterine, or endometrial cancer injuries. Not all of those Plaintiffs, however, requested relief through Plaintiffs' instant Motion. Defendants expect that those and other Plaintiffs will soon confirm that they, too, do not suffer from any injuries originally claimed. The problem will continue as Defendants complete their review of PFSs for deficiencies, and as PFSs become due for all Plaintiffs. Indeed, Defendants received PFSs from only 24 of the 157 Plaintiffs that are the subject of Plaintiffs' Leadership's Motion.

### Group 2: Plaintiffs Who Continue to Claim an Injury, But the Injury is not Ovarian, Uterine, or Endometrial Cancer

Plaintiffs' Long Form Complaint makes sweeping allegations concerning the injuries potentially caused by hair relaxers. The Long Form Complaint alleges that Defendants failed "to instruct the Plaintiffs and other consumers as to the methods for reducing the type of exposure to their hair relaxer products which caused increased risk of cancer, **including, but not limited to**, uterine, ovarian, and/or endometrial cancer." ECF No. 106, at ¶ 120.g. (emphasis supplied). The Long Form Complaint further alleges that endocrine disrupting chemicals in Defendants' products "interfere with the normal activity of the endocrine system," "block hormone stimulus by inducing epigenetic changes," "interfere with natural hormone production and degradation," "adversely influence the endocrine system and functioning of multiple organs," and "are harmful to human

health." *Id.* at ¶¶ 74-76, 79.  Plaintiffs chose to adopt and incorporate these sweeping allegations in their Short Form Complaints.  ECF 175-1 at ¶¶ 10–11.

Now, despite adopting these sweeping allegations, these three Plaintiffs claim that their injuries are not "covered by the long-form complaint," despite the fact that the long-form complaint was filed months before they filed their claims and has not changed.[2]  While disavowing their allegations in the Long Form Complaint, Plaintiffs' Motion does not address the specifics of these Plaintiffs' injuries in any way.  Plaintiff Melodie Webb alleges her use of Defendants' hair relaxer products caused her uterine fibroids and hysterectomy (but with no explanation for the hysterectomy).  Plaintiff Lucy Jackson alleges her use of Defendants' hair relaxer products caused her hysterectomy (again, with no reason for the procedure).  Plaintiff Belinda Hayes filed a Short Form Complaint with a diagnosis date of July 2021, but does not identify the condition with which she was exposed.

These Plaintiffs claim their injuries are not qualifying, but discovery is not complete and experts have not opined on whether their injuries were caused by their use of hair relaxers.  And, while some plaintiffs firms may have been focused on uterine, endometrial, or ovarian cancer, others were seeking to file claims for other injuries like fibroids and endometriosis.  Compare Ronald V. Miller, Jr., Lawsuit Information Center, *Hair Relaxer Cancer Lawsuit* https://www.lawsuit-information-center.com/hair-relaxer-lawsuit.html (June 3, 2024) ("Our focus is on uterine cancer, endometrial cancer, ovarian cancer.") *with* Robert King, King Law, *Hair Relaxer Lawsuit* https://www.robertkinglawfirm.com/personal-injury/hair-relaxer-lawsuit/ (June

---

[2]  None of these Plaintiffs has served a PFS.  Plaintiff Webb's PFS was due February 2, 2024, Plaintiff Jackson's PFS was due March 18, 2024, and Plaintiff Hayes' PFS was due March 18, 2024.

2, 2024) ("Our firm is currently evaluating cases of Ovarian Cancer, Uterine Cancer, Endometrial Cancer, Endometriosis, and Fibroids.").

## ARGUMENT

### I. PLAINTIFFS FAILED TO DEMONSTRATE GOOD CAUSE UNDER CMO-10.

Without a court order, a plaintiff may only file a dismissal *without prejudice* if no opposing party has served an answer or if all defendants stipulate to such dismissal. Fed. R. Civ. P. 41(a). Here, Defendants served an answer and have not stipulated to dismissal. ECF No. 249 at 3–4. CMO-10 provides that "requests for dismissal without prejudice for good cause shown shall be reasonably considered by Defendants and permitted only upon agreement of the parties . . . or upon Order of the Court." ECF No. 527 at Section II.

