**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to:**<br>*All Member Cases* | Case No. 23-CV-818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland<br>Magistrate Judge Sheila M. Finnegan |

**CASE MANAGEMENT ORDER NO. 12
(Appointment of Special Master)**

Pursuant to Federal Rules of Civil Procedure 53(a)(1)(A) and (a)(1)(C), the Court hereby appoints Professor Maura R. Grossman to serve as Special Master in this matter on the terms below and until further order of this Court. The Court has received and filed declarations from Professor Grossman, dated March 11, 2024 (Doc. 639) and March 25, 2024 (Doc. 553), disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. The Court has determined that no ground for disqualification exists. Fed. R. Civ. P. 53(a)(2). Consistent with Federal Rule of Civil Procedure 53(b)(1), the Court has given the parties notice of and an opportunity to be heard on the appointment of Professor Grossman as Special Master. For the reasons stated during the status hearing on May 7, 2024, the Court overruled Defendants' objections to the appointment of Professor Grossman. As required by Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the parties and protected against unreasonable expense or delay. The parties reserve their rights pursuant to Federal Rules of Civil Procedure Rules 53 and 72.

IT IS FURTHER ORDERED THAT:

1. **Referral of Disputes to Special Master.** The Special Master is appointed to address and resolve issues and disputes that may arise between the parties in relation to discovery

of electronically stored information ("ESI discovery") or the ESI Protocol. (CMO No. 4, Doc. 109). In lieu of bringing a motion before the Court, when the parties have reached an impasse in relation to an issue involving ESI discovery or the ESI Protocol, they shall notify the Special Master, who will determine, along with the parties, the best way to proceed in addressing the dispute in an efficient way, which may, but will not necessarily, involve formal briefing. At times, the Court may refer a specific ESI discovery dispute to the Special Master. In addition, the Court may, on the recommendation of the Special Master or *sua sponte*, elect to resolve a dispute in the first instance in lieu of the Special Master doing so. While the parties are not foreclosed from filing a joint motion (nor a party from filing its own motion) seeking leave to submit an ESI-related dispute directly to the Court for resolution, this is discouraged, and any such motion must demonstrate good cause. The Special Master is directed to proceed with all reasonable diligence in the performance of her duties. Fed. R. Civ. P. 53(b)(2).

2. **Powers of Appointment.** The Special Master shall hear and determine any and all discovery motions and disputes of which she is notified by the parties or referred by the Court pursuant to Paragraph 1 above. She is encouraged to resolve disputes informally through negotiation and other methods where possible. Pursuant to this Order and subject to the procedures and limitations set forth herein, the Special Master is authorized for all matters referred to her pursuant to Paragraph 2 herein, to:

(a) Determine the briefing schedule (if any);

(b) Set the date, time, and place of all hearings determined by the Special Master to be necessary;

(c) Conduct *in camera* reviews as permitted by law;

(d) Conduct status conferences concerning disputes;

(e) Preside over discovery hearings concerning disputes, take written evidence if necessary, and rule on objections, motions, and other requests made during or

in connection with discovery hearings concerning disputes; and

(f) Make reports to the Court, including any findings and recommendations.

3. **Limitation on Powers of Appointment.** For reasons explained during the May 7, 2024 hearing, upon request of the Revlon Defendants, the Court will in the first instance resolve any technology-assisted review ("TAR") disputes between Revlon and Plaintiffs rather than have the Special Master do so.

4. **Briefings and Hearings.** Insofar as reasonably possible, the parties shall meet and confer in a good-faith effort to resolve any disputes before approaching the Special Master. The parties may suggest to the Special Master their preferred means of resolving the particular dispute (*e.g.*, video or in-person mediation, letter briefs, full briefing, etc.), and the Special Master shall promptly determine and notify the parties how to proceed and set a schedule for submitting or filing any briefs. Copies of the parties' written submissions shall be provided to the Special Master as required. Hearings may be in person or by videoconference or telephone. All in-person hearings will be at a location mutually agreed upon, unless otherwise ordered. No use of court facilities or personnel has been requested and such will be allowed only pursuant to Court order.

5. **Record of Proceedings.** The Special Master may, at her discretion, use recording facilities in a videoconference platform or retain a court reporter to make a record of the proceedings before the Special Master. With leave of the Special Master, any party, at its option, may retain a court reporter to make a record of such proceedings. A copy of each transcript prepared by any court reporter shall be made available to each of the parties and the Special Master. The cost of any court reporter and/or transcript shall be split between Plaintiffs and Defendants, with Plaintiffs paying 50 percent and Defendants paying 50 percent of the cost.

