**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 <br><br> Master Docket No. 1:23-cv-00818 <br><br> Hon. Mary M. Rowland <br><br> Mag. Judge. Sheila M. Finnegan |

**PLAINTIFFS' LEADERSHIP'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO DISMISS NON- OVARIAN, UTERINE OR
ENDOMETRIAL CANCER CASES WITHOUT PREJUDICE**

**I.      INTRODUCTION**

On May 14, 2024, Plaintiffs filed a motion requesting dismissal without prejudice for Plaintiffs who made claims against Defendants under the reasonable belief they had qualifying injuries and a narrow time window to file their claims in the MDL, including primarily due to the deadline artificially imposed in separate bankruptcy litigation against Defendant Revlon. ECF 650. Notably, Plaintiffs' motion was not the first time Plaintiffs alerted Defendants to this issue. Plaintiffs identified concerns arising from the Revlon bankruptcy deadlines as early as the July 6, 2023 Status Conference (ECF 151). It was not until this year, however, that Plaintiffs' leadership understood that Defendants would seek dismissals *with prejudice* of *all* cases voluntarily dismissed. Plaintiffs promptly brought their concerns about this in the Joint Status Conference Statement filed on March 1, 2024 (ECF 490), and the Court entered CMO 10 (ECF 527) in response. Disputes over the meaning of CMO 10 led to this Motion. Unfortunately, Plaintiffs have discovered that Defendants would prefer to keep Plaintiffs in the case who do not want to be here because they have not yet developed the injuries being litigated or else force them to lose their rights to ever sue any Defendant for injuries that have not yet arisen. Neither outcome is appropriate.

1

In their Opposition, Defendants ignore binding Seventh Circuit caselaw and ask the Court to make reversible error on the most significant decision in a plaintiff's case: permanent dismissal. But the subject Plaintiffs have more than satisfied the applicable "good faith" standard for dismissal *without* prejudice under *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969). Clearly, Plaintiffs' request is submitted early in the litigation, well before any individual plaintiff motion practice has been initiated, and there has been no "excessive" delay by Plaintiffs in initiating this request or undue expense for Defendants in preparing any of these cases for trial. *Id.* at 334.

Basic principles of equity also favor granting Plaintiffs' request to be removed from this case without prejudice. At this stage, it is uncontested that the subject Plaintiffs used Defendants' products – they are the Defendants' own customers – and have suffered illnesses which they believed in good faith (1) were gynecological cancers when they were not, or (2) were linked to their hair relaxer usage although the Plaintiffs now understand their injuries are not based on the science upon which the complaints rely in this case. Because many Plaintiffs were diagnosed years or even decades ago, they have not always had medical records of the exact diagnoses underlying their various biopsies, hysterectomies, bleeding, pain, MRIs, radiation, or chemotherapy. In addition, there has been wide variation in the information the women have received from providers about their medical treatments, and they have sometimes misunderstood cancer *screenings* or preventative *interventions* as a cancer *diagnosis* or *treatment*. Further, getting medical records, when they are available, can be difficult and delays can occur even with the exercise of considerable diligence. It is thus not surprising that in some cases women who believed they had a qualifying cancer and filed a claim realized belatedly that they did not only once records were accessed.

Unfortunately, for all of the women affected by Plaintiffs' Motion, there is no solace in lacking a gynecological cancer diagnosis today. The latency period on these cancers means that any of these women may yet develop one of the qualifying cancers tomorrow or in the future. And, but

for filing prematurely and then seeking prompt dismissal now, the women would still be able to bring a claim for such injury in the unfortunate event that they are diagnosed with endometrial, ovarian or uterine cancer in the future. For that reason alone, dismissal without prejudice now is not only the fair result, but also required by prevailing case law. By contrast, dismissal with prejudice would be a devastating and unnecessary penalty against the women for their mistaken belief, under considerable and artificial time pressure, that they needed to file right away. By granting Plaintiffs' request to dismiss their cases without prejudice, the Court is thus asked merely to restore everyone to the *status quo ante* and streamline and focus the case in a way that helps the Court and the litigants on all sides. Plaintiffs' request should be granted.

