**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**JOINT STATUS REPORT FOR THE**
**JULY 11, 2024 STATUS CONFERENCE**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint status report in advance of the status conference scheduled for July 11, 2024.

I.   _Status of Pending Briefs/Motions_:

a.   **Plaintiff Leadership Committee's Proposed Cases Management Order Re: Common Benefit Fund**_:_ As requested by the Court's Minute Order dated December 11, 2023 (s_ee_ ECF No. 326), the PLC filed their position statement on December 22, 2024. Keller Postman filed their objections on January 12, 2024 (_see_ ECF No. 377).  The PLC filed their response on January 24, 2024 (_see_ ECF No. 411). On January 25, 2024, Keller Postman then filed a Motion to Strike the PLC's response due to the response being in excess of the page limitations (_see_ ECF No. 412). On January 26, 2024, the PLC responded to this motion (_see_ ECF No. 418) and the court denied Keller Postman's Motion to Strike (_see_ ECF No. 419).

b.   **Consolidated Class Action Complaint:** Defendants filed their Joint Motion to Dismiss the Consolidated Class Action Complaint and Joint Motion to Strike Class Allegations and Request for Punitive Damages on February 5, 2024 (_See_ ECF No. 432). Revlon joined the joint motions to dismiss and strike and filed a separate Motion to Strike Class Allegations Under Rule 23(d)(1)(D) and Dismiss the Consolidated Class Action Complaint on February 5, 2024 (_See_ ECF No. 434). Plaintiffs filed their Oppositions to the Motions to Dismiss and Oppositions to the Motions to Strike on March 11, 2024 (_See_ ECF No. 509, 510, and 515). Defendants filed their Replies in Support of the Motions to Dismiss (_See_ ECF No. 594) and Replies in Support of the Motions to Strike (_See_ ECF No. 593 on April 8, 2024. Revlon also filed its Reply in Support of its motion on April 8, 2024 (_See_ ECF No. 592).

c.   **Plaintiffs' Motion for Dismissal Without Prejudice**: On May 14, 2024, Plaintiffs filed a Motion to Dismiss Non-ovarian, Uterine or Endometrial Cancer Cases without Prejudice (_see_ ECF No. 650). Defendants filed their joint Opposition to

Plaintiffs' Motion on June 5, 2024 (*see* ECF No. 705). Plaintiffs filed their reply on June 20, 2024 (*see* ECF No. 724). Defendants wish to be heard on this motion at the July 11, 2024 Status Conference.

II.     *"Second-Wave" Defendants:* In accordance with the Court's April 18, 2024 Minute Entry Plaintiffs filed their individualized second-wave longform complaints on May 28, 2024 against new Defendants Advanced Beauty, RNA Corp., Wella, Murrays International, John Paul Mitchell, and Dudley Beauty (*see* ECF Nos. 675-682). Named Defendants must answer or file an otherwise responsive pleading by July 12, 2024.

As directed by the Court's May 31, 2024 Minute Entry, Plaintiffs will file a status report as to their intention to name Defendant Walgreens and other defendants named by individual plaintiffs in a Master Long Form Complaint by July 31, 2024.

In advance of the July 31st Status Report, the PLC, through Douglas & London, P.C., and defendant J. Strickland have agreed to dismiss without prejudice their filed cases, while coordinating informal discovery. The parties hope to have a proposed Order and stipulations of dismissal without prejudice filed in the cases against J. Strickland shortly.

### RNA Corp.'s Position:
Currently, the approved Short Form Complaint under CMO 7 only incorporates the Master Long Form Complaint against the first-wave defendants (ECF No. 106). As such, none of the filed SFCs naming RNA Corporation incorporate the individualized longform complaint against RNA Corporation (ECF No. 680). Under CMO 8, it is therefore unclear whether those SFCs are Materially Incomplete and/or whether RNA Corporation's responsive pleading will constitute an answer to those SFCs. RNA Corporation therefore seeks this Court's guidance on whether the individual plaintiffs naming second-wave defendants such as RNA Corporation should file Amended SFCs which incorporate the operative longform complaints against those defendants.

