**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br><br>Master Docket Case No. 1:23-cv-00818<br><br>Honorable Mary M. Rowland |

## ROUX LABORATORIES, INC.'S ANSWER TO MASTER LONG FORM COMPLAINT

Defendant Roux Laboratories, Inc., i/s/h/a "Roux Laboratories d/b/a Colomer USA, Inc." (hereinafter referred to as "Roux"), by and through its counsel, submits this Omnibus Answer in response to the Master Long Form Complaint (the "Master Complaint").

To the extent not specifically admitted, Roux denies all allegations in the Master Complaint. Roux expressly reserves the right to amend and supplement this Answer, including to assert any counterclaims or cross-claims or modify its affirmative defenses.

By submitting this Answer, Roux does not waive and is not waiving any form of relief available before the U.S. Bankruptcy Court for the Southern District of New York in Case No. 22-10760-dsj (Bankr. S.D.N.Y.) in the event that Roux moves that court for relief related to any violation of the Confirmation Plan (ECF No. 1746) and the injunctions therein by any of the Plaintiffs.

## ROUX'S PRELIMINARY STATEMENT

Roux was founded in 1946. Revlon Consumer Products Corporation acquired Roux Laboratories in 1978. From March 30, 2000 through August 2013, Roux Laboratories was not owned by any Revlon entity. Upon information and belief, Roux Laboratories was a subsidiary of

the Colomer Group / Beauty Care during this time. Roux Laboratories became an indirect subsidiary of Revlon Consumer Products Corporation in August 2013. As such, this Answer lacks information sufficient to respond to all allegations as respects Roux for the period of March 2000 through August 2013.

Roux incorporates herein by reference its preliminary statement into each response to each and every allegation contained in the Master Long Form Complaint.

### RESPONSES TO ALLEGATIONS IN THE AMENDED COMPLAINT
### NATURE OF THIS MASTER COMPLAINT[1]

1.      Paragraph 1 purports to characterize the Master Complaint, which is a writing that speaks for itself. Roux denies that Plaintiffs' alleged injuries are the result of any wrongful conduct by Roux, and that Plaintiffs are entitled to the relief on any of the within claims or causes of action. Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products not sold by it.

2.      Paragraph 2 purports to characterize the Master Complaint, which is a writing that speaks for itself. Roux denies that Plaintiffs' alleged injuries are the result of any wrongful conduct by it, and that Plaintiffs are entitled to the relief on any of the within claims or causes of action. Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products other than Revlon's Hair Relaxers.

3.      Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      To the extent paragraph 4 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 4, except denies knowledge

---

[1] Roux generally repeats the headings of the Complaint for the Court' s convenience, without adopting them for their substance.

or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products not sold by it.

## NATURE OF THIS ACTION

5.      Paragraph 5 purports to characterize the Master Complaint, which is a writing that speaks for itself. Roux denies that its products were defective or that they caused any injuries alleged and further denies that Plaintiffs are in any way entitled to damages or other relief. Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Master Complaint related to products not sold by it.

6.      Roux denies the allegations in paragraph 6.

7.      Roux denies the allegations in paragraph 7.

8.      Roux denies the allegations in paragraph 8.

9.      Roux denies the allegations in paragraph 9, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 related to Plaintiffs' use of hair relaxer products, whether they relied on any particular statements, and their medical conditions.

## I.      PARTIES

10.      Roux admits that Plaintiffs have filed a Master Complaint purportedly pursuant to the Court's order dated April 18, 2023 (ECF No. 77). The Master Complaint is a writing that speaks for itself. Roux denies that Plaintiffs' alleged injuries are the result of any wrongful conduct it, and that Plaintiffs are entitled to the relief on any of the within claims or causes of action.

11.      Roux denies the allegations in paragraph 11.

12.     Roux denies the allegations contained in paragraph 12, except admits that its principal place of business and headquarters is located at 5344 Overmyer Drive, Jacksonville, Florida, 32254.

13.     Roux denies the allegations in paragraph 13.

## II.     JURISDICTION AND VENUE

14.     To the extent paragraph 14 states a legal conclusion, no response is required. To the extent a response is required, Roux admit, upon information and belief, that subject matter jurisdiction exist as to most of the claims brought by Plaintiffs in this MDL but reserve the right to challenge such jurisdiction in a particular case should further factual investigation reveal otherwise.

15.     Roux denies the allegations in paragraph 15, except admits that this Court has personal jurisdiction over it.

## III.     FACTS COMMON TO ALL COUNTS

### A.     Market for Hair Relaxer Products

16.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Roux denies the allegations in paragraph 20.

