Exhibit A

# ELLIS GEORGE LLP

Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

Noah S. Helpern
424.202.5562
nhelpern@ellisgeorge.com

---

July 24, 2024

**Via Electronic Mail Only**

Temitope Leyimu
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina 29464
tleyimu@motleyrice.com

Mark Abramowitz
Dicello Levitt LLP
8160 Norton Parkway
Mentor, Ohio 44060
mabramowitz@dicellolevitt.com

Re: ***In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation***; MDL No. 3060; Master Docket No. 1:23-cv-00818

Dear Counsel:

I write in response to your email sent today at 1:50 p.m. Pacific time regarding the Motion for Issuance of Request for International Judicial Assistance and related materials. Despite that fact that we had an agreement—confirmed both telephonically and via email this morning—regarding Plaintiffs' proposed change to the motion, your email raises for the first time new issues that were never agreed to ***nor even discussed*** as part of our negotiations.

On July 1 and in all subsequent meet-and-confer discussions, Plaintiffs proposed ***one change*** to the Motion for Issuance. Specifically, you wrote on July 1: "[W]e have an edit before this gets filed. Please remove 'about non- U.S. hair relaxer products' from (1) foreign regulatory communications on page 2 of the Motion for Issuance of Request for International Judicial Assistance you sent on Friday." After significant back-and-forth between the parties and what I understood to be mutual, good-faith efforts to avoid motion practice on this issue, L'Oréal USA ultimately agreed to Plaintiffs' proposed change (subject to the reservation of rights described in my July 23 letter). We confirmed this agreement on a call earlier today and expressly discussed the fact that motion practice would no longer be necessary. You then further confirmed in writing via an email sent at approximately 10:49 a.m. Pacific time today.

I was surprised, therefore, to receive your email this afternoon demanding that ***"[a]ll references*** in the Commissioner documents limiting production to solely non-US products" be removed. Plaintiffs had never previously requested these global changes. Despite the last-minute nature of this new request, L'Oréal USA was and is willing to consider making these global changes. In fact, were this Plaintiffs' only request to alter the scope of the parties' agreement, I expect we may have been able to reach a resolution. However, Plaintiffs' additional

2442221.1

E LLIS  G EORGE  LLP

Temitope Leyimu
Mark Abramowitz
July 24, 2024
Page 2

new demands are unreasonable and appear designed to undo an agreement that L'Oréal USA worked diligently and in good faith to reach with Plaintiffs.

Specifically, Plaintiffs have now demanded, for the first time, that L'Oréal USA must generally agree "that the Court has decided control over SA for discovery purposes." This is not tied to any language in the draft Motion for Issuance or related papers. Instead, Plaintiffs simply want L'Oréal USA to agree to Plaintiffs' characterization of a particular Court Order. L'Oréal USA cannot do so. Besides being imprecise and overbroad, Plaintiffs' proposed characterization is not even accurate; it misstates the scope of the Court's December 27, 2023 Order and purports to impose duties and obligations on L'Oréal USA that have not been briefed or decided.

The Court's December 27 Order related to specific categories of documents that were the subject of Plaintiffs' motion. For example, the Court noted that "six distinct categories of documents" were at issue. (ECF No. 353 at 2). The Court assessed L'Oréal USA's objections to production of the particular "documents sought from L'Oréal S.A." (*Id*. at 3). In analyzing "control," the Court made express reference to "the documents possessed by L'Oréal USA *that Plaintiff requests*." (*Id*. at 7). Indeed, as the Court noted, "[t]he question of control is fact-specific, and the party seeking production bears the burden of establishing that the opposing party *controls the requested documents*." (*Id*. at 5).

Accordingly, there was no all-purpose finding of control for all discovery purposes. To the extent Plaintiffs intend seek additional categories of documents in the possession of L'Oréal S.A. or depositions of L'Oréal S.A. personnel, the control analysis will be specific to those new requests. L'Oréal USA will not agree to accept Plaintiffs' mischaracterization of the Court's December 27 Order—demanded at the last minute and after weeks of negotiations—as a precondition to maintaining an agreement as to one clause in a motion that was confirmed both telephonically and in writing earlier today. I hope that Plaintiffs will reconsider this new demand. If not, then the parties no longer have an agreement.

Regards,

Noah S. Helpern

2442221.1