Exhibit C

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br><br>Master Docket No. 1:23-cv-00818<br><br>Hon. Mary M. Rowland |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN THE APPOINTMENT OF A COMMISSIONER PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

A request is hereby made by the United States District Court for the Northern District of Illinois, at 219 South Dearborn Street, Chicago, Illinois 60604, UNITED STATES OF AMERICA, to the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, FRANCE, for assistance in obtaining document discovery from L'Oréal S.A., the French foreign parent of Defendant L'Oréal USA, Inc. ("L'Oréal USA") in the above-captioned action. This request is made pursuant to Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention").

| | |
|---|---|
| 1. Sender | The Honorable Mary M. Rowland<br>United States District Court<br>Northern District of the State of Illinois<br>Eastern Division<br>Everett McKinley Dirksen United States Courthouse<br>219 South Dearborn Street, Courtroom 1225<br>Chicago, IL 60604<br>United States of America |

2405205.2

| | |
|---|---|
| 2. Central Authority of Requested State | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commerciale (D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>France |
| 3. Person to whom executed request is to be returned | Dennis S. Ellis<br>Ellis George LLP<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, CA 90067<br>United States of America<br><br>L'Oréal USA also designates the appointed Commissioner Noëlle Lenoir, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the Hague Convention proceedings. The Commissioner shall transmit such authorization and notifications to counsel for L'Oréal USA. |

In conformity with Chapter II, Article 17 of the Hague Convention, the United States District Court for the Northern District of Illinois presents its compliments to the Ministère de la Justice and has the honor to submit the following request:

| | |
|---|---|
| 4. Specifications of the date by which the requesting authority requires receipt of the response to the Request for International Judicial Assistance ("Request for Assistance") | The requesting authority would greatly appreciate a response to the Request for Assistance within 21 days or as soon thereafter as is practicable. |
| 5. Requesting judicial authority | The Honorable Mary M. Rowland<br>United States District Court Judge<br>Northern District of the State of Illinois<br>Eastern Division<br>Everett McKinley Dirksen United States Courthouse<br>219 South Dearborn Street, Courtroom 1225<br>Chicago, IL 60604<br>United States of America |
| 6. To the competent authority of | The Republic of France |

2405205.2

| | |
|---|---|
| 7. Name of the case and identifying number | *IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION* <br> MDL 3060 <br> Master Docket No. 1:23-cv-00818 (N.D. Ill.) |
| 8. Name of Plaintiffs | Plaintiffs are women alleging that their use of hair relaxer products caused to develop injuries, including uterine and ovarian cancer, and other injuries. |
| Name and addresses of Plaintiffs' representatives | Edward A. Wallace <br> **WALLACE MILLER** <br> 150 N. Wacker Dr., Suite 1100 <br> Chicago, Illinois 60606 <br> T: (312) 261-6193 <br> *Plaintiffs' Liaison Counsel* <br><br> Diandra "Fu" Debrosse Zimmermann <br> **DICELLO LEVITT LLP** <br> 505 20th Street North, Suite 1500 <br> Birmingham, Alabama 35203 <br> T: (312) 214-7900 <br> *Plaintiffs' Co-Lead Counsel* <br><br> Fidelma L. Fitzpatrick <br> **MOTLEY RICE LLC** <br> Providence, Rhode Island 02903 <br> 40 Westminster Street, Fifth Floor <br> T: (401) 457-7700 <br> *Plaintiffs' Co-Lead Counsel* <br><br> Michael A. London <br> **DOUGLAS & LONDON, P.C.** <br> 59 Maiden Lane, Sixth Floor <br> New York, New York 10038 <br> T: (212) 566-7500 <br> *Plaintiffs' Co-Lead Counsel* <br><br> Benjamin L. Crump <br> **BEN CRUMP LAW FIRM** <br> 122 South Calhoun Street <br> Tallahassee, Florida 32301 <br> T: (850) 224-2020 <br> *Plaintiffs' Co-Lead Counsel* |

