Exhibit E



www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000  f. 843.216.9450

*Temitope O. Leyimu*
Licensed in DC, SC
direct: 843.216.9107
tleyimu@motleyrice.com

July 26, 2024

*L'Oréal USA Defense Counsel*

<u>Sent Via Email</u>:
Noah S. Helpern
Nora Z. Naccachian
Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

**Re: Clarity on issues related to the production of documents by L'Oreal USA from L'Oreal SA.**

Counsel,

We write to get some clarity on issues related to the production of documents by L'Oreal USA from L'Oreal SA.

We understand that L'Oreal USA has agreed to include language related to documents concerning domestic Hair Relaxer products in the Order related to the Commissioner. We can continue to work with you on the appropriate scope of the Commission, including as reflected in the attached redlines.

There is a separate issue of what documents L'Oreal USA has to obtain and produce from L'Oreal S.A. Plaintiffs believe that the Court's rulings as to L'Oreal USA's "control" over documents housed by L'Oreal S.A. (*see* ECF 353 and ECF 499) apply to all of Plaintiffs' document requests and are dispositive of these issues. In those orders, the Court expressly cautioned L'Oréal USA that the "predicate question" of control is not "whether the subsidiary and parent had a close relationship *as to a particular product or set of documents*" but "whether the two entities are sufficiently close," *see* ECF 499 at 3 (emphasis added). That the Court not only made the initial "control" ruling but affirmed it in response to L'Oreal's motion for reconsideration reinforces this interpretation.

Based on those two orders, Plaintiffs believe that L'Oreal USA is required to produce <u>all</u> documents that are relevant and responsive to the Plaintiffs' Request for Production of Documents irrespective of whether they are held by L'Oreal USA or L'Oreal S.A., and not merely those four categories of documents discussed in ECF 353. If L'Oreal USA has specific objections to any of Plaintiffs' requests that are separate and distinct from the "control" issue already decided by the Court, L'Oreal USA is required to clearly assert that objection to specific document requests. Once that happens, the parties can meet and confer on those objections to see if an agreement can be reached or if the dispute requires Court intervention.



July 26, 2024
Page 2

      We write to ensure that the parties are in agreement on the points above and that L'Oreal USA intends to produce from L'Oreal S.A. all documents that are responsive and relevant to Plaintiffs' various Requests for Production of Documents, subject to L'Oreal USA's good faith objections due to privilege or proportionality.

      If there is disagreement on these issues, we request that you let us know in writing and that we conclude any meet and confer process related to this issue by July 29, 2024. If we are not able to reach an agreement, the Plaintiffs intend to raise these issues (and any others that come to light throughout this process) to the Court by August 1, 2024.

                         Thank you,

                         Temitope "Tope" Leyimu

cc:     Mark Abramowitz, mabramowitz@dicellolevitt.com