Exhibit F

# ELLIS GEORGE LLP

Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

Noah S. Helpern
424.202.5562
nhelpern@ellisgeorge.com

July 30, 2024

**Via Electronic Mail Only**

Temitope Leyimu
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina 29464
tleyimu@motleyrice.com

Mark Abramowitz
Dicello Levitt LLP
8160 Norton Parkway
Mentor, Ohio 44060
mabramowitz@dicellolevitt.com

Re: *In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*; MDL No. 3060; Master Docket No. 1:23-cv-00818

Dear Counsel:

We write in response to your meet-and-confer letter dated July 26, 2024, regarding the potential production of documents from L'Oréal S.A.

As previously noted in my July 24 letter, it is extremely frustrating and counter-productive that Plaintiffs continue to insert a number of new and never-previously-discussed changes and prerequisites into an agreement that was reached (and confirmed, in writing) on July 24. Plaintiffs proposed *one change* to the Motion for Issuance on July 1, which, after weeks of negotiation, L'Oréal USA ultimately agreed to (subject to a reservation of rights). Yet now—almost a month later and after an agreement was reached—Plaintiffs have proposed what appear to be *dozens* of never-before-mentioned changes to the documents and purport to demand a response from L'Oréal USA in less than one business day. This is unreasonable.

Moreover, Plaintiffs are now attempting to insert language that L'Oréal USA has expressly rejected. For example, in the latest redline of the draft Letter of Request sent by Plaintiffs on July 26, Plaintiffs have inserted language stating that "L'Oréal USA controls L'Oréal SA for discovery purposes." As addressed in detail in my July 24 letter, that statement is inaccurate and mischaracterizes the relevant Court Order. L'Oréal USA cannot agree to that proposed language and has already told Plaintiffs that, in writing.

Plaintiffs' claims about the scope of the Court's December 27, 2024, Order do not align with the express language of that Order. The Court's December 27 Order related to specific categories of documents that were the subject of Plaintiffs' motion. For example, the Court noted that "six distinct categories of documents" were at issue. (ECF No. 353 at 2). The Court assessed L'Oréal USA's objections to production of the particular "documents sought from L'Oréal S.A." (*Id*. at 3). In analyzing "control," the Court made express reference to "the

2444535

ELLIS GEORGE LLP

Temitope Leyimu
Mark Abramowitz
July 30, 2024
Page 2

documents possessed by L'Oréal USA *that Plaintiff requests*." (*Id*. at 7). Indeed, as the Court noted, "[t]he question of control is fact-specific, and the party seeking production bears the burden of establishing that the opposing party *controls the requested documents*." (*Id*. at 5). If the Court intended to make a blanket ruling regarding L'Oréal USA's purported control over L'Oréal S.A. for all discovery purposes—as Plaintiffs now contend—the Court could have easily done that (even though such a ruling would have been beyond that issues before the Court at the time). Instead, the Court issued a ruling regarding the specific disputes that were before it; Plaintiffs cannot retroactively broaden that Order, and apparently recognizes this as they have raised this issue with the Magistrate and scheduled a motion before Judge Rowland in this regard.

Your July 26 letter makes a number of statements that are unsupported by either the law or the record. You write that "L'Oreal USA is required to produce all documents that are relevant and responsive to the Plaintiffs' Request for Production of Documents irrespective of whether they are held by L'Oréal USA or L'Oreal S.A., and not merely those four categories of documents discussed in ECF 353." If that were in fact Plaintiffs' genuinely-held belief, then can you explain why, until late last week, every single discussion about the Motion for Issuance and related documents, including the exchange of drafts between the parties, related only to those four categories of documents? You also write that, "If L'Oreal USA has specific objections to any of Plaintiffs' requests that are separate and distinct from the 'control' issue already decided by the Court, L'Oreal USA is required to clearly assert that objection to specific document requests." Do you have any authority for the proposition that L'Oréal USA is required to assert objections and responses to over 160 requests for production of documents on behalf of a separate entity, particularly where L'Oréal USA does not have sufficient information about the requested documents to make appropriate objections (such as burden of review/production, proportionality, potential privilege issues, or even questions relating to their existence)?

