**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**JOINT STATUS REPORT FOR THE
AUGUST 29, 2024 STATUS CONFERENCE**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint status report in advance of the status conference scheduled for August 29, 2024.

*I.* *Status of Pending Briefs/Motions:*

a. **Consolidated Class Action Complaint:** Defendants filed their Joint Motion to Dismiss the Consolidated Class Action Complaint and Joint Motion to Strike Class Allegations and Request for Punitive Damages on February 5, 2024 (*See* ECF No. 432). Revlon joined the joint motions to dismiss and strike and filed a separate Motion to Strike Class Allegations Under Rule 23(d)(1)(D) and Dismiss the Consolidated Class Action Complaint on February 5, 2024 (*See* ECF No. 434). Plaintiffs filed their Oppositions to the Motions to Dismiss and Oppositions to the Motions to Strike on March 11, 2024 (*See* ECF No. 509, 510, and 515). Defendants filed their Replies in Support of the Motions to Dismiss (*See* ECF No. 594) and Replies in Support of the Motions to Strike (*See* ECF No. 593 on April 8, 2024. Revlon also filed its Reply in Support of its motion on April 8, 2024 (*See* ECF No. 592).

b. **Plaintiffs' Motion for Dismissal Without Prejudice**: On May 14, 2024, Plaintiffs filed a Motion to Dismiss Non-ovarian, Uterine or Endometrial Cancer Cases without Prejudice (*see* ECF No. 650). Defendants filed their joint Opposition to Plaintiffs' Motion on June 5, 2024 (*see* ECF No. 705). Plaintiffs filed their reply on June 20, 2024 (*see* ECF No. 724). Although the parties attempted to reach an agreement regarding the pending motion, following good faith meet and confers, the parties remain at an impasse. Defendants requested to be heard at the August 29, 2024 Case Management Conference on this pending motion. Pursuant to the Court's August 12, 2024 Minute Entry (*see* ECF No. 786), a separate hearing will be scheduled after the August 29, 2024 Case Management Conference for this motion to be heard, if needed. Defendants report that the underlying Motion (*see ECF* No. 650) now applies to approximately 373 Plaintiffs, according to Plaintiffs

1

      who sought removal from the August Court Call List pending the outcome of this Motion, which Defendants agreed to do.

   c. **Plaintiff's Motion to Enforce Orders Against L'Oréal USA**: On August 1, 2024, Plaintiffs moved for an order enforcing this Court's December 27, 2023 Order and March 4, 2024 Order regarding the production of documents and information responsive to Plaintiffs' discovery requests by L'Oréal S.A (*See* ECF No. 784). As discussed during the July 11, 2024 Case Management Conference, the Court will set a response date if it is determined that this motion does not significantly overlap with the briefing related to L'Oréal S.A.'s custodial files presently pending before Special Master Maura Grossman. Special Master Grossman has requested, and the parties have provided her with, binders containing all briefing for this motion, as well as all exhibits thereto and cases referenced therein.

II. *"Second-Wave" Defendants:* In accordance with the Court's April 18, 2024 Minute Entry Plaintiffs filed their individualized second-wave longform complaints on May 28, 2024 against new Defendants Advanced Beauty, Bronner Brothers International, RNA Corporation, Roux Laboratories, Wella Operations US LLC, Murrays International, John Paul Mitchell, and Dudley Beauty (*see* ECF Nos. 675-682).

On July 12, 2024, answers were filed by Defendants RNA Corporation (*see* ECF No. 749), Dudley Beauty Corp. LLC (*see* ECF No. 754), and Murray's Worldwide, Inc. (*see* ECF No. 755). Motions to Dismiss were filed by Defendants John Paul Mitchell (*see* ECF No. 750), Advanced Beauty Systems (*see* ECF Nos. 752 and 753), and Wella Operations US LLC (*see* ECF Nos. 757-762). As directed by the Court's July 17, 2024 Minute Entry (*see* ECF No. 770), responses to Defendants' motions are due on August 30, 2024 and replies are due on September 30, 2024. Neither answers nor other responsive pleadings have been filed by Defendants Bronner Brothers International or Roux International.

