IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>Case No. 23 C 818<br>Judge Mary M Rowland<br><br>**This document relates to:**<br>*All Cases* |

**PLAINTIFFS' MOTION TO ENFORCE THIS COURT'S ORDER AND TO COMPEL COMPLETION OF DISCOVERY FROM REVLON**

At the July 11, 2024 case management conference, Plaintiffs raised concerns they had with Revlon's[1] failure to adequately respond to several sets of interrogatories and related requests for production that were served on December 1, 2023. (7/11/24 Hearing Tr. at 62-64, attached as Exhibit A). Revlon asserted that it needed to review some 900,000 pages of documents in order to provide fulsome responses to those interrogatories and requests for production. (*Id.*). This Court Ordered Revlon to begin producing responsive documents on a rolling basis, and to complete that review and production by August 9, 2024. (*Id.*; *see also* 7/11/24 Minute Entry).

Revlon did not comply with the Court's order. Moreover, Revlon acknowledges that it didn't comply, has never asked for relief from the Order, but rather simply ignores it. While Revlon provided supplemental interrogatory responses that are more fulsome, and produced approximately 900 new documents (totaling some 6,000 pages) on the

---

[1] "Revlon" collectively refers to Defendants Revlon, Inc., Revlon Consumer Products Corp., and Revlon Group Holdings LLC.

1

August 9th deadline, its Counsel's claim that "we are proceeding as fast as we can,"[2] does not relieve them of compliance with this Court's Order. Further, Revlon has failed to provide Plaintiffs with any time frame for completion of production.

Discovery from Revlon (and other defendants in this MDL) has been plagued by delay, and lags far behind where it should be at this stage of litigation. A more detailed discussion follows, but in light of failing to comply with a discovery production Order issued by this Court and with no timeline by which compliance is anticipated, Plaintiffs respectfully request that Revlon should be ordered to:

> (1) complete the review and production of the ~900,000 pages of documents the Court already ordered be reviewed and produced and which Revlon acknowledges are potentially responsive, with a Court Order requiring it be done (again); and

> (2) provide a certification that its production is substantially complete by **September 15, 2024**.

I.  **FACTUAL BACKGROUND**

   A. *Revlon Has Failed to Adequately Respond to Plaintiffs' RFPs for Eight Months*

On December 1, 2023, Plaintiffs served six sets of requests for production ("RFP") of documents and six sets of interrogatories ("ROG") to Revlon. Plaintiffs' RFPs and ROGs sought information and documents related to (a) manufacturing agreements (RFP2/ROG3), (b) hair relaxer litigation related communications (RFP3/ROG4), (c) marketing (RFP4/ROG5), (d) product design/development studies (RFP5/ROG6), (e) regulatory post-market surveillance (RFP6/ROG7), and (f) sales (RFP7/ROG8).

---

[2] *See* Exhibit B, 8/8-9/24 email correspondence with Revlon's counsel.

Plaintiffs and Revlon have completed no fewer than **eleven** meet and confers regarding these sets of discovery.[3] Several other meet and confers were scheduled, then canceled by Revlon—often with little notice. Despite these efforts to work with Revlon, Plaintiffs are now almost nine months from when they served these discovery requests (and more than a year from when they *first* served discovery on Revlon), yet as of the deadline imposed by the Court, Plaintiffs had only received a total of 3,200 documents – 2,000 of which came on or after August 9.[4]

### B. *Revlon Disregarded This Court's Order to Complete Production by August 9*

Plaintiffs raised Revlon's failure to adequately respond to the December 2023 interrogatories (which are intertwined with the attendant RFPs) with the Court at the July Case Management Conference. (Ex. A, 7/11/24 Hearing Tr. at 62-64). During that discussion, Revlon acknowledged the need to "update" their responses, but "[m]any of those responses will require the review of close to 900,000 pages of ESI documents, *which we will be reviewing in the next coming weeks*." (Hrg. Tr. at 63, emphasis added). The Court questioned whether Revlon was producing responsive documents on a rolling basis, and counsel for Revlon acknowledged that "we should be" and then affirmatively stated that

---

[3] Meet and confers regarding these discovery requests occurred on February 16, March 28, April 5, May 2, May 9, June 13, June 18, June 19, July 12, July 30, and August 6.

