UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 |
| | Master Docket Case No. 1:23-cv-00818 |
| **This Document Relates to:** | Case Number 1:24-cv-2526 |
| *Clemons v. AFAM Concept, Inc. d/b/a JF Labs, Inc., et al.,* Case No. 1:23-cv-02526 | Honorable Mary M. Rowland |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT L'ORÉAL S.A.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................2

LEGAL STANDARD.....................................................................................................................4

ARGUMENT ..................................................................................................................................5

I. Plaintiff failed to adequately serve L'Oréal S.A. by failing to serve the full complaint...............................................................................................................................6

II. The Court lacks personal jurisdiction over L'Oréal S.A. .....................................................7

    A. Plaintiff cannot establish general jurisdiction because L'Oréal S.A. is not "at home" in Texas..................................................................................................8

    B. Plaintiff cannot establish specific jurisdiction because the alleged injuries have not arisen from any forum-related activities by L'Oréal S.A..........................9

III. Plaintiff fails to provide fair notice of her allegations against L'Oréal S.A. ......................12

CONCLUSION..............................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asahi Metal Indus. Co. v. Superior Ct. of Ca., Solano Cnty.*,
    480 U.S. 102 (1987) .................................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 5, 12, 13

*BNSF Ry. Co. v. Tyrell*,
    137 S. Ct. 1549 (2017) ................................................................................................. 8

*Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*,
    230 F.3d 934 (7th Cir. 2000) ..................................................................................... 10

*Collins v. Kibort*,
    143 F.3d 331 (7th Cir. 1998) ..................................................................................... 12

*Comitz v. Rife*,
    597 F. Supp. 3d 1235 (N.D. Ill. 2022) ......................................................................... 5

*Curry v. Caldwell*,
    2014 WL 6473914 (S.D. Ill. Nov. 18, 2014) ....................................................... 12, 13

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) .................................................................................................. 8, 9

*In re Delta Dental Antitrust Litig.*,
    509 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2020) .............................................. 5

*Eco Pro Painting, LLC v. Sherwin-Williams Co.*,
    807 F. Supp. 2d 732 (N.D. Ill. 2011) ......................................................................... 10

*Flanagan v. Allstate Ins. Co.*,
    242 F.R.D. 421 (N.D. Ill. 2007) ................................................................................... 7

*Gabriel v. United States*,
    30 F.3d 75 (7th Cir. 1994) ........................................................................................... 7

*GCIU-Emp. Ret. Fund v. Goldfarb Corp.*,
    565 F.3d 1018 (7th Cir. 2009) ..................................................................................... 5

*Gibson v. Walker*,
    2007 WL 641808 (S.D. Ill. Mar. 1, 2007) ................................................................. 12

*GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*,
  64 F. Supp. 3d 1179 (N.D. Ill. 2014) ...........................................................................8

*Goodyear Dunlop Tires Op., S.A. v. Brown*,
  564 U.S. 515 (2011) ......................................................................................................9

*In re Hair Relaxer Mktg. Sales Pracs. & Prod. Liab. Litig.*,
  702 F. Supp. 3d 692 (N.D. Ill. 2023) ...........................................................................5

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ......................................................................................................8

*Integrated Bus. Info. Serv. (Proprietary) Ltd. v. Dun & Bradstreet Corp.*,
  714 F. Supp. 296 (N.D. Ill. 1989) ..............................................................................10

*Invincible Ent. Partners, LLC v. EMBA Media Assocs. Ltd.*,
  2016 WL 10922995 (E.D. Pa. Oct. 11, 2016) ..........................................................6, 7

*Johnson v. Barrier*,
  2017 WL 36442 (N.D. Ill. Jan. 4, 2017) .......................................................................7

*Kipp v. Ski Enter. Corp. of Wis.*,
  783 F.3d 695 (7th Cir. 2015) ........................................................................................8

*Labtest Int'l, Inc. v. Ctr. Testing Int'l Corp.*,
  766 F. Supp. 2d 854 (N.D. Ill. 2011) ....................................................................11, 12

*Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*,
  938 F.3d 874 (7th Cir. 2019) ........................................................................................9

