IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 <br><br> Master Docket No. 23-cv-0818 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Joint Motion to Strike Class Allegations and Punitive Damages Request in the Consolidated Class Action Complaint.[1] [433]. For the reasons stated herein, Defendants' Joint Motion to Strike [433] is denied.

### I. Background

The Court incorporates the background section of its memorandum opinion and order granting in part and denying in part the MDL Defendants' Joint Motion to Dismiss Consolidated Class Action Complaint by reference. [852 at 1–3].

### II. Standard

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial or scandalous matter." Fed. R. Civ. P. 12(f). In the Seventh Circuit, motions to strike class allegations are evaluated under Rule 23, not Rule 12(f). *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Rule

---

[1] Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC's (collectively "Revlon") join this motion *and* filed a separate consolidated motion to strike and dismiss the Consolidated Class Action Complaint to address the impact of its bankruptcy and reorganization proceedings. [434, 435]. The Court addresses Revlon's motion independently.

1

23 allows the Court "to deny class certification even before the plaintiff files a motion requesting certification." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). If the dispute concerning class certification is factual in nature and discovery is needed to determine whether a class should be certified, a motion to strike the class allegations at the pleading stage is premature. *Buonomo*, 301 F.R.D. at 295. Generally, courts deny motions to strike class allegations before certification briefing. *See Hansen v. United Airlines*, 2021 WL 4552552, at *5 (Oct. 5, 2021) (collecting cases); *see also Dowding v. Nationwide Mutual Insurance Company*, 490 F.Supp.3d 1291, 1298-99 (N.D. Ill. Sept. 29, 2020) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("[T]he general rule [is] that motions to strike are disfavored.").

### III. Analysis

#### a. Standing

Defendants assert class allegations in the Class Action Complaint should be stricken because the putative classes include members who lack standing to sue. Defendants move to strike on the same grounds that they moved to dismiss: Plaintiffs' have not shown an injury in fact because they purchased hair relaxer products that "functioned for [them] as expected," [433 at 5] (quoting *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 280 (3d Cir. 2018)), and Plaintiffs seek to represent proposed class members from other states, *id.* at 5–6. Plaintiffs contend they have sufficiently alleged standing.

The Court addressed Defendants' arguments in its memorandum and opinion

granting in part and denying in part the joint motion to dismiss the Class Action Complaint. [852 at 4–11]. Defendants present no new arguments in the present motion. The Court already has determined Plaintiffs have alleged facts sufficient to show an injury in fact to establish Article III standing. *Id.* at 4–9. The Court also ruled Plaintiffs have standing to assert statutory consumer law claims in jurisdictions in which no named Plaintiffs reside or purchased hair relaxer products and dismissed Plaintiffs' common law claims to the extent they are based on the laws of states in which no named Plaintiff resides. *Id.* at 9–11. Accordingly, Defendants' motion to strike class allegations for lack of standing is denied.

### b. Plaintiffs' Proposed Class Definition

Defendants argue Plaintiffs' proposed classes are neither precise nor objective, thus the proposed class definitions are not ascertainable. [433 at 6–7]. Plaintiffs allege two putative classes: a nationwide consumer class defined as "All individuals in the United States and its territories who, for personal use, purchased any Toxic Hair Relaxer Product(s) in the United States of America and/or its territories," [185 ¶ 160], and a medical monitoring class defined as "All females residing in [particular states] who used Toxic Hair Relaxer Product(s) at least four times a year and have not been diagnosed with uterine or ovarian cancer," *id.* ¶ 162. In the alternative, Plaintiffs plead substantially similar alternative statewide classes. *Id.* ¶¶ 161, 163.

Under the ascertainability requirement, "a class must be defined clearly and that membership [in a class must] be defined by objective criteria." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015). Class definitions that are subjective

3

or that define class members in terms of success on the merits ("fail-safe classes") will not be found sufficiently ascertainable. *Id.* "Plaintiffs can generally avoid the subjectivity problem by defining the class in terms of conduct (an objective fact) rather than a state of mind." *Id.* at 660. Nonetheless, when a class definition is not ascertainable, the problem "can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) (explaining issues of overinclusive or fail-safe class definitions "should be solved by refining the class definition rather than flatly denying class certification on that basis) (collecting cases).

Defendants claim these putative class definitions are vague because they do not identify the names of all the products at issue or the brand names under which each product was sold. [433] at 6. Defendants contend each brand Plaintiffs identify carries more than one product that might be considered a "hair straightener," which can be interpreted as encompassing hair relaxers, straighteners, and pressing products. *Id.* Defendants also argue the classes definitions are vague because they are not limited to a particular time frame. *Id.* at 6–7.

Plaintiffs respond "Toxic Hair Relaxer Product" as used in the putative class definitions is defined in the Class Action Complaint and encompasses the same products defined in the Master Personal Injury Complaint as well as listed in the Short Form Complaint. [509 at 3–4]. They also assert the applicable timeframe for each class is necessarily limited by the period in which Defendants sold the products.

