**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 |
| | Master Docket No. 23-cv-0818 |
| | Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC's (collectively, "Revlon") Motion to Strike Class Allegations Under Rule 23(d)(1)(D) and Dismiss the Consolidated Class Action Complaint.[1] [434, 435]. For the reasons stated herein, Revlon's motion [434,435] is denied.

## I.   Background

The Court assumes familiarity with the background of the Class Action Complaint as described in its memorandum opinion and order granting in part and denying in part the MDL Defendants' Joint Motion to Dismiss Consolidated Class Action Complaint. [852]. Plaintiffs, including those who have not filed personal injury complaints in the MDL, bring the Class Action Complaint against the Revlon Defendants, among other Defendants. [185 ¶ 1].

---

[1] Revlon joined the MDL Defendants' Joint Motion to Dismiss Consolidated Class Action Complaint [432] and Joint Motion to Strike Class Allegations and Punitive Damages Request in Consolidated Class Action Complaint [433]. The Court issued separate opinions ruling on those motions. *See* [852, 853].

Relevant here are details regarding Revlon's bankruptcy proceedings. On June 15, 2022, Revlon filed petitions under chapter 11 of the bankruptcy code in the U.S. Bankruptcy Court for the Southern District of New York. *See In re Revlon, Inc., et al.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y.) ("Orig. BK"). In the proceedings that followed, the bankruptcy court ordered all potential claimants seeking to assert a prepetition claim against Revlon to file a Proof of Claim in the Revlon bankruptcy proceedings by April 11, 2023. [Orig. BK 1574 ¶ 3]. The bankruptcy court concurrently ordered that "[a]ny entity or person who is required, but fails, to file a [Proof of Claim] . . . on or before April 11, 2023 . . . shall be prohibited from participating in any distribution in these chapter 11 cases on account of [a] Hair Straightening Claim." *Id.* ¶ 15. Pursuant to the order, a Hair Straightening Claim is a claim "that arose, or is deemed to have arisen, prior to June 15, 2022." *Id.* ¶ 3.

On April 3, 2023, the bankruptcy court entered an order confirming and adopting Revlon's Plan of reorganization, which became effective on May 2, 2023. *See* [435 at 3] (citing Orig. BK 1746 (confirmation order), 1860 (Plan)).

The order and Plan discharged and released all claims and causes of action against Revlon "of any nature whatsoever . . . whether known or unknown . . . that arose before [the Effective Date of May 2, 2023]." [Orig. BK 1746 ¶ 140; 1860, Ex. A, Art. X.B, p. 95]. To enforce the discharge, the Plan "permanently enjoined" all persons or entities from "commencing or continuing in any manner any action or other proceeding" with respect to claims against Revlon arising prior to the Plan's effective date unless otherwise permitted by the Plan. *Id.*, Ex. A, Art. X.G, p. 100.

2

Claimants who filed a Proof of Claim by April 11, 2023 or whose Proof of Claim "is otherwise deemed timely and properly filed pursuant to a Final Order finding excusable neglect or a stipulation" with Revlon, [516 at 6–7], are exempted from the Plan's permanent injunction if those claimants file suit in the MDL by deadlines prescribed in the Plan. [Orig. BK 1860, Ex. A, Art. IX.A.6, p. 92]. The Plan requires claimants to file suit in the MDL by no later than September 14, 2023 or, for claimants who are diagnosed with uterine or ovarian cancer after April 11, 2023, six months from the date of the applicable diagnosis by a licensed medical doctor. *Id.* Other claims are deemed untimely. *Id.*

## II.    Standard

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial or scandalous matter." Fed. R. Civ. P. 12(f). In the Seventh Circuit, motions to strike class allegations are evaluated under Rule 23, not Rule 12(f). *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Rule 23 allows the Court "to deny class certification even before the plaintiff files a motion requesting certification." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). If the dispute concerning class certification is factual in nature and discovery is needed to determine whether a class should be certified, a motion to strike the class allegations at the pleading stage is premature. *Buonomo*, 301 F.R.D. at 295. Generally, courts deny motions to strike class allegations before certification briefing. *See Hansen v. United Airlines*, 2021 WL 4552552, at \*5 (Oct. 5, 2021) (collecting cases); *see also Dowding v. Nationwide Mutual Insurance Company*, 490 F.Supp.3d

3

1291, 1298-99 (N.D. Ill. Sept. 29, 2020) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("[T]he general rule [is] that motions to strike are disfavored.").

