**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| | **MDL No. 3060** |
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818<br>Judge Mary M. Rowland |
| | **This document relates to:**<br>All Cases |

**JOINT STATUS REPORT FOR THE
<u>OCTOBER 10, 2024 STATUS CONFERENCE</u>**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint status report in advance of the status conference scheduled for October 10, 2024.

I. *<u>Status of Pending Briefs/Motions:</u>*

a. **Plaintiffs' Motion for Dismissal Without Prejudice**: On May 14, 2024, Plaintiffs filed a Motion to Dismiss Non-ovarian, Uterine or Endometrial Cancer Cases without Prejudice (*see* ECF No. 650). Defendants filed their joint Opposition to Plaintiffs' Motion on June 5, 2024 (*see* ECF No. 705). Plaintiffs filed their reply on June 20, 2024 (*see* ECF No. 724). Although the parties attempted to reach an agreement regarding the pending motion, following good faith meet and confers, the parties remain at an impasse. Defendants requested to be heard at the August 29, 2024, Case Management Conference on this pending motion. Pursuant to the Court's August 12, 2024 Minute Entry (*see* ECF No. 786), a separate hearing will be scheduled after the August 29, 2024 Case Management Conference for this motion to be heard, if needed. Defendants report that the underlying Motion (*see* *ECF* No. 650) now applies to approximately 411 Plaintiffs, according to Plaintiffs who sought removal from the May/June and August Court Call Lists pending the outcome of this Motion, which Defendants agreed to do.

b. **Plaintiffs' Motion to Enforce Orders Against L'Oréal USA**: On August 1, 2024, Plaintiffs moved for an order enforcing this Court's December 27, 2023, Order and March 4, 2024, Order regarding the production of documents and information responsive to Plaintiffs' discovery requests from L'Oréal S.A (s*ee* ECF No. 784). L'Oréal USA filed its response on September 9, 2024 (*see* ECF No. 834). On September 16, 2024, Plaintiffs filed their reply (*see* ECF No. 839) and the matter has been referred to Special Master Grossman pursuant to the Court's Minute Order dated September 18, 2024 (*see* ECF No. 841). The matter has been set for a hearing before Special Master Grossman on October 8, 2024, at 12 EST.

c. **L'Oréal S.A.'s Motion to Dismiss**: On September 16, 2024, L'Oréal S.A. filed a motion to dismiss (*see* ECF No. 838). As requested in the Court's Minute Order dated September 17, 2024 (*see* ECF No. 840, the PSC will be prepared to address how to proceed on this motion at the October 10, 2024, status conference.

d. **Plaintiff Leadership Committee's Motion to Reconsider Order on Common Benefit Assessment and Proposed Cases Management Order**: As requested by the Court's Minute Order dated December 11, 2023 (s*ee* ECF No. 326), the PLC filed their position statement on December 22, 2024. Keller Postman filed their objections on January 12, 2024 (*see* ECF No. 377). The PLC filed their response on January 24, 2024 (*see* ECF No. 411). On January 25, 2024, Keller Postman then filed a Motion to Strike the PLC's response due to the response being in excess of the page limitations (*see* ECF No. 412). On January 26, 2024, the PLC responded to this motion (*see* ECF No. 418) and the court denied Keller Postman's Motion to Strike (*see* ECF No. 419).

On August 22, 2024, the Court issued a Memorandum Opinion and Order granting the PLC's motion in part and denying in part (*see* ECF No. 811). The PLC was directed to submit a revised proposed Common Benefit Order incorporating this Order. On September 6, 2024, the PLC filed a motion for reconsideration (*see* ECF No. 831) and on September 9, 2024, the Court issued a Minute Order taking the PLC's motion under advisement and deferring the submission of a proposed Common Benefit Order (*see* ECF No. 832). No additional briefing schedule has been set to date.

e. **The Parties' Joint Motion to Compel MDL Centrality Registration**: On September 17, 2024, the Parties submitted to the Court a Joint Motion to Compel 14 Plaintiffs to register in MDL Centrality, in Compliance with CMO 11. Since the Parties submitted the Motion, two Plaintiffs have registered, but 12 remain unregistered in MDL Centrality. The Parties jointly request that the Court enter an order requiring these 12 Plaintiffs to register with MDL Centrality within seven calendar days of entry of the Order or be dismissed with prejudice.

