IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23-Cv-00818<br>Hon. Mary M. Rowland<br>Hon. Shelia N. Finnegan<br><br>**This document relates to:**<br>All Cases |

## STRENGTH OF NATURE'S RESPONSE
## TO PLAINTIFFS' MOTION TO COMPEL

I. INTRODUCTION

Plaintiffs' Motion to Compel ("Motion") mischaracterizes the privilege Strength of Nature raises and the dispute that has arisen. Plaintiffs claim to seek "responsive documents contained in" two file paths identifying folders called "Uterine Study" and "Uterine Study/Discovery Phase." Mot. at 1. But Strength of Nature does not dispute that some of the documents in those folders are responsive to Plaintiffs' requests in this litigation and has not objected to producing any individual document. As Strength of Nature has already stated, "the responsive documents from these folders that are not privileged or protected will be produced in the ordinary course as part of Strength of Nature's future document productions." (Dkt. 856_4 at 5).

The issue on this Motion, instead, is whether Plaintiffs are entitled to seek *the specific collection* of documents that have been compiled into a computer file created after the litigation began, at the request of litigation counsel, to aid in the development of the defense of the case. Plaintiffs file this Motion because they believe they are entitled to know which documents **counsel** selected and deemed important. They are not.

1

To be clear, many of the documents compiled into the requested folders have already been produced in discovery, and the remaining responsive, non-privileged documents will be produced as custodial discovery (which is presently underway) develops, consistent with the ESI Protocol for this case (Dkt. 109). Plaintiffs are entitled to request documents and Defendants are required to "produce documents as they are kept in the usual course of business," Fed. R. Civ. Pro. 34, but Plaintiffs have no right to know what documents Strength of Nature's counsel believes are important to defend this litigation. To do so would be to improperly probe into the protected "environment of privacy in which a litigator may creatively develop strategies, legal theories, and mental impressions," which exists "outside the ordinary liberal realm of federal discovery provisions." *Allendale Mut. Ins. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 87 (N.D. Ill. 1992).

Plaintiffs attack Strength of Nature's assertion of the attorney work-product protection from multiple angles, each of which fails. *First*, Plaintiffs take the untenable position that attorney work product *only* protects documents created for the purpose of litigation, and not the compilations of documents prepared in anticipation of defending the litigation. Mot. 6-8. On this, Plaintiffs are wrong. Law in this District and Circuit fully protects documents—including the specific collection of documents—which, if disclosed, would reveal the mental impressions and strategy of counsel. *Portis v. City of Chi.*, No. 02 C 3139, 2004 WL 1535854, at *2 (N.D. Ill. July 7, 2004) (holding that a "database [] compiled at the direction of plaintiffs' counsel in anticipation of litigation . . . constitute[d] attorney work product"). *Second*, Plaintiffs make a clever attempt to achieve the same end by expanding the parties' obligations to provide a "document by document" privilege log, thus revealing the entire contents of the folder. The *compilation*, however, is what is protected. To require Strength of Nature to identify each underlying document in a protected

2

compilation on a log would necessarily reveal its contents and undermine the very purpose of the protection.

Plaintiffs also try to stretch this Court's April 11, 2024, ruling on "Go-gets" over the challenged folders. Mot. at 2. These documents are not "Go-gets," which are categories of documents this Court narrowly authorized to respond to "priority" requests within Plaintiffs' Requests for Production that, subject to Defendants' objections and limitations on scope, could be compiled from a discrete location without the use of search terms. *See* April 11, 2024 Minute Order ("Go-gets Order") (Dkt. 598). Plaintiffs' request for privileged file paths has no underlying "document request," and was not stylized as nor qualifies as a "Priority Go-get" under the Go-gets Order. Plaintiffs instead contort this Court's Go-gets Order into an offensive discovery tool that allows them to compel the complete contents of various folders in Defendants' possession, regardless of their connection to an underlying request, regardless of whether all the documents are responsive to Requests for Production, and regardless of whether such a Go-get request would seek privileged information. Nothing in this Court's Orders or the federal rules authorizes such an expansive interpretation.

