IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br><br>Master Docket No. 23-cv-0818<br><br>Judge Mary M. Rowland |

**ORDER**

Plaintiffs' Co-Lead Counsel, Plaintiffs' Executive Committee, and the Plaintiffs' Steering Committee (collectively the Plaintiffs' Leadership Committee ("PLC") or Plaintiffs) move this Court to reconsider its August 22, 2024 Memorandum Opinion and Order concerning the PLC's motion for entry of a case management order to establish protocols for common benefit fees and expenses in this MDL. [831]. For the following reasons, the PLC's motion is denied.

I.  **Background**

The Court designated counsel to serve as Plaintiffs' leadership in roles as Co-Lead Counsel, the Plaintiffs' Executive Committee, and the Plaintiffs' Steering Committee. [28]. Appointed counsel must fulfill certain responsibilities during the pendency of the MDL to promote judicial efficiency. *See id.* The PLC moved for entry of a case management order ("CMO") seeking to establish a common benefit fee and expense protocol (the "Common Benefit Order"). [351]. Plaintiffs' counsel from Keller Postman objected to provisions of the proposed order, including that counsel with cases in the

MDL would be required to withhold a percentage of their attorneys' fees from non-MDL cases even without executing a participation agreement and the amount to be withheld. *See* [377]. On August 22, 2024, the Court granted in part and denied in part the motion to establish a common benefit fund and related procedures. [811]. Most relevant to this motion, pursuant to the Court's order, the common benefit fund does not apply to non-MDL hair relaxer cases unless counsel executes a valid participation agreement. *See id.* at 4–11. A more detailed account of the facts behind the motion can be found in the Court's opinion. *Id.*

## II.   Standard

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F.Supp.2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The party moving for reconsideration must

establish a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

### III. <u>Analysis</u>

The PLC asserts two arguments in support of reconsideration: (1) assessing a holdback against all recoveries obtained by counsel with clients in the MDL, regardless of whether those recoveries are through the resolution of MDL or non-MDL or even unfiled cases, is supported by caselaw; and (2) funding common benefit funds is critical to the prosecution of MDLs, including this MDL. These arguments do not carry the day. The PLC does not contend the Court has misunderstood a party, made a decision outside the adversarial issues the parties presented, or made an error of apprehension. Nor does the PLC claim where the law significantly changed or significant new facts have been discovered. To the contrary, the PLC rehashes the same arguments propounded in their briefs in support of the motion for entry of a Common Benefit Order and relies primarily on the same caselaw.

First, the PLC argues there is judicial precedent to support the entry of a Common Benefit Order that applies a holdback to all attorneys' fees obtained by counsel appearing in the MDL regardless of whether their clients' claims are filed (or not) or, if filed, whether filed in state court or this MDL. The PLC primarily relies on two non-binding opinions this Court previously considered: *In re Bard IVC Filters Prod. Liab. Litig.*, 81 F.4th 897 (9th Cir. 2023) and *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 617 Fed. Appx. 136 (3d Cir. 2015).

3

Plaintiffs concede both *Bard IVC Filters* and *Avandia* are distinguishable because they involved counsel who voluntarily entered participation agreements and consented to assessments against their clients' recoveries in non-MDL cases in exchange for access to MDL common benefit work. [831 at 7]. But Plaintiffs misconstrue both cases and argue the participation agreements were not the sole basis for assessments. *Id.* at 7–8. Not so. As explained in *Bard IVC Filters*, the participation agreements themselves are not the source of the court's authority but rather the incorporation of the agreement into an order entered by the court that the court was empowered to enforce was the source. 81 F.4th at 908. The Ninth Circuit's reasoning was based on a determination of the scope of the district court's authority, not the equitable principles considered by the district court in the underlying opinion. *See id. generally*. The reasoning in *Avandia* is consistent. 617 F. App'x at 141–42 (explaining a district court has authority to adjudicate whether an agreement incorporated into a court order has been breached).

Neither *Bard IVC Filters* nor *Avandia* supports the PLC's implication that equitable concerns can override the limits of a court's authority. *See, e.g.*, *Avandia*, 617 F. App'x at 141 ("equity is insufficient to overcome limitations on federal jurisdiction") (quoting *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 874 (8th Cir. 2014). At most, the circuit courts explained the underlying district court's consideration of equitable concerns as background in *dicta*.

Furthermore, the PLC does not meaningfully address contrary caselaw from other circuits. *See, e.g.*, *Genetically Modified Rice*, 764 F.3d at 873–74; *In re Showa*

4

*Denko K.K. L-Tryptophan Prod. Liab. Litig.*, 953 F. 2d 162, 165–66 (4th Cir. 1992). For example, in *Genetically Modified Rice*, the Eighth Circuit concluded the MDL court did not have authority over disputes not before the district court, including disputes between related state-court plaintiffs and the MDL defendant even when the state-court plaintiffs' counsel also represented clients in the MDL but counsel did not sign a participation agreement. 764 F.3d at 874. Arguments that the assessments could be withheld by the defendant, who was an MDL party, or paid by plaintiffs' counsel, who represented clients in the MDL, were of no avail. *Id.* Likewise, that the state-court plaintiffs' counsel benefited from the MDL leadership group's work was insufficient. *Id.* So too here. The Court cannot order holdbacks from an attorneys' recoveries from cases not before the Court. That a common benefit fund holdback could be deducted from the attorneys' fees paid from a plaintiff's or claimant's settlement or judgment is immaterial if the plaintiff's case is not before this Court either as an MDL Plaintiff or by virtue of counsel executing a valid participation agreement that the Court incorporates into the forthcoming Common Benefit Order.

Finally, courts do not unanimously order common benefit assessments from non-MDL cases if attorneys "actually used common benefit work product." [831 at 10–11] (quoting *In re Bard IVC Filters Prod. Liab. Litig.*, 603 F.Supp.3d 822, 833–34 (D. Ariz. 2022)). Despite recognizing the risk of free riders, courts are unwilling and unable to extend the boundaries of their jurisdiction to provide a solution. *See Genetically Modified Rice*, 764 F.3d at 874; *In re Roundup Prod. Liab. Litig.*, 544 F.

Supp. 3d 950, 960 (N.D. Cal. 2021). The Court understands the PLC's equitable concerns but cannot intervene where it does not have jurisdiction.[1]

## CONCLUSION

For the stated reasons, the PLC's motion to reconsider [831] is denied. By October 25, 2024, the PLC is directed to submit a revised proposed Common Benefit Order that incorporates the Court's August 22, 2024 Order.

E N T E R:

Dated: October 11, 2024

MARY M. ROWLAND
United States District Judge

---

[1] The Court notes as of August 22, 2024, the MDL parties reported fewer than 100 cases pending in state courts. [812 at 9–10]. This figure pales in comparison to the more than 8,400 individual member cases pending in this MDL. *See* [811 at 2].

6