**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Master Docket Case No. 1:23-CV-818 <br><br> MDL No. 3060 |
| This document relates to: | |
| EVELYN L. KEATON, | Case No. 1:24-CV-1467 |
| *Plaintiff*, | Judge Mary M. Rowland |
| v. | |
| LOREAL USA, INC., *et al.*, | |
| *Defendants*. | |

**DEFENDANT WALGREEN CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF EVELYN L. KEATON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ELVA JEAN KEATON'S COMPLAINT**

Defendant Walgreen Co. ("Walgreens"), by and through undersigned counsel, files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Evelyn L. Keaton, as Personal Representative of the Estate of Elva Jean Keaton's (hereinafter, "Keaton" or "Plaintiff") Short Form Complaint filed on February 21, 2024 (Dkt. 1:24-CV-01467, ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**A.    BACKGROUND**

On May 15, 2023, the Plaintiff Leadership Committee ("PLC") filed the Master Long Form Complaint naming eighteen individual defendants in multi-district litigation number 3060 (the "MDL"). (Dkt. 23-CV-818, ECF No. 106, hereinafter, the "Master Complaint".)  Walgreens is not one of the defendants named in the Master Complaint, and the Master Complaint contains no factual or legal allegations against Walgreens. Walgreens is never mentioned in the Master Complaint.

On August 3, 2023, the Court entered Case Management Order No. 7, adopting the Short Form Complaint ("SFC") to be used in this MDL. (Dkt. 23-CV-818, ECF No. 175, hereinafter, "CMO 7".) Pursuant to CMO 7, the Master Complaint, together with the individual SFC, is the operative complaint against any particular defendant. (*See* CMO 7 at § II.A.) In the approved SFC, each plaintiff is required to identify the defendant or defendants against which their case is brought. The approved SFC does not name Walgreens. Rather, the approved SFC explicitly lists eighteen defendants and also provides three blank spaces for plaintiffs to write-in defendants that are not already listed by the SFC.

When an individual plaintiff writes-in a new defendant in a SFC, the PLC must then decide if it intends to add that defendant to the MDL. (*See* Dkt. 1:23-cv-818, ECF No. 616; *see also* ECF No. 635, Trans. of Status Conf. dated April 18, 2024.) If the PLC decides to affirmatively add a defendant to the MDL, the PLC must then file a long-form complaint against that new defendant, setting forth the allegations against it just as the Master Complaint sets forth the allegations against the 18 originally named defendants. (*See id.*)

i. **Keaton's SFC and Its Lack of Allegations Against Walgreens.**

Since the filing of the Master Complaint, and as contemplated by the form SFC attached to CMO 7, individual plaintiffs have filed SFCs against numerous defendants that are not listed in the Master Complaint (*i.e.*, "second-wave" defendants). On February 21, 2024, Plaintiff wrote-in Walgreens as a second-wave defendant in her *pro-se* SFC.[1] (Dkt. 1:24-CV-01467, ECF No. 1.)[2]

---

[1] Notably, Keaton is a licensed attorney, active and in good standing, in Indiana. Her attorney number is 19431-49. *Indiana Roll of Attorneys*, courts.in.gov (last accessed Oct. 6, 2024), https://courtapps.in.gov/rollofattorneys/attorney/be536b1e-0db7-e011-9d34-02215e942453?AttorneyNumber=19431-49&OrderBy=0&Page=1.

[2] The Keaton SFC, together with the Master Complaint, is referred to as the "Keaton Complaint" or "Complaint."

