UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 3060<br><br>No. 23-cv-00818<br><br>District Judge Mary M. Rowland<br><br>Magistrate Judge Beth W. Jantz |

## ORDER

For the reasons discussed more fully below, Plaintiffs' Motion to Compel [856] is denied. During a Case Management Conference on April 11, 2024, the parties and the Court discussed production of what was referred to as "Go-Get" documents; in the minute order that followed, the Court ordered:

> By 4/16/24, each Plaintiff discovery liaison counsel must inform their respective Defendant [of] the outstanding document requests that are priorities. By 4/23/24 **each Defendant must identify the responsive "go-get" documents that are readily available** and can be produced without the use of search terms.

(Dkt. 598 (emphasis added).) Following the April 2024 Case Management Conference, Plaintiff sent a letter to Defendant Strength of Nature ("SON") listing priority document requests as well as requesting responsive documents from three file paths: "1) "Holmes, Maryann\Maryann.Holmes\New Desktop Folders\Audit\2019 Management Review Audit"; 2) "LatashaOneDrive_2023-10-18.zip\Uterine Study"; and 3) "Uterine Study\Discovery Phase\". (Dkt. 856 at 3.) A week later, SON responded that it would produce responsive "Go-Get" documents within 90 days; however, SON later clarified that it would not be producing the second and third identified file paths because the compilation of documents into those folders was, in its view, protected by the attorney work product doctrine. (*Id.*)

1

Plaintiffs filed the instant motion to compel seeking an order for SON to produce responsive documents contained in those two "Uterine Study" file paths. (Dkt. 856 at 9.) Although the parties spent a significant portion of their briefs arguing (very effectively and well) about the nuances of the attorney work product doctrine as applied to this particular context, the Court finds that a simpler threshold issue resolves this motion – whether the documents in the relevant file paths qualify as "Go-Get" documents. Because the Court does not find that these are "Go-Get" documents, it does not reach the issue of whether the *compilation* of these documents into those particular file paths is protected by the attorney work product doctrine. SON has represented that "many of the documents compiled into the requested folders have already been produced in discovery, and the remaining responsive, non-privileged documents will be produced as custodial discovery (which is presently underway) develops, consistent with the ESI Protocol for this case." (Dkt. 870 at 2.) Moreover, SON argues that the contents of these file folders do not qualify as "Go-Get" documents as envisioned by the Court's April 11, 2024 minute order.

The Court agrees with SON that the contents of the file paths at issue, which is what would be produced, do not qualify as "Go-Get" documents. As defined by this Court's earlier order, (Dkt. 598), it was the Defendants' – in this case, SON's – responsibility to identify "Go-Get" documents that were to be produced. (Dkt. 598.) The division of labor ordered by this Court did not envision Plaintiffs naming the locations of documents for SON to produce and then SON producing whatever Plaintiffs requested. SON argues that the contents of these file paths should not be included in the universe of "Go-Get" documents, and the Court accepts that explanation. Indeed, this conclusion makes sense from a practical standpoint; the purpose of the "Go-Get" designation was in part to facilitate the quick production of a subset of discovery that could be achieved without

discovery disputes. Arguments about what specific documents are properly considered "Go-Get" documents defeats the entire purpose of the "Go-Get" order in the first place.

Additionally, there will be no prejudice to Plaintiff in waiting until standard discovery is underway to receive the documents in question. SON has committed to producing responsive documents in the folders in the regular course of ESI production, and the District Judge recently set a written discovery deadline of February 28, 2025, which will ensure that Plaintiffs receive these documents in a timely manner, as both this Court and the parties will be endeavoring over the next four months to meet that deadline. (Dkt. 884.)

E N T E R:

Dated:  10/29/24

_____
BETH W. JANTZ
United States Magistrate Judge