IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23-CV-818 |
| | MDL No. 3060 |
| **This document relates to:** *All Member Cases* | Judge Mary M. Rowland |

**AMENDED CASE MANAGEMENT ORDER NO. 10**
**(Dismissals Without Prejudice)**

   I.   **Dismissal Without Prejudice for Newly Filed Cases**

Notwithstanding the provisions of CMO 8, a Plaintiff who files a Short Form Complaint ("SFC") after March 15, 2024 shall be permitted to dismiss his or her case without prejudice provided that a Notice of Dismissal Without Prejudice is filed more than twenty-one (21) days prior to the due date for his or her Plaintiff Fact Sheet as set forth in CMO 9. An agreed upon template Notice of Dismissal is attached as Exhibit A.

   II.   **Dismissal Without Prejudice for Good Cause**

For any Plaintiff with a case currently filed in the MDL, or Plaintiff otherwise not covered by Section I, requests for dismissal without prejudice for good cause shown shall be reasonably considered by Defendants and permitted only upon agreement of the parties to that SFC or upon Order of the Court. An agreed upon template Notice of Dismissal Without Prejudice for Good Cause is attached as Exhibit B.

   III.   **Refiling of Cases Dismissed without Prejudice**

Should any Plaintiff whose case is dismissed without prejudice under this CMO wish to re-file their case in the future, such filing shall be made only in federal court and within this MDL, as

long as there is jurisdiction to file in the MDL.[1] Nothing in this order shall impact the running of the statute of limitations as to any individual case.

IV. **Obligation of All Plaintiffs to Submit Identifying Information in MDL Centrality**

To assist in tracking Plaintiffs who may seek to refile their cases, Plaintiffs who (a) were previously dismissed with the option of refiling their matter by a set date before the dismissal converts to a with-prejudice dismissal, (b) are dismissed pursuant to this Order, or (c) have currently pending cases, are hereby ordered to provide[2] within fourteen (14) days of the entry of this Order Third Party Vendor BrownGreer, directly through each Plaintiff's MDL Centrality profile, (i) the Plaintiff's full name (including middle name), (ii) Social Security Number, (iii) date of birth, and (iv) current home address. Plaintiffs seeking dismissal under this Order must submit this information before a dismissal will be granted. The confidentiality of this information will be maintained by BrownGreer, and Defendants and Plaintiffs' Leadership may access and utilize this information to enable them to discern if a Plaintiff in a different action (regardless of where filed) is a Plaintiff who has been dismissed from this MDL.

E N T E R:

Dated: November 8, 2024

_____
MARY M. ROWLAND
United States District Judge

---

[1] Nothing in this Order waives or supersedes the requirements for properly asserting hair straightening claims against Revlon as set by the U.S. Bankruptcy Court for the Southern District of New York in Case No. 22-10760-dsj (Bankr. S.D.N.Y.).

[2] This same information is requested under CMO11 as part of each Plaintiff's Registration with MDL-Centrality. Amended CMO 10 adds this as a mandatory requirement for the enumerated data points to be provided for each Plaintiff **when** registered in the MDL-Centrality system: (1) Plaintiff's first, middle and last name; (2) Social Security Number; (3) date of birth; and (4) current home address. The Court has tasked BrownGreer with collection, enforcement, security, and privacy of this personal data in relation to any dismissals. Counsel for individual Plaintiffs will be responsible for providing the demographic tracking information when filing or seeking dismissals without prejudice, even after dismissal of their client's case. Plaintiffs' counsel may not deactivate a Plaintiff's MDL Centrality profile until this information is provided.