UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Master Docket Case No. 1:23-cv-00818 **MDL No. 3060** Honorable Mary M. Rowland |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendants,[1] by and through counsel, hereby respond to Plaintiffs' Consolidated Class Action Complaint (the "Complaint") as follows:

## PRELIMINARY STATEMENT

Defendants incorporate by reference the following matters into their response to each paragraph of the Complaint:

Defendants submit this Answer and Defenses on behalf of each defendant that is participating in this joint Answer. When allegations are made against a specific Defendant, however, that specific Defendant responds on behalf of itself only, exclusive of any other Defendant.[2]

---

[1] Responding Defendants are L'Oréal USA, Inc., L'Oréal USA Products, Inc., and SoftSheen-Carson LLC (collectively, "L'Oréal USA"); Revlon, Inc.; Revlon Consumer Products Corporation; Revlon Group Holdings LLC; Strength of Nature, LLC; Godrej SON Holdings, Inc.; Namasté Laboratories, LLC ("Namasté"); AFAM Concept, Inc. d/b/a JF Labs, Inc.; McBride Research Laboratories, Inc.; Avlon Industries, Inc.; Beauty Bell Enterprises, LLC f/k/a/ House of Cheatham, Inc.; House of Cheatham LLC; and Luster Products, Inc. (collectively, "Defendants").

[2] Defendants Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc. ("Beauty Bell") and House of Cheatham, LLC ("House of Cheatham") do *not* join in the Answers to Counts 1-6, 16-50, and 60-145, inclusive, because those Counts are not pleaded against Beauty Bell or House of Cheatham.

Except as otherwise expressly stated herein, Defendants expressly deny each and every allegation contained in the Complaint, including without limitation any allegations contained in the preamble, unnumbered paragraphs, headings, subheadings, table of contents, footnotes, and exhibits, and specifically deny any liability to Plaintiffs and the other putative class members. Defendants deny that their hair relaxers are or were defective, toxic or harmful and further deny that any action or omission of Defendants caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative class members.

Defendants expressly reserve and do not waive the right to amend and supplement this Answer, including to assert any counterclaims or cross-claims or modify its defenses, as may be appropriate or necessary, consistent with applicable rules and the Court's orders.

## ANSWER

Responding to the specific allegations of the numbered paragraphs in Plaintiffs' Complaint,[3] Defendants further respond as follows:

## NATURE OF THE ACTION

1.      This is a class action lawsuit by Plaintiffs, and others similarly situated, who purchased Hair Straighteners and/or Relaxers manufactured, sold, and distributed by Defendants. Defendants distribute, market, and sell several over-the-counter hair straightener and/or relaxer products under their brand names, including but not limited to Dark & Lovely (L'Oreal and SoftSheen), Optimum (L'Oreal and SoftSheen), Mizani (L'Oreal), Crème of Nature (Revlon), Revlon Realistic (Revlon), Motions (Strength of Nature), Just for Me (Strength of Nature), Soft & Beautiful (Strength of Nature), TCB (Strength of Nature), TCB Naturals (Strength of Nature),

---

[3] To the extent that allegations in Plaintiffs' Complaint are not specifically denied, Defendants, in good faith, generally deny all allegations not specifically admitted herein subject to Fed. R. Civ. P. 8(b)(3).

Profectiv Mega Growth (Strength of Nature), African Pride (Strength of Nature), Dream Kids (Strength of Nature), Dr. Miracle's (Strength of Nature), ORS Olive Oil (Dabur and Namaste), Hawaiian Silky (JF Labs), Design Essentials (McBride), Affirm (Avlon), Africa's Best (House of Cheatham), Pink Conditioning No-Lye Relaxer (Luster), and Smooth Touch No-Lye Relaxer (Luster) (collectively, the "Toxic Hair Relaxer Products").

**ANSWER:**     Defendant L'Oréal USA admits that it marketed and sold certain hair relaxer products under the Dark & Lovely, Optimum and Mizani brand names. Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC (collectively, the "Revlon Defendants"), deny that Defendant Revlon Group Holdings LLC, which is a recently formed company as the result of Revlon's emergence from Chapter 11 Bankruptcy, sold any hair relaxer products. Defendants Revlon, Inc., and Revlon Consumer Products Corporation admits that it marketed and sold certain hair relaxer products, at certain times, under the Crème of Nature and Revlon Realistic brand names. Defendant Strength of Nature LLC admits that it currently markets and sells certain hair relaxer products under the Motions, Just for Me, Profectiv, Soft & Beautiful, African Pride, Dr. Miracle's, TCB and TCB Naturals brand names. Defendant Godrej SON Holdings, Inc. denies the allegations in this paragraph as it does not market or sell any products, including hair relaxer products. Defendant Namasté admits that it distributed, marketed, and sold certain hair relaxer products under the brand "ORS Olive Oil." Defendant Namasté denies that Dabur distributed, manufactured or sold any hair relaxer products. Defendant McBride Research Laboratories, Inc. admits it distributed hair relaxer products under the Design Essentials brand name. Defendant Avlon Industries, Inc., admits that it marketed and sold certain hair relaxer products under the Affirm brand name. Defendants Beauty Bell and House of Cheatham admit that they sold hair relaxer products under

the Africa's Best brand name. Defendant Luster Products, Inc. admits that it sold hair relaxer products under the Pink and Smooth Touch brand names. Except as expressly admitted herein, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

2. Defendants' Toxic Hair Relaxer Products increase a woman's risk of uterine and ovarian cancer, and more than double the risks of these cancers with frequent use. The Toxic Hair Relaxer Products contain constituent chemicals and active ingredients which include chemicals that disrupt the endocrine system, alter hormonal balance, cause inflammation, alter immune response, and cause other toxic responses that both initiate and promote cancer. The Toxic Hair Relaxer Products, as they are intended to be used, are unsafe, toxic, and carcinogenic. The products are defective, adulterated, misbranded and dangerous to human health, unfit and unsuitable to be advertised, marketed, and sold in the United States and lack a proper warning associated with use. Defendants misrepresented this information and did not disclose it to Plaintiffs, in violation of state and federal law.

**ANSWER:** Defendants deny that that their hair relaxer products are toxic and/or defective in any manner. Defendants further deny that they engaged in wrongful practices and/or misconduct of any kind. Defendants further deny that they made any misrepresentations to Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

3. Plaintiffs' use of these Toxic Hair Relaxer Products was a direct result of Defendants' wrongful marketing practices. Defendants systematically omitted, misrepresented,

and continue to omit and misrepresent the significant health impacts of Toxic Hair Relaxer Product use, all while targeting women of color and taking advantage of centuries of racial discrimination and cultural coercion which emphasized—both socially and professionally—the desirability of maintaining straight hair.

**ANSWER:** Defendants deny that their hair relaxer products are toxic. Defendants further deny that they engaged in any wrongful marketing practices. Defendants further deny that they made any misrepresentations or omissions or concealed any information in connection with their marketing of hair relaxer products. Defendants further deny that they targeted women of color or took advantage of centuries of racial discrimination and cultural coercion. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

4.      Rather than disclosing the risks and warnings to consumers, Defendants exploited for profit this deep-rooted connection between hair and identity in how they chose to market their Toxic Hair Relaxer Products. Defendants' advertising and marketing of their Toxic Hair Relaxer Products and failure to take reasonable and necessary steps to protect Plaintiffs and the other Class members from harm, (1) exposed Plaintiffs to brutally toxic products without warning; and (2) amplified institutionalized systems of discrimination that have minimized the cultural identity and heritage of women of African descent. Defendants advertised their Toxic Hair Relaxer Products as, *inter alia,* "organic," "safe," "botanicals," "natural," and "ultra nourishing" in newspapers, magazines, and media predominantly consumed by Black and Brown women. The advertisements, commercials, and packaging for Defendants' Toxic Hair Relaxer Products feature almost exclusively women of color with smooth hair texture.

**ANSWER:**    Defendants admit that they advertised and marketed certain hair relaxer products.  Defendants deny that their hair relaxer products are toxic.  Defendants deny that they engaged in wrongful practices and/or misconduct of any kind in connection with its marketing of these products.  Defendants further deny that they exploited for profit any deep-rooted connection between hair and identity.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

5.    Indeed, Defendants purposely targeted children to increase sales and ensure generations of dedicated consumers—all while having knowledge that the Toxic Hair Relaxer Products they designed, manufactured, advertised, and sold were carcinogenic.

**ANSWER:**    Defendants deny that they purposely targeted children to increase sales and ensure generations of dedicated consumers.  Defendants further deny that they engaged in wrongful practices and/or misconduct of any kind.  Defendants deny that any of their hair relaxer products are toxic and/or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

6.    Plaintiffs and the other proposed Class members suffered economic damages due to Defendants' misconduct (as set forth below), in that they paid more for the Toxic Hair Relaxer Products than they would have paid had they known about the toxic, unsafe, adulterated nature of the products and the attendant risks that the products presented to their personal health or in that they would not have purchased the Toxic Hair Relaxer Products at all had they been informed of the toxic nature of the products and the risks to their personal health.

**ANSWER:** Defendants deny that Plaintiffs or any putative class members suffered any damages as a result of Defendants' conduct. Defendants further deny that they engaged in wrongful practices and/or misconduct of any kind. Defendants deny that any of their hair relaxer products are toxic and/or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

7.      Medical Monitoring Plaintiffs and the Medical Monitoring Class members (defined below) were further damaged in that they are at a significantly increased risk of developing uterine and ovarian cancer due to their frequent exposure to the Toxic Hair Relaxer Products. As a result, they have a present need to incur the cost of medical monitoring to facilitate the early detection and treatment of those serious and potentially fatal cancers.

**ANSWER:** Defendants deny that Plaintiffs or any putative class members suffered any damages as a result of Defendants' conduct. Defendants further deny that they engaged in wrongful practices and/or misconduct of any kind. Defendants deny that any of their hair relaxer products are toxic and/or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

8.      Plaintiffs, on their own behalf and on behalf of the other proposed Class members, seek: (1) actual damages for their economic losses from their purchases of Toxic Hair Relaxer Products; (2) the establishment and funding of a medical monitoring program to pay their current and future medical monitoring expenses or, in the alternative, the costs of that medical monitoring; (3) statutory damages; (4) exemplary and/or punitive damages; (5)

injunctive and declaratory relief; (6) pre-and post-judgment interest; (7) attorneys' fees and costs; and (8) such other relief that this Court may deem appropriate.

**ANSWER:** Defendants deny that Plaintiffs or any putative class members suffered any damages as a result of Defendants' conduct. Defendants further deny that they engaged in wrongful practices and/or misconduct of any kind. Defendants deny that any of their hair relaxer products are toxic and/or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

9. Plaintiffs allege the following based upon personal knowledge as well as investigation by counsel, and as to all other matters, upon information and belief. Plaintiffs further believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 9 so as to admit or deny them, and on that basis deny them.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2)(A) and/or (C). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and at least one Plaintiff is a citizen of a state different from any Defendant's state of residence, and/or at least one Plaintiff is a citizen of a U.S. state and at least one Defendant is a citizen of a foreign state.

**ANSWER:**     Defendants deny that the amount in controversy exceeds $5,000,000 and deny that there are "in excess of 100 class members."  The remainder of Plaintiffs' allegations regarding this Court's jurisdiction over the matter are legal conclusions to which no response is required.  To the extent this paragraph contains further factual allegations and a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 10 so as to admit or deny them, and on that basis deny them.

11.     This Court has jurisdiction over each Defendant because Defendants are authorized to conduct and do business in Illinois. Defendants have marketed, promoted, distributed, and sold toxic hair relaxer products, including the Toxic Hair Relaxer Products identified below, in Illinois and Defendants have sufficient minimum contacts with this State and/or have sufficiently availed themselves of the markets in this State through promotion, sales, distribution, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic and/or defective in any manner.  The remainder of Plaintiffs' allegations regarding this Court's jurisdiction over the matter and Defendants' minimum contacts in this forum are legal conclusions to which no response is required.  All Defendants except Defendants Beauty Bell and House of Cheatham admit that this Court has personal jurisdiction over them.  To the extent this paragraph contains further factual allegations to which a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 11 so as to admit or deny them, and on that basis deny them.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and (b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

**ANSWER:**     Plaintiffs' allegations regarding venue are legal conclusions to which no response is required.  To the extent this paragraph contains a factual allegation and a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 12 so as to admit or deny them, and on that basis deny them.

I.      **THE PARTIES**

   A.      **Plaintiffs**

13.     Plaintiffs are individuals who purchased and used Defendants' Toxic Hair Relaxer Products, as described below and *infra.*

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

14.     Plaintiff Theresa L. Baldwin (for the purpose of this paragraph, "Plaintiff') is and at all relevant times was a citizen of the State of Illinois and the United States. From approximately 1994 to 2023, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely and Just For Me manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Strength of Nature. She used these products at least four times per year for at least 29 years. Plaintiff was

unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

15. Plaintiff Nicole Boyd (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately 1998 to 2011, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely manufactured, marketed, distributed, and/or sold by L'Oreal and SoftSheen. She used these products at least four times per year for at least 13 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and

proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

16.     Plaintiff Antonia Buchanan (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately 1989 to 2017, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Optimum, Crème of Nature, TCB, ORS Olive Oil, African Pride, Motions, and Hawaiian Silky manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Revlon, Dabur, Namaste, Strength of Nature, and JF Labs. She used these products at least four times per year for at least 28 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and

would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

      **ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

      17.    Plaintiff Angela Burton (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Michigan and the United States. From approximately 1985 to 2023, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely and Pink manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Luster. She used these products at least four times per year for at least 38 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair

care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

18.     Plaintiff Temitrius Burton (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately 1990 to 2019, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Just For Me, ORS Olive Oil, African Pride, Crème of Nature, Optimum, Motions, Soft & Beautiful, TCB, Design Essentials, and Mizani manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, McBride, and Revlon. She used these products at least four times per year for at least 29 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct, and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased

14

risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

19.    Plaintiff Natasha M. Casby (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the United States. Plaintiff is currently a citizen of the State of Louisiana and has also been at relevant times a citizen of the States of Illinois and Texas. From approximately 1982 to 2020, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, TCB, and Motions manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Strength of Nature. She used these products at least four times per year for at least 38 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff

would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

    **ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

    20.    Plaintiff Marcia Dalton (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Illinois and the United States. From approximately 1979 to 2011, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Just For Me, Dark & Lovely, Olive Oil, Africa's Best, Motions, Optimum, Mizani, and Crème of Nature manufactured, marketed, distributed, and/or sold by Strength of Nature, Revlon, L'Oreal, SoftSheen, Dabur, and Namaste. She used these products at least four times per year for at least 32 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

21.     Plaintiff Dollie Dillon (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Mississippi and the United States. From approximately 1990 to 2018, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Crème of Nature, Revlon Professional Realistic, African Pride, Dark & Lovely, Design Essentials, and ORS Olive Oil manufactured, marketed, distributed, and/or sold by Revlon, Dabur, and Namaste. She used these products at least four times per year for at least 28 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or

contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

22.     Plaintiff Tori Duncan (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Colorado and the United States. From approximately 2000 to 2018, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Motions and Just For Me manufactured, marketed, distributed, and/or sold by Strength of Nature. She used these products for at least 18 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

23.     Plaintiff MMRenee Edwards (for the purpose of this paragraph, "Plaintiff') is and at all relevant times was a citizen of the United States. Plaintiff is currently a citizen of the State of Tennessee and has also been at relevant times a citizen of the States of Illinois and Mississippi. From approximately 1973 to 2021, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Crème of Nature, African Pride and Revlon Realistic manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, and Revlon. She used these products at least four times per year for at least 48 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

24.     Plaintiff Alicia Glenn (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Indiana and the United States. From approximately 1990 to 2010, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Just For Me, and Optimum manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Strength of Nature. She used these products for at least 20 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

25.     Plaintiff Ramika Guillory (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the Commonwealth of Pennsylvania and the United States. From approximately 1985 to 2023, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Mizani, Affirm, Hawaiian Silky, Design Essentials, Influence, Essations, Revlon, Motions, Optimum, TCB, Dark & Lovely, and Just For Me manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Avlon, JF Labs, McBride, Revlon, and Strength of Nature. She used these products for at least 38 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the

balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

26.     Plaintiff Cynthia W. Harris (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Alabama and the United States. From approximately 1977 to 2021, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Hawaiian Silky, Dark & Lovely, Affirm, and ORS Olive Oil manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Avlon, JF Labs, Dabur, and Namaste. She used these products for at least 44 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the

balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

27.     Plaintiff DaShawn Harris-Robinson (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately 1990 to 2016, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely and Pink Hair Relaxer manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Luster. She used these products at least four times per year for at least 26 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the

balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

28.     Plaintiff Markeia Hines (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the Commonwealth of Pennsylvania and the United States. From approximately 1991 to 2023, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Optimum, Motions, TCB, Dark & Lovely, Soft & Beautiful, Just For Me, ORS Olive Oil, Hawaiian Silky, Crème of Nature, and African Pride manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, Revlon, and JF Labs. She used these products at least four times per year for at least 32 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or

contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

29.     Plaintiff Shaquota Jackson (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately 1999 to 2017, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Just For Me, Dr. Miracle's, ORS Olive Oil, and Dark & Lovely manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, Dabur, and Namaste. She used these products at least four times per year for at least 18 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or

contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

30.     Plaintiff Tiana Lane (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the United States. Plaintiff is currently a citizen of the Commonwealth of Pennsylvania and has also been at relevant times a citizen of the States of Illinois, Maryland, and Virginia. From approximately 1989 to 2023, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Crème of Nature, Motions, Optimum, Dark & Lovely, TCB, Just For Me, Hawaiian Silky, Soft & Beautiful, Dr. Miracles, and Luster's Pink manufactured, marketed, distributed, and/or sold by Revlon, Strength of Nature, L'Oreal, SoftSheen, JF Labs, and Luster. She used these products at least four times per year for at least 34 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in

purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

31. Plaintiff Laura Lawes (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the Commonwealth of Pennsylvania and the United States. From approximately 1997 to 2021, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Optimum, Dark & Lovely, Soft & Beautiful, Just For Me, Olive Oil, and Crème of Nature manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, and Revlon. She used these products at least four times per year for at least 24 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

32.    Plaintiff Sondra Loggins (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of New Jersey and the United States. From approximately 1988 to 2011, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Crème of Nature, African Pride, Revlon Realistic, Herba Rich, and Optimum manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Revlon. She used these products at least four times per year for at least 23 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are

without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

33.     Plaintiff Cyleisia Longley (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately 1989 to 2021, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Africa's Best, Dark & Lovely, and Just For Me manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, and House of Cheatham. She used these products at least four times per year for at least 32 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2480293

29

34.     Plaintiff Gaudy Martinez (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the Commonwealth of Pennsylvania and the United States. From approximately 1980 to 2011, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Affirm, Crème of Nature, African Pride, and Revlon Professional manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Avlon, Revlon, and Strength of Nature. She used these products at least four times per year for at least 31 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

35.     Plaintiff Hattie McDonald (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately

the 1970s to 1998, Plaintiff paid money for and used one or more of Defendants' Toxic Hair

Relaxer Products to straighten and/or relax her hair, including Ultra Sheen, Dark & Lovely,

Crème of Nature, and Just For Me manufactured, marketed, distributed, and/or sold by L'Oreal,

SoftSheen, Revlon, and Strength of Nature. She used these products at least four times per year

for at least 19 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were

adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer

Products with the understanding that Defendants' product labeling was accurate and that the

products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that

Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous

toxins and an increased risk of cancer, Plaintiff would not have purchased or used them.

However, Plaintiff would be interested in purchasing similar hair care products in the future

provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe

and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or

contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are

without sufficient knowledge or information to form a belief as to the truth or falsity of the

balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny

them.

36.    Plaintiff Tameka M. Meadows (for the purpose of this paragraph, "Plaintiff") is

and at all relevant times was a citizen of the United States. Plaintiff is currently a citizen of the

State of Nevada and has also been at relevant times a citizen of the State of California. From

approximately 1986 to 2020, Plaintiff paid money for and used one or more of Defendants' Toxic

Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Just For Me,

and Crème of Nature manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen,

Strength of Nature, and Revlon. She used these products at least four times per year for at least

34 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated

and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products

with the understanding that Defendants' product labeling was accurate and that the products were

unadulterated, and would not increase her risk of cancer. As a direct and proximate result of

Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair

Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and

needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products

were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the

need for medical monitoring, Plaintiff would not have purchased or used them. However,

Plaintiff would be interested in purchasing similar hair care products in the future provided that

they are not adulterated, and do not increase the risk of cancer.

> **ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe
and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or
contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are
without sufficient knowledge or information to form a belief as to the truth or falsity of the
balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny
them.

37.     Plaintiff Carolyn A. Provo (for the purpose of this paragraph, "Plaintiff") is and at

all relevant times was a citizen of the State of Alabama and the United States. From

approximately 1996 to 2018 or 2019, Plaintiff paid money for and used one or more of

Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Africa's

Best manufactured, marketed, distributed, and/or sold by House of Cheatham. She used these products at least four times per year for at least 22 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

38. Plaintiff Bridgette Quinn (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Mississippi and the United States. From approximately 1985 to 2020, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely and Just For Me manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Strength of Nature. She used these products at least four times per year for at least 35 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human

use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

39.     Plaintiff Melanie C. Reid (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Florida and the United States. From approximately 1985 to 2014, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including TCB, Motions, Crème of Nature, African Pride, Design Essentials, and Just For Me manufactured, marketed, distributed, and/or sold by Strength of Nature, Revlon, and McBride. She used these products at least four times per year for at least 29 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that

Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

40. Plaintiff Ariel Richardson (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the United States. Plaintiff is currently a citizen of the State of Arizona and has also been at relevant times a citizen of the Commonwealth of Pennsylvania. From approximately 1999 to 2020, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Just For Me, ORS Olive Oil, and Dark & Lovely manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, Namaste, and Dabur. She used these products at least four times per year for at least 21 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine

and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

41. Plaintiff Carliss Smith (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the United States. Plaintiff is currently a citizen of the State of Maryland and has also been at relevant times a citizen of the District of Columbia. From approximately 1983 to 2017, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Crème of Nature, TCB, and ORS Olive Oil manufactured, marketed, distributed, and/or sold by Revlon, Strength of Nature, Namaste, and Dabur. She used these products at least four times per year for at least 34 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair

Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

42.    Plaintiff Cordelia Smith-Pullen (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of West Virginia and the United States. From approximately 2000 to 2020, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely manufactured, marketed, distributed, and/or sold by L'Oreal and SoftSheen. She used these products for at least 20 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used

them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

> **ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

43.     Plaintiff Tabatha Taggart (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Illinois and the United States. From approximately 1983 to 2022, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Crème of Nature, African Pride, Fabulaxer, Revlon Professional, Revlon Realistic, Herba Rich, and TCB Hair Relaxer manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Revlon, and Strength of Nature. She used these products at least four times per year for at least 39 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

44.     Plaintiff Trisha A. Vaughn (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of California and the United States. From approximately 1986 to 2020, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Motions, Dark & Lovely, Just For Me, Crème of Nature, and Design Essentials manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride. She used these products at least four times per year for at least 34 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing

similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

45. Plaintiff Jennifer Wall (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Missouri and the United States. From approximately 1999 to 2005, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, Revlon Professional, and Herba Rich manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Revlon. She used these products at least four times per year for at least 6 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

46.    Plaintiff Tanica Washington (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the United States. Plaintiff is currently a citizen of the State of Arizona and has also been at relevant times a citizen of the State of Iowa. From approximately 1985 to 2023, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Lusters and ORS Olive Oil among others manufactured, marketed, distributed, and/or sold by Dabur, Namaste, and Luster. She used these products at least four times per year for at least 38 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. As a direct and proximate result of Defendants' deception and tortious conduct and Plaintiff's exposure to Defendants' Toxic Hair Relaxer Products, Plaintiff is at an increased risk of developing uterine and ovarian cancer and needs medical monitoring. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins, an increased risk of cancer, and the need for medical monitoring, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing

similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

47.     Plaintiff Evelyn Williams (for the purpose of this paragraph, "Plaintiff") is and at all relevant times was a citizen of the State of Illinois and the United States. From approximately 1980 to 2023, Plaintiff paid money for and used one or more of Defendants' Toxic Hair Relaxer Products to straighten and/or relax her hair, including Dark & Lovely, African Pride, and Optimum manufactured, marketed, distributed, and/or sold by L'Oreal, SoftSheen, and Strength of Nature. She used these products at least four times per year for at least 43 years. Plaintiff was unaware that Defendants' Toxic Hair Relaxer Products were adulterated and unsafe for human use. She purchased and used Defendants' Toxic Hair Relaxer Products with the understanding that Defendants' product labeling was accurate and that the products were unadulterated, and would not increase her risk of cancer. Had Plaintiff known that Defendants' Toxic Hair Relaxer Products were adulterated, would cause exposure to dangerous toxins and an increased risk of cancer, Plaintiff would not have purchased or used them. However, Plaintiff would be interested in purchasing similar hair care products in the future provided that they are not adulterated, and do not increase the risk of cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged damages or injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

**B.     Defendants**

48.     Defendant L'Oreal USA, Inc. is a Delaware corporation with its principal place of business and headquarters located at 575 Fifth Avenue, New York, New York 10017.

**ANSWER:**     L'Oréal USA admits that L'Oréal USA, Inc. is a corporation incorporated in Delaware with its principal place of business in New York.  Other than expressly admitted herein, L'Oréal USA denies the balance of the allegations made in paragraph 48.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 48 so as to admit or deny them, and on that basis deny them.

49.     Defendant L'Oreal USA Products, Inc. is a Delaware corporation with its principal place of business and headquarters located at 10 Hudson Yards 347, 10th Avenue New York, New York 10001.

**ANSWER:**     L'Oréal USA admits that L'Oreal USA Products, Inc. is a corporation incorporated in Delaware with its principal place of business and headquarters located at 10 Hudson Yards 347, 10th Avenue New York, New York 10001.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 49 so as to admit or deny them, and on that basis deny them.

50. Defendant SoftSheen-Carson, LLC is a limited liability company organized in the State of New York with its principal place of business and headquarters located at 80 State Street, Albany, New York 12207. Plaintiffs allege that SoftSheen-Carson, LLC's sole member and interested party is L'Oreal S.A., which is a French corporation having its headquarters and principal place of business in France.

**ANSWER:**    L'Oréal USA admits that SoftSheen-Carson is a portfolio of brands of L'Oréal USA, Inc., a Delaware corporation with its principal place of business in New York. Other than expressly admitted herein, L'Oréal USA denies the balance of the allegations made in paragraph 50. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 50 so as to admit or deny them, and on that basis deny them.

51. Defendant Revlon, Inc. is a Delaware corporation, with its principal place of business and headquarters located at One New York Plaza in New York, New York 10004.

**ANSWER:**    Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC (collectively, the "Revlon Defendants"), deny the allegations in paragraph 51, except admit that Revlon Inc., which was dissolved in December 2023, was organized under Delaware law and had its principal place of business in New York, New York. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 51 so as to admit or deny them, and on that basis deny them.

52. Defendant Revlon Consumer Products Corporation is a Delaware corporation with its principal place of business at One New York Plaza in New York, New York 10004.

**ANSWER:** The Revlon Defendants deny the allegations in paragraph 52, except admit that Revlon Consumer Products Corporation, now named Revlon Consumer Products LLC is organized under Delaware law and has its principal place of business in New York. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 52 so as to admit or deny them, and on that basis deny them.

53. Defendants Revlon Consumer Products Corporation and Revlon, Inc. were each a debtor in chapter 11 cases currently captioned In re: RML, LLC, filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 22-10784 (DSJ). On April 3, 2023, the Bankruptcy Court entered an order confirming a Chapter 11 plan of reorganization (as amended, the "Plan") with respect to such entities and certain of their affiliated debtors (collectively, the "Debtors"). On May 2, 2023, the Effective Date (as defined in the Plan) occurred. Under the Plan, generally, plaintiffs are permitted to commence actions against the Debtors, with recovery limited to applicable insurance.

**ANSWER:** The Revlon Defendants deny the allegations in paragraph 53, except admit that Revlon Consumer Products Corporation and Revlon, Inc. were each a debtor in Chapter 11 , captioned In re: RML, LLC, filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 22-10784 (DSJ); and that on April 3, 2023, the Bankruptcy Court entered an order confirming a Chapter 11 plan of reorganization (as amended, the "Plan") with respect to such entities and certain of their affiliated debtors (collectively, the "Debtors"); and that on May 2, 2023, the Effective Date (as defined in the Plan) occurred. The remaining Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations contained in paragraph 53 so as to admit or deny them, and on that basis deny them.

54.     Revlon Group Holdings LLC is a limited liability company organized in Delaware with its principal place of business in Wilmington, Delaware. Defendant Revlon Group Holdings, LLC is a newly formed company pursuant to the Plan. For the avoidance of doubt, plaintiffs seek recovery against Revlon Group Holdings LLC solely to the extent of its own liability, not to seek recovery on account of claims against the Debtors.

**ANSWER:**     To the extent paragraph 54 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants deny the allegations in paragraph 54, except admit that Defendant Revlon Group Holdings LLC is a limited liability company organized in Delaware; that Revlon Group Holdings LLC is a recently formed company as the result of Revlon's emergence from Chapter 11 Bankruptcy.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 54 so as to admit or deny them, and on that basis deny them.

55.     As used herein, "Revlon" shall refer to each of Revlon Consumer Products Corporation, Revlon, Inc. and Revlon Group Holdings LLC, unless otherwise noted. Plaintiffs reserve the right to amend this complaint to name the other Debtors as Defendants, as necessary, solely for purposes of pursuing recovery against applicable insurance. Plaintiffs further reserve the right to amend this complaint to name as Defendants additional entities formed pursuant to the Plan.

**ANSWER:**     To the extent paragraph 55 states a legal conclusion, no response is required.  To the extent a response is required, the Revlon Defendants aver that only Revlon,

Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC have been named as defendants in this Consolidated Class Action Complaint and will construe the term "Revlon" to refer to these entities. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 55 so as to admit or deny them, and on that basis deny them.

56.     Defendant Strength of Nature, LLC is a limited liability company organized in Georgia, with its principal place of business and headquarters located at 64 Ross Road, Savannah, Georgia 31405. Plaintiffs allege that Strength of Nature, LLC's sole member and interested party is Defendant Godrej SON Holdings, Inc.

**ANSWER:**     Strength of Nature LLC admits that it is a limited liability company organized in Georgia, with its principal place of business and headquarters located at 64 Ross Road, Savannah, Georgia 31405. Strength of Nature further admits Godrej SON Holdings, Inc. is the sole member of Strength of Nature LLC. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 56 so as to admit or deny them, and on that basis deny them.

57.     Defendant Godrej SON Holdings, Inc. is a Georgia corporation with its principal place of business and headquarters located at 64 Ross Road, Savannah, Georgia 31405.

**ANSWER:**     Godrej SON Holdings, Inc. admits that it is a Georgia corporation with its principal place of business and headquarters located at 64 Ross Road, Savannah, Georgia 31405. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 57 so as to admit or deny them, and on that basis deny them.

58.     Defendant Dabur International Limited is a foreign entity incorporated in the Isle of Man with its principal place of business and headquarters located at 5 Independence Way, Princeton, New Jersey 08540.

**ANSWER:**     Defendant Namasté answers that Dabur International Limited was dismissed from these MDL proceedings for lack of personal jurisdiction on November 13, 2023 (ECF 291 at 22-25).  Therefore, Dabur International Limited has not joined this Answer, and pursuit of claims against Dabur International Limited is improper.  Defendant Namasté admits that Dabur International Limited is a foreign entity incorporated in the Isle of Man.  It denies the remaining allegations in paragraph 58 of this Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 58 so as to admit or deny them, and on that basis deny them.

59.     Defendant Dabur International USA Ltd. Is a wholly owned subsidiary of Dabur India, Ltd. And Dabur India Ltd.'s sole United States distributor, with its principal place of business and headquarters at 310 South Racine Avenue, Chicago, Illinois 60607.

**ANSWER:**     Defendant Namasté answers that the purported entity "Dabur International USA Ltd." does not exist and never has existed (*see* ECF 142.1 at 2) and was, therefore, dismissed from these proceedings for lack of personal jurisdiction on November 13, 2023 (ECF 291 at 25).  Accordingly, this nonexistent entity has not joined this Answer, and pursuit of claims against Dabur International USA Ltd. is improper.  Defendant Namasté, thus, denies the allegations contained in paragraph 59 of this Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 59 so as to admit or deny them, and on that basis deny them.

60.     Defendant Namaste Laboratories, LLC is a limited liability company organized in Illinois with its principal place of business located at 310 South Racine Avenue, Chicago, Illinois 60607. Plaintiffs allege that Namaste Laboratories, LLC's sole member and interested party is Dermoviva Skin Essentials, Inc., a Delaware corporation having its headquarters and principal place of business at 310 South Racine Avenue, Chicago, Illinois 60607.

**ANSWER:**     Defendant Namasté admits that it is a limited liability company organized in Illinois with its principal place of business located at 310 South Racine Avenue, Chicago, Illinois 60607.  Defendant Namasté further admits that its sole member is Dermoviva Skin Essentials, Inc., a Delaware corporation.  Defendant Namasté denies the remaining allegations contained in paragraph 60 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 60 so as to admit or deny them, and on that basis deny them.

61.     Defendant AFAM Concept, Inc., d/b/a JF Labs Inc., is an Illinois corporation with its principal place of business and headquarters located at 7401 South Pulaski Road, Chicago, Illinois 60629-5837.

**ANSWER:**     AFAM admits the allegations contained in Paragraph 61 of Plaintiffs' Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 61 so as to admit or deny them, and on that basis deny them.

62.     Defendant Beauty Bell Enterprises, LLC d/b/a House of Cheatham, Inc. is a domestic limited liability company organized in Georgia with its principal office located at 647 Mimosa Boulevard, Roswell, Georgia 30075. Plaintiffs allege that Beauty Bell Enterprises, LLC

d/b/a House of Cheatham's sole member and interested party is Jay Studdard, who is domiciled in Georgia.

**ANSWER:**    Beauty Bell admits that it is a limited liability company organized in Georgia with its principal place of business at 647 Mimosa Boulevard, Roswell, Georgia 30075 but denies that it is doing business as House of Cheatham, Inc.  Beauty Bell denies the remaining allegations of this paragraph.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 62 so as to admit or deny them, and on that basis deny them.

63.    Defendant House of Cheatham, LLC, is a limited liability company organized in Georgia with its principal office located at 1445 Rock Mountain Boulevard, Stone Mountain, Georgia. Plaintiffs allege that House of Cheatham, LLC's sole member and interested party is Hollywood Beauty Holdco, LLC, a limited liability company organized in Delaware with its principal office located at 1445 Rock Mountain Boulevard, Stone Mountain, Georgia 30083.

**ANSWER:**    House of Cheatham admits that it is a limited liability company organized in Georgia with its principal office located at 1445 Rock Mountain Boulevard, Stone Mountain, Georgia.  House of Cheatham denies the remaining allegations of this paragraph as pled.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 63 so as to admit or deny them, and on that basis deny them.

64.    Defendant McBride Research Laboratories, Inc. is a Georgia corporation with its principal place of business and headquarters located at 2272 Park Central Boulevard in Decatur, Georgia 30035-3824.

**ANSWER:** McBride Research Laboratories, Inc. admits it is a Georgia corporation with its principal place of business and headquarters located at 2272 Park Central Boulevard in Decatur, Georgia 30035-3824. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 64 so as to admit or deny them, and on that basis deny them.

65. Defendant Luster Products, Inc. is an Illinois corporation with its principal place of business and headquarters located at 1104 West 43rd St., Chicago, Illinois 60609.

**ANSWER:** Luster Products, Inc. admits it is an Illinois corporation with its principal place of business and headquarters at 1104 West 43rd Street, Chicago, Illinois 60609. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 65 so as to admit or deny them, and on that basis deny them.

## II. FACTS COMMON TO ALL COUNTS

### A. Market for Hair Relaxer Products

66. Black people make up about 13 percent of the U.S. population, but by one estimate, Black spending accounts for as much as 22 percent of the $42 billion-a-year personal care products market, suggesting that Black people buy and use more of such products— including those with potentially harmful ingredients—than Americans as a whole.

**ANSWER:** Defendants are generally aware of facts related to the market for hair straightening and relaxing products in the United States. However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint. Defendants are therefore without sufficient knowledge or information to form

a belief as to the truth or falsity of the allegations in paragraph 66 so as to admit or deny them, and on that basis deny them.

67.     In an analysis of ingredients in 1,177 beauty and personal care products marketed to Black and Brown women, about one in twelve was ranked highly hazardous on the scoring system of EWG's Skin Deep® Cosmetics Database, an online resource for finding less-hazardous alternatives to personal care products. The worst-scoring products marketed to Black and Brown women were hair relaxers (along with hair colors and bleaching products). Each of these categories had an average product score indicating a high potential hazard.

**ANSWER:**     Defendants are generally aware of facts related to the market for hair straightening and relaxing products in the United States.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 67 so as to admit or deny them, and on that basis deny them.

68.     In the U.S. alone, Black and Brown consumers spend over $1 trillion each year, with a significant amount of that spending toward hair care products.

**ANSWER:**     Defendants are generally aware of facts related to the market for hair straightening and relaxing products in the United States.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 68 so as to admit or deny them, and on that basis deny them.

69.     In 2020, the global black hair care market was estimated at $2.5 billion, with the hair relaxer market alone estimated at $718 million in 2021, with the expectation of growth to $854 million annually by 2028.

**ANSWER:**     Defendants are generally aware of facts related to the market for hair straightening and relaxing products in the United States.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 69 so as to admit or deny them, and on that basis deny them.

70.     The Defendants, aware of the unique history of their target consumers, developed and have long deployed a marketing framework based on misrepresentations that exploit their consumers' social and economic need to maintain straight hair.

**ANSWER:**     Defendants deny that they engaged in any "marketing framework based on misrepresentations" or "exploitation" of consumers' needs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 70 so as to admit or deny them, and on that basis deny them.

### 1.     History of Afro-Textured Hair and Hair Relaxers—The Framework for Defendants' Wrongful Marketing Practices

71.     Dating back to 1619, Black and Brown women have been degraded based upon the texture of their hair and compelled to conform to the Eurocentric beauty standard that furthers the notion that "straight" hair is an indicator of social status, moral virtue, and professional competence. By contrast, hair texture of African heritage ("afro-textured hair") has been characterized as unattractive, unprofessional, and inferior.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 71 so as to admit or deny them, and on that basis deny them.

72.     In its natural state, afro-textured hair is characterized by coily, springing, zigzag, and s-curve curl patterns, as well as its density, fullness, texture, and feel.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 72 so as to admit or deny them, and on that basis deny them.

73.     Certain African hairstyles can be traced back thousands of years, when they often indicated tribe membership and stature, slave masters commonly forced enslaved Black and Brown people to cut their hair. This was a way to "break their spirit and make slaves easier to control." What was once a symbol of pride and symbolism became a tool for subordination and degradation. Hair cutting was also a common form of punishment during slavery and during Jim Crow.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 73 so as to admit or deny them, and on that basis deny them.

74. The very nature of slavery involved working long hours in dire conditions. "Hair that was once a source of pride and expression of identity was often tucked away beneath cloth to cover rough, tangled tresses and shield them from hours spent toiling under the sun." The hair that was once an important spiritual and cultural symbol became framed and viewed as tangled, matted, and unseemly.

**ANSWER:** Defendants are generally aware of facts related to the development of hair relaxing products. However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint. Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 74 so as to admit or deny them, and on that basis deny them.

75. Because afro-textured hair reflected African heritage rather than European ancestry, afro-textured hair was considered a symbol of low social status.

**ANSWER:** Defendants are generally aware of facts related to the development of hair relaxing products. However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint. Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 75 so as to admit or deny them, and on that basis deny them.

76. In 1786, the Governor of Louisiana colony, Don Esteban Miro, passed the "Tignon Law" requiring women of African descent to wear a tignon (scarf) over their hair as a way of signifying they were members of the slave class, *even if they were free.* This law sent a direct signal to Black and Brown people that their hair held a symbol of inequality and was a sign of poverty regardless of their actual social status.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 76 so as to admit or deny them, and on that basis deny them.

77.     Texturism—the idea that "good hair" is equated with a straighter hair texture—was cemented into American culture during slavery. "Eurocentric beauty standards dictated that coily hair and dark skin were unattractive and inferior"; "lighter skinned and straighter haired slaves were favored and selected for more desirable positions in the house" as opposed to the fields. Thus, "the texture of an enslaved person's hair could determine their value and working conditions, which in turn might impact their overall health, comfort and chances for freedom[.]" Early American culture impressed on Black and Brown men and women that the straighter and less kinky their hair was, the better a life they could have. This stigma fueled the desire for tools and products that could straighten Black and Brown hair texture.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 77 so as to admit or deny them, and on that basis deny them.

78.     In slavery and post-slavery America, Black and Brown women found a need to morph their hairstyles "from the elaborate and symbolic designs of Africa into an imitation of White styles adapted to Black and Brown kinks and curls."

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 78 so as to admit or deny them, and on that basis deny them.

79.     In an effort to obtain a better life, many enslaved people, and later their progeny, would go to "dangerous lengths to straighten their hair.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 79 so as to admit or deny them, and on that basis deny them.

80.     Afro-textured hair can be straightened with the use of hair tools and non-chemical hair products. Prior to the invention of the chemical relaxer in the 1900s, individuals would "press" afro-textured hair with metal hair tools such as the "hot comb." Pressing combs or hot combs are metal hair tools that are first heated in a stove or ceramic heater, then pressed into hair strands to temporarily straighten them.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 80 so as to admit or deny them, and on that basis deny them.

## 2.     The Invention of the Chemical Relaxer

81.     Black inventor Garrett Augustus Morgan discovered and created a system that would permanently straighten afro-textured hair, eliminating the issue of "shrinkage," where the curl pattern results in hair appearing to be shorter than it actually is.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 81 so as to admit or deny them, and on that basis deny them.

82.     In addition to being an inventor, Morgan was a tailor. In the early 1900s, Morgan was repairing his sewing machines and creating a way to polish the needles to stitch fabrics more smoothly. He applied a chemical solution to the needles and wiped the solution off with a rag and later noticed that the "curly" fibers in the rag were straightened after exposure to the chemical.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 82 so as to admit or deny them, and on that basis deny them.

83.     Morgan turned his formula into a gel-hair product, creating the G.A. Morgan Hair Refining Cream that was marketed in 1913.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore

without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 83 so as to admit or deny them, and on that basis deny them.

84.     Morgan's invention paved the way for the alkaline relaxer and later development of additional chemical-based permanent hair relaxing products in the Black and Brown hair care market, also known as hair relaxers.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 84 so as to admit or deny them, and on that basis deny them.

85.     Over the next 40-plus years, these products dominated the market for relaxing afro-textured hair until the emergence of new technology involving lye-based formulas.

**ANSWER:**     Defendants are generally aware of facts related to the development of hair relaxing products.  However, Defendants have no information related to the selective quotations and references selected by Plaintiffs for inclusion in the Complaint.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 85 so as to admit or deny them, and on that basis deny them.

### 3.     Chemical Relaxer Use: From Adolescence into Adulthood

86.     Hair relaxers are applied to the base of the hair shaft and left in place for a cooking interval, during which the relaxer alters the hair's texture by purposefully damaging the hair's natural protein structure. The effect of this protein damage is to straighten and smooth the hair. After a period of weeks or months, depending on the hair's natural growth rate, the treated portion of the hair grows away from the scalp as new growth sprouts from the roots. Maintaining

the relaxed hairstyle requires on-going application of hair relaxer to the new growth—a process colloquially referred to in the community as "re-touches" —resulting in users relaxing their new growth every four to eight weeks on average.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 86 so as to admit or deny them, and on that basis deny them.

87.    Hair relaxing is highly prevalent among Black and Brown women. In some studies, up to 90% of Black women have used hair relaxers and straighteners, which is more commonplace for these women than women of any other race.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 87 so as to admit or deny them, and on that basis deny them.

88.    The reasons for Black women's use and dependence upon hair straightening products are multi-faceted. There are superficial reasons such as maintenance and personal choice. Yet, in addition to aesthetic aspirations, based upon the historical framework set forth above, maintaining straight hair was and is a means of integrating. Failing to maintain an appearance with straightened hair can impact the lives of Black women in educational, social, and professional spheres.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 88 so as to admit or deny them, and on that basis deny them.

89.    For example, Black and Brown girls and women are often victims of hair discrimination. According to the Dove CROWN Research Study for Girls (2021) conducted by

JOY Collective, two-thirds (66%) of Black and Brown girls in White-majority schools reported in a survey that they have experienced hair discrimination. Nearly half (45%) of Black and Brown girls in all school environments reported hair discrimination, and 47% of the Black mothers surveyed reported experiencing hair discrimination.

**ANSWER:** Defendants admit that the CROWN Act of 2021 was introduced in both houses of Congress. However, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 89 so as to admit or deny them, and on that basis deny them.

90. Moreover, hair discrimination often starts at an early age for young Black girls:

a. 100% of Black elementary school girls in majority-White schools who report experiencing hair discrimination state they experience the discrimination by the age of 10.

b. 86% of Black teens who experience discrimination state they have experienced discrimination based on their hair by the age of 12.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 90 so as to admit or deny them, and on that basis deny them.

91. In adulthood, hair discrimination impacts Black women's economic security. In the professional world, Black women with natural and unstraightened hair are "often deemed unkempt and unemployable." Black women are one-and-a-half times more likely to be sent home from the workplace because of their hair. Black women are 89% more likely than White women to agree with the statement, "I have to change my hair from its natural state to fit in at the office." Many Black women succumb to these professional pressures and are compelled to use hair relaxers to both straighten and maintain their straight hair with routine re-touches.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 91 so as to admit or deny them, and on that basis deny them.

92. The Defendants were acutely aware of, and marketed to, the stereotypes and history concerning natural Black and Brown hair.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 92 so as to admit or deny them, and on that basis deny them.

**B. Defendants' Efforts to Market Their Hair Relaxer Products**

93. In 1971, Dark and Lovely manufactured the first lye relaxer. The formula consisted of sodium hydroxide, water, petroleum jelly, mineral oils, and emulsifiers.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 93 so as to admit or deny them, and on that basis deny them.

94. In the 1970s, lye relaxer users and manufacturers noticed that the lye formula stripped proteins from the hair strand, resulting in the hair thinning and breaking. As a result, Johnson and Johnson marketed the first "gentle" hair relaxer, Gentle Treatment, in 1981, which used chemicals such as potassium hydroxide and lithium hydroxide.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 94 so as to admit or deny them, and on that basis deny them.

95. For decades and to present, Defendants designed, manufactured, and marketed their Toxic Hair Relaxer Products to Black and Brown customers across the United States and

the world, relying on the same historical Eurocentric standards of beauty. Defendants' marketing scheme heavily leverages branding and slogans that reinforce straight hair as the standard of beauty and professionalism. The Defendants marketed their Toxic Hair Relaxer Products without ever disclosing the health risks of these products or their components contained in these products or taking other reasonable steps to ensure their products would not harm consumers.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 95 so as to admit or deny them, and on that basis deny them.

96.    For example, in the first ad above, L'Oreal touts "how beautiful Black hair *can be*" (emphasis added), implying that in its natural state Black hair is *not* as beautiful as it *could be* if straightened.

**ANSWER:**    To the extent paragraph 96 suggests Defendant L'Oréal USA has engaged in any wrongful practices in advertising hair relaxer products, Defendant L'Oréal USA denies such implications.  Defendant L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 96 so as to admit or deny them, and on that basis denies them.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 96 so as to admit or deny them, and on that basis deny them.

97.    Defendants have advertised their Toxic Hair Relaxer Products to Black and Brown customers as a way to exploit these anti-Black standards of beauty as early as the 1970s. For example:

a.    Johnson Products Company (later acquired by Defendant L'Oreal) advertised its Ultra Sheen Toxic Hair Relaxer Products as early as the 1960s:

      b.      Defendants L'Oreal and SoftSheen have produced advertisements for their Toxic Hair Relaxer Products as early as the 1970s:

      c.      Defendant Revlon has advertised its Toxic Hair Relaxer Products for decades:

      d.      Defendant Strength of Nature has also advertised many of its hair relaxer brands as early as the 1970s:

      e.      Defendant Luster has marketed and advertised its products since the 1950s:

      f.      Defendant Avlon has been marketing its Toxic Hair Relaxer Products since as early as the 1980s:

      **ANSWER:**      Defendants deny that they "advertised their Toxic Hair Relaxer Products to Black and Brown customers as a way to exploit these anti-Black standards of beauty as early as the 1970s." Defendants admit that this paragraph displays images that appear to be advertisements for hair relaxer products, including what appear to be certain Defendants' brands. Defendants are without sufficient information to admit the authenticity of these images, some of which are incomplete. Defendant L'Oréal USA denies that it directly acquired Johnson Products and further denies that they marketed Ultra Sheen products, which is factually inaccurate. L'Oréal USA admits that Johnson Products Company was acquired by Carson Products, Inc. prior to L'Oréal USA's acquisition of the latter, and formation of Softsheen Carson, LLC. Hair relaxers branded as "Ultra Sheen" were not acquired by L'Oréal USA. The Revlon Defendants deny the allegation that it advertised toxic hair relaxer products for decades. Defendant Strength of Nature denies the allegations contained in paragraph 97(d) and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the

balance of this paragraph so as to admit or deny them, and on that basis denies them. Defendant Luster Products, Inc. admits it marketed products since the 1950s, but denies the remainder of the allegations not otherwise addressed in this Answer to paragraph 97. Defendant Avlon Industries, Inc. admits that it has marketed its hair relaxers since on or about 1985, denies that its hair relaxers are "Toxic Hair Relaxer Products," and denies the remaining allegations in subparagraph (f). Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the balance of this paragraph so as to admit or deny them, and on that basis deny them.

98. The Defendants all marketed their Toxic Hair Relaxer Products without ever disclosing known health risks of the toxic design and chemicals contained in these products.

**ANSWER:** Defendants deny there were any known risks associated with their hair relaxer products and further deny that the products contained "toxic design and chemicals [sic]." Defendants further deny that they made any misrepresentations or omissions or concealed any information in connection with the marketing of their hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

99. In addition to Defendants' wrongful omissions above, Defendants also made several affirmative misrepresentations and additional significant material omissions in conjunction with the sale of their products:

a. *Marketing Toxic Products to Children:* Beginning in 1990, Strength of Nature developed and began marketing "Just For Me," the first hair relaxer product targeted towards young Black and Brown girls. Just for Me entered the market with a catchy commercial.

On the product packaging, Strength of Nature lauded the product as safer by claiming that it was a no-lye formula designed to be "gentle" for children's sensitive scalps, while Defendants knew that Just for Me contained more chemicals than, and was equally or more toxic than, some adult brands of hair relaxers.

b.      Defendants misrepresented that "no lye" relaxers or "gentle treatment" relaxers were milder and/or safer than alternative relaxers. This was false. Hair relaxer products marketed as using "gentle treatment" or similar terminology are not any safer than the other hair relaxer products on the market.

c.      Defendant Strength of Nature's products, such as Soft & Beautiful, are intentionally labeled as "Botanicals" and with "Natural" ingredients that are "Ultra Nourishing," including but not limited to using "Natural Plant Oils and Butters." For example:
These representations are intended to suggest to consumers that these "Natural" hair relaxer products are safer or less toxic than alternatives, but any such suggestion is false.

d.      Defendant Strength of Nature's Beautiful Textures hair relaxer product is marketed as being able to "go from curly to straight and back again without using [h]arsh [c]hemicals." Defendant Strength of Nature affirmatively represented that there were no "harsh chemicals" in its Beautiful Textures hair relaxer product.  The claim of no "harsh chemicals" was false.

e.      On the packaging of their Toxic Hair Relaxer Products, Defendant Strength of Nature claims the product is "specifically created with Silk Extracts, Coconut oil and Shea butter" and that it will make hair "more vibrant, healthy-looking and silky than before the relaxing process." The packaging also boasts of offering "85% less breakage and 80% more shine after just one use."  These statements falsely imply, and lead a user to believe, that

Defendant Strength of Nature's product is both safe and "natural" when it is neither safe nor natural.

f.      Defendants Namaste and Dabur's Toxic Hair Relaxer Products are marketed as "Olive Oil" products to imply that they use natural ingredients and lack toxic chemicals, which is false. These Defendants' products are also advertised as having "Built in Protection," implying they can be used safely. This is also false.

g.      Defendants Namaste and Dabur' s web site states that their Toxic Hair Relaxer Products use "Rich Olive and Avocado Oils," which they claim "moisturize and condition" hair. The websites also claim that the products include "Aloe Vera to help **protect the skin and scalp.**" While representing that aloe vera helps "protect the skin and scalp" of children, Defendants omitted that the other chemicals in the products significantly increase the risk of ovarian and uterine cancer.

h.      Defendants Namaste and Dabur's Toxic Hair Relaxer Products claim that they "use[] the latest technology to **safely** elongate tight coils." That is false—these products do not safely relax hair.

i.      Defendant L'Oreal's and SoftSheen's Dark & Lovely brand Toxic Hair Relaxer Products are intentionally labeled as providing a "healthy" gloss and containing "nourishing" shea butter with jojoba and avocado oils. The terms "healthy" and "nourishing" suggest that Toxic Hair Relaxer Products are safe and even beneficial for the body when they are neither safe nor beneficial.

j.      Defendant L'Oreal's Dark & Lovely products are also intentionally labeled as being "Triple Nourished" and as products that "help[] preserve signs of healthy hair" with ingredients including but not limited to "Jojoba & Avocado Oil" and "Shea Butter."

The terms "healthy" and "nourishing" suggest that these Toxic Hair Relaxer Products are safe and even beneficial for the body when they are neither safe nor beneficial.

k.      Defendant L'Oreal and SoftSheen's Beautiful Beginnings hair relaxer product line, which is targeted to young Black girls, states that it "moisturizes, nourishes, and prevents breakage...without **hurting your scalp.**" These representations suggest that their Toxic Hair Relaxer Products are safe and even beneficial for children's bodies, when they are neither safe nor beneficial.

l.      Defendant Strength of Nature intentionally markets its Toxic Hair Relaxer Products for kids as containing a "natural hair milk," and including ingredients such as "coconut milk, shea butter, vitamin e, and sunflower oil." The Toxic Hair Relaxer Products also boast that they contain "No-Lye Relaxer" around an image of a green leaf. Emphasizing these natural ingredients, and including the green leaf surrounded by ingredients the products do not contain, implies t\hat these products primarily use natural ingredients, lack toxic chemicals, and are safe, when all of these representations are false.

m.      Defendant Strength of Nature's Toxic Hair Relaxer Products sold under the Dr. Miracle's brand are advertised as "Strong + Healthy." This false representation suggests that the products are safe—and even beneficial—for the body when they are neither safe nor beneficial.

n.      Defendant House of Cheatham markets its Africa's Best Toxic Hair Relaxer Products as containing "nourishing African botanicals and Herbal Extracts." These representations suggest that the products use primarily natural ingredients, lack toxic chemicals, and are safe and even beneficial for the body, when all of these representations are false.

o.      Defendant McBride markets its Design Essentials Toxic Hair Relaxer Products as leaving hair "healthy" and promotes its products as using natural ingredients such as milk, honey, nectar, olive oil, and shea butter. These representations suggest that the products use primarily natural ingredients, lack toxic chemicals, and are safe and even beneficial for the body, when all of these representations are false.

p.      Defendant Sally Beauty Holdings, Inc. d/b/a Silk Elements markets its Silk Elements Toxic Hair Relaxer Products as using natural ingredients such as olive oil and shea butter.

q.      Defendant Luster markets its Pink Conditioning No-Lye Relaxer and Smooth Touch No-Lye Relaxer products as using "nourishing ingredients" including shea butter, argan oil, Vitamin E, and olive oil which they claim provide "added protection" for the user. These representations suggest that the products use primarily natural ingredients, lack toxic chemicals, and are safe and even beneficial for the body, when all of these representations are false.

**ANSWER:**   Defendants admit that this paragraph displays images that appear to be advertisements for hair relaxer products, including what appear to be certain brands sold by certain Defendants today.  Defendant Strength of Nature denies the allegations in paragraphs 99(a), (c), (d), (e), (l), and (m) as they relate to it.  Specifically, though the allegations in paragraphs 99(a), (c), (d), (e), (l), and (m) purport to describe statements that appear on the packing of products, they are not tied to specific products, years, or packaging, and thus Strength of Nature is unable to verify the accuracy of the quoted statements or attribute any referenced statement to Strength of Nature.  Paragraphs 99(a), (c), (d), (e), (l), and (m) also misidentify certain products as hair relaxer products, such as Beautiful Textures products and "natural hair

milks." Strength of Nature denies Plaintiffs' classification of any products alleged to be sold by Strength of Nature, denies Plaintiffs' purported excerpts of product packaging, and denies Plaintiffs' conclusions about product labeling, packaging, or advertising to the extent attributed to Strength of Nature. Defendants are without sufficient information to admit the authenticity of these images, some of which are incomplete. Defendants deny that any of their hair relaxer products are defective in any manner. Defendants deny that they made any misrepresentations or omissions or concealed any information in connection with their marketing of hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

100.    Defendants' marketing efforts all have a common theme. They are filled with representations and insinuations that their hair relaxing products are safe and beneficial to the user. The use of words such as organic, natural, nourishing, added protection, and/or healthy in Defendants' marketing can lead consumers to believe that these Toxic Hair Relaxer Products are safe when, in fact, they are not.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or concealed any information in connection with the marketing of their hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

101.    Defendants made these affirmative statements and/or omissions while they knew, or should have known, about the true danger that their Toxic Hair Relaxer Products posed when used by any consumer, including all Plaintiffs.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information in connection with the marketing of their hair relaxer products. Defendants deny that they knew or should have known that any of their hair relaxer products were unreasonably dangerous.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

102.     Although they had, or should have had, knowledge about the dangers posed by the Toxic Hair Relaxer Products, Defendants continued their marketing efforts without ever attempting to correct the misconceptions they were creating.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information in connection with the marketing of their hair relaxer products. Defendants deny that they knew or should have known that any of their hair relaxer products were unreasonably dangerous.  Defendants further deny that their hair relaxer products were toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

**C.     Defendants' Toxic Hair Relaxer Products Cause Human Uterine and Ovarian Cancers**

103.     Defendants knew or should have known of both the potential for harm and the increased risk of developing uterine and ovarian cancer from the use of the Toxic Hair Relaxer Products, based on scientific studies, research, and various government standards and regulations.

**ANSWER:**     Defendants deny that they knew or should have known that any of their hair relaxer products were unreasonably dangerous.  Defendants further deny that their hair

relaxer products were toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

104.     While Defendants have not published any studies in the scientific literature demonstrating that their products can be used safely, several independent researchers have published large epidemiological studies demonstrating that these products cause increased risks of uterine and ovarian cancers.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph so as to admit or deny them, and on that basis deny them.

### 1.     Uterine Cancer

105.     Though death rates from other cancers in women have declined in recent years, death rates for uterine cancer have increased by more than 100% in the last 20 years.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 105 so as to admit or deny them, and on that basis deny them.

106.     Uterine cancer is the fourth most common cancer for women in the United States, and the most commonly diagnosed gynecological cancer. An estimated 66,570 new cases of uterine cancer are diagnosed each year, and around 12,940 women will die every year from the condition.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 106 so as to admit or deny them, and on that basis deny them.

107.     Uterine cancer has a hormonally driven etiology, and an imbalance of estrogen and progesterone can lead to the development of uterine cancers.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 107 so as to admit or deny them, and on that basis deny them.

108.     In October 2022, the National Institutes of Health released a study of approximately 34,000 women, aged 35-74, that was conducted over approximately 11 years.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 108 so as to admit or deny them, and on that basis deny them.

109.     The study revealed significantly higher rates of uterine cancer in women who had used hair relaxers.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 109 so as to admit or deny them, and on that basis deny them.

110.     Specifically, the study found that an estimated 1.64% of women who never used chemical hair relaxers developed uterine cancer by the age of 70. However, frequent users of hair relaxers were 2.78 times more likely to develop uterine cancer than women who never used hair relaxers.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 110 so as to admit or deny them, and on that basis deny them.

111.     The study found that women who had ever used hair relaxers had an approximately doubled risk of developing uterine cancers as compared to women who did not use hair relaxers.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 111 so as to admit or deny them, and on that basis deny them.

### 2.     **Ovarian Cancer**

112.     In a 2021 study funded by NIH and the National Institute on Minority Health Sciences, frequent use of hair relaxers was strongly associated with ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 112 so as to admit or deny them, and on that basis deny them.

113.     In fact, the study revealed that those who frequently (four or more times per year) used hair relaxers were more than twice as likely to develop ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 113 so as to admit or deny them, and on that basis deny them.

114.     It is estimated that 19,880 women in the United States will be diagnosed with ovarian cancer in 2022, with an estimated 12,810 of those diagnoses resulting in death.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 114 so as to admit or deny them, and on that basis deny them.

115.     Like uterine cancer, ovarian cancer is also believed to have a hormonally driven etiology, meaning that the insertion of hormonal disrupting compounds and the subsequent disruption of a woman's hormonal balance could lead to ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 115 so as to admit or deny them, and on that basis deny them.

### 3.     Biological Plausibility

116.     The strong risks of cancers demonstrated by the Chang and White studies are biologically plausible, as Defendants' Toxic Hair Relaxer Products have contained ingredients that are themselves toxic compounds, or lead to the formation and release of toxic compounds.

**ANSWER:**     Defendants deny that their hair relaxer products were toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 116 so as to admit or deny them, and on that basis deny them.

117.     Such toxic compounds include, but are not limited to, Phthalates, parabens, cyclosiloxanes, metals, lye and formaldehyde. These chemicals can alter the body's delicate hormonal balance, causing spikes or drops in levels of estrogens and progesterones (as well as other hormones), and cause other pro-cancerous phenomena in the tumor microenvironment.

**ANSWER:**     Defendants deny that their hair relaxer products were toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 117 so as to admit or deny them, and on that basis deny them.

118.    The endocrine system is indispensable for life and influences nearly every cell, organ, and process within the body. The endocrine system regulates all biological processes in the body from conception through adulthood, including the development of the brain and nervous system, the growth and function of the reproductive system, metabolism, and blood sugar levels.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 118 so as to admit or deny them, and on that basis deny them.

119.    The precise functioning of the endocrine system is vital to maintaining hormonal homeostasis, the body's natural hormonal production and degradation. A slight variation in hormone levels can lead to significant adverse health effects, including reproductive impairment, infertility, cancer, cognitive deficits, immune disorders, and metabolic syndrome.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 119 so as to admit or deny them, and on that basis deny them.

120.    Endocrine-disrupting chemicals ("EDCs") are chemicals, or chemical mixtures, that interfere with the normal activity of the endocrine system.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 120 so as to admit or deny them, and on that basis deny them.

121.    EDCs can block hormone stimulus by inducing epigenetic changes (modifications to DNA that regulate whether genes are turned on or off), or by altering the structure of target cells' receptors[.]

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 121 so as to admit or deny them, and on that basis deny them.

122.     Natural and synthetic EDCs are present in some of Defendants' Toxic Hair Relaxer Products under the guise of "fragrance" and "perfumes." They enter the body when these products are applied to the hair and scalp.

**ANSWER:**     Defendants deny that their hair relaxer products were toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 122 so as to admit or deny them, and on that basis deny them.

123.     Phthalates are EDCs that are known to interfere with natural hormone production and degradation, and are harmful to human health.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 123 so as to admit or deny them, and on that basis deny them.

124.     Phthalates were developed in the last century to make plastics more durable. These colorless, odorless, oily liquids are also referred to as "plasticizers," based on their most common uses.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 124 so as to admit or deny them, and on that basis deny them.

125.     Chronic exposure to phthalates adversely influences the endocrine system and functioning of multiple organs. Several countries have established restrictions and regulations on some types of phthalates.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 125 so as to admit or deny them, and on that basis deny them.

126.     In addition to endocrine disruption, hair relaxer products increase risks of cancer through a number of additional mechanisms. Among other mechanisms, hair relaxers, and the combined effect of the various ingredients, induce epigenetic alterations, oxidative stress, chronic inflammation, and immunosuppression. They also alter cell proliferation, cell death, and nutrient supply, modulate receptor-mediated effects, cause insensitivity to antigrowth signals, alter cell proliferation, act as electrophiles, dysregulate metabolism, induce angiogenesis, induce proliferative signaling, and modify immune surveillance.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 126 so as to admit or deny them, and on that basis deny them.

### D.     Regulatory Framework

127.     The law does not require cosmetic products or ingredients, other than color additives, to have FDA approval before they go to market. But there are laws and regulations that apply to cosmetics placed into the market. The two most important laws pertaining to cosmetics marketed in the United States are the Federal Food Drug and Cosmetic Act ("FD&C Act") and the Fair Packaging and Labeling Act ("FPLA").

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 127 so as to admit or deny them, and on that basis deny them.

128.     The FD&C Act expressly prohibits the marketing of "adulterated" or "misbranded" cosmetics in interstate commerce.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 128 so as to admit or deny them, and on that basis deny them.

129.     Adulteration refers to a violation involving product composition whether it results from ingredients, contaminants, processing, packaging, shipping, or handling.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 129 so as to admit or deny them, and on that basis deny them.

130.     Under the FD&C Act, a cosmetic is adulterated if, *inter alia:* (1) it bears or contains any poisonous or deleterious substance causing injury to the product user, or (2) if its container is composed in whole or in part, of any poisonous or deleterious substance which may render the contents injurious to health.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 130 so as to admit or deny them, and on that basis deny them.

131.     Misbranding refers to violations involving improperly labeled or deceptively packaged products.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 131 so as to admit or deny them, and on that basis deny them.

132. Under the FD&C Act, a cosmetic is misbranded if, *inter alia: (1)* its labeling is false or misleading, or (2) the label does not include all required information.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 132 so as to admit or deny them, and on that basis deny them.

133. Under federal law, cosmetic manufacturers are not required to submit their safety data to the FDA, and the FDA does not evaluate cosmetic safety prior to marketing. However, the manufacturer of a cosmetic product must "adequately substantiate[]" the safety of the finished product, and of each ingredient used in it, before placing the product on the market.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 133 so as to admit or deny them, and on that basis deny them.

134. The FDA has consistently advised cosmetics manufacturers to use whatever testing is necessary to ensure the safety of products and ingredients.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 134 so as to admit or deny them, and on that basis deny them.

135. Except for color additives and ingredients prohibited or restricted by regulation, a manufacturer may use any ingredient in the formulation of a cosmetic, provided that: (1) the ingredient and the finished cosmetic are safe under labeled or customary conditions of use, (2)

the product is properly labeled, and (3) the use of the ingredient does not otherwise cause the cosmetic to be adulterated or misbranded under the laws the FDA enforces.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 135 so as to admit or deny them, and on that basis deny them.

136. With respect to whether the product is properly labeled, 21 CFR § 740.1 defines the establishment of warning statements related to cosmetic products. Section 740.1 states: "The label of a cosmetic product *shall* bear a warning statement whenever necessary or appropriate to prevent a health hazard that *may* be associated with the product." (emphasis added). This warning directive directly correlates with the broad authority and responsibility of manufacturers over their own cosmetic products to ensure that products are safe under labeled or customary conditions of use, properly labeled, and not adulterated or misbranded under FDA laws.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 136 so as to admit or deny them, and on that basis deny them.

137. When a manufacturer is unable to adequately substantiate the safety of its product before marketing, the product is considered to be misbranded if the principal display panel does not include the required "conspicuous statement" from 21 CFR § 740.10: *"Warning —* The safety of this product has not been determined."

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 137 so as to admit or deny them, and on that basis deny them.

138.    In short, under the current regulatory framework Defendants were, and are, required to assess the safety of their Toxic Hair Relaxer Products and warn consumers of any and all health hazards.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 138 so as to admit or deny them, and on that basis deny them.

139.    Having this duty, Defendants failed to, *inter alia:*

a.    Disclose the high risk of unreasonable, dangerous, adverse side effects of their Toxic Hair Relaxer Products when used as intended; and/or

b.    Disclose that the Toxic Hair Relaxer Products are defective and dangerous to human health; and/or

c.    Disclose that they had not adequately substantiated the safety of their Toxic Hair Relaxers prior to marketing. Failed to include a conspicuous warning statement on their packaging that read: "Warning — the safety of this product has not been determined."

**ANSWER:**    Defendants deny that their hair relaxer products are harmful, toxic or defective in any manner.  Defendants deny that they caused or contributed to Plaintiffs' alleged harm.  Defendants deny that Plaintiffs suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 139 so as to admit or deny them, and on that basis deny them.

140.    The safety of the Toxic Hair Relaxer Products has not been proven.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to

the truth or falsity of the balance of the allegations in paragraph 140 so as to admit or deny them, and on that basis deny them.

141.    Defendants had the capacity to design hair relaxer products that were safer than the Toxic Hair Relaxer Products that they sold to Plaintiffs, and that caused Plaintiffs' injuries alleged herein.

**ANSWER:**    Defendants deny that their hair relaxer products are harmful, toxic or defective in any manner. Defendants deny that they caused or contributed to Plaintiffs' alleged harm. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 141 so as to admit or deny them, and on that basis deny them.

142.    It was economically possible for Defendants to manufacture hair relaxer products that were safer than the Toxic Hair Relaxer Products that they sold to Plaintiffs, and that caused Plaintiffs' injuries alleged herein.

**ANSWER:**    Defendants deny that their hair relaxer products are harmful, toxic or defective in any manner. Defendants deny that they caused or contributed to Plaintiffs' alleged harm. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 142 so as to admit or deny them, and on that basis deny them.

143.    The alternative hair relaxer product designs that Defendants could have utilized would not have changed the intended purpose of the hair relaxer products—to straighten otherwise curly and/or kinky hair.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 143 so as to admit or deny them, and on that basis deny them.

144. Such alternative safer designs include, but are not limited to:

    a.    Replacing toxic chemicals with readily available natural ingredients;

    b.    Oil treatments (such as olive, coconut, and/or avocado oils);

    c.    Hot combs and other methods of heat styling; and

    d.    Blow drying.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 144 so as to admit or deny them, and on that basis deny them.

## III. ADDITIONAL FACTS COMMON TO THE MEDICAL MONITORING CLASSES

145. As discussed in more detail above, the Toxic Hair Relaxer Products significantly increase the risk of and cause serious and potentially fatal uterine and ovarian cancer in humans (the "Subject Cancers").

**ANSWER:** Defendants deny that their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 145 so as to admit or deny them, and on that basis deny them.

146. Medical Monitoring Plaintiffs and the members of the Medical Monitoring Classes (defined below) have used Defendants' Toxic Hair Relaxer Products at least four times—an amount sufficient to significantly increase the risk of the Subject Cancers.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Medical Monitoring Plaintiffs and members of the Medical Monitoring Classes.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 146 so as to admit or deny them, and on that basis deny them.

147.    As a direct and proximate result of Defendants' tortious conduct, Medical Monitoring Plaintiffs and members of the Medical Monitoring Classes have been significantly exposed to proven hazardous substances—Toxic Hair Relaxer Products—resulting in the past, present, and ongoing significantly increased risk of the Subject Cancers.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Medical Monitoring Plaintiffs and members of the Medical Monitoring Classes.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 147 so as to admit or deny them, and on that basis deny them.

148.    As a direct and proximate result of Defendants' tortious conduct, it is reasonably medically necessary for Medical Monitoring Plaintiffs and the members of the Medical Monitoring Classes to incur, both now and in the future, the cost of monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of the Subject Cancers.

**ANSWER:**    Defendants deny that they engaged in any tortious or unlawful conduct.  Defendants deny that their hair relaxer products are defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by

Medical Monitoring Plaintiffs and members of the Medical Monitoring Classes. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 148 so as to admit or deny them, and on that basis deny them.

149.    As a direct and proximate result of Defendants' tortious and unlawful conduct, Medical Monitoring Plaintiffs and the members of the Medical Monitoring Classes have suffered, and will suffer, economic losses and expenses associated with ongoing medical monitoring.

**ANSWER:**    Defendants deny that they engaged in any tortious or unlawful conduct. Defendants deny that their hair relaxer products are defective in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Medical Monitoring Plaintiffs and members of the Medical Monitoring Classes. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 149 so as to admit or deny them, and on that basis deny them.

150.    Technology, analytical tools, test and/or monitoring procedures exist and are readily available to provide for the testing and early detection of the Subject Cancers in patients.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 150 so as to admit or deny them, and on that basis deny them.

151.    Such medical monitoring procedures must be prescribed by a qualified physician and may include but are not limited to certain blood and laboratory tests; physical examinations;

imaging (as discussed below); biopsies of the reproductive organs (uterus, ovary) and accessory organs; and other medical consultations and procedures necessary for diagnosis.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 151 so as to admit or deny them, and on that basis deny them.

152. Specific tests and procedures used to diagnose the Subject Cancers to be included in a medical monitoring program may include, but are not limited to, Pap smears; blood tests, including CA 125 antigen testing; genetic testing; abdominal ultrasounds; pelvic examinations; CT scans; and transvaginal ultrasounds.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 152 so as to admit or deny them, and on that basis deny them.

153. The available monitoring regime is for individuals exposed to products known to significantly increase the risk of the Subject Cancers because of using Toxic Hair Relaxer Products and is different as between women who were not exposed to the Toxic Hair Relaxer Products, versus the Medical Monitoring Plaintiffs who are at significantly increased risk of the Subject Cancers by virtue of their exposure to Defendants' Toxic Hair Relaxer Products. Such differences include the type, timing, frequency, and/or scope of screening and diagnostic examinations that would be recommended for women at this significantly increased risk. This monitoring regime is conducted and analyzed by medical practitioners skilled in the respective medical areas.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or defective in any manner. Defendants further deny that their hair relaxers caused or contributed to any alleged

injuries purportedly suffered by Medical Monitoring Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 153 so as to admit or deny them, and on that basis deny them.

154. Effective medical consultations, clinical examinations and diagnostic tests exist for reliable early detection, and early detection combined with effective treatment will significantly decrease the severity of the cancers. Catching cancer early allows for early and greater treatment options, improves patient prognoses, and generally avoids more invasive, risky, and expensive medical interventions later.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 154 so as to admit or deny them, and on that basis deny them.

155. These monitoring procedures conform to the standard of medical care and are reasonably medically necessary to ensure that the Subject Cancers can be identified early and appropriately treated. Said monitoring procedures will facilitate treatment and interventions that will mitigate the development of, and health effects associated with, the Subject Cancers, which may in turn increase the Medical Monitoring Plaintiffs' chance of survival. The present value of the costs of such tests is calculable.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 155 so as to admit or deny them, and on that basis deny them.

156. Monitoring and testing the Medical Monitoring Plaintiffs will substantially reduce the risk that the Medical Monitoring Plaintiffs, and the members of the Medical Monitoring Classes, will suffer long-term injuries, disease, and losses.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 156 so as to admit or deny them, and on that basis deny them.

157.    Accordingly, Defendants should be required to establish a medical monitoring program that includes, among other things: (a) establishing a trust fund, in an amount to be determined, to pay for the medical monitoring of the members of the Medical Monitoring Classes for the purpose of diagnosis, as frequently and appropriately as necessary; and (b) notifying all members of the Medical Monitoring Classes in writing that they may require frequent medical monitoring for the purpose of diagnosis.

**ANSWER:**    Defendants deny that Plaintiffs or any putative class members suffered any harm as a result of Defendants' conduct.  Defendants deny the remainder of the allegations in paragraph 157.

158.    Medical Monitoring Plaintiffs and the Medical Monitoring Classes have an inadequate remedy at law in that monetary damages alone cannot compensate them for the risk of long-term physical and economic losses due to using the Toxic Hair Relaxer Products. Without a court-approved medical monitoring program as described herein, or established by the Court, Medical Monitoring Plaintiffs and the members of the Medical Monitoring Classes will continue to face an unreasonable risk of injury and disability due to remaining undiagnosed.

**ANSWER:**    Defendants deny that any of their hair relaxer products are defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Medical Monitoring Plaintiffs and members of the Medical Monitoring Classes.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 158 so as to admit or deny them, and on that basis deny them.

159.     In the alternative to a court-funded program, Medical Monitoring Plaintiffs and the members of the Medical Monitoring Classes seek as damages the costs of such medical monitoring.

**ANSWER:**     Defendants deny that any of their hair relaxer products are defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Medical Monitoring Plaintiffs and members of the Medical Monitoring Classes.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 159 so as to admit or deny them, and on that basis deny them.

## IV.     <u>CLASS ALLEGATIONS</u>

160.     All Plaintiffs bring this action in their individual capacity and on behalf of the following Nationwide Consumer Class and pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and/or 23(c)(4):

> **Nationwide Consumer Class:** All individuals in the United States and its territories who, for personal use, purchased any Toxic Hair Relaxer Product(s) in the United States of America and/or its territories.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 160 so as to admit or deny them, and on that basis deny them.

161.     In the alternative to the Nationwide Consumer Class, Plaintiffs bring this action in their individual capacities and on behalf of the following consumer classes.

**Alabama Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Alabama.

**Arizona Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Arizona.

**California Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in California.

**Colorado Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Colorado.

**District of Columbia Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in the District of Columbia.

**Florida Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Florida.

**Illinois Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Illinois.

**Indiana Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Indiana.

**Iowa Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Indiana.

**Louisiana Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Louisiana.

**Maryland Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Maryland.

**Michigan Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Michigan.

**Mississippi Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Mississippi.

**Missouri Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Missouri.

**Nevada Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Nevada.

**New Jersey Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in New Jersey.

**Pennsylvania Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in Pennsylvania.

**Tennessee Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in New Jersey.

**Texas Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in New Jersey.

**Virginia Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in New Jersey.

**West Virginia Consumer Class:** All individuals who, for personal use, purchased any Toxic Hair Relaxer Product(s) in New Jersey.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 161 so as to admit or deny them, and on that basis deny them.

162. Plaintiffs Boyd, Buchanan, Temitrius Burton, Harris-Robinson, Hines, Jackson, Lane, Lawes, Longley, Martinez, McDonald, Meadows, Reid, Richardson, Smith, Vaughn, Wall, and Washington ("Medical Monitoring Plaintiffs") also bring this action in their individual capacities and on behalf of the Medical Monitoring Class, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and/or 23(c)(4):

**Medical Monitoring Class:** All females residing in Arizona, California, Colorado, District of Columbia, Florida, Indiana, Maryland, Missouri, Montana, Nevada, Pennsylvania, Utah, and West Virginia who used Toxic Hair Relaxer Product(s) at least four times a year and have not been diagnosed with uterine or ovarian cancer.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 162 so as to admit or deny them, and on that basis deny them.

163.     In the alternative to the Medical Monitoring Class, Plaintiffs bring this action in

their individual capacities and on behalf of the following medical monitoring classes and/or

groupings of classes:

> **Arizona Medical Monitoring Class:** All girls and women residing in Arizona
> who used Toxic Hair Relaxer Product(s) at least four times a year and have not
> been diagnosed with uterine or ovarian cancer.
>
> **California Medical Monitoring Class:** All girls and women residing in
> California who used Toxic Hair Relaxer Product(s) at least four times a year and
> have not been diagnosed with uterine or ovarian cancer.
>
> **District of Columbia Medical Monitoring Class:** All girls and women residing
> in the District of Columbia who used Toxic Hair Relaxer Product(s) at least four
> times a year and have not been diagnosed with uterine or ovarian cancer.
>
> **Florida Medical Monitoring Class:** All girls and women residing in Florida who
> used Toxic Hair Relaxer Product(s) at least four times a year and have not been
> diagnosed with uterine or ovarian cancer.
>
> **Maryland Medical Monitoring Class:** All girls and women residing in
> Maryland who used Toxic Hair Relaxer Product(s) at least four times a year and
> have not been diagnosed with uterine or ovarian cancer.
>
> **Missouri Medical Monitoring Class:** All girls and women residing in Missouri
> who used Toxic Hair Relaxer Product(s) at least four times a year and have not
> been diagnosed with uterine or ovarian cancer.
>
> **Nevada Medical Monitoring Class:** All girls and women residing in Nevada
> who used Toxic Hair Relaxer Product(s) at least four times a year and have not
> been diagnosed with uterine or ovarian cancer.
>
> **Pennsylvania Medical Monitoring Class:** All girls and women residing in
> Pennsylvania who used Toxic Hair Relaxer Product(s) at least four times a year
> and have not been diagnosed with uterine or ovarian cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or

defective in any manner.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 163 so as to admit or

deny them, and on that basis deny them.

164.    The Nationwide Consumer Class, Medical Monitoring Class, and state-specific classes may be collectively referred to as "Classes." The Nationwide Consumer Class and Medical Monitoring Class may be collectively referred to as "Multi-State Classes." The Medical Monitoring Class and state-specific Medical Monitoring classes may be collectively referred to as "Medical Monitoring Classes." The state-specific Medical Monitoring and Consumer classes may be collectively referred to as "Statewide Classes."

**ANSWER:**    This paragraph contains no factual allegation(s) and therefore no response is required.  To the extent this paragraph contains a factual allegation and a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 164 so as to admit or deny them, and on that basis deny them.

165.    *Numerosity*: The members of each respective Class are so numerous that joinder of all members of the respective Class is impracticable. Plaintiffs are informed and believe that each proposed Class contains thousands of purchasers of Defendants' Toxic Hair Relaxer Product(s) who have been damaged by Defendants' conduct as alleged herein.

**ANSWER:**    Defendants deny that the "members of each respective Class are so numerous that joinder of all members of the respective Class is impracticable."  Defendants further deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 165 so as to admit or deny them, and on that basis deny them.

166.    *Typicality*: Each Plaintiff's claims are typical of the Nationwide Consumer Class members because they purchased one or more of the Toxic Hair Relaxer Product(s) and were

subjected to and injured by Defendants' deceptive and misleading claims. Plaintiffs and the Nationwide Consumer Class members were injured through Defendants' common course of misconduct, and Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Nationwide Consumer Class.

**ANSWER:**    Defendants deny that Plaintiffs' claims are typical of the Nationwide Consumer Class members.  Defendants further deny that they engaged in any deceptive or misleading conduct.  Defendants further deny that any of their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 165 so as to admit or deny them, and on that basis deny them.

167.    Each Medical Monitoring Plaintiff's claims are typical of the Medical Monitoring Classes because they all suffered the same type of harm, including the present need to undergo and expend monies for diagnostic testing caused by Defendants' tortious exposure and the concomitant increased risk of ovarian and uterine cancer. Medical Monitoring Plaintiffs bring claims under the same legal and remedial theories as the Medical Monitoring Classes, and those claims arise out of the same set of facts and conduct.

**ANSWER:**    Defendants deny that Plaintiffs' claims are typical of the Medical Monitoring Classes.  Defendants further deny that they engaged in any deceptive or misleading conduct.  Defendants further deny that any of their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 167 so as to admit or deny them, and on that basis deny them.

168.     *Adequacy*: Plaintiffs and their counsel will fairly and adequately protect and represent the interests of all Class members. Plaintiffs have retained counsel experienced in complex litigation and class actions. Plaintiffs' counsel have successfully litigated similar class-action cases, and they have the resources and abilities to protect the interests of the classes. Plaintiffs intend to prosecute these claims vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Classes.

**ANSWER:**     Defendants deny that Plaintiffs and their counsel "will fairly and adequately protect and represent the interests of all Class members." Defendants further deny that they engaged in any deceptive or misleading conduct. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 168 so as to admit or deny them, and on that basis deny them.

169.     *Commonality and Predominance*: Plaintiffs' claims raise questions of law and fact common to all members of the Classes, and they predominate over any questions affecting only individual Class members. The claims of Plaintiffs and all prospective Class members involve the same alleged defect. These common legal and factual questions include but are not limited to the following:

(a)     Whether Defendants' Toxic Hair Relaxer Products put Plaintiffs at an increased risk of cancer, including ovarian cancer and uterine cancer;

(b)     Whether Defendants' Toxic Hair Relaxer Products were adulterated and/or misbranded;

(c)     Whether Defendants' warnings were adequate;

      (d)      Whether Defendants adequately substantiated the safety of the Toxic Hair Relaxer Products and their ingredients;

      (e)      Whether Defendants' representations and omissions are misleading or objectively reasonably likely to deceive;

      (f)      Whether Defendants engaged in false or misleading advertising;

      (g)      Whether Defendants were unjustly enriched as a result of their labeling, marketing, advertising and/or selling of the Toxic Hair Relaxer Products;

      (h)      Whether Plaintiffs and the other Class members are entitled to damages and/or restitution and the proper measure of that loss;

**ANSWER:**      Defendants deny that Plaintiffs' claims raise questions of law and fact common to all members of the Classes, and they predominate over any questions affecting only individual Class members. Defendants further deny that they engaged in any deceptive, false or misleading conduct. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 169 so as to admit or deny them, and on that basis deny them.

170.      In addition to the above, legal and factual questions common to the Medical Monitoring Classes and their respective Class members include but are not limited to:

      (a)      Whether Medical Monitoring Plaintiffs and the Medical Monitoring Class members are at an increased risk of developing uterine and ovarian cancer as a result of Defendants' unlawful conduct, necessitating diagnostic medical care;

(b)     Whether Defendants knew or should have known that the Toxic Hair

Relaxer Products significantly increase the risk of developing ovarian and

uterine cancer; and

(c)     The nature and extent of the medical monitoring and testing necessary to

address the risks created by Medical Monitoring Plaintiffs' and the

Medical Monitoring Class members' use of the Toxic Hair Relaxer

Products.

**ANSWER:**     Defendants deny that Plaintiffs' claims raise questions of law and fact

common to the Medical Monitoring Classes and their respective Class members.  Defendants

further deny that their hair relaxers caused or contributed to any alleged injuries purportedly

suffered by the Medical Monitoring Class members.  Defendants further deny that they engaged

in any unlawful conduct.  Defendants further deny that any of their hair relaxer products are

toxic or defective in any manner.  Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the balance of the allegations in paragraph 170 so as to

admit or deny them, and on that basis deny them.

171.     As alleged throughout this Complaint, Defendants engaged in uniform and

standardized conduct towards the Classes. The Defendants did not differentiate, in their degree of

care or candor, in their actions or inactions, or in the content of their statements and omissions,

among individual Class members. The objective facts on these subjects are the same for all

respective Class members. Within each Claim for Relief asserted by the respective Classes, the

same legal standards govern. Additionally, many states share the same legal standards and

elements of proof, facilitating the certification of multi-state classes for some or all of the claims.

**ANSWER:**     Plaintiffs' allegations are legal conclusions to which no response is

required.  To the extent a response is required, Defendants deny that they "engaged in uniform

and standardized conduct towards the Classes" and that the "objective facts . . . are the same for

all respective Class members."  Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph

171 so as to admit or deny them, and on that basis deny them.

172.     *Superiority:* A class action is superior to the other available methods for a fair and

efficient adjudication of this controversy. The damages or other financial detriments suffered by

Plaintiffs and individual Class members are relatively small compared with the burden and

expense of individually litigating their claims against Defendants. It would be virtually

impossible for Plaintiffs and Class members, on an individual basis, to obtain meaningful and

effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation

of the Class members' claims in one forum, as it will conserve party and judicial resources and

facilitate the consistency of adjudications. Plaintiffs know of no difficulty that would be

encountered in the management of this case that would preclude its maintenance as a class

action.

**ANSWER:**     Defendants deny that a class action is the superior method to adjudicate

this controversy.  Defendants are without sufficient knowledge or information to form a belief as

to the truth or falsity of the balance of the allegations in paragraph 172 so as to admit or deny

them, and on that basis deny them.

173.     *Injunctive and Declaratory Relief:* The Classes also may be certified because

Defendants have acted or refused to act on grounds applicable to the Classes, thereby making

appropriate final declaratory and/or injunctive relief with respect to the members of the Classes

as a whole. Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of each respective Class, on grounds generally applicable to each respective Class, such that final injunctive relief is appropriate with respect to each Class. Such injunctive relief includes, but is not limited to, the implementation and funding of a medical monitoring program for the Medical Monitoring Plaintiffs and Medical Monitoring Class members that is sufficient to monitor their health and ensure the beneficial early detection of uterine and ovarian cancer, caused by exposure to Defendants' Toxic Hair Relaxer Products. Such injunctive relief also includes enjoining and preventing Defendants from engaging in the acts described above.

**ANSWER:** Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 173 so as to admit or deny them, and on that basis deny them.

174. This action is also properly maintainable under Rule 23(c)(4) in that particular issues common to the respective Classes, as described above in part, are most appropriately and efficiently resolved via class action, and would advance the disposition of this matter and the parties' interests therein.

**ANSWER:** Plaintiffs' allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 174 so as to admit or deny them, and on that basis deny them.

V.     **TOLLING OF THE STATUTE OF LIMITATIONS, FRAUDULENT CONCEALMENT, AND CONTINUING VIOLATIONS**

175.    Plaintiffs did not discover, and could not have discovered through the exercise of reasonable diligence, the existence of the claims sued upon herein until immediately prior to commencing this civil action.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 175 so as to admit or deny them, and on that basis deny them.

176.    Any applicable statutes of limitations have been tolled by Defendants' affirmative acts of fraudulent concealment and continuing misrepresentations, as the facts alleged above reveal. Because of the self-concealing nature of Defendants' actions and their affirmative acts of concealment, Plaintiffs and the other Class members assert the tolling of any applicable statutes of limitations affecting the claims raised herein.

**ANSWER:**    Defendants deny that "[a]ny applicable statutes of limitations have been tolled by Defendants' affirmative acts of fraudulent concealment and continuing misrepresentations." Defendants further deny that they engaged in any affirmative acts of fraudulent concealment and continuing misrepresentations. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 176 so as to admit or deny them, and on that basis deny them.

177.    Defendants continue to engage in the deceptive practice and, consequently, unwary consumers continue to be injured on a daily basis by Defendants' unlawful conduct. Therefore, Plaintiffs and the other Class members submit that each instance that Defendants engaged in the conduct complained of herein and each instance that a member of any Class

purchased Defendants' Toxic Hair Relaxer Products constitutes part of a continuing violation and operates to toll the statutes of limitations in this action.

**ANSWER:**    Defendants deny that they engaged in any deceptive or unlawful conduct. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 177 so as to admit or deny them, and on that basis deny them.

178.    Defendants should be estopped from relying on any statute of limitations defense, because of their unfair or deceptive conduct.

**ANSWER:**    Plaintiffs' allegations regarding any statute of limitation defense Defendants may rely on are legal conclusions to which no response is required. To the extent these allegations are predicated on factual allegations, Defendants deny those allegations.

179.    Defendants' conduct was, and is, self-concealing. Through a series of affirmative acts and omissions, Defendants suppressed the truth regarding their illegal conduct, and have foreclosed Plaintiffs and the other Class members from learning of Defendants' illegal, unfair, and/or deceptive acts.

**ANSWER:**    Defendants deny that they engaged in any deceptive or unlawful conduct. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 179 so as to admit or deny them, and on that basis deny them.

180.    By reason of the foregoing, the claims of Plaintiffs and the other Class members are timely under any applicable statute(s) of limitations, pursuant to the discovery rule, the equitable tolling doctrine, and fraudulent concealment.

**ANSWER:**    Allegations regarding the timeliness of the claims asserted by Plaintiffs and the other Class members are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

## VI.    CAUSES OF ACTION BROUGHT ON BEHALF OF THE MULTI-STATE CLASSES

### COUNT 1- NEGLIGENCE
**(Individually and On Behalf of the Medical Monitoring Class Against Defendants Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature)**

181.    Medical Monitoring Plaintiffs ("Plaintiffs," for purposes of the Medical Monitoring Class claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

182.    Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature ("Defendant[s]" for purposes of the Medical Monitoring Class claims).

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

183.    At all relevant times, each Defendant had a duty to exercise reasonable care in the manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, labeling, packaging, selling, and distributing of their hair relaxer products.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 183 so as to admit or deny them, and on that basis deny them.

184.    Each Defendant owed a duty of care to Plaintiffs and the other Class members to ensure that the Toxic Hair Relaxer Products it sold in the United States were safe for human consumption, contained only the ingredients stated on the label, and were not adulterated.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 184 so as to admit or deny them, and on that basis deny them.

185.    Defendants' duty to exercise reasonable care in the advertising and sale of their hair relaxer products included a duty to warn Plaintiffs and the other Class members of the risks and dangers associated with their Toxic Hair Relaxer Products that were known or should have been known to Defendants at the time of the sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members, including that the products were contained ingredients not specified on the label that were likely to cause harm to consumers.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 185 so as to admit or deny them, and on that basis deny them.

186.    Defendants also owed a continuing duty to Plaintiffs and the other Class members to remove, recall, or retrofit the unsafe and/or defective Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 186 so as to admit or deny them, and on that basis deny them.

187.    At all relevant times, Defendants knew or should have known through the exercise of reasonable care of the dangers associated with the normal and/or intended use of their hair relaxer products. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products significantly increase the risk of uterine and ovarian cancer.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 187 so as to admit or deny them, and on that basis deny them.

188.    Each Defendant owed a duty of care to Plaintiffs and the other Class members because they were foreseeable, reasonable, and probable users of Toxic Hair Relaxer Products. Each Defendant knew or should have known that its Toxic Hair Relaxer Products were harmful to humans, contained ingredients other than those stated, and/or were adulterated, and each was in the best position to uncover and remedy these shortcomings.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 188 so as to admit or deny them, and on that basis deny them.

189.     At all relevant times, Defendants knew, or should have known through the exercise of reasonable care, that ordinary consumers such as Plaintiffs and the other Class members would not realize the potential risks and dangers of their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 189 so as to admit or deny them, and on that basis deny them.

190.     Each Defendant failed to discharge its duty of care. Defendants breached their duty of care by manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, selling, and/or distributing their Toxic Hair Relaxer Products negligently, recklessly, and/or with extreme carelessness, and by failing to adequately warn of the risks and dangers of their Toxic Hair Relaxer Products—as described in the allegations above. Such breaches include but are not limited to:

a.     Failing to warn Plaintiffs and the other Class members of the risks and dangers associated with the use of their Toxic Hair Relaxer Products;

b.     Failing to properly test their Toxic Hair Relaxer Products to determine the adequacy or effectiveness of safety measures, if any, prior to releasing their Toxic Hair Relaxer Products for consumer use;

c.     Failing to properly test their Toxic Hair Relaxer Products to determine the increased risk of harm to the endocrine system, including uterine and ovarian cancers, during the normal and/or intended use of their Toxic Hair Relaxer Products;

d.     Designing their Toxic Hair Relaxer Products defectively such that they caused serious injuries or death when used in their intended and reasonably foreseeable manner;

e. Failing to inform Plaintiffs and the other Class members as to the safe and proper methods of handling and using their Toxic Hair Relaxer Products;

f. Failing to remove or recall their Toxic Hair Relaxer Products from the market when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

g. Failing to instruct Plaintiffs and the other Class members as to the methods for reducing exposure to their Toxic Hair Relaxer Products, which caused increased risk of cancer, including uterine and ovarian cancer;

h. Marketing and labeling their hair relaxer products as safe when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

i. Claiming in labeling and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above; and

j. Failing to act like a reasonably prudent company under similar circumstances.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 190 so as to admit or deny them, and on that basis deny them.

191. Each Defendant knew, or should have known through reasonable care, that the aforesaid wrongdoing would foreseeably cause injuries and other damage to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and other damage.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 191 so as to admit or deny them, and on that basis deny them.

192.    Each of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that any acts and/or omissions on their part caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and damages.

193.    Due to Defendants' failure to exercise ordinary care and to comply with the duties associated with selling cosmetic products, Plaintiffs and the other Class members were unable to discover the dangerous nature of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 193 so as to admit or deny them, and on that basis deny them.

194.    Defendants' acts and omissions constitute gross negligence because they constitute a total lack of care and an extreme departure from what a reasonably careful company would do in the same situation to prevent foreseeable harm to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 194 so as to admit or deny them, and on that basis deny them.

195.    Each Defendant negligently failed to promptly and immediately warn and disclose to Plaintiffs and the other Class members that use of their hair relaxer products would result in harm, and that using their products in the intended manner results in toxicity, delaying notice of this harmful and toxic exposure and thus causing continued exposure and delaying necessary testing, examinations, surveillance, and treatment.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 195 so as to admit or deny them, and on that basis deny them.

196.    Defendants' negligent conduct created and then exacerbated an unreasonable, dangerous condition for Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 196 so as to admit or deny them, and on that basis deny them.

197.    Defendants acted and/or failed to act willfully, and with conscious and reckless disregard for the rights and interests of Plaintiffs and the other Class members, and Defendants' acts and omissions had a great probability of causing significant harm, and in fact it resulted in such harm to Plaintiffs and the other Class members.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 197 so as to admit or deny them, and on that basis deny them.

198.     Defendants' negligence and gross negligence were a substantial factor in causing and/or contributing to Plaintiffs' and the other Class members' harms.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 198 so as to admit or deny them, and on that basis deny them.

199.     Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members—including their marketing—was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants further deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of" Plaintiffs and the other putative Class Members' rights and interests and further deny that any alleged injuries purportedly suffered by Plaintiffs and the other putative Class Members were caused by the acts or omissions of Defendants.  Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 199 so as to admit or deny them, and on that basis deny them.

200.     As a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 200 so as to admit or deny them, and on that basis deny them.

201.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge

or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 201 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 2 — NEGLIGENT MISREPRESENTATION/OMISSION**
**(Individually and on Behalf of the Medical Monitoring Class Against Defendants Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature)**

</div>

202.    Medical Monitoring Plaintiffs ("Plaintiffs," for purposes of the Medical Monitoring Class claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

203.    Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature ("Defendant[s]" for purposes of the Medical Monitoring Class claims).

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

204.    Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

205.    At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings of any risks they knew of or should have known of related to using their Toxic Hair Relaxer Products. Defendants knew or should have known about this duty.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

206.    Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that their representations about the safety of their Toxic Hair Relaxer Products were false.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

207.    Defendants breached their duty in representing that their Toxic Hair Relaxer Products have no serious side effects when they knew or should have known that their products did cause serious side effects as described herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

208.    From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

209.    Additionally, Defendants have a duty to not make false representations with respect to their Toxic Hair-Straightener and/or Relaxers. At all relevant times, Defendants conducted sales and marketing campaigns to promote the sale of their Toxic Hair Relaxer Products and willfully deceived Plaintiffs and the general public about the health risks and adverse consequences of the use of such products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

210.    Defendants' misrepresentations included but are not limited to the statements in labels and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

211.    Defendants made such representations and failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

212.    Defendants' misrepresentations and omissions concealed from Plaintiffs and the other Class members that Defendants' Toxic Hair Relaxer Products posed a high risk of unreasonable, dangerous, health conditions, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

213.    Plaintiffs and the other Class members justifiably relied on Defendants' misrepresentations and nondisclosures to their detriment. Specifically, Plaintiffs and the other Class members relied on representations that their Toxic Hair Relaxer Products were safe to use as expected and instructed, when they were not.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

214.     In reliance on the misrepresentations by Defendants, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

215.     As a direct and proximate result of the foregoing negligent misrepresentations by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

216.     Defendants' omission of material facts also induced Plaintiffs and the other Class members into purchasing Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the true facts and the facts concealed by Defendants, Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

217.     Because of the severe nature of the harms caused by Defendants' Toxic Hair Relaxer Products, no reasonable person would have purchased these products if Defendants have fully apprised the public of the dangers associated with these products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

218. Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

219. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

220. Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class

members, and/or compensatory damages to fund this necessary medical monitoring; (b)

attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable

and just.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

<div align="center">

**COUNT 3 — NEGLIGENCE PER SE**
**(Individually and on behalf of the Medical Monitoring Class Against Defendants Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature)**

</div>

221.   Medical Monitoring Plaintiffs ("Plaintiffs," for purposes of the Medical

Monitoring Class claims) incorporate by reference and reallege paragraphs 1 to 180 above, as

though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.

222.   Plaintiffs bring this cause of action individually and on behalf of the Medical

Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and

Strength of Nature ("Defendant[s]" for purposes of the Medical Monitoring Class claims).

**ANSWER:** This paragraph does not contain a factual allegation and therefore no

response is required. To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

223.   The Food, Drug, and Cosmetic Act, 21 U.S.C. ch. 9 § 301 *et seq.,* and its

accompanying regulations, are implemented to regulate and promote safety in the design,

manufacturing, marketing, branding, labeling, and sale of food, drugs, and cosmetics, including Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 223 so as to admit or deny them, and on that basis deny them.

224.    Upon information and belief, Defendants' conduct violated one or more statutes or related regulations, including but not limited to the following:

      a.    21 U.S.C. § 331;

      b.    21 U.S.C. § 361;

      c.    21 U.S. Code § 362; and

      d.    21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way and further deny that any such purported violation provides Plaintiffs with a cause of action.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 224 so as to admit or deny them, and on that basis deny them.

225.    Plaintiffs are currently unadvised of the full extent of the federal or state safety laws and regulations that Defendants or their agents may have violated but reserve the right to rely on such safety laws and regulations shown during discovery.

**ANSWER:**    Defendants deny that they violated any statutes and regulations in any way and further deny that any such purported violation provides Plaintiffs with a cause of action. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 225 so as to admit or deny them, and on that basis deny them.

226.    Defendants' violation of such safety laws and regulations constitutes negligence *per se.*

**ANSWER:**    Defendants deny that they violated any statutes and regulations in any way and further deny that any such purported violation provides Plaintiffs with a cause of action. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 226 so as to admit or deny them, and on that basis deny them.

227.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any alleged damages or harm purportedly suffered by Plaintiffs and the other putative Class members were the result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 227 so as to admit or deny them, and on that basis deny them.

228.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic

screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 228 so as to admit or deny them, and on that basis deny them.

## COUNT 4 — MEDICAL MONITORING
### (Individually and On Behalf of the Medical Monitoring Class Against Defendants Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature)

229. Medical Monitoring Plaintiffs ("Plaintiffs," for purposes of the Medical Monitoring Class claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

230. Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature ("Defendant[s]" for purposes of the Medical Monitoring Class claims).

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

231. Through their misrepresentations and omissions, Defendants deceived Plaintiffs and the other Class members about the harmful nature of their Toxic Hair Relaxer Products.

Through their deception, Defendants succeeded in persuading large segments of the relevant consumer market to purchase Defendants' Toxic Hair Relaxer Products despite the presence of significant dangers, as set forth herein.

**ANSWER:**    Defendants deny that any alleged damages or harm purportedly suffered by Plaintiffs and the other putative Class members were the result of Defendants' acts and/or omissions.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 231 so as to admit or deny them, and on that basis deny them.

232.    Defendants had a pre-marketing, post-manufacturing, and continuing duty to warn, which arose when Defendants knew, or with reasonable care should have known, that Defendants' Toxic Hair Relaxer Products were injurious or fatal.

**ANSWER:**    Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 232 so as to admit or deny them, and on that basis deny them.

233.    Defendants omitted, suppressed, or concealed material facts concerning the dangers and risks associated with the use of Defendants' Toxic Hair Relaxer Products, including the risks of death, disease, and other health problems associated with the use of Defendant's Toxic Hair Relaxer Products. Defendants failed to disclose that their Toxic Hair Relaxer Products contained toxic chemicals, and Defendants downplayed and/or understated the serious nature of the risks associated with the use of Defendants' Toxic Hair Relaxer Products. Instead,

Defendants encouraged the use of their Toxic Hair Relaxer Products despite knowledge of the dangerous side effects that these products present to the consuming population.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 233 so as to admit or deny them, and on that basis deny them.

234.     Defendants falsely and deceptively misrepresented, or knowingly omitted, suppressed, and concealed material facts regarding the ingredients contained within Defendants' Toxic Hair Relaxer Products, as well as the risk posed by those ingredients to the public.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 234 so as to admit or deny them, and on that basis deny them.

235.     Had Plaintiffs and the other Class members known that Defendants' Toxic Hair Relaxer Products contained dangerous ingredients, and/or that those ingredients could cause serious life-threatening injuries, none of them would have purchased Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 235 so as to admit or deny them, and on that basis deny them.

236.    Defendants knew or should have known, and would have known had appropriate testing been done, that the use of Defendants' Toxic Hair Relaxer Products caused the serious and potentially life-threatening adverse health consequences as described herein, including uterine and ovarian cancer.

**ANSWER:**    Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 236 so as to admit or deny them, and on that basis deny them.

237.    Defendants' actions, as set forth herein, constitute knowing omission, suppression or concealment of material facts, made with the intent that others will rely upon such concealment, suppression or omission, in connection with the marketing of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 237 so as to admit or deny them, and on that basis deny them.

238.    Plaintiffs and the other Class members have used Defendants' Toxic Hair Relaxer Products at least four times—an amount sufficient to significantly increase the risk of the Subject Cancers.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 238 so as to admit or deny them, and on that basis deny them.

239.     As a proximate result of consuming Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 239 so as to admit or deny them, and on that basis deny them.

240.     As a direct and proximate result of Defendants' tortious conduct, it is reasonably medically necessary for Plaintiffs and Class members to incur, both now and in the future, the cost of monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of the Subject Cancers.

**ANSWER:**     Defendants deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 240 so as to admit or deny them, and on that basis deny them.

241.     As a direct and proximate result of Defendants' tortious and unlawful conduct, Plaintiffs and the other Class members have suffered and will suffer economic losses and expenses associated with ongoing medical monitoring.

**ANSWER:**     Defendants deny that they engaged in any tortious or unlawful conduct. Defendants further deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 241 so as to admit or deny them, and on that basis deny them.

242.     The increased susceptibility to injuries and irreparable threat to the health of Plaintiffs and the other Class members resulting from their exposure to this hazardous substance can only be mitigated or redressed by medical monitoring for the Subject Cancers, which is necessary as a result of the use of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 242 so as to admit or deny them, and on that basis deny them.

243.     Early detection and diagnosis of cancer is clinically invaluable because it can prevent, reduce, and/or significantly delay the resulting discomfort, suffering, and/or death. Medical monitoring is crucial to early detection because these conditions are often asymptomatic and, therefore, can only be discovered through proper testing.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 243 so as to admit or deny them, and on that basis deny them.

244.     There are means to detect the Subject Cancers, caused by the use of Defendants'
Toxic Hair Relaxer Products, at an early stage, such that subsequent treatment would have a
higher chance of success at prolonging life and/or reducing suffering than would exist without
early detection.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or
defective in any manner.  Defendants are without sufficient knowledge or information to form a
belief as to the truth or falsity of the balance of the allegations in paragraph 244 so as to admit or
deny them, and on that basis deny them.

245.     Such medical monitoring procedures must be prescribed by a qualified physician
and may include but are not limited to certain blood and laboratory tests; physical examinations;
imaging (as discussed below); biopsies of the reproductive organs (uterus, ovary) and accessory
organs; and other medical consultations and procedures necessary for diagnosis.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a
belief as to the truth or falsity of the allegations in paragraph 245 so as to admit or deny them,
and on that basis deny them.

246.     Specific tests and procedures used to diagnose the Subject Cancers to be included
in a medical monitoring program may include but are not limited to Pap smears; blood tests,
including CA 125 antigen testing; genetic testing; abdominal ultrasounds; pelvic examinations;
CT scans; and transvaginal ultrasounds.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a
belief as to the truth or falsity of the allegations in paragraph 246 so as to admit or deny them,
and on that basis deny them.

247.     The available monitoring regime is specific for individuals exposed to products that are known to significantly increase the risk of the Subject Cancers because of using Toxic Hair Relaxer Products. That is because the monitoring regime is different as between women who were not exposed to the Toxic Hair Relaxer Products, versus Plaintiffs and the other Class members who are at significantly increased risk of the Subject Cancers by virtue of their exposure to Defendants' Toxic Hair Relaxer Products. Such differences include the types, timing, frequency, and/or scope of screening and diagnostic examinations that would be recommended for women at this significantly increased risk. The monitoring regime is conducted and analyzed by medical practitioners skilled in the respective medical areas.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any harm or injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 247 so as to admit or deny them, and on that basis deny them.

248.     These monitoring procedures conform to the standard of medical care and are reasonably medically necessary to ensure that the Subject Cancers can be identified early and appropriately treated. Said monitoring procedures will facilitate treatment and interventions that will mitigate the development of, and health effects associated with, the Subject Cancers, which may in turn increase Plaintiffs' and the other Class members' chance of survival. The present value of the costs of such tests is calculable.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 248 so as to admit or deny them, and on that basis deny them.

249. Plaintiffs' and the other Class members' significantly increased risk of the Subject Cancers, caused by their exposure to Defendants' Toxic Hair Relaxer Products, can only be mitigated or addressed by appropriate medical testing.

**ANSWER:** Defendants deny that any of their hair relaxers products are toxic or defective in any manner. Defendants further deny that their hair relaxers caused or contributed to any harm or injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 249 so as to admit or deny them, and on that basis deny them.

250. Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 250 so as to admit or deny them, and on that basis deny them.

<u>COUNT 5 — STRICT LIABILITY: DESIGN DEFECT</u>
**(Individually and on Behalf of the Medical Monitoring Class Against Defendants Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature)**

251.    Medical Monitoring Plaintiffs ("Plaintiffs," for purposes of the Medical Monitoring Class claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

252.    Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature ("Defendant[s]" for purposes of the Medical Monitoring Class claims).

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

253.    Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products that were used by Plaintiffs and the other Class members, and Defendants were in the business of selling their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 253 so as to admit or deny them, and on that basis deny them.

254.    Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because of their

design. In particular, Defendants' Toxic Hair Relaxer Products were defectively designed because they caused serious injuries and death, including but not limited to uterine cancer and ovarian cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 254 so as to admit or deny them, and on that basis deny them.

255.    Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiffs and the other Class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 255 so as to admit or deny them, and on that basis deny them.

256.    Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members.

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 256 so as to admit or deny them, and on that basis deny them.

257.     Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers as well as direct sale to consumers through retail stores.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 257 so as to admit or deny them, and on that basis deny them.

258.     Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which those products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 258 so as to admit or deny them, and on that basis deny them.

259.     Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 259 so as to admit or deny them, and on that basis deny them.

260.    Defendants knew or should have known that their products were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 260 so as to admit or deny them, and on that basis deny them.

261.    At all times material to Plaintiffs' and the other Class members' claims, there were technologically and economically feasible safer alternative designs that would have prevented or substantially reduced the risk to Plaintiffs and the other Class members without substantially impairing the utility of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 261 so as to admit or deny them, and on that basis deny them.

262.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 262 so as to admit or deny them, and on that basis deny them.

263.    Plaintiffs plead this claim for relief in the broadest sense and seek the full measure of damages allowed under the applicable governing law, including the common law and, where and to the extent applicable, all product liability acts, statutes, and laws.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis denies them.

264.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of their Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 264 so as to admit or deny them, and on that basis deny them.

265.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 265 so as to admit or deny them, and on that basis deny them.

### COUNT 6 — STRICT LIABILITY: FAILURE TO WARN
**(Individually and on Behalf of the Medical Monitoring Class Against Defendants Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature)**

266.    Medical Monitoring Plaintiffs ("Plaintiffs," for purposes of the Medical Monitoring Class claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

267.     Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature ("Defendant[s]" for purposes of the Medical Monitoring Class claims).

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

268.     Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products, which were used by Plaintiffs and the other Class members, and Defendants were in the business of selling Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 268 so as to admit or deny them, and on that basis deny them.

269.     Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because they were not accompanied by adequate warnings.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 269 so as to admit or deny them, and on that basis deny them.

270.     In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products could cause serious injuries and death when used in an intended or reasonably

foreseeable manner, including but not limited to uterine and ovarian cancer. Defendants failed to give appropriate and adequate warning of such risks. Nor did Defendants warn that the safety of their Toxic Hair Relaxer Products has not been determined. In fact, Defendants continue to this day to market and sell their products to consumers without adequate warnings of the risks associated with their products' use or the lack of safety determination.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 270 so as to admit or deny them, and on that basis deny them.

271. If Defendants had warned Plaintiffs and the other Class members that use of their Toxic Hair Relaxer Products in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, including but not limited to developing uterine or ovarian cancer, and/or that the safety of the Toxic Hair Relaxer Products had not been determined, Plaintiffs and the other Class members would not have used their Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 271 so as to admit or deny them, and on that basis deny them.

272. Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members,

through a variety of channels, including through sales to hair salons for use with their customers and directly to consumers through retail stores.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 272 so as to admit or deny them, and on that basis deny them.

273.    Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which their Toxic Hair Relaxer Products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 273 so as to admit or deny them, and on that basis deny them.

274.    Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 274 so as to admit or deny them, and on that basis deny them.

275.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious,

oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 275 so as to admit or deny them, and on that basis deny them.

276.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 276 so as to admit or deny them, and on that basis deny them.

277.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 277 so as to admit or deny them, and on that basis deny them.

### COUNT 7 - VIOLATION OF STATE CONSUMER PROTECTION STATUTES[4]
### (Individually and on Behalf of the Nationwide Consumer Class and the Medical Monitoring Class Against All Defendants)

278.     Plaintiffs incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

---

[4] Pursuant to this Court's Order on September 27, 2024, Plaintiffs' state consumer protection claims based on fraud are dismissed.  (Dkt. No. 852 at p. 29.)  Therefore, Defendants respond to Plaintiffs' state consumer protection claims only to the extent that such claims are based on an "unfairness" theory.

279.     Plaintiffs bring this cause of action individually and on behalf of the Nationwide Consumer Class against all Defendants.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

280.     Additionally, Medical Monitoring Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 280 so as to admit or deny them, and on that basis deny them.

281.     Defendants engaged in unfair competition or unfair, unconscionable, deceptive, or fraudulent acts or practices in violation of the following statutes when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products:

a.     Ala. Code § 8-19-1 *et seq.*;

b.     Alaska Stat. § 45.50.471 *et seq.*;

c.     Ariz. Rev. Stat. Ann. § 44-1521 *et seq.*;

d.     Ark. Code Ann. § 4-88-101 *et seq.*.;

e.     Cal. Civil Code § 1750 *et seq.* and Cal. Bus. & Prof. Code § 17200 *et seq.*;

f.     Colo. Rev. Stat. § 6-1-101 *et seq.*.;

g.     Conn. Gen. Stat. Ann. § 42-110a *et Seq.*;

h.     Del. Code Ann. tit. 6 § 2511 *et seq.*;

i.     D.C. Code Ann. § 28-3901 *et seq.*;

j.       Fla. Stat. Ann. § 501.201 *et seq.*.;

k.       Ga. Code Ann. § 10-1-370 *et seq.*.;

l.       Haw. Rev. Stat. § 480-1 *et seq.* and 481A-1 *et seq.*;

m.      Idaho Code § 48-601 *et seq.*;

n.      815 Ill. Comp. Stat. 505/1 *et seq.*;

o.      Ind. Code Ann. § 24-5-0.5-1 *et seq.*;

p.      Iowa Code § 714.16 *et seq.*;

q.      Kan. Stat. Ann. § 50-623 *et seq.*;

r.      Ky. Rev. Stat. Ann. § 367.170 *et seq.*;

s.      La. Rev. Stat. Ann. § 51:1401 *et seq.*;

t.      Me. Rev. Stat. Ann. tit. 5, § 205-A *et seq.*;

u.      Md. Code Ann., Com. Law § 13-301 *et seq.*;

v.      Mass. Gen. Laws ch. 93A, § 1 *et seq.*;

w.      Mich. Comp. Laws Ann. § 445.901 *et seq.*;

x.      Minn. Stat. §§ 325D.09 *et seq.*, 325D.43 *et seq.*, 325F.67, 325F.68 *et seq.*, and § 8.31;

y.      Miss. Code Ann. § 75-24-5 *et seq.*;

z.      Mo. Ann. Stat. § 407.010 *et seq.*;

aa.    Mont. Code Aim. § 30-14-101 *et seq.*;

bb.    Neb. Rev. Stat. § 87-301 *et seq.*;

cc.    Nev. Rev. Stat. Ann. §§ 598.0903 *et seq.* and 41.600;

dd.    N.H. Rev. Stat. Ann. § 358-A:1 *et seq.*;

ee.    N.J. Stat. Ann. § 56:8-1 *et seq.*;

ff.     N.M. Stat. Ann. § 57-12-1 *et seq.*;

gg. N.Y. Gen. Bus. Law §§ 349 *et seq.*., 350, 350-a and 350-e *et seq.*.;

hh.    N.C. Gen. Stat. § 75-1 *et seq.*;

ii.    N.D. Cent. Code §§ 51-12-01 *et seq.* and 51-15-01 *et seq.*;

jj.    Ohio Rev. Code Ann. § 1345.01 *et seq.*;

kk.    Okla. Stat. Ann. tit. 15, § 751 *et seq.*;

ll.    Or. Rev. Stat. § 646.605 *et seq.*;

mm. 73 Pa. Cons. Stat. § 201-1 *et seq.*;

nn.    R.I. Gen. Laws § 6-13.1-1 *et seq.*;

oo.    S.C. Code Ann. § 39-5-10 *et seq.*;

pp.    S.D. Codified Laws § 37-24-1 *et seq.*;

qq.    Tenn. Code Ann. § 47-18-101 *et seq.*;

rr.    Tex. Bus. & Com. Code Ann. § 17.41 *et seq.*;

ss.    Utah Code Ann. § 13-11-1 *et seq.*;

tt.    Vt. Stat. Ann. tit. 9, § 2451 *et seq.*;

uu.    Va. Code Ann. § 59.1-196 *et seq.*;

vv.    Wash. Rev. Code Ann. § 19.86.010 *et seq.*;

ww.    W.Va. Code § 46A-6-101 *et seq.*;

xx.    Wis. Stat. Ann. §§ 100.18 and 421.101 *et seq.*;

yy.    Wyo. Stat. Ann. § 40-12-101 *et seq.*;

zz.    American Samoa Code Ann. § 27.0401 *et seq.*;

aaa.    4 CMC § 5101 *et seq.*;

bbb.    5 Guam Code Ann. § 32102 *et seq.*; and

ccc.    12A Virgin Is. Code § 301 *et seq.*

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations

cited in this paragraph and subparts in any way. Defendants are without sufficient knowledge or

information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 281 so as to admit or deny them, and on that basis deny them.

282.     As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 282 so as to admit or deny them, and on that basis deny them.

283.     Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

> a.     Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;
>
> b.     Representing that goods are of a particular standard, quality, or grade if they are of another; and
>
> c.     Advertising goods with the intent not to sell them as advertised.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 283 so as to admit or deny them, and on that basis deny them.

284.     Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by

Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the consumer protection statutes listed above.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 284 so as to admit or deny them, and on that basis deny them.

285.    Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 285 so as to admit or deny them, and on that basis deny them.

286.    By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 286 so as to admit or deny them, and on that basis deny them.

287.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed, and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss, and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 287 so as to admit or deny them, and on that basis deny them.

288.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 288 so as to admit or deny them, and on that basis deny them

289.    Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available

and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 289 so as to admit or deny them, and on that basis deny them.

290.    Plaintiffs did not need to send (additional) notice to Defendants of their violations of the above-referenced statutes because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 290 so as to admit or deny them, and on that basis deny them.

291.    Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 291 so as to admit or deny them, and on that basis deny them.

292.    Further, as a direct and proximate result of each Defendant's negligent conduct, Medical Monitoring Plaintiffs and the Medical Monitoring Class members have been

significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants deny that Medical Monitoring Plaintiffs and the Medical Monitoring Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 292 so as to admit or deny them, and on that basis deny them.

293.     Medical Monitoring Plaintiffs, on behalf of themselves and the other Medical Monitoring Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 293 so as to admit or deny them, and on that basis deny them.

### COUNT 8 - UNJUST ENRICHMENT
**(Individually and on Behalf of the Nationwide Consumer Class Against All Defendants)**

294.     Plaintiffs incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

295.    Plaintiffs bring this cause of action individually and on behalf of the Nationwide Consumer Class against all Defendants.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

296.    As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 296 so as to admit or deny them, and on that basis deny them.

297.    In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**     Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 297 so as to admit or deny them, and on that basis deny them.

298.    As an intended and expected result of Defendants' conscious wrongdoing, as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 298 so as to admit or deny them, and on that basis deny them.

299.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 299 so as to admit or deny them, and on that basis deny them.

300.    At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 300 so as to admit or deny them, and on that basis deny them.

301.     Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 301 so as to admit or deny them, and on that basis deny them.

302.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 302 so as to admit or deny them, and on that basis deny them.

303.     Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 303 so as to admit or deny them, and on that basis deny them.

304. Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 304 so as to admit or deny them, and on that basis deny them.

305. Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 305 so as to admit or deny them, and on that basis deny them.

## COUNT 9 — BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Nationwide Consumer Class and Medical Monitoring Class against All Defendants)

306. Plaintiffs incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

307. Plaintiffs bring this cause of action individually and on behalf of the Nationwide Consumer Class against all Defendants.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

308.    Additionally, Medical Monitoring Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride, Revlon, SoftSheen, and Strength of Nature.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 308 so as to admit or deny them, and on that basis deny them.

309.    As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 309 so as to admit or deny them, and on that basis deny them.

310.    Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products

are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or concealed any information. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 310 so as to admit or deny them, and on that basis deny them.

311. Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 311 so as to admit or deny them, and on that basis deny them.

312. Defendants breached their express warranties because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or concealed any information. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants deny the balance of the allegations in paragraph 312.

313. Defendants' conduct described herein constitutes a breach of express warranties under the following statutes:

      a.      Ala. Code § 7-2-313, *et seq.*;

      b.      Alaska Stat. § 45.02.313, *et seq.*;

      c.      Ariz. Rev. Stat. § 47-2313, *et seq.*;

      d.      Ark. Code § 4-2-313, *et seq.*;

      e.      Cal. Com. Code § 2313, *et seq.*;

f. Cal. Civ. Code § 1790, *et seq.*;

g. Colo. Rev. Stat. § 4-2-313, *et seq.*;

h. Conn. Gen. Stat. § 42a-2-313, *et seq.*;

i. 6 Del. C. § 2-313, *et seq.*;

j. D.C. Code § 28:2-313, *et seq.*;

k. Fla. Code § 672.313, *et seq.*;

l. O.C.G.A. § 11-2-313, *et seq.*;

m. Haw. Rev. Stat. § 490:2-313, *et seq.*;

n. Idaho Code § 28-2-313, *et seq.*;

o. 810 Ill. Comp. Stat. 5/2-313, *et seq.*;

p. Ind. Code § 26-1-2-313, *et seq.*;

q. Iowa Code § 554.2313, *et seq.*;

r. Kan. Stat. § 84-2-313, *et seq.*;

s. Ky. Rev. Stat. § 355.2-313, *et seq.*;

t. La. Rev. Stat § 9:2800.53(6) , *et seq.*;

u. 11 M.R.S.A. § 2-313, *et seq.*.;

v. Md. Code Ann., Com. Law § 2-313, *et seq.*;

w. Mass. Code 106, § 2-313, *et seq.*;

x. Mich. Comp. Laws 440.2313, *et seq.*;

y. Minn. Stat. § 336.2-313, *et seq.*;

z. Miss. Code § 75-2-313, *et seq.*;

aa. Mo. Rev. Stat. § 400.2-313, *et seq.*;

bb. Mont. Code § 30-2-313, *et seq.*;

cc. Neb. U.C.C. § 2-313, *et seq.*;

dd. Nev. Rev. Stat. § 104.2313, *et seq.*;

ee.   N.H. Rev. Stat. § 382-A:2-313, *et seq.*;

ff.   N.J. Stat. § 12A:2-313, *et seq.*;

gg.   N.M. Stat. § 55-2-313, *et seq.*;

hh.   N.Y. U.C.C. § 2-313, *et seq.*;

ii.   N.C. Gen. Stat. § 25-2-313, *et seq.*;

jj.   N.D. Cent. Code § 41-02-30, *et seq.*.;

kk.   Ohio Rev. Code § 1302.26, *et seq.*;

ll.   Okla. Stat. Tit. 12A, § 2-313, *et seq.*;

mm.   Or. Rev. Stat. § 72.3130, *et seq.*;

nn.   13 Pa. Cons. Stat. § 2313, *et seq.*;

oo.   R.I. Gen. Laws § 6A-2-313, *et seq.*;

pp.   S.C. Code § 36-2-313, *et seq.*.;

qq.   S.D. Codified Laws § 57A-2-313, *et seq.*;

rr.   Tenn. Code § 47-2- 313, *et seq.*;

ss.   V.T.C.A., Bus. & C. § 2.313, *et seq.*.;

tt.   Utah Code § 70A-2-313, *et seq.* ;

uu.   Vt. Stat. Tit. 9A, § 2-313, *et seq.* ;

vv.   Va. Code § 8.2-313, *et seq.* ;

ww.   Wash. Rev. Code § 62A.2-313, *et seq.* ;

xx.   W. Va. Code § 46-2-313, *et seq.* ;

yy.   Wis. Stat. § 402.313, *et seq.* ;

zz.   Wyo. Stat. § 34.1-2-314, *et seq.*;

aaa.   American Samoa Code Ann. § 27.0701, *et seq.*;

bbb.   13 Guam Code Ann. § 2313, *et seq.*;

ccc.   5 C.M.C. § 2313, *et seq.*; and

ddd.    11A Virgin Is. Code § 2-213, *et seq.*

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 313 so as to admit or deny them, and on that basis deny them.

314.    Defendants' conduct described herein also constitutes a breach of express warranties under the common law of Puerto Rico.

**ANSWER:**    Defendants deny that they breached Puerto Rican common law. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 314 so as to admit or deny them, and on that basis deny them.

315.    Defendants' breach of warranties was a substantial factor in bringing about Plaintiffs' and the Class members' injuries.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 315 so as to admit or deny them, and on that basis deny them.

316.    Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members.

Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 316 so as to admit or deny them, and on that basis deny them.

317.     Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the toxic nature of Defendants' products (i.e., the "Toxic Defect"), in an amount to be determined at trial.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 317 so as to admit or deny them, and on that basis deny them.

318.     Further, as a direct and proximate result of each Defendant's breach of its express warranty, Medical Monitoring Plaintiffs and the Medical Monitoring Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 318 so as to admit or deny them, and on that basis deny them.

319.    Medical Monitoring Plaintiffs, on behalf of themselves and the Medical Monitoring Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 319 so as to admit or deny them, and on that basis deny them.

### COUNT 10 — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE
**(Individually and on behalf of the Nationwide Consumer Class and the Medical Monitoring Class against All Defendants)**

320.    Plaintiffs incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

321.    Plaintiffs bring this cause of action individually and on behalf of the Nationwide Consumer Class against all Defendants.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

322. Additionally, Medical Monitoring Plaintiffs bring this cause of action individually and on behalf of the Medical Monitoring Class against Dabur, Namaste, L'Oreal, Luster, McBride Research Laboratories, Inc., Revlon, SoftSheen, and Strength of Nature.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 322 so as to admit or deny them, and on that basis deny them.

323. Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:** Defendants admit that some of them manufacture and all sell hair relaxer products. Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 323 so as to admit or deny them, and on that basis deny them.

324. Prior to the time that Plaintiffs and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiffs, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to

Plaintiffs and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 324 so as to admit or deny them, and on that basis deny them.

325.    Defendants' warranties included, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 325 so as to admit or deny them, and on that basis deny them.

326.    Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiffs and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 326 so as to admit or deny them, and on that basis deny them.

327.    Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer

Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiffs and the other Class members.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 327 so as to admit or deny them, and on that basis deny them.

328. Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 328 so as to admit or deny them, and on that basis deny them.

329. Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 329 so as to admit or deny them, and on that basis deny them.

330. At the time that Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiffs

and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 330 so as to admit or deny them, and on that basis deny them.

331.     Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 331 so as to admit or deny them, and on that basis deny them.

332.     Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 332 so as to admit or deny them, and on that basis deny them.

333.     Plaintiffs and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 333 so as to admit or deny them, and on that basis deny them.

334.    Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny making any "misrepresentations."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 334 so as to admit or deny them, and on that basis deny them.

335.    Defendants' conduct described in this Complaint constitutes a breach of implied warranties under the following statutes:

a.    Ala. Code § 7-2-314, *et seq.*;

b.    Alaska Stat. § 45.02.314, *et seq.*;

c.    Ariz. Rev. Stat. § 47-2314, *et seq.*;

d.    Ark. Code § 4-2-314, *et seq.*;

e.    Cal. Com. Code § 2314, *et seq.*;

f.    Cal. Civ. Code § 1790, *et seq.*;

g.    Colo. Rev. Stat. § 4-2-314, *et seq.*;

h.    Conn. Gen. Stat. § 42a-2-314, *et seq.*;

i.    6 Del. C. § 2-314, *et seq.*;

j.    D.C. Code § 28:2-314, *et seq..*;

k.    Fla. Code § 672.314, *et seq.*;

l.      O.C.G.A. § 11-2-314, *et seq.*;

m.     Haw. Rev. Stat. § 490:2-314, *et seq.*;

n.     Idaho Code § 28-2-314, *et seq.*;

o.     810 Ill. Comp. Stat. 5/2-314, *et seq.*;

p.     Ind. Code § 26-1-2-314, *et seq.*;

q.     Iowa Code § 554.2314, *et seq.*;

r.     Kan. Stat. § 84-2-314, *et seq.*;

s.     Ky. Rev. Stat. § 355.2-314, *et seq.*.;

t.     La. Rev. Stat § 9:2800.53(6) , *et seq.*;

u.     11 M.R.S.A. § 2-314, *et seq.*.;

v.     Md. Code Ann., Com. Law § 2-314, *et seq.* ;

w.     Mass. Code 106, § 2-314, *et seq.* ;

x.     Mich. Comp. Laws 440.2314, *et seq.* ;

y.     Minn. Stat. § 336.2-314, *et seq.* ;

z.     Miss. Code § 75-2-314, *et seq.* ;

aa.    Mo. Rev. Stat. § 400.2-314, *et seq.* ;

bb.    Mont. Code § 30-2-314, *et seq.* ;

cc.    Neb. U.C.C. § 2-314, *et seq.* ;

dd.    Nev. Rev. Stat. § 104.2314, *et seq.* ;

ee.    N.H. Rev. Stat. § 382-A:2-314, *et seq.* ;

ff.    N.J. Stat. § 12A:2-314, *et seq.* ;

gg.    N.M. Stat. § 55-2-314, *et seq.* ;

hh.    N.Y. U.C.C. § 2-314, *et seq.* ;

ii.    N.C. Gen. Stat. § 25-2-314, *et seq.* ;

jj.    N.D. Cent. Code § 41-02-30, *et seq.* ;

kk.     Ohio Rev. Code § 1302.26, *et seq.* ;

ll.     Okla. Stat. Tit. 12A, § 2-314, *et seq.* ;

mm.     Or. Rev. Stat. § 72.3130, *et seq.* ;

nn.     13 Pa. Cons. Stat. § 2314, *et seq.* ;

oo.     R.I. Gen. Laws § 6A-2-314, *et seq.* ;

pp.     S.C. Code § 36-2-313, *et seq.* ;

qq.     S.D. Codified Laws § 57A-2-313, *et seq.* ;

rr.     Tenn. Code § 47-2- 314, *et seq.* ;

ss.     V. T .C .A. , Bus. & C. § 2.314, *et seq.* ;

tt.     Utah Code § 70A-2-314, *et seq.* ;

uu.     Vt. Stat. Tit. 9A, § 2-314, *et seq.* ;

vv.     Va. Code § 8.2-314, *et seq.* ;

ww.     Wash. Rev. Code § 62A.2-314, *et seq.* ;

xx.     W. Va. Code § 46-2-314, *et seq.* ;

yy.     Wis. Stat. § 402.314, *et seq.* ;

zz.     Wyo. Stat. § 34.1-2-314, *et seq.* ;

aaa.     American Samoa Code Ann. § 27.0701, *et seq.* ;

bbb.     13 Guam Code Ann. §§ 2314 and 2315, *et seq.* ;

ccc.     5 C.M.C. §§ 2314 and 2315, *et seq.* ; and

ddd.     11A Virgin Is. Code §§ 2-214 and 2-215, *et seq.*

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 335 so as to admit or deny them, and on that basis deny them.

336.    Defendants' conduct described in this Complaint also constitutes a breach of implied warranties under the common law of Puerto Rico.

**ANSWER:**    Defendants deny that they breached Puerto Rican common law. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 336 so as to admit or deny them, and on that basis deny them.

337.    Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiffs and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 337 so as to admit or deny them, and on that basis deny them.

338.    Defendants' breach of warranties were a substantial factor in causing Plaintiffs' and the other Class members' injuries.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 338 so as to admit or deny them, and on that basis deny them.

339.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by

Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss, and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 339 so as to admit or deny them, and on that basis deny them.

340.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 340 so as to admit or deny them, and on that basis deny them.

341.    Plaintiffs did not need to send (additional) notice to Defendants of their violations of the above-referenced statutes because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 341 so as to admit or deny them, and on that basis deny them.

342.    Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 342 so as to admit or deny them, and on that basis deny them.

343.    Additionally, as a direct and proximate result of each Defendant's wrongful conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 343 so as to admit or deny them, and on that basis deny them.

344.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 344 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 11— FRAUDULENT OMISSION**
**(Individually and on Behalf of the Nationwide Consumer Class Against All Defendants)**

</div>

345.     Plaintiffs incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

346.     Plaintiffs bring this cause of action individually and on behalf of the Nationwide Consumer Class against all Defendants.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

347.     Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

348.     At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

349.     Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

350.     From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair

Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

351. Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

352. Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

353. Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

354. In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other

Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

355.    As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

356.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

357.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

358.    Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

## VII.    CAUSES OF ACTION BROUGHT ON BEHALF OF THE STATEWIDE CLASSES

### A.    Alabama

### COUNT 12 — VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES "ACT
**(Individually and on Behalf of the Alabama Consumer Class Against Defendants L'Oreal, SoftSheen, Avlon, JF Labs, Dabur, Namaste, and House of Cheatham)**

359.    Plaintiffs Harris and Provo ("Plaintiffs," for purposes of the Alabama Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

360.    Plaintiffs bring this cause of action individually and on behalf of the Alabama Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

361.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 361 so as to admit or deny them, and on that basis deny them.

362.    Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

    a.    Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

    b.    Representing that goods are of a particular standard, quality, or grade if they are of another; and

    c.    Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 362 so as to admit or deny them, and on that basis deny them.

363. Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Alabama Deceptive Trade Practices Act.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 363 so as to admit or deny them, and on that basis deny them.

364. Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:** Defendants deny that Plaintiffs and the other Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 364 so as to admit or deny them, and on that basis deny them.

365.    By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 365 so as to admit or deny them, and on that basis deny them.

366.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Defendants deny that Plaintiffs and the other Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 366 so as to admit or deny them, and on that basis deny them.

367.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 367 so as to admit or deny them, and on that basis deny them.

368.     Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 368 so as to admit or deny them, and on that basis deny them.

369.     Plaintiffs did not need to send (additional) notice to Defendants of their violations of the Alabama Deceptive Trade Practices Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 369 so as to admit or deny them, and on that basis deny them.

370.     Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 370 so as to admit or deny them, and on that basis deny them.

<u>COUNT 13 — UNJUST ENRICHMENT</u>
**(Individually and on Behalf of the Alabama Consumer Class Against Defendants L'Oreal, SoftSheen, Avlon, JF Labs, Dabur, Namaste, and House of Cheatham)**

371. Plaintiffs Harris and Provo ("Plaintiffs," for purposes of the Alabama Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

372. Plaintiffs bring this cause of action individually and on behalf of the Alabama Consumer Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

373. As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 373 so as to admit or deny them, and on that basis deny them.

374.    In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 374 so as to admit or deny them, and on that basis deny them.

375.    As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 375 so as to admit or deny them, and on that basis deny them.

376.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 376 so as to admit or deny them, and on that basis deny them.

377. At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 377 so as to admit or deny them, and on that basis deny them.

378. Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 378 so as to admit or deny them, and on that basis deny them.

379. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without

justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 379 so as to admit or deny them, and on that basis deny them.

380.    Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 380 so as to admit or deny them, and on that basis deny them.

381.    Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 381 so as to admit or deny them, and on that basis deny them.

382.    Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 382 so as to admit or deny them, and on that basis deny them.

### COUNT 14 — BREACH OF EXPRESS WARRANTY
**(Individually and on Behalf of the Alabama Consumer Class Against Defendants L'Oreal, SoftSheen, Avlon, JF Labs, Dabur, Namaste, and House of Cheatham)**

383.    Plaintiffs Harris and Provo ("Plaintiffs," for purposes of the Alabama Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

384.    Plaintiffs bring this cause of action individually and on behalf of the Alabama Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

385.    As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 385 so as to admit or deny them, and on that basis deny them.

386.     Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 386 so as to admit or deny them, and on that basis deny them.

387.     Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 387 so as to admit or deny them, and on that basis deny them.

388.     Defendants breached its express warranties under Ala. Code § 7-2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**     Defendants deny that they breached express warranties under Ala. Code § 7-2-313, *et seq*.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 388.

389.     Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 389 so as to admit or deny them, and on that basis deny them.

390.     Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 390 so as to admit or deny them, and on that basis deny them.

## COUNT 15 - FRAUDULENT OMISSION

**(Individually and on Behalf of the Alabama Consumer Class Against Defendants L'Oreal, SoftSheen, Avlon, JF Labs, Dabur, Namaste, and House of Cheatham)**

391.     Plaintiffs Harris and Provo ("Plaintiffs," for purposes of the Alabama Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

392.     Plaintiffs bring this cause of action individually and on behalf of the Alabama Consumer Class.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

393.     Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

394.     At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products,

including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

395. Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

396. From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

397.    Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

398.    Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

399.    Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

400.    In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

401.    As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

402.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

403.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

404.    Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result

of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

    **B.**    **Arizona**

<div align="center">

**COUNT 16 — NEGLIGENCE**
**(Individually and on Behalf of the Arizona Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)**

</div>

405.    Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

406.    Plaintiffs bring this cause of action individually and on behalf of the Arizona Medical Monitoring Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

407.    At all relevant times, each Defendant had a duty to exercise reasonable care in the manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, labeling, packaging, selling, and distributing of their hair relaxer products.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 407 so as to admit or deny them, and on that basis deny them.

408. Each Defendant owed a duty of care to Plaintiffs and the other Class members to ensure that the Toxic Hair Relaxer Products it sold in the United States were safe for human consumption, contained only the ingredients stated on the label, and were not adulterated.

**ANSWER:** Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 408 so as to admit or deny them, and on that basis deny them.

409. Defendants' duty to exercise reasonable care in the advertising and sale of their hair relaxer products included a duty to warn Plaintiffs and the other Class members of the risks and dangers associated with their Toxic Hair Relaxer Products that were known or should have been known to Defendants at the time of the sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members, including that the products were contained ingredients not specified on the label that were likely to cause harm to consumers.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 409 so as to admit or deny them, and on that basis deny them.

410. Defendants also owed a continuing duty to Plaintiffs and the other Class members to remove, recall, or retrofit the unsafe and/or defective Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 410 so as to admit or deny them, and on that basis deny them.

411.    At all relevant times, Defendants knew or should have known through the exercise of reasonable care of the dangers associated with the normal and/or intended use of their hair relaxer products. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products significantly increase the risk of uterine and ovarian cancer.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 411 so as to admit or deny them, and on that basis deny them.

412.    Each Defendant owed a duty of care to Plaintiffs and the other Class members because they were foreseeable, reasonable, and probable users of Toxic Hair Relaxer Products. Each Defendant knew or should have known that its Toxic Hair Relaxer Products were harmful to humans, contained ingredients other than those stated, and/or were adulterated, and each was in the best position to uncover and remedy these shortcomings.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 412 so as to admit or deny them, and on that basis deny them.

413.    At all relevant times, Defendants knew, or should have known through the exercise of reasonable care, that ordinary consumers such as Plaintiffs and the other Class members would not realize the potential risks and dangers of their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 413 so as to admit or deny them, and on that basis deny them.

414.    Each Defendant failed to discharge its duty of care. Defendants breached their duty of care by manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, selling, and/or distributing their Toxic Hair Relaxer Products negligently, recklessly, and/or with extreme carelessness, and by failing to adequately warn of the risks and dangers of their Toxic Hair Relaxer Products—as described in the allegations above. Such breaches include but are not limited to:

    a.    Failing to warn Plaintiffs and the other Class members of the risks and dangers associated with the use of their Toxic Hair Relaxer Products;

    b.    Failing to properly test their Toxic Hair Relaxer Products to determine the adequacy or effectiveness of safety measures, if any, prior to releasing their Toxic Hair Relaxer Products for consumer use;

    c.    Failing to properly test their Toxic Hair Relaxer Products to determine the increased risk of harm to the endocrine system, including uterine and ovarian cancers, during the normal and/or intended use of their Toxic Hair Relaxer Products;

    d.    Designing their Toxic Hair Relaxer Products defectively such that they caused serious injuries or death when used in their intended and reasonably foreseeable manner;

e.      Failing to inform Plaintiffs and the other Class members as to the safe and proper methods of handling and using their Toxic Hair Relaxer Products;

f.      Failing to remove or recall their Toxic Hair Relaxer Products from the market when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

g.      Failing to instruct Plaintiffs and the other Class members as to the methods for reducing exposure to their Toxic Hair Relaxer Products, which caused increased risk of cancer, including uterine and ovarian cancer;

h.      Marketing and labeling their hair relaxer products as safe when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

i.      Claiming in labeling and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above; and

j.      Failing to act like a reasonably prudent company under similar circumstances.

**ANSWER:**      Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 414 so as to admit or deny them, and on that basis deny them.

415.    Each Defendant knew, or should have known through reasonable care, that the aforesaid wrongdoing would foreseeably cause injuries and other damage to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and other damage.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 415 so as to admit or deny them, and on that basis deny them.

416.    Each of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that any acts and/or omissions on their part caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and damages.

417.    Due to Defendants' failure to exercise ordinary care and to comply with the duties associated with selling cosmetic products, Plaintiffs and the other Class members were unable to discover the dangerous nature of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 417 so as to admit or deny them, and on that basis deny them.

418.    Defendants' acts and omissions constitute gross negligence because they constitute a total lack of care and an extreme departure from what a reasonably careful company would do in the same situation to prevent foreseeable harm to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 418 so as to admit or deny them, and on that basis deny them.

419.    . Each Defendant negligently failed to promptly and immediately warn and disclose to Plaintiffs and the other Class members that use of their hair relaxer products would result in harm, and that using their products in the intended manner results in toxicity, delaying notice of this harmful and toxic exposure and thus causing continued exposure and delaying necessary testing, examinations, surveillance, and treatment.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 419 so as to admit or deny them, and on that basis deny them.

420.    Defendants' negligent conduct created and then exacerbated an unreasonable, dangerous condition for Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 420 so as to admit or deny them, and on that basis deny them.

421.    Defendants acted and/or failed to act willfully, and with conscious and reckless disregard for the rights and interests of Plaintiffs and the other Class members, and Defendants' acts and omissions had a great probability of causing significant harm, and in fact it resulted in such harm to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 421 so as to admit or deny them, and on that basis deny them.

422.    Defendants' negligence and gross negligence were a substantial factor in causing and/or contributing to Plaintiffs' and the other Class members' harms.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 422 so as to admit or deny them, and on that basis deny them.

423.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members—including their marketing—was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants further deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of" Plaintiffs and the other putative Class Members' rights and interests and further deny that any alleged injuries purportedly suffered by Plaintiffs and the other putative Class Members were caused by the acts or omissions of Defendants.  Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 423 so as to admit or deny them, and on that basis deny them.

424. As a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 424 so as to admit or deny them, and on that basis deny them.

425. Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge

or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 425 so as to admit or deny them, and on that basis deny them.

## COUNT 17 - NEGLIGENT MISREPRESENTATION/OMISSION
**(Individually and on Behalf of the Arizona Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)**

426.    Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

427.    Plaintiffs bring this cause of action individually and on behalf of the Arizona Medical Monitoring Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

428.    Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

429.    At all relevant times, Defendants had a duty to provide Plaintiffs and the other

Class members with true and accurate information about their Toxic Hair Relaxer Products,

including warnings of any risks they knew of or should have known of related to using their

Toxic Hair Relaxer Products. Defendants knew or should have known about this duty.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

430.    Defendants knew or should have known, based on evolving scientific studies and

research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew

or should have known that their representations about the safety of their Toxic Hair Relaxer

Products were false.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

431.    Defendants breached their duty in representing that their Toxic Hair Relaxer

Products have no serious side effects when they knew or should have known that their products

did cause serious side effects as described herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

432.    From the time Defendants' Toxic Hair Relaxer Products were first tested, studied,

researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the

present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair

Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately

disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic

chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

433.    Additionally, Defendants have a duty to not make false representations with

respect to their Toxic Hair Relaxer Products. At all relevant times, Defendants conducted sales

and marketing campaigns to promote the sale of their Toxic Hair Relaxer Products and willfully

deceived Plaintiffs and the general public about the health risks and adverse consequences of the

use of such products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

434.    Defendants' misrepresentations included but are not limited to the statements in

labels and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or

natural, including but not limited to the marketing assertions quoted and displayed in the facts

alleged above.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

435.     Defendants made such representations and failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

436.     Defendants' misrepresentations and omissions concealed from Plaintiffs and the other Class members that Defendants' Toxic Hair Relaxer Products posed a high risk of unreasonable, dangerous, health conditions, including but not limited to uterine and ovarian cancer.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

437.     Plaintiffs and the other Class members justifiably relied on Defendants' misrepresentations and nondisclosures to their detriment. Specifically, Plaintiffs and the other Class members relied on representations that their Toxic Hair Relaxer Products were safe to use as expected and instructed, when they were not.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

438.     In reliance on the misrepresentations by Defendants, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

439.    As a direct and proximate result of the foregoing negligent misrepresentations by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

440.    Defendants' omission of material facts also induced Plaintiffs and the other Class members into purchasing Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the true facts and the facts concealed by Defendants, Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

441.    Because of the severe nature of the harms caused by Defendants' Toxic Hair Relaxer Products, no reasonable person would have purchased these products if Defendants have fully apprised the public of the dangers associated with these products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

442.     Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

443.     As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

444.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

<div align="center">

**COUNT 18 - NEGLIGENCE PER SE**
**(Individually and on behalf of the Arizona Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)**

</div>

445.    Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

446.    Plaintiffs bring this cause of action individually and on behalf of the Arizona Medical Monitoring Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

447.    The Food, Drug, and Cosmetic Act, 21 U.S.C. ch. 9 § 301 *et seq.,* and its accompanying regulations, are implemented to regulate and promote safety in the design, manufacturing, marketing, branding, labeling, and sale of food, drugs, and cosmetics, including Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

448.     Upon information and belief, Defendants' conduct violated one or more statutes or related regulations, including but not limited to the following:

a.     21 U.S.C. § 331;

b.     21 U.S.C. § 361;

c.     21 U.S. Code § 362; and

d.     21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

449.     Plaintiffs are currently unadvised of the full extent of the federal or state safety laws and regulations that Defendants or their agents may have violated but reserve the right to rely on such safety laws and regulations shown during discovery.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

450.     Defendants' violation of such safety laws and regulations constitutes negligence *per se.*

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

451.     As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

452.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Arizona has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

## COUNT 19 — STRICT LIABILITY: DESIGN DEFECT
**(Individually and on Behalf of the Arizona Medical Monitoring Classes Against Defendants
L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)**

453.     Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona

Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully

set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 452.

454.     Plaintiffs bring this cause of action individually and on behalf of the Arizona

Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

455.     Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer

Products that were used by Plaintiffs and the other Class members, and Defendants were in the

business of selling their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 455 so as to admit or deny them, and on that

basis deny them.

456.     Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and

unreasonably dangerous condition at the time they left Defendants' possession because of their

design. In particular, Defendants' Toxic Hair Relaxer Products were defectively designed

because they caused serious injuries and death, including but not limited to uterine cancer and ovarian cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 456 so as to admit or deny them, and on that basis deny them.

457.    Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiffs and the other Class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 457 so as to admit or deny them, and on that basis deny them.

458.    Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 458 so as to admit or deny them, and on that basis deny them.

459.    Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers as well as direct sale to consumers through retail stores.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 459 so as to admit or deny them, and on that basis deny them.

460.    Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which those products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 460 so as to admit or deny them, and on that basis deny them.

461.    Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 461 so as to admit or deny them, and on that basis deny them.

462.     Defendants knew or should have known that their products were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 462 so as to admit or deny them, and on that basis deny them.

463.     At all times material to Plaintiffs' and the other Class members' claims, there were technologically and economically feasible safer alternative designs that would have prevented or substantially reduced the risk to Plaintiffs and the other Class members without substantially impairing the utility of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 463 so as to admit or deny them, and on that basis deny them.

464.     Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard for the

rights of others." Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 464 so as to admit or deny them, and on that basis deny them.

465. Plaintiffs plead this claim for relief in the broadest sense and seek the full measure of damages allowed under the applicable governing law, including the common law and, where and to the extent applicable, all product liability acts, statutes, and laws.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

466. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of their Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 466 so as to admit or deny them, and on that basis deny them.

467.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 467 so as to admit or deny them, and on that basis deny them.

### COUNT 20 — STRICT LIABILITY: FAILURE TO WARN
**(Individually and on Behalf of the Arizona Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)**

468.     Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

469.     Plaintiffs bring this cause of action individually and on behalf of the Arizona Medical Monitoring Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

470. Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products, which were used by Plaintiffs and the other Class members, and Defendants were in the business of selling Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 470 so as to admit or deny them, and on that basis deny them.

471. Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because they were not accompanied by adequate warnings.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 471 so as to admit or deny them, and on that basis deny them.

472. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products could cause serious injuries and death when used in an intended or reasonably foreseeable manner, including but not limited to uterine and ovarian cancer. Defendants failed to give appropriate and adequate warning of such risks. Nor did Defendants warn that the safety of their Toxic Hair Relaxer Products has not been determined. In fact, Defendants continue to this

day to market and sell their products to consumers without adequate warnings of the risks associated with their products' use or the lack of safety determination.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries or harm purportedly suffered by Plaintiffs.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 472 so as to admit or deny them, and on that basis deny them.

473.     If Defendants had warned Plaintiffs and the other Class members that use of their Toxic Hair Relaxer Products in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, including but not limited to developing uterine and ovarian cancer, and/or that the safety of the Toxic Hair Relaxer Products had not been determined, Plaintiffs and the other Class members would not have used their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 473 so as to admit or deny them, and on that basis deny them.

474.     Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers and directly to consumers through retail stores.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 474 so as to admit or deny them, and on that basis deny them.

475.     Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which their Toxic Hair Relaxer Products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 475 so as to admit or deny them, and on that basis deny them.

476.     Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 476 so as to admit or deny them, and on that basis deny them.

477.     Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 477 so as to admit or deny them, and on that basis deny them.

478.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 478 so as to admit or deny them, and on that basis deny them.

479.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic

screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries or harm purportedly suffered by Plaintiffs and the other Class putative members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 479 so as to admit or deny them, and on that basis deny them.

### COUNT 21 — VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT
**(Individually and on Behalf of the Arizona Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)**

480.     Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

481.     Plaintiffs bring this cause of action individually and on behalf of the Arizona Consumer and Medical Monitoring Classes.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

482.     Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1521 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 482 so as to admit or deny them, and on that basis deny them.

483.     Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

a.     Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

b.     Representing that goods are of a particular standard, quality, or grade if they are of another; and

c.     Advertising goods with the intent not to sell them as advertised.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 483 so as to admit or deny them, and on that basis deny them.

484.     Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their

Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Arizona Consumer Fraud Act.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 484 so as to admit or deny them, and on that basis deny them.

485. Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 485 so as to admit or deny them, and on that basis deny them.

486. By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 486 so as to admit or deny them, and on that basis deny them.

487.     As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 487 so as to admit or deny them, and on that basis deny them.

488.     Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 488 so as to admit or deny them, and on that basis deny them.

489.     Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available

and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 489 so as to admit or deny them, and on that basis deny them.

490.    Plaintiffs did not need to send (additional) notice to Defendants of their violations of the Arizona Consumer Fraud Act because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 490 so as to admit or deny them, and on that basis deny them.

491.    Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 491 so as to admit or deny them, and on that basis deny them.

492.    Further, as a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer

Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 492 so as to admit or deny them, and on that basis deny them.

493. Plaintiffs, on behalf of themselves and the other Medical Monitoring Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 493 so as to admit or deny them, and on that basis deny them.

## COUNT 22 — UNJUST ENRICHMENT
### (Individually and on Behalf of the Arizona Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)

494. Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

495. Plaintiffs bring this cause of action individually and on behalf of the Arizona Consumer Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

496. As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 496 so as to admit or deny them, and on that basis deny them.

497.    In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other putative Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 497 so as to admit or deny them, and on that basis deny them.

498.    As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 498 so as to admit or deny them, and on that basis deny them.

499.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 499 so as to admit or deny them, and on that basis deny them.

500. At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 500 so as to admit or deny them, and on that basis deny them.

501. Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 501 so as to admit or deny them, and on that basis deny them.

502. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 502 so as to admit or deny them, and on that basis deny them.

503.     Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 503 so as to admit or deny them, and on that basis deny them.

504.     Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 504 so as to admit or deny them, and on that basis deny them.

505.     Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 505 so as to admit or deny them, and on that basis deny them.

## COUNT 23 — BREACH OF EXPRESS WARRANTY
**(Individually and on Behalf of the Arizona Consumer and Medical Monitoring Classes
Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)**

506.    Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

507.    Plaintiffs bring this cause of action individually and on behalf of the Arizona Consumer and Medical Monitoring Classes.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

508.    As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 508 so as to admit or deny them, and on that basis deny them.

509.    Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation

of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or concealed any information. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 509 so as to admit or deny them, and on that basis deny them.

510. Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 510 so as to admit or deny them, and on that basis deny them.

511. Defendants breached its express warranties under Ariz. Rev. Stat. § 47-2313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:** Defendants deny that they breached express warranties under Ariz. Rev. Stat. § 47-2313, *et seq.* Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 511 so as to admit or deny them, and on that basis deny them.

512.     Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 512 so as to admit or deny them, and on that basis deny them.

513.     Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other Class members.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 513 so as to admit or deny them, and on that basis deny them.

514.     As a direct and proximate result of each Defendant's breach of its express warranty, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and

potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 514 so as to admit or deny them, and on that basis deny them.

515.     Plaintiffs, on behalf of themselves and the Medical Monitoring Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 515 so as to admit or deny them, and on that basis deny them.

## COUNT 24 — FRAUDULENT OMISSION

### (Individually and on Behalf of the Arizona Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, and Luster)

516.     Plaintiffs Richardson and Washington ("Plaintiffs," for purposes of the Arizona Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

517.    Plaintiffs bring this cause of action individually and on behalf of the Arizona Consumer Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

518.    Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

519.    At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

520.    Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

521.    From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

522.    Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

523.    Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

524.     Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

525.     In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

526.     As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

527.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

528.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

529.    Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

C. **California**

**COUNT 25 — NEGLIGENCE**
**(Individually and on Behalf of the California Medical Monitoring Class Against**
**Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

530.     Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California

Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully

set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.

531.     Plaintiffs bring this cause of action individually and on behalf of the California

Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

532.     At all relevant times, each Defendant had a duty to exercise reasonable care in the

manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing,

labeling, packaging, selling, and distributing of their hair relaxer products.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 532 so as to admit or deny them,

and on that basis deny them.

533.     Each Defendant owed a duty of care to Plaintiffs and the other Class members to

ensure that the Toxic Hair Relaxer Products it sold in the United States were safe for human

consumption, contained only the ingredients stated on the label, and were not adulterated.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 533 so as to admit or deny them, and on that basis deny them.

534.    Defendants' duty to exercise reasonable care in the advertising and sale of their hair relaxer products included a duty to warn Plaintiffs and the other Class members of the risks and dangers associated with their Toxic Hair Relaxer Products that were known or should have been known to Defendants at the time of the sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members, including that the products were contained ingredients not specified on the label that were likely to cause harm to consumers.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 534 so as to admit or deny them, and on that basis deny them.

535.    Defendants also owed a continuing duty to Plaintiffs and the other Class members to remove, recall, or retrofit the unsafe and/or defective Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 535 so as to admit or deny them, and on that basis deny them.

536.    At all relevant times, Defendants knew or should have known through the exercise of reasonable care of the dangers associated with the normal and/or intended use of their

hair relaxer products. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products significantly increase the risk of uterine and ovarian cancer.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 536 so as to admit or deny them, and on that basis deny them.

537. Each Defendant owed a duty of care to Plaintiffs and the other Class members because they were foreseeable, reasonable, and probable users of Toxic Hair Relaxer Products. Each Defendant knew or should have known that its Toxic Hair Relaxer Products were harmful to humans, contained ingredients other than those stated, and/or were adulterated, and each was in the best position to uncover and remedy these shortcomings.

**ANSWER:** Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 537 so as to admit or deny them, and on that basis deny them.

538. At all relevant times, Defendants knew, or should have known through the exercise of reasonable care, that ordinary consumers such as Plaintiffs and the other Class members would not realize the potential risks and dangers of their Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 538 so as to admit or deny them, and on that basis deny them.

539.     Each Defendant failed to discharge its duty of care. Defendants breached their duty of care by manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, selling, and/or distributing their Toxic Hair Relaxer Products negligently, recklessly, and/or with extreme carelessness, and by failing to adequately warn of the risks and dangers of their Toxic Hair Relaxer Products—as described in the allegations above. Such breaches include but are not limited to:

a.     Failing to warn Plaintiffs and the other Class members of the risks and dangers associated with the use of their Toxic Hair Relaxer Products;

b.     Failing to properly test their Toxic Hair Relaxer Products to determine the adequacy or effectiveness of safety measures, if any, prior to releasing their Toxic Hair Relaxer Products for consumer use;

c.     Failing to properly test their Toxic Hair Relaxer Products to determine the increased risk of harm to the endocrine system, including uterine and ovarian cancers, during the normal and/or intended use of their Toxic Hair Relaxer Products;

d.     Designing their Toxic Hair Relaxer Products defectively such that they caused serious injuries or death when used in their intended and reasonably foreseeable manner;

e.     Failing to inform Plaintiffs and the other Class members as to the safe and proper methods of handling and using their Toxic Hair Relaxer Products;

f.     Failing to remove or recall their Toxic Hair Relaxer Products from the market when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

g.      Failing to instruct Plaintiffs and the other Class members as to the methods for reducing exposure to their Toxic Hair Relaxer Products, which caused increased risk of cancer, including uterine and ovarian cancer;

h.      Marketing and labeling their hair relaxer products as safe when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

i.      Claiming in labeling and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above; and

j.      Failing to act like a reasonably prudent company under similar circumstances.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 539 so as to admit or deny them, and on that basis deny them.

540.    Each Defendant knew, or should have known through reasonable care, that the aforesaid wrongdoing would foreseeably cause injuries and other damage to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and other damage.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 540 so as to admit or deny them, and on that basis deny them.

541.    Each of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that any acts and/or omissions on their part caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and damages.

542.    Due to Defendants' failure to exercise ordinary care and to comply with the duties associated with selling cosmetic products, Plaintiffs and the other Class members were unable to discover the dangerous nature of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 542 so as to admit or deny them, and on that basis deny them.

543.    Defendants' acts and omissions constitute gross negligence because they constitute a total lack of care and an extreme departure from what a reasonably careful company would do in the same situation to prevent foreseeable harm to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 543 so as to admit or deny them, and on that basis deny them.

544.    Each Defendant negligently failed to promptly and immediately warn and disclose to Plaintiffs and the other Class members that use of their hair relaxer products would result in harm, and that using their products in the intended manner results in toxicity, delaying notice of

this harmful and toxic exposure and thus causing continued exposure and delaying necessary testing, examinations, surveillance, and treatment.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 544 so as to admit or deny them, and on that basis deny them.

545.    Defendants' negligent conduct created and then exacerbated an unreasonable, dangerous condition for Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 545 so as to admit or deny them, and on that basis deny them.

546.    Defendants acted and/or failed to act willfully, and with conscious and reckless disregard for the rights and interests of Plaintiffs and the other Class members, and Defendants' acts and omissions had a great probability of causing significant harm, and in fact it resulted in such harm to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 546 so as to admit or deny them, and on that basis deny them.

547.    Defendants' negligence and gross negligence were a substantial factor in causing and/or contributing to Plaintiffs' and the other Class members' harms.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 547 so as to admit or deny them, and on that basis deny them.

548.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members—including their marketing—was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants further deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of" Plaintiffs and the other putative Class Members' rights and interests and further deny that any alleged injuries purportedly suffered by Plaintiffs and the other putative Class Members were caused by the acts or omissions of Defendants.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 548 so as to admit or deny them, and on that basis deny them.

549.    As a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject

Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

    **<u>ANSWER:</u>**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 549 so as to admit or deny them, and on that basis deny them.

    550.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

    **<u>ANSWER:</u>**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 550 so as to admit or deny them, and on that basis deny them.

**COUNT 26 — NEGLIGENT MISREPRESENTATION/OMISSION**
**(Individually and on Behalf of the California Medical Monitoring Class Against**
**Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

551.    Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California

Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully

set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order

on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been

dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.

(Dkt. No. 852.)

552.    Plaintiffs bring this cause of action individually and on behalf of the California

Medical Monitoring Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

553.    Through their labeling and advertising, Defendants made representations to

Plaintiffs and the other Class members concerning the active and inactive ingredients in their

Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

554.    At all relevant times, Defendants had a duty to provide Plaintiffs and the other

Class members with true and accurate information about their Toxic Hair Relaxer Products,

including warnings of any risks they knew of or should have known of related to using their Toxic Hair Relaxer Products. Defendants knew or should have known about this duty.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

555. Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that their representations about the safety of their Toxic Hair Relaxer Products were false.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

556. Defendants breached their duty in representing that their Toxic Hair Relaxer Products have no serious side effects when they knew or should have known that their products did cause serious side effects as described herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

557. From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately

disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

558.    Additionally, Defendants have a duty to not make false representations with respect to their Toxic Hair Relaxer Products. At all relevant times, Defendants conducted sales and marketing campaigns to promote the sale of their Toxic Hair Relaxer Products and willfully deceived Plaintiffs and the general public about the health risks and adverse consequences of the use of such products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

559.    Defendants' misrepresentations included but are not limited to the statements in labels and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

560.    Defendants made such representations and failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

561.    Defendants' misrepresentations and omissions concealed from Plaintiffs and the other Class members that Defendants' Toxic Hair Relaxer Products posed a high risk of unreasonable, dangerous, health conditions, including but not limited to uterine and ovarian cancer.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

562.    Plaintiffs and the other Class members justifiably relied on Defendants' misrepresentations and nondisclosures to their detriment. Specifically, Plaintiffs and the other Class members relied on representations that their Toxic Hair Relaxer Products were safe to use as expected and instructed, when they were not.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

563.    In reliance on the misrepresentations by Defendants, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

564.    As a direct and proximate result of the foregoing negligent misrepresentations by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

565.    Defendants' omission of material facts also induced Plaintiffs and the other Class members into purchasing Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the true facts and the facts concealed by Defendants, Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

566.    Because of the severe nature of the harms caused by Defendants' Toxic Hair Relaxer Products, no reasonable person would have purchased these products if Defendants have fully apprised the public of the dangers associated with these products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

567.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious,

oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

568.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

569.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

### COUNT 27 — NEGLIGENCE PER SE
**(Individually and on behalf of the California Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

570.     Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of California has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

571.     Plaintiffs bring this cause of action individually and on behalf of the California Medical Monitoring Class.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of California has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

572.     The Food, Drug, and Cosmetic Act, 21 U.S.C. ch. 9 § 301 *et seq.,* and its accompanying regulations, are implemented to regulate and promote safety in the design, manufacturing, marketing, branding, labeling, and sale of food, drugs, and cosmetics, including Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of California has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

573.    Upon information and belief, Defendants' conduct violated one or more statutes or related regulations, including but not limited to the following:

a.    21 U.S.C. § 331;

b.    21 U.S.C. § 361;

c.    21 U.S. Code § 362; and

d.    21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of California has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

574.    Plaintiffs are currently unadvised of the full extent of the federal or state safety laws and regulations that Defendants or their agents may have violated but reserve the right to rely on such safety laws and regulations shown during discovery.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of California has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

575.     Defendants' violation of such safety laws and regulations constitutes negligence *per se.*

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of California has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

576.     As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of California has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

577.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs'

negligence *per se* claim that arises under the laws of California has been dismissed, and

therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No.

852.)

### COUNT 28 - STRICT LIABILITY: DESIGN DEFECT
**(Individually and on Behalf of the California Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

578.     Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California

Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully

set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.

579.     Plaintiffs bring this cause of action individually and on behalf of the California

Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

580.     Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer

Products that were used by Plaintiffs and the other Class members, and Defendants were in the

business of selling their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 580 so as to admit or deny them, and on that basis deny them.

581.     Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because of their design. In particular, Defendants' Toxic Hair Relaxer Products were defectively designed because they caused serious injuries and death, including but not limited to uterine cancer and ovarian cancer.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 581 so as to admit or deny them, and on that basis deny them.

582.     Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiffs and the other Class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 582 so as to admit or deny them, and on that basis deny them.

583.    Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 583 so as to admit or deny them, and on that basis deny them.

584.    Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers as well as direct sale to consumers through retail stores.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 584 so as to admit or deny them, and on that basis deny them.

585.    Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which those products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 585 so as to admit or deny them, and on that basis deny them.

586. Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 586 so as to admit or deny them, and on that basis deny them.

587. Defendants knew or should have known that their products were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 587 so as to admit or deny them, and on that basis deny them.

588. At all times material to Plaintiffs' and the other Class members' claims, there were technologically and economically feasible safer alternative designs that would have prevented or substantially reduced the risk to Plaintiffs and the other Class members without substantially impairing the utility of Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 588 so as to admit or deny them, and on that basis deny them.

589. Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard for the rights of others." Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 589 so as to admit or deny them, and on that basis deny them.

590. Plaintiffs plead this claim for relief in the broadest sense and seek the full measure of damages allowed under the applicable governing law, including the common law and, where and to the extent applicable, all product liability acts, statutes, and laws.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

591. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of their Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have

suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 591 so as to admit or deny them, and on that basis deny them.

592.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 592 so as to admit or deny them, and on that basis deny them.

## COUNT 29 — STRICT LIABILITY: FAILURE TO WARN
**(Individually and on Behalf of the California Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

593.    Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

594.    Plaintiffs bring this cause of action individually and on behalf of the California Medical Monitoring Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

595.    Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products, which were used by Plaintiffs and the other Class members, and Defendants were in the business of selling Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 595 so as to admit or deny them, and on that basis deny them.

596.    Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because they were not accompanied by adequate warnings.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 596 so as to admit or deny them, and on that basis deny them.

597. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products could cause serious injuries and death when used in an intended or reasonably foreseeable manner, including but not limited to uterine and ovarian cancer. Defendants failed to give appropriate and adequate warning of such risks. Nor did Defendants warn that the safety of their Toxic Hair Relaxer Products has not been determined. In fact, Defendants continue to this day to market and sell their products to consumers without adequate warnings of the risks associated with their products' use or the lack of safety determination.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 597 so as to admit or deny them, and on that basis deny them.

598. If Defendants had warned Plaintiffs and the other Class members that use of their Toxic Hair Relaxer Products in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, including but not limited to developing uterine and ovarian cancer, and/or that the safety of the Toxic Hair Relaxer Products had not been determined, Plaintiffs and the other Class members would not have used their Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 598 so as to admit or deny them, and on that basis deny them.

599.    Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers and directly to consumers through retail stores.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 599 so as to admit or deny them, and on that basis deny them.

600.    Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which their Toxic Hair Relaxer Products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 600 so as to admit or deny them, and on that basis deny them.

601.    Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 601 so as to admit or deny them, and on that basis deny them.

602.     Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 602 so as to admit or deny them, and on that basis deny them.

603.     As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 603 so as to admit or deny them, and on that basis deny them.

604.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 604 so as to admit or deny them, and on that basis deny them.

<u>**COUNT 30 - VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**</u>
**(Individually and on Behalf of the California Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

605.     Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**<u>ANSWER:</u>**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

606.     Plaintiffs bring this cause of action individually and on behalf of the California Consumer and Medical Monitoring Classes.

**<u>ANSWER:</u>**     This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

607.     Defendants engaged in unfair competition, or unfair, unconscionable, deceptive or fraudulent acts or practices, in violation of the California Consumer Legal Remedies Act, Cal. Civil Code § 1750 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class members have suffered and will continue to suffer economic loss and other compensable injuries.

**<u>ANSWER:</u>**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way. Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the balance of the allegations in paragraph 607 so as to admit or deny them, and on that basis deny them.

608.     Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

    a.    Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

    b.    Representing that goods are of a particular standard, quality, or grade if they are of another; and

    c.    Advertising goods with the intent not to sell them as advertised.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 608 so as to admit or deny them, and on that basis deny them.

609.     Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the California Consumer Legal Remedies Act.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 609 so as to admit or deny them, and on that basis deny them.

610. Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 610 so as to admit or deny them, and on that basis deny them.

611. By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 611 so as to admit or deny them, and on that basis deny them.

612. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 612 so as to admit or deny them, and on that basis deny them.

613.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 613 so as to admit or deny them, and on that basis deny them.

614.    Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 614 so as to admit or deny them, and on that basis deny them.

615.    Plaintiffs did not need to send (additional) notice to Defendants of their violations of the California Consumer Legal Remedies Act pled in this Complaint because Defendants were

already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 615 so as to admit or deny them, and on that basis deny them.

616.     Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 616 so as to admit or deny them, and on that basis deny them.

617.     Further, as a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants deny that Plaintiffs and the putative other Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the balance of the allegations in paragraph 617 so as to admit or deny them, and on that basis deny them.

618.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 618 so as to admit or deny them, and on that basis deny them.

### COUNT 31 - VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
**(Individually and on Behalf of the California Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

619.    Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

620.    Plaintiffs bring this cause of action individually and on behalf of the California Consumer and Medical Monitoring Classes.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

621. Defendants engaged in unfair competition, or unfair, unconscionable, deceptive or fraudulent acts or practices, in violation of the California Consumer Legal Remedies Act, Cal. Civil Code § 1750 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class members have suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:** Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way. Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 621 so as to admit or deny them, and on that basis deny them.

622. Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

  a. Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

  b. Representing that goods are of a particular standard, quality, or grade if they are of another; and

  c. Advertising goods with the intent not to sell them as advertised.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 622 so as to admit or deny them, and on that basis deny them.

623.     Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the California Consumer Legal Remedies Act.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 623 so as to admit or deny them, and on that basis deny them.

624.     Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 624 so as to admit or deny them, and on that basis deny them.

625.     By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 625 so as to admit or deny them, and on that basis deny them.

626.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 626 so as to admit or deny them, and on that basis deny them.

627.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 627 so as to admit or deny them, and on that basis deny them.

628.     Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 628 so as to admit or deny them, and on that basis deny them.

629.     Plaintiffs did not need to send (additional) notice to Defendants of their violations of the California Unfair Competition Law pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 629 so as to admit or deny them, and on that basis deny them.

630.     Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 630 so as to admit or deny them, and on that basis deny them.

631.    Further, as a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants deny that Plaintiffs and the putative other Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 631 so as to admit or deny them, and on that basis deny them.

632.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 632 so as to admit or deny them, and on that basis deny them.

<u>**COUNT 32 - UNJUST ENRICHMENT**</u>
**(Individually and on Behalf of the California Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

633.    Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**<u>ANSWER:</u>**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

634.    Plaintiffs bring this cause of action individually and on behalf of the California Consumer Class.

**<u>ANSWER:</u>**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

635.    As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**<u>ANSWER:</u>**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 635 so as to admit or deny them, and on that basis deny them.

636.    In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 636 so as to admit or deny them, and on that basis deny them.

637.    As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 637 so as to admit or deny them, and on that basis deny them.

638.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 638 so as to admit or deny them, and on that basis deny them.

639.     At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 639 so as to admit or deny them, and on that basis deny them.

640.     Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 640 so as to admit or deny them, and on that basis deny them.

641.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 641 so as to admit or deny them, and on that basis deny them.

642.    Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 642 so as to admit or deny them, and on that basis deny them.

643.    Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 643 so as to admit or deny them, and on that basis deny them.

644.    Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 644 so as to admit or deny them, and on that basis deny them.

<u>**COUNT 33 - VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY**</u>
<u>**ACT FOR BREACH OF EXPRESS WARRANTY**</u>
**(Individually and on Behalf of the California Consumer and Medical Monitoring Classes**
**Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

645.     Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California

Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully

set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.

646.     Plaintiffs bring this cause of action individually and on behalf of the California

Consumer and Medical Monitoring Classes.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

647.     Plaintiffs and the other Class members are "buyers" within the meaning of

California Civil Code § 1791(b) and (h), the Toxic Hair Relaxer Products are "consumer goods"

within the meaning of California Civil Code § 1791(a), and Defendants are "manufacturers" of

the Toxic Hair Relaxer Products within the meaning of California Civil Code § 1791(j).

**ANSWER:**     This paragraph consists of legal conclusions, and therefore no response is

required.  To the extent that a response is required, Defendants are without sufficient knowledge

or information to form a belief as to the truth or falsity of the allegations in paragraph 647 so as

to admit or deny them, and on that basis deny them.

648.     As detailed above, Defendants, through their written literature, packaging and

labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer

Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 648 so as to admit or deny them, and on that basis deny them.

649.    Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 649 so as to admit or deny them, and on that basis deny them.

650.    Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 650 so as to admit or deny them, and on that basis deny them.

651.    Defendants breached its express warranties because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 651.

652.    Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other Class members.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 652 so as to admit or deny them, and on that basis deny them.

653.    Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 653 so as to admit or deny them, and on that basis deny them.

654.    As a direct and proximate result of each Defendant's breach of its express warranty, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 654 so as to admit or deny them, and on that basis deny them.

655.    Plaintiffs, on behalf of themselves and the Medical Monitoring Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 655 so as to admit or deny them, and on that basis deny them.

**COUNT 34 — VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE**
**(Individually and on Behalf of the California Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

656.    Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

657.    Plaintiffs bring this cause of action individually and on behalf of the California Consumer and Medical Monitoring Classes.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

658.    Plaintiffs and the other Class members are "buyers" within the meaning of California Civil Code § 1791(b) and (h), the Toxic Hair Relaxer Products are "consumer goods" within the meaning of California Civil Code § 1791(a), and Defendants are "manufacturers" of the Toxic Hair Relaxer Products within the meaning of California Civil Code § 1791(j).

**ANSWER:**    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 658 so as to admit or deny them, and on that basis deny them.

659.     Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**     Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 659 so as to admit or deny them, and on that basis deny them.

660.     Prior to the time that Plaintiffs and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiffs, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiffs and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 660 so as to admit or deny them, and on that basis deny them.

661.     Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 661 so as to admit or deny them, and on that basis deny them.

662.    Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiffs and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 662 so as to admit or deny them, and on that basis deny them.

663.    Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 663 so as to admit or deny them, and on that basis deny them.

664.    Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 664 so as to admit or deny them, and on that basis deny them.

665.    Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 665 so as to admit or deny them, and on that basis deny them.

666.    At the time that Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiffs and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 666 so as to admit or deny them, and on that basis deny them.

667.    Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 667 so as to admit or deny them, and on that basis deny them.

668.    Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 668 so as to admit or deny them, and on that basis deny them.

669.    Plaintiffs and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 669 so as to admit or deny them, and on that basis deny them.

670.    Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 670 so as to admit or deny them, and on that basis deny them.

671.    Defendants' breach of warranties were a substantial factor in causing Plaintiffs' and the other Class members' injuries.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 671 so as to admit or deny them, and on that basis deny them.

672.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 672 so as to admit or deny them, and on that basis deny them.

673.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the

rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 673 so as to admit or deny them, and on that basis deny them.

674.    Plaintiffs and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 674 so as to admit or deny them, and on that basis deny them.

675.    Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 675 so as to admit or deny them, and on that basis deny them.

676.    As a direct and proximate result of each Defendant's wrongful conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject

Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 676 so as to admit or deny them, and on that basis deny them.

677. Plaintiffs, on behalf of themselves and the Medical Monitoring Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 677 so as to admit or deny them, and on that basis deny them.

## COUNT 35 — FRAUDULENT OMISSION
**(Individually and on Behalf of the California Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, and McBride)**

678. Plaintiffs Meadows and Vaughn ("Plaintiffs," for purposes of the California Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

679.    Plaintiffs bring this cause of action individually and on behalf of the California Consumer Class.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

680.    Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

681.    At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

682.     Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

683.     From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

684.     Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

685.     Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

686.     Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

687.     In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

688.     As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

689.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

690.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

691.    Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

D.    **Colorado**

**COUNT 36 — VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT**
**(Individually and on Behalf of the Colorado Consumer Class Against Defendant Strength of Nature)**

692.    Plaintiff Duncan ("Plaintiff," for purposes of the Colorado Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

693.    Plaintiff brings this cause of action individually and on behalf of the Colorado Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

694.    Defendant engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.,* when it misled consumers regarding the safety risks associated with use of its Toxic Hair Relaxer Products. As a direct result of Defendant's deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way. Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or

omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 694 so as to admit or deny them, and on that basis deny them.

695.    Defendant's deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

        a.    Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

        d.    Representing that goods are of a particular standard, quality, or grade if they are of another; and

        e.    Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 695 so as to admit or deny them, and on that basis deny them.

696.    Defendant's actions and failure to act—including its false and misleading representations and omissions of material facts regarding the safety and potential risks of its Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendant of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendant's merchandise, in violation of the Colorado Consumer Protection Act.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 696 so as to admit or deny them, and on that basis deny them.

697.    Defendant's unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 697 so as to admit or deny them, and on that basis deny them.

698.    By reason of the unlawful acts engaged in by Defendant, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 698 so as to admit or deny them, and on that basis deny them.

699.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendant's Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendant, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 699 so as to admit or deny them, and on that basis deny them.

700.     Defendant's conduct with respect to its design and sale of its Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendant's conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 700 so as to admit or deny them, and on that basis deny them.

701.     Due to the above, Defendant is liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 701 so as to admit or deny them, and on that basis deny them.

702.     Plaintiff did not need to send (additional) notice to Defendant of its violations of the Colorado Consumer Protection Act pled in this Complaint because Defendant was already on

notice of the defects alleged herein and of Defendant's related violations. Defendant received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 702 so as to admit or deny them, and on that basis deny them.

703. Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendant's products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 703 so as to admit or deny them, and on that basis deny them.

## COUNT 37 — UNJUST ENRICHMENT
### (Individually and on Behalf of the Colorado Consumer Class Against Defendant Strength of Nature)

704. Plaintiff Duncan ("Plaintiff," for purposes of the Colorado Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

705. Plaintiff brings this cause of action individually and on behalf of the Colorado Consumer Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

706. As a result of Defendant's wrongful and deceptive conduct, Defendant knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 706 so as to admit or deny them, and on that basis deny them.

707. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:** Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 707 so as to admit or deny them, and on that basis deny them.

708. As an intended and expected result of Defendant's conscious wrongdoing as set forth in this Complaint, Defendant has profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 708 so as to admit or deny them, and on that basis deny them.

709.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 709 so as to admit or deny them, and on that basis deny them.

710.     At the time their payments were made, Plaintiff and the other Class members expected that Defendant's Toxic Hair Relaxer Products were safe and effective in the ways Defendant had represented, and could safely be used for the purposes Defendant advertised its Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 710 so as to admit or deny them, and on that basis deny them.

711.     Defendant has voluntarily accepted and retained these payments with full knowledge that, as a result of its wrongdoing, Plaintiff and the other Class members paid for Defendant's Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendant to provide Plaintiff and the other Class members with the remuneration expected enriched Defendant unjustly.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 711 so as to admit or deny them, and on that basis deny them.

712.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 712 so as to admit or deny them, and on that basis deny them.

713.     Defendant's retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendant to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 713 so as to admit or deny them, and on that basis deny them.

714.     Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 714 so as to admit or deny them, and on that basis deny them.

715.     Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendant's wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 715 so as to admit or deny them, and on that basis deny them.

## COUNT 38 - BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Colorado Consumer Class Against Defendant Strength of Nature)

716.     Plaintiff Duncan ("Plaintiff," for purposes of the Colorado Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

717.     Plaintiff brings this cause of action individually and on behalf of the Colorado Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

718.     As detailed above, Defendant, through its written literature, packaging and labeling, and through its advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 718 so as to admit or deny them, and on that basis deny them.

719.     Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendant breached this express warranty because its Toxic Hair Relaxer Products are not safe.  To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 719 so as to admit or deny them, and on that basis deny them.

720.     Plaintiff and the other Class members read and relied on these express warranties provided by Defendant in the packaging and written advertisements.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 720 so as to admit or deny them, and on that basis deny them.

721.     Defendant breached its express warranties under Colo. Rev. Stat. § 4-2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**     Defendants deny that they breached express warranties under Colo. Rev. Stat. § 4-2-313, *et seq.*  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 721.

722.     Defendant knew or should have known that the Toxic Hair Relaxer Products did not conform to its express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 722 so as to admit or deny them, and on that basis deny them.

723.     Plaintiff and the other Class members have suffered harm on account of Defendant's breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 723 so as to admit or deny them, and on that basis deny them.

## COUNT 39 — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE
**(Individually and on Behalf of the Colorado Consumer Class Against Defendant Strength of Nature)**

724.    Plaintiff Duncan ("Plaintiff," for purposes of the Colorado Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

725.    Plaintiff brings this cause of action individually and on behalf of the Colorado Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

726.    Defendant is in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**     Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products.

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 726 so as to admit or deny them, and on that basis deny them.

727.    Prior to the time that Plaintiff and the other Class members purchased and/or used Defendant's Toxic Hair Relaxer Products, Defendant knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendant's Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendant also impliedly warranted to Plaintiff and the other Class members that its Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 727 so as to admit or deny them, and on that basis deny them.

728.    Defendant's warranties include, but are not limited to, the warranties that its Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 728 so as to admit or deny them, and on that basis deny them.

729.    Defendant breached the implied warranties of its Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary

purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 729 so as to admit or deny them, and on that basis deny them.

730.    Defendant's Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendant, because its Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 730 so as to admit or deny them, and on that basis deny them.

731.    Similarly, Defendant's Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendant's Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendant's control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 731 so as to admit or deny them, and on that basis deny them.

732.    Defendant's Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendant's control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 732 so as to admit or deny them, and on that basis deny them.

733.    At the time that Plaintiff and the other Class members purchased or used Defendant's Toxic Hair Relaxer Products, Defendant knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendant's misrepresentations regarding safety.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 733 so as to admit or deny them, and on that basis deny them.

734.    Plaintiff and the other Class members purchased or used Defendant's Toxic Hair Relaxer Products reasonably relying upon Defendant's implied warranties.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 734 so as to admit or deny them, and on that basis deny them.

735.    Plaintiff and the other Class members used Defendant's Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendant.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 735 so as to admit or deny them, and on that basis deny them.

736.     Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendant's implied warranties were false, or that Defendant's Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 736 so as to admit or deny them, and on that basis deny them.

737.     Plaintiff and the other Class members would not have purchased or used Defendant's Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendant's Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 737 so as to admit or deny them, and on that basis deny them.

738.     Defendant's conduct described in this Complaint constitutes a breach of implied warranties under Colo. Rev. Stat. § 4-2-314, *et seq.*

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge

or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 738 so as to admit or deny them, and on that basis deny them.

739.    Defendant's Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendant is a supplier and/or warrantor of the defective Toxic Hair Relaxer Products, and Defendant breached its implied warranties as described above.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 739 so as to admit or deny them, and on that basis deny them.

740.    Defendant's breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 740 so as to admit or deny them, and on that basis deny them.

741.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendant's Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendant, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to

the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 741 so as to admit or deny them, and on that basis deny them.

742. Defendant's conduct with respect to the design and sale of its Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 742 so as to admit or deny them, and on that basis deny them.

743. Plaintiff and the other Class members did not need to send (additional) notice to Defendant of its breaches of warranty because Defendant was already on notice of the defects alleged herein and of Defendant's related violations. Defendant received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 743 so as to admit or deny them, and on that basis deny them.

744.    Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendant's breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 744 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 40 — FRAUDULENT OMISSION**
**(Individually and on Behalf of the Colorado Consumer Class Against Defendant Strength of Nature)**

</div>

745.    Plaintiff Duncan ("Plaintiff," for purposes of the Colorado Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

746.    Plaintiff brings this cause of action individually and on behalf of the Colorado Consumer Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

747.    Through its labeling and advertising, Defendant made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in its Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

748.    At all relevant times, Defendant had a duty to provide Plaintiff and the other Class members with true and accurate information about its Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by its Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

749.    Defendant knew or should have known, based on evolving scientific studies and research, of the safety risks associated with its Toxic Hair Relaxer Products. Defendant knew or should have known that it had a duty to both learn and disclose the dangers associated with its Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

750.    From the time Defendant's Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendant failed to disclose material facts regarding the safety of its Toxic Hair Relaxer

Products to Plaintiff or the other Class members. Defendant failed to fulfill its duty to accurately disclose in its labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

751.    Defendant failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using its hair relaxer products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

752.    Such failures to disclose on the part of Defendant amount to fraudulent omission.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

753.    Plaintiff and the other Class members justifiably relied on Defendant's nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

754.    In reliance on Defendant's omissions, Plaintiff and the other Class members were induced to purchase and use Defendant's Toxic Hair Relaxer Products. If Plaintiff and the other

Class members had known of the facts concealed by Defendant, including facts revealing the toxic nature of Defendant's products, then Plaintiff and the other Class members would not have purchased or used Defendant's Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

755. As a direct and proximate result of the foregoing fraudulent omissions by Defendant, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

756. As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendant's Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

757. Defendant's conduct with respect to the design and sale of its Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

758. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendant's fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

    E.    **District of Columbia**

**COUNT 41 — NEGLIGENCE**
**(Individually and on Behalf of the District of Columbia Medical Monitoring Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

759. Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

760. Plaintiff brings this cause of action individually and on behalf of the District of Columbia Medical Monitoring Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

761.     At all relevant times, each Defendant had a duty to exercise reasonable care in the manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, labeling, packaging, selling, and distributing of their hair relaxer products.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 761 so as to admit or deny them, and on that basis deny them.

762.     Each Defendant owed a duty of care to Plaintiff and the other Class members to ensure that the Toxic Hair Relaxer Products it sold in the United States were safe for human consumption, contained only the ingredients stated on the label, and were not adulterated.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 762 so as to admit or deny them, and on that basis deny them.

763.     Defendants' duty to exercise reasonable care in the advertising and sale of their hair relaxer products included a duty to warn Plaintiff and the other Class members of the risks and dangers associated with their Toxic Hair Relaxer Products that were known or should have been known to Defendants at the time of the sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members, including that the products were contained ingredients not specified on the label that were likely to cause harm to consumers.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the balance of the allegations in paragraph 763 so as to admit or deny them, and on that basis deny them.

764.     Defendants also owed a continuing duty to Plaintiff and the other Class members to remove, recall, or retrofit the unsafe and/or defective Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 764 so as to admit or deny them, and on that basis deny them.

765.     At all relevant times, Defendants knew or should have known through the exercise of reasonable care of the dangers associated with the normal and/or intended use of their hair relaxer products. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products significantly increase the risk of uterine and ovarian cancer.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 765 so as to admit or deny them, and on that basis deny them.

766.     Each Defendant owed a duty of care to Plaintiff and the other Class members because they were foreseeable, reasonable, and probable users of Toxic Hair Relaxer Products. Each Defendant knew or should have known that its Toxic Hair Relaxer Products were harmful to humans, contained ingredients other than those stated, and/or were adulterated, and each was in the best position to uncover and remedy these shortcomings.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form

a belief as to the truth or falsity of the balance of the allegations in paragraph 766 so as to admit or deny them, and on that basis deny them.

767.     At all relevant times, Defendants knew, or should have known through the exercise of reasonable care, that ordinary consumers such as Plaintiff and the other Class members would not realize the potential risks and dangers of their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 767 so as to admit or deny them, and on that basis deny them.

768.     Each Defendant failed to discharge its duty of care. Defendants breached their duty of care by manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, selling, and/or distributing their Toxic Hair Relaxer Products negligently, recklessly, and/or with extreme carelessness, and by failing to adequately warn of the risks and dangers of their Toxic Hair Relaxer Products—as described in the allegations above. Such breaches include but are not limited to:

a.     Failing to warn Plaintiff and the other Class members of the risks and dangers associated with the use of their Toxic Hair Relaxer Products;

b.     Failing to properly test their Toxic Hair Relaxer Products to determine the adequacy or effectiveness of safety measures, if any, prior to releasing their Toxic Hair Relaxer Products for consumer use;

c.     Failing to properly test their Toxic Hair Relaxer Products to determine the increased risk of harm to the endocrine system, including uterine and ovarian cancers, during the normal and/or intended use of their Toxic Hair Relaxer Products;

d.      Designing their Toxic Hair Relaxer Products defectively such that they caused serious injuries or death when used in their intended and reasonably foreseeable manner;

e.      Failing to inform Plaintiff and the other Class members as to the safe and proper methods of handling and using their Toxic Hair Relaxer Products;

f.      Failing to remove or recall their Toxic Hair Relaxer Products from the market when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

g.      Failing to instruct Plaintiff and the other Class members as to the methods for reducing exposure to their Toxic Hair Relaxer Products, which caused increased risk of cancer, including uterine and ovarian cancer;

h.      Marketing and labeling their hair relaxer products as safe when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

i.      Claiming in labeling and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above; and

j.      Failing to act like a reasonably prudent company under similar circumstances.

**ANSWER:**      Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 768 so as to admit or deny them, and on that basis deny them.

769.    Each Defendant knew that the aforesaid wrongdoing would damage Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries and other damage.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 769 so as to admit or deny them, and on that basis deny them.

770.    Each Defendant knew, or should have known through reasonable care, that the aforesaid wrongdoing would foreseeably cause injuries and other damage to Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries and other damage.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 770 so as to admit or deny them, and on that basis deny them.

771.    Due to Defendants' failure to exercise ordinary care and to comply with the duties associated with selling cosmetic products, Plaintiffs and the other Class members were unable to discover the dangerous nature of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 771 so as to admit or deny them, and on that basis deny them.

772.     Defendants' acts and omissions constitute gross negligence because they constitute a total lack of care and an extreme departure from what a reasonably careful company would do in the same situation to prevent foreseeable harm to Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 772 so as to admit or deny them, and on that basis deny them.

773.     Each Defendant negligently failed to promptly and immediately warn and disclose to Plaintiff and the other Class members that use of their hair relaxer products would result in harm, and that using their products in the intended manner results in toxicity, delaying notice of this harmful and toxic exposure and thus causing continued exposure and delaying necessary testing, examinations, surveillance, and treatment.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 773 so as to admit or deny them, and on that basis deny them.

774.     Defendants' negligent conduct created and then exacerbated an unreasonable, dangerous condition for Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the

other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 774 so as to admit or deny them, and on that basis deny them.

775. Defendants acted and/or failed to act willfully, and with conscious and reckless disregard for the rights and interests of Plaintiff and the other Class members, and Defendants' acts and omissions had a great probability of causing significant harm, and in fact it resulted in such harm to Plaintiff and the other Class members.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 775 so as to admit or deny them, and on that basis deny them.

776. Defendants' negligence and gross negligence were a substantial factor in causing and/or contributing to Plaintiff's and the other Class members' harms.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 776 so as to admit or deny them, and on that basis deny them.

777. Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members—including their marketing—was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants further deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of" Plaintiffs and the other putative Class Members' rights and interests and further deny that any alleged injuries purportedly suffered by Plaintiff and the other putative Class Members were caused by the acts or omissions of Defendants. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 777 so as to admit or deny them, and on that basis deny them.

778. As a direct and proximate result of each Defendant's negligent conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 778 so as to admit or deny them, and on that basis deny them.

779. Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b)

attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 779 so as to admit or deny them, and on that basis deny them.

**COUNT 42 — NEGLIGENT MISREPRESENTATION/OMISSION**
**(Individually and on Behalf of the District of Columbia Medical Monitoring Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

780.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180. Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

781.    Plaintiff brings this cause of action individually and on behalf of the District of Columbia Medical Monitoring Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

782.     Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

783.     At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings of any risks they knew of or should have known of related to using their Toxic Hair Relaxer Products. Defendants knew or should have known about this duty.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

784.     Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that their representations about the safety of their Toxic Hair Relaxer Products were false.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

785.     Defendants breached their duty in representing that their Toxic Hair Relaxer Products have no serious side effects when they knew or should have known that their products did cause serious side effects as described herein.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

786.     From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

787.     Additionally, Defendants have a duty to not make false representations with respect to their Toxic Hair Relaxer Products. At all relevant times, Defendants conducted sales and marketing campaigns to promote the sale of their Toxic Hair Relaxer Products and willfully deceived Plaintiff and the general public about the health risks and adverse consequences of the use of such products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

788.     Defendants' misrepresentations included but are not limited to the statements in labels and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or

natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

789. Defendants made such representations and failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

790. Defendants' misrepresentations and omissions concealed from Plaintiffs and the other Class members that Defendants' Toxic Hair Relaxer Products posed a high risk of unreasonable, dangerous, health conditions, including but not limited to uterine and ovarian cancer.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

791. Plaintiff and the other Class members justifiably relied on Defendants' misrepresentations and nondisclosures to their detriment. Specifically, Plaintiff and the other Class members relied on representations that their Toxic Hair Relaxer Products were safe to use as expected and instructed, when they were not.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

792.    In reliance on the misrepresentations by Defendants, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

793.    As a direct and proximate result of the foregoing negligent misrepresentations by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

794.    Defendants' omission of material facts also induced Plaintiff and the other Class members into purchasing Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the true facts and the facts concealed by Defendants, Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

795.     Because of the severe nature of the harms caused by Defendants' Toxic Hair Relaxer Products, no reasonable person would have purchased these products if Defendants have fully apprised the public of the dangers associated with these products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

796.     Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

797.     As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

798.    Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

<div align="center">

**COUNT 43 - NEGLIGENCE PER SE**
**(Individually and on behalf of the District of Columbia Medical Monitoring Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

</div>

799.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, its defenses and responses to paragraphs 1 through 180.

800.    Plaintiff brings this cause of action individually and on behalf of the District of Columbia Medical Monitoring Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

801.     The Food, Drug, and Cosmetic Act, 21 U.S.C. ch. 9 § 301 *et seq.,* and its accompanying regulations, are implemented to regulate and promote safety in the design, manufacturing, marketing, branding, labeling, and sale of food, drugs, and cosmetics, including Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 801 so as to admit or deny them, and on that basis deny them.

802.     Upon information and belief, Defendants' conduct violated one or more statutes or related regulations, including but not limited to the following:

    a.     21 U.S.C. § 331;

    b.     21 U.S.C. § 361;

    c.     21 U.S. Code § 362; and

    d.     21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10.

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way and further deny that any such purported violation provides Plaintiff with a cause of action.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 802 so as to admit or deny them, and on that basis deny them.

803.     Plaintiff is currently unadvised of the full extent of the federal or state safety laws and regulations that Defendants or their agents may have violated but reserve the right to rely on such safety laws and regulations shown during discovery.

**ANSWER:**    Defendants deny that they violated any statutes and regulations in any way and further deny that any such purported violation provides Plaintiff with a cause of action. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 803 so as to admit or deny them, and on that basis deny them.

804.    Defendants' violation of such safety laws and regulations constitutes negligence *per se*.

**ANSWER:**    Defendants deny that they violated any statutes and regulations in any way and further deny that any such purported violation provides Plaintiff with a cause of action. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 804 so as to admit or deny them, and on that basis deny them.

805.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any alleged damages or harm purportedly suffered by Plaintiff and the other putative Class members were the result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 805 so as to admit or deny them, and on that basis deny them.

806.     Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 806 so as to admit or deny them, and on that basis deny them.

### COUNT 44 — STRICT LIABILITY: DESIGN DEFECT
### (Individually and on Behalf of the District of Columbia Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur)

807.     Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, its defenses and responses to paragraphs 1 through 180.

808.     Plaintiff brings this cause of action individually and on behalf of the District of Columbia Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

809.    Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products that were used by Plaintiff and the other Class members, and Defendants were in the business of selling their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 809 so as to admit or deny them, and on that basis deny them.

810.    Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because of their design. In particular, Defendants' Toxic Hair Relaxer Products were defectively designed because they caused serious injuries and death, including but not limited to uterine cancer and ovarian cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 810 so as to admit or deny them, and on that basis deny them.

811.    Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiff and the other Class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 811 so as to admit or deny them, and on that basis deny them.

812.     Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 812 so as to admit or deny them, and on that basis deny them

813.     Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiff and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers as well as direct sale to consumers through retail stores.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 813 so as to admit or deny them, and on that basis deny them.

814.     Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiff and the other Class members, without substantial change in the

condition in which those products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 814 so as to admit or deny them, and on that basis deny them.

815.    Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 815 so as to admit or deny them, and on that basis deny them.

816.    Defendants knew or should have known that their products were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 816 so as to admit or deny them, and on that basis deny them.

817.    At all times material to Plaintiff's and the other Class members' claims, there were technologically and economically feasible safer alternative designs that would have

prevented or substantially reduced the risk to Plaintiffs and the other Class members without substantially impairing the utility of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 817 so as to admit or deny them, and on that basis deny them.

818.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 818 so as to admit or deny them, and on that basis deny them.

819.    Plaintiff pleads this claim for relief in the broadest sense and seek the full measure of damages allowed under the applicable governing law, including the common law and, where and to the extent applicable, all product liability acts, statutes, and laws.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

820.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of their Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 820 so as to admit or deny them, and on that basis deny them.

821.    Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 821 so as to admit or deny them, and on that basis deny them.

## COUNT 45 — STRICT LIABILITY: FAILURE TO WARN
**(Individually and on Behalf of the District of Columbia Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

822.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, its defenses and responses to paragraphs 1 through 180.

823.    Plaintiff brings this cause of action individually and on behalf of the District of Columbia Medical Monitoring Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

824.    Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products, which were used by Plaintiff and the other Class members, and Defendants were in the business of selling Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 824 so as to admit or deny them, and on that basis deny them.

825.    Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because they were not accompanied by adequate warnings.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 825 so as to admit or deny them, and on that basis deny them.

826.    In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products could cause serious injuries and death when used in an intended or reasonably foreseeable manner, including but not limited to uterine and ovarian cancer. Defendants failed to give appropriate and adequate warning of such risks. Nor did Defendants warn that the safety of their Toxic Hair Relaxer Products has not been determined. In fact, Defendants continue to this day to market and sell their products to consumers without adequate warnings of the risks associated with their products' use or the lack of safety determination.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 826 so as to admit or deny them, and on that basis deny them.

827.    If Defendants had warned Plaintiff and the other Class members that use of their Toxic Hair Relaxer Products in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, including but not limited to developing uterine and ovarian

cancer, and/or that the safety of the Toxic Hair Relaxer Products had not been determined,

Plaintiff and the other Class members would not have used their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiff and the other putative Class members.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 827 so as to admit or deny them, and on that

basis deny them.

828.    Defendants caused their Toxic Hair Relaxer Products to enter the stream of

commerce and to be sold to consumers, including Plaintiff and the other Class members, through

a variety of channels, including through sales to hair salons for use with their customers and

directly to consumers through retail stores.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 828 so as to admit or deny them,

and on that basis deny them.

829.    Defendants' Toxic Hair Relaxer Products were expected to, and did, reach

consumers, including Plaintiff and the other Class members, without substantial change in the

condition in which their Toxic Hair Relaxer Products were manufactured and sold or otherwise

released into the stream of commerce by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 829 so as to admit or deny them, and on that basis deny them.

830.    Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 830 so as to admit or deny them, and on that basis deny them.

831.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 831 so as to admit or deny them, and on that basis deny them.

832.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other

Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 832 so as to admit or deny them, and on that basis deny them.

833.    Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 833 so as to admit or deny them, and on that basis deny them.

<u>**COUNT 46 — VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER**</u>
<u>**PROTECTION PROCEDURES ACT**</u>
**(Individually and on Behalf of the District of Columbia Consumer and Medical Monitoring**
**Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

834.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes'

claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set

forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.

835.    Plaintiff brings this cause of action individually and on behalf of the District of

Columbia Consumer and Medical Monitoring Classes.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

836.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or

fraudulent acts or practices in violation of the District of Columbia Consumer Protection

Procedures Act, D.C. Code Ann. § 28-3901 *et seq.,* when they misled consumers regarding the

safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of

Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other

Class members suffered and will continue to suffer economic loss and other compensable

injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations

cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the

other putative Class members suffered any damages as a result of Defendants' acts and/or

omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 836 so as to admit or deny them, and on that basis deny them.

837.    Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

    a.    Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

    b.    Representing that goods are of a particular standard, quality, or grade if they are of another; and

    c.    Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 837 so as to admit or deny them, and on that basis deny them.

838.    Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the District of Columbia Consumer Protection Procedures Act.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 838 so as to admit or deny them, and on that basis deny them.

839.    Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 839 so as to admit or deny them, and on that basis deny them.

840.    By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 840 so as to admit or deny them, and on that basis deny them.

841.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 841 so as to admit or deny them, and on that basis deny them.

842.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 842 so as to admit or deny them, and on that basis deny them.

843.    Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 843 so as to admit or deny them, and on that basis deny them.

844.    Plaintiff did not need to send (additional) notice to Defendants of their violations of the District of Columbia Consumer Protection Procedures Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 844 so as to admit or deny them, and on that basis deny them.

845.    Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 845 so as to admit or deny them, and on that basis deny them.

846.    Further, as a direct and proximate result of each Defendant's negligent conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 846 so as to admit or deny them, and on that basis deny them.

847.    Plaintiff, on behalf of herself and the other Medical Monitoring Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 847 so as to admit or deny them, and on that basis deny them.

### COUNT 47 — UNJUST ENRICHMENT
**(Individually and on Behalf of the District of Columbia Consumer Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

848.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

849.    Plaintiff brings this cause of action individually and on behalf of the District of Columbia Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

850.     As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 850 so as to admit or deny them, and on that basis deny them.

851.     In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 851 so as to admit or deny them, and on that basis deny them.

852.     As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 852 so as to admit or deny them, and on that basis deny them.

853.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 853 so as to admit or deny them, and on that basis deny them.

854.    At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 854 so as to admit or deny them, and on that basis deny them.

855.    Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The

failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 855 so as to admit or deny them, and on that basis deny them.

856. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 856 so as to admit or deny them, and on that basis deny them.

857. Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 857 so as to admit or deny them, and on that basis deny them.

858. Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 858 so as to admit or deny them, and on that basis deny them.

859.    Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 859 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 48 - BREACH OF EXPRESS WARRANTY**
**(Individually and on Behalf of the District of Columbia Consumer and Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

</div>

860.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

861.    Plaintiff brings this cause of action individually and on behalf of the District of Columbia Consumer and Medical Monitoring Classes.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

862.     As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 862 so as to admit or deny them, and on that basis deny them.

863.     Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk.  Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 863 so as to admit or deny them, and on that basis deny them.

864.     Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 864 so as to admit or deny them, and on that basis deny them.

865. Defendants breached its express warranties under D.C. Code § 28:2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:** Defendants deny that they breached express warranties under D.C. Code § 28:2-313, *et seq.* Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants deny the balance of the allegations in paragraph 865.

866. Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 866 so as to admit or deny them, and on that basis deny them.

867. Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 867 so as to admit or deny them, and on that basis deny them.

868. As a direct and proximate result of each Defendant's breach of its express warranty, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 868 so as to admit or deny them, and on that basis deny them.

869. Plaintiff, on behalf of herself and the Medical Monitoring Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 869 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 49 — BREACH OF IMPLIED WARRANTY OF**
**MERCHANTABILITY/FITNESS FOR PARTICULAR USE**

</div>

**(Individually and on Behalf of the District of Columbia Consumer and Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

870.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

871.    Plaintiff brings this cause of action individually and on behalf of the District of Columbia Consumer and Medical Monitoring Classes.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

872.    Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**    Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 872 so as to admit or deny them, and on that basis deny them.

873.    Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 873 so as to admit or deny them, and on that basis deny them.

874.    Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 874 so as to admit or deny them, and on that basis deny them.

875.    Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 875 so as to admit or deny them, and on that basis deny them.

876.    Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 876 so as to admit or deny them, and on that basis deny them.

877.    Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 877 so as to admit or deny them, and on that basis deny them.

878.    Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 878 so as to admit or deny them, and on that basis deny them.

879.    At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 879 so as to admit or deny them, and on that basis deny them.

880.    Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 880 so as to admit or deny them, and on that basis deny them.

881.    Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 881 so as to admit or deny them, and on that basis deny them.

882.    Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 882 so as to admit or deny them, and on that basis deny them.

883.    Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 883 so as to admit or deny them, and on that basis deny them.

884.    Defendants' conduct described in this Complaint constitutes a breach of implied warranties under D.C. Code § 28:2-314, *et seq.*

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 884 so as to admit or deny them, and on that basis deny them.

885.    Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 885 so as to admit or deny them, and on that basis deny them.

886.    Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 886 so as to admit or deny them, and on that basis deny them.

887.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 887 so as to admit or deny them, and on that basis deny them.

888.     Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 888 so as to admit or deny them, and on that basis deny them.

889.     Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 889 so as to admit or deny them, and on that basis deny them.

890.     Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 890 so as to admit or deny them, and on that basis deny them.

891.   As a direct and proximate result of each Defendant's wrongful conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiff and the other putative Class members.  Defendants further deny that any of their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 891 so as to admit or deny them, and on that basis deny them.

892.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 892 so as to admit or deny them, and on that basis deny them.

### COUNT 50 - FRAUDULENT OMISSION
**(Individually and on Behalf of the District of Columbia Consumer Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur)**

893.    Plaintiff Smith ("Plaintiff," for purposes of the District of Columbia Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**  Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

894.    Plaintiff brings this cause of action individually and on behalf of the District of Columbia Consumer Class.

**ANSWER:**  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

895.    Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

896.    At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

897.    Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

898.    From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

899. Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

900. Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

901. Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

902. In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

903.    As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

904.    As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

905.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

906.     Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

F.     **Florida**

**COUNT 51 — MEDICAL MONITORING**
**(Individually and on Behalf of the Florida Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, McBride, Revlon, Luster, JF Labs, and House of Cheatham)**

907.     Plaintiffs Boyd, Buchanan, Temitrius Burton, Harris-Robinson, Jackson, Longley, McDonald, and Reid ("Plaintiffs," for purposes of the Florida Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

908.     Plaintiffs bring this cause of action individually and on behalf of the Florida Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

909.     Through their misrepresentations and omissions, Defendants deceived Plaintiffs and the other Class members about the presence of toxic chemicals, which are harmful to

women's health, in their Toxic Hair Relaxer Products. Through their deception, Defendants succeeded in persuading large segments of the relevant consumer market to purchase Defendants' Toxic Hair Relaxer Products despite the presence of significant dangers, as set forth herein.

**ANSWER:**     Defendants deny that any alleged damages or harm purportedly suffered by Plaintiffs and the other putative Class members were the result of Defendants' acts and/or omissions.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 909 so as to admit or deny them, and on that basis deny them.

910.     Defendants had a pre-marketing, post-manufacturing, and continuing duty to warn, which arose when Defendants knew, or with reasonable care should have known, that Defendants' Toxic Hair Relaxer Products were injurious or fatal.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 910 so as to admit or deny them, and on that basis deny them.

911.     Defendants omitted, suppressed, or concealed material facts concerning the dangers and risks associated with the use of Defendants' Toxic Hair Relaxer Products, including the risks of death, disease, and other health problems associated with the use of Defendant's Toxic Hair Relaxer Products. Defendants failed to disclose that their Toxic Hair Relaxer Products contained toxic chemicals, and Defendants downplayed and/or understated the serious nature of the risks associated with the use of Defendants' Toxic Hair Relaxer Products. Instead,

Defendants encouraged the use of their Toxic Hair Relaxer Products despite knowledge of the dangerous side effects that these products present to the consuming population.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or concealed any information. Defendants further deny that any of their hair relaxers products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 911 so as to admit or deny them, and on that basis deny them.

912. Defendants falsely and deceptively misrepresented, or knowingly omitted, suppressed, and concealed material facts regarding the ingredients contained within Defendants' Toxic Hair Relaxer Products, as well as the risk posed by those ingredients to the public.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or concealed any information. Defendants further deny that any of their hair relaxers products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 912 so as to admit or deny them, and on that basis deny them.

913. Had Plaintiffs and the other Class members known that Defendants' Toxic Hair Relaxer Products contained dangerous ingredients and/or that those ingredients could cause serious life-threatening injuries, none of them would have purchased Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that any of their hair relaxers products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 913 so as to admit or deny them, and on that basis deny them.

914. Defendants knew or should have known, and would have known had appropriate testing been done, that the use of Defendants' Toxic Hair Relaxer Products caused the serious and potentially life-threatening adverse health consequences as described herein, including uterine and ovarian cancer.

**ANSWER:** Defendants deny that any of their hair relaxers products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 914 so as to admit or deny them, and on that basis deny them.

915. Defendants' actions, as set forth herein, constitute knowing omission, suppression or concealment of material facts, made with the intent that others will rely upon such concealment, suppression or omission, in connection with the marketing of Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or concealed any information. Defendants further deny that any of their hair relaxers products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 915 so as to admit or deny them, and on that basis deny them.

916. Plaintiffs and the other Class members have used Defendants' Toxic Hair Relaxer Products at least four times—an amount sufficient to significantly increase the risk of and cause the Subject Cancers.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 916 so as to admit or deny them, and on that basis deny them.

917.    As a proximate result of consuming Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 917 so as to admit or deny them, and on that basis deny them.

918.    As a direct and proximate result of Defendants' tortious conduct, it is reasonably medically necessary for Plaintiffs and the other Class members to incur, both now and in the future, the cost of monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of the Subject Cancers.

**ANSWER:**    Defendants deny that their hair relaxers caused or contributed to any injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 918 so as to admit or deny them, and on that basis deny them.

919.    As a direct and proximate result of Defendants' tortious and unlawful conduct, Plaintiffs and the other Class members have suffered and will suffer economic losses and expenses associated with ongoing medical monitoring.

**ANSWER:**    Defendants deny that they engages in any tortious or unlawful conduct. Defendants further deny that their hair relaxers caused or contributed to any injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 919 so as to admit or deny them, and on that basis deny them.

920.    The increased susceptibility to injuries and irreparable threat to the health of Plaintiffs and the other Class members resulting from their exposure to this hazardous substance can only be mitigated or redressed by medical monitoring for the Subject Cancers, which is necessary as a result of the use of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 920 so as to admit or deny them, and on that basis deny them.

921.    Early detection and diagnosis of cancer is clinically invaluable because it can prevent, reduce, and/or significantly delay the resulting discomfort, suffering, and/or death. Medical monitoring is crucial to early detection because these conditions are often asymptomatic and, therefore, can only be discovered through proper testing.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 921 so as to admit or deny them, and on that basis deny them.

922.    There are means to detect the Subject Cancers, caused by the use of Defendants' Toxic Hair Relaxer Products, at an early stage, such that subsequent treatment would have a higher chance of success at prolonging life and/or reducing suffering than would exist without early detection.

**ANSWER:**    Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 922 so as to admit or deny them, and on that basis deny them.

923.    Such medical monitoring procedures must be prescribed by a qualified physician and may include but are not limited to certain blood and laboratory tests; physical examinations; imaging (as discussed below); biopsies of the reproductive organs (uterus, ovary) and accessory organs; and other medical consultations and procedures necessary for diagnosis.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 923 so as to admit or deny them, and on that basis deny them.

924.    Specific tests and procedures used to diagnose the Subject Cancers to be included in a medical monitoring program may include but are not limited to Pap smears; blood tests, including CA 125 antigen testing; genetic testing; abdominal ultrasounds; pelvic examinations; CT scans; and transvaginal ultrasounds.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 924 so as to admit or deny them, and on that basis deny them.

925.    The available monitoring regime is specific for individuals exposed to products that are known to significantly increase the risk of the Subject Cancers because of using Toxic Hair Relaxer Products. That is because the monitoring regime is different as between women who were not exposed to the Toxic Hair Relaxer Products, versus Plaintiffs and the other Class members who are at significantly increased risk of the Subject Cancers by virtue of their exposure to Defendants' Toxic Hair Relaxer Products. Such differences include the types, timing, frequency, and/or scope of screening and diagnostic examinations that would be recommended for women at this significantly increased risk. The monitoring regime is conducted and analyzed by medical practitioners skilled in the respective medical areas.

**ANSWER:**    Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 925 so as to admit or deny them, and on that basis deny them.

926.    These monitoring procedures conform to the standard of medical care and are reasonably medically necessary to ensure that the Subject Cancers can be identified early and appropriately treated. Said monitoring procedures will facilitate treatment and interventions that will mitigate the development of, and health effects associated with, the Subject Cancers, which may in turn increase Plaintiffs' and the other Class members' chance of survival. The present value of the costs of such tests is calculable.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 926 so as to admit or deny them, and on that basis deny them.

927.     Plaintiffs' and the other Class members' significantly increased risk of the Subject Cancers, caused by their exposure to Defendants' Toxic Hair Relaxer Products, can only be mitigated or addressed by appropriate medical testing.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 927 so as to admit or deny them, and on that basis deny them.

928.     Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Plaintiffs and the other Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 928 so as to admit or deny them, and on that basis deny them.

## COUNT 52 — VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Individually and on Behalf of the Florida Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, McBride, Revlon, Luster, JF Labs, and House of Cheatham)

929.    Plaintiffs Boyd, Buchanan, Temitrius Burton, Harris-Robinson, Jackson, Longley, McDonald, and Reid ("Plaintiffs," for purposes of the Florida Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, its defenses and responses to paragraphs 1 through 180.

930.    Plaintiffs bring this cause of action individually and on behalf of the Florida Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

931.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way. Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or

omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 931 so as to admit or deny them, and on that basis deny them.

932. Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

        a.      Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

        b.      Representing that goods are of a particular standard, quality, or grade if they are of another; and

        c.      Advertising goods with the intent not to sell them as advertised.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 932 so as to admit or deny them, and on that basis deny them.

933. Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Florida Deceptive and Unfair Trade Practices Act.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 933 so as to admit or deny them, and on that basis deny them.

934.     Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 934 so as to admit or deny them, and on that basis deny them.

935.     By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 935 so as to admit or deny them, and on that basis deny them.

936.     As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 936 so as to admit or deny them, and on that basis deny them.

937.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 937 so as to admit or deny them, and on that basis deny them.

938.    Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 938 so as to admit or deny them, and on that basis deny them.

939.     Plaintiffs did not need to send (additional) notice to Defendants of their violations of the Florida Deceptive and Unfair Trade Practices Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 939 so as to admit or deny them, and on that basis deny them.

940.     Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 940 so as to admit or deny them, and on that basis deny them.

## COUNT 53 - UNJUST ENRICHMENT
### (Individually and on Behalf of the Florida Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, McBride, Revlon, Luster, JF Labs, and House of Cheatham)

941.     Plaintiffs Boyd, Buchanan, Temitrius Burton, Harris-Robinson, Jackson, Longley, McDonald, and Reid ("Plaintiffs," for purposes of the Florida Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

942.     Plaintiffs bring this cause of action individually and on behalf of the Florida Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

943.     As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 943 so as to admit or deny them, and on that basis deny them.

944.     In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**     Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 944 so as to admit or deny them, and on that basis deny them.

945.    As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 945 so as to admit or deny them, and on that basis deny them.

946.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 946 so as to admit or deny them, and on that basis deny them.

947.    At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 947 so as to admit or deny them, and on that basis deny them.

948. Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 948 so as to admit or deny them, and on that basis deny them.

949. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 949 so as to admit or deny them, and on that basis deny them.

950. Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 950 so as to admit or deny them, and on that basis deny them.

951. Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 951 so as to admit or deny them, and on that basis deny them.

952. Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 952 so as to admit or deny them, and on that basis deny them.

**COUNT 54 - BREACH OF EXPRESS WARRANTY**
**(Individually and on Behalf of the Florida Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, McBride, Revlon, Luster, JF Labs, and House of Cheatham)**

953. Plaintiffs Boyd, Buchanan, Temitrius Burton, Harris-Robinson, Jackson, Longley, McDonald, and Reid ("Plaintiffs," for purposes of the Florida Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

954.     Plaintiffs bring this cause of action individually and on behalf of the Florida Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

955.     As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 955 so as to admit or deny them, and on that basis deny them.

956.     Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the balance of the allegations in paragraph 956 so as to admit or deny them, and on that basis deny them.

957.    Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 957 so as to admit or deny them, and on that basis deny them.

958.    Defendants breached its express warranties under Fla. Code § 672.313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**    Defendants deny that they breached express warranties under Fla. Code § 672.313, *et seq.*  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 958.

959.    Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks because they contain toxic chemicals.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 959 so as to admit or deny them, and on that basis deny them.

960.    Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 960 so as to admit or deny them, and on that basis deny them.

## COUNT 55 — FRAUDULENT OMISSION
**(Individually and on Behalf of the Florida Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Dabur, Namaste, McBride, Revlon, Luster, JF Labs, and House of Cheatham)**

961.    Plaintiffs Boyd, Buchanan, Temitrius Burton, Harris-Robinson, Jackson, Longley, McDonald, and Reid ("Plaintiffs," for purposes of the Florida Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

962.    Plaintiffs bring this cause of action individually and on behalf of the Florida Consumer Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

963.    Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

964.    At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings of any risks they knew of or should have known of related to using their hair relaxer.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

965.    Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

966.     From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately disclose in its labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

967.     Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

968.     Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

969.     Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

970.    In reliance on the omissions by Defendants, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the true facts and the facts concealed by Defendants, Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

971.    As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

972.    As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

973.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

974.    Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

### G.    Illinois

### COUNT 56 — VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
**(Individually and on Behalf of the Illinois Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, House of Cheatham, Dabur, Namaste, JF Labs, and Luster)**

975.    Plaintiffs Baldwin, Casby, Dalton, Edwards, Lane, Taggart, and Williams ("Plaintiffs," for purposes of the Illinois Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, its defenses and responses to paragraphs 1 through 180.

976.    Plaintiffs bring this cause of action individually and on behalf of the Illinois Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

977.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 977 so as to admit or deny them, and on that basis deny them.

978.    Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

d.[*sic*] Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

e.[*sic*] Representing that goods are of a particular standard, quality, or grade if they are of another; and

f.[*sic*] Advertising goods with the intent not to sell them as advertised.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 978 so as to admit or deny them, and on that basis deny them.

979. Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 979 so as to admit or deny them, and on that basis deny them.

980.     Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 980 so as to admit or deny them, and on that basis deny them.

981.     By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 981 so as to admit or deny them, and on that basis deny them.

982.     As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 982 so as to admit or deny them, and on that basis deny them.

983.    Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 983 so as to admit or deny them, and on that basis deny them.

984.    Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 984 so as to admit or deny them, and on that basis deny them.

985.    Plaintiffs did not need to send (additional) notice to Defendants of their violations of the Illinois Consumer Fraud and Deceptive Business Practices Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 985 so as to admit or deny them, and on that basis deny them.

986.    Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 986 so as to admit or deny them, and on that basis deny them.

## COUNT 57 - UNJUST ENRICHMENT
**(Individually and on Behalf of the Illinois Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, House of Cheatham, Dabur, Namaste, JF Labs, and Luster)**

987.    Plaintiffs Baldwin, Casby, Dalton, Edwards, Lane, Taggart, and Williams ("Plaintiffs," for purposes of the Illinois Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

988.    Plaintiffs bring this cause of action individually and on behalf of the Illinois Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

989.    As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 989 so as to admit or deny them, and on that basis deny them.

990.    In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 990 so as to admit or deny them, and on that basis deny them.

991.    As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 991 so as to admit or deny them, and on that basis deny them.

992. Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:** Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiffs and the other Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 992 so as to admit or deny them, and on that basis deny them.

993. At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 993 so as to admit or deny them, and on that basis deny them.

994. Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The

failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 994 so as to admit or deny them, and on that basis deny them.

995.    Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 995 so as to admit or deny them, and on that basis deny them.

996.    Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 996 so as to admit or deny them, and on that basis deny them.

997.    Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 997 so as to admit or deny them, and on that basis deny them.

998.     Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 998 so as to admit or deny them, and on that basis deny them.

## COUNT 58 - BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Illinois Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, House of Cheatham, Dabur, Namaste, JF Labs, and Luster )

999.     Plaintiffs Baldwin, Casby, Dalton, Edwards, Lane, Taggart, and Williams ("Plaintiffs," for purposes of the Illinois Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1000.   Plaintiffs bring this cause of action individually and on behalf of the Illinois Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1001.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1001 so as to admit or deny them, and on that basis deny them.

1002.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1002 so as to admit or deny them, and on that basis deny them.

1003.   Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1003 so as to admit or deny them, and on that basis deny them.

1004. Defendants breached its express warranties under 810 Ill. Comp. Stat. 5/2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:** Defendants deny that they breached express warranties under 810 Ill. Comp. Stat. 5/2-313, *et seq.* Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants deny the balance of the allegations in paragraph 1004.

1005. Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1005 so as to admit or deny them, and on that basis deny them.

1006. Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1006 so as to admit or deny them, and on that basis deny them.

## COUNT 59 — FRAUDULENT OMISSION
**(Individually and on Behalf of the Illinois Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Revlon, House of Cheatham, Dabur, Namaste, JF Labs, and Luster )**

1007.   Plaintiffs Baldwin, Casby, Dalton, Edwards, Lane, Taggart, and Williams ("Plaintiffs," for purposes of the Illinois Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1008.   Plaintiffs bring this cause of action individually and on behalf of the Illinois Consumer Class.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1009.   Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1010.   At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1011.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1012.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair

Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1013. Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1014. Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1015. Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1016. In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other

Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1017. As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1018. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1019. Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1020.   Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

### H.     Indiana

### COUNT 60 — VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT (Individually and on Behalf of the Indiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature,)

1021.   Plaintiff Glenn ("Plaintiff," for purposes of the Indiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1022.   Plaintiff brings this cause of action individually and on behalf of the Indiana Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1023.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Indiana Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1023 so as to admit or deny them, and on that basis deny them.

1024.    Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

d.[*sic*]  Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

e.[*sic*]  Representing that goods are of a particular standard, quality, or grade if they are of another; and

f.[*sic*]  Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1024 so as to admit or deny them, and on that basis deny them.

1025.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Indiana Deceptive Consumer Sales Act.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1025 so as to admit or deny them, and on that basis deny them.

1026.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1026 so as to admit or deny them, and on that basis deny them.

1027.  By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**  Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1027 so as to admit or deny them, and on that basis deny them.

1028.  As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**  Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1028 so as to admit or deny them, and on that basis deny them.

1029.  Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**  Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1029 so as to admit or deny them, and on that basis deny them.

1030. Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1030 so as to admit or deny them, and on that basis deny them.

1031. Plaintiff did not need to send (additional) notice to Defendants of their violations of the Indiana Deceptive Consumer Sales Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1031 so as to admit or deny them, and on that basis deny them.

1032. Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1032 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 61 - UNJUST ENRICHMENT**
**(Individually and on Behalf of the Indiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

</div>

1033.   Plaintiff Glenn ("Plaintiff," for purposes of the Indiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1034.   Plaintiff brings this cause of action individually and on behalf of the Indiana Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1035.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1035 so as to admit or deny them, and on that basis deny them.

1036.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1036 so as to admit or deny them, and on that basis deny them.

1037.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1037 so as to admit or deny them, and on that basis deny them.

1038.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1038 so as to admit or deny them, and on that basis deny them.

1039.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1039 so as to admit or deny them, and on that basis deny them.

1040.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1040 so as to admit or deny them, and on that basis deny them.

1041.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without

justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1041 so as to admit or deny them, and on that basis deny them.

1042.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1042 so as to admit or deny them, and on that basis deny them.

1043.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1043 so as to admit or deny them, and on that basis deny them.

1044.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1044 so as to admit or deny them, and on that basis deny them.

### COUNT 62 - BREACH OF EXPRESS WARRANTY
**(Individually and on Behalf of the Indiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

1045.   Plaintiff Glenn ("Plaintiff," for purposes of the Indiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1046.   Plaintiff brings this cause of action individually and on behalf of the Indiana Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1047.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1047 so as to admit or deny them, and on that basis deny them.

1048.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1048 so as to admit or deny them, and on that basis deny them.

1049.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1049 so as to admit or deny them, and on that basis deny them.

1050.   Defendants breached its express warranties under Ind. Code § 26-1-2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**   Defendants deny that they breached express warranties under Ind. Code § 26-1-2-313, *et seq.*  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 1050.

1051.  Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1051 so as to admit or deny them, and on that basis deny them.

1052.  Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1052 so as to admit or deny them, and on that basis deny them.

## COUNT 63 — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE
**(Individually and on Behalf of the Indiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

1053.   Plaintiff Glenn ("Plaintiff," for purposes of the Indiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1054.   Plaintiff brings this cause of action individually and on behalf of the Indiana Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1055.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1055 so as to admit or deny them, and on that basis deny them.

1056.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class

members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1056 so as to admit or deny them, and on that basis deny them.

1057.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1057 so as to admit or deny them, and on that basis deny them.

1058.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1058 so as to admit or deny them, and on that basis deny them.

1059.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1059 so as to admit or deny them, and on that basis deny them.

1060.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1060 so as to admit or deny them, and on that basis deny them.

1061.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1061 so as to admit or deny them, and on that basis deny them.

1062.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1062 so as to admit or deny them, and on that basis deny them.

1063.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1063 so as to admit or deny them, and on that basis deny them.

1064.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1064 so as to admit or deny them, and on that basis deny them.

1065.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1065 so as to admit or deny them, and on that basis deny them.

1066.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1066 so as to admit or deny them, and on that basis deny them.

1067.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Ind. Code § 26-1-2-314, *et seq.*

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1067 so as to admit or deny them, and on that basis deny them.

1068.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1068 so as to admit or deny them, and on that basis deny them.

1069.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**     Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1069 so as to admit or deny them, and on that basis deny them.

1070.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1070 so as to admit or deny them, and on that basis deny them.

1071.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1071 so as to admit or deny them, and on that basis deny them.

1072.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1072 so as to admit or deny them, and on that basis deny them.

1073.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1073 so as to admit or deny them, and on that basis deny them.

## COUNT 64 — FRAUDULENT OMISSION
### (Individually and on Behalf of the Indiana Consumer Class Against Defendants L'Oreal, |SoftSheen, and Strength of Nature)

1074.   Plaintiff Glenn ("Plaintiff," for purposes of the Indiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1075.   Plaintiff brings this cause of action individually and on behalf of the Indiana Consumer Class.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1076.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1077.   At all relevant times, Defendants had a duty to provide Plaintiff and the other

Class members with true and accurate information about their Toxic Hair Relaxer Products,

including warnings about any risks they knew of, or should have known of, posed by their Toxic

Hair Relaxer Products.

   **ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Fraudulent Omission has been dismissed, and therefore, no response is required to the

allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1078.   Defendants knew or should have known, based on evolving scientific studies and

research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew

or should have known that they had a duty to both learn and disclose the dangers associated with

their Toxic Hair Relaxer Products.

   **ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Fraudulent Omission has been dismissed, and therefore, no response is required to the

allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1079.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied,

researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the

present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair

Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to

accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products

contained toxic chemicals.

   **ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Fraudulent Omission has been dismissed, and therefore, no response is required to the

allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1080.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1081.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1082.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1083.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1084.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1085.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1086.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1087.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result

of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

## I.    <u>Iowa</u>

### <u>COUNT 65 — VIOLATIONS OF THE IOWA CONSUMER FRAUD ACT</u>
**(Individually and on Behalf of the Iowa Consumer Class Against Defendants Dabur, Namaste, and Luster)**

1088.   Plaintiff Washington ("Plaintiff," for purposes of the Iowa Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1089.   Plaintiff brings this cause of action individually and on behalf of the Iowa Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1090.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Iowa Consumer Fraud Act, Iowa Code § 714.16 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and

fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1090 so as to admit or deny them, and on that basis deny them.

1091.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

        a.     Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

        b.     Representing that goods are of a particular standard, quality, or grade if they are of another; and

        c.     Advertising goods with the intent not to sell them as advertised.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1091 so as to admit or deny them, and on that basis deny them.

1092.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and

misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Iowa Consumer Fraud Act.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1092 so as to admit or deny them, and on that basis deny them.

1093. Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1093 so as to admit or deny them, and on that basis deny them.

1094. By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1094 so as to admit or deny them, and on that basis deny them.

1095. As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured,

designed, sold, supplied, marketed and/or introduced into the stream of commerce by

Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages,

economic and non-economic loss and will continue to suffer such harm, damages and losses in

the future.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members

suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the

allegations in paragraph 1095 so as to admit or deny them, and on that basis deny them.

1096.   Defendants' conduct with respect to their design and sale of their Toxic Hair

Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive,

willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard

of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively,

willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the

rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1096 so as to admit

or deny them, and on that basis deny them.

1097.   Due to the above, Defendants are liable to Plaintiff and the other Class members

for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available

and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys'

fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1097 so as to admit or deny them, and on that basis deny them.

1098.   Plaintiff did not need to send (additional) notice to Defendants of their violations of the Iowa Consumer Fraud Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1098 so as to admit or deny them, and on that basis deny them.

1099.   Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1099 so as to admit or deny them, and on that basis deny them.

<u>**COUNT 66 - UNJUST ENRICHMENT**</u>
**(Individually and on Behalf of the Iowa Consumer Class Against Defendants Dabur,
Namaste, and Luster)**

1100.   Plaintiff Washington ("Plaintiff," for purposes of the Iowa Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**<u>ANSWER:</u>**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1101.   Plaintiff brings this cause of action individually and on behalf of the Iowa Consumer Class.

**<u>ANSWER:</u>**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1102.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**<u>ANSWER:</u>**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1102 so as to admit or deny them, and on that basis deny them.

1103.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1103 so as to admit or deny them, and on that basis deny them.

1104.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1004 so as to admit or deny them, and on that basis deny them.

1105.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1105 so as to admit or deny them, and on that basis deny them.

1106. At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1106 so as to admit or deny them, and on that basis deny them.

1107. Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1107 so as to admit or deny them, and on that basis deny them.

1108. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1108 so as to admit or deny them, and on that basis deny them.

1109.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1109 so as to admit or deny them, and on that basis deny them.

1110.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1110 so as to admit or deny them, and on that basis deny them.

1111.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1111 so as to admit or deny them, and on that basis deny them.

## COUNT 67 - BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Iowa Consumer Class Against Defendants Dabur, Namaste, and Luster)

1112.   Plaintiff Washington ("Plaintiff," for purposes of the Iowa Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1113.   Plaintiff brings this cause of action individually and on behalf of the Iowa Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1114.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1114 so as to admit or deny them, and on that basis deny them.

1115.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation

of fact or promise, or a description of the product as being safe and not posing a dangerous

health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products

are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk

because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or

concealed any information. Defendants further deny that any of their hair relaxer products are

toxic or defective in any way. Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the balance of the allegations in paragraph 1115 so as to

admit or deny them, and on that basis deny them.

1116. Plaintiff and the other Class members read and relied on these express warranties

provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 1116 so as to admit or deny them,

and on that basis deny them.

1117. Defendants breached its express warranties under Iowa Code § 554.2313, *et seq.*

because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended

use.

**ANSWER:** Defendants deny that they breached express warranties under Iowa Code §

554.2313, *et seq.* Defendants further deny that any of their hair relaxer products are toxic or

defective in any way. Defendants deny the balance of the allegations in paragraph 111.

1118. Defendants knew or should have known that the Toxic Hair Relaxer Products did

not conform to their express warranties and representations and that, in fact, the Toxic Hair

Relaxer Products are not safe and pose serious health risks.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1118 so as to admit or deny them, and on that basis deny them.

1119.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1119 so as to admit or deny them, and on that basis deny them.

## COUNT 68 - FRAUDULENT OMISSION
**(Individually and on Behalf of the Iowa Consumer Class Against Defendants Dabur, Namaste, and Luster)**

1120.   Plaintiff Washington ("Plaintiff," for purposes of the Iowa Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1121.   Plaintiff brings this cause of action individually and on behalf of the Iowa Consumer Class.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1122.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1123.   At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1124.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1125.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1126.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1127.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1128. Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1129. In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1130. As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1131.   As a direct and proximate result of Plaintiff's and the other Class members'
reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other
Class members suffered serious injury, harm, damages, and economic and non-economic loss.
They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for
Fraudulent Omission has been dismissed, and therefore, no response is required to the
allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1132.   Defendants' conduct with respect to the design and sale of their Toxic Hair
Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful,
reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others,
justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for
Fraudulent Omission has been dismissed, and therefore, no response is required to the
allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1133.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of
actual damages, as well as incidental and consequential damages, as a direct and proximate result
of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined
at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for
Fraudulent Omission has been dismissed, and therefore, no response is required to the
allegation(s) contained in this paragraph.  (Dkt. No. 852.)

### J.     Louisiana

### COUNT 69 — VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
**(Individually and on Behalf of the Louisiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

1134.   Plaintiff Casby ("Plaintiff," for purposes of the Louisiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1135.   Plaintiff brings this cause of action individually and on behalf of the Louisiana Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1136.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Louisiana Unfair Trade Practices and Consumer. Protection Law, La. Rev. Stat. Ann. § 51:1401 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the

other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1136 so as to admit or deny them, and on that basis deny them.

1137. Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

      a.    Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

      b.    Representing that goods are of a particular standard, quality, or grade if they are of another; and

      c.    Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1137 so as to admit or deny them, and on that basis deny them.

1138. Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection

with the sale of Defendants' merchandise, in violation of the Louisiana Unfair Trade Practices and Consumer. Protection Law.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1138 so as to admit or deny them, and on that basis deny them.

1139.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1139 so as to admit or deny them, and on that basis deny them.

1140.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1140 so as to admit or deny them, and on that basis deny them.

1141.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages,

economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1141 so as to admit or deny them, and on that basis deny them.

1142.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1142 so as to admit or deny them, and on that basis deny them.

1143.   Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1143 so as to admit or deny them, and on that basis deny them.

1144.   Plaintiff did not need to send (additional) notice to Defendants of their violations of the Louisiana Unfair Trade Practices and Consumer Protection Law pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1144 so as to admit or deny them, and on that basis deny them.

1145.   Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1145 so as to admit or deny them, and on that basis deny them.

### COUNT 70 - UNJUST ENRICHMENT
**(Individually and on Behalf of the Louisiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

1146.   Plaintiff Casby ("Plaintiff," for purposes of the Louisiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1147. Plaintiff brings this cause of action individually and on behalf of the Louisiana Consumer Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1148. As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1148 so as to admit or deny them, and on that basis deny them.

1149. In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:** Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1149 so as to admit or deny them, and on that basis deny them.

1150.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1150 so as to admit or deny them, and on that basis deny them.

1151.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1151 so as to admit or deny them, and on that basis deny them.

1152.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1152 so as to admit or deny them, and on that basis deny them.

1153.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1153 so as to admit or deny them, and on that basis deny them.

1154.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1154 so as to admit or deny them, and on that basis deny them.

1155.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1155 so as to admit or deny them, and on that basis deny them.

1156.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1156 so as to admit or deny them, and on that basis deny them.

1157.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1157 so as to admit or deny them, and on that basis deny them.

### COUNT 71 - BREACH OF EXPRESS WARRANTY - LOUISIANA PRODUCTS LIABILITY ACT
**(Individually and on Behalf of the Louisiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

1158.   Plaintiff Casby ("Plaintiff," for purposes of the Louisiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1159.   Plaintiff brings this cause of action individually and on behalf of the Louisiana Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1160.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1160 so as to admit or deny them, and on that basis deny them.

1161.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe under the Louisiana Products Liability Act ("LPLA"), La. R. S. § 9:2800.58. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are

toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1161 so as to admit or deny them, and on that basis deny them.

1162. Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1162 so as to admit or deny them, and on that basis deny them.

1163. Defendants breached its express warranties because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:** Defendants deny that they breached any express warranties. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants deny the balance of the allegations in paragraph 1163.

1164. Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks because they contain toxic chemicals.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1164 so as to admit or deny them, and on that basis deny them.

1165.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial. Plaintiff asserts the application of *res ipsa loquitur* under the LPLA.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1165 so as to admit or deny them, and on that basis deny them.

## COUNT 72 — BREACH OF IMPLIED WARRANTY OF FITNESS FOR ORDINARY USE
### (Individually and on Behalf of the Louisiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)

1166.   Plaintiff Casby ("Plaintiff," for purposes of the Louisiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1167.   Plaintiff brings this cause of action individually and on behalf of the Louisiana Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1168.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1168 so as to admit or deny them, and on that basis deny them.

1169.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1169 so as to admit or deny them, and on that basis deny them.

1170.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1170 so as to admit or deny them, and on that basis deny them.

1171.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1171 so as to admit or deny them, and on that basis deny them.

1172.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1172 so as to admit or deny them, and on that basis deny them.

1173.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1173 so as to admit or deny them, and on that basis deny them.

1174.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1174 so as to admit or deny them, and on that basis deny them.

1175.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1175 so as to admit or deny them, and on that basis deny them.

1176.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1176 so as to admit or deny them, and on that basis deny them.

1177.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1177 so as to admit or deny them, and on that basis deny them.

1178.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1178 so as to admit or deny them, and on that basis deny them.

1179.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1179 so as to admit or deny them, and on that basis deny them.

1180.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under La. Civ. Code Art. 2524.

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1180 so as to admit or deny them, and on that basis deny them.

1181.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1181 so as to admit or deny them, and on that basis deny them.

1182.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1182 so as to admit or deny them, and on that basis deny them.

1183.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1183 so as to admit or deny them, and on that basis deny them.

1184.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1184 so as to admit or deny them, and on that basis deny them.

1185.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1185 so as to admit or deny them, and on that basis deny them.

1186.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1186 so as to admit or deny them, and on that basis deny them.

## COUNT 73 — FRAUDULENT OMISSION
### (Individually and on Behalf of the Louisiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)

1187.   Plaintiff Casby ("Plaintiff," for purposes of the Louisiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and

therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1188.   Plaintiff brings this cause of action individually and on behalf of the Louisiana Consumer Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1189.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1190.   At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1191.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew

or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1192.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1193.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1194.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1195.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1196.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1197.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1198. As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1199. Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1200. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

## COUNT 74 — REDHIBITION
### (Individually and on Behalf of the Louisiana Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)

1201.   Plaintiff Casby ("Plaintiff," for purposes of the Louisiana Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1202.   Plaintiff brings this cause of action individually and on behalf of the Louisiana Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1203.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1203 so as to admit or deny them, and on that basis deny them.

1204.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic

Hair Relaxer Products were intended and impliedly warranted to Plaintiff and the other Class members against redhibitory defects or vices in the Class Vehicles. La. Civ. Code Art. 2520.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1204 so as to admit or deny them, and on that basis deny them.

1205. The Toxic Hair Relaxer Products sold to Plaintiff and the other Class members contain redhibitory defects because the Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1205 so as to admit or deny them, and on that basis deny them.

1206. Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could at any point after leaving Defendants' control.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1206 so as to admit or deny them, and on that basis deny them.

1207. Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1207 so as to admit or deny them, and on that basis deny them.

1208.   Plaintiff and the other Class members could not have discovered the redhibitory defects or realized Defendants' Toxic Hair Relaxer Products' danger through the use of reasonable care.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1208 so as to admit or deny them, and on that basis deny them.

1209.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the redhibitory defects described above.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1209 so as to admit or deny them, and on that basis deny them.

1210.   The redhibitory defects were a substantial factor in bringing about Plaintiffs and the other Class members' injuries.

**ANSWER:**     Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations in paragraph 1210 so as to admit or deny them, and on that basis deny them.

1211.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss, and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1211 so as to admit or deny them, and on that basis deny them.

1212.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1212 so as to admit or deny them, and on that basis deny them.

1213.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants pursuant to La. Civ. Code Art. 2522 because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1213 so as to admit or deny them, and on that basis deny them.

1214.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' use of products with redhibitory defects, in an amount to be determined at trial. La. Civ. Code Art. 2545.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1214 so as to admit or deny them, and on that basis deny them.

### K.    **Maryland**

### COUNT 75 — NEGLIGENCE
**(Individually and on Behalf of the Maryland Medical Monitoring Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

1215.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1216.   Plaintiffs bring this cause of action individually and on behalf of the Maryland Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1217.   At all relevant times, each Defendant had a duty to exercise reasonable care in the manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, labeling, packaging, selling, and distributing of their hair relaxer products.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1217 so as to admit or deny them, and on that basis deny them.

1218.   Each Defendant owed a duty of care to Plaintiffs and the other Class members to ensure that the Toxic Hair Relaxer Products it sold in the United States were safe for human consumption, contained only the ingredients stated on the label, and were not adulterated.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1218 so as to admit or deny them, and on that basis deny them.

1219.   Defendants' duty to exercise reasonable care in the advertising and sale of their hair relaxer products included a duty to warn Plaintiffs and the other Class members of the risks

and dangers associated with their Toxic Hair Relaxer Products that were known or should have been known to Defendants at the time of the sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members, including that the products were contained ingredients not specified on the label that were likely to cause harm to consumers.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1219 so as to admit or deny them, and on that basis deny them.

1220.   Defendants also owed a continuing duty to Plaintiffs and the other Class members to remove, recall, or retrofit the unsafe and/or defective Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1220 so as to admit or deny them, and on that basis deny them.

1221.   At all relevant times, Defendants knew or should have known through the exercise of reasonable care of the dangers associated with the normal and/or intended use of their hair relaxer products. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products significantly increase the risk of uterine and ovarian cancer.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1221 so as to admit or deny them, and on that basis deny them.

1222.   Each Defendant owed a duty of care to Plaintiffs and the other Class members because they were foreseeable, reasonable, and probable users of Toxic Hair Relaxer Products. Each Defendant knew or should have known that its Toxic Hair Relaxer Products were harmful to humans, contained ingredients other than those stated, and/or were adulterated, and each was in the best position to uncover and remedy these shortcomings.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1222 so as to admit or deny them, and on that basis deny them.

1223.   At all relevant times, Defendants knew, or should have known through the exercise of reasonable care, that ordinary consumers such as Plaintiffs and the other Class members would not realize the potential risks and dangers of their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1223 so as to admit or deny them, and on that basis deny them.

1224.   Each Defendant failed to discharge its duty of care. Defendants breached their duty of care by manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, selling, and/or distributing their Toxic Hair Relaxer Products negligently, recklessly, and/or with extreme carelessness, and by failing to adequately warn of the risks and dangers of their Toxic Hair Relaxer Products—as described in the allegations above. Such breaches include but are not limited to:

a.      Failing to warn Plaintiffs and the other Class members of the risks and dangers associated with the use of their Toxic Hair Relaxer Products;

b.      Failing to properly test their Toxic Hair Relaxer Products to determine the adequacy or effectiveness of safety measures, if any, prior to releasing their Toxic Hair Relaxer Products for consumer use;

c.      Failing to properly test their Toxic Hair Relaxer Products to determine the increased risk of harm to the endocrine system, including uterine and ovarian cancers, during the normal and/or intended use of their Toxic Hair Relaxer Products;

d.      Designing their Toxic Hair Relaxer Products defectively such that they caused serious injuries or death when used in their intended and reasonably foreseeable manner;

e.      Failing to inform Plaintiffs and the other Class members as to the safe and proper methods of handling and using their Toxic Hair Relaxer Products;

f.      Failing to remove or recall their Toxic Hair Relaxer Products from the market when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

g.      Failing to instruct Plaintiffs and the other Class members as to the methods for reducing exposure to their Toxic Hair Relaxer Products, which caused increased risk of cancer, including uterine and ovarian cancer;

h.      Marketing and labeling their hair relaxer products as safe when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

i.     Claiming in labeling and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above; and

j.     Failing to act like a reasonably prudent company under similar circumstances.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1224 so as to admit or deny them, and on that basis deny them.

1225. Each Defendant knew, or should have known through reasonable care, that the aforesaid wrongdoing would foreseeably cause injuries and other damage to Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and other damage. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1225 so as to admit or deny them, and on that basis deny them.

1226. Each of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that any acts and/or omissions on their part caused or contributed to Plaintiffs and the other putative Class members' alleged injuries and damages.

1227.   Due to Defendants' failure to exercise ordinary care and to comply with the duties associated with selling cosmetic products, Plaintiffs and the other Class members were unable to discover the dangerous nature of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1227 so as to admit or deny them, and on that basis deny them.

1228.   Defendants' acts and omissions constitute gross negligence because they constitute a total lack of care and an extreme departure from what a reasonably careful company would do in the same situation to prevent foreseeable harm to Plaintiffs and the other Class members.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1228 so as to admit or deny them, and on that basis deny them.

1229.   Each Defendant negligently failed to promptly and immediately warn and disclose to Plaintiffs and the other Class members that use of their hair relaxer products would result in harm, and that using their products in the intended manner results in toxicity, delaying notice of this harmful and toxic exposure and thus causing continued exposure and delaying necessary testing, examinations, surveillance, and treatment.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and

the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1229 so as to admit or deny them, and on that basis deny them.

1230.   Defendants' negligent conduct created and then exacerbated an unreasonable, dangerous condition for Plaintiffs and the other Class members.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1230 so as to admit or deny them, and on that basis deny them.

1231.   Defendants acted and/or failed to act willfully, and with conscious and reckless disregard for the rights and interests of Plaintiffs and the other Class members, and Defendants' acts and omissions had a great probability of causing significant harm, and in fact it resulted in such harm to Plaintiffs and the other Class members.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1231 so as to admit or deny them, and on that basis deny them.

1232.   Defendants' negligence and gross negligence were a substantial factor in causing and/or contributing to Plaintiffs and the other Class members' harms.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and

the other putative Class members' alleged injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1232 so as to admit or deny them, and on that basis deny them.

1233.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members—including their marketing—was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants further deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of" Plaintiffs and the other putative Class Members' rights and interests and further deny that any alleged injuries purportedly suffered by Plaintiffs and the other putative Class Members were caused by the acts or omissions of Defendants. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1233 so as to admit or deny them, and on that basis deny them.

1234.   As a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries. Defendants are without sufficient knowledge

or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1234 so as to admit or deny them, and on that basis deny them.

1235.   Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiffs and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1235 so as to admit or deny them, and on that basis deny them.

**COUNT 76 — NEGLIGENT MISREPRESENTATION/OMISSION**
**(Individually and on Behalf of the Maryland Medical Monitoring Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

1236.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been

dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1237.   Plaintiffs bring this cause of action individually and on behalf of the Maryland Medical Monitoring Class.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1238.   Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1239.   At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings of any risks they knew of or should have known of related to using their Toxic Hair Relaxer Products. Defendants knew or should have known about this duty.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1240.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew

or should have known that their representations about the safety of their Toxic Hair Relaxer Products were false.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1241.   Defendants breached their duty in representing that their Toxic Hair Relaxer Products have no serious side effects when they knew or should have known that their products did cause serious side effects as described herein.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1242.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1243.   Additionally, Defendants have a duty to not make false representations with respect to their Toxic Hair Relaxer Products. At all relevant times, Defendants conducted sales and marketing campaigns to promote the sale of their Toxic Hair Relaxer Products and willfully

deceived Plaintiffs and the general public about the health risks and adverse consequences of the use of such products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1244.   Defendants' misrepresentations included but are not limited to the statements in labels and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1245.   Defendants made such representations and failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1246.   Defendants' misrepresentations and omissions concealed from Plaintiffs and the other Class members that Defendants' Toxic Hair Relaxer Products posed a high risk of unreasonable, dangerous, health conditions, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1247.   Plaintiffs and the other Class members justifiably relied on Defendants' misrepresentations and nondisclosures to their detriment. Specifically, Plaintiffs and the other Class members relied on representations that their Toxic Hair Relaxer Products were safe to use as expected and instructed, when they were not.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1248.   In reliance on the misrepresentations by Defendants, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1249.   As a direct and proximate result of the foregoing negligent misrepresentations by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1250.   Defendants' omission of material facts also induced Plaintiffs and the other Class members into purchasing Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other

Class members had known of the true facts and the facts concealed by Defendants, Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1251. Because of the severe nature of the harms caused by Defendants' Toxic Hair Relaxer Products, no reasonable person would have purchased these products if Defendants have fully apprised the public of the dangers associated with these products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1252. Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1253. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and

have suffered and will continue to suffer economic losses and expenses associated with

medically necessary medical monitoring.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1254.   Plaintiffs, on behalf of themselves and the other Class members, seek injunctive

and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring

Class members of their exposure and its potential consequences, and to fund diagnostic

screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class

members, and/or compensatory damages to fund this necessary medical monitoring; (b)

attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable

and just.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

<div align="center">

**COUNT 77 - NEGLIGENCE PER SE**
**(Individually and on behalf of the Maryland Medical Monitoring Class Against Defendants**
**Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and**
**Luster)**

</div>

1255.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes'

claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set

forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order

on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland

has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1256. Plaintiffs bring this cause of action individually and on behalf of the Maryland Medical Monitoring Class.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1257. The Food, Drug, and Cosmetic Act, 21 U.S.C. ch. 9 § 301 *et seq.,* and its accompanying regulations, are implemented to regulate and promote safety in the design, manufacturing, marketing, branding, labeling, and sale of food, drugs, and cosmetics, including Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1258. Upon information and belief, Defendants' conduct violated one or more statutes or related regulations, including but not limited to the following:

      a.     21 U.S.C. § 331;

      b.     21 U.S.C. § 361;

      c.     21 U.S. Code § 362; and

      d.     21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1259. Plaintiffs are currently unadvised of the full extent of the federal or state safety laws and regulations that Defendants or their agents may have violated but reserve the right to rely on such safety laws and regulations shown during discovery.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1260. Defendants' violation of such safety laws and regulations constitutes negligence *per se.*

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1261. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1262.   Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Maryland has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

## COUNT 78 - STRICT LIABILITY: DESIGN DEFECT
**(Individually and on Behalf of the Maryland Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

1263.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1264.   Plaintiffs bring this cause of action individually and on behalf of the Maryland

Medical Monitoring Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

1265.   Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer

Products that were used by Plaintiffs and the other Class members, and Defendants were in the

business of selling their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1265 so as to admit or deny them, and on

that basis deny them.

1266.   Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and

unreasonably dangerous condition at the time they left Defendants' possession because of their

design. In particular, Defendants' Toxic Hair Relaxer Products were defectively designed

because they caused serious injuries and death, including but not limited to uterine cancer and

ovarian cancer.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or

defective in any way.  Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1266 so as to admit or deny them, and on that basis deny them.

1267.   Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiffs and the other Class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1267 so as to admit or deny them, and on that basis deny them.

1268.   Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1268 so as to admit or deny them, and on that basis deny them.

1269.   Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers as well as direct sale to consumers through retail stores.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1269 so as to admit or deny them, and on that basis deny them.

1270.   Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which those products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1270 so as to admit or deny them, and on that basis deny them.

1271.   Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1271 so as to admit or deny them, and on that basis deny them.

1272.   Defendants knew or should have known that their products were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1272 so as to admit or deny them, and on that basis deny them.

1273.   At all times material to Plaintiffs' and the other Class members' claims, there were technologically and economically feasible safer alternative designs that would have prevented or substantially reduced the risk to Plaintiffs and the other Class members without substantially impairing the utility of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1273 so as to admit or deny them, and on that basis deny them.

1274.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1274 so as to admit or deny them, and on that basis deny them.

1275.   Plaintiffs plead this claim for relief in the broadest sense and seek the full measure of damages allowed under the applicable governing law, including the common law and, where and to the extent applicable, all product liability acts, statutes, and laws.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1276.   As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of their Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1276 so as to admit or deny them, and on that basis deny them.

1277.   Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class

members, and/or compensatory damages to fund this necessary medical monitoring; (b)

attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable

and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or

defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any

alleged injuries purportedly suffered by Plaintiffs and the other putative Class members.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1277 so as to admit or deny them, and on

that basis deny them.

<div align="center">

**COUNT 79 — STRICT LIABILITY: FAILURE TO WARN**
**(Individually and on Behalf of the Maryland Medical Monitoring Classes Against**
**Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and**
**Luster)**

</div>

1278.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes'

claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth

herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.

1279.   Plaintiffs bring this cause of action individually and on behalf of the Maryland

Medical Monitoring Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

1280.   Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products, which were used by Plaintiffs and the other Class members, and Defendants were in the business of selling Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1280 so as to admit or deny them, and on that basis deny them.

1281.   Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because they were not accompanied by adequate warnings.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1281 so as to admit or deny them, and on that basis deny them.

1282.   In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products could cause serious injuries and death when used in an intended or reasonably foreseeable manner, including but not limited to uterine and ovarian cancer. Defendants failed to give appropriate and adequate warning of such risks. Nor did Defendants warn that the safety of their Toxic Hair Relaxer Products has not been determined. In fact, Defendants continue to this day to market and sell their products to consumers without adequate warnings of the risks associated with their products' use or the lack of safety determination.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1282 so as to admit or deny them, and on that basis deny them.

1283. If Defendants had warned Plaintiffs and the other Class members that use of their Toxic Hair Relaxer Products in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, including but not limited to developing uterine and ovarian cancer, and/or that the safety of the Toxic Hair Relaxer Products had not been determined, Plaintiffs and the other Class members would not have used their Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1283 so as to admit or deny them, and on that basis deny them.

1284. Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiffs and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers and directly to consumers through retail stores.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1284 so as to admit or deny them, and on that basis deny them.

1285.   Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiffs and the other Class members, without substantial change in the condition in which their Toxic Hair Relaxer Products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1285 so as to admit or deny them, and on that basis deny them.

1286.   Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1286 so as to admit or deny them, and on that basis deny them.

1287.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1287 so as to admit or deny them, and on

that basis deny them.

1288.    As a direct and proximate result of Plaintiffs' and the other Class members'

reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other

Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a

significantly increased risk of developing serious and potentially fatal Subject Cancers, and have

suffered and will continue to suffer economic losses and expenses associated with medically

necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1288 so as to admit or deny them, and on

that basis deny them.

1289.    Plaintiffs, on behalf of themselves and the other Class members, seek injunctive

and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring

Class members of their exposure and its potential consequences, and to fund diagnostic

screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class

members, and/or compensatory damages to fund this necessary medical monitoring; (b)

attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable

and just.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1289 so as to admit or deny them, and on that basis deny them.

**COUNT 80 - VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT**
**(Individually and on Behalf of the Maryland Consumer and Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

1290.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, its defenses and responses to paragraphs 1 through 180.

1291.   Plaintiffs bring this cause of action individually and on behalf of the Maryland Consumer and Medical Monitoring Classes.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1292.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants'

deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class

members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:** Defendants deny that they violated any of the statutes and regulations

cited in this paragraph and subparts in any way. Defendants further deny that Plaintiffs and the

other putative Class members suffered any damages as a result of Defendants' acts and/or

omissions. Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the balance of the allegations in paragraph 1292 so as to admit or deny them,

and on that basis deny them.

1293. Defendants' deceptive, unfair, unlawful, and unconscionable practices included

but were not limited to the following practices, done knowingly:

a. Representing that goods have characteristics, ingredients, uses, or benefits

that they do not have;

b. Representing that goods are of a particular standard, quality, or grade if

they are of another; and

c. Advertising goods with the intent not to sell them as advertised.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members

suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the

allegations in paragraph 1293 so as to admit or deny them, and on that basis deny them.

1294. Defendants' actions and failure to act—including their false and misleading

representations and omissions of material facts regarding the safety and potential risks of their

Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by

Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and

misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Maryland Consumer Protection Act.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1294 so as to admit or deny them, and on that basis deny them.

1295.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1295 so as to admit or deny them, and on that basis deny them.

1296.   By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1296 so as to admit or deny them, and on that basis deny them.

1297.   As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured,

designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1297 so as to admit or deny them, and on that basis deny them.

1298.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1298 so as to admit or deny them, and on that basis deny them.

1299.   Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1299 so as to admit or deny them, and on that basis deny them.

1300.   Plaintiffs did not need to send (additional) notice to Defendants of their violations of the Maryland Consumer Protection Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1300 so as to admit or deny them, and on that basis deny them.

1301.   Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1301 so as to admit or deny them, and on that basis deny them.

1302.   Further, as a direct and proximate result of each Defendant's negligent conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal

Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1302 so as to admit or deny them, and on that basis deny them.

1303.   Plaintiffs, on behalf of themselves and the other Medical Monitoring Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1303 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 81 - UNJUST ENRICHMENT**
**(Individually and on Behalf of the Maryland Consumer Class Against Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

</div>

1304.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

<div align="center">512</div>

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1305.   Plaintiffs bring this cause of action individually and on behalf of the Maryland Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1306.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1306 so as to admit or deny them, and on that basis deny them.

1307.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1307 so as to admit or deny them, and on that basis deny them.

1308.  As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**  Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1308 so as to admit or deny them, and on that basis deny them.

1309.  Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**  Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1309 so as to admit or deny them, and on that basis deny them.

1310.  At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1310 so as to admit or deny them, and on that basis deny them.

1311.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1311 so as to admit or deny them, and on that basis deny them.

1312.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1312 so as to admit or deny them, and on that basis deny them.

1313.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1313 so as to admit or deny them, and on that basis deny them.

1314. Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1314 so as to admit or deny them, and on that basis deny them.

1315. Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1315 so as to admit or deny them, and on that basis deny them.

## COUNT 82 - BREACH OF EXPRESS WARRANTY
**(Individually and on Behalf of the Maryland Consumer and Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

1316. Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes' claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1317.   Plaintiffs bring this cause of action individually and on behalf of the Maryland

Consumer and Medical Monitoring Classes.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

1318.   As detailed above, Defendants, through their written literature, packaging and

labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer

Products were safe and fit for the purposes intended, that they were of merchantable quality, and

that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 1318 so as to admit or deny them,

and on that basis deny them.

1319.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular

use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can

"decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation

of fact or promise, or a description of the product as being safe and not posing a dangerous

health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products

are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk

because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or

concealed any information.  Defendants further deny that any of their hair relaxer products are

toxic or defective in any way.  Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the balance of the allegations in paragraph 1319 so as to admit or deny them, and on that basis deny them.

1320.   Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1320 so as to admit or deny them, and on that basis deny them.

1321.   Defendants breached its express warranties under Md. Code Ann., Com. Law § 2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**   Defendants deny that they breached express warranties under Md. Code Ann., Com. Law § 2-313, *et seq.*  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 1321.

1322.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1322 so as to admit or deny them, and on that basis deny them.

1323.   Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1323 so as to admit or deny them, and on that basis deny them.

1324.   As a direct and proximate result of each Defendant's breach of its express warranty, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1324 so as to admit or deny them, and on that basis deny them.

1325.   Plaintiffs, on behalf of themselves and the Medical Monitoring Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying

Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1325 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 83 - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE**
**(Individually and on Behalf of the Maryland Consumer and Medical Monitoring Classes Against Defendants Revlon, Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

</div>

1326.   Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1327.   Plaintiffs bring this cause of action individually and on behalf of the Maryland Consumer and Medical Monitoring Classes.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1328.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1328 so as to admit or deny them, and on that basis deny them.

1329.   Prior to the time that Plaintiffs and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiffs, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiffs and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1329 so as to admit or deny them, and on that basis deny them.

1330.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1330 so as to admit or deny them, and on that basis deny them.

1331.    Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiffs and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1331 so as to admit or deny them, and on that basis deny them.

1332.    Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1332 so as to admit or deny them, and on that basis deny them.

1333.    Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1333 so as to admit or deny them, and on that basis deny them.

1334.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1334 so as to admit or deny them, and on that basis deny them.

1335.   At the time that Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiffs and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1335 so as to admit or deny them, and on that basis deny them.

1336.   Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1336 so as to admit or deny them, and on that basis deny them.

1337.   Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1337 so as to admit or deny them, and on that basis deny them.

1338.   Plaintiffs and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1338 so as to admit or deny them, and on that basis deny them.

1339.   Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1339 so as to admit or deny them, and on that basis deny them.

1340.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Md. Code Ann., Com. Law § 2-314, *et seq.*

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1340 so as to admit or deny them, and on that basis deny them.

1341.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiffs and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1341 so as to admit or deny them, and on that basis deny them.

1342.   Defendants' breach of warranties were a substantial factor in causing Plaintiffs' and the other Class members' injuries.

**ANSWER:**     Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1342 so as to admit or deny them, and on that basis deny them.

1343.   As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages,

economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1343 so as to admit or deny them, and on that basis deny them.

1344.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1344 so as to admit or deny them, and on that basis deny them.

1345.   Plaintiffs and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1345 so as to admit or deny them, and on that basis deny them.

1346.  Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1346 so as to admit or deny them, and on that basis deny them.

1347.  As a direct and proximate result of each Defendant's wrongful conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1347 so as to admit or deny them, and on that basis deny them.

1348.  Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class

members, and/or compensatory damages to fund this necessary medical monitoring; (b)

attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable

and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 1348 so as to admit or deny them,

and on that basis deny them.

<div align="center">

**COUNT 84 - FRAUDULENT OMISSION**
**(Individually and on Behalf of the Maryland Consumer Class Against Defendants Revlon,**
**Strength of Nature, Namaste, Dabur, L'Oreal, SoftSheen, JF Labs, and Luster)**

</div>

1349. Plaintiffs Lane and Smith ("Plaintiffs," for purposes of the Maryland Classes'

claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth

herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180. Pursuant to this Court's Order

on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and

therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No.

852.)

1350. Plaintiffs bring this cause of action individually and on behalf of the Maryland

Consumer Class.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Fraudulent Omission has been dismissed, and therefore, no response is required to the

allegation(s) contained in this paragraph. (Dkt. No. 852.)

1351.   Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1352.   At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1353.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1354.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair

Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1355.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1356.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1357.   Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1358.   In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other

Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1359.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1360.   As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1361.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1362.   Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

### L.     Michigan

### COUNT 85 - VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT
**(Individually and on Behalf of the Michigan Consumer Class Against Defendants L'Oreal, SoftSheen, and Luster)**

1363.   Plaintiff Angela Burton ("Plaintiff," for purposes of the Michigan Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1364.   Plaintiff brings this cause of action individually and on behalf of the Michigan Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1365.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1365 so as to admit or deny them, and on that basis deny them.

1366.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

a.      Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

b.      Representing that goods are of a particular standard, quality, or grade if they are of another; and

c.      Advertising goods with the intent not to sell them as advertised.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1366 so as to admit or deny them, and on that basis deny them.

1367.  Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Michigan Consumer Protection Act.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1367 so as to admit or deny them, and on that basis deny them.

1368.  Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1368 so as to admit or deny them, and on that basis deny them.

1369.  By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1369 so as to admit or deny them, and on that basis deny them.

1370.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1370 so as to admit or deny them, and on that basis deny them.

1371.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1371 so as to admit or deny them, and on that basis deny them.

1372.   Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1372 so as to admit or deny them, and on that basis deny them.

1373.   Plaintiff did not need to send (additional) notice to Defendants of their violations of the Michigan Consumer Protection Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1373 so as to admit or deny them, and on that basis deny them.

1374.   Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1374 so as to admit or deny them, and on that basis deny them.

## COUNT 86 - UNJUST ENRICHMENT
### (Individually and on Behalf of the Michigan Consumer Class Against Defendants L'Oreal, SoftSheen, Luster)

1375.   Plaintiff Angela Burton ("Plaintiff," for purposes of the Michigan Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1376.   Plaintiff brings this cause of action individually and on behalf of the Michigan Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1377.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as

to the truth or falsity of the balance of the allegations in paragraph 1377 so as to admit or deny them, and on that basis deny them.

1378.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1378 so as to admit or deny them, and on that basis deny them.

1379.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1379 so as to admit or deny them, and on that basis deny them.

1380.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as

to the truth or falsity of the balance of the allegations in paragraph 1380 so as to admit or deny them, and on that basis deny them.

1381.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1381 so as to admit or deny them, and on that basis deny them.

1382.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1382 so as to admit or deny them, and on that basis deny them.

1383.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1383 so as to admit or deny them, and on that basis deny them.

1384. Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1384 so as to admit or deny them, and on that basis deny them.

1385. Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1385 so as to admit or deny them, and on that basis deny them.

1386. Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1386 so as to admit or deny them, and on that basis deny them.

## COUNT 87 - BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Michigan Consumer Class Against Defendants L'Oreal, SoftSheen, and Luster)

1387.   Plaintiff Angela Burton ("Plaintiff," for purposes of the Michigan Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1388.   Plaintiff brings this cause of action individually and on behalf of the Michigan Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1389.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1389 so as to admit or deny them, and on that basis deny them.

1390.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation

of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:** Defendants deny that they made any misrepresentations or omissions or concealed any information. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1390 so as to admit or deny them, and on that basis deny them.

1391. Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1391 so as to admit or deny them, and on that basis deny them.

1392. Defendants breached its express warranties under Mich. Comp. Laws 440.2313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:** Defendants deny that they breached express warranties under Mich. Comp. Laws 440.2313, *et seq.* Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants deny the balance of the allegations in paragraph 1392.

1393.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1393 so as to admit or deny them, and on that basis deny them.

1394.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1394 so as to admit or deny them, and on that basis deny them.

**COUNT 88 - BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY/FITNESS FOR PARTICULAR USE
(Individually and on Behalf of the Michigan Consumer Class Against Defendants L'Oreal,
SoftSheen, and Luster)**

1395.   Plaintiff Angela Burton ("Plaintiff," for purposes of the Michigan Consumer

Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though

fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.

1396.   Plaintiff brings this cause of action individually and on behalf of the Michigan

Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

1397.   Defendants are in the business of manufacturing, supplying, marketing,

advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer

products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products.

Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1397 so as to admit or deny them, and on

that basis deny them.

1398.   Prior to the time that Plaintiff and the other Class members purchased and/or used

Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic

Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class

members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1398 so as to admit or deny them, and on that basis deny them.

1399.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1399 so as to admit or deny them, and on that basis deny them.

1400.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1400 so as to admit or deny them, and on that basis deny them.

1401.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1401 so as to admit or deny them, and on that basis deny them.

1402.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1402 so as to admit or deny them, and on that basis deny them.

1403.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1403 so as to admit or deny them, and on that basis deny them.

1404.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1404 so as to admit or deny them, and on that basis deny them.

1405.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1405 so as to admit or deny them, and on that basis deny them.

1406.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1406 so as to admit or deny them, and on that basis deny them.

1407.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1407 so as to admit or deny them, and on that basis deny them.

1408.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1408 so as to admit or deny them, and on that basis deny them.

1409.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Mich. Comp. Laws 440.2314, *et seq.*

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1409 so as to admit or deny them, and on that basis deny them.

1410.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1410 so as to admit or deny them, and on that basis deny them.

1411.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**     Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1411 so as to admit or deny them, and on that basis deny them.

1412.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1412 so as to admit or deny them, and on that basis deny them.

1413.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1413 so as to admit or deny them, and on that basis deny them.

1414.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1414 so as to admit or deny them, and on that basis deny them.

1415.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1415 so as to admit or deny them, and on that basis deny them.

## COUNT 89 - FRAUDULENT OMISSION
### (Individually and on Behalf of the Michigan Consumer Class Against Defendants L'Oreal, SoftSheen, and Luster)

1416.   Plaintiff Angela Burton ("Plaintiff," for purposes of the Michigan Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1417.   Plaintiff brings this cause of action individually and on behalf of the Michigan Consumer Class.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1418.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1419.   At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1420.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1421.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1422.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1423.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1424.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1425.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1426.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1427.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1428.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1429.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result

of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

## M.    Mississippi

## COUNT 90 — VIOLATIONS OF THE MISSISSIPPI CONSUMER PROTECTION ACT
**(Individually and on Behalf of the Mississippi Consumer Class Against Defendants Revlon, Dabur, Namaste, L'Oreal, SoftSheen, and Strength of Nature)**

1430.   Plaintiffs Dillon, Edwards, and Quinn ("Plaintiffs," for purposes of the Mississippi Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1431.   Plaintiffs bring this cause of action individually and on behalf of the Mississippi Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1432.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-5 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair,

unconscionable, and fraudulent conduct, Plaintiffs and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1432 so as to admit or deny them, and on that basis deny them.

1433.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

a.    Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

b.    Representing that goods are of a particular standard, quality, or grade if they are of another; and

c.    Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1433 so as to admit or deny them, and on that basis deny them.

1434.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and

misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Mississippi Consumer Protection Act.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1434 so as to admit or deny them, and on that basis deny them.

1435. Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1435 so as to admit or deny them, and on that basis deny them.

1436. By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1436 so as to admit or deny them, and on that basis deny them.

1437.   As a direct and proximate result of Plaintiffs' and the other Class members'
reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured,
designed, sold, supplied, marketed and/or introduced into the stream of commerce by
Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages,
economic and non-economic loss and will continue to suffer such harm, damages and losses in
the future.

**ANSWER:**   Defendants deny that Plaintiffs and the other putative Class members
suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without
sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the
allegations in paragraph 1437 so as to admit or deny them, and on that basis deny them.

1438.   Defendants' conduct with respect to their design and sale of their Toxic Hair
Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious,
oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a
wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively,
willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the
rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or
defective in any way.  Defendants are without sufficient knowledge or information to form a
belief as to the truth or falsity of the balance of the allegations in paragraph 1438 so as to admit
or deny them, and on that basis deny them.

1439.   Due to the above, Defendants are liable to Plaintiffs and the other Class members
for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available

and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1299 so as to admit or deny them, and on that basis deny them.

1440. Plaintiffs did not need to send (additional) notice to Defendants of their violations of the Mississippi Consumer Protection Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1440 so as to admit or deny them, and on that basis deny them.

1441. Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1441 so as to admit or deny them, and on that basis deny them.

**COUNT 91 — UNJUST ENRICHMENT**

**(Individually and on Behalf of the Mississippi Consumer Class Against Defendants Revlon, Dabur, Namaste, L'Oreal, SoftSheen, and Strength of Nature)**

1442.   Plaintiffs Dillon, Edwards, and Quinn ("Plaintiffs," for purposes of the Mississippi Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1443.   Plaintiffs bring this cause of action individually and on behalf of the Mississippi Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1444.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1444 so as to admit or deny them, and on that basis deny them.

1445.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1445 so as to admit or deny them, and on that basis deny them.

1446.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1446 so as to admit or deny them, and on that basis deny them.

1447.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1447 so as to admit or deny them, and on that basis deny them.

1448.   At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1448 so as to admit or deny them, and on that basis deny them.

1449.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1449 so as to admit or deny them, and on that basis deny them.

1450.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1450 so as to admit or deny them, and on that basis deny them.

1451.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1451 so as to admit or deny them, and on that basis deny them.

1452.   Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1452 so as to admit or deny them, and on that basis deny them.

1453.   Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1453 so as to admit or deny them, and on that basis deny them.

## COUNT 92 — BREACH OF EXPRESS WARRANTY
**(Individually and on Behalf of the Mississippi Consumer Class Against Defendants Revlon, Dabur, Namaste, L'Oreal, SoftSheen, and Strength of Nature)**

1454.   Plaintiffs Dillon, Edwards, and Quinn ("Plaintiffs," for purposes of the Mississippi Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1455.   Plaintiffs bring this cause of action individually and on behalf of the Mississippi Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1456.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1456 so as to admit or deny them, and on that basis deny them.

1457.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation

of fact or promise, or a description of the product as being safe and not posing a dangerous

health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products

are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk

because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or

concealed any information.  Defendants further deny that any of their hair relaxer products are

toxic or defective in any way.  Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the balance of the allegations in paragraph 1457 so as to

admit or deny them, and on that basis deny them.

1458.   Plaintiffs and the other Class members read and relied on these express warranties

provided by Defendants in the packaging and written advertisements.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 1458 so as to admit or deny them,

and on that basis deny them.

1459.   Defendants breached its express warranties under Miss. Code § 75-2-313, *et seq.*

because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended

use.

**ANSWER:**    Defendants deny that they breached express warranties under Miss. Code

§ 75-2-313, *et seq.*  Defendants further deny that any of their hair relaxer products are toxic or

defective in any way.  Defendants deny the balance of the allegations in paragraph 1459.

1460.   Defendants knew or should have known that the Toxic Hair Relaxer Products did

not conform to their express warranties and representations and that, in fact, the Toxic Hair

Relaxer Products are not safe and pose serious health risks because they contain toxic chemicals.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1460 so as to admit or deny them, and on that basis deny them.

1461. Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1461 so as to admit or deny them, and on that basis deny them.

## COUNT 93 - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE
**(Individually and on Behalf of the Mississippi Consumer Class Against Defendants Revlon, Dabur, Namaste, L'Oreal, SoftSheen, and Strength of Nature)**

1462. Plaintiffs Dillon, Edwards, and Quinn ("Plaintiffs," for purposes of the Mississippi Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1463.   Plaintiffs bring this cause of action individually and on behalf of the Mississippi Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1464.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**     Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1464 so as to admit or deny them, and on that basis deny them.

1465.   Prior to the time that Plaintiffs and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiffs, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiffs and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1465 so as to admit or deny them, and on that basis deny them.

1466.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1466 so as to admit or deny them, and on that basis deny them.

1467.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiffs and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1467 so as to admit or deny them, and on that basis deny them.

1468.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiffs and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1468 so as to admit or deny them, and on that basis deny them.

1469.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1469 so as to admit or deny them, and on that basis deny them.

1470.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1470 so as to admit or deny them, and on that basis deny them.

1471.   At the time that Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiffs and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1471 so as to admit or deny them, and on that basis deny them.

1472.   Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1472 so as to admit or deny them, and on that basis deny them.

1473.   Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1473 so as to admit or deny them, and on that basis deny them.

1474.   Plaintiffs and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1474 so as to admit or deny them, and on that basis deny them.

1475.   Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1475 so as to admit or deny them, and on that basis deny them.

1476.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Miss. Code § 75-2-314, *et seq.*

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1476 so as to admit or deny them, and on that basis deny them.

1477.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiffs and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1477 so as to admit or deny them, and on that basis deny them.

1478.   Defendants' breach of warranties were a substantial factor in causing Plaintiffs' and the other Class members' injuries.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1478 so as to admit or deny them, and on that basis deny them.

1479.   As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1479 so as to admit or deny them, and on that basis deny them.

1480.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the

rights of others." Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1480 so as to admit or deny them, and on that basis deny them.

1481. Plaintiffs and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1481 so as to admit or deny them, and on that basis deny them.

1482. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:** Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1482 so as to admit or deny them, and on that basis deny them.

1483. As a direct and proximate result of each Defendant's wrongful conduct, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject

Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1483 so as to admit or deny them, and on that basis deny them.

1484. Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1484 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 94 — FRAUDULENT OMISSION**
**(Individually and on Behalf of the Mississippi Consumer Class Against Defendants Revlon, Dabur, Namaste, L'Oreal, SoftSheen, and Strength of Nature)**

</div>

1485. Plaintiffs Dillon, Edwards, and Quinn ("Plaintiffs," for purposes of the Mississippi Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1486.   Plaintiffs bring this cause of action individually and on behalf of the Mississippi Consumer Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1487.   Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1488.   At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1489.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1490.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1491.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1492.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1493. Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1494. In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1495. As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1496.   As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1497.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1498.   Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

N.     **Missouri**

**COUNT 95 — NEGLIGENCE**
**(Individually and on Behalf of the Missouri Medical Monitoring Class Against Defendants
L'Oreal, SoftSheen, and Revlon)**

1499.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims)
incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth
herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth
herein, their defenses and responses to paragraphs 1 through 180.

1500.   Plaintiff brings this cause of action individually and on behalf of the Missouri
Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no
response is required.  To the extent a response is required, Defendants are without sufficient
knowledge or information to form a belief as to the truth or falsity of the allegations in this
paragraph so as to admit or deny them, and on that basis deny them.

1501.   At all relevant times, each Defendant had a duty to exercise reasonable care in the
manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing,
labeling, packaging, selling, and distributing of their hair relaxer products.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a
belief as to the truth or falsity of the allegations in paragraph 1501 so as to admit or deny them,
and on that basis deny them.

1502.   Each Defendant owed a duty of care to Plaintiff and the other Class members to
ensure that the Toxic Hair Relaxer Products it sold in the United States were safe for human
consumption, contained only the ingredients stated on the label, and were not adulterated.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1502 so as to admit or deny them, and on that basis deny them.

1503.  Defendants' duty to exercise reasonable care in the advertising and sale of their hair relaxer products included a duty to warn Plaintiff and the other Class members of the risks and dangers associated with their Toxic Hair Relaxer Products that were known or should have been known to Defendants at the time of the sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members, including that the products were contained ingredients not specified on the label that were likely to cause harm to consumers.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1503 so as to admit or deny them, and on that basis deny them.

1504.  Defendants also owed a continuing duty to Plaintiff and the other Class members to remove, recall, or retrofit the unsafe and/or defective Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1504 so as to admit or deny them, and on that basis deny them.

1505.  At all relevant times, Defendants knew or should have known through the exercise of reasonable care of the dangers associated with the normal and/or intended use of their

hair relaxer products. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products significantly increase the risk of uterine and ovarian cancer.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1505 so as to admit or deny them, and on that basis deny them.

1506. Each Defendant owed a duty of care to Plaintiff and the other Class members because they were foreseeable, reasonable, and probable users of Toxic Hair Relaxer Products. Each Defendant knew or should have known that its Toxic Hair Relaxer Products were harmful to humans, contained ingredients other than those stated, and/or were adulterated, and each was in the best position to uncover and remedy these shortcomings.

**ANSWER:** Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1506 so as to admit or deny them, and on that basis deny them.

1507. At all relevant times, Defendants knew, or should have known through the exercise of reasonable care, that ordinary consumers such as Plaintiff and the other Class members would not realize the potential risks and dangers of their Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1507 so as to admit or deny them, and on that basis deny them.

1508.   Each Defendant failed to discharge its duty of care. Defendants breached their duty of care by manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, selling, and/or distributing their Toxic Hair Relaxer Products negligently, recklessly, and/or with extreme carelessness, and by failing to adequately warn of the risks and dangers of their Toxic Hair Relaxer Products—as described in the allegations above. Such breaches include but are not limited to:

a.      Failing to warn Plaintiff and the other Class members of the risks and dangers associated with the use of their Toxic Hair Relaxer Products;

b.      Failing to properly test their Toxic Hair Relaxer Products to determine the adequacy or effectiveness of safety measures, if any, prior to releasing their Toxic Hair Relaxer Products for consumer use;

c.      Failing to properly test their Toxic Hair Relaxer Products to determine the increased risk of harm to the endocrine system, including uterine and ovarian cancers, during the normal and/or intended use of their Toxic Hair Relaxer Products;

d.      Designing their Toxic Hair Relaxer Products defectively such that they caused serious injuries or death when used in their intended and reasonably foreseeable manner;

e.      Failing to inform Plaintiff and the other Class members as to the safe and proper methods of handling and using their Toxic Hair Relaxer Products;

f.      Failing to remove or recall their Toxic Hair Relaxer Products from the market when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

        g.       Failing to instruct Plaintiff and the other Class members as to the methods for reducing exposure to their Toxic Hair Relaxer Products, which caused increased risk of cancer, including uterine and ovarian cancer;

        h.       Marketing and labeling their hair relaxer products as safe when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

        i.       Claiming in labeling and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above; and

        j.       Failing to act like a reasonably prudent company under similar circumstances.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1508 so as to admit or deny them, and on that basis deny them.

1509.  Each Defendant knew, or should have known through reasonable care, that the aforesaid wrongdoing would foreseeably cause injuries and other damage to Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries and other damage. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1509 so as to admit or deny them, and on that basis deny them.

1510.   Each of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that any acts and/or omissions on their part caused or contributed to Plaintiff and the other putative Class members' alleged injuries and damages.

1511.   Due to Defendants' failure to exercise ordinary care and to comply with the duties associated with selling cosmetic products, Plaintiff and the other Class members were unable to discover the dangerous nature of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1511 so as to admit or deny them, and on that basis deny them.

1512.   Defendants' acts and omissions constitute gross negligence because they constitute a total lack of care and an extreme departure from what a reasonably careful company would do in the same situation to prevent foreseeable harm to Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1512 so as to admit or deny them, and on that basis deny them.

1513.   Each Defendant negligently failed to promptly and immediately warn and disclose to Plaintiff and the other Class members that use of their hair relaxer products would result in harm, and that using their products in the intended manner results in toxicity, delaying notice of

this harmful and toxic exposure and thus causing continued exposure and delaying necessary testing, examinations, surveillance, and treatment.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1513 so as to admit or deny them, and on that basis deny them.

1514.   Defendants' negligent conduct created and then exacerbated an unreasonable, dangerous condition for Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1514 so as to admit or deny them, and on that basis deny them.

1515.   Defendants acted and/or failed to act willfully, and with conscious and reckless disregard for the rights and interests of Plaintiff and the other Class members, and Defendants' acts and omissions had a great probability of causing significant harm, and in fact it resulted in such harm to Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1515 so as to admit or deny them, and on that basis deny them.

1516.   Defendants' negligence and gross negligence were a substantial factor in causing and/or contributing to Plaintiff and the other Class members' harms.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1516 so as to admit or deny them, and on that basis deny them.

1517.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members—including their marketing—was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants further deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of" Plaintiff and the other putative Class Members' rights and interests and further deny that any alleged injuries purportedly suffered by Plaintiff and the other putative Class Members were caused by the acts or omissions of Defendants.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1517 so as to admit or deny them, and on that basis deny them.

1518.   As a direct and proximate result of each Defendant's negligent conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject

Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1518 so as to admit or deny them, and on that basis deny them.

1519.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1519 so as to admit or deny them, and on that basis deny them.

**COUNT 96 — NEGLIGENT MISREPRESENTATION/OMISSION**
**(Individually and on Behalf of the Missouri Medical Monitoring Class Against Defendants**
**L'Oreal, SoftSheen, and Revlon)**

1520.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims)

incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth

herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth

herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order

on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been

dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.

(Dkt. No. 852.)

1521.   Plaintiff brings this cause of action individually and on behalf of the Missouri

Medical Monitoring Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1522.   Through their labeling and advertising, Defendants made representations to

Plaintiff and the other Class members concerning the active and inactive ingredients in their

Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for

Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required

to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1523.   At all relevant times, Defendants had a duty to provide Plaintiff and the other

Class members with true and accurate information about their Toxic Hair Relaxer Products,

including warnings of any risks they knew of or should have known of related to using their Toxic Hair Relaxer Products. Defendants knew or should have known about this duty.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1524.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that their representations about the safety of their Toxic Hair Relaxer Products were false.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1525.   Defendants breached their duty in representing that their Toxic Hair Relaxer Products have no serious side effects when they knew or should have known that their products did cause serious side effects as described herein.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1526.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately

disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1527.   Additionally, Defendants have a duty to not make false representations with respect to their Toxic Hair Relaxer Products. At all relevant times, Defendants conducted sales and marketing campaigns to promote the sale of their Toxic Hair Relaxer Products and willfully deceived Plaintiff and the general public about the health risks and adverse consequences of the use of such products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1528.   Defendants' misrepresentations included but are not limited to the statements in labels and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1529.   Defendants made such representations and failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1530. Defendants' misrepresentations and omissions concealed from Plaintiffs and the other Class members that Defendants' Toxic Hair Relaxer Products posed a high risk of unreasonable, dangerous, health conditions, including but not limited to uterine and ovarian cancer.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1531. Plaintiff and the other Class members justifiably relied on Defendants' misrepresentations and nondisclosures to their detriment. Specifically, Plaintiff and the other Class members relied on representations that their Toxic Hair Relaxer Products were safe to use as expected and instructed, when they were not.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1532. In reliance on the misrepresentations by Defendants, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1533.   As a direct and proximate result of the foregoing negligent misrepresentations by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1534.   Defendants' omission of material facts also induced Plaintiff and the other Class members into purchasing Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the true facts and the facts concealed by Defendants, Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1535.   Because of the severe nature of the harms caused by Defendants' Toxic Hair Relaxer Products, no reasonable person would have purchased these products if Defendants have fully apprised the public of the dangers associated with these products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1536.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive,

willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1537. As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1538. Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers, for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

<div align="center">

**COUNT 97 - NEGLIGENCE PER SE**
**(Individually and on behalf of the Missouri Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, and Revlon)**

</div>

1539.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1540.   Plaintiff brings this cause of action individually and on behalf of the Missouri Medical Monitoring Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1541.   The Food, Drug, and Cosmetic Act, 21 U.S.C. ch. 9 § 301 *et seq.,* and its accompanying regulations, are implemented to regulate and promote safety in the design, manufacturing, marketing, branding, labeling, and sale of food, drugs, and cosmetics, including Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1541 so as to admit or deny them, and on that basis deny them.

1542.   Upon information and belief, Defendants' conduct violated one or more statutes or related regulations, including but not limited to the following:

       a.      21 U.S.C. § 331;

       b.      21 U.S.C. § 361;

       c.      21 U.S. Code § 362; and

       d.      21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10.

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way and further deny that any such purported violation provides Plaintiff with a cause of action.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1542 so as to admit or deny them, and on that basis deny them.

1543.   Plaintiff is currently unadvised of the full extent of the federal or state safety laws and regulations that Defendants or their agents may have violated but reserve the right to rely on such safety laws and regulations shown during discovery.

**ANSWER:**   Defendants deny that they violated any statutes and regulations any way and further deny that any such purported violation provides Plaintiff with a cause of action. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1543 so as to admit or deny them, and on that basis deny them.

1544.   Defendants' violation of such safety laws and regulations constitutes negligence *per se.*

**ANSWER:**     Defendants deny that they violated any statutes and regulations in any way and further deny that any such purported violation provides Plaintiff with a cause of action. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1544 so as to admit or deny them, and on that basis deny them.

1545.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that any alleged damages or harm purportedly suffered by Plaintiff and the other putative Class members were the result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1545 so as to admit or deny them, and on that basis deny them.

1546.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1546 so as to admit or deny them, and on that basis deny them.

### COUNT 98 - STRICT LIABILITY: DESIGN DEFECT
### (Individually and on Behalf of the Missouri Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, and Revlon)

1547.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1548.   Plaintiff brings this cause of action individually and on behalf of the Missouri Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1549.   Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products that were used by Plaintiff and the other Class members, and Defendants were in the business of selling their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1549 so as to admit or deny them, and on that basis deny them.

1550.   Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because of their design. In particular, Defendants' Toxic Hair Relaxer Products were defectively designed because they caused serious injuries and death, including but not limited to uterine cancer and ovarian cancer.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1550 so as to admit or deny them, and on that basis deny them.

1551.   Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiff and the other Class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1551 so as to admit or deny them, and on that basis deny them.

1552.   Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1552 so as to admit or deny them, and on that basis deny them.

1553.   Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiff and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers as well as direct sale to consumers through retail stores.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1553 so as to admit or deny them, and on that basis deny them.

1554.   Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiff and the other Class members, without substantial change in the condition in which those products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1554 so as to admit or deny them, and on that basis deny them.

1555.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1555 so as to admit or deny them, and on that basis deny them.

1556.   Defendants knew or should have known that their products were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1556 so as to admit or deny them, and on that basis deny them.

1557.   At all times material to Plaintiff's and the other Class members' claims, there were technologically and economically feasible safer alternative designs that would have prevented or substantially reduced the risk to Plaintiffs and the other Class members without substantially impairing the utility of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1557 so as to admit or deny them, and on that basis deny them.

1558.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1558 so as to admit or deny them, and on that basis deny them.

1559.   Plaintiff pleads this claim for relief in the broadest sense and seek the full measure of damages allowed under the applicable governing law, including the common law and, where and to the extent applicable, all product liability acts, statutes, and laws.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1560.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of their Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1560 so as to admit or deny them, and on that basis deny them.

1561.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1561 so as to admit or deny them, and on that basis deny them.

## COUNT 99 - STRICT LIABILITY: FAILURE TO WARN
**(Individually and on Behalf of the Missouri Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, and Revlon)**

1562.  Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1563.  Plaintiff brings this cause of action individually and on behalf of the Missouri Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1564.  Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products, which were used by Plaintiff and the other Class members, and Defendants were in the business of selling Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1564 so as to admit or deny them, and on that basis deny them.

1565.  Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because they were not accompanied by adequate warnings.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1565 so as to admit or deny them, and on that basis deny them.

1566.   In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products could cause serious injuries and death when used in an intended or reasonably foreseeable manner, including but not limited to uterine and ovarian cancer. Defendants failed to give appropriate and adequate warning of such risks. Nor did Defendants warn that the safety of their Toxic Hair Relaxer Products has not been determined. In fact, Defendants continue to this day to market and sell their products to consumers without adequate warnings of the risks associated with their products' use or the lack of safety determination.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1566 so as to admit or deny them, and on that basis deny them.

1567.   If Defendants had warned Plaintiff and the other Class members that use of their Toxic Hair Relaxer Products in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, including but not limited to developing uterine and ovarian cancer, and/or that the safety of the Toxic Hair Relaxer Products had not been determined, Plaintiff and the other Class members would not have used their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to

any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1567 so as to admit or deny them, and on that basis deny them.

1568. Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiff and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers and directly to consumers through retail stores.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1568 so as to admit or deny them, and on that basis deny them.

1569. Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiff and the other Class members, without substantial change in the condition in which their Toxic Hair Relaxer Products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1569 so as to admit or deny them, and on that basis deny them.

1570. Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1570 so as to admit or deny them, and on that basis deny them.

1571. Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1571 so as to admit or deny them, and on that basis deny them.

1572. As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1572 so as to admit or deny them, and on that basis deny them.

1573. Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1573 so as to admit or deny them, and on that basis deny them.

## COUNT 100 — VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT
### (Individually and on Behalf of the Missouri Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, and Revlon)

1574.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1575.   Plaintiff brings this cause of action individually and on behalf of the Missouri Consumer and Medical Monitoring Classes.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1576.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the balance of the allegations in paragraph 1576 so as to admit or deny them, and on that basis deny them.

1577.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

        a.     Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

        b.     Representing that goods are of a particular standard, quality, or grade if they are of another; and

        c.     Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1577 so as to admit or deny them, and on that basis deny them.

1578.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Missouri Merchandising Practices Act.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1294 so as to admit or deny them, and on that basis deny them.

1579.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1579 so as to admit or deny them, and on that basis deny them.

1580.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1580 so as to admit or deny them, and on that basis deny them.

1581.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1581 so as to admit or deny them, and on that basis deny them.

1582.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1582 so as to admit or deny them, and on that basis deny them,

1583.   Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1583 so as to admit or deny them, and on that basis deny them.

1584. Plaintiff did not need to send (additional) notice to Defendants of their violations of the Missouri Merchandising Practices Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1584 so as to admit or deny them, and on that basis deny them.

1585. Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1585 so as to admit or deny them, and on that basis deny them.

1586. Further, as a direct and proximate result of each Defendant's negligent conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1586 so as to admit or deny them, and on that basis deny them.

1587.   Plaintiff, on behalf of herself and the other Medical Monitoring Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1587 so as to admit or deny them, and on that basis deny them.

### COUNT 101 — UNJUST ENRICHMENT
### (Individually and on Behalf of the Missouri Consumer Class Against Defendants L'Oreal, SoftSheen, and Revlon)

1588.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1589.   Plaintiff brings this cause of action individually and on behalf of the Missouri Consumer Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1590. As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1590 so as to admit or deny them, and on that basis deny them.

1591. In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:** Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1591 so as to admit or deny them, and on that basis deny them.

1592. As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1592 so as to admit or deny them, and on that basis deny them.

1593.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1593 so as to admit or deny them, and on that basis deny them.

1594.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1594 so as to admit or deny them, and on that basis deny them.

1595.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1595 so as to admit or deny them, and on that basis deny them.

1596.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1596 so as to admit or deny them, and on that basis deny them.

1597.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1597 so as to admit or deny them, and on that basis deny them.

1598.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1598 so as to admit or deny them, and on that basis deny them.

1599.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1599 so as to admit or deny them, and on that basis deny them.

## COUNT 102 - BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Missouri Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, and Revlon)

1600.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1601.   Plaintiff brings this cause of action individually and on behalf of the Missouri Consumer and Medical Monitoring Classes.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1602.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1602 so as to admit or deny them, and on that basis deny them.

1603.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1603 so as to admit or deny them, and on that basis deny them.

1604.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1604 so as to admit or deny them, and on that basis deny them.

1605.   Defendants breached its express warranties under Mo. Rev. Stat. § 400.2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**     Defendants deny that they breached express warranties under Mo. Rev. Stat. § 400.2-313, *et seq*.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 1605.

1606.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1606 so as to admit or deny them, and on that basis deny them.

1607.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1607 so as to admit or deny them, and on that basis deny them.

1608.   As a direct and proximate result of each Defendant's breach of its express warranty, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1608 so as to admit or deny them, and on that basis deny them.

1609.   Plaintiff, on behalf of herself and the Medical Monitoring Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers, for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1609 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 103 — BREACH OF IMPLIED WARRANTY OF**
**MERCHANTABILITY/FITNESS FOR PARTICULAR USE**
**(Individually and on Behalf of the Missouri Consumer and Medical Monitoring Classes**
**Against Defendants L'Oreal, SoftSheen, and Revlon)**

</div>

1610.  Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1611.  Plaintiff brings this cause of action individually and on behalf of the Missouri Consumer and Medical Monitoring Classes.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1612.  Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:** Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1612 so as to admit or deny them, and on that basis deny them.

1613.  Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**  Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1613 so as to admit or deny them, and on that basis deny them.

1614.  Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**  Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1614 so as to admit or deny them, and on that basis deny them.

1615.  Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**  Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1615 so as to admit or deny them, and on that basis deny them.

1616.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1616 so as to admit or deny them, and on that basis deny them.

1617.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1617 so as to admit or deny them, and on that basis deny them.

1618.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1618 so as to admit or deny them, and on that basis deny them.

1619.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1619 so as to admit or deny them, and on that basis deny them.

1620.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1620 so as to admit or deny them, and on that basis deny them.

1621.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1621 so as to admit or deny them, and on that basis deny them.

1622.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1622 so as to admit or deny them, and on that basis deny them.

1623.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1623 so as to admit or deny them, and on that basis deny them.

1624.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Mo. Rev. Stat. § 400.2-314, *et seq.*

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1624 so as to admit or deny them, and on that basis deny them.

1625.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1625 so as to admit or deny them, and on that basis deny them.

1626.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1626 so as to admit or deny them, and on that basis deny them.

1627.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class

members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1627 so as to admit or deny them, and on that basis deny them.

1628. Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1628 so as to admit or deny them, and on that basis deny them.

1629. Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1629 so as to admit or deny them, and on that basis deny them.

1630. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1630 so as to admit or deny them, and on that basis deny them.

1631.   As a direct and proximate result of each Defendant's wrongful conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1631 so as to admit or deny them, and on that basis deny them.

1632.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1632 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 104 — FRAUDULENT OMISSION**
**(Individually and on Behalf of the Missouri Consumer Class Against Defendants L'Oreal, SoftSheen, and Revlon)**

</div>

1633.   Plaintiff Wall ("Plaintiff," for purposes of the Missouri Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1634.   Plaintiff brings this cause of action individually and on behalf of the Missouri Consumer Class.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1635.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1636.   At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1637.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1638.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1639.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1640.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1641.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1642.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1643.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1644.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1645.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1646.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

O.   **Nevada**

## COUNT 105 — NEGLIGENCE
**(Individually and on Behalf of the Nevada Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

1647.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1648.   Plaintiff brings this cause of action individually and on behalf of the Nevada Medical Monitoring Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1649.   At all relevant times, each Defendant had a duty to exercise reasonable care in the manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, labeling, packaging, selling, and distributing of their hair relaxer products.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1649 so as to admit or deny them, and on that basis deny them.

1650.   Each Defendant owed a duty of care to Plaintiff and the other Class members to ensure that the Toxic Hair Relaxer Products it sold in the United States were safe for human consumption, contained only the ingredients stated on the label, and were not adulterated.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1650 so as to admit or deny them, and on that basis deny them.

1651.   Defendants' duty to exercise reasonable care in the advertising and sale of their hair relaxer products included a duty to warn Plaintiff and the other Class members of the risks and dangers associated with their Toxic Hair Relaxer Products that were known or should have been known to Defendants at the time of the sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members, including that the products were contained ingredients not specified on the label that were likely to cause harm to consumers.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1651 so as to admit or deny them, and on that basis deny them.

1652.   Defendants also owed a continuing duty to Plaintiff and the other Class members to remove, recall, or retrofit the unsafe and/or defective Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1652 so as to admit or deny them, and on that basis deny them.

1653.   At all relevant times, Defendants knew or should have known through the exercise of reasonable care of the dangers associated with the normal and/or intended use of their hair relaxer products. In particular, Defendants knew or should have known that their Toxic Hair Relaxer Products significantly increase the risk of uterine and ovarian cancer.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1653 so as to admit or deny them, and on that basis deny them.

1654.   Each Defendant owed a duty of care to Plaintiff and the other Class members because they were foreseeable, reasonable, and probable users of Toxic Hair Relaxer Products. Each Defendant knew or should have known that its Toxic Hair Relaxer Products were harmful to humans, contained ingredients other than those stated, and/or were adulterated, and each was in the best position to uncover and remedy these shortcomings.

**ANSWER:**   Defendants deny that their hair relaxer products are toxic, unsafe and/or adulterated in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1654 so as to admit or deny them, and on that basis deny them.

1655.   At all relevant times, Defendants knew, or should have known through the exercise of reasonable care, that ordinary consumers such as Plaintiff and the other Class members would not realize the potential risks and dangers of their Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1655 so as to admit or deny them, and on that basis deny them.

1656.   Each Defendant failed to discharge its duty of care. Defendants breached their duty of care by manufacturing, designing, researching, testing, producing, supplying, inspecting, marketing, selling, and/or distributing their Toxic Hair Relaxer Products negligently, recklessly, and/or with extreme carelessness, and by failing to adequately warn of the risks and dangers of their Toxic Hair Relaxer Products—as described in the allegations above. Such breaches include but are not limited to:

a.      Failing to warn Plaintiff and the other Class members of the risks and dangers associated with the use of their Toxic Hair Relaxer Products;

b.      Failing to properly test their Toxic Hair Relaxer Products to determine the adequacy or effectiveness of safety measures, if any, prior to releasing their Toxic Hair Relaxer Products for consumer use;

c.      Failing to properly test their Toxic Hair Relaxer Products to determine the increased risk of harm to the endocrine system, including uterine and ovarian cancers, during the normal and/or intended use of their Toxic Hair Relaxer Products;

d.      Designing their Toxic Hair Relaxer Products defectively such that they caused serious injuries or death when used in their intended and reasonably foreseeable manner;

e.      Failing to inform Plaintiff and the other Class members as to the safe and proper methods of handling and using their Toxic Hair Relaxer Products;

f.      Failing to remove or recall their Toxic Hair Relaxer Products from the market when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

g.      Failing to instruct Plaintiff and the other Class members as to the methods for reducing exposure to their Toxic Hair Relaxer Products, which caused increased risk of cancer, including uterine and ovarian cancer;

h.      Marketing and labeling their hair relaxer products as safe when Defendants knew or should have known that their Toxic Hair Relaxer Products were defective and/or dangerous;

i.      Claiming in labeling and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above; and

j.      Failing to act like a reasonably prudent company under similar circumstances.

**ANSWER:**      Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1656 so as to admit or deny them, and on that basis deny them.

1657.   Each Defendant knew, or should have known through reasonable care, that the aforesaid wrongdoing would foreseeably cause injuries and other damage to Plaintiff and the other Class members.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries and other damage. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1657 so as to admit or deny them, and on that basis deny them.

1658. Each of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiff and the other Class members.

**ANSWER:** Defendants deny that any acts and/or omissions on their part caused or contributed to Plaintiff and the other putative Class members' alleged injuries and damages.

1659. Due to Defendants' failure to exercise ordinary care and to comply with the duties associated with selling cosmetic products, Plaintiff and the other Class members were unable to discover the dangerous nature of Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that their hair relaxer products are toxic or unsafe in any manner. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1659 so as to admit or deny them, and on that basis deny them.

1660. Defendants' acts and omissions constitute gross negligence because they constitute a total lack of care and an extreme departure from what a reasonably careful company would do in the same situation to prevent foreseeable harm to Plaintiff and the other Class members.

**ANSWER:** Defendants deny that their hair relaxer products are toxic, unsafe or defective in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries. Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1660 so as to admit or deny them, and on that basis deny them.

1661.   Each Defendant negligently failed to promptly and immediately warn and disclose to Plaintiff and the other Class members that use of their hair relaxer products would result in harm, and that using their products in the intended manner results in toxicity, delaying notice of this harmful and toxic exposure and thus causing continued exposure and delaying necessary testing, examinations, surveillance, and treatment.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1661 so as to admit or deny them, and on that basis deny them.

1662.   Defendants' negligent conduct created and then exacerbated an unreasonable, dangerous condition for Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1662 so as to admit or deny them, and on that basis deny them.

1663.   Defendants acted and/or failed to act willfully, and with conscious and reckless disregard for the rights and interests of Plaintiff and the other Class members, and Defendants' acts and omissions had a great probability of causing significant harm, and in fact it resulted in such harm to Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1663 so as to admit or deny them, and on that basis deny them.

1664.   Defendants' negligence and gross negligence were a substantial factor in causing and/or contributing to Plaintiff and the other Class members' harms.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1664 so as to admit or deny them, and on that basis deny them.

1665.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members—including their marketing—was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that their hair relaxer products are toxic or unsafe in any manner.  Defendants further deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of" Plaintiff and the other putative Class Members' rights and interests and further deny that any alleged injuries purportedly suffered by Plaintiff and the other putative Class Members were caused by the acts or omissions of Defendants.  Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1665 so as to admit or deny them, and on that basis deny them.

1666.   As a direct and proximate result of each Defendant's negligent conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other putative Class members' alleged injuries.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1666 so as to admit or deny them, and on that basis deny them.

1667.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that their hair relaxer products are toxic or unsafe in any manner and further deny that their hair relaxer products caused or contributed to Plaintiff and the other Class members' alleged injuries.  Defendants are without sufficient knowledge or

information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1667 so as to admit or deny them, and on that basis deny them.

## COUNT 106 — NEGLIGENT MISREPRESENTATION/OMISSION
### (Individually and on Behalf of the Nevada Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)

1668.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1669.   Plaintiff brings this cause of action individually and on behalf of the Nevada Medical Monitoring Class.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1670.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1671. At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings of any risks they knew of or should have known of related to using their Toxic Hair Relaxer Products. Defendants knew or should have known about this duty.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1672. Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that their representations about the safety of their Toxic Hair Relaxer Products were false.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1673. Defendants breached their duty in representing that their Toxic Hair Relaxer Products have no serious side effects when they knew or should have known that their products did cause serious side effects as described herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1674. From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair

Relaxer Products to Plaintiffs or the public. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1675.   Additionally, Defendants have a duty to not make false representations with respect to their Toxic Hair Relaxer Products. At all relevant times, Defendants conducted sales and marketing campaigns to promote the sale of their Toxic Hair Relaxer Products and willfully deceived Plaintiff and the general public about the health risks and adverse consequences of the use of such products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1676.   Defendants' misrepresentations included but are not limited to the statements in labels and marketing that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1677.   Defendants made such representations and failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1678.   Defendants' misrepresentations and omissions concealed from Plaintiffs and the other Class members that Defendants' Toxic Hair Relaxer Products posed a high risk of unreasonable, dangerous, health conditions, including but not limited to uterine and ovarian cancer.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1679.   Plaintiff and the other Class members justifiably relied on Defendants' misrepresentations and nondisclosures to their detriment. Specifically, Plaintiff and the other Class members relied on representations that their Toxic Hair Relaxer Products were safe to use as expected and instructed, when they were not.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1680.   In reliance on the misrepresentations by Defendants, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1681.   As a direct and proximate result of the foregoing negligent misrepresentations by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1682.   Defendants' omission of material facts also induced Plaintiff and the other Class members into purchasing Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the true facts and the facts concealed by Defendants, Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1683.   Because of the severe nature of the harms caused by Defendants' Toxic Hair Relaxer Products, no reasonable person would have purchased these products if Defendants have fully apprised the public of the dangers associated with these products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1684.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1685.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1686.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Negligent Misrepresentation/Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

## COUNT 107 — NEGLIGENCE PER SE
**(Individually and on behalf of the Nevada Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

1687.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1688.   Plaintiff brings this cause of action individually and on behalf of the Nevada Medical Monitoring Class.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1689.   The Food, Drug, and Cosmetic Act, 21 U.S.C. ch. 9 § 301 *et seq.,* and its accompanying regulations, are implemented to regulate and promote safety in the design, manufacturing, marketing, branding, labeling, and sale of food, drugs, and cosmetics, including Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1690. Upon information and belief, Defendants' conduct violated one or more statutes or related regulations, including but not limited to the following:

      a.     21 U.S.C. § 331;

      b.     21 U.S.C. § 361;

      c.     21 U.S. Code § 362; and

      d.     21 CFR Part 740, including but not limited to 21 CFR § 740.1 and 21 CFR § 740.10.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1691. Plaintiff is currently unadvised of the full extent of the federal or state safety laws and regulations that Defendants or their agents may have violated but reserve the right to rely on such safety laws and regulations shown during discovery.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1692. Defendants' violation of such safety laws and regulations constitutes negligence *per se.*

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1693. As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1694. Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' negligence *per se* claim that arises under the laws of Nevada has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

## COUNT 108 - STRICT LIABILITY: DESIGN DEFECT
**(Individually and on Behalf of the Nevada Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

1695.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1696.   Plaintiff brings this cause of action individually and on behalf of the Nevada Medical Monitoring Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1697.   Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer Products that were used by Plaintiff and the other Class members, and Defendants were in the business of selling their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1697 so as to admit or deny them, and on that basis deny them.

1698.   Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendants' possession because of their design. In particular, Defendants' Toxic Hair Relaxer Products were defectively designed

because they caused serious injuries and death, including but not limited to uterine cancer and ovarian cancer.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1698 so as to admit or deny them, and on that basis deny them.

1699.   Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiff and the other Class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1699 so as to admit or deny them, and on that basis deny them.

1700.   Defendants' Toxic Hair Relaxer Products are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1700 so as to admit or deny them, and on that basis deny them.

1701.   Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiff and the other Class members, through a variety of channels, including through sales to hair salons for use with their customers as well as direct sale to consumers through retail stores.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1701 so as to admit or deny them, and on that basis deny them.

1702.   Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiff and the other Class members, without substantial change in the condition in which those products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1702 so as to admit or deny them, and on that basis deny them.

1703.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1703 so as to admit or deny them, and on that basis deny them.

1704.   Defendants knew or should have known that their products were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1704 so as to admit or deny them, and on that basis deny them.

1705.   At all times material to Plaintiff's and the other Class members' claims, there were technologically and economically feasible safer alternative designs that would have prevented or substantially reduced the risk to Plaintiffs and the other Class members without substantially impairing the utility of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1705 so as to admit or deny them, and on that basis deny them.

1706.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the

rights of others." Defendants further deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1706 so as to admit or deny them, and on that basis deny them.

1707.   Plaintiff pleads this claim for relief in the broadest sense and seek the full measure of damages allowed under the applicable governing law, including the common law and, where and to the extent applicable, all product liability acts, statutes, and laws.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1708.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of their Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1708 so as to admit or deny them, and on that basis deny them.

1709.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers, for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1709 so as to admit or deny them, and on that basis deny them.

## COUNT 109 — STRICT LIABILITY: FAILURE TO WARN
### (Individually and on Behalf of the Nevada Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)

1710.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1711.   Plaintiff brings this cause of action individually and on behalf of the Nevada

Medical Monitoring Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no

response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this

paragraph so as to admit or deny them, and on that basis deny them.

1712.   Defendants designed, manufactured, marketed, and sold their Toxic Hair Relaxer

Products, which were used by Plaintiff and the other Class members, and Defendants were in the

business of selling Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 1712 so as to admit or deny them,

and on that basis deny them.

1713.   Defendants' Toxic Hair Relaxer Products were in an unsafe, defective, and

unreasonably dangerous condition at the time they left Defendants' possession because they were

not accompanied by adequate warnings.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1713 so as to admit

or deny them, and on that basis deny them.

1714.   In particular, Defendants knew or should have known that their Toxic Hair

Relaxer Products could cause serious injuries and death when used in an intended or reasonably

foreseeable manner, including but not limited to uterine and ovarian cancer. Defendants failed to

give appropriate and adequate warning of such risks. Nor did Defendants warn that the safety of their Toxic Hair Relaxer Products has not been determined. In fact, Defendants continue to this day to market and sell their products to consumers without adequate warnings of the risks associated with their products' use or the lack of safety determination.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1714 so as to admit or deny them, and on that basis deny them.

1715. If Defendants had warned Plaintiff and the other Class members that use of their Toxic Hair Relaxer Products in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, including but not limited to developing uterine and ovarian cancer, and/or that the safety of the Toxic Hair Relaxer Products had not been determined, Plaintiff and the other Class members would not have used their Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1715 so as to admit or deny them, and on that basis deny them.

1716. Defendants caused their Toxic Hair Relaxer Products to enter the stream of commerce and to be sold to consumers, including Plaintiff and the other Class members, through

a variety of channels, including through sales to hair salons for use with their customers and directly to consumers through retail stores.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1716 so as to admit or deny them, and on that basis deny them.

1717.   Defendants' Toxic Hair Relaxer Products were expected to, and did, reach consumers, including Plaintiff and the other Class members, without substantial change in the condition in which their Toxic Hair Relaxer Products were manufactured and sold or otherwise released into the stream of commerce by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1717 so as to admit or deny them, and on that basis deny them.

1718.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendants.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1718 so as to admit or deny them, and on that basis deny them.

1719.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive,

willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1719 so as to admit or deny them, and on that basis deny them.

1720.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants further deny that their hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1720 so as to admit or deny them, and on that basis deny them.

1721.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that its hair relaxers caused or contributed to any alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1721 so as to admit or deny them, and on that basis deny them.

## COUNT 110 — VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT
### (Individually and on Behalf of the Nevada Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)

1722.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1723.   Plaintiff brings this cause of action individually and on behalf of the Nevada Consumer and Medical Monitoring Classes.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1724.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1724 so as to admit or deny them, and on that basis deny them.

1725.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

      a.     Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

      b.     Representing that goods are of a particular standard, quality, or grade if they are of another; and

      c.     Advertising goods with the intent not to sell them as advertised.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1725 so as to admit or deny them, and on that basis deny them.

1726. Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Nevada Deceptive Trade Practices Act.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1726 so as to admit or deny them, and on that basis deny them.

1727. Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1727 so as to admit or deny them, and on that basis deny them.

1728.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1728 so as to admit or deny them, and on that basis deny them.

1729.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1729 so as to admit or deny them, and on that basis deny them.

1730.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1730 so as to admit or deny them, and on that basis deny them.

1731.  Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1731 so as to admit or deny them, and on that basis deny them.

1732.  Plaintiff did not need to send (additional) notice to Defendants of their violations of the Nevada Deceptive Trade Practices Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1732 so as to admit or deny them, and on that basis deny them.

1733.  Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the

toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1733 so as to admit or deny them, and on that basis deny them.

1734.   Further, as a direct and proximate result of each Defendant's negligent conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1734 so as to admit or deny them, and on that basis deny them.

1735.   Plaintiff, on behalf of herself and the other Medical Monitoring Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b)

attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1735 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 111— UNJUST ENRICHMENT**
**(Individually and on Behalf of the Nevada Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

</div>

1736.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1737.   Plaintiff brings this cause of action individually and on behalf of the Nevada Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1738.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class

members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1738 so as to admit or deny them, and on that basis deny them.

1739.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1739 so as to admit or deny them, and on that basis deny them.

1740.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1740 so as to admit or deny them, and on that basis deny them.

1741.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiff and the other putative Class

members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products. Defendants are without sufficient knowledge or information to form a belief as

to the truth or falsity of the balance of the allegations in paragraph 1741 so as to admit or deny

them, and on that basis deny them.

1742. At the time their payments were made, Plaintiff and the other Class members

expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways

Defendants had represented, and could safely be used for the purposes Defendants advertised

their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class

members believed they were receiving a safe method for straightening hair that did not involve

the risk of serious adverse health effects.

**ANSWER:** Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 1742 so as to admit or deny them,

and on that basis deny them.

1743. Defendants have voluntarily accepted and retained these payments with full

knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for

Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The

failure of Defendants to provide Plaintiff and the other Class members with the remuneration

expected enriched Defendants unjustly.

**ANSWER:** Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 1743 so as to admit or deny them,

and on that basis deny them.

1744. Under the common law doctrine of unjust enrichment, it is inequitable for

Defendants to be permitted to retain the benefits it received, and is still receiving, without

justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1744 so as to admit or deny them, and on that basis deny them.

1745.    Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1745 so as to admit or deny them, and on that basis deny them.

1746.    Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1746 so as to admit or deny them, and on that basis deny them.

1747.    Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1747 so as to admit or deny them, and on that basis deny them.

### COUNT 112 — BREACH OF EXPRESS WARRANTY
**(Individually and on Behalf of the Nevada Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

1748.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1749.   Plaintiff brings this cause of action individually and on behalf of the Nevada Consumer and Medical Monitoring Classes.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1750.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1750 so as to admit or deny them, and on that basis deny them.

1751.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1751 so as to admit or deny them, and on that basis deny them.

1752.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1752 so as to admit or deny them, and on that basis deny them.

1753.   Defendants breached its express warranties under Nev. Rev. Stat. § 104.2313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**    Defendants deny that they breached express warranties under Nev. Rev. Stat. § 104.2313, *et seq*.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 1753.

1754.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1754 so as to admit or deny them, and on that basis deny them.

1755.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1755 so as to admit or deny them, and on that basis deny them.

1756.   As a direct and proximate result of each Defendant's breach of its express warranty, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and

potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1756 so as to admit or deny them, and on that basis deny them.

1757.   Plaintiff, on behalf of herself and the Medical Monitoring Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1757 so as to admit or deny them, and on that basis deny them.

### COUNT 113 — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE
**(Individually and on Behalf of the Nevada Consumer and Medical Monitoring Classes Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

1758.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1759.   Plaintiff brings this cause of action individually and on behalf of the Nevada Consumer and Medical Monitoring Classes.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1760.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**     Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1760 so as to admit or deny them, and on that basis deny them.

1761.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1761 so as to admit or deny them, and on that basis deny them.

1762.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1762 so as to admit or deny them, and on that basis deny them.

1763.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1763 so as to admit or deny them, and on that basis deny them.

1764.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1764 so as to admit or deny them, and on that basis deny them.

1765.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1765 so as to admit or deny them, and on that basis deny them.

1766.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1766 so as to admit or deny them, and on that basis deny them.

1767.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the balance of the allegations in paragraph 1767 so as to admit or deny them, and on that basis deny them.

1768.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1768 so as to admit or deny them, and on that basis deny them.

1769.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1769 so as to admit or deny them, and on that basis deny them.

1770.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1770 so as to admit or deny them, and on that basis deny them.

1771.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**  Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1771 so as to admit or deny them, and on that basis deny them.

1772.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Nev. Rev. Stat. § 104.2314, *et seq.*

**ANSWER:**  Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1772 so as to admit or deny them, and on that basis deny them.

1773.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1773 so as to admit or deny them, and on that basis deny them.

1774.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**  Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1774 so as to admit or deny them, and on that basis deny them.

1775. As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1775 so as to admit or deny them, and on that basis deny them.

1776. Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff. Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1776 so as to admit or deny them, and on that basis deny them.

1777.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1777 so as to admit or deny them, and on that basis deny them.

1778.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1778 so as to admit or deny them, and on that basis deny them.

1779.   As a direct and proximate result of each Defendant's wrongful conduct, Plaintiff and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1779 so as to admit or deny them, and on that basis deny them.

1780.   Plaintiff, on behalf of herself and the other Class members, seeks injunctive and monetary relief, including (a) the creation of a fund to finance notifying Medical Monitoring Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiff and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1780 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 114 - FRAUDULENT OMISSION**
**(Individually and on Behalf of the Nevada Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

</div>

1781.   Plaintiff Meadows ("Plaintiff," for purposes of the Nevada Classes' claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order

on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1782. Plaintiff brings this cause of action individually and on behalf of the Nevada Consumer Class.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1783. Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1784. At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1785. Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew

or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1786.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1787.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1788.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1789.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1790.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1791.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1792.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1793.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1794.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

P. **New Jersey**

**COUNT 115 — VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT**
**(Individually and on Behalf of the New Jersey Consumer Class Against Defendants**
**L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

1795.   Plaintiff Loggins ("Plaintiff," for purposes of the New Jersey Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1796.   Plaintiff brings this cause of action individually and on behalf of the New Jersey Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1797.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or

omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1797 so as to admit or deny them, and on that basis deny them.

1798.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

      a.      Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

      b.      Representing that goods are of a particular standard, quality, or grade if they are of another; and

      c.      Advertising goods with the intent not to sell them as advertised.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1798 so as to admit or deny them, and on that basis deny them.

1799.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the New Jersey Consumer Fraud Act.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1799 so as to admit or deny them, and on that basis deny them.

1800.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1800 so as to admit or deny them, and on that basis deny them.

1801.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1801 so as to admit or deny them, and on that basis deny them.

1802.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**     Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1802 so as to admit or deny them, and on that basis deny them.

1803.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1803 so as to admit or deny them, and on that basis deny them.

1804.   Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1804 so as to admit or deny them, and on that basis deny them.

1805.   Plaintiff did not need to send (additional) notice to Defendants of their violations of the New Jersey Consumer Fraud Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1805 so as to admit or deny them, and on that basis deny them.

1806.   Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1806 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 116 — UNJUST ENRICHMENT**
**(Individually and on Behalf of the New Jersey Consumer Class Against Defendants
L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

</div>

1807.   Plaintiff Loggins ("Plaintiff," for purposes of the New Jersey Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1808.   Plaintiff brings this cause of action individually and on behalf of the New Jersey Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1809.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1809 so as to admit or deny them, and on that basis deny them.

1810.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1810 so as to admit or deny them, and on that basis deny them.

1811.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1811 so as to admit or deny them, and on that basis deny them.

1812.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1812 so as to admit or deny them, and on that basis deny them.

1813.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1813 so as to admit or deny them, and on that basis deny them.

1814.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1814 so as to admit or deny them, and on that basis deny them.

1815.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1815 so as to admit or deny them, and on that basis deny them.

1816.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1816 so as to admit or deny them, and on that basis deny them.

1817.    Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1817 so as to admit or deny them, and on that basis deny them.

1818.    Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1818 so as to admit or deny them, and on that basis deny them.

## COUNT 117 — BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the New Jersey Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)

1819.    Plaintiff Loggins ("Plaintiff," for purposes of the New Jersey Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1820.   Plaintiff brings this cause of action individually and on behalf of the New Jersey Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1821.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1821 so as to admit or deny them, and on that basis deny them.

1822.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the balance of the allegations in paragraph 1822 so as to admit or deny them, and on that basis deny them.

1823.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1823 so as to admit or deny them, and on that basis deny them.

1824.   Defendants breached its express warranties under N.J. Stat. § 12A:2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**   Defendants deny that they breached express warranties under N.J. Stat. § 12A:2-313, *et seq*.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 1824.

1825.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1825 so as to admit or deny them, and on that basis deny them.

1826.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1826 so as to admit or deny them, and on that basis deny them.

**COUNT 118 - BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY/FITNESS FOR PARTICULAR USE**
**(Individually and on Behalf of the New Jersey Consumer Class Against Defendants
L'Oreal, SoftSheen, Strength of Nature, and Revlon)**

1827.   Plaintiff Loggins ("Plaintiff," for purposes of the New Jersey Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1828.   Plaintiff brings this cause of action individually and on behalf of the New Jersey Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1829.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1829 so as to admit or deny them, and on that basis deny them.

1830.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1830 so as to admit or deny them, and on that basis deny them.

1831.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1831 so as to admit or deny them, and on that basis deny them.

1832.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1832 so as to admit or deny them, and on that basis deny them.

1833.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1833 so as to admit or deny them, and on that basis deny them.

1834.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1834 so as to admit or deny them, and on that basis deny them.

1835.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1835 so as to admit or deny them, and on that basis deny them.

1836.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1836 so as to admit or deny them, and on that basis deny them.

1837.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1837 so as to admit or deny them, and on that basis deny them.

1838.    Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1838 so as to admit or deny them, and on that basis deny them.

1839.    Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1839 so as to admit or deny them, and on that basis deny them.

1840.    Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 1840 so as to admit or deny them, and on that basis deny them.

1841.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under N.J. Stat. § 12A:2-314, *et seq.*

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1841 so as to admit or deny them, and on that basis deny them.

1842.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1842 so as to admit or deny them, and on that basis deny them.

1843.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1843 so as to admit or deny them, and on that basis deny them.

1844.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1844 so as to admit or deny them, and on that basis deny them.

1845.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1845 so as to admit or deny them, and on that basis deny them.

1846.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1846 so as to admit or deny them, and on that basis deny them.

1847.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1847 so as to admit or deny them, and on that basis deny them.

## COUNT 119 - FRAUDULENT OMISSION
### (Individually and on Behalf of the New Jersey Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, and Revlon)

1848.   Plaintiff Loggins ("Plaintiff," for purposes of the New Jersey Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and

therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1849. Plaintiff brings this cause of action individually and on behalf of the New Jersey Consumer Class.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1850. Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1851. At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1852. Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew

or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1853.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1854.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1855.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1856.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1857.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1858.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1859.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1860.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1861.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

Q.     **Pennsylvania**

**COUNT 120 — MEDICAL MONITORING**
**(Individually and on Behalf of the Pennsylvania Medical Monitoring Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, Revlon, JF Labs, Avlon, and Luster)**

1862.   Plaintiffs Hines, Lane, Lawes, Martinez, and Richardson ("Plaintiffs," for purposes of the Pennsylvania Medical Monitoring Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1863.   Plaintiffs bring this cause of action individually and on behalf of the Pennsylvania Medical Monitoring Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1864.   Through their misrepresentations and omissions, Defendants deceived Plaintiffs and the other Class members about the presence of toxic chemicals, which are harmful to women's health, in their Toxic Hair Relaxer Products. Through their deception, Defendants succeeded in persuading large segments of the relevant consumer market to purchase Defendants' Toxic Hair Relaxer Products despite the presence of significant dangers, as set forth herein.

**ANSWER:**     Defendants deny that any alleged damages or harm purportedly suffered by Plaintiffs and the other putative Class members were the result of Defendants' acts and/or omissions.  Defendants further deny that any of their hair relaxers products are toxic or defective

2480293                                                        710

in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1864 so as to admit or deny them, and on that basis deny them.

1865.   Defendants had a pre-marketing, post-manufacturing, and continuing duty to warn, which arose when Defendants knew, or with reasonable care should have known, that Defendants' Toxic Hair Relaxer Products were injurious or fatal.

**ANSWER:**   Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1865 so as to admit or deny them, and on that basis deny them.

1866.   Defendants omitted, suppressed, or concealed material facts concerning the dangers and risks associated with the use of Defendants' Toxic Hair Relaxer Products, including the risks of death, disease, and other health problems associated with the use of Defendant's Toxic Hair Relaxer Products. Defendants failed to disclose that their Toxic Hair Relaxer Products contained toxic chemicals, and Defendants downplayed and/or understated the serious nature of the risks associated with the use of Defendants' Toxic Hair Relaxer Products. Instead, Defendants encouraged the use of their Toxic Hair Relaxer Products despite knowledge of the dangerous side effects that these products present to the consuming population.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1866 so as to admit or deny them, and on that basis deny them.

1867.   Defendants falsely and deceptively misrepresented, or knowingly omitted, suppressed, and concealed material facts regarding the ingredients contained within Defendants' Toxic Hair Relaxer Products, as well as the risk posed by those ingredients to the public.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1867 so as to admit or deny them, and on that basis deny them.

1868.   Had Plaintiffs and the other Class members known that Defendants' Toxic Hair Relaxer Products contained dangerous ingredients and/or that those ingredients could cause serious life-threatening injuries, none of them would have purchased Defendants' Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1868 so as to admit or deny them, and on that basis deny them.

1869.   Defendants knew or should have known, and would have known had appropriate testing been done, that the use of Defendants' Toxic Hair Relaxer Products caused the serious and potentially life-threatening adverse health consequences as described herein, including uterine and ovarian cancer.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1869 so as to admit or deny them, and on that basis deny them.

1870.   Defendants' actions, as set forth herein, constitute knowing omission, suppression or concealment of material facts, made with the intent that others will rely upon such concealment, suppression or omission, in connection with the marketing of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1870 so as to admit or deny them, and on that basis deny them.

1871.   Plaintiffs and the other Class members have used Defendants' Toxic Hair Relaxer Products at least four times—an amount sufficient to significantly increase the risk of and cause the Subject Cancers.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1871 so as to admit or deny them, and on that basis deny them.

1872.   As a proximate result of consuming Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members have been significantly exposed to Toxic Hair Relaxer Products, have sustained a significantly increased risk of developing the serious and potentially fatal Subject Cancers, and have suffered and will continue to suffer economic losses and expenses associated with medically necessary medical monitoring.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1872 so as to admit or deny them, and on that basis deny them.

1873.   As a direct and proximate result of Defendants' tortious conduct, it is reasonably medically necessary for Plaintiffs and the other Class members to incur, both now and in the future, the cost of monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of the Subject Cancers.

**ANSWER:**     Defendants deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1873 so as to admit or deny them, and on that basis deny them.

1874.   As a direct and proximate result of Defendants' tortious and unlawful conduct, Plaintiffs and the other Class members have suffered and will suffer economic losses and expenses associated with ongoing medical monitoring.

**ANSWER:**     Defendants deny that they engaged in any tortious or unlawful conduct. Defendants further deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1874 so as to admit or deny them, and on that basis deny them.

1875.   The increased susceptibility to injuries and irreparable threat to the health of Plaintiffs and the other Class members resulting from their exposure to this hazardous substance can only be mitigated or redressed by medical monitoring for the Subject Cancers, which is necessary as a result of the use of Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any injuries purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1875 so as to admit or deny them, and on that basis deny them.

1876.   Early detection and diagnosis of cancer is clinically invaluable because it can prevent, reduce, and/or significantly delay the resulting discomfort, suffering, and/or death. Medical monitoring is crucial to early detection because these conditions are often asymptomatic and, therefore, can only be discovered through proper testing.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1876 so as to admit or deny them, and on that basis deny them.

1877.   There are means to detect the Subject Cancers, caused by the use of Defendants' Toxic Hair Relaxer Products, at an early stage, such that subsequent treatment would have a higher chance of success at prolonging life and/or reducing suffering than would exist without early detection.

**ANSWER:**   Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 1877 so as to admit or deny them, and on that basis deny them.

1878.   Such medical monitoring procedures must be prescribed by a qualified physician and may include but are not limited to certain blood and laboratory tests; physical examinations; imaging (as discussed below); biopsies of the reproductive organs (uterus, ovary) and accessory organs; and other medical consultations and procedures necessary for diagnosis.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1878 so as to admit or deny them, and on that basis deny them.

1879.   Specific tests and procedures used to diagnose the Subject Cancers to be included in a medical monitoring program may include but are not limited to Pap smears; blood tests, including CA 125 antigen testing; genetic testing; abdominal ultrasounds; pelvic examinations; CT scans; and transvaginal ultrasounds.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1879 so as to admit or deny them, and on that basis deny them.

1880.   The available monitoring regime is specific for individuals exposed to products that are known to significantly increase the risk of the Subject Cancers because of using Toxic Hair Relaxer Products. That is because the monitoring regime is different as between women who were not exposed to the Toxic Hair Relaxer Products, versus Plaintiffs and the other Class members who are at significantly increased risk of the Subject Cancers by virtue of their exposure to Defendants' Toxic Hair Relaxer Products. Such differences include the types, timing, frequency, and/or scope of screening and diagnostic examinations that would be recommended

for women at this significantly increased risk. The monitoring regime is conducted and analyzed by medical practitioners skilled in the respective medical areas.

**ANSWER:**    Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any harm or injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1880 so as to admit or deny them, and on that basis deny them.

1881.   These monitoring procedures conform to the standard of medical care and are reasonably medically necessary to ensure that the Subject Cancers can be identified early and appropriately treated. Said monitoring procedures will facilitate treatment and interventions that will mitigate the development of, and health effects associated with, the Subject Cancers, which may in turn increase Plaintiffs' and the other Class members' chances of survival. The present value of the costs of such tests is calculable.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1881 so as to admit or deny them, and on that basis deny them.

1882.   Plaintiffs' and the other Class members' significantly increased risk of the Subject Cancers, caused by their exposure to Defendants' Toxic Hair Relaxer Products, can only be mitigated or addressed by appropriate medical testing.

**ANSWER:**     Defendants deny that any of their hair relaxers products are toxic or defective in any manner.  Defendants further deny that their hair relaxers caused or contributed to any harm or injuries purportedly suffered by Plaintiffs and the other putative Class members.

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1882 so as to admit or deny them, and on that basis deny them.

1883.   Plaintiffs, on behalf of themselves and the other Class members, seek injunctive and monetary relief, including (a) the creation of a fund to finance notifying Plaintiffs and the other Class members of their exposure and its potential consequences, and to fund diagnostic screening, testing, and procedures for the Subject Cancers for Plaintiffs and the other Class members, and/or compensatory damages to fund this necessary medical monitoring; (b) attorneys' fees; (c) costs; (d) interest; and (e) such further relief as this Court deems equitable and just.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1883 so as to admit or deny them, and on that basis deny them.

## COUNT 121 — VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
**(Individually and on Behalf of the Pennsylvania Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, JF Labs, McBride, Avlon, Revlon, and Luster)**

1884.   Plaintiffs Guillory, Hines, Lane, Lawes, Martinez, and Richardson ("Plaintiffs," for purposes of the Pennsylvania Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1885.   Plaintiffs bring this cause of action individually and on behalf of the Pennsylvania Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1886.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1886 so as to admit or deny them, and on that basis deny them.

1887.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

        a.      Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

        b.      Representing that goods are of a particular standard, quality, or grade if they are of another; and

c.    Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1887 so as to admit or deny them, and on that basis deny them.

1888.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiffs and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1888 so as to admit or deny them, and on that basis deny them.

1889.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**    Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1889 so as to admit or deny them, and on that basis deny them.

1890.   By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**   Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1890 so as to admit or deny them, and on that basis deny them.

1891.   As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**   Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1891 so as to admit or deny them, and on that basis deny them.

1892.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:** Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1892 so as to admit or deny them, and on that basis deny them.

1893. Due to the above, Defendants are liable to Plaintiffs and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:** Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1893 so as to admit or deny them, and on that basis deny them.

1894. Plaintiffs did not need to send (additional) notice to Defendants of their violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1894 so as to admit or deny them, and on that basis deny them.

722

1895.   Plaintiffs and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiffs, on behalf of themselves and the other Class members, seek to recover the actual damages they have suffered.

**ANSWER:**   Defendants deny that Plaintiffs and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1895 so as to admit or deny them, and on that basis deny them.

## COUNT 122 - UNJUST ENRICHMENT
### (Individually and on Behalf of the Pennsylvania Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, JF Labs, McBride, Avlon, Revlon, and Luster)

1896.   Plaintiffs Guillory, Hines, Lane, Lawes, Martinez, and Richardson ("Plaintiffs," for purposes of the Pennsylvania Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1897.   Plaintiffs bring this cause of action individually and on behalf of the Pennsylvania Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1898.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiffs and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1898 so as to admit or deny them, and on that basis deny them.

1899.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and the other Class members.

**ANSWER:**   Defendants deny that they acted "with conscious disregard for the rights of Plaintiffs and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1899 so as to admit or deny them, and on that basis deny them.

1900.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiffs and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as

to the truth or falsity of the balance of the allegations in paragraph 1900 so as to admit or deny them, and on that basis deny them.

1901.  Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**  Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiffs and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1901 so as to admit or deny them, and on that basis deny them.

1902.  At the time their payments were made, Plaintiffs and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiffs and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1902 so as to admit or deny them, and on that basis deny them.

1903.  Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiffs and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The

failure of Defendants to provide Plaintiffs and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1903 so as to admit or deny them, and on that basis deny them.

1904.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiffs and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1904 so as to admit or deny them, and on that basis deny them.

1905.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiffs and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1905 so as to admit or deny them, and on that basis deny them.

1906.   Plaintiffs and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1906 so as to admit or deny them, and on that basis deny them.

1907.   Plaintiffs, on behalf of themselves and the other Class members, seek restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1907 so as to admit or deny them, and on that basis deny them.

## COUNT 123 - BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Pennsylvania Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, JF Labs, McBride, Avlon, Revlon, and Luster)

1908.   Plaintiffs Guillory, Hines, Lane, Lawes, Martinez, and Richardson ("Plaintiffs," for purposes of the Pennsylvania Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1909.   Plaintiffs bring this cause of action individually and on behalf of the Pennsylvania Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1910.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1910 so as to admit or deny them, and on that basis deny them.

1911.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1911 so as to admit or deny them, and on that basis deny them.

1912.   Plaintiffs and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1912 so as to admit or deny them, and on that basis deny them.

1913.   Defendants breached its express warranties under 13 Pa. Cons. Stat. § 2313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:** Defendants deny that they breached express warranties under 13 Pa. Cons. Stat. § 2313, *et seq*.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 1913.

1914.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1914 so as to admit or deny them, and on that basis deny them.

1915.   Plaintiffs and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiffs and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1915 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 124 — BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY/FITNESS FOR PARTICULAR USE**
**(Individually and on Behalf of the Pennsylvania Consumer Class Against Defendants
L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, JF Labs, McBride, Avlon,
Revlon, and Luster)**

</div>

1916. Plaintiffs Guillory, Hines, Lane, Lawes, Martinez, and Richardson ("Plaintiffs," for purposes of the Pennsylvania Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1917. Plaintiffs bring this cause of action individually and on behalf of the Pennsylvania Consumer Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1918. Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:** Defendants admit that some of them manufacture and all sell hair relaxer products. Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1918 so as to admit or deny them, and on that basis deny them.

1919. Prior to the time that Plaintiffs and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiffs, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiffs and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1919 so as to admit or deny them, and on that basis deny them.

1920. Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1920 so as to admit or deny them, and on that basis deny them.

1921.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiffs and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1921 so as to admit or deny them, and on that basis deny them.

1922.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiffs and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1922 so as to admit or deny them, and on that basis deny them.

1923.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1923 so as to admit or deny them, and on that basis deny them.

1924.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1924 so as to admit or deny them, and on that basis deny them.

1925.   At the time that Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiffs and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1925 so as to admit or deny them, and on that basis deny them.

1926.   Plaintiffs and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1926 so as to admit or deny them, and on that basis deny them.

1927.   Plaintiffs and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1927 so as to admit or deny them, and on that basis deny them.

1928.   Plaintiffs and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1928 so as to admit or deny them, and on that basis deny them.

1929.   Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1929 so as to admit or deny them, and on that basis deny them.

1930.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under 13 Pa. Cons. Stat. § 2314, *et seq.*

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge

or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1930 so as to admit or deny them, and on that basis deny them.

1931. Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiffs and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1931 so as to admit or deny them, and on that basis deny them.

1932. Defendants' breach of warranties were a substantial factor in causing Plaintiffs' and the other Class members' injuries.

**ANSWER:** Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1932 so as to admit or deny them, and on that basis deny them.

1933. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiffs and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1933 so as to admit or deny them, and on that basis deny them.

1934.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1934 so as to admit or deny them, and on that basis deny them.

1935.   Plaintiffs and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1935 so as to admit or deny them, and on that basis deny them.

1936.   Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1936 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 125 — FRAUDULENT OMISSION**
**(Individually and on Behalf of the Pennsylvania Consumer Class Against Defendants L'Oreal, SoftSheen, Strength of Nature, Namaste, Dabur, JF Labs, McBride, Avlon, Revlon, and Luster)**

</div>

1937.   Plaintiffs Guillory, Hines, Lane, Lawes, Martinez, and Richardson ("Plaintiffs," for purposes of the Pennsylvania Consumer Class's claims) incorporate by reference and reallege paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1938.   Plaintiffs bring this cause of action individually and on behalf of the Pennsylvania Consumer Class.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1939.  Through their labeling and advertising, Defendants made representations to Plaintiffs and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1940.  At all relevant times, Defendants had a duty to provide Plaintiffs and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1941.  Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

1942.  From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair

Relaxer Products to Plaintiffs or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1943. Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiffs and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1944. Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1945. Plaintiffs and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1946. In reliance on Defendants' omissions, Plaintiffs and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiffs and the other

Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiffs and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1947. As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiffs and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1948. As a direct and proximate result of Plaintiffs' and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiffs and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1949. Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiffs and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

1950.   Plaintiffs, on behalf of themselves and the other Class members, seek recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

### R.    Tennessee

### COUNT 126 — VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT
**(Individually and on Behalf of the Tennessee Consumer Class Against Defendants L'Oreal, SoftSheen, Revlon, and Strength of Nature)**

1951.   Plaintiff Edwards ("Plaintiff," for purposes of the Tennessee Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1952.   Plaintiff brings this cause of action individually and on behalf of the Tennessee Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1953.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1953 so as to admit or deny them, and on that basis deny them.

1954.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

g.[*sic*]  Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

h.[*sic*]  Representing that goods are of a particular standard, quality, or grade if they are of another; and

i.[*sic*]  Advertising goods with the intent not to sell them as advertised.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

2480293                                      742

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1954 so as to admit or deny them, and on that basis deny them.

1955. Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Tennessee Consumer Protection Act.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1955 so as to admit or deny them, and on that basis deny them.

1956. Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1956 so as to admit or deny them, and on that basis deny them.

1957.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1957 so as to admit or deny them, and on that basis deny them.

1958.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1958 so as to admit or deny them, and on that basis deny them.

1959.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1959 so as to admit or deny them, and on that basis deny them.

1960. Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1960 so as to admit or deny them, and on that basis deny them.

1961. Plaintiff did not need to send (additional) notice to Defendants of their violations of the Tennessee Consumer Protection Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1961 so as to admit or deny them, and on that basis deny them.

1962. Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1962 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 127 — UNJUST ENRICHMENT**
**(Individually and on Behalf of the Tennessee Consumer Class Against Defendants L'Oreal, SoftSheen, Revlon, and Strength of Nature)**

</div>

1963. Plaintiff Edwards ("Plaintiff," for purposes of the Tennessee Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1964. Plaintiff brings this cause of action individually and on behalf of the Tennessee Consumer Class.

**ANSWER:** This paragraph does not contain a factual allegation and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1965. As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:** Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind. Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1965 so as to admit or deny them, and on that basis deny them.

1966.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1966 so as to admit or deny them, and on that basis deny them.

1967.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1967 so as to admit or deny them, and on that basis deny them.

1968.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair

relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1968 so as to admit or deny them, and on that basis deny them.

1969. At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1969 so as to admit or deny them, and on that basis deny them.

1970. Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1970 so as to admit or deny them, and on that basis deny them.

1971. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without

justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1971 so as to admit or deny them, and on that basis deny them.

1972.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1972 so as to admit or deny them, and on that basis deny them.

1973.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1973 so as to admit or deny them, and on that basis deny them.

1974.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1974 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 128 - BREACH OF EXPRESS WARRANTY**
**(Individually and on Behalf of the Tennessee Consumer Class Against Defendants L'Oreal, SoftSheen, Revlon, and Strength of Nature)**

</div>

1975.   Plaintiff Edwards ("Plaintiff," for purposes of the Tennessee Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1976.   Plaintiff brings this cause of action individually and on behalf of the Tennessee Consumer Class.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1976 so as to admit or deny them, and on that basis deny them.

1977.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1977 so as to admit or deny them, and on that basis deny them.

1978.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**   Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1978 so as to admit or deny them, and on that basis deny them.

1979.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1979 so as to admit or deny them, and on that basis deny them.

1980.   Defendants breached its express warranties under Tenn. Code § 47-2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**   Defendants deny that they breached express warranties under Tenn. Code § 47-2-313, *et seq.*  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 1980.

1981.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1981 so as to admit or deny them, and on that basis deny them.

1982.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1982 so as to admit or deny them, and on that basis deny them.

**COUNT 129 — BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY/FITNESS FOR PARTICULAR USE**
**(Individually and on Behalf of the Tennessee Consumer Class Against Defendants L'Oreal,
SoftSheen, Revlon, and Strength of Nature)**

1983.   Plaintiff Edwards ("Plaintiff," for purposes of the Tennessee Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

1984.   Plaintiff brings this cause of action individually and on behalf of the Tennessee Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

1985.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1985 so as to admit or deny them, and on that basis deny them.

1986.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class

members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1986 so as to admit or deny them, and on that basis deny them.

1987.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1987 so as to admit or deny them, and on that basis deny them.

1988.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1988 so as to admit or deny them, and on that basis deny them.

1989.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1989 so as to admit or deny them, and on that basis deny them.

1990.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1990 so as to admit or deny them, and on that basis deny them.

1991.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1991 so as to admit or deny them, and on that basis deny them.

1992.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that they made any "misrepresentations regarding safety." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1992 so as to admit or deny them, and on that basis deny them.

1993.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1993 so as to admit or deny them, and on that basis deny them.

1994.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1994 so as to admit or deny them, and on that basis deny them.

1995.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1995 so as to admit or deny them, and on that basis deny them.

1996. Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1996 so as to admit or deny them, and on that basis deny them.

1997. Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Tenn. Code § 47-2-314, *et seq.*

**ANSWER:** Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1997 so as to admit or deny them, and on that basis deny them.

1998. Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1998 so as to admit or deny them, and on that basis deny them.

1999.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**     Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 1999 so as to admit or deny them, and on that basis deny them.

2000.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2000 so as to admit or deny them, and on that basis deny them.

2001.    Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others." Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2001 so as to admit or deny them, and on that basis deny them.

2002.    Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2002 so as to admit or deny them, and on that basis deny them.

2003.    Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**    Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 2003 so as to admit or deny them, and on that basis deny them.

### COUNT 130 — FRAUDULENT OMISSION
**(Individually and on Behalf of the Tennessee Consumer Class Against Defendants L'Oreal, SoftSheen, Revlon, and Strength of Nature)**

2004.   Plaintiff Edwards ("Plaintiff," for purposes of the Tennessee Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2005.   Plaintiff brings this cause of action individually and on behalf of the Tennessee Consumer Class.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2006.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2007.   At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2008.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2009.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2010.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2011.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2012.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2013.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2014.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2015.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2016.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2017.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result

of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined

at trial.

> **ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for
> Fraudulent Omission has been dismissed, and therefore, no response is required to the
> allegation(s) contained in this paragraph. (Dkt. No. 852.)

### S.   Texas

### COUNT 131 — VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
**(Individually and on Behalf of the Texas Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

2018.   Plaintiff Casby ("Plaintiff," for purposes of the Texas Consumer Class's claims)

incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth

herein.

> **ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth
> herein, their defenses and responses to paragraphs 1 through 180.

2019.   Plaintiff brings this cause of action individually and on behalf of the Texas

Consumer Class.

> **ANSWER:** This paragraph does not contain a factual allegation and therefore no
> response is required. To the extent a response is required, Defendants are without sufficient
> knowledge or information to form a belief as to the truth or falsity of the allegations in this
> paragraph so as to admit or deny them, and on that basis deny them.

2020.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or

fraudulent acts or practices in violation of the Texas Deceptive Trade Practices-Consumer

Protection Act, Tex. Bus. & Com. Code Ann. § 17.41 *et seq.,* when they misled consumers

regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct

result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:** Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way. Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2020 so as to admit or deny them, and on that basis deny them.

2021. Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

a. Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

b. Representing that goods are of a particular standard, quality, or grade if they are of another; and

c. Advertising goods with the intent not to sell them as advertised.

**ANSWER:** Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2021 so as to admit or deny them, and on that basis deny them.

2022. Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by

Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Texas Deceptive Trade Practices-Consumer Protection Act.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2022 so as to admit or deny them, and on that basis deny them.

2023.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2023 so as to admit or deny them, and on that basis deny them.

2024.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2024 so as to admit or deny them, and on that basis deny them.

2025.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2025 so as to admit or deny them, and on that basis deny them.

2026.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2026 so as to admit or deny them, and on that basis deny them.

2027.   Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available

and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2027 so as to admit or deny them, and on that basis deny them.

2028.   Plaintiff did not need to send (additional) notice to Defendants of their violations of the Texas Deceptive Trade Practices-Consumer Protection Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2028 so as to admit or deny them, and on that basis deny them.

2029.   Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2029 so as to admit or deny them, and on that basis deny them.

## COUNT 132 — UNJUST ENRICHMENT
### (Individually and on Behalf of the Texas Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)

2030.   Plaintiff Casby ("Plaintiff," for purposes of the Texas Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2031.   Plaintiff brings this cause of action individually and on behalf of the Texas Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2032.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2032 so as to admit or deny them, and on that basis deny them.

2033.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2033 so as to admit or deny them, and on that basis deny them.

2034.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2034 so as to admit or deny them, and on that basis deny them.

2035.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2035 so as to admit or deny them, and on that basis deny them.

2036.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2036 so as to admit or deny them, and on that basis deny them.

2037.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2037 so as to admit or deny them, and on that basis deny them.

2038.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2038 so as to admit or deny them, and on that basis deny them.

2039.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2039 so as to admit or deny them, and on that basis deny them.

2040.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2040 so as to admit or deny them, and on that basis deny them.

2041.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2041 so as to admit or deny them, and on that basis deny them.

## COUNT 133 - BREACH OF EXPRESS WARRANTY
### (Individually and on Behalf of the Texas Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)

2042.   Plaintiff Casby ("Plaintiff," for purposes of the Texas Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2043.   Plaintiff brings this cause of action individually and on behalf of the Texas Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2044.   As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2044 so as to admit or deny them, and on that basis deny them.

2045.   Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation

of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2045 so as to admit or deny them, and on that basis deny them.

2046.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2046 so as to admit or deny them, and on that basis deny them.

2047.   Defendants breached its express warranties under Tex. Bus. & Com. Code Ann. § 2.314 *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**    Defendants deny that they breached express warranties under Tex. Bus. & Com. Code Ann. § 2.314 *et seq*.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 2047.

2048. Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2048 so as to admit or deny them, and on that basis deny them.

2049. Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2049 so as to admit or deny them, and on that basis deny them.

## COUNT 134 — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE
### (Individually and on Behalf of the Texas Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)

2050.   Plaintiff Casby ("Plaintiff," for purposes of the Texas Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2051.   Plaintiff brings this cause of action individually and on behalf of the Texas Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2052.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2052 so as to admit or deny them, and on that basis deny them.

2053.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class

members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2053 so as to admit or deny them, and on that basis deny them.

2054.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2054 so as to admit or deny them, and on that basis deny them.

2055.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2055 so as to admit or deny them, and on that basis deny them.

2056.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2056 so as to admit or deny them, and on that basis deny them.

2057.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2057 so as to admit or deny them, and on that basis deny them.

2058.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2058 so as to admit or deny them, and on that basis deny them.

2059.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2059 so as to admit or deny them, and on that basis deny them.

2060.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2060 so as to admit or deny them, and on that basis deny them.

2061.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2061 so as to admit or deny them, and on that basis deny them.

2062.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2062 so as to admit or deny them, and on that basis deny them.

2063.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2063 so as to admit or deny them, and on that basis deny them.

2064.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Tex. Bus. & Com. Code Ann. § 2.314 *et seq.*

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2064 so as to admit or deny them, and on that basis deny them.

2065.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2065 so as to admit or deny them, and on that basis deny them.

2066.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**     Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2066 so as to admit or deny them, and on that basis deny them.

2067.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2067 so as to admit or deny them, and on that basis deny them.

2068.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiffs.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2068 so as to admit or deny them, and on that basis deny them.

2069.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2069 so as to admit or deny them, and on that basis deny them.

2070.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 2070 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 135 — FRAUDULENT OMISSION**

**(Individually and on Behalf of the Texas Consumer Class Against Defendants L'Oreal, SoftSheen, and Strength of Nature)**

</div>

2071.   Plaintiff Casby ("Plaintiff," for purposes of the Texas Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2072.   Plaintiff brings this cause of action individually and on behalf of the Texas Consumer Class.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2073.   Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2074.   At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2075.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2076.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2077.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2078.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2079.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2080.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2081.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2082.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2083.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2084.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result

of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**     Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

<div align="center">

**T.     Virginia**

</div>

**COUNT 136 — VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTION ACT**
<div align="center">

**(Individually and on Behalf of the Virginia Consumer Class Against Defendants Revlon, Strength of Nature, L'Oreal, SoftSheen, JF Labs, and Luster)**

</div>

2085.   Plaintiff Lane ("Plaintiff," for purposes of the Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2086.   Plaintiff brings this cause of action individually and on behalf of the Virginia Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2087.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair,

unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**     Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2087 so as to admit or deny them, and on that basis deny them.

2088.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

j.[*sic*]  Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

k.[*sic*]  Representing that goods are of a particular standard, quality, or grade if they are of another; and

l.[*sic*]  Advertising goods with the intent not to sell them as advertised.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2079 so as to admit or deny them, and on that basis deny them.

2089.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and

misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the Virginia Consumer Protection Act.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2089 so as to admit or deny them, and on that basis deny them.

2090.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2090 so as to admit or deny them, and on that basis deny them.

2091.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**   Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2091 so as to admit or deny them, and on that basis deny them.

2092.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured,

designed, sold, supplied, marketed and/or introduced into the stream of commerce by

Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages,

economic and non-economic loss and will continue to suffer such harm, damages and losses in

the future.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members

suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without

sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the

allegations in paragraph 2092 so as to admit or deny them, and on that basis deny them.

2093.   Defendants' conduct with respect to their design and sale of their Toxic Hair

Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive,

willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard

of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively,

willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the

rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or

defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 2093 so as to admit

or deny them, and on that basis deny them.

2094.   Due to the above, Defendants are liable to Plaintiff and the other Class members

for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available

and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys'

fees and all such other relief as the Court deems proper.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2094 so as to admit or deny them, and on that basis deny them.

2095.   Plaintiff did not need to send (additional) notice to Defendants of their violations of the Virginia Consumer Protection Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2095 so as to admit or deny them, and on that basis deny them.

2096.   Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2096 so as to admit or deny them, and on that basis deny them.

<u>COUNT 137 - UNJUST ENRICHMENT</u>

**(Individually and on Behalf of the Virginia Consumer Class Against Defendants Revlon, Strength of Nature, L'Oreal, SoftSheen, JF Labs, and Luster)**

2097.   Plaintiff Lane ("Plaintiff," for purposes of the Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2098.   Plaintiff brings this cause of action individually and on behalf of the Virginia Consumer Class.

**ANSWER:**     This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2099.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**     Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2099 so as to admit or deny them, and on that basis deny them.

2100.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**   Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2100 so as to admit or deny them, and on that basis deny them.

2101.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2101 so as to admit or deny them, and on that basis deny them.

2102.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**   Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2102 so as to admit or deny them, and on that basis deny them.

2103.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2103 so as to admit or deny them, and on that basis deny them.

2104.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2104 so as to admit or deny them, and on that basis deny them.

2105.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2105 so as to admit or deny them, and on that basis deny them.

2106.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2106 so as to admit or deny them, and on that basis deny them.

2107.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2107 so as to admit or deny them, and on that basis deny them.

2108.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2108 so as to admit or deny them, and on that basis deny them.

## COUNT 138 - BREACH OF EXPRESS WARRANTY
**(Individually and on Behalf of the Virginia Consumer Class Against Defendants Revlon, Strength of Nature, L'Oreal, SoftSheen, JF Labs, and Luster)**

2109.    Plaintiff Lane ("Plaintiff," for purposes of the Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2110.    Plaintiff brings this cause of action individually and on behalf of the Virginia Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2111.    As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2111 so as to admit or deny them, and on that basis deny them.

2112.    Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation

of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**     Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2112 so as to admit or deny them, and on that basis deny them.

2113.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2113 so as to admit or deny them, and on that basis deny them.

2114.   Defendants breached its express warranties under Va. Code § 8.2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**     Defendants deny that they breached express warranties under Va. Code § 8.2-313, *et seq*.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 2114.

2115.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2115 so as to admit or deny them, and on that basis deny them.

2116. Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:** Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2116 so as to admit or deny them, and on that basis deny them.

<div align="center">

**COUNT 139 — BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY/FITNESS FOR PARTICULAR USE**
**(Individually and on Behalf of the Virginia Consumer Class Against Defendants Revlon,
Strength of Nature, L'Oreal, SoftSheen, JF Labs, and Luster)**

</div>

2117. Plaintiff Lane ("Plaintiff," for purposes of the Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2118.   Plaintiff brings this cause of action individually and on behalf of the Virginia Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2119.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**    Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2119 so as to admit or deny them, and on that basis deny them.

2120.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 2120 so as to admit or deny them, and on that basis deny them.

2121. Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2121 so as to admit or deny them, and on that basis deny them.

2122. Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2122 so as to admit or deny them, and on that basis deny them.

2123. Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the balance of the allegations in paragraph 2123 so as to admit or deny them, and on that basis deny them.

2124. Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2124 so as to admit or deny them, and on that basis deny them.

2125. Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2125 so as to admit or deny them, and on that basis deny them.

2126. At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that they made any "misrepresentations regarding safety." Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the balance of the allegations in paragraph 2126 so as to admit or deny them, and on that basis deny them.

2127.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2127 so as to admit or deny them, and on that basis deny them.

2128.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2128 so as to admit or deny them, and on that basis deny them.

2129.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2129 so as to admit or deny them, and on that basis deny them.

2130.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.


**ANSWER:** Defendants deny that any of their hair relaxer products are toxic or defective in any way. Defendants further deny that they made any "misrepresentations." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2130 so as to admit or deny them, and on that basis deny them.

2131. Defendants' conduct described in this Complaint constitutes a breach of implied warranties under Va. Code § 8.2-314, *et seq.*

**ANSWER:** Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2131 so as to admit or deny them, and on that basis deny them.

2132. Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2132 so as to admit or deny them, and on that basis deny them.

2133. Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:** Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 2133 so as to admit or deny them, and on that basis deny them.

2134.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2134 so as to admit or deny them, and on that basis deny them.

2135.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff.  Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2135 so as to admit or deny them, and on that basis deny them.

2136.   Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2136 so as to admit or deny them, and on that basis deny them.

2137.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2137 so as to admit or deny them, and on that basis deny them.

## COUNT 140 — FRAUDULENT OMISSION
### (Individually and on Behalf of the Virginia Consumer Class Against Defendants Revlon, Strength of Nature, L'Oreal, SoftSheen, JF Labs, and Luster)

2138.   Plaintiff Lane ("Plaintiff," for purposes of the Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180. Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2139. Plaintiff brings this cause of action individually and on behalf of the Virginia Consumer Class.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2140. Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2141. At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2142.   Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2143.   From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2144.   Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2145.   Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission is dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2146. Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2147. In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2148. As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2149.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2150.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2151.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

U.    **West Virginia**

**COUNT 141 — VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**
**(Individually and on Behalf of the West Virginia Consumer Class Against Defendants L'Oreal and SoftSheen)**

2152.    Plaintiff Smith-Pullen ("Plaintiff," for purposes of the West Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2153.    Plaintiff brings this cause of action individually and on behalf of the West Virginia Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2154.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 *et seq.,* when they misled consumers regarding the safety risks associated with use of their Toxic Hair Relaxer Products. As a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiff and the other Class members suffered and will continue to suffer economic loss and other compensable injuries.

**ANSWER:**    Defendants deny that they violated any of the statutes and regulations cited in this paragraph and subparts in any way.  Defendants further deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or

omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2154 so as to admit or deny them, and on that basis deny them.

2155.   Defendants' deceptive, unfair, unlawful, and unconscionable practices included but were not limited to the following practices, done knowingly:

m.[*sic*] Representing that goods have characteristics, ingredients, uses, or benefits that they do not have;

n.[*sic*]  Representing that goods are of a particular standard, quality, or grade if they are of another; and

o.[*sic*]  Advertising goods with the intent not to sell them as advertised.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2155 so as to admit or deny them, and on that basis deny them.

2156.   Defendants' actions and failure to act—including their false and misleading representations and omissions of material facts regarding the safety and potential risks of their Toxic Hair Relaxer Products, as described above—constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, and misrepresentations. These actions and omissions further constitute the knowing concealment, suppression, or omission of material facts, done with the intent that Plaintiff and the other Class members rely upon such concealment, suppression, or omission of material facts in connection with the sale of Defendants' merchandise, in violation of the West Virginia Consumer Credit and Protection Act.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2156 so as to admit or deny them, and on that basis deny them.

2157.   Defendants' unfair and deceptive trade practices have caused injuries to consumers, and the public will benefit from a cessation of these unlawful actions through this litigation.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2157 so as to admit or deny them, and on that basis deny them.

2158.   By reason of the unlawful acts engaged in by Defendants, Plaintiff and the other Class members have suffered ascertainable loss and damages.

**ANSWER:**     Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2158 so as to admit or deny them, and on that basis deny them.

2159.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses in the future.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2159 so as to admit or deny them, and on that basis deny them.

2160.   Defendants' conduct with respect to their design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and Defendants' conduct indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**    Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants deny that any of their hair relaxer products are toxic, unsafe or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2160 so as to admit or deny them, and on that basis deny them.

2161.   Due to the above, Defendants are liable to Plaintiff and the other Class members for compensatory, as well as exemplary, multiple, and/or punitive damages to the extent available and as applicable, in amounts to be proven at trial, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2161 so as to admit or deny them, and on that basis deny them.

2162.   Plaintiff did not need to send (additional) notice to Defendants of their violations of the West Virginia Consumer Credit and Protection Act pled in this Complaint because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2162 so as to admit or deny them, and on that basis deny them.

2163.   Plaintiff and the other Class members would not have purchased the Toxic Hair Relaxer Products, or alternatively they would have paid less for them, had the truth about the toxic nature of Defendants' products been disclosed. Plaintiff, on behalf of herself and the other Class members, seeks to recover the actual damages they have suffered.

**ANSWER:**    Defendants deny that Plaintiff and the other putative Class members suffered any damages as a result of Defendants' acts and/or omissions.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2163 so as to admit or deny them, and on that basis deny them.

### COUNT 142 — UNJUST ENRICHMENT
**(Individually and on Behalf of the West Virginia Consumer Class Against Defendants L'Oreal and SoftSheen)**

2164.   Plaintiff Smith-Pullen ("Plaintiff," for purposes of the West Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2165.   Plaintiff brings this cause of action individually and on behalf of the West Virginia Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2166.   As a result of Defendants' wrongful and deceptive conduct, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by Plaintiff and the other Class members when they purchased the Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2166 so as to admit or deny them, and on that basis deny them.

2167.   In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and the other Class members.

**ANSWER:**    Defendants deny that they acted "with conscious disregard for the rights of Plaintiff and the other Class members."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2167 so as to admit or deny them, and on that basis deny them.

2168.   As an intended and expected result of Defendants' conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from payments Plaintiff and the other Class members made for their Toxic Hair Relaxer Products.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2168 so as to admit or deny them, and on that basis deny them.

2169.   Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**ANSWER:**    Defendants deny that they engaged in any wrongful practices or deceptive conduct of any kind.  Defendants further deny that Plaintiff and the other putative Class members' purported injuries are the direct and proximate cause of their use of, if at all, hair relaxer products.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2169 so as to admit or deny them, and on that basis deny them.

2170.   At the time their payments were made, Plaintiff and the other Class members expected that Defendants' Toxic Hair Relaxer Products were safe and effective in the ways Defendants had represented, and could safely be used for the purposes Defendants advertised their Toxic Hair Relaxer Products. In exchange for their payments, Plaintiff and the other Class members believed they were receiving a safe method for straightening hair that did not involve the risk of serious adverse health effects.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2170 so as to admit or deny them, and on that basis deny them.

2171.   Defendants have voluntarily accepted and retained these payments with full knowledge that, as a result of their wrongdoing, Plaintiff and the other Class members paid for Defendants' Toxic Hair Relaxer Products when they otherwise would not have done so. The failure of Defendants to provide Plaintiff and the other Class members with the remuneration expected enriched Defendants unjustly.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2171 so as to admit or deny them, and on that basis deny them.

2172.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of the Toxic Hair Relaxer Products to Plaintiff and the other Class members.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2172 so as to admit or deny them, and on that basis deny them.

2173.   Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. It is unjust to allow Defendants to earn and retain revenues, profits, and benefits from their Toxic Hair Relaxer Products while Plaintiff and the other Class members suffered and are suffering serious illnesses, including but not limited to uterine and ovarian cancer.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2173 so as to admit or deny them, and on that basis deny them.

2174.   Plaintiff and the other Class members may assert an unjust enrichment claim even though a remedy at law may otherwise exist.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2174 so as to admit or deny them, and on that basis deny them.

2175.   Plaintiff, on behalf of herself and the other Class members, seeks restitution and disgorgement of Defendants' wrongful revenues, profits, and benefits to the extent and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2175 so as to admit or deny them, and on that basis deny them.

**COUNT 143 - BREACH OF EXPRESS WARRANTY**
**(Individually and on Behalf of the West Virginia Consumer Class Against Defendants L'Oreal and SoftSheen)**

2176.   Plaintiff Smith-Pullen ("Plaintiff," for purposes of the West Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2177.  Plaintiff brings this cause of action individually and on behalf of the West Virginia Consumer Class.

**ANSWER:**    This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2178.  As detailed above, Defendants, through their written literature, packaging and labeling, and through their advertisements, expressly warranted that the Toxic Hair Relaxer Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2178 so as to admit or deny them, and on that basis deny them.

2179.  Moreover, the Toxic Hair Relaxer Products' labeling represents that the regular use of broad spectrum hair straighteners and/or relaxers is "protective," and that its use can "decrease the risk" of skin cancer and early skin aging. Such statements constitute an affirmation of fact or promise, or a description of the product as being safe and not posing a dangerous health risk. Defendants breached this express warranty because their Toxic Hair Relaxer Products are not safe. To the contrary, the Toxic Hair Relaxer Products pose a dangerous health risk because they increase the risk of uterine and ovarian cancer, as detailed above.

**ANSWER:**    Defendants deny that they made any misrepresentations or omissions or concealed any information.  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to

form a belief as to the truth or falsity of the balance of the allegations in paragraph 2179 so as to admit or deny them, and on that basis deny them.

2180.   Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2180 so as to admit or deny them, and on that basis deny them.

2181.   Defendants breached its express warranties under W. Va. Code § 46-2-313, *et seq.* because the Toxic Hair Relaxer Products are defective and not reasonably safe for their intended use.

**ANSWER:**   Defendants deny that they breached express warranties under W. Va. Code § 46-2-313, *et seq.*  Defendants further deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny the balance of the allegations in paragraph 2181.

2182.   Defendants knew or should have known that the Toxic Hair Relaxer Products did not conform to their express warranties and representations and that, in fact, the Toxic Hair Relaxer Products are not safe and pose serious health risks.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2182 so as to admit or deny them, and on that basis deny them.

2183.   Plaintiff and the other Class members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use and safety of the Toxic Hair Relaxer Products. Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages as a direct and proximate result of the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Defendants deny that their acts and/or omissions caused or contributed to any alleged injury purportedly suffered by Plaintiff and the other putative Class members. Defendants further deny that any of their hair relaxer products are toxic or defective in any way. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2183 so as to admit or deny them, and on that basis deny them.

### COUNT 144 — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY/FITNESS FOR PARTICULAR USE
**(Individually and on Behalf of the West Virginia Consumer Class Against Defendants L'Oreal and SoftSheen)**

2184.   Plaintiff Smith-Pullen ("Plaintiff," for purposes of the West Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**   Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.

2185.   Plaintiff brings this cause of action individually and on behalf of the West Virginia Consumer Class.

**ANSWER:**   This paragraph does not contain a factual allegation and therefore no response is required.  To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph so as to admit or deny them, and on that basis deny them.

2186.   Defendants are in the business of manufacturing, supplying, marketing, advertising, warranting, and/or selling hair relaxer products.

**ANSWER:**   Defendants admit that some of them manufacture and all sell hair relaxer products.  Defendant Namasté specifically denies that it manufactures its hair relaxer products. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2186 so as to admit or deny them, and on that basis deny them.

2187.   Prior to the time that Plaintiff and the other Class members purchased and/or used Defendants' Toxic Hair Relaxer Products, Defendants knew of the uses for which their Toxic Hair Relaxer Products were intended and impliedly warranted to Plaintiff, and to the other Class members, that Defendants' Toxic Hair Relaxer Products were of merchantable quality and safe and fit for such intended and ordinary uses. Defendants also impliedly warranted to Plaintiff and the other Class members that their Toxic Hair Relaxer Products were of a certain quality.

**ANSWER:**   Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2187 so as to admit or deny them, and on that basis deny them

2188.   Defendants' warranties include, but are not limited to, the warranties that their Toxic Hair Relaxer Products are safe, healthy, protective, and/or natural, including but not limited to the marketing assertions quoted and displayed in the facts alleged above.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2188 so as to admit or deny them, and on that basis deny them.

2189.   Defendants breached the implied warranties of their Toxic Hair Relaxer Products sold to Plaintiff and the other Class members because they were not fit for their ordinary purposes, or for their intended and reasonably foreseeable uses. Nor were their Toxic Hair Relaxer Products minimally safe for their expected purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2189 so as to admit or deny them, and on that basis deny them.

2190.   Defendants' Toxic Hair Relaxer Products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, because their Toxic Hair Relaxer Products have dangerous propensities when used as intended and cause severe injuries to users, including Plaintiff and the other Class members.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2190 so as to admit or deny them, and on that basis deny them.

2191.   Similarly, Defendants' Toxic Hair Relaxer Products were unfit for their particular purpose—safely straightening hair. Defendants' Toxic Hair Relaxer Products could not, and do not, safely straighten hair, and never could do so at any point after leaving Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2191 so as to admit or deny them, and on that basis deny them.

2192.   Defendants' Toxic Hair Relaxer Products were unfit for their ordinary use, were not of merchantable quality, did not conform to the representations made by Defendants, and/or were unfit for their particular purpose when they left Defendants' control.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2192 so as to admit or deny them, and on that basis deny them.

2193.   At the time that Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products, Defendants knew or should have known that Plaintiff and the other Class members would detrimentally rely on Defendants' misrepresentations regarding safety.

**ANSWER:**    Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations regarding safety."  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2193 so as to admit or deny them, and on that basis deny them.

2194.   Plaintiff and the other Class members purchased or used Defendants' Toxic Hair Relaxer Products reasonably relying upon Defendants' implied warranties.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2194 so as to admit or deny them, and on that basis deny them.

2195.   Plaintiff and the other Class members used Defendants' Toxic Hair Relaxer Products for the purpose and in the manner intended by Defendants.

**ANSWER:**     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2195 so as to admit or deny them, and on that basis deny them.

2196.   Plaintiff and the other Class members could not have discovered, through the use of reasonable care, that Defendants' implied warranties were false, or that Defendants' Toxic Hair Relaxer Products posed danger to them.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2196 so as to admit or deny them, and on that basis deny them.

2197.   Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products if they had known the truth about the misrepresentations described above, or that Defendants' Toxic Hair Relaxer Products were unfit for ordinary use or their particular purpose.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants further deny that they made any "misrepresentations."  Defendants are without sufficient knowledge or information to form a belief as to the truth or

falsity of the balance of the allegations in paragraph 2197 so as to admit or deny them, and on that basis deny them.

2198.   Defendants' conduct described in this Complaint constitutes a breach of implied warranties under W. Va. Code § 46-2-314, *et seq.*

**ANSWER:**   Defendants deny that they violated any of the statutes and regulations cited in this paragraph and its subparts in any way.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2198 so as to admit or deny them, and on that basis deny them.

2199.   Defendants' Toxic Hair Relaxer Products are consumer products, and Plaintiff and the other Class members are consumers. Defendants are suppliers and/or warrantors of the defective Toxic Hair Relaxer Products, and Defendants breached their implied warranties as described above.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2199 so as to admit or deny them, and on that basis deny them.

2200.   Defendants' breach of warranties were a substantial factor in causing Plaintiff's and the other Class members' injuries.

**ANSWER:**   Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2200 so as to admit or deny them, and on that basis deny them.

2201.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff and the other Class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages and losses into the future.

**ANSWER:**     Defendants deny that any of their hair relaxer products are toxic or defective in any way.  Defendants deny that their actions or omissions caused or contributed to the alleged injuries or harm purportedly suffered by Plaintiffs and the other putative Class members.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2201 so as to admit or deny them, and on that basis deny them.

2202.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the public was fraudulent, malicious, oppressive, willful, reckless, and/or grossly negligent, and it indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**     Defendants deny that they acted fraudulently, maliciously, oppressively, willfully, recklessly, and/or with gross negligence, which "indicates a wanton disregard of the rights of others."  Defendants further deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff.  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2202 so as to admit or deny them, and on that basis deny them.

2203.  Plaintiff and the other Class members did not need to send (additional) notice to Defendants of their breaches of warranty because Defendants were already on notice of the defects alleged herein and of Defendants' related violations. Defendants received such notice from similar lawsuits for the same conduct and through other means.

**ANSWER:**  Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2203 so as to admit or deny them, and on that basis deny them.

2204.  Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' breach of their implied warranties, in an amount to be determined at trial.

**ANSWER:**  Defendants deny that their actions or omissions caused or contributed to the alleged injuries purportedly suffered by Plaintiff and the other putative Class members. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegations in paragraph 2204 so as to admit or deny them, and on that basis deny them.

<u>**COUNT 145 — FRAUDULENT OMISSION**</u>
**(Individually and on Behalf of the West Virginia Consumer Class Against Defendants L'Oreal and SoftSheen)**

2205.  Plaintiff Smith-Pullen ("Plaintiff," for purposes of the West Virginia Consumer Class's claims) incorporates by reference and realleges paragraphs 1 to 180 above, as though fully set forth herein.

**ANSWER:**  Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 180.  Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and

therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2206. Plaintiff brings this cause of action individually and on behalf of the West Virginia Consumer Class.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2207. Through their labeling and advertising, Defendants made representations to Plaintiff and the other Class members concerning the active and inactive ingredients in their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2208. At all relevant times, Defendants had a duty to provide Plaintiff and the other Class members with true and accurate information about their Toxic Hair Relaxer Products, including warnings about any risks they knew of, or should have known of, posed by their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2209. Defendants knew or should have known, based on evolving scientific studies and research, of the safety risks associated with their Toxic Hair Relaxer Products. Defendants knew

or should have known that they had a duty to both learn and disclose the dangers associated with their Toxic Hair Relaxer Products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2210. From the time Defendants' Toxic Hair Relaxer Products were first tested, studied, researched, evaluated, endorsed, manufactured, marketed, and/or distributed, and up to the present, Defendants failed to disclose material facts regarding the safety of their Toxic Hair Relaxer Products to Plaintiff or the other Class members. Defendants failed to fulfill their duty to accurately disclose in their labeling and advertising that the Toxic Hair Relaxer Products contained toxic chemicals.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2211. Defendants failed to disclose such material facts with the intent to induce consumers, including Plaintiff and the other Class members, into purchasing and using their hair relaxer products.

**ANSWER:** Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph. (Dkt. No. 852.)

2212. Such failures to disclose on the part of Defendants amount to fraudulent omission.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2213.   Plaintiff and the other Class members justifiably relied on Defendants' nondisclosures to their detriment.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2214.   In reliance on Defendants' omissions, Plaintiff and the other Class members were induced to purchase and use Defendants' Toxic Hair Relaxer Products. If Plaintiff and the other Class members had known of the facts concealed by Defendants, including facts revealing the toxic nature of Defendants' products, then Plaintiff and the other Class members would not have purchased or used Defendants' Toxic Hair Relaxer Products.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2215.   As a direct and proximate result of the foregoing fraudulent omissions by Defendants, Plaintiff and the other Class members suffered injuries and damages as alleged herein.

**ANSWER:**    Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2216.   As a direct and proximate result of Plaintiff's and the other Class members' reasonably anticipated use of Defendants' Toxic Hair Relaxer Products, Plaintiff and the other Class members suffered serious injury, harm, damages, and economic and non-economic loss. They will continue to suffer such harm, damages, and losses into the future.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2217.   Defendants' conduct with respect to the design and sale of their Toxic Hair Relaxer Products to Plaintiff and the other Class members was malicious, oppressive, willful, reckless, and/or grossly negligent, and indicates a wanton disregard of the rights of others, justifying an award of punitive or exemplary damages.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

2218.   Plaintiff, on behalf of herself and the other Class members, seeks recovery of actual damages, as well as incidental and consequential damages, as a direct and proximate result of Defendants' fraudulent omissions regarding the Toxic Defect, in an amount to be determined at trial.

**ANSWER:**   Pursuant to this Court's Order on September 27, 2024, Plaintiffs' claim for Fraudulent Omission has been dismissed, and therefore, no response is required to the allegation(s) contained in this paragraph.  (Dkt. No. 852.)

## DEFENSES

Defendants assert the following defenses to the allegations and claims in the Complaint. All defenses asserted herein are pleaded in the alternative. No defense asserted herein constitutes an admission that Defendants are liable to any Plaintiff in any way, that any Plaintiff has been or will be injured, that Plaintiffs are relieved of their burden to prove each element of each of their claims and the damages or relief sought, or that the Plaintiffs are entitled to any relief whatsoever.

Subject to those limitations, and without assuming any burden of proof that it would not otherwise bear, Defendants hereby assert the following defenses to the Complaint and each and every allegation therein as to the claims of each individual Plaintiff. Defendants may also assert other defenses that become available or appear during the course of additional investigation or discovery in this case. Defendants reserve the right to amend this Answer, including to assert any such additional defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief may be granted. The Complaint fails to articulate facts supporting any of the claims alleged. Plaintiffs have not alleged facts supporting any finding that they were injured in any way by the Defendants' conduct. Plaintiffs fail to specifically identify a defect in any of the Defendants' products that they used which may have contributed to their injury. Plaintiffs fail to identify a single representation made by Defendants regarding a product that they purchased. The Complaint fails to state a single claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Federal Preemption)

All of Plaintiffs' claims (Counts 1 through 145) are expressly preempted by federal law.

21 U.S.C. § 379s(a); 21 C.F.R. § 701.3(a), (l).

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' Complaint, and each claim for relief therein, are barred by the applicable

statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' Complaint, and each claim for relief therein, are barred by the doctrine of

laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs, by their own conduct, have waived each of the claims alleged in the Complaint

and, as a consequence thereof, Plaintiffs are barred from seeking the relief sought, or any relief

whatsoever.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Repose)

Plaintiffs' Complaint, and each cause of action alleged therein, are barred by the

applicable statutes of repose including, but not limited to:  Colorado (seven years) (Colo. Stat. §

13-80-107(b)), Connecticut (ten years) (Conn. Gen. Stat. § 52-577a), Florida (twelve years) (Fla.

Stat. § 95.031), Georgia (ten years) (Ga. Code § 51-1-11(b)(2)), Idaho (ten years) (Idaho Code §

6-1403(2)), Illinois (ten or twelve years) (735 I.L.C.S. § 5/13-213), Indiana (ten years) (Ind.

Code § 34-20-3-1(b)(2)), Iowa (15 years) (I.C.A. § 614.2A and 614.1(11)), Kansas (ten years)

(Kan. Stat. Ann. § 60-3303 (d)(1)), Nebraska (ten years) (Neb. Rev. Stat. § 25-224(2)), North

Carolina (twelve years) (N.C. Gen. Stat. § 1-46.1(a)(1)), North Dakota (ten or twelve years) (N.D.C.C. § 28-01.3-08), Ohio (ten years) (Ohio Rev. Code §§ 2125.02(D)(2)(a)), 2305.10(C)(1)), Oregon (ten years) (Or. Stat. § 30.905(2)(a) (4)(b)), Tennessee (ten years) (Tenn. Code § 29-28-103(a)), Texas (fifteen years) (Tex. Civ. Prac. & Rem. Code § 16.012(b)), and Wisconsin (fifteen years) (Wis. Stat. § 895.047(5)).

## SEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiffs' Complaint, and each cause of action alleged therein, are barred because their injuries, if any, were sustained by voluntarily and unreasonably proceeding to encounter a known risk.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unforeseeable Product Misuse)

Plaintiffs' Complaint, and each cause of action alleged therein, are barred because they misused or altered the alleged products in a manner that was not reasonably foreseeable to Defendants.

## NINTH AFFIRMATIVE DEFENSE
### (Utility Outweighs Risk of Harm)

Plaintiffs' Complaint, and each claim for relief alleged therein, are barred because the benefits of the alleged products' design outweigh any alleged inherent risks.

## TENTH AFFIRMATIVE DEFENSE
### (Sophisticated User)

Plaintiffs' Complaint, and each claim for relief alleged therein, are barred because they are sophisticated users of the alleged products and therefore knew or should have known of any alleged inherent risks.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Learned Intermediary)**

Plaintiffs' Complaint, and each claim for relief alleged therein, are barred because Defendants provided reasonable and adequate warnings to a learned intermediary.

### TWELFTH AFFIRMATIVE DEFENSE
**(Intervening/Superseding Cause)**

Plaintiffs' Complaint, and each cause of action alleged therein, is barred because their alleged injury was the result of an intervening and/or superseding cause.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(State of the Art)**

Plaintiffs' Complaint, and each claim for relief alleged therein, are barred because at all relevant times Defendants acted in conformity with industry standards based upon the state of knowledge existing at the time alleged in Plaintiffs' Complaint and therefore, Plaintiffs are barred from recovery in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(No Express Warranty)**

Plaintiffs' Complaint, and each claim for relief alleged therein, are barred because Plaintiffs failed to identify misrepresentations in connection with any purchase of alleged products and therefore no such statements exist for the basis of any bargain.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Lack of Privity)**

Plaintiffs' warranty claims are barred by lack of privity and failure to provide reasonable and adequate notice of any breach of such warranties, as required under applicable state laws.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(No Timely Notice)**

To the extent that Plaintiffs failed to give timely notice of their breach of warranty claims, they are precluded from recovery under any applicable state laws.

2480293

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs are estopped by reason of their own conduct from recovering on the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiffs have sustained damages, Plaintiffs have contributed in a direct and proximate manner to the same by failing to act reasonably and prudently to mitigate their damages. Plaintiffs' damages, if any, must be reduced by the extent to which those damages were proximately caused by Plaintiffs' failure to mitigate her own damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Plaintiffs' Complaint, and each claim for relief therein, are barred because Plaintiffs' injuries, if any, were contributed to and caused by the negligence or other wrongful conduct of Plaintiffs or persons whose conduct is imputed by law to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

Plaintiffs' Complaint, and each claim for relief alleged therein, is barred because their own lack of reasonable care in using any alleged products they claim injured them was a substantial factor in causing their alleged injuries.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Apportionment)

If Plaintiffs sustained the injuries or incurred the expenses as alleged, which Defendants expressly deny, said injuries or expenses were directly and proximately caused by the negligence or fault of parties other than Defendants, whether named or unnamed in Plaintiffs' Complaint, over whom Defendants had no supervision or control and for whose actions and omissions

Defendants have no legal responsibility. Plaintiffs' recovery, if any, therefore should be apportioned in accordance with applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Market Share Liability)

To the extent that Plaintiffs rely upon the doctrine of market share liability or alternative liability, Plaintiffs fail to state a claim upon which relief may be granted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

Plaintiffs' claims are barred by the doctrine of primary jurisdiction. Plaintiffs' claims are premised on the allegation that Defendants' hair-relaxer products were not safe and effective. Plaintiffs' allegations necessarily implicate medical and scientific issues that are outside the conventional experience of judges and/or jurors and particularly within the expertise, discretion, and regulatory authority of the United States Food and Drug Administration ("FDA"). This Court should defer this matter to the appropriate federal agencies, in whole or in part, pursuant to the doctrine of primary jurisdiction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Failure to Disclose)

Plaintiffs' Complaint, and each claim for relief alleged therein, is barred because Defendants have not concealed or failed to identify any material fact not known to Plaintiffs that Defendants were obligated to disclose.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and would violate the Fifth and Fourteenth Amendments of the United States Constitution and the several state constitutions. No act or omission of Defendants (or properly

attributable to Defendants) was malicious, willful, outrageous, wanton, reckless, grossly

negligent, intentional, immoral, unethical, oppressive, unscrupulous, or done with bad motives or

in violation of public policy, and therefore, an award of punitive damages is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Reliance)

Plaintiffs did not rely to their detriment upon any statement, let alone any

misrepresentation, made by, or properly attributable to, Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Misrepresentation)

Without admitting to making any representation alleged in Plaintiffs' Complaint, to the

extent that any conduct by Defendants should be construed as making any representation alleged

in the Complaint, that representation was not and is not tantamount to any misrepresentation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiffs Lack Standing to Bring a Class Action)

Plaintiffs fail to satisfy the prerequisites for class certification and therefore, lack standing

and cannot represent the interests of others as to each of the purported causes of action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Class Is Not Ascertainable)

The putative classes Plaintiffs seek to represent, the existence of which is expressly

denied, are not ascertainable because there is no way to reasonably determine the existence of

class members who would be entitled to economic relief.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Lack of Commonality)

The claims alleged by Plaintiffs on behalf of themselves and the putative classes, the

existence of which is expressly denied, do not depend on common questions of law and/or fact

and, accordingly, are not capable of classwide resolution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
**(Individual Issues Predominate)**

The types of claims alleged by Plaintiffs on behalf of themselves and the putative classes, the existence of which is expressly denied, are matters as to which individual questions predominate and, accordingly, are not appropriate for class treatment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Claims Not Typical)**

The claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged classes Plaintiffs purport to represent, the existence of which is expressly denied.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
**(Inadequate Representatives)**

Plaintiffs are inadequate representatives of any alleged class of persons they purport to represent, the existence of which is expressly denied.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
**(Economic Loss Doctrine )**

Plaintiffs' Complaint, and each claim for relief therein, are barred by the economic loss doctrine.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
**(Revlon-Only Bankruptcy Defense – Revlon's Third Amended Joint Plan of Reorganization (the "Plan"))**

Plaintiffs' Complaint, and each cause of action alleged therein, are barred because they assert claims on behalf of those who have failed to (i) submit a valid Proof of Claim in the bankruptcy court and/or (ii) commence a timely action in the multidistrict litigation ("MDL")

before this Court, in violation of the Plan and the bar date and confirmation orders of the United

States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").[5]

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Bankruptcy Plan Discharge Of Claims)

Plaintiffs' Complaint, and each cause of action alleged therein, are barred because the

complaint seeks to certify a nationwide class of any purchaser of hair straightening products.

This definition violates the Bankruptcy Court's bar date and confirmation orders and the Plan, to

the extent it includes putative class members whose claims have been fully discharged in

bankruptcy and are thus legally barred from pursuing any claim or liquidating any judgment

against Revlon.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Bankruptcy Plan Bar on Liquidation)

Plaintiffs' Complaint, and each cause of action alleged therein, are barred because all hair

straightening claims that failed to comply with the Plan and arose prior to the Plan's effective

date were permanently enjoined and fully discharged in bankruptcy, and any judgments based on

such claims cannot be liquidated and no funds can be distributed from the estate to satisfy any

such judgment.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Inadequate Representatives)

To the extent Plaintiffs' Complaint alleges claims on behalf of putative class

representatives who have failed to file a timely Proof of Claim in the Bankruptcy Court or a

---

[5] *See In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y.), Dkt. Nos. 1574 (supplemental bar date order), 1746 (confirmation order), 1860 (the Plan).

timely individual complaint in this MDL, such claims are barred by the Plan and the Bankruptcy Court's bar date and confirmation orders.[6]

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Duplicative Cause of Action)

Plaintiffs' Complaint, and each cause of action alleged therein, should be dismissed because they are duplicative with the parties, claims, and relief asserted in the individual complaints in the MDL. Under the Plan, a claimant may assert hair straightening claims against Revlon only if they file a timely individual complaint in the MDL. Thus, the claims, parties, and relief sought in the Complaint necessarily duplicative with those in the individual complaints and, accordingly, are not appropriate for class treatment.

## FORTIETH AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Full Force And Effect of the Plan)

Plaintiffs' Complaint, and each cause of action alleged therein, are barred because the Plan governs the disposition of each of the Plaintiffs' alleged cause of action and this Court must give full force and effect to the Plan.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – No Waiver)

Revlon reserves the right to assert any and all arguments and objections before the Bankruptcy Court, including but not limited to (i) the timeliness and validity of any Proof of Claim filed in the bankruptcy court; (ii) the timeliness and validity of any complaint filed in this

---

[6] For instance, twenty-nine of thirty-four plaintiffs named in the Complaint have failed to file a timely Proof of Claim in the Bankruptcy Court. These plaintiffs are: Theresa L. Baldwin, Nicole Boyd, Antonia Buchanan, Angela Burton, Temitrius Burton, Natasha M. Casby, Marcia Dalton, Dollie Dillon, Tori Duncan, MMRenee Edwards, Alicia Glenn, Ramika Guillory, DaShawn Harris-Robinson, Markeia Hines, Tiana Lane, Laura Lawes, Sondra Loggins, Gaudy Martinez, Tameka M. Meadows, Carolyn A. Provo, Bridgette Quinn, Melanie C. Reid, Ariel Richardson, Carliss Smith, Cordelia Smith-Pullen, Tabatha Taggart, Trisha A. Vaughn, Jennifer Wall, and Tanica Washington.

MDL; and (iii) any other defenses and objections that may be raised under the Federal Rules of

Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, or any other

applicable law or equity.

<u>**DEMAND FOR JURY TRIAL**</u>

Defendants hereby demand a trial by jury on all issues so triable.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, having fully answered Plaintiffs' Consolidated Class Action Complaint,

Defendants pray that they be discharged without liability, with all costs of this action cast upon

Plaintiffs, and that they be given a trial by jury as to all proper causes of actions and issues in this

case.

DATED:  November 12, 2024

By: _____
     Dennis S. Ellis
     Katherine F. Murray
     Serli Polatoglu
     **ELLIS GEORGE LLP**
     2121 Avenue of the Stars, 30th Floor
     Los Angeles, California 90067
     Telephone:  (310) 274-7100
     Facsimile:  (310) 275-5697
     dellis@ellisgeorge.com
     kmurray@ellisgeorge.com
     spolatoglu@ellisgeorge.com

     Peter Siachos
     **Gordon Rees Scully Mansukhani LLP**
     18 Columbia Turnpike, Suite 220
     Florham Park, NJ 07932
     T: (973) 549-2500/F: (973) 377-1911
     psiachos@grsm.com

Jonathan Blakley (6308603)
**Gordon Rees Scully Mansukhani LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

*Counsel for Defendants L'ORÉAL USA, INC.,*
*L'ORÉAL USA PRODUCTS, INC. and SOFTSHEEN-*
*CARSON LLC*

Edward P. Abbot
**HAWKINS PARNELL & YOUNG, LLP**
275 Madison Avenue, 10th Floor
New York, NY 10016
(212) 897-9655

*Counsel for Defendants Revlon, Inc., Revlon*
*Consumer Products Corporation, and Revlon*
*Group Holdings LLC*

Mark C. Goodman
**Baker & McKenzie LLP**
Two Embarcadero Center, Ste. 1100
San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

Mark D. Taylor
**Baker & McKenzie LLP**
1900 North Pearl Street, Ste. 1500
Dallas, Texas 75201
T: (214) 978-3089
mark.taylor@bakermckenzie.com

Maurice A. Bellan
Teisha C. Johnson
**Baker & McKenzie LLP**
815 Connecticut Avenue, N.W.
Washington, District of Columbia 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry J. Thompson
**Baker & McKenzie LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

Colleen Baime
Laura A. Kelly
**Baker & McKenzie LLP**
300 East Randolph Street, Ste. 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

*Counsel for Defendant Namasté Laboratories, LLC*

Lori B. Leskin
E. Dean Harris Porter
**Arnold & Porter Kaye Scholer, LLP**
250 West 55th Street
New York, New York 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.Leskin@arnoldporter.com
Dean.Porter@arnoldporter.com

Rhonda R. Trotter
**Arnold & Porter Kaye Scholer, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017
T: (213) 243-4000
F: (213) 243-4199
Rhonda.Trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC and Godrej SON Holdings, Inc.*

R. Trent Taylor
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182/F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**McGuireWoods LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100/F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan (6206202)
Kevin A. Titus (6217520)
Bryan E. Curry (6255803)
**Litchfield Cavo LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC
f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
**Wiedner & McAuliffe, Ltd.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
312.855.1105
rjleamy@wmlaw.com
kaschank@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950
Chicago, Illinois 60606
(312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com

afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Ryan M. Frierott - #6289513
**Goldberg Segalla LLP**
222 West Adams Street, Suite 2250
Chicago, IL 60606
312-572-8409
rfrierott@goldbergsegalla.com

Joseph W. Welter
Ryan M. Frierott
**Goldberg Segalla LLP**
665 Main Street
Buffalo, NY 14203-1425
T: 716-566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for Defendant AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Suite 2401
Miami, FL 33131
Telephone: 786-957-1136
Facsimile: 786-957-1158
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, Illinois 60606
Matthew.Wasserman@dinsmore.com

*Counsel for Defendant McBride Research Laboratories, Inc.*