**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 <br><br> Master Docket No. 1:23-cv-00818 <br><br> Hon. Mary M. Rowland |

**ORDER GRANTING L'ORÉAL USA'S UNOPPOSED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION**

The Court, having reviewed Defendant L'Oréal USA's Unopposed Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Direction of Submission of Hague Convention Application (the "Motion") (ECF No. 969) and the Declaration of Dennis S. Ellis ("Ellis Declaration") (ECF No. 969-1) dated December 3, 2024, together with the exhibits annexed thereto in support of the Motion, and finding it proper to issue a Request for International Judicial Assistance to authorize a Commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

1. The Motion is GRANTED.

2. The form of Request for Assistance annexed to the Ellis Declaration as **Exhibit A** is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

3. Pursuant to Article 17 of the Hague Convention, Ms. Noëlle Lenoir, whose address is 28 Boulevard Raspail 75007 Paris, France (the "Commissioner"), is hereby duly

appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

    a)  receive documents from L'Oréal S.A. responsive to Plaintiffs' Requests for Production of Documents directed to L'Oréal USA that are also responsive to this Court's December 27, 2023 Memorandum Opinion and Order (ECF No. 353), which consists of categories of documents related to hair relaxer products sold exclusively outside of the United States as well as hair relaxer products sold in the United States: (1) foreign regulatory materials; (2) product labels and usage instructions; (3) scientific studies; and (4) articles in scientific journals related to hair relaxer products sold outside the United States (collectively, the "Documents");

    b)  transmit the Documents to L'Oréal USA for review and production in this action pursuant to Article 17 of the Hague Convention and in performance of her appointment as Commissioner and duties thereunder; and

    c)  upon completion, inform the French Ministère de la Justice.

4.    This signed Order and the signed Request for Assistance will be given to Ellis George LLP, counsel for L'Oréal USA, which will file or request the Commissioner to file both documents and exhibits, along with French translations of both documents and exhibits, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

5. This signed Order and the signed Request for Assistance shall be filed with the Ministère de la Justice within ten (10) business days of their receipt. L'Oréal USA will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner.

6. L'Oréal S.A.'s initial transmission of Documents to the Commissioner will occur within 21 days after the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner. L'Oréal S.A. will transmit any remaining Documents to the Commissioner on a rolling basis. Once L'Oréal S.A. informs the Commissioner that it has completed the transmission of Documents, the Commissioner shall then transmit the Documents to L'Oréal USA for review and production to Plaintiffs.

7. The Commissioner's sole duty with respect to the Documents is to receive them from L'Oréal S.A. and transmit them to L'Oréal USA. In receiving the Documents from L'Oréal S.A., the Commissioner may review the Documents only to ensure that the Documents correspond to the Documents required pursuant to this Court's December 27, 2023 Memorandum Opinion and Order. The Commissioner shall not review the Documents for relevance, privilege or any other reason, and the Commissioner shall not, on her own, make any decision to limit the Documents received by L'Oréal S.A. Should the Commissioner have concerns about a particular document it received from L'Oréal S.A., she shall contact L'Oréal S.A. to address/resolve any such concern(s).

8. Any unresolved disputes between L'Oréal USA and Plaintiffs regarding the production of the Documents shall be determined exclusively by this Court. The Commissioner will adhere to any such order issued by this Court relating to document discovery in the above-captioned action.

9. Plaintiffs will not seek relief from this Court so long as the filing of this signed Order and the signed Request for Assistance with the Ministère de la Justice and transmission of the Documents to the Commissioner occur within the timeframes set forth in paragraphs (5) – (6) above. Plaintiffs may seek relief from this Court, after first meeting-and-conferring in good faith with L'Oréal USA, if: (a) at any time, Plaintiffs fail to receive reasonable assurances from L'Oréal USA of its efforts promptly to seek approval of the Court's Request for Assistance or the appointment of the Commissioner ; or (b) after approximately January 2, 2025 (unless otherwise extended by the consent of the parties), L'Oréal S.A. has not begun its transmission of the Documents to the Commissioner for production, regardless of the cause for delay. L'Oréal USA will not object to a request by Plaintiffs for relief from this Court on the basis that this Motion was unopposed.

10. All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by L'Oréal USA. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process.

11. Neither this Order nor the transmission of the Documents by L'Oréal S.A. to the Commissioner pursuant to the Hague Convention shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of Plaintiffs or L'Oréal USA, or any defense to personal jurisdiction that L'Oréal S.A. may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of Illinois. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall

be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5).

12. Nothing in this Order precludes the potential expansion of the Commissioner's role by order of this Court, with respect to pending or future Court rulings or the agreement of the parties related to the further production of documents.

IT IS SO ORDERED.

E N T E R:

Dated: December 5, 2024

MARY M. ROWLAND
United States District Judge