UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 3060<br><br>No. 23-cv-00818<br><br>District Judge Mary M. Rowland<br><br>Magistrate Judge Beth W. Jantz |

### ORDER

The Court held a status hearing on 12/12/24. The Court notes that the joint status report due in advance of the 1/9/25 status hearing shall be filed on 1/6/25. During the 12/12/24 status hearing, the Court discussed with the parties the issues raised in the joint status report filed on 12/6/24 (Dkt. 977) and summarizes the current status and due dates below.

**I.     Avlon Industries, Inc.**

Avlon indicated that it will complete its rolling production of documents by 1/31/25, with the exception of four categories of documents highlighted in the JSR. (Dkt. 977 at 6.) As to documents and materials relating to "net worth" or "overall accounting," the Court orders briefing on that issue; Defendants' brief (not to exceed

1

10 pages) is due by 12/16/24,[1] and Plaintiffs' response brief (also not to exceed 10 pages) is due by 12/19/24.

Plaintiffs also raised what they view as 2 additional categories of missing documents, and the parties provided to the Court their arguments on these categories and their views on how earlier rulings from Judge Finnegan and Judge Rowland may apply. The Court will issue a separate ruling to address those categories.

Finally, Avlon has agreed to supplement its written responses to Plaintiffs' discovery requests by 12/20/24. The parties will meet and confer ahead of the next status, and raise any outstanding issues related to supplementation in the next JSR due 1/6/25.

## II. Beauty Bell Enterprises and House of Cheathem, LLC

Defendants Beauty Bell and House of Cheatem did not have any current issues that required Court intervention, other than the issues raised by Exhibit A to the JSR, which the Court will discuss below. The parties are reminded that when the Court requires a meet and confer, it is on both parties to get that scheduled and completed on time; *i.e.*, the requirement does not fall away simply if or because the Plaintiffs do not reach out first to set it up.

---

[1] If any Defendants other than Avlon are also maintaining or will maintain that documents related to net worth or accounting are not relevant for production at this time, they must join in this briefing (so one global 10-page brief from Defendants), as the Court intends that its forthcoming ruling would apply to other Defendants as well given that it does not appear to be a Defendant-specific issue.

### III. L'Oreal USA

Plaintiffs argue that the metadata in L'Oreal USA's production indicates that documents may not have been produced from some databases identified by L'Oreal USA in its initial disclosures and some interrogatory answers, and/or Plaintiffs may need to seek in their view identification of any additional, relevant databases on which discoverable information may be stored. As discussed on the record, that issue is referred to Special Master Grossman for further development, and the parties should reach out to Special Master Grossman by no later than 12/23/24, in order to work this issue into their ongoing work with her.

The parties are ordered to further meet and confer regarding the ESKO database, with Plaintiffs identifying the specific questions and concerns they have to L'Oreal USA by 12/18/24. The meet and confer on that issue must be completed by 12/30/24, so that any outstanding issues can be included in the 1/6/25 JSR.

Plaintiffs also raised an issue with respect to backup data, and the Court will address that issue in a separate order following an additional review of Case Management Order No. 4 (Dkt. 109).

Finally, regarding alleged interrogatory response deficiencies raised by Plaintiffs in the JSR, the parties will continue to meet and confer and provide an update to the Court on 1/6/25.

### IV. Luster Products, Inc.

Plaintiffs and Defendant Luster stated that they had reached an agreement on the Exhibit A issues raised in the JSR, with production starting by 1/7/25 and completion by 1/29/25, and would provide any update in the 1/6/25 JSR. No other issues were raised between these parties.

### V. McBride Research Labs, Inc.

No current issues were raised between Plaintiffs and Defendant McBride. Any future issues requiring court attention may be raised in the 1/6/25 joint status report.

### VI. Namasté Laboratories, LLC

Namasté provided an amended response to Plaintiffs' Third Set of Interrogatories, Question 6, on 11/21/24, but on only eight of the 18 products identified. Although Plaintiffs believed that Namasté would provide additional information on the remaining products by 12/6/24, Namasté indicated by that date only that it was still working to provide the missing information. As discussed in open court, Namasté must provide as much of the remaining information as it can (or that no further information on a particular product exists) by 12/20/24 (*i.e.*, this should be a rolling production rather than an across-the-board "still in progress" response). To the extent Plaintiffs believe there are still remaining deficiencies, the parties shall meet and confer by 12/30/24 and provide an update on the issue in the 1/6/25 JSR.

VII.  **Revlon**

The Court ruled on the record that the interrogatory responses in Exhibit B are sufficient to comply with Fed. R. Civ. P. 33(d). The bar for compliance with Rule 33(d) is relatively low; all that required is that the producing party specify records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party would." Fed. R. Civ. P. 33(d). Revlon has identified responsive documents by specific Bates number (as opposed to large swaths). Rule 33(d) does not require that the responding party provide an *analysis* of why it believes the documents are responsive, it only need specify the documents in a way that allows the interrogating party to locate and identify the documents. Although the list of documents provided by Defendant Revlon is relatively long, that owes more to the breadth of the interrogatory and discovery in this case in general than any fault on Revlon's part; the list is sufficiently specific to allow Plaintiffs to locate and identify the documents.

Although the colloquy on the record regarding the other issues raised in the JSR was lengthy (and helpful to the Court), it appears that they are likely to be subsumed by the Exhibit A issues discussed below. Plaintiffs and Revlon are to continue to meet and confer on these issues by 12/30/24 to allow for any outstanding issues to be presented in the 1/6/25 JSR.

## VIII. Sally Beauty Supply LLC

No pending issues were raised between Plaintiffs and Defendant Sally Beauty. Any future issues requiring court attention may be raised in the 1/6/25 joint status report.

## IX. Strength of Nature LLC

Plaintiffs and Defendant Strength of Nature were able to meet and confer shortly prior to the status hearing regarding the alleged deficiencies with Strength of Nature's document productions raised by Plaintiffs in the JSR. They indicated that they believe they can work through those issues cooperatively, particularly as Plaintiffs have more time to review the prior productions, and present the current status to the Court in the 1/6/25 JSR.

## X. General Issues

Regarding future JSRs, in order to encourage both timeliness and efficiency, going forward, each side will be limited to one page for each Defendant-specific argument (*i.e.*, Plaintiffs will get one page to discuss the issues for each individual Defendant, and each Defendant will get one page to respond or raise their own issues).

Regarding "Exhibit A" issues that were presented in the JSR and discussed during the status, the Court believes that further development is needed, for both itself and the parties, on a Defendant-by-Defendant basis in order to properly analyze the

issues and current status. To that end, the parties are to meet and confer on a Defendant-by-Defendant basis on these issues by 12/30/24, to ensure that the Defendants can respond regarding specific requests and deficiencies in advance of the 1/6/25 JSR. Defendants are to identify: 1) which information "gaps" exist because Defendants are continuing efforts to locate the information; and 2) which information "gaps" exist because Defendants have completed their search and the information is not in their possession, custody, or control. For the latter category, Defendants should also provide a certification substantially similar to the one being crafted by Plaintiffs and L'Oreal USA before Special Master Grossman. This will allow Plaintiffs to have certainty over which disputes will benefit from additional meeting and conferring and which will not ahead of the 2/28/25 written discovery deadline.

    Finally, the parties are to continue to meet and confer on the issue of redacting Plaintiffs' medical records by 12/30/24, and provide an update for the Court in the 1/6/25 joint status report, including whether this particular issue will affect the 2/28/25 written discovery close.

E N T E R:

Dated: 12/19/24

_____
BETH W. JANTZ
United States Magistrate Judge