# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 23 C 818 <br><br> MDL No. 3060 <br><br> Judge Mary M. Rowland |

**CASE MANAGEMENT ORDER NO. ___
BELLWETHER SELECTION AND SCHEDULE**

In furtherance of the advancement of this MDL, the Court hereby ORDERS:

**ELIGIBILITY FOR BELLWETHER SELECTION**

1) The Court previously ordered that PFS fact discovery for those plaintiffs whose actions were filed and served by February 1, 2024 closes on February 28, 2025 (ECF No. 961).

2) Consistent with paragraph (1), the Court now orders that those plaintiffs whose actions were filed and served by February 1, 2024 must amend their Short Form Complaints ("SFCs") to add any new defendants by February 28, 2025. After February 28, 2025, plaintiffs whose actions were filed and served by February 1, 2024 may add a defendant to their case only upon a showing of good cause as ordered by the Court.

3) As agreed by the parties and previously ordered by the Court (ECF No. 415), cases in MDL 3060 pending as of the date of this Order and that were filed and served by February 1, 2024 shall be eligible for the initial bellwether selection process governed by this order, and this pool of cases shall be referred to as the bellwether "Candidate Cases." The parties have represented to the Court that there are approximately 6,700 pending cases that were filed and served by February 1, 2024 that will qualify as Candidate Cases for purposes of this Order.

4) For the initial bellwether selection process governed by this Order, only the approximately

5,500 cases claiming uterine cancer, endometrial cancer or ovarian cancer (each a "Reproductive Cancer") may be selected from the Candidate Cases. These reproductive cancers are also described as "Designated Injuries" for purposes of this process and order.

**PROCESS FOR SELECTION OF BELLWETHER DISCOVERY CASES**

5) On or about March 7, 2025, the Court and the parties will use a randomization process involving a randomization tool agreed to by the parties or selected by the Court to down-select from the approximately 6,700 Candidate Cases to a group of 300 cases in which the plaintiffs allege to suffer from at least one of the Designated Injuries.

6) On May 1, 2025, Plaintiffs and Defendants shall each exchange a list of twelve (12) proposed Bellwether Discovery Cases selected from the pool of 300 cases.

7) On May 6, 2025, Plaintiffs and Defendants shall exchange a list of four (4) cases to be stricken from the other side's twelve (12) cases. The remaining sixteen (16) cases shall comprise the Bellwether Discovery Cases. The parties shall file a joint report on May 19, 2025 identifying the 16 Bellwether Discovery Cases.

**BELLWETHER DISCOVERY CASE SCHEDULE**

8) Pursuant to CMO 8, by June 3, 2025, each defendant shall serve its answer and affirmative defenses to each of the 16 Bellwether Discovery Cases in which it is a named party.

9) Core discovery for the 16 Bellwether Discovery Cases shall be concluded by February 1, 2026 and shall include those matters identified in paragraphs 10-12, *infra*.

10) By March 3, 2025, the parties shall submit a negotiated Phase II Plaintiff Fact Sheet ("PFS II") and a Defendant Fact Sheet ("DFS") pursuant to CMO 9. If the parties are unable to agree to a negotiated PFS II and/or DFS, each side shall submit proposed draft fact sheets to the Court identifying the areas of dispute and each side's suggested provisions. No

briefing shall be submitted. Should the Court deem it necessary, the parties will be prepared to discuss the disputed provisions at the March 27, 2025 Case Management Conference.

11) PFS II and DFS discovery shall be completed and responses served no later than July 7, 2025, 60 days from the selection of the 16 Bellwether Discovery Cases.

12) Core discovery in the 16 Bellwether Discovery Cases shall include up to eight depositions per case, unless good cause is shown that additional depositions are warranted in a particular case.

13) If, prior to February 1, 2026, any case from the 16 Bellwether Discovery Cases is voluntarily dismissed by a plaintiff, Defendants shall be permitted to designate a replacement case from the remaining cases in the 300 case pool (as identified in paragraph 5, *supra*). If, prior to February 1, 2026, any case from the 16 Bellwether Discovery Cases is resolved by settlement as to all of the defendants named in that case, the parties shall jointly designate a replacement case from the remaining 300 case pool (as identified in paragraph 5, *supra*). If the parties are unable to agree to replacement cases, they shall submit to the Court simultaneous letter briefs limited to two pages, double spaced. The parties shall work in good faith to complete core discovery for any replacement cases prior to any selection deadline for the five Bellwether Trial Pool Cases.

14) Prior to the close of core discovery for the 16 Bellwether Discovery Cases, the parties shall submit a proposed case management order governing the process for selecting five Bellwether Trial Pool Cases from the 16 Bellwether Discovery Cases and sequencing all remaining fact and expert discovery and case-specific motion practice.

## EXPERT DISCOVERY

15) As previously advised (ECF No. 892 at 47:9-19), in order to timely conclude discovery and schedule trials, as necessary, the Court intends that limited expert discovery shall be conducted in parallel to fact discovery pursuant to the following schedule.

16) On May 19, 2025, the plaintiffs in the 16 Bellwether Discovery Cases shall serve Defendants with general causation expert reports relating to the Designated Injuries. Reports submitted shall not address regulatory, company conduct or other liability claims or defenses, and shall not involve damages or the facts of any individual case, which matters will be addressed at a later time with a later deadline.

17) Depositions of any of the plaintiffs' general causation experts shall be completed by July 18, 2025.

18) Defendants shall serve the plaintiffs in the 16 Bellwether Discovery Cases with general causation expert reports for each of the Designated Injuries by September 19, 2025.

19) Depositions of any defendant's general causation experts shall be completed by November 21, 2025.

20) The parties shall file any Rule 702 (*Daubert*) motions challenging the admissibility of any of the designated general causation opinions/experts by December 19, 2025.

21) Oppositions to any filed Rule 702 (*Daubert*) motions shall be filed by January 30, 2026.

22) Reply briefs in support of any filed Rule 702 (*Daubert*) motions shall be filed by February 27, 2026.

23) The Court shall schedule Rule 702 (*Daubert*) hearings, as required, following the close of briefing.

24) Designation of general causation experts under this Case Management Order shall not

preclude the identification of additional general causation experts offering the same opinions for use at the time of trial. Such experts shall be identified pursuant to future orders of the Court or following remand of a case for trial.

**<u>NON-SELECTED CASES</u>**

25) Nothing in the Case Management Order shall relieve any plaintiff in this MDL from the obligation to complete and/or supplement a PFS or to satisfy disclosures or any other discovery obligation as provided under the Federal Rules of Civil Procedure, any orders entered by this Court, or other applicable law and/or rules.

26) The parties shall negotiate and submit a proposed case management order for the timely adjudication of injuries other than the Designated Injuries by May 19, 2025. Should the parties be unable to agree to a negotiated case management order for non-Designated Injuries, the parties shall submit a draft order to the Court identifying each side's suggested provisions. No briefing shall be submitted. Should the Court deem it necessary, the parties should be prepared to discuss the disputed provisions at the May 29, 2025 Case Management Conference.

Dated: _____        Ordered: _____
                                                                  Hon. Judge Mary Rowland