# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| In re Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation | ) ) ) ) Civil Action No. 1:23-CV-00818 (MDL No. 3060) ) ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: National Institutes of Health (Attn: Monica M. Bertagnolli)
9000 Rockville Pike, Bethesda MD 20892

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K Street, NW<br>Washington, DC 20006-1047 | Date and Time:<br>03/15/2024 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/14/2024

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Revlon Inc., Revlon Consumer Products Corp., Revlon Group Holdings, LLC , who issues or requests this subpoena, are:

David Cole, Paul, Weiss, Rifkind, Wharton & Garrison, 2001 K Street, NW, Washington, DC 20006-1047, dcole@paulweiss.com, 202-223-7348

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-CV-00818 (MDL No. 3060)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

The definitions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference as if fully set forth herein.

## DEFINITIONS

1. The "2021 White et al. study" refers to the paper co-authored by Alexandra J. White, Dale P. Sandler, Symielle A. Gaston, Chandra L. Jackson, and Katie M. O'Brien, entitled *Use of hair products in relation to ovarian cancer risk*, Carcinogenesis, 2021 Oct. 5;42(9):1189-1195, Genetics in Medicine Vol. 15, Issue 2 (2014), doi: 10.1093/carcin/bgab056, https://pubmed.ncbi.nlm.nih.gov/34173819/, including all versions, revisions, and releases thereof.

2. The "2022 Chang et al. study" refers to the paper co-authored by Che-Jung Chang, Katie M. O'Brien, Alexander P. Keil, Symielle A. Gaston, Chandra L. Jackson, Dale P. Sandler, and Alexandra J. White, entitled *Use of straighteners and other hair products and incident uterine cancer*, Journal of the National Cancer Institute, 2022 Dec. 8;114(12):1636-1645, doi: 10.1093/jnci/djac165, https://pubmed.ncbi.nlm.nih.gov/36245087/, including all versions, revisions, and releases thereof.

3. "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium.

4. "Document" has the same full meaning as in Fed. R. Civ. P. 34(a), and includes, but is not limited to, any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, drafts, revisions, copies, non-identical copies, and

markups of drafts, and all files, documents, databases, e-mails, and other data maintained in computer-readable form. The term "document" specifically includes, but is not limited to: electronically stored information; communications, including intracompany communications; minutes, notes and records of meetings; letters; facsimile transmissions; telegrams; telephone bills and records; cables; records; books; summaries or records of personal conversations or interviews; legal pleadings; affidavits; deposition transcripts; trial transcripts; forecasts; statistical statements; work papers; brochures; pamphlets; circulars; press releases; agreements; contracts; telephone messages, slips and logs; diary entries; electronic mail and messages of every kind; social media posts (e.g., posts on social media platforms Facebook, Twitter, Instagram, and others); calendars; reports; evaluations; assessments; analyses; test results; correspondence; memoranda; notes; video recordings of every kind; audio recordings of every kind; electronic recordings of every kind; drawings; graphics; graphs; maps; diagrams; charts; photographs; tables; indices; recordings; tapes; microfilms; reports of investigations; opinions or reports of consultants; data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information; all other mechanical or electronic means of storing or recording data or information; and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form. The term "document" also includes copies of all documents that are not identical duplicates of the originals, and copies of documents if the originals are not in the possession, custody, or control of Plaintiffs or their agents or representatives.

5.  "Hair Relaxer MDL" refers to the action *In re Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, 1:23-CV-00818 (MDL 3060), currently pending in the United States District Court for the Northern District of Illinois.

6.  "Plaintiff" means any individual who has filed a complaint in the Hair Relaxer MDL as defined herein.

7.  "You" and "Your" means the National Institutes of Health (the "NIH"), and individuals or entities providing services on behalf of the NIH.

8.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any Document Request all information that might otherwise be construed to be outside of their scope.

9.  The terms "all," "any," and "each" shall be construed as encompassing any and all, as necessary to bring within the scope of any Document Request all information that might otherwise be construed to be outside of their scope.

10. The term "concerning" means relating or referring to, discussing, describing, summarizing, evidencing, or constituting.

