## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 |
| | Master Docket No. 23-cv-0818 |
| | Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Advanced Beauty Inc.'s ("Defendant" or "Advanced Beauty") Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) or, in the alternative, Strike Certain Allegations Under Rule 12(f).[1] [752, 753]. For the reasons stated herein, Advanced Beauty's motion is denied.

### I.       Background[2]

The factual allegations from the Master Long Form Complaint brought against Advanced Beauty ([675], ("Master Complaint")) and Short Form Complaint ([175-1], ("SFC")) are accepted as true for the purposes of the motion to dismiss. *See Lax v.*

---

[1] Advanced Beauty's brief in support of its Motion to Dismiss and Motion to Strike is twenty pages. Under Local Rule 7.1, parties may not file briefs more than 15 pages without prior approval of the Court and briefs that do not comply with this rule may be stricken by the Court. Advanced Beauty did not move for leave to file an oversized brief. The Court declines to strike Advanced Beauty's brief and considers the arguments set forth in full.

[2] The Court incorporates the Background section of its Memorandum Opinion and Order [291] granting in part and denying in part Defendants' Joint Motion to Dismiss and Defendant McBride's Motion to Dismiss Plaintiffs' Master Long Form Personal Injury Complaint [106].

1

*Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).[3]

On May 15, 2023, Plaintiffs filed a Master Long Form Complaint against numerous other Defendants ("Phase I Defendants"), not including Advanced Beauty, in this multidistrict litigation. [106]. Plaintiffs alleged they suffered personal injuries and death as a result of their use of defective hair relaxers designed, manufactured, sold, distributed, and marketed by the Defendants named in the May 15, 2023 Master Long Form Complaint. *Id.* ¶¶ 5, 10. The Phase I Defendants argued the Master Long Form Complaint did not state any claim and moved to dismiss the complaint in its entirety. [142]. Although the Court dismissed claims of negligent misrepresentation, fraud/fraudulent misrepresentation, fraudulent concealment, and fraud-based claims of deceptive acts or practices under consumer law statutes, Plaintiffs' remaining 12 claims were permitted to proceed. [291].

On May 28, 2024, Plaintiffs filed the Master Complaint against Advanced Beauty after multiple individual Plaintiffs identified on their SFCs that they use or used Advanced Beauty's hair relaxer products. [675]. The Master Complaint states Advanced Beauty's hair relaxer products include "Cantu Advanced Clinical Straightening No-Lye Relaxer System" and "Cantu Shea Butter No-Lye Conditioning Crème Relaxer System." *Id.* ¶ 2. Plaintiffs allege their frequent use of Advanced Beauty's hair-relaxing products caused them to develop ovarian cancer, uterine

---

[3] The Court adopted the short form complaint on August 3, 2023. Pursuant to the Court's Case Management Order ("CMO") No. 7, "[f]or each action in the MDL, subject to this Order, the Master Complaint, together with the Short Form Complaint shall be deemed the operative complaint." [175] at 1. This opinion sometimes refers to the Master Complaint and SFC together as the "Complaint."

cancer, or endometrial cancer. *Id.* ¶¶ 1, 6–7, 9. The Master Complaint brings the same surviving claims as the May 15, 2023 Complaint and avers substantially similar contentions. *Compare* [106] *with* [675]. As of July 5, 2024, approximately 40 individual Plaintiffs from 18 U.S. states brought claims against Advanced Beauty. [753-1]. Before the Court now is Advanced Beauty's motion to dismiss the complaint in its entirety or, in the alternative, to strike certain allegations.[4] [752]; [753].

## II. Standard

The Court assumes the parties' familiarity with its explanation of the standards for Rule 12(b)(6) motions set forth in its first motion to dismiss opinion. *See* [291] at 5.

## III. Analysis

### a. Motion to Dismiss

Advanced Beauty moves to dismiss all of Plaintiffs' claims. Defendant argues Plaintiffs failed to plead facts sufficient to establish Article III standing. Advanced Beauty also moves to dismiss the Complaint in its entirety because the allegations do not state any claim. The Court denies Advanced Beauty's motion to dismiss on both grounds.

### i. Article III Standing

Advanced Beauty asserts that Plaintiffs have not alleged facts demonstrating

---

[4] Defendant claims it "has not been in the hair relaxer marketplace since before 2015" and therefore denies it continues to misrepresent the health impacts of hair relaxer use and that it owed a continuing duty to recall hair relaxer products in 2024. [753] at 6 n.2. In support, Advanced Beauty cites dismissed Defendant Parfums de Coeur, LTD d/b/a PDC Brand's L.R. 56.1 statement submitted in support of summary judgment. [136] ¶ 23. Advanced Beauty will have the opportunity to present this evidence at a later stage of litigation.

that they have Article III standing. To establish Article III standing, a plaintiff must demonstrate that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Fox v. Dakkota Integrated Sys.*, LLC, 980 F.3d 1146,1151 (7th Cir. 2020).

