IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | MDL No. 3060<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>**All Cases** |

CASE MANAGEMENT ORDER NO. 16
(Reinstatement of Cases After Dismissal Without Prejudice)

I. **Scope of Order**

This order applies to and governs the protocol for all plaintiffs who previously filed lawsuits within this MDL that were dismissed without prejudice, as well as plaintiffs with future cases which may be dismissed without prejudice pursuant to the guidelines of CMO No. 10, through the CMO No. 9 Court Call Process, or by other motion practice, and who wish to refile or reinstate their cases. In accordance with CMO No. 10 paragraph III, all Plaintiffs who wish to refile cases that previously were dismissed without prejudice shall refile their cases in federal court and within this MDL.

II. **Cases In Which There is No Challenge to the Propriety of Dismissal**

A. **Original Counsel of Record**: For Plaintiffs seeking to reinstate their cases who do not challenge the propriety of their original dismissals without prejudice and who are represented by the same counsel and/or law firms that represented Plaintiffs at the time of their dismissals, Plaintiffs' counsel should move for reinstatement within their deadline to do so, as soon as they are prepared to comply with the obligations of reinstatement (e.g., provide a complete PFS with required executed authorizations and document productions within 10 days of reinstatement).

B. **New Counsel of Record**: For Plaintiffs seeking to revive their cases who do not challenge the propriety of their original dismissals without prejudice and who are represented by different counsel and/or law firms than the firms that represented Plaintiffs at the time of their dismissals, Plaintiffs must refile their cases as new complaint on the docket in the MDL. The parties believe this is necessary because a different firm paid filing fees in the first instance and new counsel may not be aware that the case was previously pending.[1]

C. **Process**: Within one day of moving for reinstatement or refiling of the case, Plaintiff's counsel will provide to Plaintiffs' PFS Liaison Counsel:

1. A copy of the Motion to Reinstate the case or of the newly filed Complaint; and

2. If dismissed pursuant to the Court's Order Granting in Part Plaintiff's Motion to dismiss non-ovarian, uterine, or endometrial cancer cases without prejudice [ECF 946], proof of date of diagnosis of one of those cancers.

Plaintiffs' PFS Liaison Counsel will provide the Defendants, and BrownGreer, with a list of Plaintiffs (identified by full case name and number) who moved for reinstatement or refiled (if any) by the 15th of each month, beginning in April 2025. The list will allow the parties and BrownGreer to confer and maintain consistent records and efficiently assess whether a case is appropriate for reinstatement or refile. Thereafter, by the 30th of each month, beginning in April 2025, the parties will jointly provide a report to the Court.

---

[1] Defendants will not oppose the reinstatement of any case that is timely reinstated by the date specified in the applicable dismissal order. However, Defendants reserve their rights on other legal grounds including the statutes of limitations and repose.

### III.     Cases In Which There is a Challenge to the Propriety of Dismissal

For Plaintiffs who are challenging the propriety of their dismissals, the individual Plaintiffs' counsel shall seek to meet and confer with Designated Defendants for the dismissed cases before filing any motions or requests with the Court. Plaintiffs' counsel shall alert Plaintiffs' leadership (via Plaintiffs' PFS Liaison Counsel) of their position and the position of Designated Defendants prior to filing any motions or requests with the Court. Because these situations are plaintiff-specific, if the parties cannot agree to a joint request of the Court following a meet and confer, a motion by Plaintiff and a response by the Designated Defendant for that Plaintiff are appropriate. Upon filing any motion or request, Plaintiff's counsel must serve the motion or request to the Designated Defendant via MDL Centrality.

### IV.     Role of Court-Appointed Third-Party BrownGreer

To accommodate the proposed approach, BrownGreer will be responsible for the following:

1.     BrownGreer will ensure that the existing profiles for Plaintiffs whose cases are reinstated remain active in MDL Centrality such that Plaintiffs can use the same profiles for activity in their reinstated cases.

2.     For re-filed cases, BrownGreer will work with the Parties to implement a process to ensure that Plaintiffs' refiled cases and the new refiled docket number are associated with the Plaintiffs' earlier-dismissed cases and MDL Centrality ID Number, but that activities in each iteration of their cases can be separately tracked. This process will allow the Parties to identify such cases as refiled and clearly track whether and when discovery obligations are met.

This process will include the addition of a required field on the MDL Centrality registration page that prompts counsel to answer whether the Plaintiff who is registering had previously filed under a different docket number or MDL Centrality ID and was dismissed without prejudice. Instructions also will be provided to the registrant by BrownGreer regarding their PFS obligations, with citations to the implementation order for this process, CMO 9, and Amended CMO 10. Where a Plaintiff's counsel is not aware of the Plaintiff's prior filing and erroneously answers the prompt, their obligations under Amended CMO 10 (provide the Plaintiff's (i) full name (including middle name), (ii) Social Security Number, (iii) date of birth, *and* (iv) current home address) will allow BrownGreer and the Parties to identify duplicative plaintiffs, though it is expected this final safety net will result in the slower identification of relevant cases.

3. BrownGreer will create a report of the cases that were reinstated or refiled based on self-identification by Plaintiff's counsel and data analysis done by BrownGreer and the Parties. BrownGreer will make the report available to the Parties through the MDL Centrality portal.

4. MDL Centrality shall set the 10-day deadline to submit a complete PFS and PFS-responsive materials, which will begin to run the date the case is reinstated by the Court or refiled, whichever is earlier.

V. **Failure to Comply with Reinstatement Requirements**

For Plaintiffs who fail to submit a PFS and at least one authorization by their 10-day deadline to submit discovery materials, or who fail to comply with any aspects of this Order, Defendants will include these delinquencies as a separate schedule in the next Court Call list (without need to issue a Warning Letter and without any further extension of time to cure) and will

4

be able to seek the dismissal <u>with prejudice</u> of those cases, as a result of their violation of multiple orders.

    For Plaintiffs who submit a PFS and at least one authorization by their 10-day deadline to submit discovery materials, Defendants will review their discovery materials, and any deficiencies will be addressed through the CMO 9 process.

E N T E R:

Dated: March 28, 2025

*/s/ Mary M Rowland*

MARY M. ROWLAND
United States District Judge