**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br><br>Master Docket Case No. 1:23-cv-00818<br><br>Honorable Mary M. Rowland |

**DEFENDANT JOHN PAUL MITCHELL SYSTEMS'**
**ANSWER TO PLAINTIFFS' MASTER LONG FORM COMPLAINT**

Defendant John Paul Mitchell Systems ("Defendant" or "JPMS"), by and through its

counsel, Morgan, Lewis & Bockius LLP, for its Answer and Affirmative Defenses to Plaintiffs'

Master Long Form Complaint [Dkt. No. 678], states the following:

**NATURE OF THIS MASTER COMPLAINT**

1. Plaintiffs' Master Long Form Complaint speaks for itself. To the extent that

Paragraph 1 contains factual allegations directed against JPMS, JPMS denies those allegations.

2. Plaintiffs' Master Long Form Complaint speaks for itself. To the extent that

Paragraph 2 contains factual allegations directed against JPMS, JPMS denies those allegations.

3. Plaintiffs' Master Long Form Complaint speaks for itself. To the extent that

Paragraph 3 contains factual allegations directed against JPMS, JPMS denies those allegations.

4. Plaintiffs' Master Long Form Complaint speaks for itself. To the extent that

Paragraph 4 contains factual allegations directed against JPMS, JPMS denies those allegations.

**NATURE OF THIS ACTION**

5. JPMS denies all allegations contained in Paragraph 5 of Plaintiffs' Master Long

Form Complaint.

6.    JPMS denies all allegations contained in Paragraph 6 of Plaintiffs' Master Long Form Complaint.

7.    JPMS denies all allegations contained in Paragraph 7 of Plaintiffs' Master Long Form Complaint.

8.    JPMS denies all allegations contained in Paragraph 8 of Plaintiffs' Master Long Form Complaint.

9.    JPMS denies all allegations contained in Paragraph 9 of Plaintiffs' Master Long Form Complaint.

## I.    PARTIES

10.    JPMS denies all allegations contained in Paragraph 10 of Plaintiffs' Master Long Form Complaint.

11.    JPMS denies all allegations contained in Paragraph 11 of Plaintiffs' Master Long Form Complaint.

12.    JPMS admits that it is a California corporation with its principal place of business at 20705 Centre Point Parkway, Santa Clarita, CA 91350.

13.    JPMS denies all allegations contained in Paragraph 13 of Plaintiffs' Master Long Form Complaint.

## II.    JURISDICTION AND VENUE

14.    Paragraph 14 of Plaintiffs' Master Long Form Complaint is a legal conclusion to which no response is required; thus, the conclusions are denied.  To the extent that Paragraph 14 contains factual allegations directed to JPMS, JPMS denies those allegations including all allegations in subparagraphs a through c.  JPMS further reserves the right to contest service,

jurisdiction (both personal and subject matter), and venue with respect to any Plaintiff's Short Form Complaint.

15. Paragraph 15 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied. To the extent that Paragraph 15 contains factual allegations directed against JPMS, JPMS denies those allegations.

## III.   FACTS COMMON TO ALL COUNTS[1]

### A.   Market for Hair Relaxer Products

16. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 16.

17. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 17.

18. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 18.

19. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 19.

20. JPMS denies all the allegations contained in Paragraph 20 of Plaintiffs' Master Long Form Complaint.

### 1.   History of Afro-Textured Hair and Hair Relaxers—The Framework for Defendant's Wrongful Marketing Practices

21.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 21.

22.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 22.

23.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 23.

24.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 24.

25.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 25.

26.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 26.

27.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 27.

28.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 28.

29.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 29.

30.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 30.

31.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 31.

## 2.     **The Invention of the Chemical Relaxer**

32.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 32.

33.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 33.

34.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 34.

35.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 35.

36.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 36.

### 3.     Defendant's Marketing Efforts[17]

37.     JPMS admits that it is a privately held company.  JPMS admits that it was co-founded by John Paul DeJoria and Paul Mitchell and that John Paul DeJoria is currently the Chairman of the Board.  JPMS admits that it manufactured and sold versions of "The Relaxer" since at least 2009 until September 2023.  JPMS denies all other allegations in Paragraph 37 of Plaintiffs' Master Long Form Complaint.

