**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**JOINT STATUS REPORT FOR THE**
**MAY 29, 2025 STATUS CONFERENCE BEFORE**
**THE HONORABLE MARY M. ROWLAND**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint status report in advance of the status conference scheduled for May 29, 2025.

I.    ***Bellwether Update***

Pursuant to CMO 18, the parties submitted the list of thirty-two (32) plaintiffs selected to comprise the Bellwether Trial Pool [ECF 1220]. On May 21, 2025, Defendants served their first sets of plaintiff-specific written discovery (interrogatories and requests for production) on the thirty-two (32) Bellwether plaintiffs. If both sides deem necessary, they may engage in discussions on general issues related to plaintiff-specific written discovery in the Bellwether cases.

**Defense Request:** Defendants request permission from the Court to schedule an interim discovery conference, if necessary, before the June 26, 2025 case management conference, if there are disputes that arise but are unable to be resolved by the parties regarding Bellwether written discovery.

**PSC Response**: The PSC does not think such a need should arise, but of course, should the need arise for an interim conference on any matter, either party can always request a hearing, a conference, or some other relief from the Court as may be necessary or warranted.

II.    ***Science Day***

As discussed with the Court at the April 24, 2025, Case Management Conference, the parties have been working together to draft a proposed Case Management Order regarding the protocol for Science Day. Despite discussions, there remains one area of disagreement, which is identified in the attached draft protocol as Exhibit A. The parties are prepared to discuss this remaining issue with the Court at the May 29, 2025, Case Management Conference, if necessary.

1

III. _**Case Management Report**_

    a. **Status of Negotiations on Refiling Deadline for Dismissed Cases per CMO 9 after June 25, 2025, and SFC and PFS Deadlines for Cases Filed and Served After February 1, 2024**

Since June 25, 2024, the Court has granted dismissals _without_ prejudice of plaintiffs who did not comply with CMO 9 obligations based on their Plaintiff Fact Sheets (PFS) that will convert to a dismissal _with_ prejudice after June 25, 2025. _See_ ECF No. 746. Plaintiffs whose case will appear on the May Court Call List for alleged non-compliance with CMO 9, and those who may appear on future Court Call Lists, will need a deadline later than June 25, 2025 by which they would refile their case before it converts to with prejudice as this is only four weeks following the filing of this JSR in order to continue the existing process. In addition, the Court acknowledged in a prior ruling that a new PFS deadline would be set for cases filed and served after February 1, 2024. [ECF 1019].

In an effort to streamline disputes and assist in the effective management of the docket, the Parties reached the below agreement, which, if approved and entered by the Court, would set a new cycle of deadlines, twice a year, that will accommodate cases being filed on a continuing basis and limit the need to address previously set deadlines with the Court moving forward:

    (1) Cases dismissed per the CMO 9 without prejudice that convert to with prejudice, currently set for June 25, 2025;

    (2) The PFS and Short Form Complaint (SFC) amendment deadline, previously set as February 28, 2025, for cases filed and served by February 1, 2024.

The Parties further tied these deadlines to the same dates to assist with tracking them.

    1. **CMO 9 Refile/Dismissal With Prejudice Conversion Deadline Cycle**

        a. Plaintiffs who are dismissed without prejudice, per CMO 9, after being on a Court Call List in April thru September (_e.g._, April 2025 to September 2025) would have a refile deadline of December 30 that year before their case converts to a dismissal with prejudice.

        b. Plaintiffs who are dismissed without prejudice, per CMO 9, after being on a Court Call List in October thru March (_e.g._, October 2025 to March 2026) would have a refile deadline of June 30 that year before their case converts to a dismissal with prejudice.

2. **PFS/SFC Amendment Deadline Cycle (repeating every six months)**

    a. Plaintiffs who filed/served their cases between February 2, 2024 and December 29, 2024 would have a deadline of December 30, 2025 to amend their SFC and/or PFS.
  - These amendments to SFCs may be made as of right without seeking consent from Defendants or moving for leave to file between October 1, 2025 and December 30, 2025.

    b. Plaintiffs who filed/served their cases between December 30, 2024 and June 29, 2025 would have a deadline of June 30, 2026 to amend their SFC and/or PFS.
  - These amendments to SFCs may be made as of right without seeking consent from Defendants or moving for leave to file between April 1, 2026 and June 30, 2026.

