**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>Hon. Beth W. Jantz<br><br>This document relates to: All Cases |

**ORDER**

The Court held a status hearing on May 29, 2025, to discuss the status of discovery and address the various issues raised in the parties' May 22, 2025 Joint Status Report (JSR) (Dkt. 1236) and Plaintiffs' and Defendant Avlon's Update to the Joint Status Report (Dkt. 1238). This Order memorializes the salient aspects of those proceedings, as well as includes additional rulings now made by this Court stemming from that hearing. Plaintiffs' Motion (Dkt. 1217) is GRANTED, but only to the extent discussed below.

The parties shall submit a Joint Status Report on the status of discovery by June 19, 2025. The parties shall appear by video for a status hearing on June 26, 2025, at 10:00 AM (Central), through the link provided in a previous minute order. *See* Dkt. 1249.

**I.  GLOBAL ISSUES**

    **A.  Scheduling of Depositions, and Finalization of the Deposition Protocol**

As noted in a previous minute order, the parties shall finalize and file the final deposition protocol by June 13, 2025. *See* Dkt. 1249. In addition to language reflecting disputes previously resolved by the Court, including Judge Rowland's most recent ruling, *see* Dkt. 1246, the deposition protocol also shall include the following terms:

- For any deposition notice or subpoena issued on or after May 30, 2025, the requesting party shall give the responding party eleven (11) days' notice before issuing a deposition notice or subpoena. Within ten (10) days of receiving a notice or subpoena, the responding party

- must provide three (3) weekday dates for which the requested deponent is available to be deposed. The requesting party shall confirm the final deposition date within five (5) days of receiving the requested deponent's availability. As stated in the deposition protocol, the deposition shall occur between 21 and 45 days of service of the notice or subpoena.

- For any deposition notices or subpoenas issued on or before May 29, 2025, but pending scheduling, the responding party must, by June 13, 2025, provide three (3) weekday dates for which the requested deponent is available to be deposed. The requesting party shall confirm the final deposition date within five (5) days of receiving the requested deponent's availability. In line with the deposition protocol, the available deposition dates provided should be no later than 45 days out from May 29, 2025.

- All deposition notices or subpoenas must be issued by August 1, 2025.

With the exception of the language noted above, the Court will not revisit any further protocol terms. If there are any further disputes on the language of the protocol, the last substantive version controls.

The parties also should include in their June 2025 JSR an updated chart addressing deposition scheduling and taking.

B.     **Control Over Documents in the Custody of Third Parties, including Foreign Regulatory Materials (PIFs)**

The Court has reviewed Plaintiffs' Motion to Compel L'Oreal Defendants to Produce Foreign Regulatory Documents, or Alternatively for Leave to Serve Additional Document Requests (Dkt. 1217), and Defendants' Response Thereto (Dkt. 1228). The Court has also reviewed in their most recent JSR the parties' global positions on the standards for when a party is required to produce responsive documents that are in a third party's custody, including any Product Information Files (PIFs), *see* Dkt. 1236, and considered the parties' arguments at the May 29, 2025 hearing.

First, regardless of whether any of Plaintiffs' previously-issued RFPs squarely call for or contemplate the production of PIFs, which are apparently required by European regulations to be maintained, the Court concludes that PIFs are relevant to the parties' claims and defenses. *See* Fed.

R. Civ. P. 26(b)(1). The Court understands and herein defines the PIFs to be whatever is required to be kept in compliance with European regulations, *but in whatever form* they or their component parts are *actually kept* by each Defendant or their agent(s) (*i.e.*, Defendants do not have to reorganize the information or components in a certain way even if Plaintiffs believe how they're actually kept is not in compliance with European law(s)). The PIFs may demonstrate, for example, (a) the product's composition and ingredients, (b) whether or not certain ingredients in the hair relaxer products may be unsafe, and (c) whether a Defendant had notice or knowledge of that. Indeed, many Defendants have already made such a production. *See, e.g.*, Dkt. 1218 (example of a Cosmetic Product Safety Reports (CPSR), which Defendants represent is one component of PIFs, Dkt. 1228 at 5) (filed under seal). Moreover, production of the PIFs is proportional to the needs of the case and not unduly burdensome, as European regulations already require the Defendant companies to maintain the PIFs and produce them on request. Accordingly, the Court orders any Defendant which has not yet produced the PIFs, as defined by this Order, for their hair products at issue to do so within 30 days of this Order. Plaintiffs' Motion (Dkt. 1217) is granted, to the foregoing extent.[1]

Second, as reflected on the record, *see* May 29, 2025 Hrg. Tr. at 44–45 (Dkt. 1252), the parties generally agree on the legal standard for "control" of documents or information in the custody of third parties. The Court concludes that, given this standard for "control," whether a Defendant has the legal right to obtain documents in the custody of a third party is a fact-specific inquiry that turns on the nature of the documents being requested and the contractual relationship between the Defendant and the third party. Accordingly, as ordered at the May 29 hearing, any

---

[1] Although the Court grants Plaintiffs' Motion, it is ordering Defendants to produce the PIFs, in lieu of alternatively permitting Plaintiffs to serve an additional RFP(s) requesting the PIFs.

