IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

CASE MANAGEMENT ORDER NO. 19
(Protocol For Witness Depositions)

A. **SCOPE OF THIS ORDER**

This Order applies to all parties and their counsel in: (a) all actions transferred to *In Re Hair Relaxer Marketing Sales Practices and Products Liability Litigation* ("MDL 3060") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of February 6, 2023; (b) all related actions originally filed in or removed to this Court; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, "Member Actions").

This Order addresses depositions of all witnesses.[1] Except as otherwise provided in this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court will apply to this proceeding, including those regarding the conduct of depositions.

I. **GENERAL PROVISIONS**

  A. **Cooperation at Deposition**

1. The PSC and Defendants' Liaison Counsel shall identify an individual to assist in the scheduling, administration and compliance with the requirements of this Order ("Deposition Scheduling Liaison").

---

[1] The parties will meet and confer regarding the application of this protocol to expert witnesses.

1

B. **Attendance**

1. <u>Who May be Present:</u>  Unless otherwise required by Fed. R. Civ. P. 26(c) or agreed to by the Parties, depositions may be attended in-person only by:  designated counsel of record in the Member Actions, and employees or consultants of their firms who are assisting in the litigation and whose presence is reasonably required by counsel; counsel in a related state court proceeding(s) where the deposition has been cross-noticed with that related state court proceeding(s); counsel specially engaged by a party or an insurer for purposes of the deposition; the parties or the representative of a party (including inhouse and corporate counsel); court reporters; videographers; the deponent; and counsel for the deponent ("Permitted Attendees"). Upon application, and for good cause shown, the Court may permit attendance by someone other than a Permitted Attendee.  All Permitted Attendees who attend a deposition in-person must execute a copy of the applicable Protective Order and be otherwise subject to the provisions set forth in Case Management Order No. 5 (Agreed Confidentiality, Privilege and Clawback Order).

2. <u>Notice of Intent to Attend a Deposition:</u>  In order to arrange for adequate deposition space as well as meeting all applicable building security agreements, all parties shall identify, through the Deposition Scheduling Liaison, the number and identities of those attending the deposition in person no less than two (2) days prior to the deposition.

3. <u>Remote Attendance:</u>  To minimize travel and related costs, Permitted Attendees (other than the deponent) may participate/attend any deposition by videoconference. Counsel noticing the deposition should facilitate arrangements so that a videoconference link or number is available for the deposition at the attending party's expense. Remote attendance by any party will not preclude any other Permitted Attendee from appearing in-person in the room with the witness. Any person seeking to participate remotely must agree to be bound by all provisions of CMO No.

5 where applicable. No one, other than the court reporter and designated video technician, shall record the deposition by video, audio, or other means. For good cause shown, a deposition may take place without in-person attendance.

II.     **CONDUCT OF DEPOSITIONS**

    A.     **Duration**

The time limitations imposed by Fed. R. Civ. P. 30(d)(1) shall be the *prima facie* limitation on the duration of depositions, unless the parties agree to a different time limitation or the Court establishes a different time limitation.

    B.     **Means of Recording**

    1.     **Transcription and Recording:**  A certified court reporter shall record and transcribe all deposition proceedings and testimony with "real time feed" capabilities. Anyone storing or transmitting a transcript containing confidential information shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized, access to, such a transcript. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification and the like.

    2.     Subject to Section L below, deposition notices shall state whether the deposition is to be video recorded.

    3.     The party requesting video recording of the deposition shall bear the expense of both the transcription and video recording.

    4.     Each side shall bear its own costs in securing copies of the deposition transcript or video file.

3

5. Subject to the terms of the Protective Order entered in the Member Actions, any party may at its own expense obtain a copy of the video file or transcript by contacting the court reporter. Counsel representing a Plaintiff in any member action shall only be permitted copies of the video file or transcript if they have agreed to be bound and/or executed the Protective Order pursuant to CMO 5.

6. Transcripts and related documents subject to the terms of the Confidentiality Order may be transmitted using personal e-mail accounts or stored on personally owned devices, so long as the transmission maintains confidentiality.

C. **Scheduling and Notice of Deposition**

1. In addition to serving a deposition notice on the deponent pursuant to Fed. R. Civ. P. 30 or a subpoena pursuant to Fed. R. Civ. P. 45, the noticing party shall send each deposition notice or subpoena (including any amended notice or subpoena) to the Deposition Scheduling Liaison and shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition. The deposition notice or subpoena shall not be filed on the Court docket.

