**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060** <br> Case No. 23 C 818 <br> Judge Mary M. Rowland <br><br> **This document relates to:** <br> All Cases |

**JOINT STATUS REPORT FOR THE
JUNE 26, 2025 STATUS CONFERENCE BEFORE
THE HONORABLE MARY M. ROWLAND**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint status report in advance of the status conference scheduled for June 26, 2025.

I. ***Bellwether Update/ Written Discovery Disputes***

    a. Selection of Replacement Bellwether Case
        Plaintiff Belinda Hill (1:23-cv-11693) voluntarily dismissed her claim with prejudice on June 9, 2025. Pursuant to the Court's June 10, 2025 Minute Entry [ECF 1262] and in accordance with the Court's January 31, 2025 Order [ECF 1052], by July 1, 2025, Defendants will file a status report identifying the replacement Initial Bellwether Discovery Case on the main MDL docket and their Answer and Affirmative Defenses on the replacement case's individual member docket.

    b. Motions to Amend Short Form Complaints

        Four (4) of the 32 Bellwether plaintiffs have moved, or intend to move, to amend their Short Form Complaints ("SFCs"). These cases are described below with the Parties' respective positions. The Court is also directed below to Section II.(a), more generally regarding pending motions to amend.

        **Plaintiffs' Position**:
        These Bellwether plaintiffs have moved, or intend to move, for leave to amend their SFCs to correct administrative oversights. The Plaintiffs' brief synopsis of the pending motions filed or anticipated to be filed in each case is as follows:

        • Tracy Byrd (1:23-cv-04005), a case selected by plaintiffs, has a pending motion to amend her SFC to amend the dates of use of hair relaxer products listed on her complaint to match the dates of use listed on her PFS. Ms. Byrd's case appears on the Court's Order discussed below [ECF 1258].

Ms. Byrd's motion does not seek to amend the parties named or products used.

- Jennifer Hobbs (1:23-cv-13909), a case selected by defendants, who filed a Motion for Leave to Amend Complaint on June 16, 2025 [ECF 15]. As stated in her motion, Plaintiff inadvertently failed to "check the box" for Strength of Nature LLC, despite including products for this defendant and including member party Godrej SON Holdings, Inc on the operative SFC. Defendant Strength of Nature has indicated its intent to oppose this motion. In accordance with the Court's June 18, 2025 Minute Entry [ECF 1267] the PSC and Defendants will be prepared to discuss whether additional briefing may be necessary.

- Lisa Thomas, on behalf of the Estate of Jannette Wallace (1:23-cv-10632), a case selected by plaintiffs, who filed a Motion to Amend First Amended Short Form Complaint by Interlineation on June 12, 2025 [ECF 15]. As stated in her motion, Plaintiff mistakenly omitted Defendant Sally Beauty LLC from her First Amended Short Form Complaint and seeks to re-add Sally Beauty LLC. Defendant Sally Beauty LLC opposes this motion and in accordance with the Court's June 13, 2025 Minute Entry [ECF 18], its opposition is due on June 27, 2025.

- Barbara Smith (1:23-cv-10280), a case selected by defendants, has informed defendants that she intends to file a Motion for Leave to File Amended Complaint by June 20, 2025. Ms. Smith will seek to amend her SFC to change the original jurisdiction and venue from Alabama to Wisconsin. Ms. Smith does not seek to amend the parties named or products used.

**Defendants' Position**:

Defendants respond below to Plaintiffs' positions as to the four (4) Bellwether cases to provide context to Plaintiffs' representations. Three of the four motions to amend in the Bellwether-selected cases were filed only within the last week. Motions to amend were filed after the deadline in 12% of the Bellwether-selected cases. Both points are concerning to Defendants.

(1) Tracy Byrd (1:23-cv-04005):

Defendants object to Plaintiff's motion to amend her Short Form Complaint filed on May 28, 2025. Defendants' position is contained in Exhibit A, attached hereto, as well as below in Section II.a. The date of use of a hair relaxer product is a critical piece of information that Defendants rely on to understand what products are or may be relevant, what theories of liability plaintiffs may have regarding certain products and to determine all defenses available in a given case. The Court was clear about the deadline by which Plaintiff was required to amend her Short

Form Complaint (*see* Dkt. 1052 at 7), particularly as to products. Permitting this amendment will open the floodgates to future amendments by all plaintiffs (in and out of the Bellwether process), prejudice Defendants and erode the import of Court-set deadlines in this MDL.

(2) Jennifer Hobbs (1:23-cv-13909):

This Court required Plaintiffs to amend their SFCs, if necessary, and add any additional parties by February 28, 2025. Dkt. 1052 at 7 ("by February 28, 2025 all... all final amendments to the SFCs must be filed"). That ruling alone, and the certainty of the Court's deadline, should have prompted a review of existing SFCs. Ms. Hobbs failed to do so in the more than 13 months between when she first filed her SFC and the February 28, 2025 deadline. Nor did Ms. Hobbs or her counsel endeavor to correct this purported error when Ms. Hobbs's case first appeared on the Bellwether selection, months ago. Defendants relied on the information in the SFCs when selecting Bellwether cases, as this Court's February 28, 2025 deadline for amendment was intended to allow them to do. *See Green v. Revlon, Inc.*, No. 1:23-cv-12207 at Dkt. 7 ("[Plaintiff] had over 17 months to name, in a Short Form Complaint, the appropriate defendants. The time has passed. The defendants named in any case is essential information for bellwether selection…"). Ms. Hobbs's claimed inadvertent failure to include a defendant on her short form complaint – and failure to recognize that purported error until this case was selected as a bellwether – is not a valid excuse to circumvent the Court's February 28, 2025 deadline, which this Court has recognized is a hard deadline in previous decisions on motions for leave to amend. *See Green, supra*, and *Baker v. Revlon, Inc.*, No. 1:23-cv-13140 at Dkt. 5 ("This deadline was discussed at several status hearings. Parties are in the process of selecting bellwether cases and the defendants named in a case is essential information for the parties to consider. There is no basis for Ms. Baker to receive special treatment in this regard").

