**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**JOINT STATUS REPORT REGARDING
REVLON THIRD PARTIES**

Co-Lead Counsel for Plaintiffs and counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, Revlon Group Holdings, LLC, and Roux Laboratories, Inc. (collectively "Revlon") provide this interim Joint Status Report pursuant to the July 2, 2025 Order issued by the Honorable Magistrate Judge Beth W. Jantz (Dkt. 1307). Per Judge Jantz's instructions, and in an effort to try to resolve this issue, Plaintiffs and Revlon met and conferred regarding the issue of third-party production on July 1, 2025. Below are the parties' respective positions to date.

**Third-Party Production**

    **Plaintiffs' Position:**

Following the July 1, 2025, meet and confer, Plaintiffs followed up with counsel for Defendants on July 3, 2025, regarding the ongoing, third parties, discovery dispute. This dispute centers around Revlon's ongoing failure to adequately supplement and respond to discovery, specifically identifying relevant third-party vendors involved in the development, manufacture, marketing, and testing of its hair relaxer products. Multiple Revlon depositions and document productions made by Revlon, in this litigation, have revealed the existence of previously undisclosed third-party vendors. These omissions confirm that Revlon has not adequately supplemented its discovery responses, including interrogatories identifying such vendors, as required under Federal Rule of Civil Procedure 26(e). This failure is particularly concerning given

Plaintiffs inability to assess the third parties, or their contracts, to determine where Revlon may have legal custody and control over the documents.

Revlon's position, that it is just as easy for plaintiffs to review production, fails to account for several factors including the Court's written discovery deadline[1], Defendant's obligation to supplement discovery under FRCP 33(d), and the Court's prior order, regarding Revlon's interrogatory answers, stating that "all that is required is that the producing party specify records 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party would.' Fed. R. Civ. P. 33(d)"[2]. Revlon cannot avoid answering interrogatories by producing a mass of business records from which Plaintiffs are expected to divine answers.

Plaintiffs specifically request that Revlon comply with the Federal Rules and this Court's prior rulings and supplement its discovery responses to interrogatories that request identification of third-party vendors that it is aware of.[3] Plaintiffs firmly believe Revlon should bear the burden to identify these third-party vendors. Revlon executed and maintained the contracts and had operation control.

To date, Revlon has refused to supplement the interrogatories or provide contracts for third party vendors. Instead, they have provided incomplete answers to interrogatories regarding third parties; have not identified the documents that contain the information regarding third parties; have not provided documents from third parties in their control; and have not provided contracts with third parties.

---

[1] All interrogatory responses were to be complete by February 28, 2025, per Minute Entry 884 issued on October 11, 2024. Third party production has been ordered by this Court unless there is a custody and control objection on May 20, 2025, per Minute Order 1234.
[2] Defendants were required to provide specific Bates citations pursuant to the Court's order on December 19, 2024, and in FRCP 33(d).
[3] Specifically, Plaintiffs have requested that Revlon supplement and amend Interrogatories Set 3, No.'s 2, 3, and 4; Set 5: No.'s 2, 3, and 5; Set 6: No.'s 6 and 12 and Set 7: No. 9.

To assist Revlon in this task, on July 3, 2025, Plaintiffs identified a narrowed set of third-party vendors and categories as "go gets" to help jump start Revlon's analysis and identification of third-party vendors. These "go get" categories for third-party identification and production include manufacturers, testers, marketing, and consultants. Despite Plaintiffs' repeated efforts to resolve this issue cooperatively through a good faith meet and confer process, Revlon refused to engage meaningfully and insisted on escalating the matter directly to Special Master Grossman, rather than working collaboratively to narrow disputes and fulfill its discovery obligations.

Therefore, Plaintiffs respectfully request this Court order Revlon to supplement their third-party interrogatory responses within fourteen days and on an ongoing basis as third parties are identified through deposition testimony. Once Revlon has identified the third parties through their interrogatory responses, the parties will then be in a position to address outstanding issues regarding third party contracts and whether they have a legal right to the third-party documents, either by agreement between the parties or with the assistance of the Court or Special Master Grossman. However, Revlon should not be permitted to get a second bite at the apple by using the Special Master to avoid Court orders that have controlled and been well understood for a long period of time simply because they do not like or agree with them.

Finally, Plaintiffs respectfully request that the Court not take up the other items Revlon improperly addresses in the interim joint status report as they are not appropriately brought at this time and are just further evidence of Revlon's attempts to circumvent and ignore this Court's prior rulings.

