# EXHIBIT B



Eckert Seamans Cherin & Mellott, LLC    TEL   646 513 2133
275 Madison Avenue    FAX   646 516 9008
10th Floor    www.eckertseamans.com
New York, NY 10016

July 3, 2025

**E-Mail And First-Class Mail**
Kristen Padden
DOUGLAS & LONDON, P.C.
59 Maiden Lane, Sixth Floor
New York, New York 10038
kpadden@douglasandlondon.com

Re: *In re Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation MDL No. 3060, Master Docket No. 1:23-cv-00818*
**Request to Withdraw or to Provide a Proffer as to the Deposition Request for Jorge Vilanova (Improperly Noticed As "Villanueva"), dated June 23, 2025**

Dear Ms. Padden:

    As you are aware, this office represents Revlon Inc., Revlon Consumer Products Corporation, Revlon Group Holdings LLC, and Roux Laboratories Inc. (hereinafter "Revlon") in the above referenced MDL. We are in receipt of Plaintiffs' email dated June 23, 2025 requesting the deposition of Jorge Vilanova (Improperly Noticed As "Villanueva"), as well as other depositions. At this time, we are requesting that the Plaintiffs withdraw the deposition request or in the alternative proffer a basis for the requested deposition of Jorge Vilanova, whose title at Revlon is Director, IT EMEA. Mr. Vilanova has no knowledge regarding hair relaxers, has never worked at the Jacksonville plant where relaxers were manufactured, is located in Spain, is a member of Bryan Shelley's Information Technology Team, and you have deposed Mr. Shelley for one day already and are requesting yet a second day with Mr. Shelley. In other words, Mr. Vilanova has no information to provide that goes to the merits of the case, and Plaintiffs' continuing efforts to pursue wasteful, harassing and, frankly, nonsensical "discovery" that has nothing to do with the underlying claims, must stop. Revlon has spent millions of dollars over the past two years responding to Plaintiffs' unorganized and unending discovery expeditions and feigned grievances with Revlon's responses and productions.

The references to Mr. Vilanova at Bryan Shelley's deposition provide no basis whatsoever for Plaintiffs to notice a deposition of Mr. Vilanova. Mr. Shelley referred to Mr. Vilanova in the context of information technology, limited to a specific form of report that Mr. Shelley requested of Mr. Vilanova, after it was requested by Plaintiffs. The extent of Mr. Vilanova's involvement was to provide a report that was created for this litigation, at Plaintiffs' request, as to the years each finished goods was on the market for sale or distribution in the US or outside the US. Specifically, Mr. Shelley testified:

> *Page 45*
> A. It's not related to the information. Bill
> 6 of material is the ingredients required. Has
> 7 nothing to do with the sales or the locations where
> 8 product is shipped.
> 9 Q. Okay. So what did you do to answer that
> 10 question?
> 11 A. So we have what we call a "BI," a business
> 12 intelligence system, that reads data from SAP. So
> 13 it's a separate environment that the sales team uses
> 14 to track materials, customer shipments. I contacted
> 15 Jorge Villanova, who is on my team, because he runs
> 16 that particular functional area, and --
> 17 Q. On your IT team?
> 18 A. On my IT team, yes.
> 19 And he's the one that I provided the part
> 20 numbers. And I told him that I needed to know what
> 21 countries/items were shipped by year for this list
> 22 of materials.
> 23 Q. Did he have to create a report or template
> 24 or did that exist?
>
> *Page 46*
> A. It existed already.
> 2 Q. Do you know why it existed?
> 3 A. It's used by sales to track, you know,
> 4 where they're selling product.
> 5 Q. Did Mr. Villanova run that?
> 6 A. Yes, he ran it for me.
> 7 Q. Do you know when he ran it?
> 8 A. I don't specifically remember the date.
> 9 Q. Do you remember, was it winter? Did he do
> 10 it in the fall?
> 11 Do you have a feel?
> 12 A. Late '24, early '25, if I recall.
> 13 Q. Where is Mr. Villanova's office?
> 14 A. Barcelona, Spain.

