**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**COURT CALL LIST FOR THE**
**JULY 30, 2025 COURT CALL HEARING**

Co-Lead Counsel for Plaintiffs and counsel for Defendants hereby provide the Plaintiff Fact Sheet ("PFS") Court Call List for the July 30, 2025 Court Call Hearing ("July Court Call List"). The July Court Call List is attached hereto as Exhibit A and contains 124 plaintiffs who Defendants assert are in violation of CMO 9. Documentation supporting the inclusion of these plaintiffs on the July Court Call List is attached hereto as Exhibit B. The parties can make electronic versions of this supporting documentation available at the Court's request.

In compliance with CMO 9, the parties held a one-and-a-half-hour virtual Compliance Meet and Confer on July 14, 2025, whereby each plaintiff's counsel had the opportunity to voice their position or speak with their Designated Defendant regarding alleged PFS delinquencies and/or deficiencies. Of the 124 total plaintiffs on the July Court Call List, 4 (4 Plaintiffs' firms) seek to be heard at the July 30, 2025 Hearing.

The July Court Call List is organized as described below and is intended to serve as a framework for the hearing. The parties propose the hearing to proceed in the order of the Schedules (Schedule 1 first and so on) and in the order of each plaintiff who seeks to be heard (as noted in the column titled "Want to be heard at CMO 9 Hearing").

CMO 9 sets out a negotiated process for Defendants to seek an appropriate remedy as to plaintiffs who Defendants allege fail to comply with their discovery obligations under the Order. The Court Call Hearing provides Plaintiffs the opportunity to address the Court and establish good cause for their alleged failures to make discovery disclosures as required under CMO 9 or be subject to an order to show cause, an order compelling production, dismissal with or without prejudice, or be subject to any other relief as the Court may order. In accordance with the CMO 9 process, Plaintiffs on the July Court Call List are separated into 11 Schedules.

### I. The Parties Agree to Dismissal <u>Without</u> Prejudice Converting to With Prejudice, If Not Refiled

Schedule 1 includes Plaintiffs whose counsel, in exchange for Defendants not seeking dismissal with prejudice, agreed that Plaintiffs will be dismissed without prejudice to convert to a dismissal with prejudice if Plaintiff does not refile or move for reinstatement in this MDL by December 30, 2025 (and produce a complete PFS and authorizations pursuant to CMO 9 within 10 business days of refiling/reinstatement). If Schedule 1 Plaintiffs fail to refile or move for reinstatement by December 30, 2025, the dismissal of the Schedule 1 Plaintiffs' cases will automatically convert to a dismissal with prejudice on December 31, 2025, with no further docket entry required. Schedule 1 includes 56 plaintiffs, none of whom want to be heard.

### II. Recently Deceased Plaintiffs Who Have Not Filed a Notice of Suggestion of Death

Schedule 2 includes Plaintiffs who were recently discovered to be deceased, but whose counsel have not filed a Notice of Suggestion of Death. Defendants seek an order instructing Plaintiffs to file a Suggestion of Death by August 6, 2025, in accordance with this Court's previous rulings and the Federal Rules, and that the Court order the Parties to file a status report 90 days

thereafter (i.e., by November 4, 2025). *See e.g.,* ECF No. 1149; FRCP 25. Schedule 2 includes 2 Plaintiffs, neither of whom seek to be heard.

### III. Plaintiffs Subject to the February 28, 2025 PFS Deadline Who Are Delinquent

Schedule 3 includes Plaintiffs who filed and served their cases by February 1, 2024 (and were, therefore, subject to the February 28, 2025 PFS deadline). ECF No. 961. Schedule 3 Plaintiffs failed to submit a PFS and at least one authorization. Defendants seek an order dismissing these cases with prejudice. Schedule 3 includes 4 Plaintiffs (including 1 *pro se* Plaintiff), 1 of whom seeks to be heard.

### IV. Plaintiffs Not Subject to the February 28, 2025 PFS Deadline, Who Are Delinquent and/or Failed to Respond to a Deficiency Letter, and with Whom No Agreement Was Reached

Schedule 4 includes Plaintiffs who failed to submit a PFS and at least one authorization or failed to respond to a deficiency letter. These Plaintiffs were not subject to the February 28, 2025 PFS discovery deadline. Defendants offered to agree to dismissal without prejudice, to convert to dismissal with prejudice if Plaintiff does not refile or move for reinstatement in this MDL by December 30, 2025 (and produce a complete PFS and authorizations pursuant to CMO 9 within 10 business days of refiling/reinstatement), but these Plaintiffs did not agree. Schedule 4 Plaintiffs have not requested an extension to cure their noticed delinquencies or deficiencies. Defendants seek an order dismissing these cases. Schedule 4 includes 16 Plaintiffs, none of whom seek to be heard.

