IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 <br><br> Master Docket No. 23-cv-0818 <br><br> Judge Mary M. Rowland |

### ORDER

Hearing held regarding bellwether discovery disputes on 7/24/25. The Court heard argument and addressed issues raised in the Joint Status Report [1334]. To the extent a portion of a discovery request was not disputed, the Court's rulings shall not be construed as limiting or altering the non-disputed requests in part or in whole. The Court rules as follows:

**Interrogatories and Related Requests for Production Issued by Defendants to Plaintiffs**

- When seeking information about alternative causation, the relevant time period is coextensive with the time period of the Plaintiffs' hair relaxer product use. When seeking other information, the time period must be more tailored.
- Interrogatory No. 2: The parties are to meet-and-confer to narrow the products listed in Interrogatory No. 2. To the extent the parties cannot reach agreement on any products, by 8/4/25, the parties are to file briefs setting forth the relevance (or lack thereof) of the products in dispute.
- Interrogatory No. 3: Plaintiffs shall identify all hair care products identified in Interrogatory No. 2 used in connection with the hair relaxer products listed and identified in the Plaintiff Fact Sheet ("PFS").
- Interrogatory No. 9 and Request for Production No. 40: Plaintiffs shall identify all other lawsuits filed and claims made for which they sent demand letters

relating to claims that exposure to chemicals caused any bodily injury. Workers' compensation claims are considered lawsuits and should be disclosed if related to exposure to chemicals. Production shall be limited to the complaint or demand letter.

- <u>Interrogatory No. 10 and Request for Production No. 42</u>: Defendants may not request information or documents relating to payments, compensation, donations, or financial support Plaintiffs have received for their alleged injury or treatment in this lawsuit.
- <u>Interrogatory No. 11</u>: Plaintiffs must answer this interrogatory with respect to all store loyalty card programs in which they participated to the extent Plaintiff can recall for a period of 10 years before the date of her diagnosis of the injury at issue.
- <u>Interrogatory No. 12 and Request for Production No. 30</u>: Plaintiffs are to answer Interrogatory No. 12 and produce documents responsive to RFP No. 30 consistent with Case Management Order No. 4, the Stipulated Protocol for Producing Documents and Electronically Stored Information.
- <u>Interrogatory No. 13</u>: Plaintiffs must answer this interrogatory for a time period of 10 years before the date of her diagnosis of the injury at issue.
- <u>Interrogatory No. 14</u>: Plaintiffs must answer this interrogatory for a time period coextensive with the time period of Plaintiffs' hair relaxer product use.
- <u>Interrogatory No. 15 and Request for Production No. 25</u>: Plaintiffs must respond to this interrogatory and produce documents responsive to RFP No. 25 with respect to their history of human papillomavirus, chlamydia, and HIV for a time period of 10 years before the date of her diagnosis of the injury at issue. Defendants may not request information about a plaintiff's history of herpes or hepatitis.
- <u>Interrogatory No. 16 and Request for Production No. 34</u>: Plaintiffs must answer this interrogatory and produce documents responsive to RFP. No. 34 for a time period of 10 years before the date of her diagnosis of the injury at issue. The parties must meet-and-confer before serving subpoenas on Plaintiffs' insurers, including Medicare and Medicaid.
- <u>Interrogatory No. 17</u>: To the extent Plaintiffs have undergone genetic testing, genetic counseling, or toxicological testing for purposes of diagnosis and treatment, they must provide such information even if they pursued services through a commercial retail entity. Use of commercial genetic testing is otherwise irrelevant.

- <u>Interrogatory No. 18</u>: Plaintiffs shall answer this interrogatory with respect to their siblings, parents, and grandparents. Defendants may not request these relatives' names or addresses.
- <u>Interrogatory No. 19 and Request for Production of Documents Nos. 22 and 24</u>: Plaintiffs must answer this interrogatory and produce documents responsive to RFP Nos. 22 and 24 with respect to their primary care physician, their oncologist, and their internist. To the extent other health care providers are relevant, Defendants may request relief from the Court to seek additional information.
- <u>Interrogatory No. 20</u>: If Plaintiffs are claiming an underlying psychiatric injury, Plaintiffs must answer this interrogatory for a time period of 10 years before the date of her diagnosis of the injury at issue.
- <u>Interrogatory No. 21</u>: Plaintiffs must answer this interrogatory with respect to tobacco products.
- <u>Interrogatory No. 22</u>: Plaintiffs must answer this interrogatory.
- <u>Interrogatory No. 23</u>: At this stage, Defendants are not permitted to request information regarding Plaintiffs' recreational drug use or illegal drugs or prescription drug use for nonmedical purposes. If a plaintiff's medical records contain evidence of such drug use, Defendants may request relief from the Court to seek additional information.

**Requests for Production Issued by Defendants to Plaintiffs**

- <u>Request for Production Nos. 4 and 5</u>: Plaintiffs must produce credit card statements that show hair relaxer product purchases for a time period of 24 months before the date of filing their individual claims in this MDL.
- <u>Request for Production No. 6</u>: Plaintiffs must produce course books for cosmetology courses or training in which Plaintiffs participated.
- <u>Request for Production No. 10</u>: The parties report this dispute is resolved. Plaintiffs do not object to producing employment records for Plaintiffs' employment at a salon.
- <u>Request for Production No. 13</u>: Plaintiffs must produce the documents responsive to RFP No. 13.
- <u>Request for Production No. 26</u>: Plaintiffs are not required to provide this information.
- <u>Request for Production No. 27</u>: Plaintiffs must produce journals or diaries related to the conditions a plaintiff alleges is an injury at issue in this litigation, including but not limited to infertility.

- <u>Request for Production No. 28</u>: Plaintiffs must produce documents related to treatment for smoking cessation and alcoholism. If a plaintiff's medical records contain evidence of illicit drug use, Defendants may request relief from the Court to seek additional documents.
- <u>Request for Production No. 32</u>: Plaintiffs must produce documents responsive to RFP No. 32 consistent with Case Management Order No. 4, the Stipulated Protocol for Producing Documents and Electronically Stored Information.
- <u>Request for Production No. 35</u>: The parties report this dispute is resolved. Plaintiffs do not object to producing medical bills or statements related to the injuries claimed in this lawsuit.
- <u>Request for Production No. 37</u>: The parties report there is no global dispute. Plaintiffs do not object to producing documents regarding their employment from 10 years prior to the date of their first diagnosis of their injury at issue.
- <u>Request for Production No. 38</u>: The Court declines to impose an obligation on Plaintiffs to conduct third party discovery. Consistent with the Court's other rulings, Plaintiffs will produce documents related to workers' compensation claims regarding chemical exposure and employment records.

E N T E R:

Dated: August 1, 2025

*Mary M Rowland*
_____
MARY M. ROWLAND
United States District Judge