## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>Hon. Beth W. Jantz<br><br>This document relates to: All Cases |

## ORDER

The Court has reviewed the parties' Joint Report Regarding Plaintiffs' Third-Party Subpoenas (Dkt. 1367). Based on the Court's review, there appear to be about 92 subpoenas that seek documents that Plaintiffs contend are under a Defendant's control, and presumably according to Plaintiffs should have been produced by a Defendant in response to a discovery request; and about 36 subpoenas that seek documents that Plaintiffs represent are not under a Defendant's control. In other words, there are about 92 subpoenas that may potentially fall away if the corresponding Defendant produces the requested documents or the parties otherwise come to some agreement. But, that means that there are about 36 subpoenas for which enforcement, if Plaintiffs and the subpoenaed party are at impasse, will need to be initiated in the judicial District where compliance is demanded. Any motions or applications relating to subpoenas must be filed in the judicial District where the subpoena demands compliance. *See* FRCP 45.

The parties shall include an updated Excel version of the subpoena chart with the August 28, 2025 Joint Status Report, and each monthly JSR thereafter. The charts shall be updated to indicate the progress that Plaintiffs (or the parties) have made in advancing or resolving each subpoena. If Plaintiffs obtain the documents that are demanded in a subpoena, if a Defendant changes its position and agrees documents are under its control and will be produced, or if Plaintiffs agree/choose not to pursue certain subpoenas, that subpoena should fall away from the chart to

streamline the Court's tracking. The parties should continue to meet and confer in advance of the September status hearing on a Defendant-by-Defendant basis on any subpoenas that relate to them. Given the volume of subpoenas that have been issued, no motions regarding these subpoenas may be filed in this District until discussed with the Court in a JSR and at a status hearing.

The Court acknowledges Defendants' objection "that a table simply asserting 'custody' or 'presumptive control' does not meet the fact-specific analysis required under the law" to confirm that a third-party document is under a certain party's control. Dkt. 1367 at 12. The Court's purpose in requesting this chart is not to decide the merits of any given discovery or subpoena dispute, nor to signal a more lenient legal standard. As the Court stated at the July 31, 2025 status hearing, the chart is solely to track how many subpoenas Plaintiffs have issued; how many of those subpoenas may fall away if the documents are produced through another channel; and how many subpoena disputes (if any) will need to be initiated in a different judicial District. *See* Dkt. 1363 at 39–46. The Defendants have not waived any timeliness or other objections by participating in the collation of this information.

SO ENTERED AND ORDERED.

DATED: August 11, 2025

_____
HON. BETH W. JANTZ
United States Magistrate Judge