IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M Rowland<br><br>**This document relates to:**<br>*All Cases* |

## PLAINTIFFS' MEMORANDUM REGARDING MDL ENFORCEMENT OF PRETRIAL SUBPOENAS

In follow up to the September 4, 2025 Discovery Case Management Conference, the Court asked Plaintiffs to provide briefing regarding the ability of an MDL court to enforce document-related subpoenas served on out-of-district third-parties.

As the Court is aware, Plaintiffs have served several document subpoenas on third parties that reside outside this District. It likely will become necessary for a mechanism to address motions to compel compliance with those subpoenas. The Court has posed the question whether it has the authority to adjudicate motions to compel these document subpoenas – the answer is yes.

28 USC § 1407(b) authorizes MDL courts to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." Several courts have held § 1407(b) authorizes enforcement of subpoenas for production of documents against non-parties as well. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468–469 (6th Cir.2006); *In re Genetically Modified Rice Litig.*, 2009 WL 3164425, at *1 (E.D. Mo. Sept. 28,

2009); *In re San Juan Dupont Plaza Hotel Fire Litigation,* 117 F.R.D. 30 (D.P.R.1987); *In re Neurontin Mktg., Sales Pracs., & Prods. Liab. Litig.*, 245 F.R.D. 55, 57–59 (D. Mass. 2007).

Some third parties have objected to enforcement by MDL courts, arguing that Fed. R. Civ. P. 45 was amended in 2013 to specifically provide a "transfer" mechanism from the "court of compliance" (i.e. the district where compliance is required by the subpoena) to the "issuing court" (i.e. the district where the underlying litigation is pending). The current version of Rule 45 directs subpoena-related motions to be filed in "the court for the district where compliance is required." FRCP 45(d)(2)(B)(i); (d)(3)(A).[1]

Nevertheless, several MDL courts have continued to enforce subpoenas post-2013, holding that while Rule 45 may direct the procedure for addressing compliance with an extra-district subpoena in a "normal" case, MDL courts have plenary power under § 1407(b) to enforce compliance with such subpoenas.[2] *See In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2016 WL 756485, at *2 (S.D.W. Va. Feb. 25, 2016); *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2017 WL 1090029, at *1 (S.D.W. Va. Mar. 21, 2017); *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 2014 WL 2884726, at *1 (S.D.N.Y. June 26, 2014); *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2014 WL 1660386, at *2 n.1 (S.D.W. Va. Apr. 22, 2014) ("[T]his court is not located in the district

---

[1] Prior to the 2013 amendments, Rule 45 directed that subpoena related motions be filed in "the court by which a subpoena was issued."

[2] Plaintiffs searched for but were unable to find any authority in the Seventh Circuit or the Northern District of Illinois that was on point. There are a few "normal" cases addressing post-2013 transfer of motions to compel, but nothing was found examining this issue in the MDL context. *See, e.g., Elliot v. Mission Tr. Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *1 (N.D. Ill. Apr. 7, 2015) (addressing the transfer process generally under Rule 45).

where compliance of the subpoena is required. Nonetheless, jurisdiction to resolve the motion to quash or modify exists in this court under 28 U.S.C. § 1407."); *In re: Am. Med. Sys., Inc.*, 2016 WL 3077904, at *2 (S.D.W. Va. May 31, 2016) (noting that "[i]n addition [to the Rule 45(f) transfer], jurisdiction to resolve the motion to quash or modify exists under 28 U.S.C. § 1407."); *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 11539533, at *2 (N.D. Ala. Dec. 4, 2017) ("The Magistrate Judge for the Northern District of Alabama has authority under § 1407(b) to resolve the motion because he acts as a judge of the Southern District of Florida.")[3,4]

Accordingly, the prevailing view appears to be that the broad power conferred on MDL transferee courts authorizes centralized enforcement of subpoenas in MDL proceedings, and the 2013 amendments to Rule 45 do not affect § 1407. Another recent example of an MDL court determining it had power to centrally resolve all subpoena related matters is MDL No. 2724 (16-md-2724), *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, in the Eastern District of Pennsylvania. In that case, a third party objected to the jurisdiction of the MDL court to decide a subpoena related motion, relying on the "court of compliance" language in Rule 45. The special master found that the court

---

[3] The decision in *Blue Cross Blue Shield* is notable because that MDL was assigned to Judge David Proctor of the Northern District of Alabama, who was a member of the Judicial Panel on Multidistrict Litigation at that time.

[4] To be fair, some courts have reached a different conclusion, holding that Rule 45 controls the procedure post-2013, not § 1407. *See, e.g.*, *In re: Monitronics Int'l, Inc.*, 2014 WL 12623046, at *2 (N.D.W. Va. June 19, 2014); *In re Packaged Seafood Prods. Antitrust Litig.*, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018); *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2014 WL 3035791, at *1 (E.D. Pa. July 1, 2014) (deciding motion transferred to MDL court by compliance court, but transfer was not contested). *In re ClassicStar Mare Lease Litig.*, 2017 WL 27455, at *1 (E.D. Ky. Jan. 3, 2017) (noting the lack of clarity on this issue in the MDL context).

had jurisdiction under 28 USC § 1407 to enforce the document production subpoena and granted the motion to compel. The third party objected to the special master's report, and in response, the MDL parties submitted a joint proposal to centralize all subpoena related disputes in the MDL court. The district court overruled the objection, issued an order confirming its jurisdiction under § 1407, and simultaneously issued PTO 148 regarding "Centralized Enforcement of Pretrial Subpoenas." These orders do not appear to be on Westlaw, but Plaintiffs have attached them to this memorandum as follows:

- Exhibit 1: Dkt. No. 1529, Special Master's Report and Recommendations (9/30/20)
- Exhibit 2: Dkt. No. 1586, Joint Motion to Permit Centralized Enforcement of Pretrial Subpoenas (11/11/20)
- Exhibit 3: Dkt. No. 1620, Order denying objection to Report and Recommendations (12/8/20)
- Exhibit 4: Dkt. No. 1621, Pretrial Order No. 148 (Central Enforcement of Pretrial Subpoenas) (12/8/20).

Plaintiffs met and conferred with Defendants prior to filing this memorandum, and Defendants take no position on this issue.

## CONCLUSION AND PRAYER

Plaintiffs submit that 28 U.S.C. § 1407 confers jurisdiction on this Court to enforce document subpoenas as well as deposition subpoenas. While some courts have held otherwise, the unique pretrial management issues inherent in MDL case management, including overseeing pretrial discovery, compel the conclusion that § 1407's broad grant of authority encompasses the power to decide all subpoena related matters in an MDL, and is not limited by the current version of Fed. R. Civ. P. 45.

Dated: September 12, 2025					Respectfully submitted,

  /s/ *Edward A. Wallace*
Edward A. Wallace
**WALLACE MILLER**
200 W. Madison Street, Suite 3400
Chicago, Illinois 60606
Tel.: 312-261-6193
Email: eaw@wallacemiller.com
*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com
*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com
*Plaintiffs' Co-Lead Counsel*