UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>District Judge Mary M. Rowland<br>Magistrate Judge Beth W. Jantz<br><br>This document relates to: All Cases |

# ORDER

The Court held a status hearing to discuss the status of discovery and address the various issues raised in the parties' August 28, 2025 Joint Status Report (JSR). Dkt. No. 1393. The hearing was held on September 4, 2025, and a portion of the hearing (just as to Avlon-specific issues) was continued to September 8, 2025. Dkt. Nos. 1405, 1407 (transcripts of proceedings).

This Order memorializes the salient aspects of those hearings and the Court's corresponding rulings. The parties should read the full text of this Order for deadlines and rulings.

The next in-person status hearing is scheduled for October 9, 2025, at 10:00AM (Central). The parties shall submit a JSR on the status of discovery by October 2, 2025.

I.      **Global Issues**

   A.      **Tabitha O'Dell Documents and Deposition**

The Parties discussed the deposition of Tabitha O'Dell. O'Dell's counsel was present at the hearing and represented that he would work with O'Dell and Plaintiffs' counsel to schedule a day/time for her deposition, and the parties should meet and confer on this by September 11, 2025.

   B.      **Outstanding Discovery Related to Purported "Control" Over Documents in the Possession of Third Parties**

The Parties disputed whether some contracts were produced by defendants that could possibly show control (or not) over responsive documents in the custody of third-party vendors. Plaintiffs were ordered to supply all individual defendants with a list of what they think is outstanding by September 15, 2025. Each individual defendant shall respond to the plaintiffs by September 26, 2025. Any outstanding issues that have not been resolved must be identified in the next JSR, due on October 2, 2025, on a defendant-by-defendant basis. The Court acknowledges that defendants are not waiving timeliness or other defenses by participating in this process, but the Court believes that this back-and-forth may help to narrow down what might still be at issue or not.

**The parties are reminded that the deadline for issuing any third party document subpoenas was June 26, 2025, Dkt. No. 1261 at 4, "unless this Court rules otherwise on specific issues/entities at a later date. . . . This [was] the final**

2

**deadline on this issue for all parties given that the written discovery closed [in late February 2025."** So, any third-party document subpoenas issued after that June 26 date will not be referee'd or enforced by this Court absent the issuing party having sought and received approval from this Court for issuance of such subpoenas.

### C. Depositions

Given that Judge Rowland has under advisement Plaintiffs' request for an extension of the oral discovery schedule, and ordered the parties to file a short joint status report by September 24, 2025, updating the Court as to deposition progress and status, the September 24, 2025 JSR to Judge Rowland should also attach the updated depositions chart that the parties have been submitting with their JSRs to this Court. The Court also asks the parties to email an Excel version of the depositions chart to this Court's chambers inbox email address as well.

Motions to compel compliance of third parties/former employees with deposition subpoenas were due by September 10, 2025, and those have been ruled upon by a separate order.

3

II. <u>**Avlon Industries, Inc.**</u>

A. **Document Production**

1. <u>Relevancy review and search methodology and Jafar Syed emails (pages 2-4 of JSR), and Basecamp Document Production</u>

The parties are to reach out to Special Master Grossman to work through these issues if they are still in dispute.

2. <u>General Email Accounts at Avlon and Syed Text Messages</u>

The Court DENIES Plaintiffs' request to compel Avlon to search six particular email accounts using previously agreed upon search terms. These are the warehouse@avlon.com, regulatory@avlon.com, filling@avlon.com, qualitycontrol@avlon.com, crelations@avlon.com, and ownerans@avlon.com email addresses. Plaintiffs failed to timely raise this issue. Dkt. 1371 at 4 (Court's August 11, 2025, Order) ("[P]articularly now that we are more than five months past the close of written discovery. . .. the Court instructs Plaintiffs that they may raise written discovery disputes with Defendants or this Court only if they can point to specific information that explains why Plaintiffs could not have raised the dispute sooner.").

