**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**JOINT STATUS REPORT FOR THE**
**SEPTEMBER 25, 2025 STATUS CONFERENCE BEFORE**
**THE HONORABLE MARY M. ROWLAND**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this joint status report in advance of the status conference scheduled for September 25, 2025.

I. ***Plaintiffs' Request for Extension of Deposition Deadline***

**Plaintiffs' Position:**

As set forth in the Joint Status Report dated August 28, 2025, and addressed extensively on the record at the Case Management Conference on September 4, 2025, the PSC reiterates its request for the extension of the September 30, 2025 deadline for the completion of the Defendant corporate depositions as follows:

- 30-day extension for all first-wave Defendants except Avlon, Luster and Namaste
- 90-day extension for Avlon, Luster, and Namaste[1]

---

[1] The additional time for these three Defendants was previously set forth in the last JSR, but to summarize:
<u>Namaste</u>: Namaste belatedly notified Plaintiffs on 8/22/25 that it was unable to contact certain former employees who the Plaintiffs wanted for deposition. Plaintiffs subsequently sent eleven subpoenas for depositions to these former employees. Seven have responded to the subpoenas and are these depositions are being set. Plaintiffs have yet to hear from four requested deponents. Plaintiffs seek additional time to depose these witnesses to either allow the witnesses time to comply with the subpoena or file motions to compel as necessary, as well as accommodate non-party witness schedules. Finally, as a result of Magistrate Judge Jantz's September 18, 2025 Minute Entry [ECF 1418] regarding privilege, Plaintiffs now anticipate taking the deposition of one of the witness's whose deposition notice was previously withdrawn pending the Court's ruling on this issue. Plaintiffs are evaluating which witness will be necessary and will inform Namaste as soon as possible to obtain a date for the witness's deposition.
<u>Avlon</u>: Over 28,000 documents were produced after the Court's deadline; 16,570 (71,961 images) of which were produced in July and August. Plaintiffs have active disputes pending before Professor Grossman and the Magistrate Judge, including, but not limited to the issue of Avlon's failure to search and produce any documents from certain highly relevant documents including the Basecamp documents (which is an Avlon internal messaging platform) which were supposed to be have been produced, and most importantly, Avlon's documents that were excluded due to Avlon's self-imposed and impermissible "secondary review"

1

It is unclear if Defendants oppose this request or not, but because the PSC bears the burden in this regard and because the Defendants have not expressly agreed to the extension, the PSC submits its detailed position below why this extension is warranted.

As noted in the prior JSR, there have been significant delays in the Defendants' document productions, with the delay by individual Defendants affecting the ability of the PSC to complete corporate depositions for all Defendants. [*See* ECF No. 1392, 4-13.] While the Court granted the PSC's request to extend expert deadlines and issued an Order memorializing that schedule [*see* ECF No. 1402], the Court reserved decision on the deposition extension. This Court, and Magistrate Judge Jantz, requested updated deposition charts reflecting the progress of depositions and the current schedule, which are attached hereto at Exhibit A. As reflected in Exhibit A:

- The PSC has taken a total of 107 defendant depositions of nine different defendants[2]

- The PSC has an additional 32 depositions of 9 different defendants witnesses already confirmed and scheduled to be taken before the end of September:
    September 22 – 4 depositions set
    September 23 – 3 depositions set
    September 24 – 6 depositions set
    September 25 – 4 depositions set
    September 26 – 3 depositions set
    September 29 – 3 depositions set
    September 30 – 9 depositions set

Furthermore, and notwithstanding the deadline of September 30, 2025, by agreement of the parties, the PSC has 9 depositions *already* set in October with certain Defendants.

---

that resulted in a significant reduction of documents being produced. As a result of Avlon's production delays (either willfully done or mistakenly done), Plaintiffs' ability to complete document review and prepare for and conduct Avlon depositions was impeded. Nevertheless, the parties are in communications to schedule most of the remaining witnesses and 30(b)(6) depositions. Given Dr. Syed's limited availability in October and the fact that Plaintiffs are still working to locate and serve subpoenas on several former employees, Plaintiffs believe that additional time is necessary.

Luster: The history with document production and discovery problems has been well documented before Magistrate Judge Jantz. For example, Luster produced 155,276 documents from June to August (the largest production occurred in mid-August 2025). As noted in the chart below, there are significant Luster depositions that have not been able to be scheduled due to Luster's delays in document production (that they do not contest).

[2] This figure is up to the date of this JSR (September 19, 2025).

