**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXING MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Master Docket No. 1:23-cv-00818<br>Hon. Mary M. Rowland<br>Magistrate Judge Beth W. Jantz |

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' RULE 12(f) MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ........................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND........................................3

III.  LEGAL STANDARD....................................................................................4

IV.  DEFENDANTS' AMENDED ANSWERS MOOT PLAINTIFFS' MOTION TO STRIKE...................................................................................................5

V.   DEFENDANTS' AFFIRMATIVE DEFENSES ARE ADEQUATELY AND PROPERLY PLED ....................................................................................6

VI.  PLAINTIFFS WOULD NOT BE PREJUDICED BY ANY DEFICIENTLY PLED AFFIRMATIVE DEFENSES .............................................................9

VII. CONCLUSION........................................................................................11

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page**</u>

<u>**CASES**</u>

*Ardagh Metal Packaging USA Corp. v. Am. Craft Brewery, LLC*,
    718 F. Supp. 3d 871 (N.D. Ill. 2024) ...................................................................8, 9

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009) ...................................................................8

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ...................................................................8

*Bobbitt v. Victorian House, Inc.*,
    532 F. Supp. 734 (N.D. Ill. 1982.) ...................................................................4

*Church of Scientology v. United States*,
    506 U.S. 9 (1992) ...................................................................5

*City of Chicago v. DoorDash, Inc.*,
    636 F. Supp. 3d 916 (N.D. Ill. 2022) ...................................................................10

*Codest Eng'g v. Hyatt Int'l Corp.*,
    954 F. Supp. 1224 (N.D. Ill. 1996) ...................................................................2, 5

*Cowart v. City of Eau Claire*,
    571 F. Supp. 2d 1005 (W.D. Wis. 2008) ...................................................................6

*Cumis Ins. Soc'y v. Peters*,
    983 F. Supp. 787 (N.D. Ill. 1997) ...................................................................10

*Deal Genius, LLC v. O2COOL, LLC*,
    No. 21-CV-2046, 2022 WL 888381 (N.D. Ill. Mar. 10, 2022) ...................................................................7

*Dorsey v. Ghosh*,
    No. 13-cv-05747, 2015 WL 3524911 (N.D. Ill. June 3, 2015) ...................................................................4

*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
    883 F.2d 1286 (7th Cir. 1989) ...................................................................5, 7

*United States ex rel. James Cape & Sons Co. v. Am. Home Assur. Co.*,
    No. 02 C 1903, 2004 WL 3119029 (N.D. Ill. Dec. 4, 2004) ...................................................................7

*Mandel Metals, Inc. v. Walker Group Holdings*,
    No. 14–CV–8493, 2015 WL 3962005 (N.D. Ill. June 26, 2015) ...................................................................9

*Mobley v. Kelly Kean Nissan, Inc.*,
    864 F. Supp. 726 (N.D. Ill. 1993) ...................................................................5

## TABLE OF AUTHORITIES

**Page**

*Renfrow v. Warden of the Clinton Corr. Facility*,
   828 F. App'x 411 (7th Cir. 2020) ...........................................................................7

*Riemer v. Chase Bank, N.A.*,
   275 F.R.D. 492 (N.D. Ill. 2011)...........................................................................5

*Rivertree Landing LLC v. Murphy*,
   246 F.R.D. 667 (N.D. Ill. 2007)........................................................................2, 10

*Sanchez v. La Rosa Del Monte Express, Inc.*,
   No. 94 C 3602, 1991 WL603901, 782 F. Supp. 1240 (N.D. Ill. Nov. 1, 1991) .......................7

*Sayad v. Dura Pharms., Inc.*,
   200 F.R.D. 419 (N.D. Ill. 2001).........................................................................9

*Shield Techs. Corp. v. Paradigm Positioning, LLC*,
   No. 11 C 6183, 2012 WL 4120440 (N.D. Ill. Sept. 19, 2012)................................................9

*The Long Co. v. Hawaii Baking Co.*,
   No. 02 C 3082, 2003 WL 262421 (N.D. Ill. Jan. 29, 2003) ................................................1, 6

*Thomas v. Exxon Mobil Corp.*,
   No. 07 C 7131, 2009 WL 377334 (N.D. Ill. Feb. 11, 2009).................................................8

*Warner v. Anderson Hous. Auth.*,
   724 F. Supp. 3d 763 (N.D. Ohio 2024)...................................................................5

