UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>District Judge Mary M. Rowland<br>Magistrate Judge Beth W. Jantz<br><br>This document relates to: All Cases |

**Order on Mechanism to Address Plaintiffs'
Outstanding Third-Party Document Subpoenas**

In order to address Plaintiffs' 173 still outstanding third-party document subpoenas (as of 10/6/25), the Court will use the following mechanism. The subpoenaed third-parties in this case represent mostly advertisers, manufacturers, and research entities.

Regarding the ability of an MDL court to enforce document-related subpoenas served out of District on third-parties, Plaintiffs take the legal position that 28 U.S.C. §1407 confers jurisdiction on this MDL Court to enforce document subpoenas as well as deposition subpoenas, even as to those served out of District, and Defendants take no position. Dkt. No. 1414. Title 28 U.S.C. §1407(b) does not explicitly allow for (or preclude) this Court to rule on *document* subpoenas filed outside the District overseeing the MDL. Although the authorities are not uniform, *see, e.g.*, Dkt. No. 1414 at n.4, multiple courts have held that an MDL court has authority to rule on document subpoenas filed in other Districts if related to the MDL. *See, e.g., In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case

No. 16-MD-2724 (E.D.Pa. Dec. 7, 2020); *In re EpiPen Mktg., Sales Practices and Antitrust Litig.*, 2018 WL 2926581, at *3 (D. Kan. June 11, 2018); *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 2014 WL 2884726, at *1 (S.D.N.Y. June 26, 2014); *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2014 WL 1660386, at *2 n.1 (S.D.W. Va. Apr. 22, 2014); *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 11539533, at *2 (N.D. Ala. Dec. 4, 2017).

This Court finds persuasive the reasoning in these cases and holds that it may quash, modify, and/or enforce document subpoenas that require compliance outside this District as part of its authority to conduct consolidated pretrial proceedings in this MDL.

In accordance with this holding—and Dkt. No. 1463—by October 30, 2025, Plaintiffs are to file a status report with the Court identifying 10% of outstanding third-party document subpoenas (excluding any that are still in negotiation, but including any that have been non-responsive). The Court[1] will rule on, or otherwise address, this subset. In their filing, Plaintiffs also should identify: (1) a brief position on each of the chosen subpoenas, and (2) which outstanding subpoenas, not in the subset, involve substantially the same or similar issues as each of the chosen subpoenas.

---

[1] The Court may discuss with the parties during their 11/6/25 status hearing on discovery whether it makes the most sense for this Court or the Special Master to address this subset in the first instance.

In order to bring the full set of subpoenas to resolution, all meet and confer efforts on outstanding third-party document subpoenas must conclude by November 10, 2025. After ruling on the subset(s), the Court will issue an Order to Show Cause why those rulings should not apply to other subpoenas with related/similar issues.

To the extent that a hearing on these matters in this Court might prejudice any third-party that is located out of District, the Court notes that it will conduct hearings regarding these subpoenas by video, phone and/or on the papers. Further, for any attorney not barred in this District, but whom is barred to practice and in good standing in any United States District Court, they may be admitted *pro hac vice* in this litigation for the purpose of making such a limited appearance.

Finally, this Court encourages the parties to share this Order with subpoena recipients and/or District Courts in which related motions may have been filed.

SO ORDERED.

DATED: October 28, 2025

HON. BETH W. JANTZ
United States Magistrate Judge