# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 <br> No. 23-cv-00818 <br><br> Hon. Beth W. Jantz <br><br> This document relates to: All Cases |

## ORDER

The Court held a status hearing to discuss the status of discovery and address the various issues raised in the Parties' October 30, 2025 Joint Status Report (JSR). Dkt. No. 1498. The hearing was held on November 6, 2025. Dkt. Nos. 1517, 1533. For the next discovery JSR due on December 4, 2025, the parties must refrain from including extensive detail about deposition scheduling issues.

This Order memorializes the salient aspects of that hearing and the Court's corresponding rulings that have not yet been discussed in the Court's previous text orders. The parties should read the full text of this Order for all deadlines and rulings.

### I.    GLOBAL ISSUES

**A.    Third Party Subpoenas**

Defendants requested that Plaintiffs better inform Defendants as to how enforcement of third party document subpoenas are proceeding. Plaintiffs must produce to Defendants any documents received within 14 days. If there are problems accessing the documents, Plaintiffs are to notify Defendants within that same timeframe.

## II. DEFENDANT SPECIFIC DISCOVERY STATUS

A. Avlon Industries, Inc.

### 1. Special Master Grossman Update

Avlon will produce the Secondary Checklist and Basecamp documents discussed in the JSR (Dkt. No. 1498 at 3–4) by November 7, 2025.

### 2. Documents stipulations, or records custodians depositions

The Parties must conclude their meet and confer efforts on these issues by no later than November 26, 2025. The parties should identify at least placeholder dates in December to take any depositions as necessary.

B. Luster Products, Inc.

### 1. Document Productions to date

As further detailed on the oral record, Luster will provide an affidavit(s) clarifying (a) what documents have been produced to date, especially with regard to those documents that might be referred to by multiple names; (b) any supplemental productions that need to be made and a timeframe for doing so, and (c) if certain responsive documents are not available, why not. Luster will provide this affidavit to Plaintiffs by November 20, 2025.

### 2. Continued Deposition of Freddie Luster III

For the reasons stated on the record, the Court orders the continuation of the deposition of Freddie Luster III. By November 10, 2025, the Parties will agree on a firm date for the deposition. The deposition must occur by November 26, 2025.

Further, the deposition may be held remotely by video, unless the parties agree otherwise.

**C.    Revlon**

**1.    Jolorie Williams' Laptop Data**

Revlon is to provide this data to Plaintiffs by November 14, 2025.

**2.    Missing CV and Performance Reviews**

Revlon is to provide the missing information by November 20, 2025.

**3.    Standard Operating Procedures**

Plaintiffs will communicate a list of relevant standard operating procedures in which they're interested in by November 7, 2025. Defendant Revlon must respond by November 14, 2025.

### III.    CLASS ACTION DISCOVERY

The parties identified a few named class members who purported to not be available for weekday depositions and were requesting weekend dates.  Over the Defendants' objections, the Court will allow these weekend depositions in light of the relative burden on the deponents and because it involves only a few named class members. Class representatives through their counsel, however, must provide dates for their depositions at least fourteen days before their availability. Depositions will be in person, except to the extent the Parties agree otherwise.

Any deposition dates that have been scheduled at this point are adopted by the Court. The Parties may change these dates by agreement, but without an

agreement or leave of Court, the parties must proceed with the depositions as currently scheduled.

SO ORDERED.

DATED: November 24, 2025

HON. BETH W. JANTZ

United States Magistrate Judge