## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 |
| | Master Docket No. 23-cv-0818 |
| | Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Partial Objection to Magistrate Judge Jantz's November 7, 2025 Minute Order ([1518]) under Federal Rule of Civil Procedure 72. [1552]. For the reasons stated herein, Defendants' partial objection is overruled.

### I.      Background

MDL-wide written fact discovery closed on February 28, 2025 and MDL-wide oral fact discovery was set to close on September 30, 2025. [884]. Several Defendants have completed productions after this deadline. *See* [1392] at 8. On September 25, 2025, the Court extended deadlines for MDL-wide oral fact discovery. [1426]. The deadline for oral discovery as to Defendants Avlon and Luster was extended to 12/19/25, the deadline for oral discovery as to Defendant Namaste was extended to 11/21/25, and the deadline for oral discovery for all other Defendants was extended to 10/30/25. *Id.*

In an order on November 7, 2025, Magistrate Judge Jantz ruled Requests for Admission ("RFAs") served on Defendant L'Oreal USA on October 21, 2025 were

1

timely. [1518]. The order quoted an order from April 11, 2025, stating:

> the Court finds that the Requests for Admission served by Plaintiffs on Avlon **and any other Defendants** were timely, as fact discovery remains ongoing. Additionally, the Court believes Requests for Admission may be useful in honing the facts for trial. Again, nothing in this Order will prevent a Defendant from arguing following a meet and confer process that specific Requests for Admission are improper or unduly burdensome, **but any Requests for Admission served within the fact discovery period will be considered timely**.

*Id.* (emphasis in original). Defendants contend any RFAs served at this stage of the litigation, including the RFAs served on L'Oreal USA on October 21, 2025 and on Avlon on November 11, 2025 and all future RFAs, are untimely as they were served after the close of MDL-wide written discovery on February 28, 2025 and after the close of oral discovery on September 30, 2025 "with only a narrow exception permitting the completion of ***oral discovery***" after this deadline. [1552] at 4 (emphasis in original).

The Court now considers Defendants' Partial Objection to Magistrate Judge Jantz's Order regarding the timeliness of RFAs. [1552].

## II.    Standard

Under Federal Rule of Civil Procedure 72, a district court's standard of review of a magistrate judge's order depends on whether the matter raised is non-dispositive or dispositive. *Compare* Fed. R. Civ. P. 72(a) *with* Fed. R. Civ. P. 72(b). "Orders pertaining to discovery that do not seek an adverse inference, dismissal, or other form of final relief are typically non-dispositive." *Promier Prods., Inc. v. Orion Cap. LLC*, No. 21 CV 1094, 2023 WL 8868781, at *3 (N.D. Ill. Dec. 22, 2023). The challenged Order here is non-dispositive.

"A magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is 'clearly erroneous or contrary to law.'" *Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 90–91 (N.D. Ill. 1992) (quoting Fed. R. Civ. P. 72(a)). A district court cannot "reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *Doe v. Individual Members of the Ind. State Bd. of Law Exam'rs*, No. 1:09-cv-842-WTL-JMS, 2010 WL 106580, at *1 (S.D. Ind. Jan. 4, 2010) (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)). Rather, the district court can "overturn the magistrate judge's ruling *only if* the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (emphasis added).

## III. Analysis

Before addressing the substance of the parties' arguments, the Court must first consider the timeliness of Defendants' objection. Plaintiffs argue the objection is untimely for two reasons: (1) it was filed 14 days after the November 7 Minute Order was entered; and (2) it was filed months after the underlying April 11, 2025 order. [1595] at 4–5. Any objection to a nondispositive pretrial order issued by a magistrate judge must be served and filed within 14 days of being served with a copy of the order—not within 10 days as Plaintiffs assert. Fed. R. Civ. P. 72(a). Here, Defendants filed their objection on November 21, 2025, within 14 days of service of the November 7, 2025 Minute Order. Whether the objection is waived because it was filed more than seven months after the April 11 order was entered is a more arguable contention.

However, the Court declines to dismiss the objection on procedural grounds. There is no prejudice to Plaintiffs given the Court's disposition.

Defendants' objection is denied. Defendants have failed to show the November 7, 2025 order (or the underlying April 11, 2025 order) are clearly erroneous or contrary to law. "Courts have substantial discretion in administering discovery and in setting deadlines." *Franklin v. Howard Brown Health Ctr.*, 2018 WL 4590010, at *6 (N.D. Ill. Sept. 25, 2018) (citing *King v. Ford Motor Co.*, 872 F.2d 833, 838 (7th Cir. 2017); *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017)); *see also* Fed. R. Civ. P. 16(b)(4) (allowing modification of schedules for good cause and with the judge's consent). The November 7 and April 11 orders were well-within the Court's discretionary powers to set discovery deadlines. Furthermore, as Plaintiffs raise, it is commonplace for courts to allow RFAs after the close of fact discovery. *See, e.g.*, [1595] at 7 (collecting cases). And the Seventh Circuit has indicated that an RFA may be characterized as something other than a discovery device, *see Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 609 n.2 (7th Cir. 2002), and district courts in this circuit have found RFAs that only address facts known by the propounding party and do not elicit new information are not discovery devices, *Cain v. Patel*, 2021 WL 1312644, at *2 (S.D. Ill. Apr. 8, 2021). Without deciding whether the issued RFAs

Accordingly, the November 7, 2025 order is not clearly erroneous or contrary to law and Defendants' objection is denied.

## **CONCLUSION**

Consistent with the November 7 order, any RFAs served on Defendant Namaste after November 21, 2025 are untimely, any RFAs served on Defendants Avlon or Luster after December 19, 2025 are untimely, and any RFAs served on any other Defendant after October 30, 2025 are untimely. Any RFAs served before the aforementioned deadlines are timely.[1]

E N T E R :

Dated: December 8, 2025

_____
MARY M. ROWLAND
United States District Judge

---

[1] As Judge Jantz previously ruled, further disputes and objections to the RFAs (other than timeliness) are referred to Special Master Grossman.