IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 <br><br> Master Docket No. 23-cv-0818 <br><br> Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' motion to strike Defendants' Affirmative Defenses in bellwether discovery cases. [1375]. Defendants oppose the motion. [1461]. For the reasons stated herein, Plaintiffs' motion to strike is granted in part and denied in part.

### I. Background

Pursuant to the Bellwether Case Management Order, Defendants filed their Answers to each of the 32 bellwether discovery case Short Form Complaints ("SFC"). Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., and SoftSheen-Carson LLC (collectively "L'Oréal Defendants") answered the SFCs together and the remaining named defendants ("Other Defendants") separately answered the SFCs in one joint response. Plaintiffs moved to strike several of Defendants' affirmative defenses. [1375]. Defendants responded. [1461]. Concurrent with their opposition to the motion to strike, Defendants served Amended Answers. The Court considers the sufficiency of the amended pleadings.

1

## II. Standard

Federal Rule of Civil Procedure 12(f) provides that a court may strike a party's "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike "are generally disfavored because of the likelihood that they may only serve to delay proceedings," however when "striking portions of a pleading 'remove[s] unnecessary clutter from the case,' the motion may 'serve to expedite, not delay.'" *Naylor v. Streamwood Behavioral Health Sys.*, 2012 WL 5499441, at *7 (N.D. Ill. Nov. 13, 2012) (quoting *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 477 n.1 (7th Cir. 2019) (quoting *Divine v. Volunteers of America of Illinois*, 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018)).

To survive a motion to strike, an affirmative defense must satisfy a three-part test: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." *Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (quoting *Renalds v. S.R.G. Rest. Grp.*, 119 F.Supp.2d 800, 802–03 (N.D. Ill. 2000)). "As a practical matter, however, affirmative defenses rarely will be as detailed as a

complaint (or a counterclaim); nor do they need to be in most cases to provide sufficient notice of the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Behn v. Kiewit Infrastructure Co.*, 2018 WL 5776293, at *1 (N.D. Ill. Nov. 2, 2018) (citing *Dorsey v. Ghosh*, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015)).

### III. Analysis

In the motion to strike, Plaintiffs contend Defendants' Answers to the bellwether SFCs contain numerous boilerplate affirmative defenses that are not specific and not sufficiently tailored to the facts of any particular defense such that Plaintiffs are unable to assess the factual basis for these defenses. *See generally* [1375]. Plaintiff does not move to strike any affirmative defenses on the substantive merits or on the basis that certain affirmative defenses are not permitted under the state law applicable to any particular bellwether case. *Id.* at 1 n.1. Defendants contend the Amended Answers moot the motion, or in the alternative, the affirmative allegations are plausibly pleaded and Plaintiffs are not prejudiced by the pleadings. *See generally* [1461].

#### A. Failure to Join a Necessary Party

In 23 bellwether cases, Defendants assert that the plaintiff failed to name a necessary party as an affirmative defense.[1] Plaintiffs argue failure to join a necessary

---

[1] Defendants other than Namasté and McBride withdrew this affirmative defense in their Amended Answers. Failure to Join a Necessary Party is pleaded in the following bellwether cases: 23-cv-9878 (*Alexander*); 23-cv-6876 (*Boatright*); 23-cv-10579 (*Chattman*); 23-cv-5905 (*Edgar*); 23-cv-8200 (*Felton*); 23-cv-11083 (*Fields*); 23-cv-10740 (*Ford*); 23-cv-10947 (*Fullard*); 23-cv-6495 (*Garrett*); 23-cv-5971 (*Gibson*); 23-cv-15818 (*Harris*); 23-cv-14127 (*Hauck*); 23-cv-12803 (*Hix*); 23-cv-13909 (*Hobbs*); 23-cv-10379 (*Jackson*); 23-cv-10617 (*James*); 23-cv-11851 (*Mazyck*); 23-cv-10698 (*S. Robinson*); 23-cv-10039

3

or indispensable party is not an affirmative defense and is improperly alleged as such. Rather, Plaintiffs contend Defendants should instead raise this defense on a motion to dismiss under Rule 12(b)(7) or bring in any additional parties as third-party defendants under Rule 14 or move for joinder under Rule 19. [1375] at 4; [1508] at 3. Defendants respond this affirmative defense "addresses essential third-party contract manufacturers who have a significant interest in the outcome of this matter." [1461] at 9.

