**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**CASE MANAGEMENT ORDER # 22**
**(Procedure for Party Substitutions and Dismissals of Deceased Plaintiffs)**

As a result of the filing of multiple motions to substitute a plaintiff following the discovery of the death of a plaintiff, as well as the complications created by the existence of deceased plaintiffs unable to fulfill their Case Management Order ("CMO") 9 obligations and subsequent involvement in the Court Call process and other processes that might be needed for the advancement of the cases, the Court finds it necessary to set forth the procedures for cases pending in this MDL that involve deceased plaintiffs. This order applies to all cases before the MDL court now, and in the future, whether transferred or directly filed into the MDL and shall stay in effect as to those cases following its remand or transfer from this MDL to another Court, as relevant, if either occurs at some time in the future.

**I.      Rule 25(a)**

Federal Rule of Civil Procedure 25(a) governs the substitution of a deceased party. The Rule provides,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Rule 25(a)(1) directs that both parties and appropriate nonparties be served with the suggestion of death to commence the 90-day substitution period[.]" *Fariss v.*

1

*Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985); *see also id.* ("The rule imposes no time limit for the substitution other than that commenced by proper service of a suggestion of death upon the record."); *see also Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008).

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner.

Fed. R. Civ. P. 25(a)(3). Thus, regarding both the suggestion of death and the motion to substitute, "a party may be served through his attorney, Fed. R. Civ. P. 5(b), but nonparties must be personally served. Fed. R. Civ. P. 4(d)(1)." *Fariss*, 769 F.2d at 962. *See also Atkins* F.3d at 871; *Russell v. City of Milwaukee*, 338 F.3d 662, 665-67 (7th Cir. 2003).

## II.     Whom to Serve

"The nonparties for whom Rules 25(a)(1) and 4(d)(1) mandate personal service are evidently the 'successors or representatives of the deceased party.'" *Fariss*, 769 F.2d at 962. "Where . . . a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative." *Id.* at 961. Otherwise, "[t]he 'successors or representatives of the deceased party' contemplated by the rule are those empowered to assert any legal claims of the decedent not extinguished by death." *Id.* at 962. Who may assert any surviving legal claims on behalf of the decedent will generally be addressed by applicable state law. Service on the deceased's attorney alone is inadequate to commence the 90-day substitution period. *Id.* at 961.

## III.     Counsel's Authority Ceases upon Client's Death

"The attorney's agency to act ceases with the death of his client, *see* Restatement (Second) of Agency § 120(1) (1958), and he has no power to continue or terminate an action on his own initiative." *Id.* at 962. Accordingly:

(a) Any case filed in the name of a plaintiff who predeceased the filing of the complaint initiating the case is a legal nullity, *see, e.g., In re Proton-Pump Inhibitor Prod. Liab. Litig.*, No. 2:17-MD-2789, 2022 WL 17850260 (D.N.J. Dec. 22, 2022), and shall be dismissed without prejudice. Such dismissals will occur through the process set forth in Paragraph V.D.1 below and will be subject to the refiling/reinstatement deadlines set forth by CMO 20.

(b) Counsel for a plaintiff who dies during the pendency of a case may not move to dismiss the deceased plaintiff's case. In addition, "he has no authority to move for substitution under Rule 25(a)(1)," unless he also represents the party or nonparty seeking substitution. *Fariss*, 769 F.2d at 962. *See also Atkins,* F.3d at 872.

## IV.    Duty to Preserve

The Court reminds plaintiffs' counsel, parties, and anticipated parties of the duty to preserve evidence relevant to this litigation. This duty extends to a deceased plaintiff's potential successor or representative who intends to pursue plaintiff's claims in this litigation.

## V.    Requirements for Continuation of Case

In the interests of consistency and efficiency, the Court finds it necessary to set forth the following additional requirements for cases currently pending in this MDL or that join this MDL in the future. Rule 25(a) does not specifically place the burden on either party to serve the appropriate nonparties with a suggestion of death or motion to substitute. However, in MDLs of this magnitude, although the plaintiff's counsel's authority to act on behalf of his or her client ceases with the client's death, the Court finds that plaintiff's counsel is in the best position to identify the proper successors or representatives of the decedent in order to serve them with the suggestion of death. Therefore, the Court **ORDERS** that the plaintiff's attorney has the burden of serving the successors or representatives in accordance with Rule 25.

### A. Suggestion of Death

#### 1. Timing

For any case in which plaintiff's counsel is currently aware of the death of his or her client, plaintiff's counsel shall file a suggestion of death on the case's individual docket within thirty (30) days of the entry of this Order. For any case in which plaintiff's counsel learns of the death of his or her client after entry of this Order, plaintiff's counsel shall file a suggestion of death on the case's individual docket within twenty (20) business days of counsel's learning of the death. Within ninety (90) days of filing any suggestion of death, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties, as described above, and file proof of such service on the case's individual docket.

