**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>Hon. Beth W. Jantz<br><br>This document relates to: All Cases |

**ORDER**

The Court held a status hearing on March 5, 2026, to discuss the status of discovery and address the various issues raised in the parties' February 26, 2026 Joint Status Report (JSR) (Dkt. 1729). This Order memorializes the salient aspects of that hearing and the Court's corresponding rulings. The parties shall appear for a hearing on the status of discovery on April 23, 2026. Each party's leadership should let the Court know ahead of time if their side would like to appear in person or via videoconference. The parties shall submit a JSR on the status of discovery by April 16, 2026.

**Plaintiffs and Defendant Sally Beauty Supply LLC** reported that, consistent with this Court's order (at Dkt. 1685), they met and conferred regarding Sally Beauty's decision to fully discontinue its line of chemical hair relaxer products, and that Sally Beauty is in the process of investigating responsive discovery. *See* Dkt. 1729 at 3. Sally Beauty reported that it will complete that work by April 3, 2026. As ordered at the hearing, Sally Beauty shall provide weekly updates to Plaintiffs about the status of Sally Beauty's search and investigation. By April 8, 2026, Plaintiffs and Sally Beauty shall file a JSR updating the Court on the status of Sally Beauty's compliance with the Court's discovery order (at Dkt. 1685).

**Plaintiffs reported no other pending discovery disputes with other first wave Defendants**.

**As to class discovery**, Defendants reported their position that the medical monitoring Plaintiffs' response to a contention interrogatory regarding causation (identified on page 5 of the JSR) is deficient, insofar as the response refers only generally to Plaintiffs' allegations in the operative Consolidated Class Action Complaint and Plaintiffs' served and forthcoming expert reports. *See* Dkt. 1729 at 4, 5–6. As ordered at the hearing, by March 16, 2026, Plaintiffs shall file examples of how courts in other multi-district litigation (MDL) mass tort cases have addressed this issue. Defendants may file any counter-examples by March 23, 2026.

Defendants reported their position that Plaintiff White's and Plaintiff Perkins' discovery responses are deficient, insofar as those Plaintiffs produced only a "representative sample" of photographs of their hairstyles, instead of all documents as requested. *See* Dkt. 1729 at 4, 6. As a compromise, Defendants propose that Plaintiffs White and Perkins provide a representative sample of photographs of their hairstyles (including during periods when they did not use chemical hair relaxers) along with an explanation of the time period for which each hairstyle is representative. *See* Dkt. 1729 at 4. The parties shall meet and confer on this issue by March 12, 2026.

Plaintiffs requested that all Defendants provide a written certification that its discovery responses are complete (subject to any later supplementation) once Defendants view them as complete. *See* Dkt. 1729 at 5, 7. The Court declines to Defendants to provide such formal certifications, as long as each Defendants communicates and represents to Plaintiffs this completion status at the appropriate time.

Plaintiffs and Defendant McBride Research Laboratories, Inc., reported a dispute as to the sufficiency of McBride's responses to Plaintiffs' class interrogatories. *See* Dkt. 1729 at 5, 7. As ordered at the hearing, Plaintiffs and McBride shall meet and confer on this issue by March 12, 2026.

Plaintiffs and Defendant Revlon reported a dispute as to the sufficiency of Revlon's supplemental responses to Plaintiffs' class interrogatories. *See* Dkt. 1729 at 5, 7. Revlon will respond to Plaintiffs by March 19, 2026.

SO ENTERED AND ORDERED.

DATED: March 6, 2026

HON. BETH W. JANTZ
United States Magistrate Judge

3