Prior to entering CMO-10, the Parties and the Court addressed individual circumstances that might give rise to good cause as a basis for dismissal *without* prejudice. The Court acknowledged that Plaintiffs "have a lot going on in their lives" but was clear that it would not "allow [Plaintiffs] to dismiss without prejudice" absent a showing of good cause. ECF 512 at 36. The Parties—and the Court—agreed that if a plaintiff could not participate in this litigation because they were undergoing cancer treatment or were seeking the appointment of a personal representative (in the cases of recently deceased plaintiffs), those particular circumstances may demonstrate good cause. ECF 512 at 26, 37. In fact, some Plaintiffs have sought dismissals without prejudice on the grounds that their reoccurrence of cancer has prevented them from keeping in contact with their attorneys and meaningfully prosecuting their cases. ECF No. 654 at 4. The Court ordered these Plaintiffs to provide supporting documents establishing recurrence of cancer and hospitalization, as well as attempts to comply with CMO 10. ECF No. 659.

At the same hearing, the Court was clear about what would ***not*** constitute good cause: filing a case without having conducted a basic investigation regarding the merits of a plaintiff's claims before filing:

> I know there are people out there who are not the quality lawyers that I have before me, who generate these cases and expect you guys to carry the water and make the case happen, and they hope to get some fees on the case somewhere down the road. **And some of those cases that they're generating are not ultimately going to make it to the finish line because, frankly, they don't do their homework when they're generating the case.** So let's be realistic about that.

ECF 512 at 45–46 (emphasis supplied).

The vast majority of Plaintiffs seeking dismissals without prejudice did not do their homework. They alleged they had either uterine, endometrial, or ovarian cancer. They alleged no other injuries. They in fact did ***not*** have uterine, endometrial, or ovarian cancer. This lack of investigation does not demonstrate good cause and the Court should not dismiss their cases without prejudice. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573 (7th Cir. 2019) ("As we have emphasized repeatedly, an empty head but a pure heart is no defense."); *see also U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005) (holding that a high caseload is no grounds for prosecuting legally defective action); *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986) (Counsel must "read and consider before litigating.").

Plaintiffs offer several explanations for why they filed baseless claims. First, Plaintiffs claim that "they were under immediate time pressure to file claims [because of the Revlon filing deadlines] even though they had not been able to secure all of the confirming medical records on short notice." ECF 650 at 1–2. As Plaintiffs acknowledge, however, not all Plaintiffs subject to this Motion filed complaints "in relation to the Revlon Bankruptcy Plan filing deadline." *Id.* at 2, n.4. In any event, Plaintiffs also had more than sufficient time to confirm that their claims were

meritorious.  As Revlon previously explained to this Court, on September 12, 2022, the bankruptcy court entered a general bar date order directing all potential claimants seeking to assert a claim against Revlon to file a Proof of Claim in the bankruptcy proceedings by October 24, 2022.  ECF No. 435, at 3.  By agreement, Revlon agreed to extend that date to April 11, 2023 for potential hair straightening claims.  *Id.*  The April 11, 2023 deadline did not change, but claimants were required to file a claim in this Court by no later than September 14, 2023 if they wished for their claims against Revlon to proceed.[3]  *Id.* at 4.

In other words, the majority of Plaintiffs claiming they were under immediate time pressure to file claims had already made a claim in Revlon's bankruptcy proceeding prior to April 11, 2023.  Each plaintiff then had more than five months to confirm that their claim was valid—*i.e.*, that they did in fact have uterine, ovarian, or endometrial cancer—before filing a complaint in this MDL.  This is more than sufficient time to determine whether a plaintiff actually has the injury claimed.