6. **Special Master's Report and Recommendation or Order.** When requested by a party or the Court or deemed necessary by the Special Master, the Special Master shall file on the

CM/ECF docket in this matter her Report and Recommendation or Order that includes her findings and any recommendations or rulings on the merits of any such matter. The Special Master's filing on the CM/ECF docket of a Report and Recommendation or Order shall constitute proper service upon all parties. In the absence of a filing, the Special Master may serve documents by email sent to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel and/or to other individuals identified in writing on a service list for the particular dispute. If a Report and Recommendation or Order to be filed contains confidential information of any party, the cover page must indicate this and the filing must be under seal with a copy sent by email only to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel.

7. **Objections to Special Master's Report and Recommendation or Order.** Unless a different schedule is set by the Court, a party may file objections to the Special Master's Report and Recommendation or Order no later than twenty-one (21) days after the Special Master has served it, and responses to objections shall be filed within ten (10) days after the objections are filed. The party filing an objection must also file the relevant record if not filed by the Special Master with her Report and Recommendation or Order. A hearing on the objections will be held at the discretion of the Court upon request of a party (with notice of the request to all other parties) or if deemed necessary by the Court. The Court may adopt or affirm, modify (wholly or partly), reject or reverse, or resubmit to the Special Master the Report and Recommendation or Order. The relief provided in the Special Master's Report and Recommendation or Order shall be stayed pending the resolution of this objection process.

8. **Absence of Objections.** If no objection to a Report and Recommendation or Order is filed within twenty-one (21) days after the Special Master has served it, or by an alternative deadline if one is imposed by the Court, the decision of the Special Master shall be considered

final and binding.

9. **Standard of Review.** Any order, report, or recommendation of the Special Master on non-dispositive motions, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is an abuse of discretion. The Court will decide *de novo* all objections to findings of fact or conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f).

10. ***Ex Parte* Communication.** The parties shall not engage in *ex parte* oral or written communications with the Special Master concerning any matter that in any way relates to these proceedings, except with the consent of the affected parties (*e.g.*, to mediate an issue in front of the Special Master). In furtherance of her duties, the Special Master may communicate *ex parte* with the Court on any matter and at any time.

11. **Confidentiality.** The Special Master shall be bound by the terms of the Agreed Confidentiality Order. (CMO No. 5, Doc. 112).

12. **Records.** The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties, any transcripts of hearings before the Special Master, and any evidence considered in making or recommending findings of fact on the basis of evidence. The Special Master shall file with the Clerk of the Court such records upon the request of any party or the Court.

13. **Reference Fees and Costs.** The Special Master shall be compensated at the rate of $855 per hour, as well as for reasonable costs and expenses. On a monthly basis, the Special Master shall send to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel via email, with a copy to the Court, a written bill stating the total hours worked by the Special Master and the fees and costs charged for that month by the Special Master. The written bill shall organize the hours

worked by the particular discovery dispute to which they relate, the specific party (or parties) involved, and provide a clear and detailed description of all work performed. The costs shall include the cost of any court reporter retained by the Special Master pursuant to Paragraph 5 above, as well as any adjunct services the Special Master may need. Plaintiffs and Defendants shall split the fees and costs of the Special Master, with Plaintiffs paying 50 percent and the Defendant(s) associated with the specific dispute paying 50 percent. Where the work performed is not specific to a particular Defendant's dispute (*e.g.*, reading a joint status report filed on behalf of all parties), the fees will be paid by Liaison Counsel for the parties, subject to allocation among Plaintiff and Defendant groups as they see fit. Unless there is an objection to the invoice, which shall be raised with the Special Master within fourteen (14) days of Liaison Counsel's receipt of the invoice, payment shall be made to the Special Master by each side's Liaison Counsel, on behalf of such Counsels' respective constituencies, within sixty (60) days. Objections to the Special Master's invoices, if not resolved by the Special Master and the parties, will be resolved by the Court.

14. **Amendments to Order.** This Order may be amended at any time after notice to the parties and an opportunity to be heard. Fed. R. Civ. P. 53(b)(4).

ENTER:

Dated: June 13, 2024

*Sheila Finnegan*
SHEILA FINNEGAN
United States Magistrate Judge