## II.    ARGUMENT

### A.    The *Pace* Factors Weigh In Favor Of Plaintiffs' Request.

Defendants argue that "CMO-10—not the *Pace* factors—governs dismissals without prejudice in these cases." ECF 705 at 9 [Defendants' Opp.]. Defendants are wrong. While CMO No. 10 allows for automatic dismissals without prejudice of any newly-filed cases (defined as more than 21 days from a PFS deadline), cases not within that definition may also be so dismissed upon a showing of "good cause." *See* ECF 527 [CMO No. 10]. But a determination of good cause for dismissal with or without prejudice under Fed. R. Civ. Proc. 41(a)(2) in a particular case must be analyzed under Seventh Circuit law as set forth in *Pace*. *See Pace*, 409 F.2d at 334 (7th Cir.1969); *see also Amerimax Real Est. Partners, Inc. v. RE/MAX Int'l, Inc.*, 600 F. Supp. 2d 1003, 1006-1007 (N.D. Ill. 2009) (courts deciding whether a dismissal under Rule 41(a)(2) should be with or without prejudice apply the "four non-exhaustive factors" set forth in *Pace*); *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prod. Liab. Litig.*, 199 F.R.D. 304, 306-307 (S.D. Ind. 2001) (analyzing good cause under *Pace* factors and noting that no need to resolve each in movants' favor

to dismiss *without* prejudice).

Nothing in CMO No. 10 sets forth a new "good cause" standard much less abrogates controlling law defining that term of art. *See* ECF 527. And in the three conclusory paragraphs Defendants offer on why the *Pace* factors are not met, Defendants fail to contradict Plaintiffs' presentation and offer no caselaw at all, much less authority on point supporting the extraordinary relief they seek on this matter.

To the contrary, as set forth largely unrebutted in Plaintiffs' Motion, Plaintiffs more than satisfy all four *Pace* factors. *See* ECF 650 at 8-11.

First, there can be no argument that no summary judgment has been filed against any of these individual women's claims. *Pace*, 409 F.2d at 334.

Second, Plaintiffs have offered substantial explanation of the need for dismissal without prejudice. *Pace*, 409 F.2d at 334. The delay in accessing records combined with confusion caused by the artificial deadlines for filing in the MDL imposed by a bankruptcy court caused some women to file mistakenly prematurely. The alternative to this process is for the MDL to contain cases that should not be here or for women who may yet develop devastating cancers as a result of Defendants' products to have no recourse merely because they filed prematurely due in large part to the artificial Revlon bankruptcy deadline. *Id.*, *see also Woodzicka v. Artifex Ltd.*, 25 F. Supp. 2d 930, 935-936 (E.D. Wis. 1998) ("Turning then to the [sufficient explanation] *Pace* factor, this is not a situation where the plaintiffs have given an insufficient explanation for the need to take a dismissal. To the contrary, they have presented that, given the rulings in another case…they do not believe they can sustain their burden of proof. That is explanation enough."); *IVS Grp., Inc. v. All Am. Silo Co., LLC*, No. 2:17-CV-4018, 2019 WL 2126704, at *5 (S.D.W. Va. May 14, 2019) (recognizing helpful guidance of *Pace* factors and finding that a sufficient justification for dismissing without prejudice existed where plaintiffs determined before discovery concluded and no plaintiff-specific depositions

had been taken that claims against one entity should be brought in arbitration).

Third, there is no credible argument that these subject Plaintiffs have engaged in "excessive delay and lack of diligence…in prosecuting the action." *Pace*, 409 F.2d at 334. Indeed, these Plaintiffs have been pursuing medical records and documents that are often decades old, sometimes in parts of the mainland U.S. or Puerto Rico where natural disasters have destroyed records or delayed their retrieval, and often the Plaintiffs themselves take a little extra time because they are ill or elderly or they are deceased and their records must be secured through myriad survivors. To be clear, while the MDL has been pending for longer, the PFS deadlines (pertaining to common, not bellwether, plaintiff discovery) only started to occur three months prior to Plaintiffs' Motion.[1] ECF 343 (CMO No. 9). Under analogous circumstances, courts have sided with plaintiffs. *See, e.g.*, *Riggs v. Sonney*, No. 1:13-CV-9291, 2017 WL 2936697, at *4 (N.D. Ill. July 10, 2017) (dismissal without prejudice was found to be adequate even where case pending for years and defendants had filed answer, motions, and status reports, given that "the case was in the early stages of discovery" and the formerly-incarcerated plaintiff sought to re-file when he was no longer incarcerated and thus could avail himself of different remedies); *A.P. by & through Elliott v. Abbott Lab'ys, Inc*., No. 3:13-CV-000480-NJR, 2019 WL 8268546, at *2, *4-*5 (S.D. Ill. Aug. 27, 2019) (in mass action involving 700 plaintiffs, dismissal without prejudice of one plaintiff's case after 6 years of litigation in order for plaintiff to re-file elsewhere was appropriate where "[u]nsurprisingly, Plaintiff simply did not have much opportunity or ability to either advance or delay this case," and the individual case was "nowhere near trial ready"); *IVS Grp*, 2019 WL 2126704, at *4-*5 (although plaintiff filed request 13 months after commencing lawsuit and 3 weeks before close of discovery, dismissal without prejudice appropriate where only written discovery completed but discovery on-going and no