### Plaintiffs' Position:
Plaintiffs' position in response to RNA's statement above is that those SFCs which name RNA should relate to the operative Long Form Complaint respective to that defendant, and plaintiffs are therefore not required to file an Amended SFC where any second-wave defendant has been named. Plaintiffs also request once again that those second-wave defendants who have not done so already (Bronner Brothers, Inc.; Dudley Beauty Corp. LLC; John Paul Mitchell System; Murrays Worldwide; Roux Laboratories, Inc.; and Wella Operations US LLC), provide a service address for said second-wave defendant, consistent with CMO 8. If these defendants believe that a new SFC should be entered in this case, the Parties can meet and confer on this issue.

III.     **Status of NIH Third-Party Subpoena**: On February 15, 2024, Defendant Revlon issued a subpoena for data and documents to the National Institutes of Health ("NIH"), a third-party. Since that time, MDL leadership, Revlon counsel, and counsel for NIH have met and conferred regarding the scope of the subpoena and whether or how

datasets maintained at NIH might be produced to counsel in the MDL. The parties provide this update to alert the Court to one item that will require the Court's attention now and to advise the Court of the existence of potential on-going disputes that may end up before the Court, including if filed here directly or referred here by another District on a motion to quash:

1. The parties have agreed that certain data collated for the NIH Sister Studies may be produced in this MDL subject to a protective order requested by NIH.

2. The proposed protective order will be submitted for the Court's consideration shortly, and the parties join in seeking its entry.

3. Following entry of the protective order, NIH will produce the data to counsel for Plaintiffs and Defendants.

4. In addition, while NIH and the MDL Plaintiffs initially objected to Revlon's subpoena, Revlon has agreed to defer the return date on the subpoena for documents to consider whether, once it sees the data, it still wants the documents to which NIH and Plaintiffs object. All counsel involved in the discussions have agreed to hold in abeyance any further motion practice related to the Revlon subpoena and, once the data has been produced, to meet and confer if necessary, to discuss Revlon's request if any for the production of documents responsive to the subpoena. All parties have reserved their arguments related to the merits of objections and will not preview them here.

### IV. _Defendant Specific Discovery Status_:

### L'Oréal USA:

_**Plaintiffs' Request that the Court Set Meet and Confer Deadlines:**_ As discussed with the Court at the May 31, 2024 Case Management Conference (_See_ May 31, 2024 Tr. at 115-127), the PSC respectfully requests that the Court issue deadlines on the following discovery related issues prior to the filing of motions to compel:

- L'Oréal USA provided supplemental responses to Interrogatory Nos. 2 and 3 on April 30, 2024, which identified eighty-eight (88) new Hair Relaxer products and seventeen (17) new hair relaxer brands. Plaintiffs requested a supplementation for Interrogatory No. 4 which requests the years each product was sold and distributed. L'Oréal USA has represented it will endeavor to provide a supplemental response by July 3rd. **Plaintiffs request that any meet and confer concerning the completeness of the supplemental responses be concluded no later than July 19, 2024 and that any motion to compel, if necessary, be briefed on the following schedule: Plaintiffs' Motion to Compel – July 26, 2024; L'Oréal's Response – August 3, 2024; Plaintiffs' Reply Brief – August 7, 2024.**

- In April of 2024, The Court granted L'Oréal USA's request for an extension of time to coordinate with L'Oréal SA for logistics in producing discovery from L'Oréal's corporate parent, L'Oréal S.A. Defendants' have not committed to a date for production of those documents; **Plaintiffs request a deadline for the production by July 31, 2024 (more than three months after they were ordered produced).**

*L'Oréal USA's Position:*

Plaintiffs' inclusion of discovery issues in this Joint Status Report is inappropriate and thus L'Oréal USA does not respond here consistent with the Court's guidance. *See* Jan 26, 2024 Minute Order, ECF No. 416 ("First, to better manage discovery disputes the Court orders that moving forward, joint status reports are due on the Thursday before a case management conference. The parties should then file any motions to compel or letter briefs raising non-ESI discovery disputes by 2:00 pm CST on the Friday before the conference. Responses due the Wednesday before the conference at 12:00 pm CST.) *See also* May 31, 2024 Tr. at 104:19-121:23 (Discussion between the Court and the parties that any ripe discovery issues would be raised in a Friday filing, not in the joint status report.)