1.      **History of Afro-Textured Hair and Hair Relaxers—The Framework for Defendants' Wrongful Marketing Practices**

21.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

### 2.     __The Invention of the Chemical Relaxer__

32.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except admit that there was a Black inventor named Garret Augustus Morgan who invented a hair straightening product.

33.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

### 3.     __Defendants' Marketing Efforts__

37.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Roux denies the allegations in paragraph 38.

39.     Roux denies the allegations in paragraph 39.

40.     Roux denies the allegations in paragraph 40.

41.     Roux denies the allegations in paragraph 41.

42.     Roux denies the allegations in paragraph 42.

43.     Roux denies the allegations in paragraph 43.

44.     Roux denies the allegations in paragraph 44.

45.     Roux denies the allegations in paragraph 45.

46.     Roux denies the allegations in paragraph 46.

47.     Roux denies the allegations in paragraph 47.

### 4.     **Chemical Relaxer Use: From Adolescence into Adulthood**

48.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except admit that there is a 2021 Dove Crown Research Study for Girls and refers the Court to that study for its contents.

54.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Roux denies the allegations in paragraph 58.

**5.      Defendants' Hair Relaxer Products Contain Harmful, Toxic and Carcinogenic Ingredients**

59.     Roux denies the allegations in paragraph 59, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 related to the knowledge of the other defendants.

60.     Roux denies the allegations in paragraph 60.

61.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     Roux denies the allegations in paragraph 65.

66.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     To the extent paragraph 69 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 69, and refers the Court to the FPLA and the corresponding regulations for their contents.

70.     To the extent paragraph 70 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 70, and refers the Court to the FPLA and the corresponding regulations for their contents.

**B.      Scientific Studies Confirm – Hair Relaxer Products Cause Uterine and Ovarian Cancer**

      **1.      Uterine Cancer**

71.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Roux denies the allegations in paragraph 74, except admits that there was a study supported by the NIH that was published in October 2022 (the "October 2022 Study"), and refers the Court to that study for its contents.

75.     Roux denies the allegations in paragraph 75 and refers the Court to the October 2022 Study for its contents.

76.     Roux denies the allegations in paragraph 76 and refers the Court to the October 2022 Study for its contents.

77.     Roux denies the allegations in paragraph 77 and refers the Court to the October 2022 Study for its contents.

2.    **Ovarian Cancer**

78.     Roux denies the allegations in paragraph 78, except admits that there was a study supported by the National Institute of Environmental Health that was published in 2021 (the "2021 Study"), and refers the Court to that study for its contents.

79.     Roux denies the allegations in paragraph 79, and refers to the Court to the 2021 Study for its contents.

80.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

C.    **Regulatory Framework**

87.     To the extent paragraph 87 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 87, except admit that

federal law does not require FDA approval for cosmetic products before distribution in the market, and refers the Court to the FD&C Act and FPLA for their contents.

88.     To the extent paragraph 87 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 88, and refers the Court to the FD&C Act for its complete contents.

89.     To the extent paragraph 89 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 89, and refers the Court to the FD&C Act for its complete contents.

90.     To the extent paragraph 90 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 9 0, and refers the Court to the FD&C Act for its complete contents.

91.     To the extent paragraph 91 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 91, and refers the Court to the FD&C Act for its complete contents.

92.     To the extent paragraph 92 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 92, and refers the Court to the FD&C Act for its complete contents.

93.     To the extent paragraph 93 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 93, and refers the Court to the regulations promulgated by the FDA for their complete contents.

94.     To the extent paragraph 94 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 94.

95.     Roux denies the allegations in paragraph 95, and refers the Court to the regulations promulgated by the FDA for their complete contents.

96.     To the extent paragraph 96 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 96, and refers the Court to the regulations promulgated by the FDA for their complete contents.

97.     To the extent paragraph 97 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 97, except admit that 21 CFR § 740.1 contains the quoted language, and refers the Court to 21 CFR § 740.1 for its complete contents.

98.     To the extent paragraph 98 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 98, except admit that 21 CFR § 740.10 contains the quoted language, and refers the Court to 21 CFR § 740.10 for its complete contents.

99.     To the extent paragraph 99 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 99.

100.     Roux denies the allegations in paragraph 100.

101.     Roux denies the allegations in paragraph 101.

102.     Roux denies the allegations in paragraph 102.

103.     Roux denies the allegations in paragraph 103.

104.     Roux denies the allegations in paragraph 104.

## **CAUSES OF ACTION**

**First Cause of Action**
**Negligence and/or Gross Negligence**

105.    Roux repeats, asserts, and incorporates by reference its responses to the foregoing allegations as if fully set forth herein.