| | |
|---|---|
| 9. Name of relevant Defendant | L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC (collectively, "L'Oréal USA") |
| Name and address of relevant Defendant's representative | Dennis S. Ellis<br>Ellis George LLP<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, CA 90067<br>United States of America |
| 10. Nature and purpose of the proceedings and summary of the facts | On or around October 21, 2022, Plaintiffs began filing lawsuits across the country against manufacturers of hair relaxer products, including L'Oréal USA. On February 6, 2023, the Judicial Panel on Multidistrict Litigation created this MDL and assigned all of the federal cases to this Court. On May 15, 2023, Plaintiffs filed a Master Long Form Personal Injury Complaint in the MDL (ECF No. 106), alleging that their regular and prolonged exposure to unidentified endocrine-disrupting chemicals in Defendants' hair relaxer products caused them to develop injuries, including uterine and ovarian cancer, fibroids and other injuries. Based on these allegations, Plaintiffs asserted products liability, fraud and consumer protection claims. The Defendants filed a motion to dismiss the Master Long Form Complaint. (ECF No. 142.) The Court granted the motion, in part, dismissing the fraud-based claims and denying the balance of the motion, allowing Plaintiffs to proceed with their products liability claims. (ECF No. 291.)<br>On June 27, 2023, Plaintiffs served L'Oréal USA with their First Set of Requests for Production of Documents ("RFPs") in this action (annexed hereto as **Exhibit 2**) seeking, *inter alia*, information regarding hair relaxer products sold exclusively outside of the United States. This Request for Assistance arises from the following RFPs:<br>Request No. 5 seeks production of: "ALL DOCUMENTS, including but not limited to COMMUNICATIONS, memoranda, reports, and studies, submitted to any Regulatory |

Agency by YOU or on YOUR behalf, or received by YOU or anyone on YOUR behalf from any Regulatory Agency in the United States or outside of the United States concerning YOUR HAIR RELAXER PRODUCT(S)."

Request No. 6 seeks production of: "ALL final LABELS for YOUR HAIR RELAXER PRODUCT(S) sold in the United States and/or outside of the United States."

Request No. 7 seeks production of: "ALL INTSRUCTIONS FOR USE for YOUR HAIR RELAXER PRODUCT(S) sold in the United States and/or outside of the United States."

Request No. 10 seeks production of: "All published and unpublished studies or laboratory and animal testing YOU conducted concerning the safety of YOUR HAIR RELAXER PRODUCT(S) whether proposed, pending, and/or completed. This request includes, but is not limited to, DOCUMENTS and COMMUNICATIONS regarding the following:
- Trial protocols and testing protocols, and any amendments thereto;
- Laboratory notebooks;
- Raw data;
- Data summaries and/or analysis;
- Test results, including any summaries and/or analyses;
- Draft and final reports, whether or not submitted to the FDA or other regulatory agency;
- Draft and published results, articles, posters, abstracts, white papers, position papers, and presentations of testing data;
- Internal memoranda or COMMUNICATIONS concerning studies or results;
- Summaries or compilations of medical literature relating or referring to YOUR HAIR RELAXER PRODUCT(S);
- Comparisons or data summaries relating or referring to YOUR HAIR RELAXER PRODUCT(S); and

2405205.2

- ALL internal or external COMMUNICATIONS relating or referring to any STUDY relating to a HAIR RELAXER PRODUCT(S) that involves or mentions hormone-sensitive cancers."

Request No. 11 seeks production of: "ALL scientific journal articles submitted to any academic or scientific publication, written or drafted in whole, or in part, by YOU, YOUR EMPLOYEES or scientists or third parties who received funding or other forms of compensation from YOU or other entities retained or owned (wholly or in part) by YOU, regarding any HAIR RELAXER PRODUCT(S)."

L'Oréal USA agreed to produce documents related to products it made or sold, but objected to the RFPs to the extent they sought information related to products made or sold exclusively outside the United States by entities other than L'Oréal USA. Pursuant to this Court's Order, on December 6, 2023, the parties submitted simultaneous briefing regarding Plaintiffs' demand for information relating to products sold exclusively outside the United States. (ECF No. 301.) In its submission, L'Oréal USA maintained that it should not be required to produce information relating to hair relaxer products sold exclusively outside of the United States, by entities whom L'Oréal USA does not control. On December 27, 2023, the Court issued its Order finding that certain documents sought from L'Oréal S.A. are within the "control" of L'Oréal USA and must be produced in the MDL proceeding. (ECF No. 353 (attached hereto as **Exhibit 3**).) Specifically, the Court ordered L'Oréal USA to collect from L'Oréal S.A. and produce the following items as they relate to hair relaxers: (1) foreign regulatory materials; (2) product labels and usage instructions; (3) scientific studies; and (4) articles in scientific journals. The Court denied Plaintiffs' request for foreign