Not only does Plaintiffs' current position contradict the agreement reached by the parties as well as the Court's December 27 Order, it is also in conflict with the relevant authority. The Court's December 27 Order relied in large part on *In re Subpoena to Huawei Techs. Co., Ltd.,* 720 F. Supp. 2d 969, 977 (N.D. Ill. 2010). *Huawei* makes clear that the relevant "control" analysis is focused on ***"access to the documents requested by the subpoena"*** or other discovery mechanism, not access or control more generally. *Id*. at 977. Yet Plaintiffs now assert that the Court's decision regarding specific categories of non-custodial documents must apply to all past and future discovery requests served on L'Oréal USA, including presumably as to documents held in the email accounts of foreign L'Oréal S.A. employees that are likely covered by various European Union privacy laws. At no time did the Court conduct an analysis with respect to the foreign custodial files of individuals who do not work for L'Oréal USA that Plaintiffs now seek.

2444535

ELLIS GEORGE LLP

Temitope Leyimu
Mark Abramowitz
July 30, 2024
Page 3

*See Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, No. 07-CV-6509, 2009 WL 780890, at *2-3 (N.D. Ill. Mar. 23, 2009) (denying the plaintiff's motion to compel production of documents from a defendant's parent company in France because the plaintiff failed to meet her burden to establish a close coordination among the defendant and foreign parent company and any specific overlap in management, among other reasons).

Like the plaintiff in *Stella* who failed to identify a close coordination or any overlap among the defendant's management and the foreign parent company's management, Plaintiffs have likewise never established that L'Oréal USA and L'Oréal S.A. have sufficient coordination or overlap in management such that L'Oréal USA has control over L'Oréal S.A.'s employees' files. Other factors that the Court analyzed in applying *Huawei* may also weigh differently for the new discovery material Plaintiffs now seek. For example, the Court found that the "involvement in litigation" factor previously favored granting Plaintiffs' motion because L'Oréal S.A. had already provided information from non-custodial documents to L'Oréal USA for a particular discovery purpose. But no custodial documents have been provided from L'Oréal S.A. to L'Oréal USA in this litigation, which would likely impact the Court's analysis of this factor. In addition, Plaintiffs purport to extend the Court's ruling to all discovery, *i.e.*, not only document discovery. That the Court previously determined that certain limited categories of documents were discoverable does not give Plaintiffs license to, for example, force L'Oréal USA to make L'Oréal S.A. personnel available for deposition.

Finally, if Plaintiffs wanted the Court to rule on whether control by L'Oréal USA of L'Oréal S.A. was established for all purposes, it should have asked the Court to make that ruling instead of trying to shoehorn dozens and dozens of new discovery requests into a narrow order. Plaintiffs had served much of this discovery on L'Oréal USA prior to submission to the Court of Plaintiffs' brief regarding discovery of products sold outside of the United States and could have put this question to the Court then. If Plaintiffs now want new rulings as to new categories of documents, Plaintiffs will need to file a new motion, and such a motion—which will implicate myriad ESI issues—is properly before the Magistrate Judge or Special Master, where related issues regarding foreign custodial documents are already set to be heard.

We urge Plaintiffs to reconsider this attempt to undo the parties' negotiations over the last month to reach an agreement regarding the Letter of Request. Plaintiffs' eleventh-hour pivot will only serve to further delay discovery and burden the Court with additional disputes.

2444535

ELLIS GEORGE LLP

Temitope Leyimu
Mark Abramowitz
July 30, 2024
Page 4

      We are available to meet and confer this week if Plaintiffs wish to discuss.

      Regards,

      Noah S. Helpern

2444535