On July 31, 2024, the PLC, and defendant J. Strickland submitted a proposed Order, which was entered by the Court on August 1, 2024 (*see* ECF No. 783) and stipulations of dismissal without prejudice were filed in the individual cases pending against J. Strickland.

As directed by the Court's May 31, 2024 Minute Entry and extended by the Court's August 2, 2024 Minute Entry, Plaintiffs filed a status report as to their intention to name Defendant Walgreens and other defendants named by individual plaintiffs in a Master Long Form Complaint on August 12, 2024 (*see* ECF No.787). Plaintiffs' status report indicated that they did not intend to file a Master Long Form Complaint against Defendants Walgreens and CVS Pharmacy. On August 13, 2024, the Court entered a Minute Entry (ECF No. 804) providing "Any future claims against Walgreens or CVS shall comply with the procedures to submit and answer short form complaints set forth in CMO 8." The Court also ordered Walgreens and CVS to respond to the short form complaints filed in their respective cases by October 14, 2024. Following the Court's August 13, 2024 Order, on August 14, 2024, plaintiff's counsel in *Gough* (Civil Action

No. 1:24-cv-5243) dismissed the sole short form complaint pending against CVS Pharmacy. The short form complaint against Walgreens, *Keaton* (Cause No. 1:24-cv-01467), remains pending. Counsel for Walgreens intends to appear at the August 29, 2024 status conference to seek clarification on the Court's August 13, 2024 Minute Entry and issues arising from the lack of allegations against any retailers in the Master Long Form Complaint.

Pursuant to the Court's docket entry of July 11, 2024, [Doc 769], Advanced Beauty, Inc., Dudley Beauty Corp, and Murray's Worldwide consent to the presumption that the Master Long Form Complaint filed against each defendant is incorporated into any short form complaint filed against each defendant.

At this time, the PLC is not aware of other defendants named in individual short form complaints and PLC does not intend to file a Master Complaint against any other defendant at this time. Should another defendant be named in a short form complaint by an individual plaintiff, the PLC will review and will provide an update to the Court accordingly.

**III.** **Status of NIH Third-Party Subpoena**: On February 15, 2024, Defendant Revlon issued a subpoena for data and documents to the National Institutes of Health ("NIH"), a third-party. Since that time, MDL leadership, Revlon counsel, and counsel for NIH have met and conferred regarding the scope of the subpoena and whether or how datasets maintained at NIH might be produced to counsel in the MDL. Following the discussion at the July 11, 2024 Case Management Conference, the parties submitted a proposed protective order, which was entered by the Court on July 24, 2024 (*see* ECF No. 777).

**IV.** **Defendant Specific Discovery Issues:**

**Strength of Nature:**

***Plaintiffs' Request that the Court Set Meet and Confer Deadlines:*** As discussed with the Court at the May 31, 2024 Case Management Conference (*See* May 31, 2024 Tr. at 115-127) and the July 11, 2024 Case Management Conference (*See* July 11, 2024 Tr. at 28-55), the PSC respectfully requests that the Court issue deadlines on the following discovery related issues prior to the filing of motions to compel/In accordance with the Court's April 11, 2024 minute entry, Defendants were required to identify responsive "go-get" documents that are readily available and can be produced without search terms by April 23, 2024. Strength of Nature complied with this deadline initially by identifying the responsive documents and stated that they would need up to ninety (90) days to produce these documents. The expiration of this production deadline was July 23, 2024, which came and went without the production of documents across the majority of requested categories. Other than one production of 227 documents by Strength of Nature on June 7, 2024, the majority of the "go-get" materials were acquired by the PLC thru the hard copy inspection the PLC organized during the week of July 22, 2024. The PLC has attempted follow up with counsel for Strength of Nature, who have provided a letter response that was received on August 21, 2024 along with a production of