[4] Revlon's production of documents in general lags far behind the other defendants. Including the first set of document requests and Revlon's initial disclosures, as of the August 9 deadline, Revlon had produced about 2,100 documents in this litigation in total, as noted above, a substantial number of which are insurance policies. In comparison, Avlon has produced approximately 43,500 documents, House of Cheatham has produced approximately 24,000 documents, L'Oreal has produced approximately 21,000 documents. Even smaller defendants such as Namaste and Sally Beauty have produced approximately 13,000 documents each. Another smaller defendant, Luster Products, has produced more than *three times* as many documents as Revlon had by August 9 (approximately 6,500).

3

"yes" they were. That was incorrect. In fact, as of July 11, 2024, Revlon had not produced a single document that was responsive to the December 2023 discovery.

After Plaintiffs corrected Revlon's counsel and informed the Court that Revlon had not been making those productions, the Court ordered Revlon to begin rolling productions to Plaintiffs. (Hrg. Tr. at 64). Following discussion and argument, the Court determined that August 9, 2024 would afford sufficient time for Revlon to complete review and production of the documents:

> Let's start doing that, [producing on] a rolling basis, because that always keeps people calm. And 900,000. So I don't how many people you have working on this case. Is the end of July reasonable? Think of those poor associates….
>
> So how about August 9th. That's four weeks.

(Hrg. Tr. at 64). That same day, the Court entered a minute order documenting this ruling, which required Revlon to "begin producing documents responsive to Interrogatories 3-8 on a rolling basis and **complete its production by August 9, 2024**" (emphasis added).

Because the interrogatories are interrelated with the requests for production, Plaintiff understood the Court's Order to require Revlon to complete its production of documents responsive to RFP Sets 2-7 by August 9, 2024, as well as the "updated" responses to interrogatories. After the CMC and the entry of the Minute Order, Plaintiffs confirmed this deadline with Revlon during the July 12 meet and confer, and followed up by email on July 22. (Exhibit C, 7/8-31/24 email correspondence with Revlon's counsel, p. 4). Revlon's counsel never disputed that, and in fact confirmed that Revlon

4

would be making rolling productions. Plaintiffs continued to press on this issue, including with an email sent on July 29 in advance of the July 30 meet and confer, in which Plaintiffs stated:

> Additional Production: We were advised that production would be on a rolling basis. To date, we've only received 47 additional documents. Plaintiffs are concerned that Defendants will not meet the Court's deadline based on the rate of production to date.

(Ex. C, p. 2). After the July 30 meet and confer, Plaintiffs again confirmed Revlon's intent to meet the court-ordered deadline: "2nd Set of Discovery Production will be produced on a rolling basis with completion by the Court's deadline." (Ex. C, p. 1).

Despite Plaintiffs' ongoing communication with Revlon, Revlon neither complied with the Court's Order nor asked for an extension. Revlon made three productions in July and the first week of August: a production of 47 documents on July 24, a production of 22 documents on July 31, and a production of 97 documents on August 7.

On August 8, the day before Revlon was Ordered to have *completed* its review and production of the documents, Revlon informed Plaintiffs that it had only *started* that production the day before (it did – 97 documents), that it would produce more documents on August 9 (it did – 873), and that its "aim" was to "produce documents once a week until it is completed in full." (Ex. B). However, Revlon did not inform the Plaintiffs of when it anticipated that the production would be complete. Plaintiffs were merely told that Revlon had reviewed less than 10% of the documents. And as noted above, Revlon did not seek relief from the existing Court Order.