*Matlin v. Spin Master Corp.*,
  921 F.3d 701 (7th Cir. 2019) ........................................................................................5

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) ........................................................................................5

*Richter v. LG Chem, Ltd.*,
  2020 WL 5878017 (N.D. Ill. Oct. 2, 2020) ..................................................................9

*Risinger Holdings, LLC v. Sentinel Ins. Co.*,
  565 F. Supp. 3d 844 (E.D. Tex. 2021) .......................................................................10

*Santora v. Starwood Hotel & Resorts Worldwide, Inc.*,
  580 F. Supp. 2d 694 (N.D. Ill. 2008) .........................................................................11

*Taffour v. Jesus House Chicago*,
  2021 WL 4987184 (N.D. Ill. Mar. 30, 2021) ............................................................12

iii

*Tamburo v. Dworkin*,
   601 F.3d 693 (7th Cir. 2010) ...................................................................................7, 8, 9

*Teasley v. Stein*,
   2022 WL 715923 (M.D.N.C. Mar. 10, 2022) ...........................................................6

*In re Toyota Hybrid Brake Litig.*,
   2021 WL 2805455 (E.D. Tex. Jul. 6, 2021) ..............................................................10

*Wallace v. City of Washington*,
   2015 WL 758447 (C.D. Ill. Feb. 23, 2015)................................................................6, 7

*Wilson v. Belin*,
   20 F.3d 644 (5th Cir. 1994) ......................................................................................7, 8

**Other Authorities**

Federal Rule of Civil Procedure 4 ................................................................................1, 6, 7

Federal Rule of Civil Procedure 12(b)(2) ....................................................................1, 5

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1, 5

Defendant L'Oréal S.A. respectfully submits this Memorandum of Law in support of its Motion to Dismiss all claims brought against it by plaintiff Lillian Clemons pursuant to Rules 4, 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. In filing this motion, L'Oréal S.A. does not consent to personal jurisdiction or in any way waive any argument that this Court lacks personal jurisdiction over L'Oréal S.A.

## PRELIMINARY STATEMENT

L'Oréal S.A. does not belong in this case. It has never sold, marketed, or produced any of the hair relaxer products listed in the amended short-form complaint anywhere in the United States. Plaintiff acknowledges that L'Oréal S.A. "is a French corporation having its headquarters and principal place of business in France." Dkt. 106, ¶ 14 ("Master Compl."). And L'Oréal S.A. does not sell, market, or produce hair relaxer products in Texas, where Plaintiff brought her claims, or anywhere else in the United States. Nevertheless, over twenty months after the first case was filed and over sixteen months after the Judicial Panel on Multidistrict Litigation centralized the pending cases into this MDL, plaintiff served an amended short-form complaint on L'Oréal S.A. in a misguided attempt to impose liability on an entity that has no connection to her alleged injuries or this case. Indeed, L'Oréal USA, Inc. is the entity that manufactured and sold the L'Oréal products at issue, is already a defendant in the case, has participated in the MDL from the outset, and has the resources to respond to any judgment that may ultimately be owed to plaintiff.[1]

Plaintiff's suit against L'Oréal S.A. fails for several reasons. First, plaintiff failed to properly serve L'Oréal S.A. by not including the master complaint in the materials she served on L'Oréal S.A. in France. Thus, any continued effort by plaintiff to maintain claims against L'Oréal

---

[1] L'Oréal USA, Inc. ("L'Oréal USA") is the parent company of defendant L'Oréal USA Products, Inc. Both are incorporated in Delaware. *See* Declaration of Damien Levy, dated September 16, 2024 ("Levy Decl.") at ¶ 4, filed contemporaneously herewith.