4

*Id.* Finally, Plaintiffs contend at this stage of early discovery Defendants possess superior knowledge regarding hair relaxer brands, time periods of sale, and each product's chemical formulation. *Id.* at 4.

The putative classes are sufficiently ascertainable at this stage of litigation and avoids the pitfalls of subjective or fail-safe classes. The classes are defined in terms of objective behavior: Plaintiffs who purchased hair relaxer products or used hair relaxer products with a specific frequency. If the Court later determines that the proposed class definitions need modification, the Court will have broad discretion to address such modifications. *In re Motorola Securities Litigation*, 644 F.3d 511, 518 (7th Cir. 2011); *see also Murray v. E*Trade Financial Corp.*, 2006 WL 3354039 (N.D. Ill. Nov. 20, 2006) (After certifying a class, a court retains broad power to modify the definition if it believes the definition is inadequate).

### c. Rule 23 Requirements

Defendants also move to strike Plaintiffs' class allegations because, according to Defendants, Plaintiffs have not and cannot plead Rule 23(a) and (b) requirements to certify a class action. [433 at 7–15]. To certify a class, a plaintiff must satisfy the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation; in addition to at least one subsection of Rule 23(b). Fed. R. Civ. P. 23. Defendants challenge Plaintiffs' ability to satisfy the numerosity, commonality, and typicality requirements of Rule 23(a) and contend Plaintiffs cannot show that there are predominating questions of law or fact or that a class action is the superior vehicle to adjudicate the controversy as required under Rule 23(b)(3). The Court disagrees

5

with Defendants.

### i. Rule 23(a) Numerosity

Rule 23(a)(1) requires that a "class is so numerous that joinder of all its members is impracticable." Although Plaintiffs allege upon information and belief that "each proposed Class contains thousands of purchasers" of hair relaxer products, [185 ¶165], Defendants assert Plaintiffs' estimate is wildly speculative and that numerosity is not met, [433 at 7–8]. According to Defendants, Plaintiffs' failure to identify what specific hair relaxer products contained toxic ingredients at the time that they used them precludes them from establishing numerosity.[2] *Id.*

To satisfy numerosity, it is not necessary to determine the exact number of members in the class; a reasonable estimate will suffice. *See Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.*, 747 F.3d 489, 492 (7th Cir. 2014) (A "class can be certified without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class action suit."). The court may rely on commonsense assumptions or reasonable inferences to determine whether numerosity is established. *In re VMS Secs. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991). "While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017).

---

[2] The Court has rejected Defendants' interpretation that Plaintiffs conceded in the Class Action Complaint that some hair relaxer products might not have contained toxic ingredients in them at the time of Plaintiffs' use. *See* [852 at 8 n.6].

6

Plaintiffs allege facts regarding the market size of hair relaxer consumers, [185 ¶¶ 66, 69]; identify the toxic chemicals alleged to be in the hair relaxer products, (*id.* ¶¶ 116–17); and describe how those chemicals can alter the body's endocrine system resulting in significant adverse health effects, (*id.* ¶¶ 118–25). It is reasonable to infer from these contentions that joinder would be impracticable and to find that Plaintiffs' estimate of the proposed class is not merely speculative. Accordingly, the numerosity requirement is met.[3]

### ii. Rule 23(a) Commonality and Rule 23(b)(3) Predominance

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Common issues are "susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (cleaned up). "What matters to class certification . . . [is] the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (cleaned up). Similarly, the predominance prong of Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." "The guiding principle behind predominance is whether the proposed class's claims arise from a common nucleus of operative facts and issues." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1029 (7th Cir. 2018). The mere fact that not every issue is "amenable to common resolution" does not necessarily defeat predominance, even if "individual inquiries may be required after the class phase." *Id.* Defendants argue neither putative class satisfies

---

[3] Defendants' argument that Plaintiffs cannot satisfy numerosity is not well-taken when more than 9,000 personal injury claims have been filed in this MDL.

7

either Rule 23(a)'s commonality requirement or Rule 23(b)(3)'s predominance requirement. [433 at 8–13].

As for the medical monitoring putative class, Defendants argue the claims brought on behalf of this class amount to personal injury claims that require individualized inquiries. *Id.* at 9–10. Plaintiffs refute that the Class Action Complaint states any personal injury claims and counter that the individualized inquiries raised by Defendants are generally irrelevant to medical monitoring claims. [509 at 6–10]. According to Plaintiffs, a medical monitoring class member's injury is her increased risk of disease and consequent present need for medical care. *Id.* at 7. Plaintiffs claim expert testimony can establish the link between toxic hair relaxer products, an increased risk of disease, and the need for diagnostic testing without any individualized assessment of medical causation. *Id.* at 7–8. To the extent individual inquiries are needed, Plaintiffs suggest they are discrete damages questions that do not undermine commonality or predominance. *Id.* at 8 (citing *Tyson Foods*, 577 U.S. at 453–454). Defendants also argue that the variance in state law governing products liability claims creates additional predominance problems. [433 at 11–12]. Plaintiffs respond that if any issues of state law exist, they can be addressed through class definition, subclassing, and case administration. [509 at 10].