The Court assumes the parties' familiarity with its explanation of the standards for Rule 12(b)(6) motions set forth in its first motion to dismiss opinion. *See* [291 at 5].

### III.   Analysis

#### a. Motion to Strike

Plaintiffs have alleged a nationwide consumer class defined as "All individuals in the United States and its territories who, for personal use, purchased any Toxic Hair Relaxer Product(s) in the United States of America and/or its territories," [185 ¶ 160], and alternatively pleaded statewide classes defined substantially the same, (*id.* ¶ 161). Plaintiffs also allege a medical monitoring class defined as "All females residing in [particular states] who used Toxic Hair Relaxer Product(s) at least four times a year and have not been diagnosed with uterine or ovarian cancer," and substantially similar alternative statewide classes *Id.* ¶¶ 162–63.

Revlon moves to strike the class allegations against Revlon under Rule 23(d)(1)(D). Revlon asserts the proposed class definitions are overbroad because, as pleaded, they include class members who Revlon contends have not complied with the bankruptcy court's orders and Plan. [435 at 8–11]. According to Revlon, Plaintiffs who have not filed a valid Proof of Claim in the bankruptcy proceedings or a complaint in the MDL by the deadlines the bankruptcy court set are permanently enjoined from

4

litigating or liquidating claims against Revlon. *Id.* at 8. Accordingly, Revlon argues the class definitions are facially deficient and should be stricken.

Revlon cites several examples of courts striking class allegations where the absent class members' claims were "legally infirm" for various reasons, such as being barred by a statutory statute of limitations or for failure to follow pre-filing requirements. *See* [435 at 9–10]. None of Revlon's authorities examine circumstances identical to those here, but Revlon argues the "reasoning applied across [their] cases applies here with equal force." *Id.* at 10. Notably, none of Revlon's cases involved disputes pending before another court about an alleged legal infirmity.

Plaintiffs respond that the class definitions include "untold numbers of Class members whose claims against Revlon are not barred" and argue that fact-intensive questions about compliance with Revlon bankruptcy requirements warrant denying the motion to strike. [516 at 7–10]. Critically, Plaintiffs do not dispute that claims properly barred by the Revlon bankruptcy and Plan should be excluded from the class definitions, rather Plaintiffs challenge the scope of the preclusive effect of the bankruptcy. *Id.*

Plaintiffs contend Revlon wrongly implies all claimants other than those who filed a Proof of Claim in the bankruptcy proceedings by April 11, 2023 and a complaint in the MDL by September 14, 2023 are enjoined and their claims against Revlon are fully discharged. *Id.* at 7–8 They claim there are at least three categorical exceptions to these requirements. *First*, Plaintiffs argue the April 11, 2023 deadline to file a Proof of Claim in the bankruptcy proceeding does not apply to claims that accrued, or

are deemed to have accrued, since the June 15, 2022 petition date. *Id.* at 8 (citing Orig. BK 1574, ¶ 3). *Second*, Plaintiffs contend the Revlon reorganization Plan's injunction pertains only to claims that accrued prior to the May 2, 2023 Effective Date and have no preclusive effect on claims, or at least portions of claims, that arose after the Effective Date as a result of continued use of Revlon hair relaxer products sold online. *Id.* (citing Orig. BK 1860, Art. I.167, p. 20; X.B, p. 95; X.G, p. 100). *Third*, Plaintiffs allege the September 14, 2023 deadline to file complaints in the MDL only applied to individuals with a current diagnosis and those diagnosed later have six months from the date of diagnosis to file suit in the MDL. *Id.* at 10 (citing Orig. BK 1860, Ex. A, Art. IX.A.6, p. 92).