II. ***Report on Bellwether Process:***

The PLC has sought to meet and confer with Defendants regarding the implementation of a bellwether plan and resolution on the remaining issues. The PLC hopes to be able to engage further and continue to meet and confer over a process to move forward with the bellwether cases.

Defendants are willing to meet and confer on a future selection process for a pool of bellwether cases to undergo discovery, however, Defendants continue to believe cases are not ripe for selection at this time, given the continuing issues with timely completion of fact sheets and collection of medical records. In addition, Defendants assert bellwether selection cannot take place until a decision on Plaintiffs Leadership's motion to dismiss non-cancer related cases and the scope of injuries to be included in any bellwether pool is reached.

III. **Amendment to CMO 10 and Dismissal Process**:

The Parties will submit, on or before October 8, a proposed amendment to CMO 10 that will (a) require Plaintiff Identification Information to assist in the tracking of plaintiffs upon dismissal; (b) modify the template for CMO 10 Dismissals without Prejudice on Cases Filed after Entry of CMO 10 to include Plaintiff Identification Information for MDL Centrality and include Plaintiff Identification for tracking upon dismissal; and (c) provide a template for CMO 10 Dismissals without Prejudice for Good Cause on Cases Filed before Entry of CMO 10. These templates are intended to ease review by the parties and the Court and provide a process by which it is clear which portion of CMO 10 a dismissal is sought under and that the conditions for such dismissals have been met.

Part of the intended amendment is to address the need to add a requirement on all Plaintiffs to submit identifying information in MDL Centrality sufficient that Defendants and Plaintiffs' Leadership are able to assist in tracking Plaintiffs who may seek to refile their cases following dismissal through the CMO 10 process or dismissal without prejudice as a result of a CMO 9 Court Call process, as demonstrated below in Section VII.

Currently, upon registration, Plaintiffs are asked to provide Third Party Vendor BrownGreer, directly through each Plaintiff's MDL Centrality profile, the Plaintiff's full name (including middle name), Social Security Number, date of birth, and current home address. However, this personal information is not required under CMO 11. For this reason, the Parties intend to refer to CMO 11 in the CMO 10 amendment to make the submission of this information mandatory when registering with MDL Centrality. The confidentiality of this information will be maintained by BrownGreer, and Defendants and Plaintiffs' Leadership may access and utilize this information to discern whether a plaintiff has refiled her/their/his case (regardless of where filed) if the plaintiff is dismissed from the MDL without prejudice for any reason.

IV. *Defendant Specific Discovery Issues*:
   a. Strength of Nature: As discussed with the Court at the August 29, 2024, Case Management Conference (*see* August 29, 2024, Tr. at 49:16-56:14), and as memorialized in the Court's Minute Entry issued after the CMC (*see* ECF No. 825), the parties completed their meet-and-confers regarding disputed document production of certain go-get documents on September 20, 2024. Plaintiffs filed their motion to compel on September 27, 2024 (*see* ECF No. 856). Strength of Nature will file their response on October 7, 2024 and will be prepared to address the motion with the Court at the October 10 CMC.
   b. Namaste: As discussed with the Court at the August 29, 2024 Case Management Conference (*see* August 29, 2024 Tr. at 56:15-67:10), and as memorialized in the Court's Minute Entry issued after the CMC (*see* ECF No. 825), on September 20, 2024 (and corrected on September 23, 2024) (*see* ECF Nos. 847 and 849, respectively), Namaste Laboratories LLC filed a Motion for a Protective Order Precluding Plaintiffs' 30(b)(6) Deposition Regarding Custodial Files. Plaintiffs

3

filed their response on September 27, 2024 (*see* ECF No. 858). Namaste's reply will be filed on October 4, 2024 and the parties will be prepared to address the motion with the Court at the October 10 CMC.

c. Revlon: As discussed with the Court at the August 29, 2024, Case Management Conference (*see* August 29, 2024, Tr. at 67:12-77:17), and as memorialized in the Court's Minute Entry issued after the CMC (*see* ECF No. 827), Revlon was ordered to produce documents responsive to Plaintiffs' discovery requests. At the August Conference, Revlon reported that it was reviewing approximately 98,000 documents in order to provide responses. On September 16, 2024, Revlon produced 12,762 documents (39,559 pages) and on September 26, 2024, Revlon produced an additional 15,418 documents (101,625 pages), for a total of 28,180 documents out of the approximately 98,000 documents under review. The PSC is currently reviewing this production to assess completeness and identify any deficiencies or gaps in Revlon's responses. Plaintiffs hope to be able to provide a more complete status report at the October 10th Case Management Conference.