In no way will Strength of Nature withhold non-privileged documents that are otherwise responsive from these folders. Denying this Motion will not result in Strength of Nature improperly withholding anything. This Court should deny Plaintiffs' Motion to Compel in deference to the discovery rules and process that the Parties have already agreed on.

**II.     FACTUAL BACKGROUND**

At issue here are two computer folders, titled "Uterine Study" and "Uterine Study/Discovery Phase." The folders were each created by Strength of Nature employees after the first litigation was filed, and are used to compile documents requested by Arnold & Porter

3

attorneys, selected in preparation for defending this litigation. (Dkt. 856_5, at 5). Plaintiffs became aware of the existence of these folders because documents that were organized into the folders for counsel's review were determined responsive to Plaintiffs' pending document requests, and were subsequently produced with the "file path" metadata that disclosed the names of these folders. Plaintiffs first notified Strength of Nature that they sought the contents of those folders in their April 16, 2024 Go-gets letter. (Dkt.856_1). But the contents of these folders are not "Go-gets" under this Court's April 11, 2024 Order.[1] At the end of Plaintiffs' April 16 Letter, *separate from their Go-get requests*, Plaintiffs requested that Strength of Nature:

> "Please also include responsive documents from the following file paths:
>
> - Holmes,Maryann\Maryann.Holmes\NewDesktopFolders\Audit\2019Management Review Audit and Uterine Study [2]
> - Latasha|OneDrive_2023-10-18.zip\Uterine Study
> - Uterine Study\Discovery Phase\"

(Dkt. 856_1 at 3). In its April 23, 2024 response to Plaintiffs' Go-gets Correspondence, Strength of Naure **did not** commit to producing any documents in the requested file paths. Instead, it responded, separate from its commitments to produce Go-get documents by a date certain (none of which are at issue here), that "Strength of Nature will address your request that it produce responsive documents included in certain file paths at a later date." (Dkt. 856_2 at 4). In a subsequent letter, dated August 21, 2024, Strength of Nature provided additional detail about the discoverability of the latter two folders, stating that:

---

[1] Stemming from a discussion about Plaintiffs' pending Requests for Production (Dkt. 607, 4/11/24 Hr'g Tr. at 69:7-9), the Court ordered Plaintiffs to identify for Defendants "the outstanding document requests that are priorities" and Defendants to "identify the responsive 'go-get' documents" and that "additional documents may be located through the use of search terms." (Dkt. 598). In response to this Order, Plaintiffs communicated a priority list of documents on April 16, 2023. In an attempt to comply with the Court's directive, Plaintiffs identified each "Go-get" Request by the corresponding RFP Set Number (*i.e.*, "2. All Safety Testing Done on HRPs (See RFP Set 5)"). Plaintiffs' request for documents from certain file paths was not stylized as a Go-get request and has no underlying document request.
[2] Strength of Nature produced the documents contained in this folder on August 29, 2024 because they were responsive, non-privileged, and the folder was not compiled in anticipation of litigation. It is not the subject of this Motion.

4

> [T]he two remaining file paths requested are for folders that certain Strength of Nature employees created in order to organize documents requested by Arnold & Porter attorneys in connection with this litigation, and other documents related to this litigation. Because the documents were compiled in anticipation of this litigation, the compilation of the documents is protected by the work product doctrine. To be clear, we are not suggesting that the underlying documents are necessarily protected, but rather than the compilation itself is protected. The documents in these folders are not unique – they are all copies of documents that were saved in these folders for ease of reference only. As such, the responsive documents from these folders that are not privileged or protected will be produced in the ordinary course as part of Strength of Nature's future document productions. However, Plaintiffs' request for production of responsive documents from the two file paths necessarily would require production of protected information and Strength of Nature will not produce its contents.

(Dkt. 856_4 at 5). Despite Strength of Nature's assurances that responsive documents contained within the folders will be separately produced, Plaintiffs persisted in filing this Motion.