2

Walgreens was served with Keaton's SFC on March 7, 2024. On May 31, 2024, the Court Ordered the PLC to file a status report as to its intention to add Walgreens to the MDL, or not. (*See* Dkt. 23-CV-818, ECF No. 692.) Walgreens' response to the Keaton Complaint was stayed by the Court until after the PLC's status report and until further court order. (*Id.*)

After a brief extension sought by the PLC (Dkt. 23-CV-818, ECF No. 782), on August 12, 2024, the PLC filed a status report advising the Court that it will not add Walgreens as a defendant in the MDL. (Dkt. 23-CV-818, ECF No. 787 at p.2.) Rather, the PLC advised that filing a master complaint against Walgreens "is not warranted" as only one SFC (out of more than 10,000 cases filed in the MDL) named Walgreens as a defendant – the SFC filed by Keaton. (*Id.* at p.1.)[3] The Court then, on August 13, 2024, ordered that "[a]ny future claims against Walgreens or CVS shall comply with the procedures to submit and answer short form complaints set forth in CMO 8 [249]" and directed Walgreens to respond to the Keaton Complaint by October 14, 2024. (Dkt. 23-CV-818, ECF No. 804.)

As a result of the PLC's decision as to Walgreens, there are no allegations against Walgreens in the Master Complaint or the standard SFC. The Keaton SFC names Walgreens only in Paragraph 11 to identify which causes of action Keaton is asserting against Walgreens, among other defendants. These causes of action include Breach of Implied Warranty of Merchantability/Fitness for a Particular Use (Count VI); Breach of Express Warranty under state law and the Magnuson-Moss Warranty Act (Count VII); and Unjust Enrichment (Count XI). Plaintiff does not explicitly list Walgreens as a defendant in Paragraph 4, and, therefore, does not

---

[3] Walgreens notes that in the PLC's August 12 status report, the PLC also advised that it would not add CVS to the MDL or file a master complaint against CVS (which had been named in one SFC at the time). In light of the status report with respect to CVS, the plaintiff in that sole case, Grace Gough, timely dismissed her claims asserted against CVS. (Dkt. 23-CV-5243, ECF No. 5.)

allege Walgreens's state of incorporation or formation or principal place of business for purposes of diversity jurisdiction. The Keaton SFC, like the Master Complaint, does not include any specific factual allegations related to Walgreens. Instead, the Keaton SFC generally alleges the decedent purchased and used several different products manufactured by several different defendants in Chicago, Illinois, and Indianapolis, Indiana which allegedly caused decedent's various injuries. (Dkt. 1:24-CV-01467, ECF No. 1, ¶¶ 2, 4, 6, 8).

Because the Keaton SFC contains no allegations against Walgreens whatsoever—let alone allegations sufficient to properly assert a claim against Walgreens or establish standing—Walgreens respectfully requests this Court dismiss the claims asserted against it in the Keaton SFC.

**B.   LEGAL STANDARD**

    **i.   Motion to Dismiss for Lack of Standing.**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a plaintiff is required to sufficiently plead subject matter jurisdiction to avoid dismissal. "Article III of the Constitution limits federal courts' jurisdiction to certain 'cases' and 'controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (finding plaintiffs failed to establish the alleged future injury was fairly traceable to statutory provision at issue). A federal court has subject matter jurisdiction over a claim only if the plaintiff has Article III standing to bring the claim. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 582 (7th Cir. 2019) (affirming district court's finding that plaintiff lacked Article III standing).

A plaintiff bears the burden of pleading, and ultimately proving, the three elements of standing. *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (finding that plaintiffs lacked standing to challenge Department of Education student-loan debt-forgiveness plan). To establish standing,

the plaintiff must show that they suffered an injury in fact, that is fairly traceable to the challenged conduct of the defendant, and that it is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

An injury is "fairly traceable" to the challenged action of the defendant when "there is a causal connection between the injury and the conduct complained of." *Brown*, 600 U.S. at 561. Where it is purely speculative whether a plaintiff's injury can be traced to the conduct of the defendant, there is no Article III standing. *See id.* at 567. The plaintiff must be able to show "a line of causation" between the defendant's act and the plaintiff's injury which cannot be based on "conjecture." *Id*. at 264. A court's standing inquiry must be particularized, determining "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted" against a particular defendant. *Allen v. Wright*, 468 U.S. 737, 752 (1984); *Scanlan v. Eisenberg*, 669 F.3d 838, 846 (7th Cir. 2012). The Seventh Circuit has held that standing must be alleged through factual pleading, applying the *Iqbal-Twombly* framework. *See, e.g.*, *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (finding that reference to "actual damages" did not establish Article III standing).