11. The verb "relate" and its variants encompass the terms "refer," "reflect," "concern," "support," "substantiate," "undermine," or "contradict," and shall be construed to bring within the scope of any Document Request any information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of, the subject matter of any Document Request, including but not limited to all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise shows the existence of the subject matter of any Document Request.

12. As used in these Requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

13. The definitions set forth herein apply to any use of terms describes above and their variants, whether capitalized or not, throughout the Document Requests.

## INSTRUCTIONS

1. In responding to these Requests, you shall produce all responsive documents that are in Your "possession, custody, or control," as that phrase is used in Rule 45 of the Federal Rules of Civil Procedure and has been interpreted by case law. If You know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

2. To the extent any request is objected to in whole or in part, state with specificity all grounds for objection, and produce all documents and things responsive to those parts of the request as to which no objection is made.

3. Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph(s) of the Requests to which they respond. The original or one copy of each document is requested to be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document

and must be produced, whether or not the original of such document is within your possession, custody, or control. If a document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents attached to each other should not be separated, but all such attached documents shall be produced.

4. Each Request shall be responded to fully unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of a Request, or to a word, phrase, or clause contained in a Request, You shall state your objection to that portion only and produce all documents responsive to the remainder of the Request.

5. If any document is withheld on the grounds of privilege, work product or otherwise, please provide the information required by Federal Rule of Civil Procedure 26(b)(5). If no documents exist that are responsive to a particular Request, so state in writing. In the event that any document that is responsive to these Requests has been destroyed or discarded, that document is to be identified by stating: (a) any author and addressee; (b) any indicated or blind copy recipients; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all Persons to whom the document was distributed, shown or explained; (e) its date of destruction or discard and reason for destruction or discard; and (f) the Persons authorizing and carrying out such destruction and discard.

6. If, in responding to these Requests, you claim any ambiguity in a Request, or in a Definition or Instruction applicable to a Request, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the

specific language deemed to be ambiguous and the interpretation used in responding to the Request.

7. Each Request shall be construed according to its own terms, subject to these Definitions and Instructions. Although some of the Requests may overlap with others, no Request should be read as limiting any other Request.

8. Each Request shall be deemed to include a Request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to any responsive documents in addition to the responsive documents themselves, without abbreviation or expurgation.

9. The Requests are continuing and require, to the extent authorized by Rule 45 of the Federal Rules of Civil Procedure, production of any additional responsive documents and things that may be located or acquired by You or those in privity with You after the date of Your original production. Such supplemental documents and things are to be produced as soon as is reasonably possible after they are located or obtained.

10. If any Request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

11. Unless the particular request indicates otherwise, the relevant time period to which each Request refers is any date up to and including the present.

## DOCUMENTS REQUESTED

1. All drafts, versions, revisions, and releases of the 2021 White et al. study.
2. All drafts, versions, revisions, and releases of the 2022 Chang et al. study.
3. Any and all data collected, compiled, or created for purposes of the 2021 White et al. study, including any data, surveys, interviews, or questionnaires collected from study participants or potential participants.

4. Any and all data collected, compiled, or created for purposes of the 2022 Chang et al. study, including any data, surveys, interviews, or questionnaires collected from study participants or potential participants.

5. Any and all Sister Study data collected for and/or utilized by the authors of the 2021 White et al. study.

6. Any and all Sister Study data collected for and/or utilized by the authors of the 2022 Chang et al. study.

7. All documents, work papers, and communications or correspondence reflecting any analysis of the Sister Study data by the authors of the 2021 White et al. study.

8. All documents, work papers, and communications or correspondence reflecting any analysis of the Sister Study data by the authors of the 2022 Chang et al. article.

9. All correspondence between the NIH and/or the authors of the 2021 White et al. study with any Plaintiff(s) in the Hair Relaxer MDL and/or counsel of record for any such Plaintiff(s).

10. All correspondence between the NIH and/or the authors of the 2022 Chang et al. study with any Plaintiff(s) in the Hair Relaxer MDL and/or counsel of record for any such Plaintiff(s).

11. Any and all internal or external communications or correspondence regarding the 2021 White et al. study and/or the underlying subject matter.

12. Any and all internal or external communications or correspondence regarding the 2022 Chang et al. study and/or the underlying subject matter.