"In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). There are two types of standing challenges: "A facial challenge attacks standing on the pleadings, arguing that the plaintiff lacks standing even if the well-pleaded allegations in the complaint are taken as true. A factual challenge, by contrast, asserts that there is in fact no standing." *Flynn v. FCA U.S. LLC*, 39 F.4th 946, 952 (7th Cir. 2022) (citation omitted). Here, Advanced Beauty raises no external facts to question the Court's jurisdiction, *see Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009), but instead contends Plaintiffs have not sufficiently pleaded facts to establish Article III standing. *See* [753] at 10–14. Thus, the Court treats Defendant's motion as a facial challenge, not a factual challenge.

"[I]n evaluating whether a complaint adequately pleads the elements of standing, courts apply the same analysis used to review whether a complaint adequately states a claim: 'Courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Silha*, 807 F.3d at 173 (alterations accepted) (quoting *Warth v. Seldin*, 422 U.S. 490, 501

(1975)). "[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly–Iqbal*'s 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174.

Advanced Beauty contends Plaintiffs have failed to plead how their injuries are fairly traceable to the challenged conduct, and thus, cannot establish Article III standing. [753] at 10–14. Traceability examines the causal relationship between the allegedly unlawful conduct and the asserted injury. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1025 (7th Cir. 2024) (quoting *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984)). The threshold for adequately alleging traceability is not high. *Bennett v. Spear*, 520 U.S. 154, 171 (1997) (a plaintiff's burden on this element is "relatively modest at [the pleading] stage of litigation"). Defendant's conduct need not be the immediate cause, or even a proximate cause, of a plaintiff's injuries to satisfy the traceability element. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014). But where the causal chain is "attenuated," traceability cannot be established. *Allen*, 468 U.S. at 757. In short, a plaintiff must show only a "meaningful [] connect[ion]" between the aggrieved injury and defendant's conduct. *Dep't of Ed. v. Brown*, 600 U.S. 551, 568 (2023).

Defendant contends the Complaint fails to establish the causal connection between Plaintiffs' alleged uterine and ovarian cancer injuries and Defendant's alleged misrepresentation of and failure to disclose the alleged health risks of the

chemicals in its hair relaxer products.[5] [753] at 11–12. Furthermore, Advanced Beauty argues Plaintiffs did not identify: the health risks of hair relaxer products, how or when Advanced Beauty learned of the health risks, the specific ingredients that were contained in Advanced Beauty's products and how Advanced Beauty learned of the specific ingredients contained in their own products, when and how often Plaintiffs used Advanced Beauty's products, or how the known health risks caused uterine and ovarian cancer in Plaintiffs.[6] *Id.*

Plaintiffs allege Defendant "systematically misrepresented and continues to misrepresent the significant health impacts of hair relaxer use," and failed to "disclos[e] the risks" or "warn[] women and children" about its "brutally toxic products," "all while having knowledge that the hair relaxer products they designed, manufactured, advertised, and sold contained toxic carcinogens." *Id.* ¶¶ 6–8. According to Plaintiffs, Advanced Beauty led "consumer[s] to believ[e] these hair relaxer products are safe when in fact they are not." *Id.* ¶ 44; *see also id.* ¶ 43 (explaining Defendant intentionally labeled its products as "pure shea butter" and with "deep conditioning" to falsely suggest these "natural" hair relaxer products are

---

[5] As Plaintiffs explain, the claims in the Complaint include several theories of liability and are not limited to allegations of misrepresentation and failure to warn. [823] at 5. Defendant does not address other theories of liability.