38.     JPMS denies the allegations contained in Paragraph 38 of Plaintiffs' Master Long Form Complaint.

39.     JPMS denies the allegations contained in Paragraph 39 of Plaintiffs' Master Long Form Complaint.

40.     JPMS denies the allegations contained in Paragraph 40 of Plaintiffs' Master Long Form Complaint.

41.     JPMS denies the allegations contained in Paragraph 41 of Plaintiffs' Master Long Form Complaint.

42.     JPMS denies the allegations contained in Paragraph 42 of Plaintiffs' Master Long Form Complaint.

### 4. Chemical Relaxer Use: From Adolescence into Adulthood

43. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 43.

44. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 44.

45. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 45.

46. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 46.

47. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 47.

48. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 48.

49. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 49.

50.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 50.

51.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 51.

52.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 52.

53.     JPMS denies the allegations contained in Paragraph 53 of Plaintiffs' Master Long Form Complaint.

**5.      Defendant's Hair Relaxer Products Contain Harmful, Toxic and Carcinogenic Ingredients**

54.     JPMS denies the allegations contained in Paragraph 54 of Plaintiffs' Master Long Form Complaint.

55.     JPMS denies the allegations contained in Paragraph 55 of Plaintiffs' Master Long Form Complaint.

56.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 56.

57.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 57.

58.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 58.

59.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 59.

60.     JPMS denies the allegations contained in Paragraph 60 of Plaintiffs' Master Long Form Complaint.

61.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 61.

62.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 62.

63.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 63.

64.     Paragraph 64 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 64 contains factual allegations directed against JPMS, JPMS denies those allegations.

65.     Paragraph 65 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 65 contains factual allegations directed against JPMS, JPMS denies those allegations.

**B.     Scientific Studies Confirm – Hair Relaxer Products Cause Uterine and Ovarian Cancer**

### 1.     Uterine Cancer

66.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 66.

67.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 67.

68.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 68.

69.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 69.

70.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 70.

71.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 71.

72.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 72.

## 2. Ovarian Cancer

73. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 73.

74. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 74.

75. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 75.

76. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 76.

77. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 77.

78. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 78.

79. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 79.

80.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 80.

81.     JPMS denies the allegations contained in Paragraph 81 of Plaintiffs' Master Long Form Complaint.

### C.     Regulatory Framework

82.     Paragraph 82 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 82 contains factual allegations directed against JPMS, JPMS denies those allegations.

83.     Paragraph 83 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 83 contains factual allegations directed against JPMS, JPMS denies those allegations.

84.     Paragraph 84 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 84 contains factual allegations directed against JPMS, JPMS denies those allegations.

85.     Paragraph 85 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 85 contains factual allegations directed against JPMS, JPMS denies those allegations.

86.     Paragraph 86 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 86 contains factual allegations directed against JPMS, JPMS denies those allegations.

87.     Paragraph 87 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 87 contains factual allegations directed against JPMS, JPMS denies those allegations.

88.     Paragraph 88 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 88 contains factual allegations directed against JPMS, JPMS denies those allegations.

89.     Paragraph 89 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 89 contains factual allegations directed against JPMS, JPMS denies those allegations.

90.     Paragraph 90 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 90 contains factual allegations directed against JPMS, JPMS denies those allegations.

91.     Paragraph 91 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 91 contains factual allegations directed against JPMS, JPMS denies those allegations.

92.     Paragraph 92 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 92 contains factual allegations directed against JPMS, JPMS denies those allegations.

93.     Paragraph 93 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 93 contains factual allegations directed against JPMS, JPMS denies those allegations.

94.     Paragraph 94 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 94 contains factual allegations directed against JPMS, JPMS denies those allegations.

95.     JPMS denies the allegations contained in Paragraph 95 of Plaintiffs' Master Long Form Complaint, including in subparagraphs a through d.

96.     JPMS denies the allegations contained in Paragraph 96 of Plaintiffs' Master Long Form Complaint.

97.     JPMS denies the allegations contained in Paragraph 97 of Plaintiffs' Master Long Form Complaint.

98.     JPMS denies the allegations contained in Paragraph 98 of Plaintiffs' Master Long Form Complaint.

99.     To the extent that Paragraph 99, including subparagraphs a through d of Plaintiffs' Master Long Form Complaint, contains factual allegations directed against JPMS, JPMS denies those allegations.

## CAUSES OF ACTION

### First Cause of Action
### Negligence and/or Gross Negligence

100.     JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 99 in response to Paragraph 100 of Plaintiffs' Master Long Form Complaint.