    The Parties intend to jointly file a proposed case management order in advance of the Case Management Conference and will be prepared to address the joint agreement at that time, if needed.

b. **Status of Compliance with Amended CMO 10 and Order to Show Cause**

On March 17, 2025, Defendants moved for an Order to Show Cause relating to certain identified Plaintiffs' non-compliance with Amended CMO 10 ("OSC"). ECF No. 1135. In response to Defendants' OSC, on March 28, 2025, the Court ordered 89 Plaintiffs to "upload Plaintiff's information (name, DOB, address, SSN even a partial SSN) and a certification of good faith efforts to comply with Amended CMO 10 on MDL Centrality by 4/11/25." ECF No. 1152. All Plaintiffs subject to the Court's March 28, 2025 Order have now complied.

After filing the OSC in mid-March, Defendants identified several additional Plaintiffs' who are not in compliance with Amended CMO 10. Defendants could not identify these Plaintiffs because they provided "placeholder" Social Security Numbers ("SSN") (e.g., using 1s as placeholders in lieu of the first five digits: 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; using "1234" as placeholders in lieu of the last four digits: 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; using repeated numbers in lieu of any real digits: 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 or 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). Plaintiffs assert this was due to the limitations with MDL Centrality that would not allow for submission of a form that had any blank fields. Since alerting Plaintiffs' Leadership to this issue in early April, the vast majority of Plaintiffs' counsel have agreed to provide the correct (non-place-holder) SSNs or, for inactive Plaintiffs, provide a certification consistent with ECF No. 1152. According to the MDL Centrality reports No. 1237 and No. 1209, both dated May 22, 2025, one (1) identified Plaintiff, identified in attached Exhibit B, remains non-compliant with Amended CMO 10.

**c. Case Refile and Reinstatement Process under CMO 16**

The Parties note that the Court has granted motions for reinstatement before the Parties could carry out the process outlined under Case Management Order 16 and respectfully request that the Court allow them until the 30th of each month to assess these cases before the Court rules on such motions.

On March 28, 2025, the Court entered CMO 16. [Dkt. 1151]. CMO 16 provides a process for how a plaintiff may reinstate or refile her case after being dismissed without prejudice. Under CMO 16, Plaintiffs moving for reinstatement or refiling must provide Plaintiffs' PFS Liaison Counsel with a copy of the Motion, newly filed Complaint, and, if dismissed pursuant to the Court's Order Granting in Part Plaintiff's Motion to Dismiss Non-Ovarian, Uterine, or Endometrial Cancer Cases Without Prejudice [ECF 946], proof of date of diagnosis of one of those cancers. CMO 16 at 2. Plaintiffs' Liaison Counsel is then to provide Defendants and BrownGreer with a list of Plaintiffs who moved for reinstatement or refiled their matters by the 15th of each month. *Id*. This is to provide Defendants with the opportunity to oppose reinstatement or refiling if Defendants believe a case should not be reinstated or was not properly refiled pursuant to the Court's orders. The Parties then file a joint report with the Court on the 30th of each month, which will provide the Court notice of any issues with a motion for reinstatement or objections to refiling, as well as a list of related cases that the Parties are aware of. *Id*.

The Parties will be prepared to discuss this issue at the May Case Management Conference, if necessary.

IV. ***"Second-Wave" Defendants***

a. **Discovery Status:** On April 24, 2025, the PSC served Dudley Beauty with 8 Sets of Interrogatories and 7 Sets of Requests for Production. The PSC and Dudley Beauty have engaged in a productive meet and confer regarding a discovery schedule for responses to these discovery requests. As a result of this discussion, the parties have agreed to the following schedule of deadlines for objections and responses to the newly propounded discovery sets:

| Interrogatory Set | Deadline |
|---|---|
| Set 1 & 2 - Initial Sets | June 21, 2025 |
| Set 4 - Communications/Hair Relaxer Related Litigation | July 21, 2024 |
| Set 7 - Regulatory, Post Market Surveillance | August 21, 2025 |
| Set 3 - Agreements & Manufacturing | September 21, 2025 |
| Set 5 - Marketing | October 21, 2025 |
| Set 6 - Product Design, Development, Studies and Testing | November 20, 2025 |
| Set 8 - Sales | December 19, 2025 |