Defendant that objects to producing responsive documents in the custody of a third party based on an asserted lack of control shall produce to Plaintiffs the operative contract(s) (if available) or other information supporting their objection within ten (10) days of this Order (unless a different date was provided during that hearing and is now memorialized below). The parties shall meet and confer in advance of the next status hearing in late June to attempt to resolve any remaining issues, including attempting to avoid duplication with any subpoenaed entities. If they cannot resolve their disputes, the parties must raise the dispute with specificity in the June 2025 JSR and/or at the next status hearing. To the extent that the parties still have a dispute over legal burden(s), they should include in that JSR supportive caselaw cites, or relevant cites to prior rulings in this case.

Any third-party document subpoenas must be issued in advance of the next monthly hearing in late June (unless this Court rules otherwise on specific issues/entities at a later date). This is the final deadline on this issue for all parties given that the written discovery closed more than three months ago.

## II.     AVLON INDUSTRIES, INC.

### A.     Production of Custodial Files

Plaintiffs and Defendant Avlon Industries, Inc., reported a dispute in the JSR over Plaintiffs' request that Avlon produce the custodial files of Ali Zaidi, Natalie Hicks, and Dr. Narjis Askar. *See* Dkt. 1236 at 6–10; Dkt. 1238 at 1. The Court refers this issue to Special Master Grossman. The parties shall contact Professor Grossman by June 2, 2025.

### B.     Remaining Issues

Plaintiffs and Avlon also reported various other disputes in the JSR, but Plaintiffs and Avlon helpfully reported in their Update that they no longer seek the Court's intervention as to those remaining issues. Dkt. 1238 at 1. To the extent Plaintiffs and Avlon continue to have a dispute as

4

to PIFs or "technical dossiers submitted to the EU," the parties shall comply with the Court's order above. *See supra* at Section I.B.

### III. BEAUTY BELL ENTERPRISES AND HOUSE OF CHEATHAM, LLC

Plaintiffs and Defendant Beauty Bell Enterprises and House of Cheatham, LLC, reported no outstanding disputes. *See* Dkt. 1236 at 16.

### IV. L'OREAL USA

#### A. Ongoing Work with Special Master Grossman

Plaintiffs and Defendant L'Oreal USA updated the Court on their various disputes in Sections A, C, D, and E of the May 22, 2025 JSR. *See* Dkt. 1236 at 16–19. These disputes remain referred to and managed by Special Master Grossman, and the parties should report in the next JSR on the status of their work with Special Master Grossman and/or whether any of those disputes remain.

#### B. Foreign Regulatory Documents

Plaintiffs and L'Oreal updated the Court on L'Oreal's production of certain foreign regulatory files, including the PIFs required by European regulators. *See* Dkt. 1236 at 16–17. Plaintiffs and L'Oreal shall comply with the Court's order above as to the PIFs/foreign regulatory documents. *See supra* at Section I.B. To the extent that the parties continue to have a dispute on this issue, they may present it in the June 2025 JSR (including proposed timeframes playing off of the completion of review by the appointed European Commissioner, a point on which L'Oreal should inquire of the Commissioner in advance of that JSR).

#### C. L'Oreal's Collection, Review, Logging, and Production of Post-October 2022 Documents

Plaintiffs and L'Oreal reported a dispute as to Plaintiffs' request that L'Oreal produce documents which post-date the October 2022 filing of the complaint. *See* Dkt. 1236 at 19–20. As

5

Plaintiffs made their request to Defendants for what could be potentially voluminous additional searching and production after the close of written document discovery, the Court declines to order L'Oreal to produce those documents generated after the October 2022 filing of the complaint, on both proportionality and timeliness grounds, and as further discussed during the hearing.

### D. Deadline for L'Oreal to Provide Supplemental Interrogatory Responses

At the hearing, Plaintiffs requested a deadline for L'Oreal to provide Plaintiffs with the supplemental interrogatory responses it owes them. L'Oreal shall provide the supplemental interrogatory responses by June 12, 2025.

## V. LUSTER PRODUCTS, INC.

### A. Re-Collection Efforts

Plaintiffs and Defendant Luster Products, Inc., reported a dispute as to the sufficiency of Luster's collection efforts and the manner in which Luster is running its search terms over its collections, and Plaintiffs' request that Luster run ten new search terms over its document collections. *See* Dkt. 1236 at 20–21. Luster argues that Plaintiffs' request is untimely and presents an undue burden. The Court overrules Luster's timeliness objection given the earlier pendency of this dispute, including the referenced Rule 30(b)(6) deposition. The Court refers the remainder of this dispute to Special Master Grossman. As ordered at the hearing, Plaintiffs and Luster shall contact Special Master Grossman by May 30, 2025.