2. Any documents produced in response to a request pursuant to Rules 30 and 34, must be produced by the witness no fewer than 5 calendar days prior to the deposition, and the requesting party must allow at least 21 calendar days for production from the service of the deposition notice and accompanying request for production.

3. For all deposition notices or subpoenas propounded pursuant to Fed. R. Civ. P. 30(b)(6), any objections must be served within 10 calendar days from service of the notice of deposition. The parties will then have 7 calendar days to meet and confer on any disputes regarding the requested topics or accompanying document requests, and any remaining disputes must be

presented to the Court within 7 calendar days thereafter. Such presentation to the Court may be made in the form of a motion not to exceed 10 pages, to which a copy of the operative Rule 30(b)(6) notice (*i.e.,* one that reflects any agreements reached by the parties) shall be attached. After the Court or Special Master Grossman (if referred by the Court) rules on any disputes, Defendants must produce a witness(es) on the topics within 28 calendar days of the Court's ruling, and the witness must produce any responsive documents no fewer than 5 calendar days before the deposition. For all other depositions, the parties will use reasonable efforts to complete the deposition between twenty-one (21) and forty-five (45) days after service of the notice or subpoena, except by agreement of the parties or Order of the Court.

      4.    Counsel shall use reasonable efforts to coordinate the scheduling and taking of depositions.

      5.    For any deposition notice or subpoena issued on or after May 30, 2025, the requesting party shall give the responding party eleven (11) days' notice before issuing a deposition notice or subpoena.

      (a)    Within that eleven (11) days, the responding party will use best efforts to let the requesting party know whether the deponent is a former employee and, if so, whether the responding party will accept service of the deposition subpoena or whether formal service is necessary. If formal service is necessary, the responding party will provide the last known contact information for the deponent.

      (b)    Within ten (10) days of receiving a notice or subpoena, the responding party must provide three (3) weekday dates and a location (at least city and state) for which the requested deponent is available to be deposed.

    (c)    The requesting party shall confirm the final deposition date within five (5) days of receiving the requested deponent's availability. The deposition dates offered shall be between 21-45 days after service of the subpoena or deposition notice.

6.    For any deposition notices or subpoenas issued on or before May 29, 2025, but pending scheduling, the responding party must, by June 13, 2025, provide three (3) weekday dates and a location (at least city and state) for which the requested deponent is available to be deposed.

    (a)    By June 13, 2025, the responding party will use best efforts to let the requesting party know whether the deponent is a former employee and, if so, whether the responding party will accept service of the deposition subpoena or whether formal service is necessary. If formal service is necessary, the responding party will provide the last known contact information for the deponent.

    (b)    The requesting party shall confirm the final deposition date within five (5) days of receiving the requested deponent's availability. The deposition dates offered shall be between 21-45 days after May 29, 2025.

7.    All deposition notices or subpoenas must be issued by August 1, 2025.

8.    After counsel, through consultation, have agreed to a date and location for a deposition, the noticing party shall serve an amended notice (if necessary) reflecting the agreed date and location in accordance with Paragraph 1 and said notice shall not be filed on the Court docket.

    D.    **Non-Party Deposition Subpoenas**

1.    Any deposition subpoena served on any non-party pursuant to Fed. R. Civ. P. 45 will attach this Order.

2.	After serving a deposition subpoena pursuant to Fed. R. Civ. P. 45, the serving party and the attorney for the non-party deponent shall work together to schedule the deposition consistent with Paragraphs 3 and 4 of Section C.

3.	If a non-party deponent is requested to produce documents pursuant to Fed. R. Civ. P. 45 in connection with a deposition subpoena, Fed. R. Civ. P. Rule 45 shall control the time and manner of producing documents. Any documents received by the serving party shall be shared with the Deposition Scheduling Liaison within three (3) days of receipt of the documents and bate stamping shall conform to the requirements of CMO 4. If the documents are produced less than three (3) days prior to the deposition, then the receiving party shall produce the documents within twenty-four hours of receipt to the extent reasonably possible, but, in any event, no later than 6:00 p.m. Central time or twelve (12) hours (whichever is sooner) before the start of the deponent's deposition.

E.	**Deposition Day**

1.	Unless agreed otherwise, a deposition shall commence at 9:00 a.m. Deponent's local time. The time limits agreed to by the parties shall be the actual time spent on the record examining the witness. Time spent on reasonable breaks or lunch shall not be counted towards the time limits.