(3) Lisa Thomas, on behalf of the Estate of Jannette Wallace (1:23-cv-10632):

Sally Beauty opposes Plaintiff's recent motion to amend her SFC to add Sally Beauty back in as a defendant well after her deadline to do so, as well as after the Bellwether selections were made. See No. 2 (*Hobbs*) above in Section I.b and below in Section II.a. Sally Beauty will be filing a formal Opposition to the pending motion.

Plaintiff intentionally *removed* Sally Beauty as a named defendant, as it coincided with other purposeful changes to her timely amended SFC, made at the time of the February 28, 2025 deadline. As it stands now, her current and timely Amended SFC accurately reflects the factual assertions made in her PFS. Plaintiffs selected for the Bellwether discovery process should not be permitted to amend their SFCs after their deadline to do so and after selection by the parties. Granting such a motion would be prejudicial to the defendants sought to be added, and would undermine one of the primary goals of the deadline, which was to provide finality

and certainty in the factual allegations of these test cases. Sally Beauty otherwise incorporates herein Defendants' response below, in Section II.a. and its forthcoming opposition to the motion.

(4) Barbara Smith (1:23-cv-10280):

Defendants object to Plaintiff's motion to amend her SFC to change her Original Venue selection. Plaintiff originally designated Illinois as her Original Venue. On February 28, 2025, the Court-ordered deadline for all amendments, Plaintiff amended her SFC to designate Alabama as her Original Venue. Plaintiff's designation of the Original Venue is an important factor considered in determining Bellwether selection. Indeed, Defendants relied on this information in their selection of Bellwether cases. To permit Plaintiff to amend her state designation after completion of the Bellwether selection process is unfair and prejudicial to Defendants. Plaintiff's motion should be denied, and Defendants will be opposing it, if necessary.

Pursuant to the Court's Minute Order [ECF 1267], the Parties will be prepared to discuss the motions at the upcoming Case Management Conference.

c. <u>Discovery Updates</u>

   i. **Affirmative Bellwether Case Specific Discovery Served by Defendants on Plaintiffs**

**Plaintiffs' Position**:

As discussed with the Court at the May 29, 2025 Case Management Conference, Defendants served interrogatories and requests for production on each individual bellwether plaintiff on May 21, 2025. On June 14, 2025, the PSC sent Defendants a letter detailing global objections to the discovery served on each Bellwether plaintiff. The Plaintiffs sent the letter in advance of the response date for the discovery under the FRCP to reach an agreement narrowing the scope of the extremely broad discovery requests prior to serving substantive answers. In addition, Plaintiffs wanted to accelerate the schedule for a meet and confer so that appropriate bellwether discovery could proceed expeditiously.

The attempted meet and confer was necessary given the sheer breath (by volume and topic) of the discovery request that were served by Defendants on each bellwether plaintiff. For example, the new interrogatories violate the provision of FRCP Rule 33(a)(1) which provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts"; here, Defendants have served far in excess of 215 interrogatories when subparts are included. Further, this is in <u>addition</u> to the 99 interrogatories that were propounded on each plaintiff in the context of the PFS and is, according to the Defendants, simply the first wave of interrogatories they intend to serve on each of the

bellwether plaintiffs in this litigation. The sheer volume of the interrogatories violates the FRCP and must be limited; simply because a personal injury claim is included in an MDL does not subject the plaintiff to greater discovery burdens and obligations.

Further, the attempted meet and confer was necessary given the wide ranging and irrelevant information sought by the Defendants. For example, Defendants have served a single interrogatory on each Bellwether plaintiff asking that they provide **six** different pieces of information concerning their lifetime use of well in excess of **100** personal care products, household products, ingestible products, injectable products, and feminine care products. Among other thing, Defendants have asked each Bellwether plaintiff to identify every single brand, dates of use, frequency of use and any warnings they received for each deodorant, foot moisturizer, hand sanitizer, exfoliator, toner, tampon, sanitary pads/napkins, botox, facial injectable, eyelash glue, air freshener, cleaning product (including but not limited to bathroom, carpets, floors, household generally, kitchen, windows, and other), detergent, disinfectant, dryer sheets, and plastic food containers they ever were "exposed to" in their lives. These examples are just a tiny fraction of the product categories identified by the Defendants. Further, the Defendants also included a "catch-all" for each of the product types, asking the Plaintiffs to provide this information for:

- Any And All Other Hair Care Products
- Any And All Other Skin Care Body Care Products
- Any And All Other Facecare Products
- Any And All Other Feminine Care Products
- Any And All Other Injectable Products
- Any and All Other Chemicals

The problems with this request go well beyond its violation of FRCP 33(a)(1) and are manifest on its face. The information sought is not relevant to any bellwether plaintiff's individual claim that Defendants' Hair Relaxer products were a cause of her cancer and, as outlined below, the Defendants are attempting to stonewall Plaintiff's request that the Defendants provide the basis (if they have one) to show that <u>any</u> of these products can cause the type of cancer that any bellwether plaintiff has. Further, the information requested isn't even knowable; no person could possibly have the recall or the ability to answer these questions.