**Revlon's Position:**

Plaintiffs and Revlon remain at an impasse regarding the issue of third-party vendors, and Revlon requests that the Court refer the parties to Special Master Grossman, who was helpful in resolving prior discovery impasses between the parties. Indeed, at this juncture, Revlon respectfully implores the Court to refer *all* outstanding discovery issues between Plaintiffs and

Revlon to Special Master Grossman. Not only are there ongoing issues regarding third-party vendors, but Plaintiffs have now also requested supplemental responses to interrogatories *before* the completion of deposition discovery, a revised Bill of Materials, another deposition of Revlon's 30(b)(6) corporate representative who was already deposed, *see* Exhibit A,[4] and the deposition of a Spain employee who merely assisted in preparing a form IT report that Plaintiffs requested for purposes of this litigation, i.e., improper discovery on discovery, *see* Exhibit B. With all due respect, Plaintiffs' conduct has been and continues to be relentlessly wasteful and inefficient. In fact, based on Plaintiffs' approach to the three recent Revlon depositions and recent discovery demands, it is increasingly apparent that Plaintiffs have little interest in litigating the merits of this case and would prefer to conjure up new disputes and grievances with Revlon's discovery responses, now more than four months after the court-ordered close of document discovery. While Revlon is willing to be reasonable in light of the Court's rulings, it rejects any attempt by Plaintiffs to frame Revlon as uncooperative.[5] Over the past two years, Revlon has gone above and beyond to comply with Plaintiffs' hundreds of discovery requests in an effort to avoid protracted disputes and waste of the Court's resources. But, considering the over 40-year span of discovery Plaintiffs seek, the 13 years that Revlon did not manufacture hair relaxers when the product line was owned by Colomer, Revlon's May 2023 emergence from bankruptcy, the restructuring and decimation of Revlon's Multicultural Group (MCG), the millions of dollars Revlon has already spent on discovery, and the lack of proportionality to Plaintiffs' continuous discovery requests, Revlon respectfully requests that the Court refer the parties to Professor Grossman to handle all outstanding discovery issues as set forth herein.

Following the parties' latest meet and confer, Plaintiffs provided a list of 16 identified third-party vendors in addition to "[g]o get categories for third-party identification and production," which includes generally without limitation "manufacturers, testers, marketing, and consultants." As to the 16 identified third-party vendors, Revlon agrees to search for and produce any operative contract(s), if available, or otherwise send correspondence to the vendors that may be located, requesting production of relevant documents, if any and to the extent these third parties do not otherwise object, within a reasonable timeframe, despite Plaintiffs' failure to pursue such third-party discovery when they had ample opportunity to do so.[6] However, Revlon cannot agree to Plaintiffs' list of vague "go get" categories,[7] which effectively amounts to review of every document Revlon has produced given the decimation of Revlon's MCG and lack of any current employee with functional, firsthand knowledge regarding its historical hair relaxer operations. Moreover, Revlon is acutely aware that Plaintiffs' requests will not stop with these 16 third-party vendors, as evidenced by Plaintiffs' list of "go get" categories and recent demand regarding supplemental responses to interrogatories *before* the conclusion of depositions. Granting Revlon's request that this issue be referred to Professor Grossman would not be the first time the Court has

---

[4] Revlon is cognizant that this issue is currently not before the Court but maintains that addressing it in this interim JSR is prudent and necessary to provide context to Revlon's current level of frustration with Plaintiffs.

[5] Notably, Plaintiffs waited until May 2025 to ever raise the issue of Revlon's third-party document production. *See* Joint Status Report for the May 29, 2025 Discovery Status Conference, ECF No. 1236 at 27. Upon clarification that the scope of production extended beyond foreign regulatory materials, Revlon has taken a reasonable approach to Plaintiffs' demands by requesting appropriate identification of such third parties that are the subject of their requests.

[6] *See* Order dated June 9, 2025, ECF No. 1261 at 4.

[7] Respectfully, the term 'vendor' is all encompassing—it can include everyone over a 40-year period related to trade shows, temporary agencies, promotional displays, talent agencies, magazines, sponsorships, etc.

made such a referral for discovery issues related to Revlon's third-party vendors,[8] and a referral in this instance is appropriate, as the Special Master is well-equipped to also address the lack of clarity and specificity with respect to Plaintiffs' third-party document requests;[9] Revlon's control or lack thereof over documents in the third parties' possession based on the contract(s); and the issue of those subpoenas already served by Plaintiffs.[10]