(Deposition of Bryan Shelley, June 5, 2025, 45:5-46:14)

Based upon the forgoing, it is transparent that Plaintiffs have no valid basis for seeking Mr. Vilanova's deposition, and instead are more concerned with harassing Revlon and burdening the company and its employees. Given that Mr. Vilanova's involvement is limited to assisting in

responding to Plaintiffs' discovery requests, the deposition plainly seeks discovery on discovery, which is routinely rejected by courts. *See, e.g., Downing v. Abbott Lab'ys*, 2017 WL 11812654, at *3 (N.D. Ill. Nov. 2, 2017) (denying plaintiff's request for a 30(b)(6) deposition as a form of 'discovery on discovery' that was based on "mere speculat[ion] that [defendant] may have had additional documentation that it has not produced, providing no tangible evidence to support [that] position"); *Zeitlin v. Bank of Am., N.A.*, 2021 WL 5154114, at *2 (D. Nev. Nov. 5, 2021) (holding plaintiffs were not entitled to question a Rule 30(b)(6) witness on discovery methods because "[n]ot only would such discovery be overly burdensome, . . . but such discovery is precluded by Rule 26(b)(1), which limits discovery to any nonprivileged matter that is relevant to any party's claim or defense"); *246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, 2011 WL 13254283, at *4 (E.D.N.Y. Apr. 1, 2011) (denying discovery on discovery request pursuant to Rule 26(b)(1) because "[n]one of the requests bear[ed] on plaintiff's underlying claim; rather, they represent[ed] plaintiff's meandering attempt to prove defendant's noncompliance with its discovery obligations.").. Accordingly, Revlon is requesting that Plaintiffs withdraw the request for Mr. Vilanova's deposition or proffer the rationale for the deposition of Mr. Vilanova. Mr. Vilanova simply ran a form report, requested of him by his supervisor colleague Mr. Shelley, for purposes of responding to Plaintiffs' discovery demands, and he has no substantive knowledge of the issues in this case or as to hair relaxers. To disrupt Mr. Vilanova's work schedule, bring him to the US from Spain or even arrange for him to participate in a Zoom deposition is not only harassing but it is also irrelevant and not proportional to the needs of this litigation, were it even appropriate under applicable law, which it is not. Mr. Shelley has testified on behalf of Revlon, and if Plaintiffs considered a form report of such import, they certainly had the opportunity to question Mr. Shelley further on it during Mr. Shelley's June 5, 2025 deposition, which only went from 10:04 AM to 1:51 PM despite Mr. Shelley being ready, willing and able to testify the remainder of the day.

Sincerely,

_____
Edward P. Abbot
Eckert Seamans Cherin & Mellot, LLC
275 Madison Avenue 10th Floor
New York, NY 10016
T: (646) 513-2358

eabbot@eckertseamans.com
*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC and Roux Laboratories Inc.*

CC: Holly Nighbert
Simmons Hanly Conroy LLC
One Court Street
Alton, Illinois 62002
Email: hnighbert@simmonsfirm.com

Larry Taylor, Jr.
Danae Benton
Cochran Firm – Texas
1825 Market Center Blvd., Suite 500
Dallas, TX 75207
Tel: 214-651-4260
Email: ltaylor@cochrantexas.com
   dbenton@cochrantexas.co

Fidelma Fitzpatrick
Motley Rice LLC
40 Westminster Street, Fifth Floor
Providence, RI 02903
Tel: (401) 457-7728
Email: ffitzpatrick@motleyrice.com

Diandra "Fu" Debrosse Zimmermann
DiCello Levitt LLC
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel: (312) 214-7900
Email: fu@dicellolevitt.com

Mark Goodman
Baker & McKenzie LLP
Two Embarcadero Center, Suite 1100
San Francisco, California 94111
Tel: (415) 576 3080
Email: mark.goodman@bakermckenzie.com

Michael London
Douglas & London
59 Maiden Lane Floor 6,
New York, NY 10038
Tel: 212-566-7500
Email: mlondon@douglasandlondon.com