### V. Plaintiffs Not Subject to the February 28, 2025 PFS Deadline Who Seek Extensions to Cure Noticed Delinquencies or Deficiencies

Schedule 5 includes Plaintiffs who seek extensions to cure their noticed delinquencies or deficiencies and **were not** subject to the February 28, 2025 PFS deadline. Defendants denied these extension requests because these Plaintiffs had several months to comply with CMO 9 and do not

3

present extenuating circumstances that would warrant further time to comply. Defendants seek an order dismissing these cases. Schedule 5 includes 18 Plaintiffs, 2 of whom seek to be heard.

VI. **Plaintiffs with Substantive Deficiencies**

In an effort to continue to streamline oral argument, Schedules 6 through 11 below identify a specific category of substantive deficiency. Plaintiffs with more than one type of substantive deficiency appear on more than one of the substantive deficiency Schedules (6-11). None of the Plaintiffs on Schedules 6-11 were subject to the February 28, 2025 PFS deadline. Defendants seek a Court Order compelling Plaintiffs on Schedules 6-11 to cure their noticed deficiencies by August 29, 2025, and if plaintiffs fail to cure by August 29, 2025, dismissing their case. The Court has already provided instructive guidance on all of the deficiency types included in Schedules 6-11. *See e.g.,* ECF No. 1076 (ordering plaintiffs on the February Court Call List with the same substantive deficiency to cure their noticed deficiencies by February 28, 2025, or be dismissed without prejudice). In total, the substantive deficiency schedules (6-11) include 28 Plaintiffs, 1 of whom seeks to be heard.

    a) **Schedule 6: Failure to identify Plaintiff's SSN.** This Schedule includes 1 Plaintiff, who does not seek to be heard. Defendants seek an order compelling Plaintiff to provide her SSN by August 29, 2025 or be dismissed. *See* ECF No. 1076 (ordering plaintiffs on February Court Call List Schedule 8 "to provide their social security number" by Court-ordered deadline or face dismissal).

    b) **Schedule 7: Failure to adequately identify damages claimed in this litigation.** This Schedule includes 2 Plaintiffs, none of whom seek to be heard. Defendants seek an order compelling Plaintiffs to adequately identify their claimed damages by August 29, 2025 or be dismissed. *See* ECF No. 1076 (ordering plaintiffs on February Court Call List Schedule 9 "to adequately identify their claimed damages" by Court-ordered deadline or face dismissal).

    c) **Schedule 8: Failure to adequately identify the product(s) that Plaintiff claims caused Plaintiff's alleged injury.** This Schedule includes 4 Plaintiffs, none of whom seek to be heard. Defendants seek an order compelling Plaintiffs to identify by name each of the products they claim caused and/or contributed to their injuries and/or to provide the frequency of use of such products by August 29, 2025. *See* ECF No. 1076 (ordering plaintiffs on February Court Call

List Schedule 10 "adequately identify the products that allegedly caused their injuries" by Court-ordered deadline or face dismissal). Pursuant to the Court's prior guidance, plaintiffs are not included on Schedule 8 if their only deficiency is to provide insufficient specificity regarding frequency of use and/or dates of use of identified products. *See* ECF No. 941

d) **Schedule 9: Failure to respond to document requests or produce responsive documents in Plaintiff's possession.** This Schedule includes 7 Plaintiffs, none of whom seek to be heard. Defendants seek an order compelling these Plaintiffs to fully respond to the document requests in the PFS and/or to produce the responsive documents in their possession by August 29, 2025 or be dismissed. *See* ECF No. 1076 (ordering plaintiffs on February Court Call List Schedule 11 "to produce [*sic*] responsive documents in their possession, custody, or control" by Court-ordered deadline or face dismissal).