From the deposition cites provided by the parties, it appears to the Court that Plaintiffs were aware of these existence and use of these email addresses before August 19, 2025, deposition of Mr. Syed; Plaintiffs didn't just learn about them from the deposition itself. *See, e.g.*, Jafar Syed, Rough Dep. Tr. at 116 ("During the course

4

of this case [Plaintiffs] identified a few email addresses that appear to be going to general email accounts. . . .")). Plaintiffs' request to reopen discovery on these accounts is, thus, untimely now; Plaintiffs needed to raise earlier the apparent non-existent or low production from these email accounts.

Although a closer call, the Court similarly DENIES Plaintiffs' request to compel production of Mr. Syed's responsive text messages. Again, from the deposition cites provided by the parties, it appears to the Court that Plaintiffs were aware before his deposition of the use of some text messaging by Mr. Syed, and even knew with whom Mr. Syed might have been texting. *See*, Jafar Syed, Rough Dep. Tr. at 104-06 (asking about texting with Joseph Mensah, Hasan Syed, and Ali Syed). Plaintiffs' request to reopen discovery on this issue is therefore untimely now; Plaintiffs needed to raise earlier the apparent non-existent or low production of texts involving Mr. Syed.

B.  **Depositions Update**

The Court ruled that 30(b)(6) depositions will be not be cut short when a designated witness is also a fact witness. Each deposition will proceed separately (unless otherwise agreed by the parties), and for the full 7 hours each. As to individuals, the Plaintiffs noted that they were pulling down the deposition notice for Timakai Evans. As to Robert Brown, the parties are to meet and confer further on scheduling issues by no later than September 19, 2025.

5

### C. Third Party Subpoena as to MNJ (Keracare line of products)

The Court explained on the record that it had already ruled on this matter. See Dkt. No. 1374. Accordingly, Avlon is to advise the subpoena recipient (MNJ) that Avlon is no longer objecting to the subpoena. MNJ is to respond to the subpoena, in accordance with this Court's previous ruling, Dkt. No. 1374, by no later than October 8, 2025.

## III. Beauty Bell Enterprises and House of Cheatham, LLC:

### A. Third-Party Subpoenas – Segmentation America/Mario de la Guardia

The Parties discussed third-party subpoenas with respect to Segmentation America/Mario de la Guardia. They represented that no further attention was needed from the court.

### B. Dwanyetta White Deposition materials

The Court ordered that deponent Dwanyetta White must produce her responsive rider documents by Wednesday, September 10, 2025.

## IV. L'Oreal USA

### A. Requests for Production

L'Oreal also represented that it was currently working to provide more records from social media. The parties are to meet and confer by September 12, 2025 on what has been produced, and what further responsive information can be produced.

6

B. **"Le Care" Consumer Complaints**

The parties are to meet and confer by September 12, 2025 regarding the identification of the responsive data from Salesforce that has been produced to the Plaintiffs.

C. **Depositions Update**

The parties discussed L'Oreal's designation of 30(b)(6) witnesses. Plaintiffs must designate topics by noon Central on September 8, 2025; L'Oreal will designate their corresponding witnesses by the end of the day on September 8, 2025. If a designated Rule 30(b)(6) witness is also a fact witness, the parties will work together on their own to try and schedule those depositions back-to-back. If that fails, the depositions will need to be scheduled on non-consecutive days. **The Court declines to get involved in the granular scheduling of depositions, for all parties**.

V. **Luster Products, Inc.**

The parties represented that no issues required further attention by the Court at this time.

VI. **McBride Research Laboratories, Inc.**

The parties represented that no issues required further attention by the Court at this time.

7

## VII. Namasté Laboratories, LLC:

### A. Foreign Regulatory Documents

Plaintiffs are currently awaiting confirmation from Namaste that The Regulatory Company has produced all requested documents which are in its control. Namaste will confirm and/or produce all responsive documents by September 8, 2025.

### B. Depositions Update

Plaintiff is attempting to depose and subpoena various former employees of Namaste, and Plaintiffs have (or should soon) receive last known physical addresses of these former employees, if Namaste has them. Plaintiffs requested further contact information for these former employees, such as phone numbers or email addresses. Given the privacy law complexities identified on the oral record, the Court declines to order any defendant from providing contact information of former employees beyond last known physical addresses. If Plaintiffs choose to seek to depose the two former employees who were attorneys in Namaste's legal department, Plaintiffs must alert Namaste within 7 days of this Order.