The PSC believes it has approximately and at least an additional 98 depositions to schedule and take; which include critical Rule 30(b)(6)[3] and fact witnesses. For the six Defendants for which the PSC seeks a 30-day extension, the PSC has 35 additional depositions to complete (18 fact witness and 16 30(b)(6) depositions/topics). For the three Defendants for which the PSC seeks a 90-day extension, the PSC has 63 additional depositions to complete (50 fact witness and 13 30(b)(6) depositions/topics).

This list, while set forth on the attached Exhibit A, is as follows:

| Defendant | Witness |
|---|---|
| Avlon[4] | Ali Raza Naqvi |
| | Keith Wells |
| | Khadijeh Saad |
| | Lina Zyed |
| | Maliha Syed |
| | Robert Brown |
| | Stacy Womack |
| | Michael Utech |
| | Akbar Hussain |
| | Mukhtar Hussain |
| | Narjis Askar |
| | 30(b)(6): Distributor |
| | 30(b)(6): Product Identification - Labeling |
| | 30(b)(6): Ingredient Naming Conventions |
| | 30(b)(6): Science[5] |
| | 30(b)(6): Regulatory |
| | 30(b)(6): Marketing |
| House of Cheatham | India Hairston |
| | Delford Christmas |
| | 30(b)(6) Distribution |
| | 30(b)(6): Complaint Handling |

---

[3] As the parties continue to negotiate the scope of 30(b)(6) topics, Plaintiffs recognize that there may be multiple corporate witnesses proffered for deposition on each notice (this will be up to the defense), but which may require multiple days depending on the availability of multiple witnesses.

[4] Additionally, Plaintiffs requested the depositions of Joseph Mensah, Dante Albano, and Tom Bingham after these witnesses were identified during deposition testimony. The parties have not come to an agreement on these witnesses and are still meeting and conferring.

[5] Dr. Syed has been identified as Avlon's corporate witness regarding the 30(b)(6) topics of science and regulatory. Dr. Syed's fact witness deposition was agreed to take place on September 30, 2025. After scheduling this deposition, Avlon notified Plaintiffs that he can only sit for 4 hours at a time. Now Avlon is suggesting that Plaintiffs must take Dr. Syed's three depositions split over the course of six days in the first week of October, despite the fact that Plaintiffs' counsel is unavailable on many of those days.

|  |  |
|---|---|
|  | 30(b)(6): Science |
|  | 30(b)(6): Regulatory |
|  | 30(b)(6): Marketing |
| L'Oreal | Evie Johnson |
|  | Kwana Patterson |
|  | 30(b)(6) Regulatory |
|  | 30(b)(6): Science and Testing |
|  | 30(b)(6): Corporate Representations |
|  | 30(b)(6): Sales and Marketing |
|  | 30(b)(6): Institute for Hair and Skin |
|  | 30(b)(6): Interrogatory Set 3 Chart |
| Luster | Albert Tempo |
|  | Andrew Luster |
|  | Angela Dillingham |
|  | Angela Luster-West |
|  | Carmen Martinez |
|  | Caryna Baez |
|  | Cliffton Bowles |
|  | Delphia Clinton |
|  | Donald Williams, Jr. |
|  | Doris Moore |
|  | Geb Hidad |
|  | James Luster |
|  | Janice Potts |
|  | Jim Ziano |
|  | Joe Fox |
|  | Joyce Bogan |
|  | Laura Bailey |
|  | Leslie Lee-Green |
|  | Mike Patel |
|  | Patricia Flowers |
|  | Prentiss Luster |
|  | Samantha Edwards |
|  | Scarlett Coleman |
|  | Simone Luster |
|  | Tahera Cartmen |
|  | Theresa Luster-McDonald |
|  | Toya Barnes |
|  | Randy Lee |
|  | 30(b)(6): Public Representations |
|  | 30(b)(6): Distribution |
|  | 30(b)(6): Ingredient Names |
|  | 30(b)(6): Regulatory |
|  | 30(b)(6): Marketing |
| McBride | Sholanda McBride Armstrong |