## RULES

Federal Rule of Civil Procedure
   8 ......................................................................................2, 7, 8, 9
   8(a) ....................................................................................6, 7
   8(b) ......................................................................................6
   8(c) ......................................................................................4
   12(f).............................................................................1, 2, 3, 5, 9
   15 .......................................................................................5
   15(a)(1) ..................................................................................3
   15(a)(2) .............................................................................1, 3, 5

Defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc. (collectively, "L'Oréal USA") together with Revlon Inc.; Revlon Consumer Products Corporation; Revlon Group Holdings LLC; Strength of Nature LLC; Godrej SON Holdings, Inc.; AFAM Concept, Inc. d/b/a JF Labs, Inc.; Avlon Industries, Inc.; Namasté Laboratories LLC; House of Cheatham, LLC; Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.; Luster Products, Inc.; McBride Research Laboratories, Inc. (collectively, "Defendants"), submit this Memorandum in Opposition to Plaintiffs' Rule 12(f) Motion to Strike Certain Inadequately Pled Affirmative Defenses.

## I.   <u>PRELIMINARY STATEMENT</u>

Plaintiffs' Motion to Strike is unnecessary, misdirected, and now largely moot.  The Master Long-Form Complaint in this multidistrict litigation spans 281 paragraphs and asserts dozens of theories and causes of action on behalf of more than nine thousand plaintiffs, thirty-two of whom have been selected as Bellwether Plaintiffs.  Yet Plaintiffs' Motion challenges only a narrow subset of defenses, which have since been withdrawn or amended based on the facts known with respect to each Bellwether Plaintiff.  Any residual disagreement was easily curable through a meet-and-confer and did not warrant motion practice.  Unsurprisingly, there are three independent grounds require denial of their Motion.

*First*, there is no live controversy to strike – mootness alone defeats the request. Contemporaneously with this Opposition, Defendants have filed amended answers under Federal Rule of Civil Procedure 15(a)(2), removing the defenses of waiver, estoppel, unclean hands, failure to join a necessary party, and refining the remaining defenses challenged by Plaintiffs. Those amended pleadings supersede the originals and resolve every issue Plaintiffs have raised. *See The Long Co. v. Hawaii Baking* Co., No. 02 C 3082, 2003 WL 262421, at *3 (N.D. Ill. Jan.

1

29, 2003) (denying motion to strike affirmative defenses as moot in light of amended answer). Plaintiffs were not surprised by the amendments, of course, as counsel for L'Oréal USA indicated they would be provided, both before and after Plaintiffs filed their Motion. *See* ECF No. 1404 at 11–13.

*Second*, even if the Motion were not moot, which it is, Defendants' affirmative defenses are properly pled and provide fair notice. Each answer contains more than thirty affirmative defenses tailored to the allegations and incorporates individualized fact sheets of the thirty-two Bellwether Plaintiffs. Rule 8 requires notice, not evidentiary detail. *See Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996) ("[G]enerally pleaded defenses have been held sufficient, and invulnerable to a motion to strike."). In a case of this complexity, involving overlapping product histories, varied medical conditions, and yet to be disclosed causation theories, Plaintiffs have that and more. Plaintiffs ask the Court to read individual defenses as stand-alone line items. That is not the law.

*Third*, Plaintiffs have not and cannot demonstrate prejudice as a result of Defendants' affirmative defenses. *See Rivertree Landing LLC v. Murphy*, 246 F.R.D. 667, 668 (N.D. Ill. 2007) (denying motion to strike where plaintiff did not "identify how it is prejudiced by these affirmative defenses"). The defenses at issue track the denials and factual allegations in Defendants' answers; they do not expand discovery or alter the scope of the case. If anything, striking defenses now would prejudice Defendants by limiting their ability to preserve core legal positions before discovery concludes. Rule 12(f) was never intended to operate as a tactical shortcut for pruning defenses that Plaintiffs already understand.

For these reasons, Plaintiffs' Motion should be denied.

## II.       **FACTUAL AND PROCEDURAL BACKGROUND**

Discovery in this multidistrict litigation remains in its early stages with respect to the Bellwether Plaintiffs.  The same month that Defendants' bellwether answers and affirmative defenses were due, Plaintiffs were still revising their own Plaintiff Fact Sheets ("PFS"), and many bellwether interrogatory responses remained incomplete.  Although certain Plaintiffs' PFSs identify specific products, a substantial number omit core facts necessary to evaluate the claims—namely, the retail or salon point of purchase; the advertisements or promotional materials Plaintiffs saw and allegedly relied upon; and the timing, frequency, and manner of use, including when applications occurred.  Notwithstanding Plaintiffs' absence of factual support for their claims, Defendants timely served their original Bellwether Answers on June 9, 2025, in strict compliance with the Court's Scheduling Order.