Plaintiffs are correct that the failure to join a necessary party may be raised by a Rule 12(b)(7) motion and that additional parties may be joined pursuant to Rule 14 or 19. *See* Fed. R. Civ. P. 12(b)(7); 14; 19. But courts in the Seventh Circuit have held that failure to join may also be raised in an answer. *E.g.*, *Pompa v. Otis Elevator Co.*, 2025 WL 2651296, at *7 (C.D. Ill. Sept. 16, 2025); *Coastal Funding, LLC v. Title Assurance Co. R.R.G.*, 2017 WL 11885399, at *3 (N.D. Ill. Aug. 10, 2017) (citing *Escobedo v. Oswego Junction Enterprises LLC*, 2017 WL 3430643, at *5 (N.D. Ill. July 24, 2017)). Accordingly, the Court finds the affirmative defense of failure to join a necessary party is adequately pled and will not be stricken. Defendants Namasté and McBride may challenge the bellwether SFCs for failure to join a party, but they will bear the burden of proving who that party is and why the case cannot proceed in their absence. *See Thiel v. Libertyville Police Dept.*, 1994 WL 673069, at *1 (N.D. Ill. Nov. 28, 1994) (Defendants, as the party "who asserts the defense of failure to join assumes the burden of proving that the absent party is necessary for a just adjudication of the

---

(*Roland*); 23-cv-10280 (*B. Smith*); 23-cv-10645 (*K. Smith*); 23-cv-10632 (*Thomas/Wallace*); 23-cv-05488 (*Weeks*).

4

claims").

## B. Laches

In multiple bellwether cases, Defendants allege an affirmative defense of laches. In their Amended Answers, Defendants supplemented their allegations by identifying "the timing of each alleged diagnosis, reliance on public studies, and delay in filing suit, while detailing how that delay has prejudiced Defendants' ability to obtain evidence." [1461] at 6. Plaintiffs dispute the validity of a laches defense, particularly in cases where Defendants admit the plaintiff filed suit within a year of her diagnosis of a qualifying injury. [1508] at 4–5. However, Plaintiffs are no longer seeking to strike this affirmative defense in any bellwether case. *Id.* at 5. Thus, the Court need not address the propriety of laches as a matter of law or the sufficiency of the pleadings at this time.

## C. Assumption of Risk

In each bellwether case, all the Defendants plead an affirmative defense of assumption of the risk. The Amended Answers generally state: "Yet Plaintiff continued using the products until [Plaintiff-specific date] despite her allegations that public knowledge, warning labels, and/or other information was available to consumers through that time regarding the potential risks associated with chemical relaxers, including irritation, burns, or other adverse effects." *See e.g.*, *Harris v. L'Oréal USA, Inc.*, 23-cv-15818 (N.D. Ill. Oct. 20, 2025) (L'Oréal's Amended Answer [17] at 21). Plaintiffs argue the injury at issue in this case is cancer and Defendants must specifically allege developing cancer was a known risk associated with the use

5

of their products such that Plaintiffs should be held responsible for their alleged injury. [1508] at 6. But the harms alleged in this litigation are not limited to cancer. *See* [946] at 2 n.2 (listing allegations in the Long Form Complaint [106] relating to "other negative health conditions" and "other injuries"). The Court declines to require greater specificity in an affirmative answer than alleged in the complaint. This affirmative defense is adequately pled.

### D. Intervening/Superseding Cause

All the Defendants plead an affirmative defense of intervening/superseding cause in each of the bellwether cases. As amended, the affirmative answers follow a general pattern: First, plaintiff alleges she used other hair relaxer products manufactured by other entities and each use of such a product constitutes an intervening or superseding cause. *See, e.g.*, *Jones v. AFAM Concept, Inc.*, 23-cv-07074 (N.D. Ill. Oct. 20, 2025) (L'Oréal's Amended Answer [21] at 23–24). Second, plaintiff's "alleged injuries may have been caused by unrelated medical conditions, lifestyle factors, genetic predispositions, or exposure to chemicals from sources other than [defendant's] products." *Id.* Finally, third parties who applied relaxer products to plaintiff's hair independently caused or contributed to plaintiff's alleged injury. *Id.*

Plaintiffs contend these allegations do not provide notice of what conduct, occurrence, or exposure Defendants specifically claim broke the causal connection between Defendants' products and Plaintiffs' injuries. [1508] at 7–8. Plaintiffs demand Defendants identify particular other hair relaxer products, chemicals, medical conditions, lifestyle factors, or genetic predispositions that caused a