The 90-day substitution period provided by Rule 25(a) will commence upon the timely filing of proof of service of a suggestion of death. In the event that plaintiff's counsel fails to timely file the suggestion of death or proof of service of a suggestion of death, the 90-day substitution period will commence ninety (90) days after the entry of this Order, for plaintiffs currently known to be deceased, or ninety (90) days after counsel's learning of the death of his or her client. Should plaintiff's counsel require additional time to locate and serve viable successors or representatives, requests for extensions of time of should be freely granted by the Designated Defendant.

Although the Court places the burden on plaintiff's counsel to serve nonparties in accordance with Rule 25, Defense counsel is permitted to file a suggestion of death on the case's individual docket if Defense counsel becomes aware of a plaintiff's death. The filing of the suggestion of death by Defense counsel places plaintiff's counsel on notice of the plaintiff's death and therefore commences the 90-day period within which plaintiff's counsel must serve the suggestion of death on the appropriate nonparties. Alternatively, if Defense counsel files the suggestion of death and serves it upon the appropriate nonparties, then the 90-day substitution

4

period provided by Rule 25(a) will commence on the date that service is effected.

### 2. Contents

A suggestion of death must (1) identify plaintiff's date of death; (2) identify the date on which plaintiff's counsel learned of plaintiff's death; (3) include a statement about whether counsel has identified and been in contact with plaintiff's successors or representatives; and (4) if so, include a statement about whether, at the time of filing the suggestion of death, counsel intends to file a motion to substitute.

### B. Probate Proceedings

In the event that applicable state law requires the opening of an estate and the appointment of a personal representative to pursue the claims of a deceased plaintiff, plaintiff's counsel shall initiate or cause to be initiated proceedings to open an estate and/or obtain the appointment of a personal representative for plaintiff within thirty (30) days of learning of the plaintiff's death or, if the plaintiff's death is currently known to plaintiff's counsel, thirty (30) days from entry of this Order.

### C. Subsequent Motions

Within the 90-day substitution period provided by Rule 25(a) (or within any extension of time that has been agreed to by the parties or ordered by the Court), plaintiff's counsel must file on the case's individual docket one of the following: (1) a motion to withdraw as counsel, (2) a motion to substitute a proper party plaintiff, or (3) a request for an extension of time to move to substitute.

### 1. Motions to Withdraw as Counsel

Should plaintiff's counsel wish to withdraw from a case after the plaintiff has died, counsel must file on the case's individual docket (a) proof of service of a suggestion of death on the parties and appropriate nonparties, in accordance with Rule 25; and (b) proof of service of counsel's motion to withdraw on the same parties and nonparties. Motions to withdraw as counsel after

plaintiffs die within the 90-day substitution period and prior to substitution will be granted only upon showings that the decedents' successors or representatives have (a) requested that counsel withdraw their representation in the cases, and (b) acknowledged their discovery obligations should they choose to pursue the decedents' claims without representation of current counsel. Any circumstances where these showings cannot be met shall be addressed via dismissal rather than withdrawal.

### 2. Motions to Substitute

If appropriate parties wish to continue the litigation commenced by the now-deceased plaintiff, they must follow the correct procedure pursuant to Rule 25. This includes timely filing a motion for substitution with the Court in accordance with this Order. The motion shall:

(a) Provide a copy of the decedent's death certificate;

(b) Explain why the claim has not been extinguished under the applicable state survivorship statute or state common law;

(c) Identify the proposed substitute plaintiff ("Movant") by name;

(d) Represent that all information required under Amended CMO 10 are within plaintiff's counsel's possession and will be provided to Defendants through MDL Centrality; and

(e) Explain why the Movant is a "proper" party under state law, including:

  i.  Citation to the applicable state law(s);

  ii.  Clear identification of Movant's relationship to the plaintiff;

  iii.  If any person has equal or superior claims as the Movant to plaintiff's case under applicable state law, proof that such persons have relinquished their rights; or that Movant has authority to act on such persons' behalf as relates to the pending case; and/or all other circumstances that warrant substitution of Movant (*e.g.*, such persons cannot be located or have been nonresponsive to reasonable efforts to

contact). If not, include a clear statement that no person other than the Movant has equal or superior claims to plaintiff's case under applicable state law;

    iv.    Copies of any relevant appointment orders, Letters of Administration, and any other relevant filings from probate proceedings; and

    v.    A declaration from the Movant in support of the facts set forth in the motion.

(f) Provide a proposed amended Short Form Complaint ("SFC"), which may only amend issues pertinent to the substitution, including identifying the Movant as plaintiff and, if Movant seeks to add any such claims, adding Wrongful Death (SFC Count XII) or Survival Action (SFC (Count XIII) claims; and

(g) Provide proof of service via Rule 4 or 5.

Pursuant to Fed. R. Civ. P. 5.2, counsel must redact from any supporting documentation (1) social security numbers, (2) dates of birth, and (3) other personal identifying information. For purposes of this MDL, a notice of hearing is not required.