Next, Plaintiffs claim that, at the time their cases were filed, they "had not been able to secure all of the confirming medical records on short notice."  ECF 650 at 1–2.  Again, Plaintiffs had more than five months to confirm whether they had a valid claim.  But Plaintiffs also overstate what is needed to confirm a cancer diagnosis.  Plaintiffs (and their counsel) did not need to collect all of a plaintiff's medical records to confirm the plaintiff had a valid claim; rather, they simply needed to collect one record making a cancer diagnosis or speak with the medical professional who supposedly diagnosed their client with cancer.

Plaintiffs excuse the filing of meritless claims on the grounds that "there was uncertainty amongst many claimants (and their counsel) about what types of claims would be pursued as well

---

[3]  Revlon's confirmed plan of reorganization contains a narrow exception for claimants who filed a timely proof of claim but received applicable diagnoses after the April 11, 2023 bar date, requiring them to file a complaint in the MDL within six months of the diagnosis.

as the uncertainty of the Revlon bar deadline." *Id.* at 2. But again, of the 162 Plaintiffs seeking dismissals without prejudice, only 3 of them filed a suit in which they claim no ovarian, uterine, or endometrial cancer. Also, the sweeping Long Form Complaint had long been in effect and the Short Form Complaint specifically permits plaintiffs to assert claims other than ovarian, uterine, or endometrial cancer; none of the 162 did so. And, Plaintiffs' Counsel previously raised this argument with the Court before the Court entered CMO 10. ECF 512 at 31 ("It could be that the woman don't have the cancer cases which are the predominance in the MDL and don't want to pursue a fibroid case but want to get themselves the option that if they do develop an ovarian or a uterine or an endometrial cancer later down the line that they can file that"). Further, by Plaintiffs' own admission, they knew by July 2023 this Court would not relieve Plaintiffs from the bankruptcy court's September 14, 2023 filing deadline. ECF 650 at 2.

Plaintiffs offer still other explanations for why individual plaintiffs filed baseless claims. *Id.* However, Defendants have no way of evaluating these explanations because (1) they are untied to any specific plaintiff and (2) Defendants only have PFSs from 24 of the 157 Plaintiffs that are the subject of Plaintiff's Leadership's Motion. Is there a single plaintiff who "believed they had a gynecological cancer due to the surgical removal of their ovaries and/or uterus due to cancerous or pre-cancerous cells although no records confirmed a cancer diagnosis"? *Id.* at 2. Defendants simply do not know because they are not in receipt of a PFS demonstrating the same. The Court should, at a minimum, require these Plaintiffs to complete PFSs before crediting such threadbare explanations.

## II. THE *PACE* FACTORS DO NOT WEIGH IN FAVOR OF DISMISSAL WITHOUT PREJUDICE.

As stated above, CMO-10—not the *Pace* factors—governs dismissals without prejudice in these cases. Fed. R. Civ. P. 41 ("Except as provided in Rule 41(a)(1), an action may be dismissed

at the plaintiff's request only by court order, on terms that the court considers proper."). However, to the extent the Court considers the *Pace* factors in evaluating whether Plaintiffs have demonstrated good cause for an order dismissing their cases without prejudice, the factors decidedly weigh against Plaintiffs.

First, Defendants have expended significant resources on Plaintiffs' baseless cases. Here, for 93 of the 157 Plaintiffs subject to Plaintiff's Leadership's Motion, Defendants analyzed their PFSs (or lack thereof). Defendants identified PFS deficiencies and delinquencies. They corresponded and conferred with counsel regarding those deficiencies and delinquencies. They incurred significant expense hiring counsel to perform these tasks. In almost all instances, Defendants' counsel were investigating baseless claims.