---

[1] Likewise, Defendants are not close to completing their document productions for requests that Plaintiffs served in June 2023, and it appears some have barely even begun that process.

depositions had commenced); *cf. Ratkovich By & Through Ratkovich v. Smith Kline,* 951 F.2d 155, 157-58 (7th Cir. 1991) (affirming denial of plaintiff's request to dismiss without prejudice after years of litigation in which defendants had to file numerous motions to compel documents and depositions, collect records from 60 medical providers, and investigate other documents and records from third parties, and even then plaintiff was unable to produce a "scintilla of evidence" establishing a causal link to the injuries alleged); *In re Paraquat Prod. Liab. Litig.,* 2022 WL 4236225 at *2 (dismissal with prejudice warranted where plaintiff only sought dismissal after general plaintiff discovery completed that included defendants sending 46 record requests to third parties associated with plaintiff and reviewing 5,000 pages of plaintiff-specific documents and after plaintiff selected for pretrial discovery and deposition).

Fourth, and finally, Defendants claim that they have incurred costs in analyzing the PFS's of the subject women. But that claim is undermined by their own admission that only 24 of such PFS's were submitted. ECF 705 at 10. Furthermore, even if Defendants did incur some amount of avoidable work on these files, the costs in assessing 24 fact sheets in an MDL of approximately 9000 Plaintiffs is, respectfully, somewhat trivial.[2] Given Plaintiffs' outreach to Defendants on these issues over the course of the case, including as early as July 2023 when Plaintiffs anticipated issues could arise due to the imposition of artificial bankruptcy deadlines, all or virtually all of this work about which Defendants complain could have been avoided through Defendants' own cooperation. Regardless, there is no showing by Defendants that the work already completed was significant enough to outweigh the many other reasons that good cause exists for dismissal without prejudice here. *Pace*, 409 F.2d at 334; *A.P. by & through Elliott*, 2019 WL 8268546, at *2, *4-*5 (recognizing

---

[2] It seems the alternative Defendants seek would actually compel some of the subject women to submit additional fact sheets and cause Defendants to incur *more* avoidable work in order for the women to try to avoid losing all rights forever.

6

that defendant bears the burden of showing that "plain legal prejudice" will result from dismissal and permitting dismissal without prejudice where no showing that plaintiff's particular case incurred significant costs given it had not been selected for bellwether discovery).[3]

The *Pace* factors all support Plaintiffs' request.

### B. Defendants' Limited Caselaw Is Inapposite and Unhelpful.

Instead of engaging caselaw under *Pace*, Defendants offer three cases arising in completely different circumstances and under different standards to argue that no good cause exists here for a dismissal without prejudice. None of these support Defendants in the present situation.

In *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.,* 935 F.3d 573 (7th Cir. 2019), the Seventh Circuit took issue with even the characterization of the case as involving a dismissal with prejudice, noting instead that the case was actually a dismissal based on *lack of jurisdictional standing* and denial of further leave to amend. *Id.* at 577-78. Having reframed the proper issue, the Court affirmed the dismissal because the district court had already indulged multiple failed amendments and had uncovered after the last round of filings that the plaintiffs were not even representing the entity that had paid the healthcare costs they sought to recoup, which the district court found sanctionable misconduct. *Id.* at 579-83. In *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore,* 406 F.3d 465 (7th Cir. 2005), the Seventh Circuit addressed the wholly unrelated question of whether a district court abused its discretion by *sanctioning* a party and its firm in a foreclosure proceeding after they evicted a woman in her 70s who they never served with eviction notices. *Id.* at 467-71. Similarly, *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir. 1986), involved review of a stay of entry of

---

[3] Despite Defendants' arguments otherwise, the fact that a defendant may in the future have to defend claims brought by the same plaintiff is not itself prejudicial to defendant within the meaning of *Pace*. *See Woodzicka*, 25 F. Supp. 2d at 934 ("[i]n exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.") (quoting *Stern v. Barnett,* 452 F.2d 211 (7th Cir.1971)).

judgment based on the appellant's gross misreading of law, for which the Seventh Circuit issued sanctions. *Id.* at 1152-54 (noting that entire case was plaintiff's attempt to exact "revenge" on her ex-husband and the sheriff who properly attempted to evict her from the property she refused to vacate after their divorce). None of these cases involve the legal or factual issues here.