**Revlon:**

*Plaintiffs' Request that the Court Set Meet and Confer Deadlines:* As discussed with the Court at the May 31, 2024 Case Management Conference (*See* May 31, 2024 Tr. at 115-127), the PSC respectfully requests that the Court issue deadlines on the following discovery related issues prior to the filing of motions to compel:

- Product Identification: The PSC continues to review Revlon's production as it relates to product identification and has identified potential gaps in information. The parties continue to meet and confer to close these gaps and understand that this may be resolved by the previously noticed 30(b)(6) deposition. **Plaintiffs request that any meet and confer concerning product identification be concluded no later than July 19, 2024 and that any 30(b)(6) deposition, if necessary, be completed no later than August 31, 2024.**

- Additionally, Plaintiffs served Interrogatories to Revlon on the topics of manufacturing agreements (ROG3), hair relaxer litigation related communications (ROG4), marketing (ROG5), product design/development studies (ROG6), regulatory post-market surveillance (ROG7), and sales (ROG8). Plaintiffs have identified deficiencies in Revlon's responses to these sets of Interrogatories. The parties have completed their meet and confers pursuant to the Court's instruction to address outstanding deficiencies to these Interrogatory sets by June 21, 2024. Revlon has agreed to cure these deficiencies by June 28, 2024. **Should updated responses that cure these deficiencies not be received, Plaintiffs request that any meet and confer concerning the supplemental responses be concluded no later than July 19, 2024, and that any motion to compel, if necessary, be briefed on the following schedule: Plaintiffs'**

**<u>Motion to Compel – July 26, 2024; Revlon's Response – August 3, 2024; Plaintiffs'
Reply Brief – August 7, 2024.</u>**

*<u>Revlon's Position</u>*: Plaintiffs' inclusion of discovery issues in a Joint Status Report is
inappropriate and thus Revlon does not respond specifically herein, consistent with the Court's
guidance. (*See* Jan 26, 2024 Minute Order, ECF No. 416). However, Revlon states that the
parties have been meeting and conferring with Plaintiffs and have agreed upon ESI terms for
a rolling production. Revlon continues to evaluate Plaintiffs purported deficiencies in its
written responses to Interrogatories and Requests for Production and seeks to provide updates
where appropriate in July and August 2024.

<u>**Namasté Laboratories, LLC:**</u>

*<u>Plaintiffs' Request that the Court Set Discovery Response Deadlines:</u>* As discussed with the
Court at the May 31, 2024 Case Management Conference (*See* May 31, 2024 Tr. at 115-127),
the PSC respectfully requests that the Court issue deadlines on the following discovery related
issue prior to the filing of motions to compel:

- Missing Custodial Files: During the meet and confer process regarding ESI
  production, Namaste confirmed that there are 25 requested custodial files that are
  no longer in existence. On June 17, 2024, Plaintiffs served a Rule 30(b)(6)
  deposition notice in order to obtain clarity on this issue. **<u>Plaintiffs respectfully
  request that the Court order the Rule 30(b)(6) deposition be completed by
  August 15, 2024, or alternatively, that any objection to the deposition be filed
  no later than July 17, 2024, and permission to file a motion to compel, if
  necessary.</u>**

*<u>Namaste's Position:</u>* Inclusion of discovery issues in this Joint Status Report is inappropriate
given the Court's previous guidance on this subject and states that there is no pending dispute
between Plaintiffs and Namaste that is ripe for the Court's involvement. As Plaintiffs
acknowledge, Namaste only received the Rule 30(b)(6) deposition notice on June 17,
2024. Moreover, Namaste has notified Plaintiffs that they are reviewing the topics and will
work with them on this issue. Plaintiffs' request to the Court compelling deadlines for the
deposition to occur or for Namaste to file a motion concerning the deposition is premature.