106.    Roux denies the allegations in paragraph 106.

107.    Roux denies the allegations in paragraph 107.

108.    Roux denies the allegations in paragraph 108.

109.    Roux denies the allegations in paragraph 109.

110.    Roux denies the allegations in paragraph 110.

111.    Roux denies the allegations in paragraph 111.

112.    Roux denies the allegations in paragraph 112.

113.    Roux denies the allegations in paragraph 113.

114.    Roux denies the allegations in paragraph 114.

115.    Roux denies the allegations in paragraph 115.

116.    Roux denies the allegations in paragraph 116.

117.    Roux denies the allegations in paragraph 117.

118.    Roux denies the allegations in paragraph 118.

119.    Roux denies the allegations in paragraph 119.

**Second Cause of Action**
**Negligence *Per Se***

120.    Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

121.    Roux denies the allegations in paragraph 121, and refers the Court to the Food, Drug, and Cosmetic Act for its complete contents.

122.    Roux denies the allegations in paragraph 122, and refers the Court to 21 U.S.C. § 331, 21 U.S.C. § 361, 21 U.S. Code § 362 and 21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10 for its complete contents.

123.    To the extent paragraph 123 states a legal conclusion, no response is required. To the extent a response is required, Roux denies the allegations in paragraph 123.

124.    Roux denies the allegations in paragraph 124.

125.    Roux denies the allegations in paragraph 125.

126.    Roux denies the allegations in paragraph 126.

**Third Cause of Action**
**Strict Liability: Design Defect**

127.    Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

128.    Roux denies the allegations in paragraph 128, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 related to Plaintiffs' use of the hair relaxer products.

129.    Roux denies the allegations in paragraph 129.

130.    Roux denies the allegations in paragraph 130.

131.    Roux denies the allegations in paragraph 131.

132.    Roux denies the allegations in paragraph 132.

133.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    Roux denies the allegations in paragraph 135, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 related to Plaintiffs' use of the hair relaxer products.

136.    Roux denies the allegations in paragraph 136.

137.    Roux denies the allegations in paragraph 137.

138.    Roux denies the allegations in paragraph 138, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 related to Plaintiffs' use of the hair relaxer products.

139.    Roux denies the allegations in paragraph 139.

140.    that Plaintiffs are entitled to the relief requested in paragraph 140.

**Fourth Cause of Action**
**Strict Liability: Failure to Warn**

141.    Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

142.    Roux denies the allegations in paragraph 142, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 related to Plaintiffs' use of the hair relaxer products, and admit that hair relaxer products have been marketed and sold under certain brands owned Roux.

143.    Roux denies the allegations in paragraph 143.

144.    Roux denies the allegations in paragraph 144.

145.    Roux denies the allegations in paragraph 145, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 related to Plaintiffs' use of the hair relaxer products.

146.     Roux denies the allegations in paragraph 146, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 related to Plaintiffs' purchase of the hair relaxer products.

147.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.     The Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.     The Roux denies the allegations in paragraph 149, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 related to Plaintiffs' use of the hair relaxer products.

150.     Roux denies the allegations in paragraph 150.

### Fifth Cause of Action
### Breach of Implied Warranty of Merchantability/Fitness for Particular Use

151.     Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

152.     Roux denies the allegations in paragraph 152.

153.     Roux denies the allegations in paragraph 153.

154.     Roux denies the allegations in paragraph 154.

155.     Roux denies the allegations in paragraph 155.

156.     Roux denies the allegations in paragraph 156.

157.     Roux denies the allegations in paragraph 157.

158.     Roux denies the allegations in paragraph 158.

159.    The Roux denies the allegations in paragraph 159, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 related to Plaintiffs' purchase and use of the hair relaxer products.

160.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Roux denies the allegations in paragraph 162.

163.    Roux denies the allegations in paragraph 163, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 related to Plaintiffs' purchase and use of the hair relaxer products.

164.    Roux denies the allegations in paragraph 164.

165.    Roux denies the allegations in paragraph 165.

166.    Roux denies the allegations in paragraph 166.

167.    Roux denies the allegations in paragraph 167.

168.    The Roux denies the allegations in paragraph 168.

169.    The Roux denies the allegations in paragraph 169, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 related to Plaintiffs' use of the hair relaxer products.