2405205.2

| | |
|---|---|
| | organizational charts and Board of Directors materials.<br>On February 20, 2024, L'Oréal USA moved for reconsideration of the Court's Order because, *inter alia*, L'Oréal S.A.'s compliance therein would cause it to violate French Law No. 80-538 of July 16, 1980 ("Law No. 80-538"), also known as the French Blocking Statute, which prevents a French entity from producing discovery in a foreign proceeding when the discovery is sought outside of the Hague Convention or without first obtaining permission from the French authorities. (*See* ECF No. 461. *See also* the Declaration of Alexander Blumrosen ("Blumrosen Decl."), attached hereto as **Exhibit 4**).) |
| 11. Evidence to be obtained | In its Motion for Reconsideration, L'Oréal USA explained that, as the Documents subject to the Court's Order belong to L'Oréal S.A. and are intended to be used in this litigation, L'Oréal S.A. must comply with the French Blocking Statute before it can provide the documents to L'Oréal USA. L'Oréal USA thus requested, to the extent the Court did not reconsider its Order, that it be provided additional time to comply so that it could coordinate with L'Oréal S.A. to undertake the procedures necessary to abide by the French Blocking Statute.<br>On March 4, 2023, the Court denied L'Oréal USA's Motion for Reconsideration, but granted L'Oréal USA's request for additional time "so that it can coordinate with L'Oréal S.A. to avoid exposure to criminal prosecution and streamline logistics." The Court further instructed the Parties to "work together to determine a reasonable timeline for the production of foreign materials." (ECF No. 499 (attached hereto as **Exhibit 5**).)<br>L'Oréal S.A. will provide to the Commissioner the documents that are the subject of the Court's December 27, 2023 Memorandum Opinion and Order (quoted in paragraph 12 below), for transmission by the |

2405205.2

| | |
|---|---|
| 12. Documents or other property to be inspected | Commissioner to L'Oréal USA for review and production in this action. These documents relate to "hair relaxer products sold exclusively outside of the United States" and specifically, "products developed and sold by L'Oréal S.A. outside the United States…" Dec. 27, 2023 Order at pp. 2, 8. L'Oréal U.S.A. must produce the following documents that are in the possession of L'Oréal S.A.: (1) foreign regulatory materials; (2) product labels and usage instructions; (3) scientific studies; and (4) articles in scientific journals related to hair relaxer products sold outside the United States. Defendant L'Oréal U.S.A. must produce responsive documents that are in the possession of L'Oréal S.A., (collectively, the "Documents"). |
| 13. Whether the Plaintiffs or Defendant have consented to document discovery | L'Oréal USA objected to Plaintiffs' RFPs to the extent they sought documents from sources other than L'Oréal USA, but the Court overruled those objections. L'Oréal USA is now producing the Documents from L'Oréal S.A. pursuant to the Court's Order. |
| 14. Suggested date by which any document discovery must be completed | L'Oréal S.A.'s initial transmission of Documents to the Commissioner will occur within 21 days after the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner. L'Oréal S.A. will transmit any remaining Documents to the Commissioner on a rolling basis. . |
| 15. Special methods or procedure to be followed | L'Oréal S.A. will transmit the Documents to the Commissioner who will then transmit the Documents to L'Oréal USA for review and production in this action.<br><br>The Commissioner's sole duty with respect to the Documents is to receive them from L'Oréal S.A. and transmit them to L'Oréal USA. In receiving the Documents from L'Oréal S.A., the Commissioner may review the Documents only to ensure that the Documents correspond to the Documents required pursuant to the Court's December 27, 2023 Memorandum Opinion and Order (quoted in paragraph 12 above). The |

2405205.2

| | |
|---|---|
| | Commissioner shall not review the Documents for relevance, privilege or any other reason, and the Commissioner shall not, on her own, make any decision to limit the Documents received by L'Oréal S.A. Should the Commissioner have concerns about a particular document it received from L'Oréal S.A., she shall contact L'Oréal S.A. to address/resolve any such concern(s). |
| 16. Specification of privilege or duty to refuse to produce documents under the law of the State of origin | Neither this Request for Assistance nor the transmission of Documents by L'Oréal S.A. to the Commissioner pursuant to the Hague Convention, shall waive, or be deemed or argued to have waived, any argument, position, objection, allegation or claim or defense of Plaintiffs or L'Oréal USA, or any defense to personal jurisdiction that L'Oréal S.A. may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of Illinois. |
| 17. Authority appointing Commissioner, pending approval of the Ministère de la Justice | United States District Court Northern District of the State of Illinois Eastern Division Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street, Courtroom 1225 Chicago, IL 60604 United States of America |
| 17. Commissioner | Ms. Noëlle Lenoir nlenoir@noellelenoir-avocats.com Attached as **Exhibit 1** hereto is the Order of the United States District Court for the Northern District of Illinois, appointing Ms. Noëlle Lenoir as Commissioner, pending the approval of the Ministère de la Justice. |
| 18. Costs | All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by L'Oréal USA. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this |

2405205.2

Hague Convention process.

This Court expresses its appreciation to the Ministère de la Justice for its courtesy and assistance in this matter.

Dated: _____

Hon. Mary M. Rowland
United States District Court Judge

2405205.2