3

254 documents. **Plaintiffs respectfully request the Court to order a final date for meet and confer efforts on September 9, 2024 and permission to file a motion to compel, if necessary, on the following schedule: Plaintiffs' Motion to Compel – September 13, 2024; Strength of Nature's Response – September 27, 2024; Plaintiffs' Reply Brief – October 4, 2024.**

*Defendant Strength of Nature's Position:*

Plaintiffs do not identify any dispute ripe for this Court's intervention. Rather, as Plaintiffs acknowledge, Strength of Nature has made multiple productions of documents identified in their April 16 Letter and held an in-person document inspection that yielded tens of thousands of pages of Go-gets, which Plaintiffs have not yet fully reviewed. Nor do Plaintiffs claim that Strength of Nature has refused to produce any Go-gets responsive to Plaintiffs' request (provided that such Go-gets exist). Strength of Nature also provided the letter response referenced by Plaintiffs on August 21, 2024, and remains open to a meet-and-confer on any perceived open issues.

**Namasté Laboratories, LLC:**

*Plaintiffs' Request that the Court Set a Briefing Schedule:* As discussed with the Court at the July 11, 2024 Case Management Conference (*See* July 11, 2024 Tr. at 69-78), the parties have continued the meet and confer process in an attempt to resolve the issue of the custodial files that are no longer in existence. To date, the parties have been unable to reach a satisfactory resolution. Therefore, as discussed during the July 11, 2024 Case Management Conference, **Plaintiffs respectfully request that the Court set a briefing schedule.**

*Defendant Namasté Laboratories, LLC's Response to Plaintiffs' Request for a Briefing Schedule:* Namasté agrees that the parties' efforts to meet and confer on the issue of Plaintiffs' requested deposition concerning custodial files deleted before the first hair relaxer lawsuit was served upon Namasté has not reached a satisfactory resolution. It remains willing to discuss the issue with Plaintiffs and to offer an affidavit addressing identified issues that are the proper subject of discovery. Namasté objects, however, to proceeding with a deposition. If the Court agrees that briefing is necessary, Namasté respectfully requests a briefing schedule on a motion for protective order.

**Revlon, Inc:**

As discussed with the Court at the July 11, 2024 Case Management Conference (*see* July 11, 2024 Tr. At 62-64), Revlon had not fully responded to multiple sets of interrogatories and related requests for production of documents that were served on December 1, 2023. Revlon's counsel explained to the Court that it needed to review over 900,000 pages of documents to provide those responses to our discovery requests. At the conference and memorialized in the July 11th minute entry (*see* ECF No. 769), Revlon was ordered to begin producing documents on a rolling basis and to complete its review and production by August 9, 2024. To date, Revlon has not complied with this Order, nor has it provided Plaintiffs with a date by which it will comply. In accordance with the schedule set forth in the Court's January 25, 2024 Minute Entry

4

(see ECF No. 416), **Plaintiffs will be filing a Motion to Compel on August 23, 2024, with Defendants' response due on Wednesday, August 28, 2024.**

*Defendant Revlon's Position:*

In mid June, plaintiff and defense counsel agreed upon 109 search terms regarding ESI, which resulted in 98,000 documents and according to our document service provider, just under a million pages of documents. Revlon stated that it would agree to a rolling production of these documents, but contrary to plaintiff's representation, absolutely did not represent at the July 11 conference that it would review all of these documents and complete its production by August 3.

On July 30 at a separate meet and confer, Revlon counsel stated that the ESI search terms were bringing up a large number of completely irrelevant documents, and a meet and confer on August 6, Revlon counsel demonstrated how these overbroad search terms were implicating numerous documents that were not related to hair relaxer products. Plaintiff counsel suggested one edit to a search term and reiterated that Revlon represented that all of it would be completed by August 3, which Revlon strongly disputes. This session was ultimately unproductive and instead of meeting and conferring on August 9, Revlon counsel decided to go forward and review all of these documents in its overbroad form in an effort to simply complete this task.