5

One week later, on August 16, Revlon produced another 1,100 documents totaling approximately 5,200 pages. Revlon produced 151 documents on August 22 totaling approximately 2,600 pages. At the current pace, it will take Revlon years to complete the production that was due on August 9.[5]

## II. RELIEF REQUESTED

The Court's Order was crystal clear ((Hrg. Tr. at 64); *see also* 7/11/24 Minute Entry), Revlon did not indicate at the hearing that it would be unable to meet the Court Ordered deadline, and Revlon has never sought relief from the Court's Order setting the deadline. Instead, Revlon just ignored this Court's Order. While there is no justification for Revlon to have produced only 3,250 documents to Plaintiffs in response to six sets of document requests served more than eight months ago, Revlon's failure to produce these documents (ignoring a discovery Order issued by this Court) and to timely provide proper responses to interrogatories continues to delay Plaintiffs' efforts to prosecute this litigation.

As the Court is well aware, "district courts have broad discretion in supervising discovery." *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). This is particularly so when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Melikhov v. Drab*, 16 C 9332, 2018 WL 3190824, at *2 (N.D.

---

[5] Moreover, it is almost certainly true that Revlon's production of documents responsive to the December 2023 requests for production will expand beyond the 900,000 pages it is currently reviewing. Even if those were the only potentially responsive documents, Revlon's pace of production would be unacceptable and would put this case on pace to be the slowest MDL ever. But when considered alongside the fact that there are likely more documents Revlon will need to review and produce, that pace is utterly untenable.

6

Ill. May 21, 2018) (quoting *Chambers v. NASCO*, 501 U. S. 32, 46 (1991)). The Court also has inherent authority and discretion to sanction a party for failing to adhere to its orders. *See generally* FED. R. CIV. P. 37.[6]

While flaunting and disregarding a Court Order is certainly sanctionable,[7] Plaintiffs are more concerned with ensuring that Revlon will meet its obligations and produce documents in a timely manner. Plaintiffs therefore respectfully request that the Court grant the following relief:

1. Order Revlon to complete review and production of the ~900,000 pages of documents the Court already ordered be reviewed and produced and which Revlon acknowledges are potentially responsive by September 15, 2024, or such other date the Court deems just and proper; and

2. Order Revlon and/or its counsel to certify that the production contains all of the responsive documents responsive to the requests and that if any responsive documents are located subsequent to the production, counsel for Revlon will produce them and provide Plaintiffs and the Court with a written justification for the untimely production.

---

[6] Rule 37(a)(1) requires a certification that the movant attempted in good faith to resolve discovery disputes without court intervention. As the attached email correspondence demonstrates, Plaintiffs attempted on numerous occasions to obtain Revlon's compliance on this matter, to no avail.

[7] It should not be lost on the Court that throughout this litigation, this same defendant has insisted on strict compliance with orders and deadlines stemming from its bankruptcy, at great cost and burden to Plaintiffs and the Court, including but not limited to the imposition of the September 14, 2023 MDL filing deadline which Revlon has used to preclude numerous women suffering from cancer from pursuing a remedy against Revlon in this litigation.

Requiring certification of production is not uncommon. In fact, Rule 26 expressly imposes a "certification" requirement for every discovery request, response, and objection. FED. R. CIV. P. 26(g)(1)(B). Under that rule, every lawyer who signs a response to a discovery request (as Revlon's counsel did here) "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry … with respect to a discovery … response or objection, it is … not interposed for any improper purpose, such as to … cause unnecessary delay, or needlessly increase the cost of litigation …." (*Id.*).[8]

Because every discovery response includes an implied certification regarding the propriety of that response, requiring a specific certification of the substantial completeness of a document production by a date certain is certainly warranted under these circumstances. Indeed, this was done by the Honorable David Herndon in the Southern District of Illinois in one of his MDLs after issues with the timing and completeness of various productions from the defendants were raised. *See, e.g.*, *In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, No. 3:12-md-02385 (MDL No. 2385), Doc. #230 (imposing a certification requirement and providing the form of the

---

[8] The Advisory Committee Notes on Rule 26(g) include significant discussion about the certification requirement and it having been grounded in a "[c]oncern about discovery abuse [that] has led to widespread recognition that there is a need for more aggressive judicial control and supervision." The Notes further observe that there has been an "asserted reluctance to impose sanctions on attorneys who abuse the discovery rules" and that "Rule 26(g) now makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it." *See* Fed. R. Civ. P. 26(g)(3) (mandating "an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" when a certification violates the rule without substantial justification).