1

S.A. would require plaintiff to serve L'Oréal S.A. again through the Hague Convention, this time with all of the required materials. Second, the originating court (and this Court) lack personal jurisdiction over L'Oréal S.A. Significantly, plaintiff has not established any connection between L'Oréal S.A. and the transferor state of Texas, or any other state in the United States for that matter, and does not allege any facts to support that L'Oréal S.A. has any connection to the sale of hair relaxer products in Texas because it has no such connection. Third, Plaintiff fails to provide fair notice of her claims against L'Oréal S.A. in her amended short-form complaint. In fact, there is not one actual allegation that L'Oréal S.A. engaged in any alleged wrongdoing in the amended short-form or the master complaint that is referenced in the amended short-form complaint. Rather, plaintiff merely lists L'Oréal S.A. as a defendant in the short-form complaint's caption, and does not even identify L'Oréal S.A. as an "Other" defendant in Item 4 or an "Other manufacturer" in Item 7 of the amended short-form complaint. Accordingly, the Court should dismiss all of Plaintiff's claims against L'Oréal S.A. with prejudice.

## BACKGROUND

Beginning in October 2022, plaintiffs brought cases against a long list of defendants in connection with hair relaxer products that the defendants, including L'Oréal USA, allegedly sold in the United States. Master Compl. ¶¶ 10–30.[2] The Judicial Panel on Multidistrict Litigation consolidated the cases into an MDL on February 10, 2023. Dkt. 2. The MDL proceeded for months without L'Oréal S.A. as a named defendant. It appears that beginning in November 2023, a few plaintiffs began to write in L'Oréal S.A. as a defendant in their short-form complaints, although no efforts were apparently made to serve L'Oréal S.A.

---

[2] The fact that L'Oréal S.A. has been able to access the Master Complaint on the MDL docket does not excuse plaintiff's failure to properly serve all material in accordance with the Federal Rules of Civil Procedure and the Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), nor is such access a substitute for proper service.

2

As it relates at least to plaintiff Lillian Clemons, that changed earlier this year when she sought to drag L'Oréal S.A. into these proceedings as a party by serving L'Oréal S.A. through the Hague Convention with her amended short-form complaint on July 2, 2024. The amended short-form complaint designates the Eastern District of Texas as the original venue. Amended Short-Form Complaint and Jury Demand, *Clemons v. AFAM Concept, Inc.,* No.: 1:24-cv-02526, (N.D. Ill. Mar. 29, 2024), Dkt. 5, ¶ 2 ("Clemons Am. Compl."). The amended short-form complaint lists L'Oréal S.A. as a defendant in the caption, but is otherwise completely devoid of any mention of L'Oréal S.A. *See id*. Moreover, while the short-form complaint "incorporate[s]" the master complaint, Plaintiff did not serve the master complaint on L'Oréal S.A. *See* Clemons Am. Compl. ¶ 1.

Even if she had included the referenced master complaint, that document does not allege any facts against L'Oréal S.A. Instead, that master complaint merely acknowledges that L'Oréal S.A. is a French company with its headquarters and principal place of business in France. Master Compl. ¶ 14. Neither the amended short-form complaint nor the master complaint alleges that L'Oréal S.A. conducts any business in Texas or anywhere else in the United States. Moreover, although L'Oréal S.A. wholly owns L'Oréal USA, the two entities operate separately from one another and L'Oréal S.A. does not manage L'Oréal USA's day-to-day operations or activities. Levy Decl. ¶¶ 2–4, 9.

Further, L'Oréal USA has its own board of directors, observes its own separate corporate formalities, makes its own business and financial decisions, and maintains its own departments in areas such as finance, human resources, legal, corporate communications, customer relations, Research and Innovation, and marketing and advertising. *Id*. ¶¶ 3, 9. And L'Oréal S.A. and L'Oréal USA maintain separate workforces, file separate tax returns, prepare separate financial statements,

and have separate bank accounts. *Id*. ¶¶ 6, 9. Finally, SoftSheen-Carson LLC was a New York limited liability company and a subsidiary of L'Oréal USA, Inc., with L'Oréal USA, Inc. as the sole member. *Id*. ¶ 4. Neither L'Oréal USA Products, Inc. or SoftSheen-Carson LLC has ever been a direct subsidiary of L'Oréal S.A. *Id*.