Defendants challenge the remaining claims brought on behalf of the consumer class as similarly deficient, particularly due to variance in state consumer laws. [433 at 13]. Plaintiffs dispute the law varies from state to state in meaningful ways, and even if it did, that courts in the Northern District of Illinois generally do not strike

8

class allegations at the pleading stage on this basis. [509 at 11–12] (quoting *Flaherty v. Clinique Labs. LLC*, No. 1:21-cv-03447, 2021 WL 5299773, at *7 (N.D. Ill. 2021) ("Courts in this district have largely declined to strike nationwide class allegations at the pleading stage where a party argued that a variation in state laws made a nationwide class impracticable.").

Defendants have a steep burden on a motion to strike to show that the "pleadings make clear that the suit cannot satisfy Rule 23," *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 830 (N.D. Ill. 2013), and have not met their burden here. Plaintiffs' putative classes may face potentially significant challenges to show commonality and predominance at the class certification stage, but Defendants' motion to strike class allegations is premature.

### iii. Rule 23(a): Typicality

Under Rule 23(a), "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class." The representative's claims must "'have the same essential characteristics as the claims of the class at large,'" to "justify allowing [her] to litigate on behalf of the group," *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008); *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011), but typicality can exist "[e]ven if there are factual distinctions between the claims of the named plaintiffs and those of other class members," *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 318 F.R.D. 712, 723 (N.D. Ill. 2016) (citing *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009)). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other

9

class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983).

The Court agrees that Plaintiffs' claims arise from the same practices, events, or course of conduct by Defendants. Each named Plaintiff is pursuing a common remedy (economic damages for the purchase of hair relaxer products or medical monitoring) arising out of common conduct (purchase or use of hair relaxer products). Nothing further is required at this stage to demonstrate typicality. *See Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *14 (N.D. Ill. Oct. 19, 2001) (by pursuing her own self-interest in the litigation, a typical plaintiff will advance the interests of class members).

Defendants contend Plaintiffs' claims are not typical of the classes they seek to represent because individual class members have sustained personal injuries, but Plaintiffs do not seek personal injury damages.[4] [433 at 13–14]. But that does not destroy typicality. Regardless, there is no apparent conflict between the interests of the named Plaintiffs and the absent class members at this stage. A judgment as to Plaintiffs' economic consumer claims and economic/equitable medical monitoring claims does not foreclose personal injury actions or remedies, which Plaintiff may pursue.

At this stage, Plaintiffs' claims are sufficiently typical of absent class members. Defendants reference that Plaintiffs' claims may be atypical for other reasons, such

---

[4] As an aside, this is an argument commonly raised to explain a named plaintiff's inadequacy as class representative rather than typicality. *See, e.g.*, *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 493 (S.D. Ill. 1999). In any event, the argument fails.

10

as susceptibility to unique defenses. [433 at 14 n.10]. Defendants may raise these arguments at a later point in the litigation.

### iv. Rule 23(b)(3) Superiority

Pursuant to Rule 23(b)(3), a class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Defendants argue the JPML's consolidation of personal injury complaints in the MDL suggests the policy reasons in favor of class action—such as, plaintiffs lacking incentive to bring a solo action for small recoveries—hold less weight here and proceeding on an individual basis is superior. [433 at 14–15]. But to require plaintiffs with economic injuries to proceed individually presents issues of manageability and does not achieve the judicial efficiency undergirding Rule 23(b)(3). At this point in the litigation, adjudication of consumer and medical monitoring claims on a class wide basis is superior.

### d. Punitive Damages

Defendants argue Plaintiffs' punitive damages allegations should be stricken on the grounds that Plaintiffs' allegations of willful and malicious conduct are insufficient and punitive damages require individualized determinations not appropriate in the class context. [433 at 15]. The Court declines to strike Plaintiffs' punitive damages allegations. Plaintiffs allege more than bare allegations of willful and malicious conduct, *see e.g.*, [185 ¶¶190, 199], and the Court previously found similar allegations were sufficient to seek punitive damages, [291 at 21]. Moreover, as Plaintiffs note, that an award of punitive damages may require individual

11

determinations is not dispositive. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83, 100 (D. Mass. 2008) ("differing procedural and evidentiary requirements for imposing punitive damages . . . do not undermine predominance or manageability sufficiently to preclude class certification").

## CONCLUSION

For the stated reasons, Defendants' Joint Motion to Strike Class Allegations and Punitive Damages Request in the Consolidated Class Action Complaint [433] is denied.

E N T E R:

Dated: September 27, 2024

*/s/ Mary M Rowland*

MARY M. ROWLAND
United States District Judge