Plaintiffs additionally assert there are class members with claim-specific factual or legal arguments as to why the Revlon bankruptcy deadlines do not apply to them. *Id.* at 8–10. As an example, Plaintiffs cite an unresolved omnibus motion brought by 1,334 cancer patient claimants in the bankruptcy proceedings who argue they received inadequate notice of the April 11, 2023 deadline and their later-filed Proofs of Claims should be deemed timely. *Id.* at 9. Plaintiffs argue other class members may have tolling agreements or have arguments based on mistake of fact or the discovery rule. *Id.*

Revlon rejects Plaintiffs' arguments and contends they are an end-run around the bankruptcy court's orders and Plan. [592 at 3–11]. Revlon claims Plaintiffs' alleged exceptions are unpled and too speculative to withstand a motion to strike. [592 at 5]. Revlon also suggests the Court should disregard motions about timeliness

6

currently pending before the bankruptcy court because past motions raising the issue of inadequate notice have been unsuccessful. *Id.* at 5–6 (citing *In re RML, LLC*, 2023 WL 8823929, at *8–9 (Bankr. S.D.N.Y. Dec. 20, 2023)). Any other legal grounds for relief from the bankruptcy court orders are too late and improperly before this Court, according to Revlon. *Id.* at 6–7. Finally, Revlon contends Plaintiffs' continued-use theory conflicts with the express terms of the Plan and has been rejected by governing Second Circuit precedent. *Id.* at 7–11 (discussing *In re Johns-Manville Corp.*, 623 B.R. 242 (S.D.N.Y. 2020) and its progeny).

The Court agrees that only class members with viable claims against Revlon as governed by the bankruptcy court's orders and Plan may assert class claims against Revlon. While the parties continue to litigate whose claims are viable before the bankruptcy court, [516 at 9], the Court will not determine the scope of who has a viable claim against Revlon as doing so would be to effectively rule on the same issue before another court. Thus, Revlon's motion to strike is denied. *See Parko v. Shell Oil Co.*, 739 F.3d 1083, 1084–85 (7th Cir. 2014) (finding class certification appropriate even when most class members may not have been injured and deferring determination of how many class members have a valid claim until after the class is certified).

### b. Motion to Dismiss

Revlon moves to dismiss the claims of particular named Plaintiffs, whom they claim did not comply with the bankruptcy court's orders or Plan. Revlon also moves to dismiss the Class Action Complaint in its entirety because the claims, relief, and

the parties are near-identical to those already in the MDL. The Court denies Revlon's

motion to dismiss on both grounds.

### i. Motion to Dismiss the Claims of Named Plaintiffs Who Have Failed to Comply with the Revlon Bankruptcy Court's Orders and Plan

Revlon states—without support—that only five of the named Plaintiffs (Harris,

Jackson, Longely, McDonald, and Williams) filed a timely Proof of Claim and a

complaint in the MDL. [435 at 12]. Revlon argues the claims of the other named

Plaintiffs who did not file a timely Proof of Claim or complaint in the MDL are

enjoined and discharged under the confirmation order and Plan. *Id.* Accordingly,

Revlon asserts those claims cannot be pursued or liquidated, and consequently, these

claims should be dismissed. *Id.*

Plaintiffs respond the Class Action Complaint allegations are sufficient to state

a claim against Revlon. [516 at 12–13]. In particular, the Complaint identifies who of

named Plaintiffs purchased Revlon hair relaxer products, ([185 ¶¶ 13–47]); alleges

classes include individuals who purchased hair relaxer products, (*id.* ¶¶ 160–74); and

contends Revlon's marketing and sale of hair relaxer products is ongoing, (*id.* ¶ 270).

Plaintiffs argue Revlon's motion is tantamount to summary judgment based on

unsupported statements. [516 at13]; *see also Miller v. Herman*, 600 F.3d 726, 733 (7th

Cir. 2010) ("Rule 12(b)(6) motion must be decided solely on the face of the complaint"

and where "matters outside the pleadings were presented to and not excluded by the

court, . . . the motion shall be treated as one for summary judgment and disposed of

as provided in Rule 56.") (cleaned up).