V. ***"Second-Wave" Defendants:***

a. **Status of Motions to Dismiss**:
   i. Advanced Beauty, Inc.: On July 12, 2024, Defendant Advanced Beauty, Inc. ("Advanced Beauty") filed its Motion to Dismiss (*see* ECF Nos. 752 and 753). Plaintiffs filed their response on August 30, 2024 (*see* ECF No. 823). Advanced Beauty's Reply was filed on September 30, 2024 (*see* ECF No. 862).

   ii. John Paul Mitchell: On July 12, 2024, Defendant John Paul Mitchell filed its Motion to Dismiss (*see* ECF No. 750). Plaintiffs filed their response on August 30, 2024 (*see* ECF No. 822). John Paul Mitchell's Reply was filed on September 30, 2024 (*see* ECF No. 861).

   iii. Wella Operations US LLC: On July 12, 2024, Defendant Wella Operations US LLC ("Wella") filed its Motion to Dismiss (*see* ECF Nos. 757-762). Plaintiffs filed their response on August 30, 2024 (*see* ECF No. 821). As of the submission of this Joint Status Report, Wella has not filed a Reply.

   iv. Walgreen Co.: In accordance with the Court's Minute Order dated August 29, 2024, Walgreen Co. ("Walgreens") is to answer or file a motion to dismiss in Case No 1:24-cv-01467 by October 14, 2024. Additional deadlines for plaintiff's response and Walgreens' reply have not yet been assigned.

b. **Discovery Status**: Plaintiffs have served an initial set of interrogatories and requests for production of documents, as well as a set of interrogatories related to ESI on defendants Advanced Beauty Systems, John Paul Mitchell, Murrays Worldwide, RNA, Roux Laboratories, and Wella Operations US LLC. The parties are beginning their meet and confer processes related to these discovery requests as responses are provided.

4

    c. **Bronner Brothers, Inc.:** On July 11, 2024, this Court gave Bronner Brothers, Inc. a deadline of July 25, 2024, to file a status report indicating an email address where Plaintiffs could effectuate service pursuant to CMO 8 (*see* ECF No. 769). Fourteen cases have been filed against Bronner Brothers, Inc. A master long form complaint was filed against Bronner Brothers, Inc. by leadership on May 28, 2024 (*see* ECF No. 677). To date, Bronner Brothers, Inc. has not appeared and has failed to file an answer. Due to some uncertainty as to whether the registered agent was also Bronner Brothers, Inc.'s attorney, Defendant was recently served at their new registered agent. The party is awaiting the affidavit of service. If Bronner Brothers, Inc. continues to fail to appear or file an answer, Plaintiffs are prepared to file a motion for default judgement.

VI. *ESI Status*:

The parties will be submitting a separate joint status report at the request of Special Master Grossman on October 8, 2024.

VII. *Report on Plaintiff Fact Sheet Discovery Process*:

The August 29th Court Call Hearing and Case Management Conference resulted in several orders from the Court. The Court also reserved rulings on several different issues. A report on the status of these outstanding issues follows:

    a. *CMO 9 Addendum regarding MRC Authority to Supplement Aspects of Authorizations*

The Parties jointly submitted an addendum to CMO 9 on October 2, 2024 for the Court to review and enter, which incorporated the full list of permissible and impermissible annotations the third-party vendor, MRC, can and cannot make based on the Parties' agreement and the Court's August 29, 2024 Minute Entry (*see* ECF No. 825).