### III. ARGUMENT

**1. The Documents Plaintiffs Seek Are Protected Work Product.**

**a. Selections and Compilations Made in Anticipation of Litigation are Protected.**

The work-product doctrine protects business documents "selected and compiled in anticipation of litigation," even when those business documents individually are not privileged or protected. 22B Am. Jur. 2d Depositions and Discovery § 46. Courts in this Circuit agree that even when documents are non-privileged, the selection and compilation of the documents themselves are protected work product. *See, e.g., Stone Container Corp. v. Arkwright Mut. Ins.*, No. 93 C 6626, 1995 WL 88902, at *4 (N.D. Ill. Feb. 28, 1995) (denying motion to compel documents because they were a "selection of a specific group of documents" compiled in preparing a witness for a deposition); *see also Africano v. Atrium Med. Corp.*, No. 17 CV 7238, 2019 WL 1294642, at *2 (N.D. Ill. Mar. 21, 2019) (same).

Courts in this Circuit have relied on the rule set forth by the Third Circuit in *Sporck v. Peil*, 759 F.2d 312 (1985), which "held that defense counsel's process of selecting certain documents

5

for the deponent to review out of the hundreds which had been produced during the course of the litigation was attorney work product entitled to protection." *Stone Container Corp.*, 1995 WL 88902, at *3 (citing *Sporck*, 759 F.2d at 315-16); *accord Africano*, 2019 WL 1294642, at *2 ("Although the Seventh Circuit has not adopted a specific test governing when a witness's use of documents to prepare for a deposition warrants disclosure of such documents, courts in this circuit have applied the reasoning of *Sporck v. Peil*."); *In re Pradaxa Prods. Liability Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 1776433, at *3 (S.D. Ill. Apr. 25, 2013) ("The Court continues to agree with the Third Circuit's conclusion [in *Sporck*] regarding application of the work-product doctrine to protect an attorney's selection and compilation of records in preparation for a deposition."). This Court has also applied the *Sporck* standard beyond this narrow set of circumstances to documents selected for and presented to a testifying witness. *See, e.g., Portis v. City of Chi.*, No. 02 C 3139, 2004 WL 1535854, at *2 (N.D. Ill. July 7, 2004) (holding that a "database [] compiled at the direction of plaintiffs' counsel in anticipation of litigation . . . constitute[d] attorney work product").

Further, the fact that a non-attorney selected and compiled the documents does not matter here, because under Rule 26(b)(3), "whether a document is protected as work product depends on the motivation behind its preparation, rather than on the person who prepared it." Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine at 546 (6th ed. 2017); *see also Trustees. of the Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 1:19-cv-2965, 2022 WL 2341290, *3 (N.D. Ill. June 29, 2022) (finding protected work product when the documents were largely prepared by non-attorneys, and holding that the work-product doctrine "clearly protects party, and not just attorney, preparation" and the critical question is "the purpose for which the documents were created" (quoting *Estate of Her v. Sadownikow*, No. 17-cv-

1015, 2018 WL 3574888, at *3 (E.D. Wisc. July 25, 2018)). Indeed, "in modern litigation, much of the attorney's role is performed by nonlawyers acting on the attorney's behalf and at the attorney's direction. In many cases, to disclose material prepared by these nonlawyers in effect discloses the attorney's thought processes." Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine at 544 (6th ed. 2017).

Also, even if the documents in the compilation were otherwise produced in the litigation, a party is not required to reveal the selection and compilation of documents. *Africano*, 2019 WL 1294642, at *2 ("[W]here documents sought in a motion to compel have already been produced, Rule 612 should not require an attorney to reveal up front his selection, in preparation for his client's deposition, of a group of documents he believes critical to the case.") (quoting *Stone Container Corp.*, 1995 WL 88902, at *4). Where information has been produced in some way in a litigation, the answering party is not required to disclose the documents it has selected to review to prepare its case. *Stone Container Corp.*, 1995 WL 88902, at *4; *Sporck*, 759 F.2d at 315-16.