      **ii.**      **Motion to Dismiss for Failure to State a Claim.**

The Federal Rules of Civil Procedure require that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of the grounds upon which the plaintiff's claim rests. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To "survive a motion to dismiss, a complaint must contain *sufficient factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (emphasis added). The "plausibility standard…asks for more than a sheer possibility that a

defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Consequently, a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555, as legal conclusions or conclusory allegations are not entitled to a presumption of truth, *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A plaintiff's allegations must raise a right to relief above the speculative level. *Corwin v. Conn. Valley Arms, Inc.*, 74 F. Supp. 3d 883, 890 (N.D. Ill. 2014).

**C.     ARGUMENT**

**i.     The Keaton Complaint fails to establish standing and should be dismissed.**

The Keaton Complaint fails to plead how Plaintiff's alleged injuries are fairly traceable to any conduct of Walgreens and, therefore, has failed to successfully plead standing as required by the Constitution. *See Brown*, 600 U.S. at 568. Instead, the Keaton Complaint is "premised on a speculative chain of possibilities," which is not sufficient to establish standing. *Clapper*, 568 U.S. at 410.

The Keaton Complaint does not include any specific factual allegations related to Walgreens, let alone any allegations showing how the alleged harm suffered by Plaintiff was the result of any action by Walgreens. In fact, the Keaton Complaint does not allege any conduct (or misconduct) by Walgreens and thus does not allege that Walgreens' "actual action has caused a substantial risk of harm." *Clapper*, 568 U.S. at 414. The Keaton Complaint simply assigns to Walgreens, with no factual allegations, claims for breach of implied and express warranty and unjust enrichment. As explained fully *infra*, Plaintiff does not allege how, assuming *arguendo* that implied or express warranties existed (there are no allegations that any warranties existed),

6

Walgreens breached implied or express warranties to Plaintiff. Nor does Plaintiff allege how Walgreens was unjustly enriched.

Besides failing to assert the terms or existence of a single warranty allegedly provided by Walgreens to the decedent, the Keaton Complaint does not allege which product, if any, decedent purchased from one of the many Walgreens stores in Illinois or Indiana. The Keaton Complaint further does not allege that the unnamed product purchased at a Walgreens store caused the Plaintiff's injuries. The Keaton Complaint fails to tie Plaintiff's injuries to Walgreens and does not support a plausible inference that Walgreens caused the decedent's injuries. *See, e.g.*, *Pavlock v. Holcomb,* 35 F.4th 581, 590 (7th Cir. 2022) (affirming dismissal for lack of standing where complaint did not allege any allegations showing how the defendants' actions caused the alleged injury); *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 87 F.4th 315, 320–21 (6th Cir. 2023) (dismissing claims that allege, without more, that simply by virtue of defendants' manufacture and distribution of the chemical, they were responsible the plaintiff's injuries).

In summary, the Keaton Complaint does not adequately plead factual allegations to show that Walgreens' conduct (whatever that conduct may be) is fairly traceable to Plaintiff's alleged injuries. *See Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023) (Where a plaintiff's pleading "boils down to an assertion that there might be a connection," this kind of "[g]uesswork…is not enough" because "the injury must be traceable to the asserted wrong and likely rather than speculative."). Therefore, the Keaton Complaint fails to plead the traceability required for Article III standing, and the Court does not have subject matter jurisdiction to hear Plaintiff's claims.