[6] Advanced Beauty cites one example of a SFC that names Defendant as a party but fails to identify any of Defendants' products. [753] at 13 (citing Case No. 1:23-cv-05696, [1]). Plaintiffs must identify which hair relaxer products they used. Plaintiffs who have not identified specific hair relaxer products are granted leave to amend their SFCs to make the required identification. Failure to identify any product manufactured by a particular defendant is a basis to dismiss that defendant without prejudice after completing the CMO No. 9 [343] compliance process.

safer or less toxic than alternatives). Plaintiffs explain that endocrine-disrupting chemicals ("EDCs") are chemicals, or chemical mixtures, that interfere with the normal activity of the endocrine system. *Id.* ¶¶ 62–63. They allege that natural and synthetic EDCs are present in some of Defendant's hair relaxer products as "fragrance" and "perfumes," and enter the body when the products are applied to the hair and scalp. *Id.* ¶ 64. One of the EDCs, phthalates, are harmful because it interferes with individuals' natural hormone production and degradation. *Id.* ¶ 65. Studies cited by Plaintiffs show higher rates of uterine and ovarian cancer among women who frequently used hair relaxers. *Id.* ¶¶ 70–85. Plaintiffs pled Advanced Beauty "was aware or should have been aware of both the potential for harm and the increased risk of developing uterine and ovarian cancer from the use of the hair relaxer products . . . due to the harmful, toxic, and carcinogenic ingredients in their hair relaxer products." *Id.* ¶¶ 58–59. These allegations read as a whole give rise to the inference that Defendant's conduct is meaningfully connected to Plaintiffs' claimed injuries. More is not needed at this stage of litigation.

Advanced Beauty's cases do not require a different outcome. In *Department of Education v. Brown*, the Supreme Court held the plaintiff-respondents' alleged injury—not receiving student loan relief under a specific statute—was not traceable to the government's action—adopting a loan relief plan promulgated under a different law. 600 U.S. at 564–67 ("[T]he Department's decision to give *other* people relief under a *different* statutory scheme did not *cause* [plaintiffs] not to obtain the benefits they want."). It was too speculative to tie the decision not to grant the desired loan

relief to the decision to grant the ultimately adopted relief, especially since the two statutes affording potential relief operate independently. *Id.* at 567. Similarly, the plaintiffs in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) could only speculate the Government would imminently target their communications under the statute at issue given a lack of evidence and speculate the communications would be intercepted under the statute at issue as opposed to another authority. *Id.* at 413. *See also Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023), *reh'g denied*, No. 22-1892, 2023 WL 6144390 (7th Cir. Sept. 20, 2023) (whether plaintiffs' injury was traceable to the asserted wrong was too speculative where plaintiffs did not even try to explain how, if at all, unlawful disclosure of a driver's license number could have contributed to an unemployment insurance scam). As described above, the alleged causal chain differs here differs from the attenuated claims in *Department of Education*, *Clapper*, and *Baysal*. The Court previously held substantially similar contentions sufficiently alleged hair relaxer products like Defendant's proximately caused Plaintiffs' injuries. [291] at 10–11; *Haymarket DuPage, LLC v. Village of Itasca*, No. 22-CV-160, 2024 WL 809110, at *12 (N.D. Ill. Feb. 27, 2024) ("traceability is a watered-down version of causation").

Plaintiffs' allegations satisfy Article III's requirement of a "causal connection between the injury and the conduct complained of." *Brown*, 600 U.S. at 561 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

### ii. Sufficiency of the Allegations

Advanced Beauty asserts Plaintiffs only plead conclusory allegations and thus all 12 of Plaintiffs' claims fail to plausibly state a claim. [753] at 15. As an initial

matter, Advanced Beauty's motion suffers from a glaring error: rather than grapple with the well-pleaded contentions set forth in the Complaint, Defendant ignores all but 10 paragraphs of the 235 paragraph Master Complaint and 2 paragraphs in the SFC. [753] at 14–16. All the allegations in the Master Complaint, even if they do not mention Advanced Beauty by name, relate to Advanced Beauty and its conduct. Focusing solely on the allegations that address Advanced Beauty by name is improper. *See Fernandes v. Rosalind Franklin Univ. of Med. & Sci.*, No. 19 CV 50337, 2021 WL 269879, at *3 (N.D. Ill. Jan. 27, 2021) ("A motion to dismiss does not allow a defendant to simply ignore unfavorable allegations in the complaint.").

The Court finds Defendant's arguments undeveloped and unpersuasive. With one exception,[7] Advanced Beauty does not address (much less differentiate between) the elements for each cause of action and provides no substantive legal authority for its conclusion. Defendant claims it need not differentiate between the requirements for each cause of action. [862] at 6. The Court will not develop the missing links in Defendant's argument. *See Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (noting that the "federal courts will not invent legal arguments for litigants"); *Nilssen v. Gen. Electric, Co.*, 06 C 04155, 2011 WL 633414, at *9 (N.D. Ill. Feb. 11, 2011) (observing that in our adversarial system, "judges are not to supplant lawyers and perform their job of crafting and developing arguments").