101.     Paragraph 101 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 101 contains factual allegations directed against JPMS, JPMS denies those allegations.

102.     Paragraph 102 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 102 contains factual allegations directed against JPMS, JPMS denies those allegations.

103.     Paragraph 103 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied.  To the extent that Paragraph 103 contains factual allegations directed against JPMS, JPMS denies those allegations.

104.     JPMS denies the allegations contained in Paragraph 104 of Plaintiffs' Master Long Form Complaint.

105.     JPMS denies the allegations contained in Paragraph 105 of Plaintiffs' Master Long Form Complaint.

106.     JPMS denies the allegations contained in Paragraph 106 of Plaintiffs' Master Long Form Complaint, including subparagraphs a through j.

107.     JPMS denies the allegations contained in Paragraph 107 of Plaintiffs' Master Long Form Complaint.

108.     JPMS denies the allegations contained in Paragraph 108 of Plaintiffs' Master Long Form Complaint.

109.     JPMS denies the allegations contained in Paragraph 109 of Plaintiffs' Master Long Form Complaint.

110.     JPMS denies the allegations contained in Paragraph 110 of Plaintiffs' Master Long Form Complaint.

111.     JPMS denies the allegations contained in Paragraph 111 of Plaintiffs' Master Long Form Complaint.

112. JPMS denies the allegations contained in Paragraph 112 of Plaintiffs' Master Long Form Complaint.

113. JPMS denies the allegations contained in Paragraph 113 of Plaintiffs' Master Long Form Complaint.

114. JPMS denies the allegations contained in Paragraph 114 of Plaintiffs' Master Long Form Complaint.

## Second Cause of Action
## Negligence *Per Se*

115. JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 114 in response to Paragraph 115 of Plaintiffs' Master Long Form Complaint.

116. Paragraph 116 of Plaintiffs' Master Long Form Complaint is a legal conclusion that requires no response; thus, the conclusions are denied. To the extent that Paragraph 116 contains factual allegations directed against JPMS, JPMS denies those allegations.

117. JPMS denies the allegations contained in Paragraph 117 of Plaintiffs' Master Long Form Complaint, including subparagraphs a through d.

118. JPMS denies the allegations contained in Paragraph 118 of Plaintiffs' Master Long Form Complaint.

119. JPMS denies the allegations contained in Paragraph 119 of Plaintiffs' Master Long Form Complaint.

120. JPMS denies the allegations contained in Paragraph 120 of Plaintiffs' Master Long Form Complaint.

121. JPMS denies the allegations contained in Paragraph 121 of Plaintiffs' Master Long Form Complaint.

## Third Cause of Action
## Strict Liability: Design Defect

122.    JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 121 in response to Paragraph 122 of Plaintiffs' Master Long Form Complaint.

123.    JPMS admits that it sold hair relaxer products to third parties. JPMS denies any remaining allegations in Paragraph 123 of Plaintiffs' Master Long Form Complaint.

124.    JPMS denies the allegations contained in Paragraph 124 of Plaintiffs' Master Long Form Complaint.

125.    JPMS denies the allegations contained in Paragraph 125 of Plaintiffs' Master Long Form Complaint.

126.    JPMS denies the allegations contained in Paragraph 126 of Plaintiffs' Master Long Form Complaint.

127.    JPMS denies the allegations contained in Paragraph 127 of Plaintiffs' Master Long Form Complaint.

128.    JPMS denies the allegations contained in Paragraph 128 of Plaintiffs' Master Long Form Complaint.

129.    JPMS denies the allegations contained in Paragraph 129 of Plaintiffs' Master Long Form Complaint.

130.    JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 130.

131.    JPMS denies the allegations contained in Paragraph 131 of Plaintiffs' Master Long Form Complaint.

132.     JPMS denies the allegations contained in Paragraph 132 of Plaintiffs' Master Long Form Complaint.

133.     JPMS denies the allegations contained in Paragraph 133 of Plaintiffs' Master Long Form Complaint.

134.     JPMS denies the allegations contained in Paragraph 134 of Plaintiffs' Master Long Form Complaint.

135.     JPMS denies the allegations contained in Paragraph 135 of Plaintiffs' Master Long Form Complaint.

## Fourth Cause of Action
### Strict Liability: Failure to Warn

136.     JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 135 in response to Paragraph 136 of Plaintiffs' Master Long Form Complaint.