| RFP Set | Deadline |
|---|---|
| Set 1 - Initial Set | June 21, 2025 |
| Set 3 - Communications/Hair Relaxer Related Litigation | July 21, 2025 |
| Set 6 - Regulatory, Post Market Surveillance | August 21, 2025 |
| Set 2 - Agreements & Manufacturing | September 21, 2025 |
| Set 4 – Marketing | October 21, 2025 |
| Set 5 - Product Design, Development, Studies and Testing | November 20, 2025 |
| Set 7 – Sales | December 19, 2025 |

    b. **Roux Laboratories**: Roux Laboratories was served with multiple sets of discovery in 2024. Currently fully briefed and pending before Special Master Grossman is Roux's request that it be relieved of the requirement to file objections and responses to these discovery requests and that it be allowed to rely on the responses and documents produced by Revlon, which responses are relevant to and include documents related to Roux.

V. ***Class Action Briefing Schedule***

**Plaintiffs' Position:** Plaintiffs believe that a full briefing schedule on Class Certification is warranted. To require only the Plaintiffs to file their motion, with all the supporting materials and expert reports that may be necessary, without any corresponding obligation on the defense to substantively respond, conduct discovery, or otherwise move the class action forward toward resolution, is inconsistent with what the Court discussed at the last status conference, common sense, and FRCP Rule 1.[1] As part of the meet and confer process, Plaintiffs suggested a full briefing schedule as follows:

1. Plaintiffs shall file their class certification motion and disclose their supporting expert opinions by February 12, 2026;
2. Defendants shall file their opposition to Plaintiffs' class certification motion and disclose their supporting expert opinions by April 13, 2026; and
3. Plaintiffs shall file their reply in support of their class certification motion and disclose any rebuttal expert opinions by June 12, 2026.

Defendants agreed to the February 12, 2026 date but refused all other dates and again resorted to their position that only the Plaintiffs should file anything at this time. Plaintiffs reject that notion and while they are more than willing to move dates around to accommodate the Defendants' requests, they are not willing to simply agree to a completely one-sided schedule.

---

[1] Defendants' request for a one-sided briefing schedule runs counter to this Court's typical practice of setting a schedule for all class certification briefing. *See Hayes v. Kraft Heinz Co.*, No. 1:23-cv-16596, ECF No. 45 (N.D. Ill. Nov. 26, 2024); *Jackson v. Walgreen Pharmacy Servs. Midwest, LLC*, No. 1:24-cv-04178, ECF No. 16 (N.D. Ill. July 30, 2024); *Calderon v. Procter & Gamble Co.*, No. 1:22-cv-03326, ECF No. 56 (N.D. Ill. Aug. 1, 2023); *Shulfruff Dental, Inc. v. Trojan Prof. Servs., Inc.*, No. 1:22-cv-06766, ECF No. 21 (N.D. Ill. June 6, 2023); *Bartosiake v. Bimbo Bakeries USA, Inc.*, No. 1:21-cv-04495, ECF No. 22 (N.D. Ill. May 24, 2022).

**Defendants' Position:**  Defendants agreed to Plaintiffs' proposal that their Motion for Class Certification be filed on February 12, 2026.  Defendants believe that it would be premature to set the remainder of the briefing schedule for the Class Certification Motion at this time, as the parties do not yet know the number of putative class representatives and experts that will need to be deposed in connection with the briefing.  This Court acknowledged that any briefing schedule would "have to incorporate [the parties] doing discovery." (Dkt. No. 1201 at 40:10-18.)  It is simply unclear at this juncture how much time the parties will require to conduct that discovery.  (*See id.* at 51:11-23 ("[Plaintiffs a]re going to be given time to brief the class certification.  This is an important motion for them.  They might need other experts . . . .  They're going to have time for all that.  And you're going to have time to respond.").)  As such, Defendants propose that the parties meet and confer regarding a briefing schedule after the Motion is filed, and provide an update to the Court in the first Joint Status Report due after the Motion is filed.

VI.    ***Status of Pending Briefs/Motions/Orders***

    a.  **Objections to Magistrate Judge Jantz's January 31, 2025 Minute Entry**: As discussed at the February 13, 2025 Case Management Conference and memorialized in the February 24, 2025 Minute Entry, Defendants filed their objections to an order entered by Magistrate Judge Jantz regarding the necessity of raising admissibility objections during depositions [ECF 1085]. Plaintiffs filed their response on February 28, 2025 [ECF 1110]. Defendants filed their Reply on March 7, 2025 [ECF 1124].

    b.  **NIH Motion to Compel**: On January 24, 2025, Revlon filed a motion to compel the production of documents from the National Institutes of Health [ECF No. 1034]. Following the February Case Management Conference, a briefing schedule was set [ECF 1081] and extensions were then granted [ECF 1106, 1137, and 1162]. The NIH filed their response to the motion to compel on April 22, 2025 [ECF 1185] and Revlon's reply was filed May 13, 2025 [ECF 1224].