Plaintiffs and Luster also report that they have reached an agreement as to the collection and production of certain text messages. *See* Dkt. 1236 at 21. Per the parties' agreement, *see id.*, rolling productions of this ESI shall begin on June 9, 2025, and conclude by no later than June 23, 2025.

### B. Third Party Vendors and Consultants

Plaintiffs and Luster reported they were at an impasse as to the collection and production of documents from Luster's third-party vendors and custodians. *See* Dkt. 1236 at 22. However, the parties reported at the hearing that Luster had produced the documents, and they presently did not have a dispute to present to the Court.

## VI. MCBRIDE RESEARCH LABORATORIES, INC.

Plaintiffs and Defendant McBride Research Laboratories, Inc., updated the Court on McBride's investigation into whether responsive documents in the custody of third parties have been collected and produced. *See* Dkt. 1236 at 22–23. McBride shall inform Plaintiffs by June 4, 2025, whether it used a third-party vendor or consultant that would have responsive documents. The parties shall meet and confer on production, if necessary, by June 11, 2025.

## VII. NAMASTÉ LABORATORIES, LLC

Plaintiffs and Defendant Namasté Laboratories, LLC, reported a dispute as to whether, or to what extent, Namasté is obligated to search for and produce responsive documents in the custody of its third-party vendors or consultants. *See* Dkt. 1236 at 23. Namasté shall inform Plaintiffs by June 12, 2025, whether its vendor, The Regulatory Company, or any other relevant vendors, possesses documents that are responsive to Plaintiffs' RFPs, and if so, whether Namasté has the legal right or control to obtain those documents, or is objecting that it does not. Namasté must also comply with the order above to that extent it has not done so already. *See supra* at Section I.B. Plaintiffs and Namasté shall meet and confer on these issues by June 18, 2025.

## VIII. REVLON

### A. Production of Custodial Files

Plaintiffs and Defendant Revlon reported a previous dispute as to the sufficiency of Revlon's search for and production of custodial files, including whether Revlon searched for and

produced both ESI and hard-copy materials. *See* Dkt. 1236 at 25–26. However, Revlon confirmed at the May 29 hearing that it has searched for and produced both responsive ESI and hard-copy materials.

### B. Custodial File(s) of Revlon's Deponent

Plaintiffs and Revlon reported a dispute over Plaintiffs' request that Revlon produce the custodial or personnel file of Brian Shelley, an individual designated as Revlon's Rule 30(b)(6) deponent. *See* Dkt. 1236 at 26–27. The Court advised at the hearing that if an individual is testifying particularly as a Rule 30(b)(6) corporate deponent, Plaintiffs are not automatically entitled to his individual custodial or personnel file(s). The deposition of Mr. Shelley is to proceed on June 5, 2025.

At the hearing, the parties also raised the global issue of whether Defendants must produce the individual personnel or custodial files of individuals noticed for fact depositions, when those file(s) are requested in a rider to the deposition notice. The Court separately set a briefing schedule for that issue.

### C. Third Party Vendors and Consultants

Plaintiffs and Revlon reported a dispute as to whether or to what extent Revlon must produce documents in the custody of third parties. *See* Dkt. 1236 at 27–28. The parties shall comply with the Court's order above, to the extent Revlon used any third-party vendors that may have responsive documents in their custody. *See supra* at Section I.B.

### D. Revlon's Document Productions

Plaintiffs and Revlon reported on their progress in resolving their dispute as to Revlon's document productions. *See* Dkt. 1236 at 28. As stated in the JSR, Revlon shall produce the identified documents by June 4, 2025.

8

      **E.    Revlon's Naming Conventions**

Plaintiffs and Revlon reported a continuing dispute as to the consistency of Revlon's naming conventions. *See* Dkt. 1236 at 28. However, the parties agreed the issue may be resolved, or perhaps better defined, after Mr. Shelley's upcoming Rule 30(b)(6) deposition. *See id.* The parties may raise any lingering disputes as to this issue in the June 2025 JSR.

**IX.    SALLY BEAUTY SUPPLY LLC**

Plaintiffs and Defendant Sally Beauty Supply, LLC, reported no outstanding disputes.

**X.    STRENGTH OF NATURE LLC**

Plaintiffs and Defendant Strength of Nature, LLC, reported no outstanding disputes.

**XI.    CLASS DISCOVERY STATUS**

Defendants and Plaintiffs reported in the JSR on the status of class discovery, including potential disputes over the sufficiency of certain Plaintiffs' interrogatory responses. *See* Dkt. 1236 at 30–32. The Court was not able to address this issue at the May 29, 2025 status hearing due to time constraints. Plaintiffs shall provide verifications for their interrogatory responses by June 5, 2025. Given that Judge Rowland has now set a briefing schedule for class certification, *see* Dkt. 1242, the parties should meet and confer and then propose in their June 2025 JSR a schedule for completing class discovery comfortably in advance of this briefing schedule.

SO ENTERED AND ORDERED.

DATED: June 9, 2025

                                    HON. BETH W. JANTZ
                                    United States Magistrate Judge