2.	If a deposition involves an interpreter, the deposition shall be extended as reasonably necessary to conduct the examination. Cost of the interpreter shall be at the request of the party requesting an interpreter.

F.	**Examination**

Leadership Counsel for the MDL Plaintiffs shall designate no more than two (2) attorneys to serve as the examiners of each witness on behalf of the MDL Plaintiffs. Each Defendant may

designate one representative to examine the witness. Each examiner shall avoid duplicative questioning. When there is examination by two (2) or more attorneys, the presumptive understanding is that the first examiner should conduct his or her examination to completion before any questioning by the second examiner, and so on.

    G.    **Objections**

    1.    Objections must be made by only one attorney for each party as designated on the record at the commencement of the deposition. Any objection made at a deposition shall be deemed to have been made jointly on behalf of all parties on the same side. As soon as any one attorney representing a party states the word "objection," all parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answer. Counsel for other parties should avoid repeating the objection. If an explanation for the basis of the objection is requested, counsel other than the first to object may reiterate the objection and explain.

    2.    <u>Consulting With Witness During Deposition:</u>  Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending, and those consultations between deponents and their attorneys will be considered privileged.

    3.    Any objection to the foundation, authenticity, or completeness of an exhibit used in the deposition must be made by the objecting Party during the deposition to preserve the objection. All other objections to documents used as deposition exhibits (*e.g.*, relevance, FRE 403, hearsay (and relatedly whether an exception to hearsay such as business record applies)) are not waived. Those matters are reserved for later ruling by the MDL Court or another trial court.

H. **Location of Depositions**

The Court expects counsel to mutually agree upon deposition locations. In the absence of agreement, depositions of witnesses located in the United States will take place in the deponent's home district, or within a reasonable proximity to the deponent's residence or place of work. In the absence of agreement, depositions of witnesses located outside the United States will take place within the deponent's home country if permitted by that country's law. If not permitted by that country's law, the Parties agree to meet and confer as to the permissible location of any witness located outside of the United States.

I. **Coordination with State Actions**

When noticing in the MDL proceeding a deposition of any witness whose testimony may be relevant in a state court proceeding, counsel for both Plaintiffs and Defendants are to use their best efforts to reach agreement on joint or parallel deposition notices, or cross-notices, to be used in state court cases and the MDL proceeding, unless this is precluded by the law of the applicable state or by order of the pertinent state court.

Defendants shall promptly provide to Plaintiffs' Co-Lead Counsel and Executive Committee (unless they are already counsel in the relevant state court cases) copies of all deposition notices served upon them in any related state court cases. If Plaintiffs in the MDL proceeding intend to take the same witness's deposition, counsel for Plaintiffs and Defendants are to use their best efforts to coordinate the taking of the witness's deposition in a way that will avoid unreasonable duplication of effort.

J. **Postponement**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than seven (7) calendar days in advance of the date it is scheduled to occur, except

upon agreement between counsel for each side or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of Court for good cause.

K.     **Documents Used in Connection with Depositions**

1.     A copy of any document about which examining counsel expects to question a deponent should be provided to the court reporter, the deponent, and primary counsel for each party in attendance when said document is offered to the witness. The transmission may be done electronically. Anyone storing or sharing documents containing confidential information pursuant to the Protective Order, shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, such information.

2.     Counsel introducing exhibits that cannot be identified by Bates number shall state for the record the provenance of the document. Documents obtained from websites shall display the URL for such website on each page.

3.     An examiner shall make exhibits available electronically for remote participants via the court reporter's remote deposition platform. To assist in the efficiency of remote depositions, deponent's counsel may request that counsel noticing the deposition provide a hard copy of the documents the questioner reasonably intends to use at the deposition. Counsel noticing the deposition must provide those hard copies if the request is made a reasonable amount of time in advance of the remote deposition (provided that any notice five (5) or more business days in advance of the deposition will be deemed reasonable notice). If the hard copies are delivered to the witness in advance of the remote deposition, the documents will not be reviewed prior to the commencement of the deposition. Moreover, documents will be retrieved only as they are introduced at the deposition as an exhibit.

## L.     Video Depositions

1. By so indicating in its notice of a deposition, a party may record a deposition by digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

2. Attendance: Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. This includes remote attendees.

3. Standards: Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. At any fully remote deposition, any attorney questioning or defending the deponent remotely must be on camera throughout questioning at the deposition.

Ordered this 16th day of June, 2025.

                                                                             _____
                                                                             Beth W. Jantz
                                                                             United States Magistrate Judge