Similarly, the Defendants have asked Plaintiffs broadly to identify whether any of their biological family members (including parents, siblings, children, grandchildren, grandparents, aunts, uncles, or cousins), living or deceased, have been diagnosed with:

- any endocrine disorder (including but not limited to T1DM, T2DM, polycystic ovary syndrome, estrogen deficiency, progesterone deficiency, testosterone deficiency);

5

- any gynecological disorder (including but not limited to infertility, polycystic ovary syndrome, hereditary breast and ovarian cancer syndrome, endometriosis, fibroids, precocious puberty, endometrial hyperplasia); and
- any genetic or hereditary disorder (including but not limited to Lynch Syndrome, HNPCC, Peutz-Jeghers syndrome, MUTYH-associated polyposis, *BRCA1* mutation, *BRCA2* mutation)

Again, the Plaintiffs cannot discern why all of these requests for a broad family history of a wide variety of illnesses is relevant to the Bellwether Plaintiff's claims in this litigation. Defendants have provided no basis for this request which, in addition to being irrelevant, impinges on privacy expectations of non-parties to these lawsuits; it is simply baffling to claim that a cousin or child or aunt or uncle or any family member must allow these Defendants to pry into their private health care information simply because their family member filed a lawsuit alleging that her Hair Relaxer was a cause of her cancer. Further, as outlined below, the Defendants are attempting to stonewall Plaintiff's request that the Defendants provide the basis (if they have one) to show that <u>any</u> of this information can shed light on the cause of the type of cancer that any bellwether plaintiff has.

Based on this preview of a few of the issues with the discovery served on the Bellwether plaintiffs, it is self-evident that there must be a meaningful meet and confer to narrow these issues. This meet and confer must recognize the necessary balance between relevance and burden that must be struck with these discovery requests, including requests that ask for use of scores of random different consumer product types with *no* time limitations whatsoever. Having initially refused to meet and confer, Defendants have agreed to engage in a meet and confer and afforded an additional thirty (30) days to complete the meet and confer and for plaintiffs to provide substantive answers to the discovery demands that are not withdrawn or which, if judicial intervention is necessary, the Court decides.

**Defendants' Position**:

Plaintiffs' Leadership insisted that this now-resolved issue be addressed in this JSR.

Defendants initially asked that Plaintiffs serve responses on the original due date, so that answers and responses subject to any objections could be served, narrowing and focusing the issues for resolution at any meet and confer, and to avoid follow-on delays in case-specific discovery, including depositions of Bellwether Plaintiffs. Plaintiffs asked that Defendants reconsider, and Defendants did so.

While Defendants disagree with Plaintiffs' characterization of the case-specific discovery served on Plaintiffs, they have agreed to Plaintiffs' requested 30-day extension and will meet and confer with Plaintiffs before their responses are due, effectively mooting this issue.

6

ii.    **Affirmative Bellwether Case Specific Discovery Served by Plaintiffs on Defendants**

**Plaintiffs' Position**:

The bellwether plaintiffs served case specific discovery demands on the named defendants in their given cases, which included fourteen (14) interrogatories and eight (8) requests for production. These were served on Defendants by individual bellwether counsel between June 4 and 9, 2025.

Defendants, for the first time in this submission, raise issues with the discovery served by the Plaintiffs. However, these objections, which should have been raised in a meet and confer, are without merit. Despite Defendants claim, Plaintiffs did not serve contention interrogatories in violation of any Court order; instead, Plaintiffs served discovery asking each of the Defendants to identify the following:

- Which of the items/substances/products that Defendants questioned Plaintiff about in their discovery requests discussed above can be a cause the type of cancer that the Bellwether plaintiff has;
- Which of the forms of birth control that Defendants questioned Plaintiff about in their discovery requests discussed above can be a cause the type of cancer that the Bellwether plaintiff has;
- Which of the sexually transmitted diseases that Defendants questioned Plaintiff about in their discovery requests discussed above can be a cause the type of cancer that the Bellwether plaintiff has;
- Which of these cancers, endocrine disorders, gynecological disorders, and/or genetic or hereditary disorders Defendants questioned Plaintiff about in the discovery requests discussed above can be a cause or increase the risk of a family member developing endometrial cancer.

Defendants here are simultaneously attempting to extract massive amounts of irrelevant information from each Bellwether plaintiff in a fishing exposition while shielding themselves from having to explain why they believe such information is relevant (either through discovery requests which the Bellwether plaintiffs propound and now defendants refuse to answer or a meaningful meet and confer which the Bellwether plaintiffs requested and Defendants refused). These inconsistent positions are not only disingenuous, but they actively work to deny Plaintiffs access to information that the Defendants themselves put squarely at issue in this case. The Defendants cannot have it both ways; Plaintiffs propose that the Defendants identify which of the myriad of products, conditions, and the like that Defendants have identified in their discovery request can be a cause of the Plaintiff's cancer, and their basis (including latency, duration of use, etc.). Plaintiffs then can provide responses to the narrowed list of products that can actually be a cause of the type of cancer to the best of their knowledge and ability.