On top of Plaintiffs' latest demands noted above, Plaintiffs also demand that Revlon supplement their answers to *at least* four sets of interrogatories within only 14 days. To demand such supplementation in the middle of ongoing depositions is extremely burdensome; and, in addition to the request that this issue be referred to Special Master Grossman, Revlon requests a reasonable deadline to supplement its responses *after* the conclusion of depositions. To force Revlon to use its limited resources to comply with Plaintiffs' unreasonable time limit in the midst of depositions is untenable and not proportional to the needs of the current state of this litigation, particularly considering that Revlon's document production contains the information Plaintiffs seek. Plaintiffs also surreptitiously requested supplemental interrogatories based upon Revlon's present knowledge; but, as noted above, Revlon is deprived of the sort of firsthand knowledge Plaintiff asserts it has regarding its historical hair relaxer operations given the decimation of its MCG. Plaintiffs have noticed the depositions of Revlon's former MCG employees, wherein they have a reasonable opportunity to ascertain information regarding third-party vendors.[11] Plaintiffs' latest requests are nothing more than an improper, backdoor attempt to have Revlon do their work for them by combing through over 97,000 produced documents, many of which relate to the Colomer years. Plaintiffs' burden in finding the information they seek in documents is less than Revlon's burden since Plaintiffs seemingly know what they are looking for.[12]

Dated: July 8, 2025

---

[8] *See* Order dated November 19, 2024, ECF No. 956 at 5 (referring Plaintiffs and Revlon to Professor Grossman on the issue of third-party discovery from the vendor that handled the SAP system transfer).

[9] Professor Grossman can address Plaintiffs' failure to describe the documents, let alone categories of documents, they seek with any semblance of particularity, which violates the Court's prior orders and Federal Rules of Civil Procedure regarding matters of proportionality and overbreadth. *See* Order dated February 19, 2025, ECF No. 1095 at 7 (quoting Standing Order on Discovery Motions and Motion to Compel); *see also Boyer v. Gildea*, 2008 WL 4911267, at *6 (N.D. Ind. Nov. 13, 2008) (noting FRCP 34(b)(1)(A) "requires that a request for production of documents describe the documents requested with 'reasonable particularity.'").Without such a narrowly tailored request, Revlon is deprived of the opportunity to make a meaningful request for documents from any third-party vendors. Likewise, Plaintiffs' failure to describe the categories of documents it seeks implicates important relevance considerations. *See Sapia v. Bd. of Educ. of the City of Chicago*, 2017 WL 2060344, at *2 (N.D. Ill. 2017) ("Failure to exercise [control over what is relevant] results in needless and enormous costs to the litigants and to the due administration of justice.").

[10] As to those entities, Revlon should not have to proceed further. *See* Order dated June 9, 2025, ECF No. 1261 at 4 (discussing the issue of Defendants' control over third-party documents and advising that parties should "attempt[] to avoid duplication with any subpoenaed entities").

[11] *See* Transcript of Hearing before Magistrate Judge Beth W. Jantz, December 15, 2024, ECF No. 987 at 73:19-21 (signaling that depositions could, in part, be used to figure out "gaps" among discovery responses).

[12] *See* Joint Status Report for the June 26, 2025 Discovery Status Conference, ECF No. 1269 at 12 ("Through the course of various discovery, . . . Plaintiffs have become aware of third parties who Plaintiffs anticipate will be part of this process unless objected to by Revlon.").

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| /s/Edward A. Wallace | /s/ Edward P. Abbot |
| Edward A. Wallace | Edward P. Abbot, Esq. |
| Edward A. Wallace | Erich Gleber, Esq. |
| WALLACE MILLER | Nicea J. D'Annunzio, Esq. |
| 150 N. Wacker Dr., Suite 1100 | Eckert Seamans Cherin & Mellot, LLC |
| Chicago, Illinois 60606 | 275 Madison Avenue 10th Floor |
| T: (312) 261-6193 | New York, NY 10016 |
| Email: eaw@wallacemiller.com | T: (646) 513-2358 |
| | eabbot@eckertseamans.com |
| *Plaintiffs' Liaison Counsel* | egleber@eckertseamans.com |
| | ndannunzio@eckertseamans.com |
| Diandra "Fu" Debrosse Zimmermann | *Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, Revlon Group Holdings, LLC, and Roux Laboratories, Inc.* |
| DICELLO LEVITT LLC | |
| 505 20th Street North, Suite 1500 | |
| Birmingham, Alabama 35203 | |
| T: (312) 214-7900 | |
| Email: fu@dicellolevitt.com | |

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
MOTLEY RICE LLC
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

Michael A. London
DOUGLAS & LONDON, P.C.
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
BEN CRUMP LAW FIRM
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*