e) **Schedule 10: Failure to include a validly signed declaration verifying the accuracy and completeness of Plaintiff's PFS.** This Schedule includes 1 Plaintiff, who does not seek to be heard. Defendants seek an order compelling these plaintiffs to provide validly signed declarations verifying the accuracy and completeness of Plaintiffs' PFSs by August 29, 2025 or be dismissed. *See* ECF No. 1076 (ordering plaintiffs on February Court Call List Schedule 12 "to provide a validly signed declaration verifying the accuracy and completeness of their PFS" by Court-ordered deadline or face dismissal).

f) **Schedule 11: Failure to produce completed and validly signed authorizations.** This Schedule includes 25 Plaintiffs, 1 of whom seeks to be heard. Defendants seek an order compelling these Plaintiffs to produce completed and validly signed authorizations by August 29, 2025 or be dismissed. *See* ECF No. 1076 (ordering plaintiffs on February Court Call List Schedule 13 "to produce completed and validly signed authorizations" by Court-ordered deadline or face dismissal).

Dated: July 25, 2025

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| /s/Edward A. Wallace | /s/Mark C. Goodman |
| Edward A. Wallace | Mark C. Goodman |
| **WALLACE MILLER** | **BAKER & MCKENZIE LLP** |
| 150 N. Wacker Dr., Suite 1100 | 101 California Street, Ste 4100 |
| Chicago, Illinois 60606 | San Francisco, California 94111 |
| T: (312) 261-6193 | T: (415) 576-3080 |
| Email: eaw@wallacemiller.com | mark.goodman@bakermckenzie.com |
| *Plaintiffs' Liaison Counsel* | *Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC* |

5

<div style="column-count:2">

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
T: (312) 214-7900
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

Mark D. Taylor
**BAKER & MCKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
mark.taylor@bakermckenzie.com

Colleen Baime
Laura Kelly
**BAKER & MCKENZIE LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

*Counsel for Defendant Namasté Laboratories, LLC*

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
**ELLIS GEORGE LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com
spolatoglu@egcfirm.com

</div>

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
E. Dean Harris Porter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Dean.Porter@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
rhonda.trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive, Suite 2950
Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Edward P. Abbot
**ECKERT SEAMANS CHERIN & MELLOT, LLC**
275 Madison Avenue 10th Floor
New York, NY 10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com
Colleen M. Kenney
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
ckenney@sidley.com

Yvette Ostolaza
Amanda Crawford-Steger
Imani Maatuka
**SIDLEY AUSTIN LLP**
2021 McKinney Ave., Ste. 2000
Dallas, TX 75201
T: (214)981-3496
yostolaza@sidley.com
asteger@sidley.com
imaatuka@sidley.com
*Counsel for Defendant Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
T: (786) 957-1157
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com
Matthew.Wasserman@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
Matthew.Wasserman@dinsmore.com

Adam Fox
**DINSMORE & SHOHL LLP**
801 Pennsylvania Avenue N.W.
Suite 610
Washington, D.C. 20004
P: (202) 559-3615
F: (202) 372-9141
Adam.Fox@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*

Ashley C. Webber
Emily D. Robinson
**MARSH ATKINSON & BRANTLEY, LLC**
271 17th Street NW
Suite 1600
Atlanta, GA 30363
ashley.webber@mablawfirm.com
emily.robinson@mablawfirm.com

*Counsel for Defendant, Dudley Beauty Corp, LLC*

Daniel L. Stanner
Ashley Crettol Insalaco
Megan E. Ryan
**TABET DIVITO & ROTHSTEIN LLC**
209 S. LaSalle Street, 7th floor
Chicago, IL 60604
Tel: (312) 762-9450
dstanner@tdrlaw.com
ainsalaco@tdrlaw.com
mryan@tdrlaw.com

*Counsel for Defendant RNA Corporation*

Nancy L. Patterson
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
nancy.patterson@morganlewis.com

Mark A. Fiore
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Facsimile: (877) 432-9652
mark.fiore@morganlewis.com

*Counsel for Defendant John Paul Mitchell Systems, Inc.*

Leslie A. Federer, ARDC #6325614
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
191 N. Wacker Drive, Suite 2950
Chicago, Illinois 60606
(312) 767-1314
lfederer@maronmarvel.com

Robert E. Dille (*pro hac vice*)
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
201 St. Charles Ave., Suite 2411
New Orleans, Louisiana 70170
(504) 321-9331

*Counsel for Defendant Murray's Worldwide, Inc.*