### C. Privilege log issues

The parties represented that there is a live privilege log dispute as to one document, which has been forwarded to the Court for *in camera* review and ruling. The Court will issue its ruling by separate order.

8

## VIII. <u>Revlon</u>

### A. Redactions in Personnel Files

The parties discussed redacted performance evaluations of employees. Revlon has redacted various portions of employee evaluations, representing that it was protecting the privacy of these individuals' information, and that the redacted information was not responsive under this Court's prior orders. *See* Dkt. Nos. 1287; 1371 at 3. CMO #4, however, provides that redactions for relevance are not permitted, Dkt. No. 109, ¶ VIII(C), and Revlon has not cited to any privacy laws or statutes that would otherwise control. Therefore, single documents that are produced in response to a deposition rider as responsive under this Court's previous orders cited above may not be redacted for relevance or "privacy."

### B. Issues previously or now being referred to Special Master Grossman

The parties are to follow up as necessary with Special Master Grossman by September 8, 2025—on the Revlon JSR topics under headings 'b.' ("Custodial Files"), 'c.' ("Professor Grossman topics"), and 'd.' ("Specific Privilege Challenges,")—by agreement of the parties.

### C. Deposition Questions Regarding Deponents' Salaries

The Court ruled that it agreed with Revlon's positions and interpretation, JSR at 34, of this Court's prior rulings on this topic.

IX. <u>**Sally Beauty Supply LLC**</u>

Sally Beauty has raised a timeliness issue as to certain third-party subpoenas, essentially that Plaintiffs forfeited enforcement regarding the documents at issue in these subpoenas by not timely following up on them. The Court makes no ruling on timeliness (although it may in future disputes) but proceeds to rule below on the parties' substantive arguments here in the hope that it helps to guide all parties going forward.

The issue between the parties is whether Sally Beauty has "control" over certain third-party entities' documents, such that the Court can order Sally Beauty to produce responsive documents. Specifically, the parties dispute whether four contractual terms give Sally Beauty control over certain responsive documents in the possession or custody of entities Alliant Manufacturing, Dhaliwal Labs, and FTI Consulting.

The Court agrees with Plaintiffs' presentation of the caselaw, and that to have control, Sally Beauty just must have some "legal right" to the documents (as opposed to solely an express contractual term specifically referencing release, retention, or access to the responsive documents). "On the issue of control, it is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has a legal right to obtain them." *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (internal quotations and

10

citations omitted); *see also Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 838-39 (7th Cir. 2014) (citing test for control as expressed in *Dexia*); *Boyd v. D'Orazio*, 2015 WL 5321262, at *3 (N.D.Ill. 2015). To the extent that Plaintiff has access to the relevant information that might show control, as it does here, it is Plaintiffs' burden to show that such a legal right exists over the responsive documents at issue. *See In re Subpoena To Huawei Techs. Co., Ltd.*, 720 F. Supp. 2d 969, 976 (N.D. Ill. 2010)

In this case, Plaintiffs have not carried their burden to explain why any of the contractual terms established a legal right of Sally Beauty's control over particular documents. It is not sufficient for Plaintiffs to generally state that there exist certain contractual provisions to show that Sally Beauty has a legal right to unenumerated documents; they must connect and explain the dots. Plaintiffs must explain how and why the contractual provisions, alone or together, establish a legal right to certain, identified documents, and with more than conclusory statements. Plaintiffs failed to do so in this case.. Indeed, Plaintiffs provided little to no detail about what responsive documents were even at issue and how the cited contractual provisions covered them.

Accordingly, Sally Beauty need not produce documents relating to subpoenas issued to Alliant Manufacturing, Dhaliwal Labs, and FTI Consulting.

X. **Strength of Nature LLC**

No issues were raised that were within the purview of the Magistrate Judge.

### SECOND-WAVE DEFENDANT SPECIFIC DISCOVERY STATUS

These parties are to meet and confer by September 11, 2025, to discuss discovery deadlines and submit a JSR with joint, proposed deadlines by September 18, 2025.

SO ENTERED AND ORDERED.

DATED: September 17, 2025
HON. BETH W. JANTZ
United States Magistrate Judge

12