| | |
|---|---|
| | Andre McBride |
| | Cornell McBride, Sr. |
| | Courtney Jenkins |
| | 30(b)(6): Sales Data |
| Namaste | Uktarsh Gupta |
| | LaSwanda Sommerio |
| | Sanjay Kashyap |
| | Rahul Chaudhary |
| | Beth Dobbins |
| | Nicole Ray Robinson |
| | Tanquina Bennett |
| | Blair Jones |
| | Erica Douglas |
| | Vanetta Coley |
| | Tenille Richardson |
| | 30(b)(6): Regulatory |
| Revlon | Lisa Tarlton |
| | Matthew Ryan |
| | Alan Meyers |
| | Lisa Brown |
| | Brian Marks |
| | David Jarvis |
| | Ira Jaffee |
| | Malena Higuera |
| | Maria de los Angeles Gutierrez |
| | 30(b)(6) Sales and Marketing |
| | 30(b)(6): Science |
| | 30(b)(6): Distribution |
| | 30(b)(6): Regulatory |
| | 30(b)(6): General Corporate Compliance |
| | 30(b)(6): Public Representations |
| Strength of Nature/ House of Cheatham/ Namaste | Tabitha O'Dell[6] |

---

[6] Additionally, with regard to witness Tabitha O'Dell, whose testimony involves defendants Strength of Nature, House of Cheatham and Namaste, Judge Jantz ordered on September 4, 2025, that Ms. O'Dell's (as well as her company, Consumer Relations Group) attorney meet and confer within 7 days to provide a timeline for production of documents and a date for her deposition. On September 12, 2025, that meet and confer took place, however Ms. O'Dell's attorney, Anthony Monaco indicated that he would need at least another week to coordinate with counsel for Strength of Nature, House of Cheatham and Namaste in order to confirm both the volume of documents and timeline for production although he did not believe the amount of documents was very much over 10,000 documents. Plaintiffs indicated that was unacceptable; that the document subpoena had been issued in mid-May and that the deadline for depositions was rapidly approaching on

While certain Defendants are trying to force dates for some of these depositions on the PSC with little notice and before the current close of this oral discovery in 11 days (including the 30(b)(6) depositions, which may require more than one witness and/or offering deposition dates before the scope and topics are finalized), the PSC submits that it would be prejudicial (as well as impossible) for the PSC to be required to take these depositions on this schedule. Additional time is necessary to ensure adequate preparation and coverage for these important and relevant depositions. Indeed, having 33 depositions scheduled between September 22 – 30th (averaging over 4 depositions on every available weekday), is an already enormous burden; it is simply not possible to conduct additional depositions, and a short reprieve is warranted and should be permitted.

The necessity for the extension is further highlighted by the truncated time that the PSC was afforded to take the depositions. This Court allowed the PSC seven months to take depositions of nine Defendants; this time frame was already abbreviated in comparison to other multi-Defendant MDLs but doable *if* all of the Defendants properly met the Court imposed deadline of February 28, 2025 for the conclusion of written discovery. Instead, the PSC has had to spend resources and countless time untangling written discovery violations during the already abbreviated time during which depositions were supposed to be conducted. The discovery delays have arguably been used to "run out the clock," which has impeded the PSC's ability to fully review documents, obtain new information, conduct depositions, and advance the overall litigation.[7] While Defendants seek to blame the PSC for waiting until the end, the PSC was forced to wait given the delays and objections in defense productions.

The Defendants themselves have recognized the difficulty in keeping the schedule and have advocated or agreed to extensions *when they benefit the Defendants.* However, the Defendants also steadfastly refused any extension requested by the Plaintiffs. For example, several Defendants have asked the Plaintiffs to agree to dates in October to accommodate Defense counsel or witnesses, while simultaneously refusing to extend the deadline overall. As noted above the PSC has agreed as it customarily does. Most recently, on September 15th, counsel for McBride informed Plaintiffs that they were unable to move forward with depositions of four witnesses scheduled from September 16-19, including a 30(b)(6) on the topic of sales data due to medical reasons. McBride's counsel insisted that these dates be moved to early October rather than

---

September 30. Plaintiffs informed Ms. O'Dell and CRG's counsel that we would be agreeable to out-of-time depositions, with agreement of all parties obtained by Ms. O'Dell, in Savannah, the same week as Mr. Adair's deposition (likely on October 15/16), assuming all of Ms. O'Dell and her company's documents are produced in the next 7-10 days. To date, we have had no further response from Mr. Monaco.

[7] As noted in the previous JSR, 254,990 documents comprised of 5,874,576 pages were produced after the February 28, 2025 Defendant discovery cutoff date. Of those 254,990 documents, 184,863 documents or approximately 70% of those documents had been produced to Plaintiffs since June 15, 2025. And just as anticipated, Defendants continued to produce documents, despite being over 6 months late. Indeed, since this Court's last Case Management Conference two weeks ago, Defendants produced an additional 3,199 documents (23,469 pages).

accepting Plaintiffs' request to move forward remotely as scheduled. Plaintiffs await new dates in early October from McBride.