Nearly two months later, on August 1, 2025, Plaintiffs' counsel sent a letter alleging pleading deficiencies and requesting amendments to certain affirmative defenses.  Defendants responded on August 10, 2025, addressing each of Plaintiffs' concerns and confirming their willingness to amend or drop the challenged defenses to avoid unnecessary motion practice.  (A copy of the letter is attached hereto as Exhibit A).  Defendants requested Plaintiffs' consent to amend under Federal Rule of Civil Procedure 15(a)(2) within thirty days and proposed a reciprocal extension for Plaintiffs' Rule 12(f) motion deadline.

Plaintiffs did not respond.  Instead, Plaintiffs filed their Motion the very next day. Defendants followed up on August 14, 2025, reiterating their request for consent to amend and noting that Plaintiffs' delay in raising the issue more than twenty-one days after the original answers had foreclosed amendment as a matter of course under Rule 15(a)(1).  (A copy of the August 14, 2025 correspondence is attached hereto as Exhibit B).  Plaintiffs again did not

respond.  On August 21, 2025, Defendants followed up again while the parties met and conferred to discuss JSR topics.  Plaintiffs indicated they were not prepared to discuss the issue at that time.  *See* ECF No. 1389 at 3.  On September 4, 2025, this Court granted Defendants leave to amend, setting the deadline for October 20, 2025.  *See* ECF No. 1402 at 1.

Defendants have now filed amended answers concurrently with this Opposition, removing several defenses and refining others.[1]  Plaintiffs' Motion, directed at superseded pleadings, is therefore moot[2].

## III.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(c) requires a party to set forth affirmative defenses in response to a pleading, or else risk losing the right to present evidence on its defenses at trial. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, at 736 (N.D. Ill. 1982.)  Given the danger of inadvertently depriving a party of the right to present a valid defense, courts are liberal in evaluating whether an affirmative defense is properly pled.  "[T]he benefit of any doubt should be given the pleader," and "[o]nly matters that deserve a clear 'no' answer" to the question of whether they are properly pled "will be stricken to make the pleadings more concise."  *Id*. at 737.

Answers and affirmative defenses are subject to the same pleading requirements as complaints in this District, but will rarely be as detailed as a complaint—"nor do they need to be in most cases to provide sufficient notice of the defense asserted."  *Dorsey v. Ghosh*, No. 13-cv-

---

[1] Defendants have amended their affirmative defenses of Assumption of Risk, Intervening/Superseding Causation, Product Misuse, and Product Modification and have withdrawn the defenses of Estoppel, Failure to Join an Necessary Party, Waiver, and Unclean Hands.  Defendant AFAM continues to assert a defense of Estoppel, and is otherwise aligned with the other Defendants.  Defendants Namasté and McBride continue to assert a defense of Failure to Join a Necessary Party, and are otherwise aligned with the other Defendants.

[2] To the extent Plaintiffs attempt to re-cast their motion as applying to the amended answers, Defendants expressly reserve the right to respond on the merits should any new, non-moot challenge arise.

05747, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015). Courts look to the answer in determining whether a defendant has pled adequate factual support, not just the section labeled "affirmative defenses," and may draw reasonable inferences from the facts that have been pled throughout. *See Codest Eng'g*, 954 F. Supp. at 1231.

It is well established that "[m]otions to strike are generally disfavored because of their potential to delay proceedings." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.").

Unless a plaintiff can demonstrate that an affirmative defense is "patently defective and could not succeed under any circumstances," a motion to strike should be denied. *Mobley v. Kelly Kean Nissan, Inc.,* 864 F. Supp. 726, 732 (N.D. Ill. 1993); *accord Heller*, 883 F.2d at 1294. Plaintiffs have failed to meet this burden.

## IV.  DEFENDANTS' AMENDED ANSWERS MOOT PLAINTIFFS' MOTION TO STRIKE

Defendants' answers provide Plaintiffs with proper notice of their affirmative defenses. Rule 15 grants Defendants the right to amend their answers and establishes that amended answers supersede the previously filed answers in full. Once an amended pleading is filed, the prior pleading ceases to be operative. *See* Fed. R. Civ. P. 15(a)(2); *Warner v. Anderson Hous. Auth.,* 724 F. Supp. 3d 763 (N.D. Ohio 2024); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (Federal courts have "no authority 'to give opinions upon moot questions or abstract propositions.'") (citation omitted).