6

plaintiff's cancer. *Id.* at 8. Here, Defendants identify the other hair relaxer products plaintiff used and whether third parties applied those products. *See, e.g., Jones*, 23-cv-07074 (L'Oréal's Amended Answer [21] at 24). But plaintiffs have not necessarily disclosed all relevant exposures or health factors. Accordingly, at this stage of the litigation and discovery, the Court finds this affirmative defense is adequately pled and declines to strike these allegations. *Dace v. Chicago Pub. Sch.*, 2020 WL 1861671, at *5 (N.D. Ill. Mar. 18, 2020) (citing *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (the facts needed to plead an affirmative defense "may not be readily known to the defendant, [which is] a circumstance warranting a relaxed application of the plausibility standard.")).

### E. Withdrawn Affirmative Defenses

In their Amended Answers, Defendants removed the affirmative defenses of waiver and unclean hands in most of the bellwether cases. *See* [1461] at 1. These affirmative defenses remain in three bellwether cases.[2]

#### i. Waiver and Unclean Hands

In one bellwether case, the Other Defendants assert waiver as an affirmative defense. They claim: "Plaintiff, by their own conduct, has waived each of the claims alleged in the Complaint and, as a consequence thereof, Plaintiff is barred from seeking the relief sought, or any relief whatsoever." *Roland v. L'Oréal USA, Inc.*, 23-cv-04124 (N.D. Ill. Oct. 20, 2025) (Other Defendants' Amended Answer [13] at 21).

---

[2] Waiver is pleaded in the following bellwether case: 23-cv-10039 (*Roland*). And unclean hands is pleaded in 23-cv-14127 (*Hauck*) and 23-cv-13909 (*Hobbs*). On November 14, 2025, the L'Oréal Defendants filed a Second Amended Complaint in 23-cv-04124 (*Batiste*) that removed the affirmative defenses of waiver, estoppel, and unclean hands.

7

And in two bellwether cases, the Other Defendants contend plaintiffs' unclean hands bar recovery. They state: "To the extent Plaintiff engaged in inequitable, misleading, or improper conduct relating to the claims asserted, such conduct forecloses the equitable relief sought. Equity does not aid those who come to court with unclean hands, and Plaintiff cannot obtain relief where fairness has been compromised by her own conduct." *Hobbs v. AFAM Concept, Inc.*, 23-cv-13909 (N.D. Ill. Oct. 20, 2025) (Other Defendants' Amended Answer [24] at 28–29); *Hauck v. L'Oréal USA, Inc.*, 23-cv-14127 (N.D. Ill. Oct. 20, 2025) (Other Defendants' Amended Answer [20] at 26).

Waiver and unclean hands are equitable defenses that "must be pled with the specific elements required to establish such defenses." *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, 2021 WL 5833986, at *5 (N.D. Ill. Dec. 9, 2021) (citing *Cozzi v. United of Omaha Life Ins. Co.*, 2021 WL 1165090, at *4 (N.D. Ill. Mar. 26, 2021)). Defendants have failed to sufficiently plead the essential elements of the affirmative defenses nor have they provided sufficient factual support. Without plausibly pleaded allegations, the Court is left to speculate as to which aspects of plaintiff's conduct constituted waiver or unclean hands. Thus, the Court strikes the Defendants' affirmative defenses of waiver and unclean without prejudice, but gives Defendants leave to replead these defenses if asserted in the Amended Answers.

### F. Miscellaneous

Plaintiffs take issue with inconsistencies in the numbering of affirmative defenses in the Amended Answers the Other Defendants filed in three bellwether

8

cases.[3] For ease of the parties and the Court, the Other Defendants are ordered to file corrected Amended Answers within 30 days of issuance of this opinion.

## IV. Conclusion

For the stated reasons, Plaintiffs' motion to strike is denied as to the following affirmative defenses: failure to join a necessary party, assumption of risk, and intervening/superseding cause. The motion to strike is moot as to laches. And the motion to strike is granted as to waiver and unclean hands. Those affirmative defenses are stricken without prejudice. Defendants are granted leave to file second amended answers within 30 days of issuance of this opinion.

E N T E R:

Dated: December 23, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

---

[3] 23-cv-8200 (*Felton*); 23-cv-10039 (*Roland*); 23-cv-10645 (*K. Smith*).