The Court's granting of a motion to substitute will automatically serve as leave to amend the SFC to identify the proper party plaintiff and, if Movant seeks to add any such claims, to add Wrongful Death (SFC Count XII) or Survival Action (SFC (Count XIII) claims. Plaintiffs must seek agreement from Defendants or express leave of the Court for all other amendments to SFCs unless the deceased plaintiff's deadline to amend her SFC, according to CMO 20, has not passed.

### 3. Extension Requests

The Court will not entertain requests for extensions for any of the deadlines set forth in this Order unless plaintiffs' counsel have first requested and been denied extensions from Defendants or not received from Defendants timely responses to extension requests. The Court encourages Defendants to grant reasonable extensions if plaintiffs' counsel have exhibited good faith efforts to comply with this Order but have been unable to do so due to circumstances beyond their control

(*e.g.*, difficulty locating and serving viable successors or representatives, delay of appointment in pending probate proceedings).

Requests for extensions made to the Court must include a status report indicating whether counsel has identified plaintiff's successor or representative. If not, counsel must identify what efforts have been undertaken to do so and what efforts remain to be taken. If plaintiff's successor or representative has been identified, counsel must indicate whether the individual intends to pursue plaintiff's claim and, if so, explain what is preventing counsel from timely moving to substitute. If plaintiff's counsel establishes good cause for an extension, the Court will grant a 90-day extension, unless the Court determines that a shorter or longer extension is warranted. If plaintiff's counsel fails to establish good cause for an extension, no extension will be granted, and the timelines set forth herein shall govern.

### D. Dismissals

If no motion to withdraw as counsel, motion for substitution, or extension request is made within the 90-day substitution period (or within any extension of time that has been agreed to by the parties or ordered by the Court), the case will be subject to dismissal without prejudice as required under Rule 25 for failure to substitute an appropriate party, either upon motion by Defendants or *sua sponte* by the Court. Such dismissals will:

1. Occur in conjunction with the CMO 9 Court Call hearing process. Specifically, the parties will jointly file a list of plaintiffs eligible for dismissal under this Order ("Deceased Plaintiff Dismissal List"), if any, at the same time that they file a Court Call List under CMO 9. The Court will hear argument, if any, on the Deceased Plaintiff Dismissal List at the Court Call Hearing.

2. Be subject to the refiling/reinstatement deadlines set forth by CMO 20, as set

forth in more detail below.

Within ten (10) Court days of dismissal without prejudice of a deceased plaintiff's case, plaintiff's attorney shall mail a copy of the dismissal Order to the last known address of the deceased plaintiff's successor or representative or any next of kin, if able to be identified, by certified mail and file proof of service on the case's individual docket. If a Plaintiff's attorney is unable to identify the deceased plaintiff's successor or representative or any next of kin for service, Plaintiff's counsel shall file on the case's individual docket a certification detailing the attempts to locate such a person.

If an appropriate party wishes to refile or reinstate a case after dismissal without prejudice, the appropriate party must:

1. Comply with the notice requirements of CMO 16, which will ensure that the case will be included in the refiling/reinstatement request on the appropriate monthly CMO 16 report to the Court; and

2. Timely file a motion for substitution (in compliance with the requirements set forth in Paragraph C.2 above) along with a motion for reinstatement.

If the appropriate party fails to refile or move for reinstatement (in combination with a motion for substitution) within the time limitations set forth by CMO 20, the dismissal without prejudice will automatically convert to a dismissal with prejudice. Specifically, plaintiffs who are dismissed without prejudice after being named on a Deceased Plaintiff Dismissal List heard in April through September will have a deadline of December 30 of the same year to refile or move for reinstatement (in combination with a motion for substitution) before their dismissals convert to dismissals with prejudice, with no further docket entries required. Plaintiffs who are dismissed without prejudice after being named on a Deceased Plaintiff Dismissal List heard in October through March will have a deadline of June 30 of the later year to refile or move for reinstatement

(in combination with a motion for substitution) before their dismissals convert to dismissals with prejudice, with no further docket entries required.

As noted above, plaintiff's counsel may not move to dismiss a case after his or her client has died because the attorney no longer has the authority to act on behalf of the client. Accordingly, any such motions by the decedent's counsel will be denied.

### E. Posting to MDL Centrality

In addition to filing on individual dockets, Plaintiffs' counsel must upload to MDL Centrality all suggestions of death, motions, extension requests, and proofs of service addressed herein, as appropriate document types.[1] In the event a deceased plaintiff's case has not yet been registered in MDL Centrality at the time of filing, in addition to registration of the case, a copy of the filed suggestion of death, motion, extension requests, or proof of service must also be emailed to HRLPFS@shb.com.

### F. Opposition to Substitution

Nothing in this Order shall preclude Defendants from challenging the authority or capacity of a proposed substitute plaintiff.

E N T E R:

Dated: February 18, 2026

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge

---

[1] Plaintiffs' Leadership Counsel and Defendants will coordinate with BrownGreer to ensure that appropriate document types are available for such uploads.