Second, Plaintiffs have not been diligent in prosecuting their actions or moving for voluntary dismissal. The Court ordered these Plaintiffs to complete PFSs. Only a fraction of the Plaintiffs subject to Plaintiff's Leadership's Motion—24—have even partially complied with their discovery obligations by completing a PFS. For 32 of these Plaintiffs, their PFSs were due in February, and they are only now moving for dismissal without prejudice. Plaintiffs claim that they "and their counsel have diligently [been] acquiring several decades worth of medical records," but that cannot be true for the vast majority of Plaintiffs because, again, Plaintiffs were ordered to produce their medical records pursuant to CMO-9 and only 22 have done so.

Third, Plaintiffs have not provided sufficient reason for voluntary dismissal with prejudice. The Court has explained that a plaintiff will be dismissed without prejudice only upon a showing of good cause; these Plaintiffs have not demonstrated good cause. In the overwhelming majority of cases, they filed claims that lacked merit. Defendants know of no case holding that, where a plaintiff has filed a lawsuit claiming an injury she does not have, that her case should be dismissed

without prejudice so that she may pursue the claim if and when such injury ultimately develops. Plaintiff points to *Hawkins v. Nalick*, an Illinois state court case involving an attorney's theft of his client's inheritance. 2012 Ill. App (5th) 110553 (cited at Pl. Mot. at 11). That case concerns the tolling of the statute of limitations and the discovery rule. It does not address the situation this Court faces: Plaintiffs who were never injured, but claimed they were.

## CONCLUSION

The Court should deny Plaintiffs' requests to be dismissed without prejudice. Plaintiffs have failed to demonstrate good cause under CMO-10. The vast majority of these Plaintiffs filed a lawsuit claiming injuries they did not have. A small group of these Plaintiffs chose to avail themselves of the sweeping nature of the Long Form Complaint, and their claims are properly part of this MDL. To the extent any Plaintiff is dismissed without prejudice over Defendants' objections, Defendants ask that their dismissal be conditioned upon refiling in accordance with CMO-10.

Dated: June 5, 2024

Respectfully Submitted,

*/s/Mark C. Goodman*
Mark C. Goodman
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, Suite 1100
San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

*Defense Liaison Counsel and Counsel
for Defendant Namasté Laboratories,
LLC*

11

Mark D. Taylor
**BAKER & MCKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
mark.taylor@bakermckenzie.com

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite
1850 Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

Colleen Baime
Laura Kelly
**Baker & McKenzie LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

*Counsel for Defendant Namasté
Laboratories, LLC*

Seth A. Litman
Irvin Hernandez
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
T: (404) 541-2900
Seth.Litman@ThompsonHine.com
Irvin.Hernandez@ThompsonHine.com

*Counsel for Keratin Defendants
Keratin Complex and Keratin
Holdings, LLC*

Dennis S. Ellis
Katherine F. Murray
Nicholas J. Begakis
Serli Polatoglu
**ELLIS GEORGE CIPOLLONE O'BRIEN LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com
nbegakis@egcfirm.com
spolatoglu@egcfirm.com

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
**ARNOLD & PORTER KAYE**
**SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE**
**SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

*Counsel for Defendants Strength of*
*Nature LLC; Strength of Nature*
*Global LLC; and Godrej SON*
*Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of*
*Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell
Enterprises, LLC f/k/a House of
Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon
Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950
Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster
Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Abbot P. Edward
Melissa He
Erich J. Gleber
**HAWKINS PARNELL & YOUNG**
**LLP**
275 Madison Avenue, 10th Floor
New York, NY 10016
eabbot@hpylaw.com
mhe@hpylaw.com
egleber@hpylaw.com

*Counsel for Defendants Revlon, Inc.,*
*Revlon Consumer Products*
*Corporation, and Revlon Group*
*Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Colleen M. Kenney
Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
ckenney@sidley.com
kmccall@sidley.com

Amanda Crawford-Steger
**SIDLEY AUSTIN LLP**
2021 McKinney Ave., Suite 2000
Dallas, TX 75201
T: (214) 981-3496
asteger@sidley.com

*Counsel for Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*