### C. Defendants' Ad Hominem Attack on Plaintiffs Is Unwarranted.

Much of Defendants' brief is spent questioning or attacking the Plaintiffs. ECF 705 (comparing Plaintiffs to those with "an empty head but a pure heart," and saying Plaintiffs here "were never injured, but claimed they were"). But Defendants' arguments overlook the nature of the injuries suffered here.

To be sure, women who now seek dismissal without prejudice include those who have suffered all variety of gynecological ailments, serious illnesses, other cancers, and death. They (or their surviving families) believed their non-qualifying injuries were at issue in this case. They believed cancer screenings and interventions were diagnoses, or they misunderstood the science and asserted other claims they now understand the science does not address. They have sought to remove themselves when they realized the error. They have tried to do the right thing under confusing and time-pressured deadlines, and often relying on memory which they have supplemented or corrected with records. These are not claimants who, subsequent to filing suit, simply stopped responding to their counsel at all. *Cf. In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 3:12-MD-02385-DRHSCW, 2015 WL 144415, at *1-3 (S.D. Ill. Jan. 8, 2015) (plaintiff not to be able to show good cause for dismissal without prejudice after plaintiff became unresponsive for eight months and offered no reason for missing deadlines).

These are real women. These are Defendants' customers. They may yet develop the cancers that are at issue in this MDL because they used Defendants' products. They do not deserve this level

of skepticism.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to dismiss non-ovarian, uterine or endometrial cancer cases without prejudice.

Dated: June 20, 2024　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Edward A. Wallace*
　　　　　　　　　　　　　　　　　　　　　Edward A. Wallace
　　　　　　　　　　　　　　　　　　　　　WALLACE MILLER
　　　　　　　　　　　　　　　　　　　　　150 N. Wacker Dr., Suite 1100
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　Tel.: 312-261-6193
　　　　　　　　　　　　　　　　　　　　　Email: eaw@wallacemiller.com

　　　　　　　　　　　　　　　　　　　　　*Plaintiffs' Liaison Counsel*

　　　　　　　　　　　　　　　　　　　　　Diandra "Fu" Debrosse Zimmermann
　　　　　　　　　　　　　　　　　　　　　DICELLO LEVITT LLP
　　　　　　　　　　　　　　　　　　　　　505 20th Street North - Suite 1500
　　　　　　　　　　　　　　　　　　　　　Birmingham, Alabama 35203
　　　　　　　　　　　　　　　　　　　　　Tel.: 312-214-7900
　　　　　　　　　　　　　　　　　　　　　Email: fu@dicellolevitt.com

　　　　　　　　　　　　　　　　　　　　　*Plaintiffs' Co-Lead Counsel*

　　　　　　　　　　　　　　　　　　　　　Fidelma L. Fitzpatrick
　　　　　　　　　　　　　　　　　　　　　MOTLEY RICE LLC
　　　　　　　　　　　　　　　　　　　　　40 Westminster Street, Fifth Floor
　　　　　　　　　　　　　　　　　　　　　Providence, Rhode Island 02903
　　　　　　　　　　　　　　　　　　　　　Tel.: 401-457-7700
　　　　　　　　　　　　　　　　　　　　　Email: ffitzpatrick@motleyrice.com

　　　　　　　　　　　　　　　　　　　　　*Plaintiffs' Co-Lead Counsel*

　　　　　　　　　　　　　　　　　　　　　Michael A. London
　　　　　　　　　　　　　　　　　　　　　DOUGLAS & LONDON, P.C.
　　　　　　　　　　　　　　　　　　　　　59 Maiden Lane, Sixth Floor
　　　　　　　　　　　　　　　　　　　　　New York, New York 10038
　　　　　　　　　　　　　　　　　　　　　Tel.:212-566-7500
　　　　　　　　　　　　　　　　　　　　　Email: mlondon@douglasandlondon.com

　　　　　　　　　　　　　　　　　　　　　*Plaintiffs' Co-Lead Counsel*

                                                  Benjamin L. Crump
                                                  BEN CRUMP LAW FIRM
                                                  122 South Calhoun Street
                                                  Tallahassee, Florida 32301
                                                  Tel.: 850-224-2020
                                                  Email: ben@bencrump.com

                                                  *Plaintiffs' Co-Lead Counsel*