<u>**Beauty Bell Enterprises and House of Cheatham, LLC:**</u>

*<u>Plaintiffs' Request that the Court Set Meet and Confer Deadlines:</u>* As discussed with the
Court at the May 31, 2024 Case Management Conference (*See* May 31, 2024 Tr. at 115-127),
the PSC respectfully requests that the Court issue deadlines on the following discovery related
issue prior to the filing of motions to compel:

- The parties continue to meet and confer regarding the following RFP requests: RFP
  Set 2, Request No. 7, RFP Set 3, Request No. 9, RFP Set 4, Request 4, and RFP Set
  5, Request No. 10, for which House of Cheatham has asserted a legal objection to

producing responsive documents. **Plaintiffs respectfully request the Court to order a final date for meet and confer efforts on July 18, 2024 and permission to file a motion to compel, if necessary, on the following schedule: Plaintiffs' Motion to Compel – July 26, 2024; House of Cheatham's Response – August 3, 2024; Plaintiffs' Reply Brief – August 7, 2024.**

V. ***ESI Status****:*

Five (5) ESI topics were discussed before Judge Finnegan: (1) legacy system discovery, (2) efforts to reach agreement on search methodology for each defendant, (3) the appointment of a Special Master, (4) the collection ranges for documents, and (5) the production of custodial files maintained by L'Oréal USA.

a. Legacy System Discovery: In accordance with the minute entry dated May 8, 2024 (*see* ECF No. 643), the parties filed a Joint Status report on June 3, 2024 (*see* ECF No. 694) and reported that the parties no longer had disputes as it relates to defendants' responses to the 2nd set of interrogatories Legacy Systems.

b. Search Methodology: In accordance with the minute entry dated May 8, 2024 (*see* ECF No. 643), the parties filed a Joint Status report on June 6, 2024 (*see* ECF No. 708) and provided a defendant-by-defendant update reflecting good progress. As discussed at the June video conference, the parties are to file an updated Joint Status Report by July 12, 2024.

c. Special Master: At the June 10, 2024 video hearing, Defense counsel informed Judge Finnegan that due to an error in transmittal by liaison counsel, the Appointment Order had not been reviewed by the necessary parties prior to the hearing. In accordance with the minute entry issued following the hearing (*see* ECF No. 713), Defendants filed a statement indicating that, subject to Defendants' previously stated objections to the appointment of a Special Master in this case, they had no objections and no comments to the proposed order (*see* ECF No. 716). Plaintiffs also had no objections and no comments to the proposed order. The Court entered CMO 12 on June 13, 2024 appointing Professor Maura Grossman to serve as Special Master.

d. Collection ranges: In accordance with the minute entry dated May 9, 2024 (*see* ECF No. 644), outlining the agreement on the record from a video hearing held on May 7, 2024, the ending collection date is the date the defendant was first sued in this litigation; however, for certain narrow categories, Plaintiffs may request that collections extend after this date and the parties will then meet and confer and determinations as to the ending date will be made on a category-by-category basis.

e. L'Oréal S.A. custodial files: On June 7, 2024, the PLC has filed a motion to compel Defendant L'Oréal USA to produce custodial files of L'Oréal employees who work at L'Oréal S.A. (*see* ECF No. 710). The parties are currently briefing this issue.

## VI.     _Status of Plaintiff Fact Sheets and Dismissal Process_:

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint update on the CMO 9 Plaintiff Fact Sheet ("PFS") intake and case dismissal protocol.

CMO 9 sets out a negotiated and detailed process for Defendants to place plaintiffs who are alleged to be non-compliant with their PFS discovery obligations on a Court Call List, subjecting these plaintiff(s) to appropriate court relief, including issuing an order to show cause, compelling production, or dismissal with or without prejudice. Up until the May 31, 2024 Case Management Conference, the timing of the Court Call Hearing had been tied to the Court's scheduled case management conferences and submission of the related Joint Status Report as required by CMO 9. As outlined under CMO 9, PFS compliance process deadlines, including when Defendants are to provide a PFS Compliance Meet-and-Confer List of delinquent and/or deficient Plaintiffs to Plaintiffs' leadership and when the Parties are required to schedule the PFS Compliance Meet and Confer, are determined based off of the date of the scheduled Court Call Hearing. CMO 9 contemplates that the Court Call Hearings should occur at the end of each Case Management Conference, or another time determined by the Court and agreed to by the parties.