170.    Roux denies the allegations in paragraph 170.

171.    Roux denies the allegations in paragraph 171.

**Sixth Cause of Action**
**Breach of Express Warranty under state law and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.***

172.     Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

173.     Roux denies the allegations in paragraph 173.

174.     Roux denies the allegations in paragraph 174.

175.     Roux denies the allegations in paragraph 175.

176.     Roux denies the allegations in paragraph 176.

177.     Roux denies the allegations in paragraph 177.

178.     Roux denies the allegations in paragraph 178.

179.     The Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179.

180.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180.

181.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181.

182.     Roux denies the allegations in paragraph 182.

183.     Roux denies the allegations in paragraph 183, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 related to Plaintiffs' purchase and use of the hair relaxer products.

184.     Roux denies the allegations in paragraph 184.

185.     Roux denies the allegations in paragraph 185.

186.     Roux denies the allegations in paragraph 186.

187.     Roux denies the allegations in paragraph 187.

188.     Roux denies the allegations in paragraph 188.

189.     Roux denies the allegations in paragraph 189.

190.     Roux denies the allegations in paragraph 190.

191.     Roux denies the allegations in paragraph 191.

**Seventh Cause of Action**
**U.S. State and Territory Statutory Consumer Protection and Unfair or Deceptive Trade Practices Claims**

192.     Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

193.     Roux denies the allegations in paragraph 193.

194.     Roux denies the allegations in paragraph 194.

195.     Roux denies the allegations in paragraph 195.

196.     Roux denies the allegations in paragraph 196.

197.     Roux denies the allegations in paragraph 197.

198.     Roux denies the allegations in paragraph 198.

199.     Roux denies the allegations in paragraph 199.

200.     Roux denies the allegations in paragraph 200, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 related to Plaintiffs' use of the hair relaxer products.

201.     Roux denies the allegations in paragraph 201.

202.     Roux denies the allegations in paragraph 202.

203.     Roux denies the allegations in paragraph 203.

**Eight Cause of Action**
**Unjust Enrichment**

204.     Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

205.     Roux denies the allegations in paragraph 205.

206.     Roux denies the allegations in paragraph 206, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 related to Plaintiffs' purchase of the hair relaxer products.

207.     Roux denies the allegations in paragraph 207, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 related to Plaintiffs' purchase of the hair relaxer products.

208.     Roux denies the allegations in paragraph 208.

209.     Roux denies the allegations in paragraph 209.

210.     Roux denies the allegations in paragraph 210.

**Ninth Cause of Action**
**<u>Wrongful Death</u>**

211.     Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

212.     Roux denies the allegations in paragraph 212.

213.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259.

214.     Roux denies the allegations in paragraph 214.

215.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215, except denies that Plaintiffs are entitled to the relief sought.

216.     Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262, except denies that Plaintiffs are entitled to the relief sought.

217.     Roux denies the allegations in paragraph 217.

**Tenth Cause of Action**

**Survival Action**

218.    Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

219.    Roux denies the allegations in paragraph 219.

220.    Roux denies the allegations in paragraph 220, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 related to Plaintiffs use of Defendant's hair relaxer products.

221.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221.

222.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222, except denies that Plaintiffs are entitled to the relief sought.

223.    Roux denies the allegations in paragraph 223.

**Eleventh Cause of Action**
**Loss of Consortium**

224.    Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

225.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225.

226.    Roux denies the allegations in paragraph 272.

227.    Roux denies the allegations in paragraph 227.

228.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228, except denies that Plaintiffs are entitled to the relief sought.

229.    Roux denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229.

230.    Roux denies the allegations in paragraph 230.

231.    The Roux denies the allegations in paragraph 231.

**Twelfth Cause of Action**
**Punitive Damages**

232.    Roux repeats, asserts, and incorporates by reference their responses to the foregoing allegations as if fully set forth herein.

233.    Roux denies the allegations in paragraph 233.

234.    Roux denies the allegations in paragraph 234.

**JURY TRIAL DEMAND**

Roux admits that Plaintiffs purport to demand a jury trial.

**PRAYER FOR RELIEF**

Roux denies all remaining allegations not specifically admitted herein and denies that the Plaintiffs are entitled to any of the relief sought or to any relief at all.

**AFFIRMATIVE DEFENSES**

Without assuming any burden other than those imposed by operation of law, and without admitting that they bear the burden of proof with respect to any of the following, the Roux alleges the following affirmative defenses, which shall apply to this Master Complaint as well as any individual complaint that is or should, at any time, become part of this MDL.  Roux asserts these defenses based on the facts presently known to them, while reserving the right to add additional defenses based on facts learned during discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' Mater Complaint fails to state a claim upon which relief can be granted. As an example, and without limitations, Plaintiffs fail to identify with reasonable specificity the Roux

products they purchased or used. Plaintiffs fail to allege any facts that support any causal connection between the alleged conduct of Roux and Plaintiffs' alleged injury; specifically, the scientific evidence cited by Plaintiffs fails to establish that any products designed, manufactured, marketed, or sold by Roux caused any injury to any Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations/Statute of Repose)**

Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose.