With regard to Revlon document productions since the July 11 conference, there were 369 pages on July 22, 2024; 22 pages on July 31; 776 pages on August 7; 2,024 pages on August 9; 3947 pages also on August 9; 4,865 pages on August 16; 2045 pages on August 20; and 583 pages on August 22, 2024, for a total of 14,631 pages in July and August 2024 to date. Revlon also anticipates that on August 23 there will be another production of 3,000 pages and on August 28, we anticipate to make another production of at least 7,000 pages. Revlon has also incurred great expense in retaining a team of 24 contract attorneys from its document production provider in reviewing the rest of the documents implicated by the overbroad search terms. Our document production provider estimates that they will complete their first pass review of documents by August 30, but obviously HPY attorneys will also need to perform their review work as well.

With respect to written discovery responses, Revlon provided supplemental discovery responses on August 9, 2024 and we have not heard or received any written substantive comments as to the discovery served.

**Beauty Bell Enterprises and House of Cheatham, LLC:**

Following meet and confers on July 2 and 10, 2024, House of Cheatham agreed to (1) amend its responses to Plaintiffs' Interrogatories to the extent it limited responses based on a three-year time limitation and/or legal objections and (2) produce documents in its possession responsive to Plaintiffs' RFPs Set 2, Request 7; Set 4, Request 4; and Set 5, Request 10. To date, House of Cheatham has not identified a date by which it will serve Plaintiffs with any or all of the amended interrogatory responses and/or responsive documents. House of Cheatham, LLC anticipates that it will provide the requested information by September 9, 2024. Given

that House of Cheatham, LLC has consistently failed to meet self-imposed deadlines, Plaintiffs respectfully request that the Court issue an order memorializing this deadline and if it is not met, allow Plaintiff to will be file a Motion to Compel shortly thereafter, if necessary.

***Defendants Beauty Bell Enterprises and House of Cheatham, LLC's Response to Plaintiffs' Intention to file a motion to compel:***

A motion to compel is unnecessary. House of Cheatham, LLC is not refusing to produce this information. House of Cheatham is a small company based in Georgia and is working to obtain the information needed from both a former employee and an employee that was on leave this month and not reachable to obtain such information. House of Cheatham, LLC anticipates that it will provide the requested information by September 9, 2024.

V. ***ESI Status***:

There are currently two (2) ESI topics pending before Judge Finnegan and Special Master Grossman: (1) efforts to reach agreement on search methodology for each defendant and (2) the production of custodial files maintained by L'Oréal S.A.

A. Search Methodology: In accordance with the minute entry dated May 8, 2024 (*see* ECF No. 643), the parties filed a Joint Status report on June 6, 2024 (*see* ECF No. 708) and provided a defendant-by-defendant update reflecting progress. As discussed at the June video conference, the parties filed an updated Joint Status Report on July 12, 2024 (*see* ECF No. 763). The Parties continue to negotiate and are, in almost all cases, close to agreement on final search term lists and methodologies. Where agreement has been reached, Defendants are serving production responses on a rolling and periodic basis given the parameters and capabilities of that Defendant.

B. L'Oréal S.A. custodial files: On June 7, 2024, the PLC has filed a motion to compel Defendant L'Oréal USA to produce custodial files of L'Oréal employees who work at L'Oréal S.A. (*see* ECF No. 710). L'Oréal USA, Inc filed its response on June 28, 2024 (*see* ECF No. 735). The PLC filed their reply on July 9, 2024 (*see* ECF No. 740). Upon the close of briefing, the matter was referred to Special Master Grossman. To date, the Parties are waiting to hear from Special Master Grossman.

VI. ***Status of Plaintiff Fact Sheets and Dismissal Process***:

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint update on the CMO 9 Plaintiff Fact Sheet ("PFS") intake and case dismissal protocol.