8

certification to be submitted. (*See* Exhibit D, and annexed Ex. A thereto).[9] Plaintiffs request that a similar requirement be implemented here.[10] *See FG Hemisphere Associates, LLC v. Democratic Republic of Congo*, 603 F.Supp.2d 1 (D.D.C. 2009) (party required to provide certification describing its efforts to locate responsive documents and that all responsive, non-privileged documents were produced); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 990-cv-7811, 1994 WL 142081 at *1 (S.D.N.Y. Apr. 14, 1994) (requiring party to "provide certification of the completeness of its document production"); *Fresenius Medical Care Hold. Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, (N.D. Cal. 2004) (ordering party "to certify under penalty of perjury that it has produced everything it has located"); *Logan v. Gary Comm. School Corp.*, No. 2:07-cv-431, 2008 WL 5062802 at *3 (N.D. In. Nov. 21, 2008) (granting motion to compel and requiring "affidavit or verified certification by Defendants that the production is complete"); *West Pub. Corp. v. LegalEase Solutions, LLC*, No. 18-cv-1445, 2019 WL 8014512 at *4 (ordering written certification by party "under penalty of perjury that a reasonable search has been conducted and no additional documents…exist").

---

[9] The background facts and reasoning for Judge Herndon's imposition of CMO 37 are described in CMO 38 in that litigation, No. 3:12-md-02385, Doc. #231. CMO 37 and CMO 38 were entered on the same day.

[10] While this motion is focused on Revlon, the failure to have robust discovery and document productions have reduced the general discovery efforts in this MDL to a snail's pace. Indeed, nearly 18 months into this MDL, the PSC is still unable to begin meaningful liability depositions. This is because Revlon and most other defendants have not been producing documents and instead rely on endless and trivial objections to delay discovery. That conduct must end now.

Although this motion is directed solely at Revlon and its failure to adhere to this Court's discovery production Order, Plaintiffs reserve the right to request similar date certain and discovery production certification requirements for other defendants' document productions as the facts and circumstances warrant, or at the Court's discretion.

9

If the Court is of the view that Revlon should face further consequences for its failure to comply with the Court's Order, Plaintiffs suggest that an order denying any of Revlon's objections or assertions of privilege with respect to the documents at issue would be appropriate. This would facilitate prompt disclosure of the documents and allow Plaintiffs to further this litigation. Waiver of objections and privileges is justified by Revlon's repeated failures to abide by its obligations and not produce responsive documents for more than eight months, particularly when ordered to do so by a date certain. In blatantly refusing to comply with the Court's order with no explanation other than "we're going as fast as we can," Revlon has demonstrated a clear disregard for its obligations under the discovery rules. *See Bass v. Kan. City S. Ry. Co.*, 3:20-cv-01365-NJR, 2022 WL 3153960 at *7 (S.D. Ill. Aug. 8, 2022) (holding that waiver of objections and privilege is harsh sanction but "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver.") (quoting *Ritacca v. Abbott Lab'ys*, 203 F.R.D. 332, 335 (N.D. Ill. 2001)).

## CONCLUSION AND PRAYER

For the reasons stated, Plaintiffs respectfully request that the Court grant their motion, order Revlon to complete the review and production of documents this Court already ordered it to complete, by September 15, 2024 (or by whatever date the Court deems appropriate), order Revlon's counsel to certify that the production is substantially complete by that same date, and grant such other and further relief which the Court deems appropriate.

10

Dated: August 23, 2024	Respectfully submitted,

/s/ *Edward A. Wallace*
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
Tel.: 312-261-6193
Email: eaw@wallacemiller.com
*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com
*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com
*Plaintiffs' Co-Lead Counsel*