As the Chief Financial Officer of L'Oréal S.A.'s the Consumer Products Division, Damien Levy, explains in the accompanying declaration:

- L'Oréal S.A. does not operate in any state in the United States (*id*. ¶ 5);
- L'Oréal S.A. does not have a mailing address or offices in any state in the United States (*id*.);
- L'Oréal S.A. is not registered to do business in any state in the United States (*id*.);
- L'Oréal S.A. does not have a registered agent for receipt of process in any state in the United States (*id*.);
- L'Oréal S.A. does not own any real estate in the United States (*id*.);
- L'Oréal S.A. does not pay taxes in Texas or anywhere else in the United States (*id*. ¶ 6);
- L'Oréal S.A. does not develop, test, assemble, manufacture, package, label, or prepare any hair relaxer products anywhere in the United States (*id*. ¶ 8); and
- L'Oréal S.A. does not distribute, supply, market, advertise, or sell any hair relaxer products to consumers anywhere in the United States (*id*.).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a plaintiff's claims for lack of personal jurisdiction over the defendant. In MDL proceedings, plaintiffs "bear the burden of showing that the transferor court where their cases originated would have personal

4

jurisdiction" over the defendant. *In re Hair Relaxer Mktg. Sales Pracs. & Prod. Liab. Litig.*, 702 F. Supp. 3d 692, 707 (N.D. Ill. 2023) (citation omitted); *see also Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ("[T]he plaintiff bears the burden of demonstrating the existence of jurisdiction."). A transferee court in an MDL can "exercise personal jurisdiction to the same extent that the transferor court could." *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (U.S. Jud. Pan. Mult. Lit. 2020) (citation omitted). Where the defendant disputes jurisdiction through a declaration, such as the one submitted along with this motion, the plaintiff bears the burden of submitting affirmative evidence demonstrating the existence of personal jurisdiction. *Comitz v. Rife*, 597 F. Supp. 3d 1235, 1239 (N.D. Ill. 2022) (citing *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019)). If the plaintiff fails to refute facts contained in the defendant's declaration, the Court must accept the defendant's uncontroverted factual aversions as true. *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

In addition, under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A complaint does not adequately state a claim if it does not contain statements sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

**ARGUMENT**

Plaintiff has not adequately served L'Oréal S.A. under the Federal Rules of Civil Procedure and the Hague Convention because plaintiff failed to serve the master complaint, which ostensibly contains the gravamen of the relevant allegations in this case. Moreover, plaintiff has not met her burden of establishing that the transferor court where her case originated—in this case Texas—would have personal jurisdiction over L'Oréal S.A. Plaintiff cannot show that L'Oréal S.A. has

5

sufficient minimum contacts with Texas because (i) L'Oréal S.A. is not at home in Texas and (ii) plaintiff's alleged injuries have not arisen from any forum-related activities by L'Oréal S.A. Finally, plaintiff did not provide fair notice to L'Oréal S.A. as to the claims against it because plaintiff did not allege that L'Oréal S.A. engaged in any wrongdoing. Therefore, the Court should dismiss plaintiff's claims against L'Oréal S.A. in their entirety and with prejudice.

**I.        Plaintiff failed to adequately serve L'Oréal S.A. by failing to serve the full complaint.**

Where a plaintiff in a U.S. proceeding effects service under the Hague Convention, service must comply with the Federal Rules of Civil Procedure. *Invincible Ent. Partners, LLC v. EMBA Media Assocs. Ltd.*, 2016 WL 10922995, at *1 (E.D. Pa. Oct. 11, 2016). Rule 4 requires a plaintiff to serve a summons and complaint on a defendant. *See Wallace v. City of Washington*, 2015 WL 758447, at *3 (C.D. Ill. Feb. 23, 2015). "When a plaintiff fails to serve a complaint along with a summons, service is improper." *Wallace*, 2015 WL 758447, at *3. This is true even when a plaintiff serves portions of the relevant pleading. *Id*. For example, in *Wallace*, service was insufficient under Rule 4 because plaintiffs served defendant with the complaint but omitted "key exhibits." *Id*.; *see also Teasley v. Stein*, 2022 WL 715923, at *3 (M.D.N.C. Mar. 10, 2022) (holding that "because the Amended Complaint, which is the operative complaint was not served with a valid summons, service of process was improper").