As Revlon points out, Plaintiffs do not dispute that any of the named Plaintiffs

other than those listed above filed a timely Proof of Claim and a complaint in the MDL (592 at 4 n.3), nor do Plaintiffs assert that any of the exceptions to the bankruptcy court's orders and Plan, which they argue warrant denying Revlon's motion to strike, apply to the named Plaintiffs, (*see* [516 at 12–13]). Nevertheless, at this time, the Court declines to dismiss the claims of the named Plaintiffs that Revlon claims have not complied with the Revlon bankruptcy orders and Plan. As noted above, Plaintiffs' claims against Revlon, including the named Plaintiffs, may be deficient if Plaintiffs did not follow the bankruptcy orders and Plan, but certain exceptions may apply. Revlon may re-raise this argument with evidentiary support at a later stage. *See, e.g.*, *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 758 (7th Cir. 2014) ("A person whose claim is idiosyncratic or possibly unique is an unsuitable class representative.")

### ii. Motion to Dismiss the Class Action Complaint in its Entirety as to Revlon

Revlon also moves to dismiss the Class Action Complaint in its entirety on the grounds that the claims, relief, and parties are near-identical to those already in the MDL. [435 at 13–15]. The Court disagrees and denies Revlon's motion to dismiss on these grounds. Tellingly, Revlon is the only Defendant to attempt this argument. *Compare* [432] *with* [435].

A federal suit may be dismissed when it is duplicative of a parallel action pending in another federal court, but district courts are "accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another." *Serlin* v. *Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold*

9

*Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); *McReynolds* v. *Merrill Lynch & Co.*, 694 F.3d 873, 889 (7th Cir. 2012) (noting the district court "has significant latitude on this question"). Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions. *Serlin*, 3 F.3d at 223.

Revlon insists the Master Personal Injury Complaint [106] and the Class Action Complaint [185] "invoke the same legal claims." [435 at 13]. But even a cursory review of the pleadings confirms the lawsuits are similar but not identical. The Master Personal Injury Complaint seeks relief for personal injuries suffered due to Plaintiffs' use of Defendants' hair relaxer products. *See* [106]. In contrast, the Class Action Complaint seeks relief for the financial injury suffered due to Plaintiffs' purchase of Defendants' hair relaxer products that contain toxic chemicals. *See* [185]. Although Plaintiffs assert some of the same causes of action in both suits, the underlying allegations are not identical. *Compare* [106 ¶¶ 115–28] *with* [185 ¶¶ 181–201]. Defendants' cases are distinguishable. *See Northern v. Stroger*, 676 F. App'x 607, 608 (7th Cir. 2017) (noting all of the allegations of a second-filed suit were included in a first-filed suit); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 889 (7th Cir. 2012) (explaining suit was subsumed by parallel action with "broader" claims).

Revlon also contends the parties are necessarily identical because "the only putative class that complies with bankruptcy court's order and Plan" is limited to those individuals who have filed complaints in the MDL. [435 at 13]. That may be so

as to Revlon, but that argument overlooks that the Class Action Complaint is brought on behalf of individuals who have not filed suit in the MDL. To the extent those class members are not alleging purchase of Revlon hair relaxer products, there is no dispute currently that those individuals are permissible class members.

Revlon claims allowing the class action to proceed against Revlon would be contrary to judicial economy. [435 at 14]. But it's hard to imagine how dismissing only Revlon Defendants from the Class Action Complaint will reduce the risk of multiple adjudications of the same issue or conserve judicial resources. *See Ridge Gold*, 572 F. Supp. at 1212–13 ("It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases.") (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).

Accordingly, the Court denies Revlon's motion to dismiss the Class Action Complaint in its entirety.

## CONCLUSION

For the stated reasons, Revlon's Motion to Strike Class Allegations Under Rule 23(d)(1)(D) and Dismiss the Consolidated Class Action Complaint [434, 435] is denied.

E N T E R:

Dated: September 27, 2024

MARY M. ROWLAND
United States District Judge