Relatedly, the Parties' vendors, BrownGreer and MRC (who has been engaged by the Defendants for third-party record retrieval), are working together to create a system by which counsel for individual Plaintiffs will be notified by MRC through MDL Centrality solely regarding whether proprietary and/or blank authorizations will be utilized. Once the system is in place on the MDL Centrality platform and the addendum to CMO 9 is entered, Defendants expect to be able to begin the third-party record collection phase.

    b. *Amended August Court Call List and Related Orders*

The Court issued several orders following the August Court Call Hearing. Several matters remain pending before the Court that are related to the August Court Call List, described below:

1. <u>Plaintiffs' Obligation to Submit Identifying Information in MDL Centrality</u>

The Court issued orders that permit Plaintiffs who were dismissed without prejudice to refile only in the MDL and only by a certain deadline, if at all. To ensure compliance with these orders, these Plaintiffs must submit personal identifying information that can be crosschecked against future lawsuits brought by Plaintiffs, perhaps with the same name, to determine whether a Plaintiff who was previously dismissed has refiled her case consistent with the Court ordered parameters for doing so. Following the August 29 hearing, the Parties reached an agreement that this would be best accomplished if Plaintiffs provide their full name, date of birth, Social Security number, and current address directly into MDL Centrality, regardless of whether that plaintiff previously registered in MDL Centrality.

This proposal for securing critical personal identifying information from Plaintiffs for tracking purposes is consistently incorporated into the Parties' proposed amendment to CMO 10, discussed more fully above. In this section, the Parties intend to address Plaintiffs previously dismissed through the CMO 9 process.

By the October 2024 Case Management Conference, the Parties' will jointly propose a Court order directing counsel for Plaintiffs already dismissed through the CMO 9 process to provide this information directly to BrownGreer through MDL Centrality within fourteen (14) days of the entry of the Order.

The Parties will be prepared to discuss the obligation of Plaintiffs to submit identifying information in MDL Centrality at the October 2024 Case Management Conference.

2. <u>Process for Discovery Deficiencies Relating to *Pro Se* Plaintiffs</u>

The Court ordered the Parties to submit a proposed *pro se* protocol by October 3. (*see* ECF 851). The Parties are continuing to discuss the parameters of such a protocol and have requested an extension to October 14, 2024.

3. <u>Outstanding PFS Deficiency Disputes from Schedule 6</u>

At the August 29 Court Call Hearing, Defendants asked the Court to address individual PFS deficiency disputes contained in Schedule 6 of the Court Call List, which concerned multiple different categories of deficiencies. The Court reserved its ruling on all but one Plaintiff on Schedule 6 and ordered the Parties to submit a joint report on the relevant issues including submission of the relevant PFSs for the Court's review. (August 29, 2024, Minute Order and September 13, 2024, Minute Order. *see* ECF Nos. 824, 837).

The Parties filed the requested documentation under seal on September 18, 2024. (*see* ECF Nos. 843, 844). As of the date of the filing, only 19 Plaintiffs with outstanding alleged deficiencies remained on Schedule 6. There are now only 17 Plaintiffs with

outstanding deficiencies and the issues relevant to these plaintiffs have been further narrowed. The remaining issues relate to damages, product identification, and failure to adequately identify injuries. Defendants are prepared to address questions from the Court regarding the resolution of the pending discovery deficiency dispute with these 17 Plaintiffs should the Court wish to do so.

  c. *Setting Next PFS Court Call Hearing*

In accordance with CMO 9, the next Court Call Hearing should be set. The Parties jointly agree and recommend setting the next Court Call Hearing to be held on Wednesday, November 13, 2024, either in the morning or the afternoon, the day prior to the November status conference. The Parties further ask that the hearing continue to be held in person with the option for Parties to attend, and listen in, remotely. The Parties will be prepared to discuss this at the October Case Management Conference.

VIII. **_MDL Centrality Platform Update_**:

The Parties continue to work with BrownGreer to resolve technical issues necessary for the transition of the deficiency review process to the MDL Centrality platform. The Parties do not have a date by which the PFS review process will be fully migrated to the MDL Centrality platform but hope that PFS functionality will be available for use by the November Case Management Conference. While the migration of the deficiency process to MDL Centrality will hopefully be complete by the November CMC, if not sooner, this has not delayed Plaintiffs' ability to submit their PFSs and related materials, the Defendants' ability to identify deficiencies, or for many plaintiffs' counsel to cure deficiencies. The system is dynamic in nature and the Parties intend to work cooperatively to ensure that functionality and reporting is available based on the Parties needs as litigation progresses, including:

1. Registration of all plaintiffs in the MDL Centrality platform, as required under CMO 11, including tracking of any potentially non-compliant plaintiff and reporting to Plaintiffs' Leadership and defense counsel for resolution;
2. Ensuring that each registered plaintiff has a single assigned Designated Defendant identifiable in the platform and in reports generated from the platform;
3. Tracking, reporting, and eliminating duplicate plaintiff profiles in MDL Centrality to ensure that, for each individual plaintiff, the Designated Defendant has accurate and complete information about plaintiff's CMO 9 compliance and that plaintiff's counsel receives appropriate notices regarding delinquency and/or deficiencies;
4. Providing access to all relevant form templates and CMOs, including the Short Form Complaint, Plaintiff Fact Sheet, authorization forms, and bulk importing templates for compliance with court-approved documents;
5. Service of Short Form Complaints in compliance with CMO 8, as well as monitoring amendments to CMOs 8 and 11 for modified applicable defendant lists or defendant service emails;

7

6. Maintaining the platform for drafting, editing, amending, and service of Plaintiff Fact Sheets by individual plaintiff's counsel, including the ability to upload relevant authorizations, photographs, medical records or other responsive documents;
7. Coordination with MRC to provide notification to individual plaintiff's counsel of the need for use of blank and/or proprietary authorizations;
8. Uploading Warning and Deficiency Letters that have previously been served via email and importing related data, as well as migration to full use of the MDL Centrality platform for issuance and response to new Warning and Deficiency Letters, including ensuring that Deficiency Letters delivered via the platform clearly identify each deficiency alleged by Designated Defendants;
9. Ensuring that reporting is functioning to provide, e.g., accurate PFS Due Dates; accurate dates of service of Warning and Deficiency Letters; accurate response deadlines; and accurate dates of plaintiffs' responses;
10. Providing Designated Defendants with a mechanism by which to notice Defendants' intent to include plaintiffs on the next Court Call List for specifically identified alleged deficiencies;
11. Tracking and reporting dismissal orders and/or notice of dismissals entered on the court's docket to provide the parties and the court with monthly status reports and proposed orders reflecting the dismissal orders entered in member cases for entry onto the MDL docket; and
12. Deactivation of individual plaintiff profiles, as well as tracking dismissed cases in the event of potential future filing and compliance with dismissal with prejudice orders as a result of CMO 9 Hearings.

Dated: October 3, 2024

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| | |
| */s/ Edward A. Wallace* | */s/ Mark C. Goodman* |
| *Edward A. Wallace* | Mark C. Goodman |
| Edward A. Wallace | **BAKER & MCKENZIE LLP** |
| **WALLACE MILLER** | Two Embarcadero Center, Suite 1100 San Francisco, California 94111 |
| 150 N. Wacker Dr., Suite 1100 | T: (415) 576-3080 |
| Chicago, Illinois 60606 | mark.goodman@bakermckenzie.com |
| T: (312) 261-6193 | |
| Email: eaw@wallacemiller.com | |
| | |
| *Plaintiffs' Liaison Counsel* | *Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC* |

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
T: (312) 214-7900
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

Mark D. Taylor
**BAKER & MCKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
mark.taylor@bakermckenzie.com

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

Colleen Baime
Laura Kelly
**BAKER & MCKENZIE LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

*Counsel for Defendant Namasté Laboratories, LLC*

Seth A. Litman
Irvin Hernandez
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
T: (404) 541-2900
Seth.Litman@ThompsonHine.com
Irvin.Hernandez@ThompsonHine.com

*Counsel for Keratin Defendants Keratin Complex and Keratin Holdings, LLC*

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
**ELLIS GEORGE LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@ellisgeorge.com
kmurray@ellisgeorge.com
spolatoglu@ellisgeorge.com

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950 Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com
David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com


Edward P. Abbot
Melissa He
Erich J. Gleber
**HAWKINS PARNELL & YOUNG LLP**
275 Madison Avenue, 10th Floor
New York, NY 10016
eabbot@hpylaw.com
mhe@hpylaw.com
egleber@hpylaw.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

13

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
kmccall@sidley.com

*Counsel for Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Suite 2401
Miami, FL 33131
T: (786) 957-1136
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
Matthew.Wasserman@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*


Daniel L. Stanner
Ashley Crettol Insalaco
Megan E. Ryan
**TABET DIVITO & ROTHSTEIN LLC**
209 S. LaSalle Street, 7th floor
Chicago, IL 60604
Tel: (312) 762-9450
dstanner@tdrlaw.com
ainsalaco@tdrlaw.com
mryan@tdrlaw.com

*Counsel for Defendant RNA Corporation*