Here, the documents were selected at counsel's direction and with the express intent of using the documents in preparation of the defense of the case, for depositions and for other critical aspects of litigation. Plaintiffs argue that the work-product doctrine does not protect "documents merely *compiled* for review in litigation," attempting to draw a distinction between protection of documents and protection of selection of documents. Mot. at 1. Plaintiffs misstate both Strength of Nature's argument and the law. Strength of Nature is not arguing here that the documents *themselves* are necessarily subject to any privilege or protection (as that level of review has not yet been undertaken). Rather, it is the act of selection itself, in order to prepare for litigation, that triggers work product protection.

7

None of the case law Plaintiffs cite to actually supports their position, or refutes that selection of documents is protected by work product. For example, Plaintiffs rely on *Lynk Labs, Inc. v. Juno Lighting, LLC*, in which Your Honor stated that the "intent of the work-product doctrine 'is to protect the adversarial process by providing an environment of privacy in which a litigator may creatively develop strategies, legal theories, and mental impressions outside the ordinary liberal realm of federal discovery provisions'" but declined to extend work product protection to permit redactions of a purchase price reduction where defendants failed to "establish[] that the primary motivating purpose behind the purchase price reduction was to aid in this litigation." No. 15 C 4833, 2016 WL 6135711, at *1 (N.D. Ill. Oct. 21, 2016) (internal citations omitted.). That analysis is irrelevant here. The primary motivating purpose behind the compilation of the documents at issue here is to aid in the litigation because the documents were selected and compiled in order to prepare to defend this litigation, and that it was not merely "prepared in view of the litigation." *Id.* Plaintiffs rely on *Trydel Research Pty. Ltd. v. ITW Glob. Tire Repair, Inc.*—a case where the Court denied the motion to compel documents—for the proposition that the work-product doctrine "prevents the disclosure of protected documents" and "not the underlying facts." Motion at 5 (quoting No. 21 C 4977, 2024 WL 2209674, at *3 (N.D. Ill. May 15, 2024)). But this is irrelevant because Strength of Nature makes no argument that the facts in the documents that are compiled in the protected folders are protected—quite the opposite, Strength of Nature has already and will continue to produce the non-privileged, responsive documents contained in these folders; the facts that are contained in these documents are not and will not be withheld. Further, the *Trydel* court cautioned that the movant "goes too far in arguing that the work product doctrine never protects 'facts'," noting that the analysis is more complex than that. *Trydel*, 2024 WL 2209674, at *3. Last, *Sandra T.E. v. South Berwyn School Dist.*, which only stands for the

proposition that the work product doctrine can "protect[] documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case," aligns with Strength of Nature's position. 600 F.3d 612, 621 (7th Cir. 2010).

Additionally, Plaintiffs' argument that Strength of Nature has already produced some of the documents at issue falls flat, and in fact undermines their position. Strength of Nature has indeed produced documents from this compilation, and has agreed to produce all responsive, non-privileged documents from their original source in the ordinary course of its document production.[3] As such, Plaintiffs are not deprived of anything except for Strength of Nature's outside counsel's preparation for this case and thought processes in identifying specific documents worthy of discussion and review. As the *Stone Container* court explained, "perhaps most importantly here, production is not in the interests of justice" *because* those documents had "already been produced." *Stone Container Corp.*, 1995 WL 88902, at *4. "The only objective to be gained by identifying these documents is to learn which documents [Strength of Nature] considers to be significant in this case." *Id.* If the work product compilation is properly protected here, "Defendant is not depriving Plaintiff of any discoverable information, just depriving Plaintiff of insight into Defendant's attorney's document selection process." *Id*.

### b. The Documents Sought Would Impermissibly Disclose Strength of Nature's Counsel's Strategy.

Having determined that the selection of documents to prepare for defending this litigation falls under the umbrella of work product protection, the Court must then decide whether it is protected as fact or opinion work product. "Fact work product consists of factual material and opinion work product comprises the mental impressions, conclusions, opinions, or legal theories

---

[3] Strength of Nature will comply with the ESI Protocol in this case in its production of documents, producing non-privileged, responsive documents from this folder "without regard to whether [they were] returned by any search methodology." *See* Dkt. 109 at 10-11.