7

### ii. The Keaton Complaint does not state a claim plausible against Walgreens and should be dismissed.

As discussed throughout this Motion, the Keaton Complaint does not include *any* factual allegations against Walgreens – no allegations related to Walgreens' conduct, such as which products it may have sold to Plaintiff or what warranties or representations it made to Plaintiff, and no allegations linking Walgreens' conduct to Plaintiff's alleged injuries. The Keaton Complaint lacks *any* factual matter regarding Walgreens' alleged liability, let alone *sufficient* factual matter to state a plausible claim as required by the federal pleading standard. *Iqbal*, 556 U.S. at 678. The Keaton Complaint does not allow this Court to draw a "reasonable inference" that Walgreens is liable for Plaintiff's injuries. *See Ashcroft*, 556 U.S. at 678. And the Keaton Complaint does not provide Walgreens with fair notice of the nature or grounds on which Plaintiff's claims rest, much less state a plausible claim against Walgreens. *See Twombly*, 550 U.S. at 555 n.3.

In addition to the reasons for dismissal discussed in this Motion regarding failure to establish standing and failure to state a claim, Plaintiff's warranty claims against Walgreens are preempted by the Food, Drug, and Cosmetic Act ("FDCA"). Ms. Keaton has asserted only breach of warranty claims and unjust enrichment against Walgreens. Under Indiana law, breach of warranty claims are separate and distinct from causes of action arising under the Indiana Products Liability Act. *See, e.g., Fowler v. Werner Co.*, No. 1:13–cv–126–RLM, 2014 WL 2605341, at *1 (N.D. Ind. 2014) (citing *B & B Paint Corp. v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1020 (Ind. Ct. App. 1991)). Therefore, pursuant to 21 USC § 379s(a), Plaintiff's breach of warranty claims are preempted by the FDCA and should be dismissed. For each of these reasons, the Keaton Complaint should be dismissed.

### a. The Keaton Complaint fails to state a claim against Walgreens for breach of implied warranty.

The Keaton Complaint asserts a claim against Walgreens for "breach of implied warranty of merchantability/fitness for particular use." (Dkt. 1:24-CV-01467, ECF No. 1, ¶ 11.) The Complaint does not specify which state law applies to this claim, but, given that it does allege that Plaintiff purchased and used products in Illinois and Indiana, this Motion applies both Illinois and Indiana law which are identical for breach of implied warranty claims. *Compare* 810 Ill. Comp. Stat. 5/2-314 with Ind. Code § 26-1-2-314 and 810 Ill. Comp. Stat. 5/2-314 with Ind. Code § 26-1-2-315.

In order to state a claim for breach of implied warranty for fitness for a particular purpose, the plaintiff must allege that "(1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007); *see also Swan Lake Holdings, LLC v. Yamaha Golf Cart Co.*, No. 3:09–CV–228–PPS, 2010 WL 3894576, at *4 (N.D. Ind. 2010) (applying Indiana law).

Here, the Keaton Complaint does not allege any element of a breach of implied warranty for fitness for a particular purpose claim. At bottom, the Keaton Complaint does not allege which product, if any, decedent purchased from Walgreens nor does it allege that decedent bought the product for a particular purpose. Additionally, the Keaton Complaint does not allege that Walgreens knew of the particular purpose for which decedent bought the product; that decedent relied upon Walgreens' skill and judgement to select the product; or that Walgreens knew of decedent's reliance on its skill and judgment. *See Corwin*, 74 F. Supp. 3d at 891 ("If [plaintiff] wants to litigate an implied warranty for a particular purpose claim, he must allege what his

9

particular purpose was…and why [defendant] had reason to know of this particular purpose. Plaintiff pleads only legal conclusions, which the court does not accept as true when resolving a motion to dismiss.").

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999) (citing 810 ILCS 5/2–314).[4] Goods are merchantable when, among other things, the goods are "fit for the ordinary purposes for which such goods are used" and "conform to the promises or affirmations of fact made on the container or label if any." 810 Ill. Comp. Stat. 5/2-314; *see also* Ind. Code § 26-1-2-314.