---

[7] Advanced Beauty lists the elements of an unjust enrichment claim under Illinois law and contends the Complaint is devoid of allegations to establish liability. [753] at 15–16 (citing *Lindquist Ford, Inc. v. Middleton Motors, Inc.,* 557 F.3d 469, 477 (7th Cir. 2009)). Consistent with its order on the motion to dismiss the May 15, 2023 Master Complaint, the Court does not find it appropriate at this stage to rule on a casewide basis in an MDL that no plaintiff may pursue an unjust enrichment claim. [291] at 20–21.

The facts alleged in the Complaint are substantially the same as those the Court previously held were well-pleaded and provided fair notice of the same 12 claims Plaintiffs now bring against Advanced Beauty. *See* [106, 291]; *see also* [823] at 9. Defendant provides no reason why the Court should deviate from its prior ruling. Accordingly, the Court denies Advanced Beauty's motion to dismiss the Complaint in its entirety.

### b. Motion to Strike

In the event the Court finds Plaintiffs have stated a claim against Advanced Beauty, Defendant alternatively moves to strike sections of the Complaint. The Court "may strike from a pleading an insufficient defense or any redundant, immaterial or scandalous matter." Fed. R. Civ. P. 12(f). A district court has "considerable discretion" in deciding a Rule 12(f) motion. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). "Motions to strike are generally disfavored because such motions often only delay the proceedings." *Kesterke v. BCD White Inc.*, 2018 WL 3343079, at *1 (N.D. Ind. July 9, 2018). A motion to strike "should not be granted unless [ ] the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) (quotations omitted). Striking a portion of a pleading is considered a "drastic remed[y]". *Volling*, 999 F. Supp. 2d at 1007. On a Rule 12(f) motion, the movant bears the burden to demonstrate "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Vakharia v. Little Co. of Mary Hosp. & Health*

*Care Ctrs*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)).

### i. Incorporation of the Master Long Form Personal Injury Complaint [106]

The Master Complaint against Advanced Beauty "adopt[s] and incorporate[s] by reference the Facts Common To All Counts contained in paragraphs 33–114 of the Master Long Form Complaint filed on May 15, 2023." [675] at 5 n.1 (citing [106]). Advanced Beauty contends there are two issues created by incorporation: the allegations relate to other Defendants and are duplicative of allegations in the Master Complaint. Advanced Beauty also asserts the allegations were improperly incorporated. None of these issues warrant striking the allegations.

First, some of the incorporated paragraphs allege facts specific to other individual defendants. *E.g.* [106] ¶¶57, 59. Advanced Beauty argues it should not speculate as to how allegations pertaining to other defendants relate to it and cannot answer allegations related to other defendants. [753] at 18. Plaintiffs respond that Advanced Beauty's lack of knowledge is not a basis for striking the allegations and submit Defendant may answer by stating it "lacks knowledge or information sufficient to form a belief." [823] at 11 (citing Fed. R. Civ. P. 8(b)(5)). But Advanced Beauty complains the reasonable inquiry undertaken before providing such an answer is too burdensome.[8] [862] at 7. Second, some paragraphs are duplicated

---

[8] Advanced Beauty also contends it should not be required to investigate matters that took place "before it even came into existence or decades before it purportedly sold a hair relaxing product." [862] at 7 (citing [675] ¶ 36 ("In approximately 2009, Advanced Beauty Inc. launched its Cantu Shea Butter No-lye Deep Conditioning Crème Relaxer System.)). Defendant did not move to strike this allegation, and it is unclear to the Court how this

verbatim or near verbatim in both complaints. *E.g.*, *compare* [106] ¶¶ 48–52 *with* [675] ¶¶ 31–35 and *compare* [106] ¶¶ 63–114 *with* [675] ¶¶ 47–103. Advanced Beauty asserts it should not be required to answer the same paragraphs twice. [753] at 18. Plaintiffs argue these contentions are all relevant to its claims against Advanced Beauty and Defendant has not met the high standard of a Rule 12(f) motion. [823] at 11–12.

The Court declines to strike the challenged statements. Although the incorporated allegations address the conduct of other MDL Defendants and are repetitive, Advanced Beauty has not met its burden to show "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial" to justify wielding the drastic remedy of striking them. *Vakharia*, 2 F. Supp. 2d at 1033.