137.     JPMS admits that it sold hair relaxer products to third parties.  JPMS denies any remaining allegations in Paragraph 137 of Plaintiffs' Master Long Form Complaint.

138.     JPMS denies the allegations contained in Paragraph 138 of Plaintiffs' Master Long Form Complaint.

139.     JPMS denies the allegations contained in Paragraph 139 of Plaintiffs' Master Long Form Complaint.

140.     JPMS denies the allegations contained in Paragraph 140 of Plaintiffs' Master Long Form Complaint.

141.     JPMS denies the allegations contained in Paragraph 141 of Plaintiffs' Master Long Form Complaint.

142.     JPMS denies the allegations contained in Paragraph 142 of Plaintiffs' Master Long Form Complaint.

143.     JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 143.

144.     JPMS denies the allegations contained in Paragraph 144 of Plaintiffs' Master Long Form Complaint.

145.     JPMS denies the allegations contained in Paragraph 145 of Plaintiffs' Master Long Form Complaint.

**Fifth Cause of Action**
**<u>Breach of Implied Warranty of Merchantability/Fitness for Particular Use</u>**

146.     JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 145 in response to Paragraph 146 of Plaintiffs' Master Long Form Complaint.

147.     JPMS admits that it sold hair relaxer products to third parties.  JPMS denies any remaining allegations in Paragraph 147 of Plaintiffs' Master Long Form Complaint.

148.     JPMS denies the allegations contained in Paragraph 148 of Plaintiffs' Master Long Form Complaint.

149.     JPMS denies the allegations contained in Paragraph 149 of Plaintiffs' Master Long Form Complaint.

150.     JPMS denies the allegations contained in Paragraph 150 of Plaintiffs' Master Long Form Complaint.

151.     JPMS denies the allegations contained in Paragraph 151 of Plaintiffs' Master Long Form Complaint.

152.    JPMS denies the allegations contained in Paragraph 152 of Plaintiffs' Master Long Form Complaint.

153.    JPMS denies the allegations contained in Paragraph 153 of Plaintiffs' Master Long Form Complaint.

154.    JPMS denies the allegations contained in Paragraph 154 of Plaintiffs' Master Long Form Complaint.

155.    JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 155.

156.    JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 156.

157.    JPMS denies the allegations contained in Paragraph 157 of Plaintiffs' Master Long Form Complaint.

158.    JPMS denies the allegations contained in Paragraph 158 of Plaintiffs' Master Long Form Complaint.

159.    JPMS denies the allegations contained in Paragraph 159 of Plaintiffs' Master Long Form Complaint, including subparagraphs a through ddd.

160.    JPMS denies the allegations contained in Paragraph 160 of Plaintiffs' Master Long Form Complaint.

161.    JPMS denies the allegations contained in Paragraph 161 of Plaintiffs' Master Long Form Complaint.

162.     JPMS denies the allegations contained in Paragraph 162 of Plaintiffs' Master Long Form Complaint.

163.     JPMS denies the allegations contained in Paragraph 163 of Plaintiffs' Master Long Form Complaint.

164.     JPMS denies the allegations contained in Paragraph 164 of Plaintiffs' Master Long Form Complaint.

165.     JPMS denies the allegations contained in Paragraph 165 of Plaintiffs' Master Long Form Complaint.

166.     JPMS denies the allegations contained in Paragraph 166 of Plaintiffs' Master Long Form Complaint.

**Sixth Cause of Action**
**Breach of Express Warranty Under State Law and the Magnuson-Moss Warranty Act,**
**15 U.S.C. §§ 2301 *et seq*.**

167.     JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 166 in response to Paragraph 167 of Plaintiffs' Master Long Form Complaint.

168.     JPMS admits that it sold hair relaxer products to third parties.  JPMS denies all remaining allegations in Paragraph 168 of Plaintiffs' Master Long Form Complaint.