Dated: May 22, 2025

**FOR PLAINTIFFS:**

Respectfully Submitted,

/s/Edward A. Wallace
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
T: (312) 261-6193
E: eaw@wallacemiller.com

*Plaintiffs' Liaison Counsel*

**FOR DEFENDANTS:**

Respectfully Submitted,

/s/Mark C. Goodman
Mark C. Goodman
**BAKER & MCKENZIE LLP**
101 California Street, Ste 4100
San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

*Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
T: (312) 214-7900
E: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
E: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
E: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
E: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

Mark D. Taylor
**BAKER & MCKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
E: mark.taylor@bakermckenzie.com

Colleen Baime
Laura Kelly
**Baker & McKenzie LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
E: colleen.baime@bakermckenzie.com
E: laura.kelly@bakermckenzie.com

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
E: maurice.bellan@bakermckenzie.com
E: teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850 Los
Angeles, CA 90067
T: (310) 201-4703
E: barry.thompson@bakermckenzie.com

*Counsel for Defendant Namasté Laboratories, LLC*

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
**ELLIS GEORGE LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
E: dellis@egcfirm.com
E:kmurray@egcfirm.com
E: spolatoglu@egcfirm.com

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI
LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511

jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
E: psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
E. Dean Harris Porter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
E: Lori.leskin@arnoldporter.com
E: Dean.Porter@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
E: rhonda.trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
E: rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
E:pclyder@mcguirewoods.com
E:rdubiner@mcguirewoods.com

8

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950 Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com

sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Edward P. Abbot
**ECKERT SEAMANS CHERIN & MELLOT, LLC**
275 Madison Avenue 10th Floor
New York, NY 10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Colleen M. Kenney
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
ckenney@sidley.com

Yvette Ostolaza
Amanda Crawford-Steger
Imani Maatuka
**SIDLEY AUSTIN LLP**
2021 McKinney Ave., Ste. 2000
Dallas, TX 75201
T: (214)981-3496
yostolaza@sidley.com
asteger@sidley.com
imaatuka@sidley.com

*Counsel for Defendant Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
T: (786)957-1157
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com
Matthew.Wasserman@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
Matthew.Wasserman@dinsmore.com

Adam Fox
**DINSMORE & SHOHL LLP**
801 Pennsylvania Avenue N.W.
Suite 610
Washington, D.C. 20004
P: (202) 559-3615
F: (202) 372-9141
Adam.Fox@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*

Ashley C. Webber
Emily D. Robinson
**MARSH ATKINSON & BRANTLEY, LLC**
271 17th Street NW
Suite 1600
Atlanta, GA 30363
ashley.webber@mablawfirm.com
emily.robinson@mablawfirm.com

*Counsel for Defendant, Dudley Beauty Corp, LLC*

Daniel L. Stanner
Ashley Crettol Insalaco
Megan E. Ryan
**TABET DIVITO & ROTHSTEIN LLC**
209 S. LaSalle Street, 7th floor
Chicago, IL 60604
Tel: (312) 762-9450
dstanner@tdrlaw.com
ainsalaco@tdrlaw.com
mryan@tdrlaw.com

*Counsel for Defendant RNA Corporation*

Nancy L. Patterson
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002
Telephone: +1.713.890.5000
Facsimile: +1.713.890.5001
nancy.patterson@morganlewis.com

Mark A. Fiore
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.877.432.9652
mark.fiore@morganlewis.com

*Counsel for Defendant John Paul Mitchell Systems, Inc.*

12

Leslie A. Federer, ARDC #6325614
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
191 N. Wacker Drive – Suite 2950
Chicago, Illinois 60606
(312) 767-1314
lfederer@maronmarvel.com

Robert E. Dille (*pro hac vice*)
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
201 St. Charles Ave., Suite 2411
New Orleans, Louisiana 70170
(504) 321-9331
rdille@maronmarvel.com

*Counsel for Defendant Murray's Worldwide, Inc.*