**Defendants' Position:**

During the April 24, 2025 Case Management Conference, this Court cautioned Plaintiffs against serving contention interrogatories that seek expert testimony. *See* Apr. 24, 2025 Tr. at 27:20-24 (cautioning Plaintiffs not to serve interrogatories that require expert input). The Court also told Plaintiffs that, to the extent they insist on serving contention interrogatories on Defendants, those interrogatories should be served in a separate set from the rest of the bellwether interrogatories. *See id.* at 26:2-9. Plaintiffs did not heed these instructions. Instead, Plaintiffs served 30 sets of interrogatories, each of which included bellwether interrogatories and contention interrogatories in the same document. The contention interrogatories served by Plaintiffs are improper, as they seek information that is the subject of expert testimony. In particular, Interrogatory Nos. 1-4 from Plaintiff Gwendolyn Alexander's First Set of Interrogatories ask whether certain products, forms of birth control, sexually transmitted diseases and medical conditions/disorders cause cancer and Defendants' bases for the same, "including all published and unpublished medical, scientific, or other literature." (*See* Ex. B, attached hereto.) As this information seeks expert input, Defendants' responses to these interrogatories should be deferred until expert discovery is complete. *See Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 729295, at *3 (N.D. Ill. Dec. 7, 1995) (deferring responses to contention interrogatories "that will be more appropriately dealt with by experts" to a "later date"). *See also* Fed. R. Civ. Proc. 33(a)(2) ("the court may order that the [contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

    d.   <u>Answers in the Bellwether Cases</u>

As set forth in CMO 15, the Defendants filed their respective Answers as set forth in CMO 15 on June 9, 2025 in each of the Bellwether cases. The Plaintiffs are assessing and reviewing same and will be prepared to address any issues with the Court at the June 26, 2025 Case Management Conference, if necessary.

II.     ***Case Management Status***

    a.   Report on SFC Amendment Motions and Requests made after the February 28, 2025 Deadline per Court Order [Dkt. 1258]

In accordance with the Court's Order [ECF 1258] requiring the Parties to file a report regarding Plaintiffs' Motions to Amend Short Form Complaints (SFCs) and Motions to Substitute that were filed after February 28, 2025, in cases that had a February 28, 2025 Court-issued deadline to amend pleadings. After meeting and conferring, the Parties have not reached agreement and have outlined their global positions below and in a case specific chart attached as Exhibit A. The Parties will be prepared to discuss this issue at the June 26, 2025 Case Management Conference.

8

**Plaintiffs' Position:**

The Court has already provided guidance via rulings provided on a handful of motions to amend or substitute the parties listed on Exhibit A. After removing these cases, there are currently fourteen (14) cases for which the motions to amend or substitute have been held in abeyance. As noted on Exhibit A, of these fourteen cases, Defendants do not oppose the pending motion in nine (9) cases and counsel are in agreement that in the circumstance where a plaintiff is deceased, substitution of the parties and amendment of the SFC are appropriate and necessary under the Federal Rules.

The parties are unable to agree with regard to the remaining five (5) cases, one of which is bellwether plaintiff Tracy Byrd (which the PSC addresses in the bellwether section of the JSR). In each of these cases, the Plaintiff filed a motion to amend her complaint to correct either the date(s) of usage of hair relaxer products or the date of the diagnosis of her injury. In accordance with the Court's prior ruling, a Plaintiff's PFS must match her SFC. *See* ECF 976. In each of these five cases, the Plaintiff has moved to amend her SFC in order to meet correct administrative oversights and meet the requirements of ECF 976. Defendants' assertions that amendments such as these would create unnecessary confusion or unpredictability are unwarranted with regard to these cases. Plaintiffs' motions to amend seek to undo the confusion of having different dates of usage on the SFC and the PFS. Furthermore, the Defendants will suffer no undo prejudice in these cases as they have had access to this information throughout the bellwether selection process as these dates were already contained in the Plaintiff's PFS. These Plaintiffs are simply moving to amend in order to comply with the Court's prior Order and as such, the motions to amend should be granted.

With regard to bellwether plaintiffs Jennifer Hobbs, Barbara Smith, and the Estate of Jannette Wallace, who were not included in the Court's Order [ECF 1258] and have recently moved or intend to move to amend their SFCs, the PSC has addressed these pending motions in Section I.b, above. Plaintiffs will be prepared to discuss these cases and the pending motions at the June Case Management Conference.

**Defendants' Position:**

The Court and the Parties worked for months at multiple case management conferences to ensure that the Parties would have complete and final SFCs and PFSs for the Bellwether Eligible plaintiffs by the February 28, 2025 deadline. Now, months after the Court issued the unambiguous amendment deadline, more than thirty (30) identified plaintiffs are attempting to amend their SFCs to add Defendants and/or products and make other various revisions (and Defendants learned that Plaintiffs intend to file dozens more motions to amend). This includes four of the 32 Bellwether Plaintiffs, who are seeking to amend their SFCs, to *inter alia* add Defendants to their cases. Three of these four Bellwether Plaintiffs came

forward only in the past week, after the Court issued its Order raising concerns about the number of requests to amend being filed after the deadline.

Defendants oppose these belated attempts to amend SFCs (and PFSs) in cases after the applicable February 28, 2025 deadline. The Court already recognized that motions to amend were filed after the February 28, 2025 deadline, and denied motions "seeking to add Defendants and products." *Id.* This is consistent with the Court's repeated instructions in minute orders and during status conferences regarding this deadline.

On June 18, 2025, for the first time, Plaintiffs informed Defendants of their position that, "Counsel did not interpret [the Court's SFC and PFS amendment deadline order] as foreclosing any and all future amendments and understood it only to mean that a plaintiff would be unable to amend without moving for leave to file after that date. It is the PSC's understanding that numerous plaintiffs are seeking to amend their SFCs in order to comply with the Court's prior ruling that the PFS must match the SFC [EFC 976]. In these cases, amendments are being driven by Defendants' return to PFS deficiencies directed at cases in the Bellwether eligible pool – even though the pool has been selected and, in many instances, these cases were already determined to be "substantially complete.""