As the Court is aware, Defendants recently requested three additional weeks (for a total of ten (10) weeks) to amend their affirmative defenses and/or opposed the PSC's motion to strike, arguing "how busy" the defense is with depositions and discovery. While the PSC does not dispute "how busy" the defense may be, the PSC submits that they too are very, very busy, particularly as the PSC is responsible for the litigation against all Defendants contemporaneously (including Second Wave Defendants), and not simply one Defendant (like each defense firm). And notably, the PSC did not oppose the Defendants' request for more time, yet in what has become the norm for this case, the extra time, when sought by Plaintiffs, has been opposed by Defendants.

In summary, the PSC seeks at least 30 extra days to complete deposition of defense witnesses, and the PSC seeks an additional 90 days for the depositions of Defendants: Luster, Avlon, and Namaste; and may, with an ample showing, seek additional witnesses, if necessary and warranted, beyond the deadline.[8]

**Defendants' Position:**

Plaintiffs are seeking an extension of the oral fact witness discovery deadline, which has been in place since October 11, 2024 (ECF No. #884). Save for a handful of outstanding document issues involving a few defendants, the vast majority of documents were produced before and by the February 28, 2025 deadline, and the vast majority of witnesses being deposed were identified or identifiable by Plaintiffs long before then. For example, more than half of the deponents requested were custodians identified by Plaintiffs during document production.

Defendants sought early on to avoid the scheduling backlog with which the parties are now faced. We repeatedly asked Plaintiffs to identify witnesses and engage in scheduling discussions even before the February conference. *See generally* ECF No. #1088, Transcript of February 13, 2025 Jantz Status Conference at 103-106 (discussing need to coordinate given large number of depositions anticipated). The anticipated difficulties in finding dates to accommodate the large number of expected deponents and counsel, and with Magistrate Judge Jantz's assistance, the parties negotiated Case Management Order No. 19, setting out a deposition protocol (ECF No. #1264), including the process by which depositions should be scheduled (*see id.* at ¶II.C.5, 6). Defendants have followed this protocol, including providing three dates for each noticed witness; as reflected in the deposition chart previously submitted to Magistrate Judge Jantz, however, numerous offers of deposition dates by Defendants have gone unanswered, have been met with requests for additional dates, or scheduled but later changed.

Recognizing the difficulties all parties have had in scheduling witnesses in the limited number of days, in response to Plaintiffs' recent scheduling request, the parties have been

---

[8] Of note, excluded from this are the "Second Wave Defendants" for whom depositions have not commenced.

discussing the individual scheduling of open depositions into October.[9] Defendants believe all outstanding depositions should be scheduled before the end of October, and any extension beyond that deadline is unnecessary. Further, Defendants ask the Court not to permit any new deposition notices to be issued (corporate or individual) on the basis of any extension of the deadline that may be granted.

### *Avlon's Position*[10]

Plaintiffs' attempts to categorize their inability to timely complete depositions as anything other than Plaintiffs own failure to act is a gross mischaracterization of reality. Indeed, **Avlon has either scheduled, provided dates for, or communicated a physical inability to sit for nearly every Avlon witness Plaintiffs cite.** Beyond this, Avlon has agreed to schedule a limited number of depositions beyond the September 30, 2025, deadline where the parties could not find a mutually agreed upon date that was suitable for all involved. This is a sharp contrast from the circumstances Plaintiffs plead, where Avlon has in fact offered witnesses deposition dates and Plaintiffs simply never responded. While Plaintiffs insist that Defendants are "running the clock out," a more apt description is that Plaintiffs were a no show and now complain their time is up. A more complete recitation of the Avlon depositions can be found below:

| **Defendant** | **Witness** |
|---|---|
| Avlon | Ali Raza Naqvi – **Plaintiffs were notified that he is retired and physically unable to sit for a deposition. Plaintiffs have refused to withdraw his deposition. Dr. Naqvi's family is prepared to obtain a note from his doctor regarding his condition and inability to sit for a deposition. Dr. Naqvi's family will seek fees for their time and expenses to obtain that note.** |
| | Keith Wells- **Plaintiffs were offered 3 dates on 8-11-25 and did not respond.** |

---

[9] As it relates to Plaintiffs' example of McBride seeking to push depositions to October, all the requested depositions from McBride were scheduled to occur before the September 30, 2025 deadline. However, on September 14, 2025, on the eve of a series of back-to-back days of depositions that required travel, lead attorney Seth V. Alhadeff had an unforeseen medical issue arise. Counsel for McBride immediately notified Plaintiffs' counsel and asked for these depositions to be rescheduled. Plaintiffs have agreed to reschedule the depositions during the month of October, as depositions for McBride are already scheduled for September 23-26, 2025, and September 29-30, 2025.