Defendants have now filed amended answers that (i) withdraw the defenses of waiver, estoppel, unclean hands, and failure to join a necessary party, and (ii) supply additional factual

basis for the remaining challenged affirmative defenses. For example, the amended Laches defense identifies the timing of each alleged diagnosis, reliance on public studies, and delay in filing suit, while detailing how that delay has prejudiced Defendants' ability to obtain evidence. The amended Assumption of Risk defense now links the doctrine to continued use of chemical relaxers and Plaintiffs' inability to identify specific products or labels in their own PFSs. Likewise, the amended defense of Intervening/Superseding Cause identifies alternative product manufacturers, third-party applicators, and potential medical and lifestyle factors that may independently explain Plaintiffs' alleged injuries.

The amended pleadings resolve every issue identified in Plaintiffs' Motion and render the Motion moot.[3] Courts routinely deny motions to strike under these circumstances. *Cowart v. City of Eau Claire*, 571 F. Supp. 2d 1005, 1006 (W.D. Wis. 2008) (holding motion to strike became moot in light of amended answer); *The Long Co. v. Hawaii Baking* Co., No. 02 C 3082, 2003 WL 262421, at *3 (N.D. Ill. Jan. 29, 2003) (same). There is simply no longer a current controversy for the Court to resolve and Plaintiffs' Motion should be denied.

## V.     DEFENDANTS' AFFIRMATIVE DEFENSES ARE ADEQUATELY AND PROPERLY PLED

Even if the Court were to reach the merits, Plaintiffs' Motion would still fail. Rule 8(b) requires only that a defendant state in "short and plain terms its defenses to each claim." Fed. R. Civ. P. 8(a). A sufficiently pled affirmative defense requires notice, not proof. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989); *Renfrow v. Warden of the Clinton Corr. Facility*, 828 F. App'x 411, 414 (7th Cir. 2020); *see also United States ex rel.*

---

[3] Plaintiffs state in their Motion that they do not challenge the Utility Outweighs Risk affirmative defense. *See* Mtn. at 5. Because Plaintiffs have raised no legal objection, Defendants have not modified or amended this defense at this stage, but reserve the right to do so should Plaintiffs later contest it.

*James Cape & Sons Co. v. Am. Home Assur. Co.*, No. 02 C 1903, 2004 WL 3119029, at *7 (N.D. Ill. Dec. 4, 2004) (concluding that party "misunderst[oo]d the pleading requirements of Rule 8(a)" in arguing that affirmative defenses should be stricken for failure to plead sufficient facts supporting the defenses).

Indeed, courts do not parse affirmative defenses in isolation or require each one to contain evidentiary detail. *See Heller Fin.,* 883 F.2d at 1295. The proper inquiry is whether, when read in the context of the entire answer and the case as pleaded, the defenses provide fair notice of the issues likely to arise. *See Deal Genius, LLC v. O2COOL, LLC*, No. 21-CV-2046, 2022 WL 888381, at *4 (N.D. Ill. Mar. 10, 2022) (holding that even if a single defense "[r]ead in isolation" appears conclusory, the defense must be construed within the pleadings as a whole and will not be stricken where its basis can be reasonably inferred from the record). That standard is plainly met here.

As currently pled, Defendants' affirmative defenses identify a distinct legal theory, such as assumption of risk, product misuse, or product modification, that is directly relevant to Plaintiffs' claims. These statements of legal theory are supported by facts known at this time and provide fair notice of the issues likely to arise in discovery and at trial, which is all Rule 8 requires. Plaintiffs' characterization of the defenses as "bare bones" disregards this procedural posture. *See Sanchez v. La Rosa Del Monte Express, Inc.,* No. 94 C 3602, 1991 WL603901, 782 F. Supp. 1240, 1245 (N.D. Ill. Nov. 1, 1991) (rejecting a motion to strike a failure-to-mitigate defense as conclusory because, at an early stage of litigation, it would be "unreasonable" to expect detailed facts).