At the May 31, 2024 Case Management Conference, the Court rescheduled the hearing for the May Court Call List of Plaintiffs with PFS delinquencies and deficiencies for June 25, 2024. The Court further suspended submission of a Court Call List that would have been set for the July 11th Case Management Conference, pending resolution of the May Court Call List.

Defendants continue to analyze Plaintiff Fact Sheets and prepare for the next Court Call Hearing. The Parties would like to schedule the next hearing on Defendants' Court Call List. The June 25th hearing lasted two hours and included 329 Plaintiffs. During the hearing, the Court issued directives, with the expectation that the Court would grant certain extensions of PFS deadlines, dismiss certain plaintiffs with prejudice, and dismiss other plaintiffs without prejudice (which automatically would convert to dismissals with prejudice after 365 days and will be subject to additional requirements if refiled). The Parties understand those orders will be forthcoming (or alternatively the Parties can propose a new Case Management Order to address these issues).

Defendants expect again to have hundreds of Plaintiffs whose PFSs are alleged to remain delinquent or deficient and for whom Defendants intend to seek dismissals with prejudice under CMO 9 at the next Court Call Hearing. The Parties believe the hearing may take up to two to two and a half hours. The Parties propose setting this hearing for either the afternoon prior to the August 29th Case Management Conference (i.e., Wednesday, August 28th), the afternoon of the Case Management Conference (i.e., Thursday, August 29th), or the morning after (i.e., Friday, August 30th) and that all parties who wish to be heard be afforded the option to appear either in person or via Webex. The Parties further propose that those who wish to listen, but not be heard, may attend telephonically.

The Parties have conferred and are prepared to discuss further at the July Case Management Conference (or following the August Court Call Hearing) the scheduling of ongoing Court Call Hearings, including to be coordinated around Case Management Conferences.

## VII.  MDL Centrality Platform Update

### a.  *PFS Delinquency and Deficiency Process and MDL Centrality*

The Parties continue to work with Brown Greer to improve the PFS delinquency (Warning Letter) and deficiency (Deficiency Letter) tracking on MDL Centrality, as is described in CMO 11 and CMO 9. This will allow Defendants to notice PFS delinquencies and PFS deficiencies and allow Plaintiffs to respond through the MDL Centrality Platform. By tracking deficiency and delinquency notices and the plaintiffs' responses on MDL Centrality, the Parties will have easier access to the status of PFS data allowing the parties to more easily view and report on the status of the PFS intake and review process from the same data source.

The Parties and Brown Greer anticipate their obligations under CMO 11 will be complete within the next month. Importantly, ongoing efforts to track PFS status data on MDL Centrality do not and have never affected a plaintiff's ability to complete or submit a Plaintiff Fact Sheet via MDL Centrality.

### b.  *Service of Short Form Complaints through MDL Centrality Platform*

In an effort to streamline the service of Short Form Complaints ("SFC") to counsel of record, as well as provide more accurate and transparent insight into what is being filed on the individual and master dockets, the parties submitted CMO 11 to the Court and the Court entered that order on May 14, 2024. The Parties and Brown Greer—with assistance from the Court—are implementing CMO 11 including for service and tracking of SFCs for all filed cases in MDL Centrality.  The deadline for Plaintiffs to submit SFC on cases filed and served prior to entry of CMO 11 was June 28, 2024.  Brown Greer has tracked the SFC upload and SFC Service information under CMO 11.  Brown Greer anticipates it will have a complete dataset no later than July 8, 2024 to share with the court relating to compliance with CMO 11 for cases that were filed and served prior to entry of the order.