**THIRD AFFIRMATIVE DEFENSE**
**(Pre-emption)**

Plaintiffs' claims may be preempted by the Food, Drug, and Cosmetic Act ("FDCA").

**FOURTH AFFIRMATIVE DEFENSE**
**(Contributory Negligence or Comparative Fault)**

Plaintiffs may be barred because of their own lack of reasonable care in using any alleged products.

**FIFTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

Plaintiffs' claims may be barred to the extent their alleged injuries, if any, were sustained by voluntarily and unreasonably proceeding to encounter a known risk.

**SIXTH AFFIRMATIVE DEFENSE**
**(Third Party Fault or Negligence)**

Plaintiffs' claims may be barred because Plaintiffs' alleged injuries were the result of the negligence and/or fault of a person or entity other than Plaintiffs or the Roux.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Intervening and Superseding Cause)**

Plaintiffs may be barred because their alleged injuries were the result of an intervening and/or superseding cause.

### EIGHTH AFFIRMATIVE DEFENSE
**(State of the Art)**

Plaintiffs' claims may be barred because Roux acted in conformity with industry standards based on the existing state of knowledge at all relevant times.

### NINTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiffs' claims may be barred by the doctrine of waiver, laches, estoppel, release, or statutory and regulatory compliance because their undue delay in filing this action has prejudiced Roux.

### TENTH AFFIRMATIVE DEFENSE
**(No Entitlement to Punitive Damages/Good Faith)**

Plaintiffs are not entitled to any punitive damages because Plaintiffs have failed to allege that Roux acted in a manner that was malicious, willful, outrageous, wanton, reckless, grossly negligent, intentional, immoral, unethical, oppressive, unscrupulous, or done with bad motives or in violation of public policy. On the contrary, any statement made by, or attributed to Roux was true at the time made and/or otherwise made under a good faith belief that it was true.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Speculative Injuries)**

Plaintiffs' alleged injuries are too speculative and remote from the alleged wrongful conduct to serve as a basis for liability.

### TWELFTH AFFIRMATIVE DEFENSE
**(Ripeness/Mootness)**

Plaintiffs' claims may be barred because they are not ripe or have become moot.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(No Reliance)**

Plaintiffs' warranty claims are barred because they did not reasonably rely on any alleged

express or implied warranty, and because Plaintiffs did not give Roux adequate notice of any alleged breach of warranty, express or implied.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Standing)**

Plaintiffs' claims may be barred because Plaintiffs lack standing to bring such claims.

### fifteenth AFFIRMATIVE DEFENSE
**(Revlon's Confirmed Reorganization Plan)**

Plaintiffs' claims against the Roux should be dismissed to the extent they failed to file proof of claims as required under Revlon's confirmed Chapter 11 Plan of reorganization (the "Plan"). Under Article IX.A.6 of the Plan, a plaintiff may assert Hair Straightening Claims only if they had previously filed a timely and valid hair straightening proof of claim in Revlon's Chapter 11 proceeding. To the extent any plaintiff failed to file a timely proof of claim, their claims against Revlon have been fully discharged and cannot now be liquidated.

**WHEREFORE**, Roux respectfully requests the following relief against Plaintiff:

a)      The entry of judgment on Plaintiffs' Master Complaint in favor of the Roux, and against Plaintiffs, with Plaintiffs not being awarded any relief of any kind;

b)      An award to Roux of attorney's fees, other professional fees, costs, and expenses incurred by Roux in defending against Plaintiffs' Master Complaint; and

c)      An award to Roux of all other and further relief that this Court deems just and proper.

By seeking the aforementioned relief, Roux do not waive and are not waiving any form of relief available before the bankruptcy court in the event the Roux move that court for relief related to Plaintiffs blatant violation of the Plan and the injunctions therein.

Dated: July 25, 2024          Respectfully submitted,

*/s/ Edward P. Abbot*
Edward P. Abbot
Timothy M. McCann
HAWKINS, PARNELL & YOUNG, LLP
375 Madison Avenue, 10th Floor
New York, NY 10016
(212) 897-9655
eabbot@hpylaw.com
*Counsel for Defendant Roux Laboratories, Inc.*