CMO 9 sets out a negotiated and detailed process for Defendants to place Plaintiffs who are alleged to be non-compliant with their PFS discovery obligations on a Court Call List, subjecting these Plaintiff(s) to appropriate Court relief, including issuing an order to show cause, compelling production, or dismissal with or without prejudice.

The next CMO 9 Court Call Hearing is scheduled for 10:30AM Central on August 29, 2024, which will be held in person for those who wish to appear in person and via Webex for those who wish to be heard but cannot attend in person. The Parties believe also understand that audio will also be available for those who wish to listen but not be heard. The Parties will jointly submit the Court Call List of cases to be addressed at the hearing on August 27.

As outlined under CMO 9, PFS compliance process deadlines, including when Defendants are to provide a PFS Compliance Meet-and-Confer List of delinquent and/or deficient Plaintiffs to Plaintiffs' Leadership and when the Parties are required to schedule the PFS Compliance Meet and Confer, are determined based off of the date of the scheduled Court Call Hearing. There is currently no Court Call Hearing set after the August 29 Hearing. The Parties have conferred and are prepared to discuss further at the August Case Management Conference (or following the August Court Call Hearing) the schedule of ongoing Court Call Hearings.

### VII. *MDL Centrality Platform Update:*

a. *PFS Delinquency and Deficiency Process and MDL Centrality*

As an update to the Court on the status of the implementation of CMO 11, the Parties continue to work with Brown Greer to improve the PFS delinquency (Warning Letter) and deficiency (Deficiency Letter) tracking on MDL Centrality, as is described in CMO 11 and CMO 9. The Parties report that Warning Letters are largely being issued through the MDL Centrality Platform and technical difficulties are being worked on as they arise. The Parties have diligently worked with Brown Greer to provide past correspondence and up-to-date data regarding case and PFS status and to develop reporting and platform interface needs, and the parties expect the process will be live on the MDL Centrality Platform in the near future. The Parties are meeting and conferring prior to the August 29, 2024 Case Management Conference to determine whether there are other means by which the Parties can continue to streamline the Delinquency and Deficiency processes. The Parties will be prepared to discuss at the conference, if disputes remain or if the Court requires an additional status report.

b. *Status Report on Dismissal Orders in Individual Cases and Brown Greer Tracking*

Brown Greer has tracked the Court's orders in individual cases to identify the list of individual cases that the Court dismissed, with or without prejudice, between February 9, 2023 and April 30, 2024. On July 9, 2024, the parties filed a Status Report on Dismissal Orders in individual cases during this period (*see* ECF No. 741). On August 16, the Parties jointly submitted a Proposed Order (see ECF No. 805 which also includes a list of the cases that were dismissed from April 30, 2024, to August 12, 2024 (see ECF No. 806) and cases in which other orders, including motions to amend SFCs and to dismiss individual parties were entered (see ECF No. 807). Further, Brown Greer, with the assistance of the parties, is directed to track orders in the MDL entered in the member cases

and submit proposed *monthly* orders to the Court accurately reflecting those member case orders for entry onto the MDL docket in a substantially similar format. The Parties intend to file a proposed order with associated list(s) with each future JSR or on a schedule most convenient to the Court.