Likewise, in this case, plaintiff only served L'Oréal S.A. with a summons and the amended short-form complaint. Critically, the short-form complaint "incorporate[s]" plaintiff's master complaint, Clemons Am. Compl. ¶ 1, but plaintiff did not serve the master complaint on L'Oréal S.A. Since the master complaint contains most of the relevant information about plaintiffs' claims in this action, the master complaint is a key portion of the complaint. Thus, similar to *Wallace*, plaintiff's failure to serve L'Oréal S.A. with the full complaint renders service insufficient under Rule 4 and the Hague Convention.

This Court should dismiss plaintiff's claims against L'Oréal S.A. on this basis alone. *Gabriel v. United States*, 30 F.3d 75, 78 (7th Cir. 1994) (affirming dismissal of claim for insufficient service under Rule 4). To the extent she wishes to continue pursuing claims against L'Oréal S.A.—even though there is no basis for her to do so as demonstrated below—plaintiff must go through the process of serving L'Oréal S.A. with the appropriate documents in accordance with the Federal Rules of Civil Procedure and the Hague Convention. *Invincible Ent.*, 2016 WL 10922995, at *2 (plaintiff was required to re-serve complaint and summons on defendant in accordance with the Hague Convention after first service was improper).

## II. The Court lacks personal jurisdiction over L'Oréal S.A.

A federal court's "jurisdiction over the defendant must be authorized by the terms of the forum state's long arm statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Johnson v. Barrier*, 2017 WL 36442, at *2 (N.D. Ill. Jan. 4, 2017) (citation omitted). Here, Texas's long-arm statute "extends to the limit of federal due process." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). Accordingly, "the state statutory and federal constitutional inquiries merge." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *see also Flanagan v. Allstate Ins. Co.*, 242 F.R.D. 421, 431 (N.D. Ill. 2007) ("When deciding a matter of federal question, a district court is bound by the decisions of the Circuit Court of Appeals of the circuit in which it sits, as well as by the Supreme Court."); *Wilson*, 20 F.3d at 647 ("[O]ur two-step inquiry is reduced to an analysis of whether requiring [defendants] to defend . . . [a] suit in Texas would impinge on their individual liberty interests . . . that are protected by the Due Process Clause."). "The key question is therefore whether the defendant[] ha[s] sufficient 'minimum contacts' with [the forum state] such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo*, 601 F.3d at 700-01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

In this case, plaintiff's amended short-form and master complaint contain no allegations about L'Oréal S.A.'s contacts with Texas, the state where the transferor court is located. That is not surprising because L'Oréal S.A. lacks any relevant contacts with Texas, or any other state in the United States. Thus, plaintiff has not met—and cannot meet—her burden of establishing that the transferor court where her case originated would have personal jurisdiction over L'Oréal S.A.

### A. Plaintiff cannot establish general jurisdiction because L'Oréal S.A. is not "at home" in Texas.

As an initial matter, this Court lacks general jurisdiction over L'Oréal S.A. As the Supreme Court has held, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] … bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). Thus, absent an "'exceptional' case, general jurisdiction over a corporation is limited to its place of incorporation or principal place of business." *GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.,* 64 F. Supp. 3d 1179, 1190 (N.D. Ill. 2014); *accord Daimler*, 571 U.S. at 137-39 & n.19.

Plaintiff utterly fails to demonstrate that L'Oréal S.A. has affiliations with Texas "so substantial" to render it "at home" in Texas. *BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler,* 571 U.S. at 139 n.19); *see Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015). It is undisputed that L'Oréal S.A.'s headquarters and principal place of business are in France. *See* Master Compl. ¶ 14; Levy Decl. ¶ 3. And plaintiff has not alleged any facts suggesting that this is "an exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19. Indeed, plaintiff has not alleged that L'Oréal S.A. has any operations in Texas (or anywhere else in the United States)—let alone operations that are so continuous and systematic as to render

L'Oréal S.A. at home in Texas or elsewhere in the United States. *See Goodyear Dunlop Tires Op., S.A. v. Brown*, 564 U.S. 515, 919 (2011). Therefore, the transferor court (and this Court) do not have general jurisdiction over L'Oréal S.A.