9

of an attorney or a party's representative." *U.S. ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378, 382 (N.D. Ill. 2005) (citing *U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D.554, 559 (C.D. Cal. 2003)). "Opinion work product is even more scrupulously protected because it represents the actual thoughts and impressions of the attorney." *Yannacopoulos*, 231 F.R.D. at 382 (citing *In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994)).

"Fact work product is discoverable in the rare case where a party makes the substantial need showing" explained in Fed. R. Civ. P. 26(b)(3)(A). *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1023 (7th Cir. 2012) (quotation marks omitted); *see also Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 207 F.R.D. 474, 478 (2002) ("This burden is difficult to meet and is satisfied only in 'rare situations, such as those involving witness unavailability.'") (quoting *Trustmark Ins. v. Gen. & Cologne Life Re of Am.*, No. 00 C 1926, 2000 WL 1898518, at *3 (N.D. Ill. 2000)). In rare instances a work product compilation may be deemed fact work product (as opposed to opinion work product), such that a showing of substantial need would overcome the protection. For example, in *Portis*, the Court held that the compilation of plaintiffs' arrest records, which were compiled from defendant's discovery responses, qualified as fact work product, because "the categories of information in the database reveal what data plaintiffs' lawyers deemed relevant to select and code." 2004 WL 1535854, at *9. But the Court there held that the sheer size of the database—assembled from more than 20,000 arrest records—meant that disclosing the database likely would not "reveal plaintiffs' counsel's mental impressions, opinions and legal strategy," *id*., and further that while defendant could have reproduced the records, its estimated cost of $90,000 constituted an undue hardship. *Id.* at **14-15.

Opinion work product, on the other hand, is entitled to "absolute protection," *id.* at *2, because it "represents the actual thoughts and impressions of the attorney." *Yannacopoulos*, 231

F.R.D. at 382. Courts consistently find that work product compilations are due the stringent protections of opinion work product. For example, in *Sporck*, the Court held that "the selection and compilation of documents by counsel . . . in preparation for pretrial discovery f[ell] within the highly-protected category of opinion work product." *Sporck*, 759 F.2d at 319.

Here, the selection of documents that Plaintiffs seek to compel are opinion work product due absolute protection. By their own admission, Plaintiffs here seek only the production of a comparatively small number of documents. In the context of a sprawling set of interconnected state and federal litigations wherein hundreds of thousands, if not millions, of pages of documents have been and will be produced, producing the documents Plaintiffs seek would narrow that universe by orders of magnitude. Indeed, if Strength of Nature were to hand over this selection of documents, counsel's strategies, mental impressions, and legal theories would be readily apparent simply by demarcating the significantly narrowed set of documents—and categories of documents—that counsel has determined are relevant to preparing for deposition and other aspects of litigation.

But even if the Court were to find that this amounts to only fact work product, granting Plaintiffs' Motion would still be improper. Even assuming that Plaintiffs are part of "the rare case" where they can make a "substantial need showing" and overcome the work product protection, Plaintiffs are already receiving the non-privileged, responsive documents contained in the protected folders. Indeed, as Plaintiffs note in their motion, and as supported by *Sporck* and its Seventh Circuit progeny, not only can Plaintiffs obtain documents to which they are entitled through normal discovery procedures, but they *have in fact done so here.* There is, plainly, no undue burden that could justify disclosure of the selection of documents reflected in the production

that Plaintiffs seek to compel because Plaintiffs either have received or will receive in the ordinary course of production those documents that are responsive and non-privileged.