Here, again, the Keaton Complaint has not alleged any element of a claim for breach of implied warranty of merchantability. In addition to failing to allege which product, if any, decedent purchased from Walgreens, the Keaton Complaint does not allege that any products were not merchantable at the time of sale; or that Plaintiff was damaged as a result of the defective goods. *See Corwin*, 74 F. Supp. 3d at 891 ("[I]f Plaintiff wishes to pursue a general implied warranty of merchantability claim, he must provide facts that detail how the [product] was defective.").

Overall, as to Walgreens, "Plaintiff has not detailed any particular affirmation or promise that formed part of the basis of the bargain with [defendant]." *Corwin*, 74 F. Supp. 3d at 892. The

---

[4] Walgreens acknowledges that "[p]arties may be excused from the pre-litigation notice requirement when they allege a physical injury…unless the plaintiff suffered only economic damages from their increased risk of physical injury." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015). As the Keaton Complaint alleges physical injuries suffered by the decedent, Walgreens does not belabor the lack of pre-litigation notice but notes that the Complaint does not allege that Plaintiff gave Walgreens notice of any defect.

Keaton Complaint has not alleged *any*, let alone sufficient, facts to state a claim for breach of implied warranty for fitness for a particular purpose claim or breach of the implied warranty of merchantability against Walgreens. Therefore, Count VI of the Keaton Complaint should be dismissed.

        **b.    The Keaton Complaint fails to state a claim against Walgreens for breach of express warranty.**

The Keaton Complaint asserts a claim against Walgreens for "breach of express warranty under state law and the Magnuson-Moss Warranty Act." (Dkt. 1:24-CV-01467, ECF No. 1, ¶ 11.) The Keaton Complaint does not specify which state law applies to this claim, but, given that it does allege that Plaintiff purchased and used products in Illinois and Indiana, this Motion applies both Illinois and Indiana law which are identical for breach of express warranty claims. *Compare* 810 Ill. Comp. Stat. 5/2-313 with Ind. Code § 26-1-2-313.

To survive a motion to dismiss on a breach of express warranty claim, a plaintiff "must allege that (1) the seller made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) seller guaranteed that the goods would conform to the affirmation or promise." *Corwin*, 74 F. Supp. 3d at 891–92 (citing *Indus. Hard Chrome*, 64 F. Supp. 2d at 747). And the plaintiff must allege privity to the warranty "because an express warranty derives from contract law." *Corwin*, 74 F. Supp. 3d at 892 (granting defendant's motion for summary judgment where plaintiff did not detail "any particular affirmation of promise that formed part of the basis of the bargain" with defendant); *see also Conyer v. Forest River, Inc.*, 688 F. Supp. 3d 809, 812 (N.D. Ind. 2023) ("Under Indiana law, to prevail on an express warranty claim, a plaintiff must prove (1) the existence of a warranty, (2) a breach, (3) causation, and (4) damages.…A seller breaches an express warranty when the goods do not conform to the warranty.").

11

The Keaton Complaint does not allege the existence of an express warranty between Walgreens and decedent and, therefore, the Court should dismiss the breach of express warranty claim. "[A] plaintiff must state the terms of the warranty or attach it to the complaint." *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 739 (N.D. Ill. 2015) (granting the motion to dismiss where plaintiff did not "sufficiently set out the terms of a single specific" affirmation of fact or promise and failed to link particular statements to any individual defendant) (citing *Northern Ins. Co. of N.Y. v. Silverton Marine Corp.*, No. 10–cv–0345, 2010 WL 2574225, at *6 (N.D. Ill. June 23, 2010)). Plaintiff did neither. Not only does the Keaton Complaint fail to set out the terms of any promises or affirmations of fact from Walgreens, but it also does not allege which product, if any, decedent purchased from Walgreens. And given that it is "the language of the warranty itself [t]hat controls and dictates the obligations and rights of the various parties," *Sneed v. Ferrero U.S.A., Inc.*, 656 F. Supp. 3d 777, 785 (N.D. Ill. 2023) (citing *Hasek v. DaimlerChrysler Corp.*, 319 Ill. App. 3d 780, 788 (1st Dist. 2001)), Walgreens does not have fair notice of the grounds upon which the claim rests. *See Twombly*, 550 U.S. at 555.