Finally, Advanced Beauty challenges—for the first time in its reply brief— whether the incorporation of allegations from one complaint into another through a footnote is proper.[9] [862] at 7. Federal Rule of Civil Procedure 10(c) permits adoptions of statements in a pleading by reference elsewhere in the same pleading or in any other pleading. *See also Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977) ("It is clear that pleadings may incorporate earlier pleadings by reference"). Although Rule

---

argument is germane to its consideration of whether to strike the paragraphs incorporated from the May 15, 2023 Master Long Form Complaint. Advanced Beauty must answer the allegations in Paragraph 36 of the Master Complaint and similar allegations.

[9] Parties waive arguments raised for the first time in a reply. *See, e.g.*, *Argyropoulos v. City of Alton*, 539 F.3d 724, 740 (7th Cir. 2008); *Empire Elecs., Inc. v. D&D Tooling & Mfg., Inc.*, No. 13 C 376, 2014 WL 5819728, at *6 (N.D. Ill. Nov. 10, 2014). Nevertheless, the Court addresses Defendants' argument.

10(c) allow incorporation by reference, this privilege is not without limits. Excessive incorporation by reference, such as incorporating approximately 80 paragraphs here, may "prevent the opposing party from reasonably being able to prepare a response or simply make the burden of doing so more difficult." 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1326 (4th ed.). Plaintiffs' footnote is a misuse of the Rule 10(c) privilege. The Court will not consider the incorporated allegations, and Advanced Beauty need not answer them.

### ii. Filing "on Behalf of all Plaintiffs"

In the Complaint against Advanced Beauty, Plaintiffs state, "This Master Complaint is filed on behalf of all Plaintiffs whose claims are subsumed within MDL 3060. Plaintiffs in these individual actions have suffered personal injuries and death as a result of their use of the Defendant's hair relaxer products." [675] ¶10, *see also* ¶11. Advanced Beauty argues these contentions are not allegations of fact, are improper, and should be stricken. [753] at 18–19. Defendant also muses whether the statement implies that every individual Plaintiff in this MDL can "boot strap on to this filing" and evade the requirement to file a short form complaint against Advanced Beauty or is a class allegation. *Id.*

Defendants' objections are misguided for at least two reasons. First, these are allegations of fact. Defendant may disagree with the assertions, but a Rule 12(f) motion is not the proper vehicle to challenge the merits. Second, similar allegations are common in MDLs. MDL transferee courts routinely order a "master complaint" to be filed on behalf of all, or a subset, of plaintiffs asserting claims in an MDL. Individual plaintiffs then file short-form complaints to provide basic, uniform

13

information about the plaintiff and her alleged injuries. So too here. The Master Complaint alleges facts common to all claims against Advanced Beauty brought by any existing *or future* individual Plaintiff.[10] But individual Plaintiffs must comply with CMO 7 [175] and CMO 8 [249] and file Short Form Complaints naming Advanced Beauty. The contested allegations in the Complaint do not overcome the Court's orders. Accordingly, the Court declines to strike the challenged allegations.

### iii.  Reference to Statutory Provisions of All States

Count V (Breach of Implied Warranty of Merchantability/Fitness for Particular Use), Count VI (Breach of Implied Warranty under state law and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.), and Count VII (U.S. State and Territory Statutory Consumer Protection and Unfair or Deceptive Trade Practices Claim) of the Master Complaint cite statutes from all 50 states and multiple U.S. Territories. Without citation to any authority, Advanced Beauty argues pleading violations of law in states or territories where no current Plaintiff resides is improper.

Master complaints are judicial tools that permit judges and parties to efficiently manage complex multi-district litigation. For the same reasons that it is permissible to lodge a master complaint on behalf of prospective plaintiffs, it is also permissible to allege violations and causes of action that may only apply to a subset of current or prospective plaintiffs. To require otherwise would mean amending the Master Complaint every time a Plaintiff from a new jurisdiction filed a claim. As Defendants argue, this would defeat the purpose of crafting master long form and

---

[10] The Master Complaint plainly states "not all Plaintiffs in these proceedings have claims against Defendant Advanced Beauty, Inc." [675] ¶ 1.

short complaints and negate the intended efficiencies. *See* [823] at 13–14 (citing *In re Nuvaring Prods. Liab. Litig.*, No. 4:08MD1964 RWS, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009)). The Court denies Advanced Beauty's request to strike allegations in Paragraphs 163, 184, and 194. Defendant must answer the allegations in the Master Complaint and individual Plaintiffs must adopt and incorporate applicable causes of action in their Short Form Complaints. [175-1].

## CONCLUSION

For the stated reasons, Advanced Beauty's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) or, in the alternative, Strike Certain Allegations Under Rule 12(f) [752, 753] is denied.

E N T E R :

Dated: February 19, 2025

_____
MARY M. ROWLAND
United States District Judge