169.     JPMS denies the allegations contained in Paragraph 169 of Plaintiffs' Master Long Form Complaint.

170.     JPMS denies the allegations contained in Paragraph 170 of Plaintiffs' Master Long Form Complaint.

171.     JPMS denies the allegations contained in Paragraph 171 of Plaintiffs' Master Long Form Complaint.

172.    JPMS denies the allegations contained in Paragraph 172 of Plaintiffs' Master Long Form Complaint.

173.    JPMS denies the allegations contained in Paragraph 173 of Plaintiffs' Master Long Form Complaint.

174.    JPMS denies the allegations contained in Paragraph 174 of Plaintiffs' Master Long Form Complaint.

175.    JPMS denies the allegations contained in Paragraph 175 of Plaintiffs' Master Long Form Complaint.

176.    JPMS denies the allegations contained in Paragraph 176 of Plaintiffs' Master Long Form Complaint.

177.    JPMS denies the allegations contained in Paragraph 177 of Plaintiffs' Master Long Form Complaint.

178.    JPMS denies the allegations contained in Paragraph 178 of Plaintiffs' Master Long Form Complaint.

179.    JPMS denies the allegations contained in Paragraph 179 of Plaintiffs' Master Long Form Complaint.

180.    JPMS denies the allegations contained in Paragraph 180 of Plaintiffs' Master Long Form Complaint.

181.    JPMS denies the allegations contained in Paragraph 181 of Plaintiffs' Master Long Form Complaint.

182.    JPMS denies the allegations contained in Paragraph 182 of Plaintiffs' Master Long Form Complaint.

183.    JPMS denies the allegations contained in Paragraph 183 of Plaintiffs' Master Long Form Complaint.

184.    JPMS denies the allegations contained in Paragraph 184 of Plaintiffs' Master Long Form Complaint.

185.    JPMS denies the allegations contained in Paragraph 185 of Plaintiffs' Master Long Form Complaint.

186.    JPMS denies the allegations contained in Paragraph 186 of Plaintiffs' Master Long Form Complaint.

## Seventh Cause of Action
### U.S. State and Territory Statutory Consumer Protection and Unfair or Deceptive Trade Practices Claims

187.    JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 186 in response to Paragraph 187 of Plaintiffs' Master Long Form Complaint.

188.    JPMS denies the allegations contained in Paragraph 188 of Plaintiffs' Master Long Form Complaint.

189.    JPMS denies the allegations contained in Paragraph 189 of Plaintiffs' Master Long Form Complaint.

190.    JPMS denies the allegations contained in Paragraph 190 of Plaintiffs' Master Long Form Complaint.

191.    JPMS denies the allegations contained in Paragraph 191 of Plaintiffs' Master Long Form Complaint.

192.    JPMS denies the allegations contained in Paragraph 192 of Plaintiffs' Master Long Form Complaint.

193. JPMS denies the allegations contained in Paragraph 193 of Plaintiffs' Master Long Form Complaint.

194. JPMS denies the allegations contained in Paragraph 194 of Plaintiffs' Master Long Form Complaint.

195. JPMS denies the allegations contained in Paragraph 195 of Plaintiffs' Master Long Form Complaint.

196. JPMS denies the allegations contained in Paragraph 196 of Plaintiffs' Master Long Form Complaint.

197. JPMS denies the allegations contained in Paragraph 197 of Plaintiffs' Master Long Form Complaint.

198. JPMS denies the allegations contained in Paragraph 198 of Plaintiffs' Master Long Form Complaint.

### Eighth Cause of Action
### Unjust Enrichment

199. JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 198 in response to Paragraph 199 of Plaintiffs' Master Long Form Complaint.

200. JPMS denies the allegations contained in Paragraph 200 of Plaintiffs' Master Long Form Complaint.

201. JPMS denies the allegations contained in Paragraph 201 of Plaintiffs' Master Long Form Complaint.

202. JPMS denies the allegations contained in Paragraph 202 of Plaintiffs' Master Long Form Complaint.

203. JPMS denies the allegations contained in Paragraph 203 of Plaintiffs' Master Long Form Complaint.

204. JPMS denies the allegations contained in Paragraph 204 of Plaintiffs' Master Long Form Complaint.

205. JPMS denies the allegations contained in Paragraph 205 of Plaintiffs' Master Long Form Complaint.

**Ninth Cause of Action**
**<u>Wrongful Death</u>**

206. JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 205 in response to Paragraph 206 of Plaintiffs' Master Long Form Complaint.

207. JPMS denies the allegations contained in Paragraph 207 of Plaintiffs' Master Long Form Complaint.

208. JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 208.

209. JPMS denies the allegations contained in Paragraph 209 of Plaintiffs' Master Long Form Complaint.

210. Plaintiffs' Master Long Form Complaint speaks for itself. To the extent that Paragraph 210 contains factual allegations directed against JPMS, JPMS denies those allegations.