The next day, the day the Joint Status Report was due, after reviewing Defendants' response that no plaintiff attempting to substantively amend their PFS had received a belated deficiency letter and outlining the many ways that the Court's orders have been clear, Plaintiffs changed their position to argue that all substantive amendments were being made to ensure that the SFC matches the PFS. The time to do so was by February 28, 2025. That time has long passed.

The Court could not have been more clear in its orders and instructions regarding this deadline. As the Court noted in its June 6, 2025 Order, "[t]he Court previously ordered all final amendments to Short Form Complaints in Bellwether Eligible Cases must be filed by February 28, 2025. [1052] at 7. This deadline "was discussed at several status hearings," ECF No. 1258, starting in late 2024. On December 6, 2024, the Court specifically highlighted this exact situation for plaintiffs' counsel, instructing plaintiffs "to assure that their individual PFS is consistent with the most recent amended complaint on file" ahead of the SFC deadline. ECF No. 976.

The deadline has been repeatedly and consistently enforced by the Court, and should continue to be an enforced deadline moving forward. By way of example, in the *Green* case pending in this MDL, the Court denied ***original*** and ***renewed*** motions for leave to file an amended complaint to add defendants and products because "[p]laintiff filed her case on 9/13/23 and failed to name the defendants at issue prior to the [deadline]." *Green v. Revlon, Inc.,* No. 23-cv-12207, ECF Nos. 5, 7. The Court emphasized that Plaintiff "had over 17 months to name, in a Short Form Complaint, the appropriate defendants. The time has passed." *Id*.

10

The Court adopted the February 28th deadline to apply to Bellwether Eligible plaintiffs and contemplated Defendants' need for awareness of all the allegations from every plaintiff so they could make informed and meaningful Bellwether selection decisions. *See, e.g.,* Jan. 2025 Joint Status Report (Defendants' position), ECF No. 1008.

Defendants sought to avoid the exact situation now presented by these post-deadline motions to amend: that plaintiffs would seek to add defendants and/or products, or other key information, *after* the completion of the bellwether selection process and/or in anticipation of potential future bellwether waves or resolution discussions. *See*, *e.g.,* Transcript of Jan. 2025 Case Mgmt. Conf. with Judge Rowland, H. Levine, ECF No. 1017, at 37:9–20 ("we care that they are locked in, and they can't fix them at some later time if they're picked as a bellwether case and say, 'Oh, yeah. I meant to change this.' We wanted to lock in the plaintiffs so that they cannot change their mind after they are selected as a bellwether case….").

The Court recognized that allowing SFC amendments after the bellwether cases were selected would inject unnecessary confusion and unpredictability into this process, undermining the very purpose of bellwether selection. *Green v. Revlon, Inc.,* No. 23-cv-12207, ECF Nos. 5 (N.D. Ill. Mar. 27, 2025) ("Parties are in the process of selecting bellwether cases and the defendants named in a case is essential information for the parties to consider."). Additionally, Defendants who are now facing the potential of being added to a case selected for the Bellwether process nearly two months ago will suffer prejudice if the amendments to add them are permitted. Indeed, the deadline to file an answer in each of the Bellwether Discovery Cases has passed, and case-specific written discovery is underway. The February 28, 2025 deadline was long-established to ensure fairness and efficiency in this MDL.

These deadlines are also important for resolution purposes, for company reporting obligations, and for plaintiffs' counsel's ability to track inventories. All current and future plaintiffs, regardless of when they file their case, need to know that Court-ordered deadlines are real, and that there are consequences for not adhering to them.

The Court should not permit any plaintiff to circumvent this long-standing, well-known and unambiguous deadline. To do so would contradict well-established precedent in this litigation. For these and other reasons, the Court should deny the motions to amend SFCs sought after their deadline to do so, including in the four Bellwether Discovery Cases. The only exception to which Defendants would consent is a substitution for a deceased plaintiff. Defendants' position as to the identified Motions to Substitute, filed with the goal of identifying the proper plaintiff following the death of a plaintiff, is consistent with this Court's prior orders.

By addressing this issue globally, rather than individually, the Court may be able to avoid having to substantively review and address future motions by plaintiffs and oppositions by defendants. If plaintiff-by-plaintiff rulings prove necessary, the Parties' positions as to each specific Plaintiff's motion identified by the Court are contained in chart form in Exhibit A, attached hereto. Additionally, as to the three Bellwether Plaintiffs who filed Motions to Amend, Tracy Byrd (1:23-cv-04005) is included in Exhibit A as a motion identified by the Court. Two others, Janette Wallace (1:23-cv-10632) and Jennifer Hobbs (1:23-cv-13909), filed their motions last week, and seek to substantively change their pleadings by adding a Defendant as well as additional product information.[1] A fourth Bellwether Plaintiff informed Defendants this week, on June 17, 2025, that she will be moving to amend to change original jurisdiction and venue from Alabama to Wisconsin (after timely amending their SFC to change from Illinois to Alabama), which Defendants will oppose.