[10] Avlon refers the Court to its extensive positions statement in the August 28, 2025 JSR to this Court as to why Plaintiffs should be not rewarded with an extension of 90-days to complete Avlon's depositions. Avlon will provide the Court with its complete submission upon request. Avlon also notes that Plaintiffs demands for certain messages and general email boxes was denied by Magistrate Jantz in ECF 1415. Additionally, the parties are appearing before Special Master Grossman on the topics of the completeness of Avlon's ESI responsiveness review, Jafar Syed's sent email production, and collection and production of Avlon materials from Basecamp. Special Master Grossman will have had engaged in a hearing on these issues on September 22, 2025.

8

|  | |
|---|---|
|  | Khadijeh Saad- **Plaintiffs were notified that she is on medical leave with an unknown return date.** |
|  | Lina Zyed- **Plaintiffs were offered 3 dates on 8-18-25 and did not respond.** |
|  | Maliha Syed – **Avlon engaged in discussions with Plaintiffs that Dr. Maliha is not involved in the development of hair relaxers and that Drs. Rounaq and Syed are the most knowledgeable chemists at Avlon regarding hair relaxers and the non-hair relaxer system products.** |
|  | Robert Brown- **Plaintiffs were offered 3 dates on 8-11-25 and did not respond.** |
|  | Stacy Womack- **Plaintiffs were offered 3 dates on 8-21-25 and did not respond.** |
|  | Michael Utech- **Plaintiffs were instructed to serve a subpoena.** |
|  | 30(b)(6): Distributor – **Avlon reported to Plaintiffs that much of the information would come from forthcoming fact witnesses including Ned Washington and Keith Wells and that if a 30(b)(6) was required following their depositions Avlon would schedule a more focused 30(b)(6).** |
|  | 30(b)(6): Product Identification- **Dr. Rounaq Khan testified on topics 2, 3, and 4 of the original notice on September 16, 2025. Avlon offered to flow Zohaira Rivzi's fact witness deposition into topics 1, 5, and 6 on September 17, 2025. Plaintiffs refused.** |
|  | 30(b)(6): Ingredient Naming Conventions – **Avlon has discussed this topic with the plaintiffs and is in the process of preparing a potential written response in lieu of the deposition.** |
|  | 30(b)(6): Science- **Not Scheduled** |
|  | 30(b)(6): Regulatory- **Not Scheduled** |
|  | 30(b)(6): Marketing- **Not Scheduled** |
|  | Akbar Hussain – **Avlon provided the last known address for Mr. Hussain.**<br>Narjis Askar – **Avlon provided the last known address for Dr. Askar.**<br>Mukhtar Hussain – **Avlon notified Plaintiffs that Mr. Hussain is retired and neither mentally nor physically competent to testify at a** |

9

|  | deposition. Mr. Hussain's family asked that counsel for Avlon to notify Plaintiffs of this and to withdraw his deposition. Plaintiffs have refused and Mr. Hussain's family is prepared to obtain a doctor's note regarding his condition. They will seek fees for their time and expense on this issue. |
|---|---|

As it relates to the deposition of Keith Wells, Plaintiffs should not be able to use the excuse that they did not have sufficient document production in order to take his deposition. Although Mr. Wells's custodial file was never requested, Avlon was ordered to collect and produce responsive materials from Mr. Wells's personal email account. Avlon produced documents from Mr. Wells's personal account on July 30, 2025. This was more than sufficient time for Plaintiffs to review and process the documents and take his deposition before the end of September especially when dates were offered for the last week of August and second week of September. Similarly, Plaintiffs, who never requested the custodial files of either Lina Zyed or Stacy Womack, were provided dates within the required time frame for the end of September and never responded. Plaintiffs cannot use the excuse that they were waiting for documents as the reason why they did not respond and schedule the depositions of these individuals – no documents could be expected. Plaintiffs missed their window and should not be rewarded with more time to take these depositions when they took no action in the first instance.