When Defendants filed their original answers, bellwether discovery was in its initial phases. Plaintiffs had not served verified interrogatory responses, and many PFSs—then the

7

principal discovery vehicle—contained only limited, checkbox-style information.  *See also*

*Thomas v. Exxon Mobil Corp*., No. 07 C 7131, 2009 WL 377334, at *4 (N.D. Ill. Feb. 11, 2009)

(refusing to strike affirmative defense "where discovery ha[d] barely begun").  Plaintiffs'

assertion that Defendants possessed "very significant information" to plead factual detail is

demonstrably incorrect.  *See* Mtn. at 9.  Even now, Plaintiffs' product identification, use history,

and claims lack factual support.  Many Plaintiffs' PFSs contain "not applicable" or "I do not

recall" entries, and Plaintiffs' written discovery often directs Defendants back to those same

insufficient PFS responses.  Defendants cannot be expected to plead more granular factual

defenses when Plaintiffs do not have the facts that would provide further clarity at this stage.

Nothing in Rule 8 nor in *Bell Atlantic Corp. v. Twombly* 550 U.S. 544 (2007) or *Ashcroft*

*v. Iqbal* 129 S. Ct. 1937 (2009) demands the level of "highly factual" particularity Plaintiffs

seek.  *See* Mtn. at 3.  Plaintiffs' reliance on *Ardagh Metal Packaging USA Corp. v. American*

*Craft Brewery, LLC,* 718 F. Supp. 3d 871 (N.D. Ill. 2024), is also misguided.  In *Ardagh*, the

court struck single-sentence defenses that merely stated the legal theory without any supporting

allegations.  *Id*. at 883.  Importantly, the deficiency was not the brevity of the defense but their

disconnection from the pleadings.  The court found that allegations elsewhere in the answer

could not be imputed because they were never incorporated by reference.  *Id*.  Here, Defendants'

answers explicitly incorporate the Master Long Form Complaint, the short-form pleadings and

all denials, tying each defense to specific products, alleged injuries, and dates of diagnoses.  The

factual linkage missing in *Ardagh* is present here on the face of the amended answers

themselves.

When viewed as a whole, the amended pleadings give Plaintiffs ample notice of what

each defense means in this context.  "Assumption of risk" refers to Plaintiffs' voluntary use of

products despite publicly available warnings and known risks. "Product misuse" concerns use inconsistent with labeled directions. "Product modification" addresses individual use and alteration. "Laches" reflects long-term product use despite reports suggesting possible risks. "Intervening cause" encompasses alternative exposures and medical conditions that could explain Plaintiffs' alleged injuries. "Failure to join a necessary party"(as to McBride and Namasté) addresses essential third-party contract manufacturers who have a significant interest in the outcome of this matter. The contours of these defenses[4] are self-evident from the pleadings and the nature of the claims. *See Mandel Metals, Inc. v. Walker Group Holdings,* No. 14–CV–8493, 2015 WL 3962005 (N.D. Ill. June 26, 2015)("As a practical matter, however, affirmative defense rarely will be as detailed as a complaint; nor do they need to be in most cases to provide sufficient notice of the defense asserted."). Defendants' amended answers are more than sufficient.

## VI.   PLAINTIFFS WOULD NOT BE PREJUDICED BY ANY DEFICIENTLY PLED AFFIRMATIVE DEFENSES

The Court should also deny Plaintiffs' Motion because they cannot demonstrate prejudice. *See Shield Techs. Corp. v. Paradigm Positioning, LLC,* No. 11 C 6183, 2012 WL 4120440, at *9 (N.D. Ill. Sept. 19, 2012) (refusing to decide merits of a defense on motion to strike because "[a] motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact"). To justify the drastic relief sought by a motion to strike, the movant must show that the allegations challenged are "so unrelated to plaintiff's claim as to be void of merit

---

[4] Plaintiffs make no attempt to show that any affirmative defense is facially defective under Rule 8. *See Sayad v. Dura Pharms., Inc.*, 200 F.R.D. 419, 421 (N.D. Ill. 2001). Their argument rests on a single procedural throughline—a categorical attack on brevity—rather than any substantive engagement with the defenses at issue. Defendants reserve all rights to respond should Plaintiffs later attempt to do so.

and unworthy of any consideration and that the allegations are unduly prejudicial." *See Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). Prejudice exists only where the challenged matter "confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Id*. at 799. Although the Seventh Circuit has not expressly determined whether a movant must demonstrate prejudice, district courts in this Circuit recognize it as an independent ground for denial. *See Rivertree Landing LLC v. Murphy*, 246 F.R.D. 667, 668 (N.D. Ill. 2007) (denying motion to strike where plaintiff did not "identify how it is prejudiced by these affirmative defenses") ; s*ee also City of Chicago v. DoorDash, Inc.*, 636 F. Supp. 3d 916, 924 n.1 (N.D. Ill. 2022) (acknowledging that the Seventh Circuit has not resolved whether a movant must show prejudice to strike an affirmative defense yet proceeding to consider the issue). Plaintiffs fail to meet this burden.