### c.  *Status Report on Dismissal Orders in Individual Cases and Brown Greer Tracking*

Brown Greer has tracked the Court's orders in individual cases to identify the list of individual cases that the Court dismissed, with or without prejudice, between February 9, 2023 and April 30, 2024.  Brown Greer is still working to identify the type of dismissal for, and the defendant(s) dismissed from, certain cases.  Brown Greer anticipates it will have a complete dataset no later than July 8, 2024 so that this issue can be addressed, as necessary, at the July 11 status conference.  A draft of the table that Brown Greer is working to complete is attached hereto as Exhibit A for the Court's review and consideration.

At the Court's request, Brown Greer can track the Court's orders on a going forward basis and provide requested data to the Court on an agreed-upon schedule and as requested. As the Parties continue to work with Brown Greer going forward, we invite and encourage conferences with the Court staff, as the Court deems appropriate, to further assist both the Court and the Parties in their efforts to streamline and automate filings on this docket and in the individual cases.

The Parties also offer the following language for a proposed order accompanying the chart of dismissals entered between February 9, 2023 and April 30, 2024:

*Between February 9, 2023 and April 30, 2024, the Court entered dismissal orders in individual cases in MDL 3060 that are listed on Exhibit A. The Parties are directed to comply with CMO 10 for all future requests for dismissals.*

Dated: July 1, 2024

**FOR PLAINTIFFS:**

Respectfully Submitted,

/s/Edward A. Wallace
*Edward A. Wallace*
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
T: (312) 261-6193
Email: eaw@wallacemiller.com

*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
T: (312) 214-7900
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
Email: ffitzpatrick@motleyrice.com

**FOR DEFENDANTS:**

Respectfully Submitted,

/s/Mark C. Goodman
Mark C. Goodman
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, Suite 1100 San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

*Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC*

Mark D. Taylor
**BAKER & MCKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
mark.taylor@bakermckenzie.com

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057

*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

Colleen Baime
Laura Kelly
**Baker & McKenzie LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

*Counsel for Defendant Namasté*
*Laboratories, LLC*

Seth A. Litman
Irvin Hernandez
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
T: (404) 541-2900
Seth.Litman@ThompsonHine.com
Irvin.Hernandez@ThompsonHine.com

*Counsel for Keratin Defendants Keratin*
*Complex and Keratin Holdings, LLC*

Dennis S. Ellis
Katherine F. Murray
Nicholas J. Begakis
Serli Polatoglu
**ELLIS GEORGE CIPOLLONE**
**O'BRIEN LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697

dellis@egcfirm.com
kmurray@egcfirm.com
nbegakis@egcfirm.com
spolatoglu@egcfirm.com

Jonathan Blakley
**GORDON REES SCULLY**
**MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY**
**MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc.,*
*L'Oréal USA Products, Inc. and SoftSheen-*
*Carson LLC*

Lori B. Leskin
**ARNOLD & PORTER KAYE**
**SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Rhonda R. Trotter
**ARNOLD & PORTER KAYE**
**SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

*Counsel for Defendants Strength of Nature*
*LLC; Strength of Nature Global LLC; and*
*Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham
LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell
Enterprises, LLC f/k/a House of Cheatham,
Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105

12

rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950 Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com
David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Abbot P. Edward
Melissa He
Erich J. Gleber
**HAWKINS PARNELL & YOUNG LLP**
275 Madison Avenue, 10th Floor
New York, NY 10016
eabbot@hpylaw.com
mhe@hpylaw.com
egleber@hpylaw.com

*Counsel for Defendants Revlon, Inc., Revlon*
*Consumer Products Corporation, and*
*Revlon Group Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
kmccall@sidley.com

*Counsel for Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Suite 2401
Miami, FL 33131
T: (786) 957-1136
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
Matthew.Wasserman@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*

Daniel L. Stanner
Ashley Crettol Insalaco
Megan E. Ryan
**TABET DIVITO & ROTHSTEIN LLC**
209 S. LaSalle Street, 7th floor
Chicago, IL 60604
Tel: (312) 762-9450
dstanner@tdrlaw.com
ainsalaco@tdrlaw.com
mryan@tdrlaw.com

*Counsel for Defendant RNA Corporation*