## VIII. *Plaintiff Medical Records Collection Efforts*

The Parties have engaged Third Party Vendor, MRC, to obtain Plaintiffs' medical records (and as applicable psychiatric, employment, tax return, and workers' compensation records) by submitting complete authorizations that have been filled out and signed by Plaintiffs as part of the PFS process. MRC provides those authorizations to the relevant facilities (e.g., hospitals, doctor's offices, clinics, employers, etc.) as authorizations are required to obtain records. Plaintiffs are required under CMO 9 to submit completed authorizations with their Plaintiff Fact Sheets, along with five (5) blank authorizations, as applicable and identified in the Fact Sheet. The Parties have been collaborating with MRC to implement a streamlined records collection process and notification to Plaintiffs' Counsel if any blank authorizations will be utilized as per CMO 9 and/or if there are questions about specific authorizations that require follow up. In order for a facility to accept an authorization and issue the requested records of plaintiffs to MRC, the authorization must be signed by and contain all of the relevant information related to the Plaintiff. If the authorization is missing information that the facility requires from Plaintiff, the facility may reject the authorization and refuse to issue records causing substantial delays and triggering lengthy unnecessary deficiency processes. Often the missing data is easily known from the submitted Fact Sheet (or other signed authorizations by that plaintiff) and can be fixed by MRC to expedite the process.

In order to streamline the authorizations submission process, MRC requested that Plaintiffs globally provide standing permission for MRC to annotate authorizations for eleven (11) specific types of missing information that often result in a facilities' rejection of authorizations - annotation is common practice for medical records collection providers. If MRC is not permitted to annotate Plaintiffs' authorizations for this missing information, MRC will be required to request Plaintiffs' permission to fill in the missing information each time they encounter an incomplete authorization and wait for Plaintiffs' response, which would significantly prolong the records collection process and create additional cost. Therefore, the Parties are working together on an amendment to CMO 9 that memorializes Plaintiffs' approval for MRC to make the following eight (8) annotations to the authorizations on their own and without an individual Plaintiff's approval. This order would provide newly filed Plaintiffs notice of this agreement for MRC to annotate authorizations and provide a timeframe for specific Plaintiffs and/or Plaintiff Law Firms to object and/or opt out of the annotation authorization:

1. Adding Plaintiff Full Name and/or Missing Middle Initials (if indicated on the PFS);
2. Adding Plaintiff Social Security No. (if indicated on the PFS);
3. Adding Plaintiff Date of Birth (if indicated on PFS);
4. Adding Plaintiff Address (if indicated on the PFS) (within 6 months of receipt of authorization);

5. Adding Plaintiff ID Number(s) (if indicated on the PFS and specifically for Insurance or Medicare/Medicaid records);
6. Adding Insurance Policy No. (if indicated on the PFS);
7. Adding date range of records being requested (as needed); and
8. Adding MRC as the approved entity to which release records.

Plaintiffs do not agree that MRC may make annotations for the following three (3) additional common errors that MRC identified. Plaintiffs prefer that MRC address any annotation issuew on a law firm-specific basis. As these requests are Plaintiff individualized or may relate to a specific law firm's individual client practices or client relationship, MRC would need approval from each Plaintiffs' firm before making such annotations without a court order permitting them to do so:

1. Adding Plaintiff's Personal Representative Name and Relationship;
2. Adding Missing Signature Dates; and
3. Adding record types or populating boxes for "Record Types to Release" (when not populated and required).

In order to move forward with medical records collection, Defendants request that the Court determine whether MRC may annotate changes to the authorizations for the outstanding three (3) issues above currently in dispute. The Parties will be prepared to address this further at the August 29 Case Management Conference, if needed.

IX. **Status of State Court Actions:** Pursuant to this Court's Minute Order 114, Defendants provide the following update on the state court and international court proceedings.

A. **Cook County Illinois Consolidated Actions:** Cases filed in Cook County have been consolidated before Judge Patrick T. Stanton on Motion Calendar C for motion practice and discovery. Motions to dismiss in four (4) bellwether cases have been fully briefed and are awaiting ruling. Motions to dismiss based on personal jurisdiction remain pending in the bellwether cases. Consolidated plaintiffs intend to file a master complaint following the respective rulings in the bellwether motions to dismiss. Discovery is stayed until pleadings are resolved.

On July 26, 2024, Judge Kathy Flanagan, the presiding judge of the Cook County Law Division, ordered that five (5) of the consolidated cases may be set for trial for the 2025 Court Calendar on August 28, 2024, the date of the next status conference, and that a discovery schedule will be set at that time. The parties will be able to report more fully on the pending trial date(s) and discovery schedule at the August 29, 2024 Case Management Conference.