### B. Plaintiff cannot establish specific jurisdiction because the alleged injuries have not arisen from any forum-related activities by L'Oréal S.A.

Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy." *Id*. "To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Richter v. LG Chem, Ltd.*, 2020 WL 5878017, at *4 (N.D. Ill. Oct. 2, 2020) (quoting *Tamburo,* 601 F.3d at 702). The defendant must have "purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state," the "alleged injury must have arisen out of the defendant's forum-related activities," and "any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (citations omitted). Plaintiff cannot satisfy the requirements necessary to exercise personal jurisdiction over L'Oréal S.A.

Critically, plaintiff does not allege that L'Oréal S.A. has engaged in any activities in Texas, or any other state in the United States, that caused her injuries. Plaintiff does not allege that L'Oréal S.A. manufactures, markets, or sells any hair relaxer products in the United States. Plaintiff does not assert that L'Oréal S.A. conducts any business in the United States at all. In fact, L'Oréal S.A. does not manufacture, market, or sell any hair relaxer products anywhere in the United States. Levy Decl. ¶ 8. Those operations are conducted by L'Oréal USA. *See Id.* ¶¶ 3, 7, 9. Thus, plaintiff cannot show that L'Oréal S.A. has purposefully availed itself of the privilege of conducting business in Texas or elsewhere in the United States; that L'Oréal S.A. has purposefully directed

9

its activities at the state; or that the alleged injury has arisen out of any forum-related activities by L'Oréal S.A.

Moreover, stray and conclusory allegations about L'Oréal S.A.'s supposed relationship with other defendants (Master Compl. ¶ 14) are not sufficient to confer personal jurisdiction over L'Oréal S.A. The law is clear that a "mere relationship of parent and subsidiary corporations is not in itself a sufficient basis for subjecting both to the jurisdiction of the forum state." *Integrated Bus. Info. Serv. (Proprietary) Ltd. v. Dun & Bradstreet Corp.*, 714 F. Supp. 296, 299 (N.D. Ill. 1989); *see also Risinger Holdings, LLC v. Sentinel Ins. Co.*, 565 F. Supp. 3d 844, 854 (E.D. Tex. 2021). Indeed, "a parent and a subsidiary are considered as two separate entities for purposes of personal jurisdiction," such that "the acts of one cannot be attributed to the other." *Eco Pro Painting, LLC v. Sherwin-Williams Co.*, 807 F. Supp. 2d 732, 736 (N.D. Ill. 2011) (quoting in the second instance *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943–44 (7th Cir. 2000)); *see also In re Toyota Hybrid Brake Litig.,* 2021 WL 2805455, at *4 (E.D. Tex. Jul. 6, 2021) (finding the court lacked jurisdiction over a parent corporation even where it designed, developed, and distributed vehicles sold by subsidiaries; owned all of a subsidiary's stock; and shared common marketing images, trademarks, and logos with the subsidiaries). The Levy Decl. underscores the corporate separateness of L'Oréal S.A. from the other L'Oréal defendants in this action. *See* Levy Decl. ¶¶ 2-4, 7-9. Accordingly, there is no basis to assert personal jurisdiction over L'Oréal S.A. in connection with the L'Oréal USA products at issue.

Further, exercising jurisdiction over L'Oréal S.A. would offend traditional notions of fair play and substantial justice. "Among the factors to be considered in making this inquiry are the burden on the defendant, the interests of the forum state, the plaintiff[']s interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies,

and the shared interest of [the] several states in furthering fundamental social policies." *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, 580 F. Supp. 2d 694, 701 (N.D. Ill. 2008). "Of all these factors, however, the burden on the defendant forced to litigate in a foreign forum is still the primary concern." *Id.* As the Supreme Court has emphasized, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co. v. Superior Ct. of Ca., Solano Cnty.,* 480 U.S. 102, 114 (1987). "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id.* at 115 (citation omitted).