### 2. Producing the Compilation of Documents Would Violate Attorney-Client Privilege.

The attorney-client privilege attaches (1) when the client seeks legal advice of any kind (2) from an attorney working in their capacity as an attorney, (3) the communication relates to that purpose, (4) the communication is made in confidence (5) by the client, (6) who wishes the communication to be permanently protected (7) from disclosure by the client or the attorney, (8) except where the protection is waived. *McCook Metals, LLC v. Alcoa Inc.*, 192 F.R.D. 242, 251 (7th Cir. 2000) (citing 8 J. Wigmore, Evidence § 2292). Simply stated, documents are protected by attorney-client privilege where they "necessarily reflect[] the communications between a client and his attorney" and the attorney's efforts to prosecute the client's case, since such documents "implicitly contain[] the legal opinion and advice of the attorney." *McCook Metals*, 192 F.R.D. at 252.

Here, the document compilation Plaintiffs seek is attorney-client privileged, including for many of the same reasons they are protected work product. Under Section III(1)(a), *supra*, they clearly reflect of legal advice that Strength of Nature received from its counsel, insofar as they relate to the strategic reasons for selecting certain documents in preparation for various litigation activities. And the selection reflects the direct communications between Strength of Nature and its counsel. As Plaintiffs acknowledge, the documents in question were selected as a direct result of communications between Strength of Nature and its counsel, and as discussed throughout this opposition, the specific purpose of those communications was to prepare Strength of Nature for defending this litigation. Finally, there has been no showing—and nor can there be—that the communications reflected in the selection and compilation of these documents were not made in expectation of confidence. This document selection was "never meant to see the light of day," as

it was "selected . . . [for] preparation of the attorney's own client." *Stone Container Corp.*, 1995 WL 88902, at *4 (quoting *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1018 (1st Cir. 1988)) (internal marks omitted). Accordingly, the Court should also deny Plaintiffs' motion on the grounds that granting it would violate Strength of Nature's attorney-client privilege.

> 3. **Producing a Privilege Log of Each of the Documents in the Folders Would Disclose Protected Information and No Log is Required at This Time.**

Plaintiffs argue that Strength of Nature "must provide a document-by-document privilege log." Motion at 8. This is wrong. It is not the underlying documents themselves, but rather the compilation of the documents in the folder, that is protected, and Strength of Nature will indeed produce privilege log entries for the protected folders once it is required to do so.

A party is not required to produce information in a privilege log that would disclose privileged information. Fed. R. Civ. Proc. R. 26 (A privilege log must describe the withheld information "without revealing information itself privileged or protected."). Providing a log of each individual document here would necessarily reveal the contents of the protected compilation, since Strength of Nature will be producing the responsive, non-privileged documents in the ordinary course and they could be easily traced back to the log. This would undermine the very purpose of the protection.

Further, Strength of Nature is not in violation of any Court order by not producing a privilege log for the protected folders at issue here, because the privilege log is not yet due. As explained in Section II, the contents of these protected folders were not "Go-gets" under this Court's April 11, 2024 Order and Strength of Nature never committed to producing any documents in the requested folders as Go-gets. Strength of Nature will produce the non-privileged, responsive documents contained in these protected folders in the ordinary course of its custodial document production, and it will produce a privilege log as required under CMO No. 5. *See* Dkt. 112 at 14.

## IV. CONCLUSION

Strength of Nature respectfully requests that this Court deny Plaintiffs' Motion to Compel.

Dated: October 7, 2024

                                          **ARNOLD & PORTER**
                                          **KAYE SCHOLER LLP**

                                          /s/ Rhonda R. Trotter
                                          Rhonda R. Trotter
                                          777 South Figueroa Street, 44th Floor
                                          Los Angeles, California 90017-5844
                                          Phone: (213) 243-4153
                                          Email: Rhonda.Trotter@arnoldporter.com

                                          Lori B. Leskin
                                          E. Dean Harris Porter
                                          250 West 55th Street
                                          New York, New York 10019
                                          Phone: (212) 836-8641
                                          Email: Lori.Leskin@arnoldporter.com
                                          Email. Dean.Porter@arnoldporter.com


                                          *Counsel for Defendants,*
                                          *Strength of Nature LLC and*
                                          *Godrej SON Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made on all counsel of record through notice generated by the Court's electronic filing system.

Dated: October 7, 2024                                         */s/ Rhonda R. Trotter*
                                                                              Rhonda R. Trotter