The Keaton Complaint also asserts a breach of express warranty claim under the Magnuson-Moss Warranty Act ("MMWA"). (Dkt. 1:24-CV-01467, ECF No. 1, ¶ 11.) The MMWA "does not provide an independent basis for liability; it only provides federal jurisdiction for some state claims." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (finding that because the plaintiff's state law claim failed, the plaintiffs' MMWA claim also must fail). And the "MMWA claims rise and fall with [Plaintiff's] express and implied warranty claims" such that MMWA claims must be dismissed when the underlying express and implied warranty claims have been dismissed. *Shea v. Gen. Motors LLC*, 567 F. Supp. 3d 1011, 1022 (N.D. Ind. 2021). As explained *supra*, the breach of implied and express warranty claims in the Keaton Complaint fail

12

to sufficiently allege a plausible claim against Walgreens. Therefore, because Plaintiff's breach of implied and express warranty claim fails under both state and federal law, Count VII of the Keaton Complaint should be dismissed for failure to state a claim.

        **c.**    **The Keaton Complaint fails to state a claim against Walgreens for unjust enrichment.**

To state a cause of action for unjust enrichment under both Illinois and Indiana law, a plaintiff must allege that the defendant unjustly received a benefit from plaintiff and allowing the defendant to retain the benefit "violates fundamental principles of justice, equity, and good conscience." *Hatcher v. Hatcher*, 158 N.E.3d 326, 330, 441 (Ill. Ct. App. 2020); *see also Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1124 (S.D. Ind. 2011) (applying Indiana law and granting defendant's motion to dismiss where plaintiffs did not articulate what wrongful benefit inured to defendant and why plaintiffs should be granted extraordinary remedy of unjust enrichment).

Here, the Keaton Complaint does not allege that Walgreens retained a benefit from Plaintiff nor does it allege that Walgreens' retaining of a benefit would be unjust. The Keaton Complaint does not even specifically allege that decedent purchased products from Walgreens or that specific conduct by Walgreens caused Plaintiff's injuries. Therefore, the Keaton Complaint does not state a claim for unjust enrichment and Count IX against Walgreens should be dismissed.

**D.    CONCLUSION**

Keaton's SFC is devoid of a single factual allegation against Walgreens and asserts only bald, conclusory claims against Walgreens.

WHEREFORE, Defendant Walgreen Co. respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and enter an order dismissing Walgreen Co. from this case with prejudice and with costs and providing for any other just and proper relief.

Respectfully submitted,

ICE MILLER LLP

*/s/ John D. Burke*
John D. Burke, Atty. No. 6203918
ICE MILLER LLP
200 W. Madison, Suite 3500
Chicago, IL 60606
Tel: (312) 726-8148
John.burke@icemiller.com

Aneca E. Lasley (*pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Tel: (614) 462-1085
Fax: (614) 232-6899
Aneca.lasley@icemiller.com

Christina L. Fugate (*pro hac vice*)
Angela M. Rinehart (*pro hac vice*)
ICE MILLER LLP
1 American Square
Indianapolis, IN 46282
Tel: (317) 236-2148
Fax: (317) 236-2219
Christina.fugate@icemiller.com
Angela.rinehart@icemiller.com

*Attorneys for Defendant Walgreen Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will electronically send notification of such filing to all counsel and parties of record.

Respectfully submitted,

*/s/ John D. Burke*
John D. Burke, Atty. No. 6203918

*Attorney for Defendant Walgreen Co.*