211. Plaintiffs' Master Long Form Complaint speaks for itself. To the extent that Paragraph 211 contains factual allegations directed against JPMS, JPMS denies those allegations.

212.    JPMS denies the allegations contained in Paragraph 212 of Plaintiffs' Master Long Form Complaint.

## Tenth Cause of Action
### Survival Action

213.    JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 212 in response to Paragraph 213 of Plaintiffs' Master Long Form Complaint.

214.    JPMS denies the allegations contained in Paragraph 214 of Plaintiffs' Master Long Form Complaint.

215.    JPMS denies the allegations contained in Paragraph 215 of Plaintiffs' Master Long Form Complaint.

216.    Plaintiffs' Master Long Form Complaint speaks for itself.  To the extent that Paragraph 216 contains factual allegations directed against JPMS, JPMS denies those allegations.

217.    Plaintiffs' Master Long Form Complaint speaks for itself.  To the extent that Paragraph 217 contains factual allegations directed against JPMS, JPMS denies those allegations.

218.    JPMS denies the allegations contained in Paragraph 218 of Plaintiffs' Master Long Form Complaint.

## Eleventh Cause of Action
### Loss of Consortium

219.    JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 218 in response to Paragraph 219 of Plaintiffs' Master Long Form Complaint.

220.    JPMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 220 of Plaintiffs' Master Long Form Complaint and, therefore, denies any allegations in Paragraph 220.

221.    JPMS denies the allegations contained in Paragraph 221 of Plaintiffs' Master Long Form Complaint.

222.    JPMS denies the allegations contained in Paragraph 222 of Plaintiffs' Master Long Form Complaint.

223.    Plaintiffs' Master Long Form Complaint speaks for itself. To the extent that Paragraph 223 contains factual allegations directed against JPMS, JPMS denies those allegations.

224.    JPMS denies the allegations contained in Paragraph 224 of Plaintiffs' Master Long Form Complaint.

225.    JPMS denies the allegations contained in Paragraph 225 of Plaintiffs' Master Long Form Complaint.

226.    JPMS denies the allegations contained in Paragraph 226 of Plaintiffs' Master Long Form Complaint.

## Twelfth Cause of Action
### Punitive Damages

227.    JPMS incorporates by reference its response in all preceding paragraphs including Paragraphs 1 through 226 in response to Paragraph 227 of Plaintiffs' Master Long Form Complaint.

228.    JPMS denies the allegations contained in Paragraph 228 of Plaintiffs' Master Long Form Complaint.

229.    JPMS denies the allegations contained in Paragraph 229 of Plaintiffs' Master Long Form Complaint.

230.    JPMS denies the allegations contained in Paragraph 230 of Plaintiffs' Master Long Form Complaint, including subparagraphs a through f.

## **GENERAL DENIAL**

Any allegation not specifically admitted in this Answer to Plaintiffs' Master Long Form Complaint is denied.

To the extent that Plaintiffs have incorporated any allegations from any other pleading and/or included any allegations in a footnote, all such allegations are denied.

JPMS denies that any of the studies, articles, documents, quotes, publications, articles, press releases, historical depictions or descriptions, and photographs/pictures included or mentioned in the Master Long Form Complaint are accurate, scientifically based, authentic, admissible at any trial, or relevant in any way to Plaintiffs' claims. By responding to such allegations, JPMS does not waive any objections as to authenticity, relevancy and/or admissibility.

JPMS demands that each individual Plaintiff be required to prove their individual claim against JPMS in accordance with applicable federal law and/or the law of the state or territory whose law is determined to apply at any trial.

JPMS further denies that Plaintiffs are entitled to any of the relief and/or damages requested or sought, whether in the Master Long Form Complaint or in any Short Form Complaint, including but not limited to compensatory damages, economic damages, equitable relief, punitive damages, exemplary damages, statutory damages, survival (act) damages,

wrongful death (act) damages, loss of consortium, pre-judgment interest, post-judgment interest, costs, and/or attorneys' fees.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), JPMS hereby demands a trial by jury on all the triable issues.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent that a response is required, the prayer for relief should be denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof other than that imposed by operation of law, JPMS asserts the following affirmative defenses to the allegations and claims in Plaintiffs' Master Long Form Complaint. JPMS reserves the right to raise and/or assert any and all additional affirmative defenses that may become known through the course of discovery or otherwise arise during the course of this litigation and reserves the right to further amend this Answer to assert such additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

JPMS hereby incorporates by reference each and every separate defense set forth in each co-defendant's Answer.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Master Long Form Complaint fails to state a claim against JPMS upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and/or repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of estoppel, payment and release, laches, unclean hands, and/or statutory and regulatory compliance.