The Defendants whom Plaintiffs Wallace and Hobbs seek to add, Sally Beauty and Strength of Nature, respectively, plan to file formal responses opposing these motions. However, the Court already has spoken several times on this issue and these motions should similarly be denied. *See, e.g., Baker v. Revlon, Inc.,* No. 23-cv-13140 (N.D. Ill. Mar. 26, 2025) (denying the plaintiff's motion to amend her SFC after the February 28, 2025 deadline because "the defendants named in a case is essential information for the parties to consider" during bellwether selection). *Id.*

b. <u>Report on CMO 16 Reinstatement and Refiling Process</u>
In accordance with the Court's instruction at the May 2025 Case Management Conference, Plaintiffs' Leadership and Defendants met and conferred on June 6, 2025, regarding possible changes to Case Management Order 16, which governs the requirements and process for plaintiffs whose cases were dismissed without prejudice to either reinstate or refile their cases under specific, delineated circumstances. The Court indicated the CMO 16 process may require some revisions for management of the docket. The Parties reviewed the various processes outlined in CMO 16 and considered a number of alternatives, including how to make the process administratively workable. The Parties have not been able to suggest a more simplified process for the Court that also ensures that the goals and requirements outlined in CMO 16 are met. This is not an issue with which the Parties have a disagreement and cannot agree to the same process, but rather the Parties are aligned, and both sides are willing to work with the Court,

---

[1] *See* Lisa Thomas, on behalf of the Estate of Jannette Wallace, Plaintiff's Motion to Amend First Amended Short Form Complaint by Interlineation Due to a Clerical Omission of Defendant Sally Beauty Supply, LLC, In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig., No. 1:23-cv-10632 (N.D. Ill. June 12, 2025); Jennifer Hobbs, Motion for Leave to Amend Complaint, In re Hair Relaxer Mktg., Sales Pracs., & Prods. Liab. Litig., MDL No. 3060, No. 1:23-cv-13909 (N.D. Ill. June 16, 2025).

including virtually at a separately scheduled time from the Status Conference, or at the Status Conference, to discuss management of the process.

c.  <u>Report on Duplicate Filed Cases to Be Dismissed With Prejudice</u>

Based on analyses of Amended CMO 10-required data (name, date of birth, Social Security Number, and address) available in MDL Centrality, and in advance of the last two status conferences, on April 28, 2025, and May 12, 2025, Defendants identified to Plaintiffs' Leadership Counsel a total of 98 plaintiffs with active cases and/or MDLC profiles who appeared to have duplicately filed cases and/or be "dual represented" by different counsel ("Duplicate Plaintiffs"). Defendants requested that counsel for these Duplicate Plaintiffs work together to resolve the duplication by dismissing with prejudice—per the Court's guidance [ECF 649]—the duplicately filed action and/or deactivating profiles in MDLC, as needed (for example, where one is unfiled and one is filed). As of June 18, 2025, there remain 38 Duplicate Plaintiffs with active cases pending in this MDL. *See* attached Exhibit C.

The existence of duplicately filed claims in an MDL presents a host of difficulties, including the potential for confusion among Plaintiffs and their counsel and wasted party and Court resources. Accordingly, Defendants request that the Court dismiss with prejudice all but the first-filed case of each Duplicate Plaintiff. To be clear, Defendants are *not* seeking to completely extinguish any individual Plaintiff's case. Rather, Defendants are seeking to require each Plaintiff to have only one case (the first filed) proceed in this MDL. If the Court is amenable to this solution, Defendants can submit a proposed dismissal order for the Court's consideration.

**Plaintiffs' Position:**

The PSC is in agreement that each Plaintiff should only have one case proceed in this MDL. However, the PSC notes that plaintiffs often seek new counsel for specific and/or personal reasons and that it may not be the plaintiff's desire or intent to continue with their original attorneys. For this reason, the PSC requests that the Court set a deadline for a counsel representing Duplicate Plaintiff(s) listed on Exhibit C to confer on duplicatively filed case(s) prior to any automatic dismissal with prejudice in accordance with Dkt. 649 of all but the first-filed case.

Also of note, this is an issue that occurs in most product-liability MDLs and is typically addressed and worked out by and between the parties and rarely requires judicial intervention or the necessity to raise it with the hyperbole that certain defendants ascribe to the situation.

d.  <u>Report on CMO 9 Dismissals to Be Filed on Individual Dockets</u>

Pursuant to the Court's Orders following past Court Call Hearings, the following Plaintiffs were dismissed without prejudice, subject to the following conditions: "Plaintiffs will have until 6/25/25 to refile their case as of right. However, Plaintiffs may only refile in federal court within this MDL and must also file a complete PFS and authorizations within 10 business days of refiling. As of 6/26/25, the dismissal

will convert to a dismissal with prejudice." As of June 18, 2025, no dismissal orders have been entered on the following Plaintiffs' individual dockets.

| Case Name | Case Number | Court Call Hearing | Court's MDL Dismissal Order(s) |
|-----------|-------------|--------------------|--------------------------------|
| Rivera, Lillian | 1:24-cv-02181 | 2/2/2025 | ECF 1075, 1122 |
| McDuffie, Monica | 1:24-cv-09461 | 2/2/2025 | ECF 1075, 1122 |
| Wilson, Tresa | 1:24-cv-08543 | 2/2/2025 | ECF 1075, 1122 |
| Burton, Juanita O. | 1:24-cv-07450 | 3/26/2025 | ECF 1149, 1167 |
| Pettigrew, Danette | 1:24-cv-07979 | 3/26/2025 | ECF 1149, 1167 |
| Sledge, Terry | 1:24-cv-10033 | 3/26/2025 | ECF 1149, 1167 |
| Stephens, Dawn | 1:24-cv-10092 | 3/26/2025 | ECF 1149, 1167 |
| Upshaw, Leilani | 1:24-cv-10007 | 3/26/2025 | ECF 1149, 1167 |
| Harvey, Cynthia F. | 1:24-cv-11235 | 3/26/2025 | ECF 1149, 1167 |

III. **_Science Day CMO_**

As discussed during the May 29, 2025 Case Management Conference and pursuant to the Court's Minute Entry [ECF 1242], the parties submitted their proposed Case Management Order regarding Science Day, along with a list of state court judges. The parties will be prepared to discuss any concerns at the June 26, 2025 Case Management Conference, if necessary.