As for the remaining 30(b)(6) depositions, on Marketing, Regulatory, Science, and Sales and Distribution, Avlon asked that Plaintiffs strongly consider the fact witness testimony of Dr. Syed, Dr. Rounaq, and Zohaira Rizvi as responsive and that the Parties agree to narrow the 30(b)(6) deposition topics following their depositions. Avlon is preparing a written response for the Product Naming Convention 30(b)(6). Avlon is willing to formalize outstanding 30(b)(6) deposition topics not covered by the already scheduled witnesses within the first couple of weeks of October.

With respect to the deposition of Dr. Syed, Avlon's founder and chief chemist, Avlon initially offered Plaintiffs 10.5 hours over the course of 2 to 3 days to cover both his fact witness and 30(b)(6) topic depositions. Avlon asked to spread out Dr. Syed's deposition over the course of several days because Dr. Syed is 80 years old and unable able to sit for more than 4 to 5 hours at a stretch. Plaintiffs have rejected this proposition. Moreover, Plaintiffs are refusing to divide up Dr. Syed's previously scheduled deposition on September 30, 2025, over two days, demanding that the deposition be moved to later in October so that Plaintiffs can find time then for two days in a row. This is ridiculous given Plaintiffs' own insistence that Dr. Syed's deposition go on this date. Avlon offered dates earlier in September for Dr. Syed's deposition, and Plaintiffs refused. Additionally, Dr. Syed has postponed Avlon business out of the country for the entire summer with the expectation that his deposition and potential 30(b)(6) depositions would be completed by September 30, 2025. Dr. Syed scheduled meetings out of the country for much of October that are now unchangeable given the prior coordination with other attendees for much of October. Avlon understands that other Avlon other depositions may need to proceed later in October but respectfully asks this Court to require Plaintiffs to complete Dr. Syed's fact witness deposition by October 1, 2025.

10

In summary, Plaintiffs have neglected, whether inadvertently or strategically, to take this Court's order seriously. Plaintiffs now ask to be rewarded for this behavior, requesting an additional three months to complete depositions that are either already scheduled or late requests.

### *Namaste's Position*

Namasté reiterates the argument it presented on pp. 28-30 of the August 28, 2025 Joint Status Report (ECF No. 1392): there is no support on the record for Plaintiffs' request for an additional 90 days to depose Namasté witnesses and certainly no support for the unfounded assertion that "egregious discovery delays" and "gross issues" with Namasté's discovery responses necessitate the additional time. Instead, as Plaintiffs' stated in footnote 1 herein, Plaintiffs sole argument for additional time is that Namasté "belatedly" notified Plaintiffs it could not contact certain former employees Plaintiffs sought to depose and they now need additional time to "accommodate non-party witness schedules." In response to that assertion, Namasté reiterates the relevant timeline: Plaintiffs noticed six (6) depositions of Namasté witnesses on April 18 and then waited almost three (3) months until July 14, 2025 to request an additional 12 depositions before then following up on July 21, 2025 with a request for eight (8) additional depositions; thereafter, on August 7, 2025 Namasté informed Plaintiffs of the specific former employees for whom Plaintiffs "may require subpoenas." Plaintiffs waited over four (4) months after the close of written discovery to notify Namasté of the identity of the majority of witnesses it sought to depose, requested the depositions of 20 former employees (and one individual who was never a Namasté employee), and now complains that they need another 90 days because Namasté "belatedly" notified them that it could not contact all the former employees on Plaintiffs' list. Moreover, regardless of any purported delay, which Namasté specifically denies, only three (3) subpoenas remain outstanding with no response to either Plaintiffs or Namasté as of the date of this Joint Status Report (plus, potentially, one (1) subpoena to the witness who was never a Namasté employee). Plaintiffs have indicated in footnote 1 herein their intent to pursue the deposition of at least one former Namasté in-house counsel; Plaintiffs have not notified Namasté which attorney they seek to depose but Namasté maintains that any such request to pursue that deposition outside the discovery deadline would be untimely and, further, it anticipates filing a motion for protective order in response to any such request. Namasté notes (and appreciates) that the parties have worked cooperatively to schedule and, as necessary, reschedule dates for the depositions of Namasté's witnesses. Moreover, Namasté has already offered dates in October in an effort to ensure that the requested depositions take place. Unfortunately, Plaintiffs have now rejected four (4) sets of dates in late September and October (including a current Namasté employee who is noticed as a Revlon witness). Namasté acknowledges the complexity of getting these depositions scheduled but it should not be required to defend depositions beyond October (which it is already doing by agreement) when it has offered three (3) dates as required under the CMO and those dates have been rejected by Plaintiffs. Plaintiffs' request for an additional 90 days to conduct Namasté depositions should be denied.