It is unclear how Plaintiffs could be prejudiced by Defendants' amended answers. Defendants' amended answers narrow and clarify the defenses; they add no new issues, expand no discovery, and disrupt no deadlines. Because striking defenses under Rule 12(f) is a drastic, disfavored remedy, it requires both legal insufficiency and concrete prejudice—neither is shown here. Any abstract legal disputes about the defenses' viability are unripe and should await a developed factual record. The motion fails on prejudice alone and should be denied.

## VII.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike.

Dated: October 20, 2025              Respectfully submitted,

*/s/ Dennis S. Ellis*
Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@ellisgeorge.com
kmurray@ellisgeorge.com
spolatoglu@ellisgeorge.com

Jonathan Blakley (6308603)
Gordon Rees Scully Mansukhani LLP
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos (68465)
Gordon Rees Scully Mansukhani LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc.;*
*L'Oréal USA Products, Inc.; and SoftSheen-*
*Carson LLC*

Heidi Levine
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
T: (212) 839-5300
hlevine@sidley.com

Daniel A. Spira
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
T: (312) 853-7000
dspira@sidley.com

Caitlin P. Strauss (pro hac vice)
Saul Ewing LLP
1735 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
T: (215) 972-7153
caitlin.strauss@saul.com

Michael Jacobson
Saul Ewing LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
T: (312) 876-7100
michael.jacobson@saul.com

*Counsel for Defendant Namasté Laboratories, LLC*

Lori B. Leskin
Arnold & Porter Kaye Scholer, LLP
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com

Rhonda R. Trotter
Arnold & Porter Kaye Scholer, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

12

R. Trent Taylor
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182/F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100/F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan (6206202)
Kevin A. Titus (6217520)
Bryan E. Curry (6255803)
Litchfield Cavo LLP
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises,
LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Wiedner & McAuliffe, Ltd.
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
312.855.1105
rjleamy@wmlaw.com
kaschank@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

13

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
MARON MARVEL
191 N. Wacker Drive – Suite 2950
Chicago, Illinois 60606
T: (312) 579-2018 (ofc)
mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*


Edward P. Abbot
Eckert Seamans Cherin & Mellot, LLC
275 Madison Avenue 10th Floor
New York, NY 10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer
Products Corporation, and Revlon Group Holdings LLC*

Joseph J. Welter
Ryan M. Frierott
GOLDBERG SEGALLA
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
Audriana Rodriguez
DINSMORE & SHOHL LLP
Southeast Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
T: (786) 957-1157
seth.alhadeff@dinsmore.com
ravika.rameshwar@dinsmore.com
audriana.rodriguez@dinsmore.com

14

Matthew C. Wasserman
Nick Wolfe
DINSMORE & SHOHL LLP
222 W. Adams Street
Suite 3400
Chicago, IL 60606
matthew.wasserman@dinsmore.com
nick.wolfe@dinsmore.com

*Counsel for McBride Research Laboratories, Inc.*

# EXHIBIT A

# ELLIS GEORGE LLP

Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

Katherine F. Murray
310.274.7100
kmurray@ellisgeorge.com

August 10, 2025

**Via E-Mail**

Edward A. Wallace
Wallace Miller
150 N. Wacker Dr.
Suite 1100
Chicago, IL 60606
eaw@wallacemiller.com

Fidelma L. Fitzpatrick
Motley Rice LLC
40 Westminster Street
Fifth Floor
Providence, RI 02903
ffitzpatrick@motleyrice.com

Diandra "Fu" Debrosse Zimmermann
Dicello Levitt LLC
5050 20th Street North
Suite 1500
Birmingham, AL 35203
fu@dicellolevitt.com

Michael London
Douglas & London, P.C.
59 Maiden Lane
6th Floor
New York, NY 10038
mlondon@douglasandlondon.com

Benjamin L. Crump
Ben Crump Law Firm
122 South Calhoun Street
Tallahassee, FL 32301
ben@bencrump.com