Fifty-seven (57) cases have been filed in Cook County, Illinois. Forty-four (44) cases have been consolidated with thirteen (13) cases still to be consolidated as of August 12, 2024. On August 12, 2024, Judge Flanagan put a hold on consolidating any newly filed cases until after the August 28, 2024 hearing.

9

B. **Georgia State Cases:** There currently are twenty (20) cases pending in Chatham County, Georgia. These cases have been consolidated for pretrial purposes before Judge Derek J. White. On June 21, 2024, the Georgia Court of Appeals issued its opinion in *Burroughs v. L'Oreal USA, Inc.*, Case No. STCV2201876, holding that Plaintiff's strict liability claims were barred because Plaintiff's first use of the alleged products occurred prior to the ten-year statute of repose period. On July 31, 2024, Ms. Burroughs filed a Petition for Writ of Certiorari to the Georgia Supreme Court. The consolidated matters are stayed pending resolution of this appeal.

There are also seven (7) cases pending before various judges in DeKalb County, Georgia. Briefing on motions to dismiss in these matters is ongoing. While these matters are not consolidated, Plaintiffs recently filed a motion to assign these cases to Judge Alvin T. Wong, who presides over the earliest-filed case in this jurisdiction.

C. **New York State Cases:** There are two (2) active cases in New York County, New York, both of which are subject to motions to dismiss. Briefing is complete in one of the cases and a hearing scheduled for January 21, 2025.

D. **Pennsylvania State Cases:** Six (6) actions are pending in the Court of Common Pleas in Philadelphia County, Pennsylvania. Briefing on pleading challenges in these cases is ongoing.

E. **Canadian Cases:** Two putative class actions are pending in Canada. No class certification motions have been filed in either case yet.

Dated: August 22, 2024

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| */s/Edward A. Wallace* | */s/Mark C. Goodman* |
| Edward A. Wallace | Mark C. Goodman |
| **WALLACE MILLER** | **BAKER & MCKENZIE LLP** |
| 150 N. Wacker Dr., Suite 1100 | Two Embarcadero Center, Suite 1100 San Francisco, California 94111 |
| Chicago, Illinois 60606 | T: (415) 576-3080 |
| T: (312) 261-6193 | mark.goodman@bakermckenzie.com |
| Email: eaw@wallacemiller.com | |
| *Plaintiffs' Liaison Counsel* | *Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC* |
| Diandra "Fu" Debrosse Zimmermann | |
| **DICELLO LEVITT LLC** | Mark D. Taylor |
| 505 20th Street North, Suite 1500 | **BAKER & MCKENZIE LLP** |
| Birmingham, Alabama 35203 | |
| T: (312) 214-7900 | |

10

Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
mark.taylor@bakermckenzie.com

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

Colleen Baime
Laura Kelly
**Baker & McKenzie LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

*Counsel for Defendant Namasté
Laboratories, LLC*

Seth A. Litman
Irvin Hernandez
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
T: (404) 541-2900
Seth.Litman@ThompsonHine.com
Irvin.Hernandez@ThompsonHine.com

*Counsel for Keratin Defendants Keratin
Complex and Keratin Holdings, LLC*

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
**ELLIS GEORGE CIPOLLONE O'BRIEN LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com
nbegakis@egcfirm.com
spolatoglu@egcfirm.com

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Rhonda R. Trotter

**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950 Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

14

535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com
David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Abbot P. Edward
Melissa He
Erich J. Gleber
**HAWKINS PARNELL & YOUNG LLP**
275 Madison Avenue, 10th Floor
New York, NY 10016
eabbot@hpylaw.com
mhe@hpylaw.com
egleber@hpylaw.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
kmccall@sidley.com

15

*Counsel for Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Suite 2401
Miami, FL 33131
T: (786) 957-1136
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
Matthew.Wasserman@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*