In this case, L'Oréal S.A.'s headquarters are located more than 4,000 miles from Chicago (and Texas), and none of its records, files, or witnesses are located in Illinois. Thus, forcing L'Oréal S.A. to defend itself in Illinois would impose "a significant burden" on the company. *See, e.g.*, *Labtest Int'l, Inc. v. Ctr. Testing Int'l Corp.*, 766 F. Supp. 2d 854, 864 (N.D. Ill. 2011) (exercising personal jurisdiction would offend traditional notions of fair play and substantial justice where defendant's headquarters were thousands of miles from Chicago and "none of its records, files or witnesses" were located in Illinois).

Neither Texas nor plaintiff has a particularly strong interest in adjudicating claims against L'Oréal S.A. in this forum. Plaintiff has not alleged that L'Oréal S.A. sold any hair relaxer products or took any actions in Texas. "[I]t is the activity of the defendant, and not the status of the plaintiff, that determines whether jurisdiction is proper in a particular district." *Id.* And plaintiff's interests are further weakened by the fact that she has already sued other defendants who manufacture and sell the products at issue. In light of these considerations, it would be contrary to traditional notions of fair play and substantial justice to induce a foreign entity to defend itself in this Court.

11

In short, plaintiff has failed to meet her burden of establishing that the transferor court where her case originated (or this Court) has personal jurisdiction over L'Oréal S.A. Therefore, this Court cannot exercise jurisdiction over L'Oréal S.A., and the case should be dismissed.

### III.     Plaintiff fails to provide fair notice of her allegations against L'Oréal S.A.

Plaintiffs are also required to give fair notice to defendants of their claims and allegations against them. *Taffour v. Jesus House Chicago*, 2021 WL 4987184, at *2 (N.D. Ill. Mar. 30, 2021). Fair notice requires a plaintiff to assert factual allegations that tell the defendant "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Without such allegations, the claims must be dismissed. *Taffour*, 2021 WL 4987184, at *2.

Here, plaintiff has failed to make any allegations concerning L'Oréal S.A in either the amended short-form complaint or the master complaint that was referenced, but never served. Plaintiff merely lists L'Oréal S.A. as a defendant in the amended short-form complaint's caption. To ensure fair notice, plaintiffs "are required to associate specific defendants with specific claims." *Gibson v. Walker*, 2007 WL 641808, at *1 (S.D. Ill. Mar. 1, 2007). And "merely invoking the name of a potential defendant in the caption of the complaint is insufficient to state a claim against that [defendant]." *Id*; *see also Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *Curry v. Caldwell*, 2014 WL 6473914, at *2 (S.D. Ill. Nov. 18, 2014) ("[W]here a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.").

That is precisely what plaintiff did here. Plaintiff lists L'Oréal S.A. in the caption of her amended short-form complaint, but does not mention L'Oréal S.A. ever again. To be sure, the master complaint, which plaintiff purports to incorporate by reference, briefly mentions L'Oréal S.A., but even then, the master complaint merely asserts in conclusory fashion that L'Oréal S.A.

12

is the "sole member and interested party" of SoftSheen-Carson, LLC. Master Compl. ¶ 14. Even accepting that allegation as true, which it is not (*see* Levy Decl. ¶¶ 3-4), the master complaint does not assert that L'Oréal S.A. has engaged in any wrongdoing in connection with the claims in this case or explain how or why L'Oréal S.A. should be liable for any damages plaintiff asserts here. Nor are such allegations sufficient to confer personal jurisdiction over L'Oréal S.A. as a matter of corporate separateness. *Supra* Section II.B.

Since there are no factual, or really any, allegations against it, L'Oréal S.A. has received no notice of the claims against it and the grounds upon which such claims rest. Therefore, plaintiff's complaint does not provide fair notice of her claims against L'Oréal S.A. and must be dismissed. *See Twombly*, 550 U.S. at 555.

## CONCLUSION

For these reasons, this Court should dismiss plaintiff's claims against L'Oréal S.A. in their entirety and with prejudice.

Dated: September 16, 2024            Respectfully submitted,

                                                */s/ Theodore E. Tsekerides*

                                                **WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: theodore.tsekerides@weil.com

*Counsel for L'Oréal S.A.*

14