## FIFTH AFFIRMATIVE DEFENSE

The conduct of the Plaintiffs is the sole proximate cause or proximate contributing cause of the injuries and damages complained of. Plaintiffs' own negligent acts decrease or diminish any liability that could be assessed against JPMS. In these circumstances, Plaintiffs' recovery, if any, should be limited or barred.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered damages as a result of the allegations set forth in the Master Long Form Complaint, then those damages were not sustained by reason of the conduct of JPMS, but were the result of intervening or superseding acts or omissions of others, including the manufacturers of the products in question who had the most knowledge of, among other things, the component parts of the hair relaxers and/or the chemicals used in the hair relaxers they manufactured. JPMS cannot be held liable for the acts or omissions of others.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or reduced by Plaintiffs and/or some other Third Party's comparative and/or contributory negligence and/or comparative and/or contributory fault.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, with knowledge in appreciating the manner in which the products were to be used, misused the products distributed by JPMS. The Plaintiffs' recovery, if any, should be limited or barred.

## NINTH AFFIRMATIVE DEFENSE

JPMS's products, as alleged in this Master Long Form Complaint or in any Short Form Complaint, conformed with the state of the art and complied with all applicable codes, standards, regulations, and specifications adopted, promulgated, or approved by the United States and applicable state or territorial laws.

## TENTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by the Plaintiffs were due to Plaintiffs' own negligent, careless, reckless, and grossly negligent acts or omissions, which combined and concurred with any alleged negligence on the part of this Defendant to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred. Each Plaintiff was negligent in, among other acts, his or her application of hair-relaxer products, his or her investigation of the risks, his or her research into risks and hazards of the use of hair-relaxer products, and/or his or her misuse or overuse of the products.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages as required under applicable state law; thus, Plaintiffs' recovery, if any, should be limited or barred.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Master Long Form Complaint fails to state a claim for punitive damages. Further, any request for or award of punitive damages is violative of the United States Constitution, the Constitution and/or laws of the State of Illinois, and/or the Constitution and/or

laws of any state or territory whose laws are deemed to apply. In addition, the law governing punitive damages provides inadequate procedural protections against the erroneous or arbitrary award of such damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action for punitive damages are barred because an award of punitive or exemplary damages against Defendant based on the conduct alleged in Plaintiffs' Master Long Form Complaint would violate the due-process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and the excessive fines clause of the Eighth Amendment to the Constitution of the United States. Additionally, any such award would be in violation of the equal protection clauses of the United States Constitution and the provisions of any applicable state or territorial law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Defendant should be entitled to a set-off for the total of all amounts paid to or received by a Plaintiff from all collateral sources or other defendants should JPMS be held liable to a Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Master Long Form Complaint fails to join all manufacturers, distributors, retailers, sellers, and/or necessary parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The alleged injuries, losses, damages, and expenses were the sole, direct and proximate result of preexisting conditions, genetic conditions, or medical conditions or causes of Plaintiffs for which JPMS cannot be liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Master Long Form Complaint is barred, as each Plaintiff is a sophisticated user of the alleged product(s); thus, he or she knew or should have known any of the alleged inherent risks.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that each Plaintiff has incurred the injuries or damages alleged in the Master Long Form Complaint or in any Short Form Complaint, his or her claims are barred and/or reduced because users of hair relaxer products were fully advised and informed of the risk of such use and the hazards involved, after which Plaintiffs expressed knowledge, understanding, and/or consent to use the products.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because they are not ripe or have become moot.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against JPMS do not arise out of the same transaction, occurrence, or series of transactions or occurrences as are required for joinder of parties. Plaintiffs must, but have not, connected any of JPMS's alleged sales, marketing, or distribution activities to those of other defendants. Accordingly, the Court should sever or dismiss Plaintiffs' claims against JPMS.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Each and every Count of Plaintiffs' Master Long Form Complaint, to the extent that the Count pertains to the manufacture, use and/or sale of regulated products, is subject to the jurisdiction of the Federal Food Drug and Cosmetic Act ("FDCA"), Fair Packaging and Labeling Act ("FPLA") or under the primary jurisdiction of any and all other federal departments or regulatory agencies.