IV. **_Report on Amendments to CMO 13 Motions to Withdraw and Pro Se Management Order_**

On June 10, 2025, the parties submitted to the Court via email the proposed Amended CMO 13 for the Court's consideration and/or further direction. The parties will be prepared to discuss any concerns at the June 26, 2025 Case Management Conference, if necessary.

V. **_State Court Update_**

Certain state court judges the parties have appeared before recently have been notified of the January 8, 2026, Science Day proceeding, and have been informed of this Court's impending invitation for them to join those proceedings. All have indicated an interest in attending Science Day, and have inquired as to whether a remote link will be provided. Furthermore, Judge Roberts (Philadelphia) and Judge Wong (Chatham) have indicated a desire and willingness to coordinate and cross-notice depositions scheduled in the MDL consistent with the deposition protocol, and in Judge Wong's case he has already included such a cross-notice provision in his draft case management order.

**Illinois State Cases:**

There are at least 400 cases pending in Cook County that have been consolidated for pre-trial purposes. The cases are pending for pre-trial discovery and motion practice

before Judge Sarah Johnson. On May 28, 2025, Judge Johnson granted L'Oréal USA and Strength of Nature's respective motions to dismiss for lack of personal jurisdiction with respect to non-Illinois resident plaintiff claims. The parties are currently identifying the specific cases impacted by this order and how to proceed with those cases in light of the order. In addition, on May 28, 2025, Judge Johnson granted in part and denied in part, Defendants' Joint Motion to Dismiss the Amended Master Long Form Complaint with leave to amend. Plaintiffs must file their Second Amended Master Complaint by June 26, 2025. The next conference with Judge Johnson is scheduled for June 25, 2025; the parties will be prepared to report to the Court on developments during that conference.

The cases were also being directed by Interim Presiding Judge of the Law Division, Judge Kathy Flanagan, who previously set four trial dates (in cohorts of five cases) for the consolidated cases. Subsequently, the first two of those trial dates were vacated, with the first cohort trial now set to begin on March 23, 2026. On June 3, 2025, the Circuit Court of Cook County announced that Judge Thomas V. Lyons, II would be appointed as Presiding Judge, and thus would be replacing Judge Flanagan. The parties are set to appear for a status hearing before Judge Lyons on June 25, 2025; the parties will be prepared to report to the Court on developments during that conference as well.

Additionally, there is currently one case pending in St. Clair County. The case remains in the pleading stage before Judge Patrick R. Foley.

**Georgia State Cases:**

There are at least 400 cases pending in Chatham County, Georgia. These cases have been consolidated for pretrial purposes before Judge Derek J. White. On June 21, 2024, the Georgia Court of Appeals issued its opinion in *Burroughs v. L'Oreal USA, Inc.*, Case No. STCV2201876, holding that plaintiff's strict liability claims were barred because plaintiff's first use of the alleged products occurred prior to the ten-year statute of repose period. On December 10, 2024, the Georgia Supreme Court granted certiorari on the following issue: "In a tort action alleging an injury caused by the use of multiple units of a consumable product over time, when is the 'first sale for use or consumption of the personal property causing or otherwise bringing about the injury,' at which point the statute of repose begins to run? *See* O.C.G.A. § 51-1-11(b)(2)." Oral argument was held on May 13, 2025. The consolidated matters are stayed, as the trial court is lacking jurisdiction over the same pending resolution of this appeal. Defendants understand that the Georgia Supreme Court has until November 18, 2025, to issue its Opinion in *Burroughs*.

There are also at least 247 cases pending in DeKalb County, Georgia. These cases are being consolidated for pretrial purposes before Judge Alvin T. Wong. During status conferences held on January 17, 2025 and April 7, 2025, the Court indicated that its preference would be to address general causation and/or expert challenges early on. A master complaint was filed on March 24, 2025. On May 5, 2025, the parties

15

submitted their proposals for a short form complaint and a proposed discovery schedule to the Court. On May 30, 2025, the Court provided the parties with feedback and the parties convened via videoconference on June 9, 2025 to discuss. The Court explained that it expects to enter the proposed SFC and CMO in short order, and pleading challenges to the Master Complaint will be due 45 days thereafter.

**Philadelphia State Cases:**
There are 25 cases pending in Philadelphia County, Pennsylvania, which were recently coordinated and transferred to the Court's Mass Tort Program. The new judge, the Hon. Joshua Roberts, and the parties are working to prepare case management orders that will govern pretrial proceedings such as the procedures for the remaining pleadings and challenges thereto as well as discovery. Judge Roberts held the first Case Management Conference on June 5, 2025. The parties discussed the history of the litigation, including the MDL. The Court did not set any dates and he kept the stay with respect to pleading responses in place until the Court issues further orders. Judge Roberts has requested videoconference with liaison counsel for June 25 or 26 to discuss logistics; the next case management conference is scheduled for September 17, 2025.

**California State Case:**

There is currently one case in California. Plaintiff filed an Amended Complaint on May 30, 2025. Defendants must file their respective demurrers by July 11, 2025.