### *Luster Product Inc.'s Position*

By September 30, 2025, a total of eight (8) depositions of fact witnesses and 30(b)(6) depositions will be completed. Plaintiffs initially requested a total of 42 depositions of a company that has approximately 100 employees. Following discussions to whittle down this list, Luster

11

provided three dates for 25 requested witnesses each. On August 4, 2025, Plaintiff requested the 30(b)(6) depositions of Luster. Luster provided the names of their 30(b)(6) witnesses by topic on September 2, 2025. Plaintiffs requested, and Luster agreed, two of the 30(b)(6) witnesses to proceed in October 2025. Luster objects that 90 days is necessary to complete the depositions. The parties are working together to schedule the remaining depositions and believe that a 30-day extension is sufficient to complete the requested depositions.

II. *Update on Bellwether Discovery*

    a. Defendants' Discovery Responses

Bellwether Discovery Directed Toward Defendants:

The Bellwether Plaintiffs served discovery demands – First Interrogatories and First Request for Production of Documents on Defendants on or about June 4, 2025.[11] After extensions and then responses being served by Defendants, on or about September 2nd, Bellwether Plaintiffs' Counsel served Defendants: L'Oreal, Revlon, Strength of Nature, AFAM, McBride, Luster, Avlon, and Namaste with deficiency letters regarding their Objections and Responses to the Bellwether Plaintiffs' First Interrogatories and First Request for Production of Documents. Since then, a series of meet and confer conferences were held from September 10th through September 15th with each of the Defendants. The parties reached agreement on several issues to which Defendants will provide supplemental responses no later than September 19th. There are some additional, Defendant-specific issues, but Defense Counsel has agreed to review and reconsider its positions and advise Plaintiffs' Counsel of any modifications, again by September 19th. The parties will continue to meet and confer on these issues, but there are currently no global cross-cutting issues as to all Defendants and nothing is ripe for the Court at this time.

III. *Status of Pending Briefs/Motions/Orders*

    a. <u>Plaintiffs' Motion to Strike Certain Inadequately Pleaded Affirmative Defenses</u>: In accordance with the deadlines set forth in the Court's Minute Entry [ECF 1384], on August 11, 2025, the Bellwether Plaintiffs filed a Motion to Strike Certain Inadequately Pleaded Affirmative Defenses. As discussed at the September 4, 2025 Case Management Conference and memorialized in the Court's Minute Entry [ECF 1401], Defendants are to respond to the motion to strike and amend their affirmative defenses by October 20, 2025. Plaintiffs reply is due November 3, 2025.

---

[11] Because Defendants still have not determined which affirmative defenses they will be asserting and with the necessary details, and as discussed at the Case Management Conference on September 4, 2025, the Bellwether Plaintiffs will intend to serve this supplemental discovery demands (along with other case-specific discovery) before the close of the Bellwether discovery period.