Re: MDL 3060, In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation - Bellwether Answers and Affirmative Defenses

Dear Counsel:

We write on behalf of Defendants AFAM Concept, Inc.; Avlon Industries, Inc.; Beauty Bell Enterprises, LLC; Godrej SON Holdings; House of Cheatham LLC; L'Oréal USA, Inc.; L'Oréal USA Products, Inc.; Namaste Laboratories, LLC; Luster Products, Inc.; Revlon, Inc.; Revlon Consumer Products Corporation; Revlon Group Holdings LLC; SoftSheen-Carson LLC; Strength of Nature LLC; and Strength of Nature Global LLC in response to your August 1, 2025 correspondence regarding Defendants' answers and affirmative defenses in the 32 bellwether cases. As you know, affirmative defenses that are not initially asserted may be deemed waived. *See Brunswick Leasing Corp. v. Wisconsin Cent., Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998) ("As a general matter, an affirmative defense that is not timely pleaded is waived."). As such, at the time their answers were due, Defendants included the affirmative defenses they believed were appropriate based on the information currently available to them.

2395267.1

ELLIS GEORGE LLP

August 10, 2025
Page 2


While we do not agree with your characterizations regarding the deficiency of certain affirmative defenses asserted in Defendants' answers, we are mindful of the Court's preference that the parties attempt to resolve their disputes without motion practice, if possible. In that regard, with respect to the affirmative defenses identified in your letter, Defendants intend to amend some to include additional information and drop others. With over thirty plaintiffs and differing claims, these amendments may vary by plaintiff, and we are currently undertaking that review.

In the meantime, please let us know whether Plaintiffs consent to Defendants amending their answers pursuant to Federal Rule of Civil Procedure 15(a)(2) within 30 days. Defendants, in turn, would not oppose Plaintiffs seeking an extension to file a Rule 12(f) motion 30 days after Defendants file their amended answers. We look forward to hearing from you.

Sincerely,

Katherine F. Murray

# EXHIBIT B

# ELLIS GEORGE LLP

Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

Katherine F. Murray
310.274.7100
kmurray@ellisgeorge.com

August 14, 2025

**Via E-Mail**

Edward A. Wallace
Wallace Miller
150 N. Wacker Dr., Suite 1100
Chicago, IL 60606
eaw@wallacemiller.com

Fidelma L. Fitzpatrick
Motley Rice LLC
40 Westminster Street, Fifth Floor
Providence, RI 02903
ffitzpatrick@motleyrice.com

Diandra "Fu" Debrosse Zimmermann
Dicello Levitt LLC
5050 20th Street North, Suite 1500
Birmingham, AL 35203
fu@dicellolevitt.com

Michael London
Douglas & London, P.C.
59 Maiden Lane , 6th Floor
New York, NY 10038
mlondon@douglasandlondon.com

Benjamin L. Crump
Ben Crump Law Firm
122 South Calhoun Street
Tallahassee, FL 32301
ben@bencrump.com

Re: MDL 3060, In re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation - Bellwether Answers and Affirmative Defenses

Dear Counsel:

This letter follows my correspondence dated August 10, 2025, where Defendants informed Plaintiffs that they were willing to amend their answers to address the issues raised in Plaintiffs' August 1, 2025 correspondence. Although Plaintiffs' letter requested that Defendants amend their answers, as you likely are aware, Plaintiffs' delay in raising this issue—more than 21 days from the filing of Defendants' answers—precluded Defendants from amending their answers as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Thus, amendment at this stage is possible "only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). So as to not burden the Court with a request for leave, Defendants asked Plaintiffs to consent. Although Plaintiffs did not respond to my correspondence, they did file a Motion to Strike on August 11, 2025, taking the position that certain affirmative defenses asserted by Defendants are deficient. Given Plaintiffs' filing, we can only assume that Plaintiffs remain amenable to Defendants amending their answers. We therefore ask Plaintiffs, again, for their consent to Defendants amending their answers pursuant to Federal Rule of Civil Procedure

3041181.1

ELLIS GEORGE LLP

August 14, 2025
Page 2


15(a)(2) within 30 days.  Upon Plaintiffs' confirmation, we can provide a draft stipulation.
Should Plaintiffs continue to refuse Defendants' request, we will seek leave from the Court.  We
look forward to hearing from you.

Sincerely,

Katherine F. Murray

3041181.1