<strong>TWENTY-THIRD AFFIRMATIVE DEFENSE</strong>

Plaintiffs' Master Long Form Complaint, and each claim for relief alleged therein, are barred because the benefits of the alleged products' design outweigh any alleged inherent risk.

<strong>TWENTY-FOURTH AFFIRMATIVE DEFENSE</strong>

Use of any product(s) related to JPMS was not the cause or cause in fact of Plaintiffs' alleged injuries and/or damages.

<strong>TWENTY-FIFTH AFFIRMATIVE DEFENSE</strong>

The injuries, if any, for which Plaintiffs seek to recover damages resulted from Plaintiffs' preexisting illnesses or conditions and were not determinable or foreseeable by JPMS. All injuries and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiffs' preexisting injuries and conditions.

<strong>TWENTY-SIXTH AFFIRMATIVE DEFENSE</strong>

Plaintiffs' claims are barred by the Federal Preemption Doctrine.

<strong>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</strong>

Plaintiffs failed and/or neglected to exercise ordinary care for their own personal safety and/or welfare, including but not limited to in properly using any products and/or in seeking medical care, which was the proximate cause of the injuries and damages alleged.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

JPMS's liability, if any, will not result from its conduct (or conduct properly attributable to JPMS) but is solely the result of the actions of others, including but not limited to other defendants in this action, and, thus, JPMS is entitled to complete indemnity, express or implied, from other defendants and/or from third parties who have not been named as defendants by Plaintiffs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any alleged representations or statements to have been supposedly made by JPMS were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful. Facts showing good-faith and reasonable belief in the accuracy of such representations or statements (or representations or statements properly attributable to JPMS) include, but are not limited to, JPMS's good-faith reliance on and interpretation of clinical data, medical literature, and guidance for product communications published by FDA. JPMS's good-faith and reasonable belief should be considered as a mitigating factor relevant to the relief, if any, granted in this action.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent that that any Plaintiff recovers damages, those damages are subject to any economic and/or non-economic damage limitations or caps as set forth in any applicable federal, state or territorial law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

JPMS is entitled to the application of any federal, state or territorial laws that allow for several liability in certain circumstances, including a limitation on liability when a party is found

to be less than a certain percentage at fault. In addition, Plaintiffs cannot seek to impose joint and several liability or joint liability in those states and/or territories that do not recognize such legal theories.

**THIRTY-SECOND DEFENSE**

If Plaintiffs are found to have been exposed to a product distributed by JPMS, then such exposure was *de minimis* and not the legal or proximate cause of Plaintiffs' injuries.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' claims are based on any statements made by JPMS, those statements are protected by the First Amendment to the United States Constitution and any similar state or territorial law, thereby barring Plaintiffs' claims.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The Master Long Form Complaint and Plaintiffs' Short Form Complaint fail to place JPMS on notice of the specific claims being made by Plaintiffs and/or the specific dates, times and locations on which Plaintiffs used products distributed by JPMS and, as such, bar or limit Plaintiffs' claims. The allegations made by Plaintiffs are vague, ambiguous and uncertain such that JPMS is unable to determine the manner and extent of Plaintiffs' use such that JPMS cannot form or develop any defenses to Plaintiffs' claims.

Dated: April 4, 2025

Respectfully submitted,

*/s/ Nancy L. Patterson*

Nancy L. Patterson
nancy.patterson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002

Telephone:    +1.713.890.5000
Facsimile:    +1.713.890.5001

Mark A. Fiore
mark.fiore@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone:    +1.609.919.6600
Facsimile:    +1.877.432.9652

Monica C. Pedroza
monica.pedroza@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL  60606-1511
Telephone:    +1.312.324.1000
Facsimile:    +1.312.324.1001

*Counsel for Defendant John Paul Mitchell Systems*

## CERTIFICATE OF SERVICE

I declare that, on April 4, 2025, I filed the foregoing Answer to Plaintiffs' Master Long Form Complaint using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel.

Respectfully submitted,

*/s/ Nancy L. Patterson*
Nancy L. Patterson
nancy.patterson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002
Telephone:    +1.713.890.5000
Facsimile:    +1.713.890.5001

*Counsel for Defendant John Paul Mitchell Systems*