**New York State Cases:**

There are currently five cases pending in New York, all before Judge Mary V. Rosado. On April 9, 2025, Judge Rosado issued her ruling in the *Rance* case, granting in part and denying in part Defendants' motions to dismiss. Defendants without pending motions to dismiss filed their answers on May 1, 2025 and the parties are to submit a proposed preliminary conference order by July 21, 2025. In the *Deliotte* case, Defendants filed motions to dismiss Plaintiff's Second Amended Complaint. In the *Barber* case, Defendants' motion to dismiss is still being briefed.

**Delaware State Case:**

There is one case pending in New Castle County, Delaware, filed on October 17, 2024 against 14 Defendants. All Defendants have entered their appearances and filed Motions to Dismiss under Rules 12(b)(1), 12(b)(6) and 9(b), under various theories. The Parties have been ordered to meet and confer regarding a schedule for the Plaintiff's combined answering brief, the Defendants' reply briefs and oral argument. The case has been assigned to Judge Eric M. Davis of the Delaware Superior Court, in New Castle County.

VI.     ***Status of Pending Briefs/Motions/Orders***

     a.  **NIH Motion to Compel**: On January 24, 2025, Revlon filed a motion to compel the production of documents from the National Institutes of Health [ECF No. 1034]. Following the February Case Management Conference, a briefing schedule was set [ECF 1081] and extensions were then granted [ECF 1106, 1137, and 1162]. The NIH filed their response to the motion to compel on April 22, 2025 [ECF 1185] and Revlon's reply was filed May 13, 2025 [ECF 1224]. As discussed at the May 29, 2025 Case Management Conference and in accordance with the Court's May 30, 2025, Minute Order, Plaintiffs filed a sur-reply in opposition to Revlon's motion to compel on June 5, 2025 [ECF 1254].

Dated: June 19, 2025

**FOR PLAINTIFFS:**

Respectfully Submitted,

*/s/Edward A. Wallace*
Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
T: (312) 261-6193
Email: eaw@wallacemiller.com

*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
T: (312) 214-7900
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

**FOR DEFENDANTS:**

Respectfully Submitted,

*/s/Mark C. Goodman*
Mark C. Goodman
**BAKER & MCKENZIE LLP**
101 California Street, Ste 4100
San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

*Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC*

Mark D. Taylor
**BAKER & MCKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
mark.taylor@bakermckenzie.com

Colleen Baime
Laura Kelly
**BAKER & MCKENZIE LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

*Counsel for Defendant Namasté
Laboratories, LLC*

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
**ELLIS GEORGE LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com
spolatoglu@egcfirm.com

Jonathan Blakley
**GORDON REES SCULLY
MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY
MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc.,
L'Oréal USA Products, Inc. and SoftSheen-
Carson LLC*

Lori B. Leskin
E. Dean Harris Porter
**ARNOLD & PORTER KAYE
SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Dean.Porter@arnoldporter.com

Rhonda R. Trotter
**ARNOLD  &  PORTER  KAYE
SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
rhonda.trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature
LLC; Strength of Nature Global LLC; and
Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of
Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell
Enterprises, LLC f/k/a House of
Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries,
Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive, Suite 2950
Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products,
Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Edward P. Abbot
**ECKERT SEAMANS CHERIN & MELLOT, LLC**
275 Madison Avenue 10th Floor
New York, NY  10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Colleen M. Kenney
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
ckenney@sidley.com

Yvette Ostolaza
Amanda Crawford-Steger
Imani Maatuka
**SIDLEY AUSTIN LLP**
2021 McKinney Ave., Ste. 2000
Dallas, TX 75201
T: (214)981-3496
yostolaza@sidley.com
asteger@sidley.com
imaatuka@sidley.com

*Counsel for Defendant Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
T: (786) 957-1157
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com
Matthew.Wasserman@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
Matthew.Wasserman@dinsmore.com

Adam Fox
**DINSMORE & SHOHL LLP**
801 Pennsylvania Avenue N.W.
Suite 610
Washington, D.C. 20004
P: (202) 559-3615
F: (202) 372-9141
Adam.Fox@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*

Ashley C. Webber
Emily D. Robinson
**MARSH ATKINSON & BRANTLEY, LLC**
271 17th Street NW
Suite 1600
Atlanta, GA 30363
ashley.webber@mablawfirm.com
emily.robinson@mablawfirm.com

*Counsel for Defendant, Dudley Beauty Corp, LLC*

Daniel L. Stanner
Ashley Crettol Insalaco
Megan E. Ryan
**TABET DIVITO & ROTHSTEIN LLC**
209 S. LaSalle Street, 7th floor
Chicago, IL 60604
Tel: (312) 762-9450
dstanner@tdrlaw.com
ainsalaco@tdrlaw.com
mryan@tdrlaw.com

*Counsel for Defendant RNA Corporation*

Nancy L. Patterson
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX  77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
nancy.patterson@morganlewis.com

Mark A. Fiore
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: (609) 919-6600
Facsimile: (877) 432-9652
mark.fiore@morganlewis.com

*Counsel for Defendant John Paul Mitchell Systems, Inc.*

Leslie A. Federer, ARDC #6325614
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
191 N. Wacker Drive, Suite 2950
Chicago, Illinois 60606
(312) 767-1314
lfederer@maronmarvel.com

Robert E. Dille (*pro hac vice*)
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
201 St. Charles Ave., Suite 2411
New Orleans, Louisiana 70170
(504) 321-9331
rdille@maronmarvel.com

*Counsel for Defendant Murray's Worldwide, Inc.*