Dated: September 19, 2025

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| */s/Edward A. Wallace*<br>Edward A. Wallace<br>**WALLACE MILLER**<br>200 W. Madison Street, Suite 3400<br>Chicago, Illinois 60606<br>T: (312) 261-6193<br>Email: eaw@wallacemiller.com<br><br>*Plaintiffs' Liaison Counsel* | */s/Mark C. Goodman*<br>Mark C. Goodman<br>**BAKER & MCKENZIE LLP**<br>101 California Street, Ste 4100<br>San Francisco, California 94111<br>T: (415) 576-3080<br>mark.goodman@bakermckenzie.com<br><br>*Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC* |
| Diandra "Fu" Debrosse Zimmermann<br>**DICELLO LEVITT LLC**<br>505 20th Street North, Suite 1500<br>Birmingham, Alabama 35203<br>T: (312) 214-7900<br>Email: fu@dicellolevitt.com<br><br>*Plaintiffs' Co-Lead Counsel* | Mark D. Taylor<br>**BAKER & MCKENZIE LLP**<br>1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201<br>T: (214) 978-3000<br>mark.taylor@bakermckenzie.com |
| Fidelma L. Fitzpatrick<br>**MOTLEY RICE LLC**<br>40 Westminster Street, Fifth Floor<br>Providence, Rhode Island 02903<br>T: (401) 457-7700<br>Email: ffitzpatrick@motleyrice.com<br><br>*Plaintiffs' Co-Lead Counsel* | Colleen Baime<br>Laura Kelly<br>**Baker & McKenzie LLP**<br>300 East Randolph Street, Suite 5000<br>Chicago, Illinois 60601<br>T: (312) 861-2510<br>colleen.baime@bakermckenzie.com |
| Michael A. London<br>**DOUGLAS & LONDON, P.C.**<br>59 Maiden Lane, Sixth Floor<br>New York, New York 10038<br>T: (212) 566-7500<br>Email: mlondon@douglasandlondon.com<br><br>*Plaintiffs' Co-Lead Counsel* | Maurice Bellan<br>Teisha C. Johnson<br>**BAKER & MCKENZIE LLP**<br>815 Connecticut Avenue, NW<br>Washington DC 20006<br>T: (202) 452-7057<br>maurice.bellan@bakermckenzie.com<br>teisha.johnson@bakermckenzie.com |
| Benjamin L. Crump<br>**BEN CRUMP LAW FIRM**<br>122 South Calhoun Street<br>Tallahassee, Florida 32301<br>T: (850) 224-2020<br>Email: ben@bencrump.com<br><br>*Plaintiffs' Co-Lead Counsel* | Barry Thompson<br>**BAKER & MCKENZIE LLP**<br>10250 Constellation Boulevard, Suite 1850<br>Los Angeles, CA 90067<br>T: (310) 201-4703<br>barry.thompson@bakermckenzie.com<br><br>*Counsel for Defendant Namasté Laboratories, LLC* |

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
**ELLIS GEORGE LLP**
2121 Avenue of the Stars
Suite 3000, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@egcfirm.com
kmurray@egcfirm.com
spolatoglu@egcfirm.com

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
E. Dean Harris Porter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Dean.Porter@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000

14

F: (213) 243-4199
rhonda.trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com

amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive – Suite 2950 Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Edward P. Abbot
**ECKERT SEAMANS CHERIN & MELLOT, LLC**
275 Madison Avenue 10th Floor
New York, NY 10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St,
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Colleen M. Kenney
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
ckenney@sidley.com

Yvette Ostolaza
Amanda Crawford-Steger
Imani Maatuka
**SIDLEY AUSTIN LLP**
2021 McKinney Ave., Ste. 2000
Dallas, TX 75201
T: (214)981-3496
yostolaza@sidley.com
asteger@sidley.com
imaatuka@sidley.com

*Counsel for Defendant Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
Matthew C. Wasserman
**DINSMORE & SHOHL LLP**

17

Southeast Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
T: (786)957-1157
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com
Matthew.Wasserman@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
Matthew.Wasserman@dinsmore.com

Adam Fox
**DINSMORE & SHOHL LLP**
801 Pennsylvania Avenue N.W.
Suite 610
Washington, D.C. 20004
P: (202) 559-3615
F: (202) 372-9141
Adam.Fox@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*

Ashley C. Webber
Emily D. Robinson
**MARSH ATKINSON & BRANTLEY, LLC**
271 17th Street NW
Suite 1600
Atlanta, GA 30363
ashley.webber@mablawfirm.com
emily.robinson@mablawfirm.com

*Counsel for Defendant, Dudley Beauty Corp, LLC*

Daniel L. Stanner
Ashley Crettol Insalaco
Megan E. Ryan
**TABET DIVITO & ROTHSTEIN LLC**
209 S. LaSalle Street, 7th floor
Chicago, IL 60604
Tel: (312) 762-9450
dstanner@tdrlaw.com
ainsalaco@tdrlaw.com

mryan@tdrlaw.com

*Counsel for Defendant RNA Corporation*

Nancy L. Patterson
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 4000
Houston, TX 77002
Telephone: +1.713.890.5000
Facsimile: +1.713.890.5001
nancy.patterson@morganlewis.com

Mark A. Fiore
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.877.432.9652
mark.fiore@morganlewis.com

*Counsel for Defendant John Paul Mitchell Systems, Inc.*

Leslie A. Federer, ARDC #6325614
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
191 N. Wacker Drive – Suite 2950
Chicago, Illinois 60606
(312) 767-1314
lfederer@maronmarvel.com

Robert E. Dille (*pro hac vice*)
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
201 St. Charles Ave., Suite 2411
New Orleans, Louisiana 70170
(504) 321-9331
rdille@maronmarvel.com

*Counsel for Defendant Murray's Worldwide, Inc.*