**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**SALLY BEAUTY AND PLAINTIFFS' INTERIM JOINT STATUS REPORT**
**REGARDING DISCONTINUED RELAXERS**

Plaintiffs and Sally Beauty have continued to meet and confer regarding Sally Beauty's discontinuation of its chemical hair relaxer products but have been unable to resolve those issues. Accordingly, the parties provide the following update to the Court.

**Plaintiffs' Position:**

On October 2, 2025, during Sally Beauty's Rule 30(b)(6) deposition, Plaintiffs learned for the first time that Sally Beauty had discontinued its remaining chemical hair relaxer products during this litigation. The Court issued an Order on January 26, 2026 granting limited reopening of discovery on this issue and directing the parties to meet and confer within fourteen (14) days regarding the scope of that discovery.

Pursuant to the Court's January 26, 2026 Order, the parties met and conferred on February 4, 2026 regarding the scope of the limited discovery. Following that meet and confer, Plaintiffs circulated a written summary of the discussion, which Sally Beauty did not dispute. As reflected in that summary, Plaintiffs requested all communications and discussions (including emails, meeting notes, surveys, and internal memoranda) related to the discontinuation of Sally Beauty's hair relaxer products. Sally Beauty agreed to identify appropriate custodians and conduct targeted "go-get" collections for responsive materials, noting that its Merchandising Department may be involved in market withdrawal decisions.

1

During the March 5, 2026 status conference, the Court directed Sally Beauty to provide weekly updates regarding the status of its search for responsive materials. Although Sally Beauty has provided periodic updates following that directive, those updates have not been substantive and have not resulted in the identification of custodians, confirmation of search efforts, or production of responsive documents. Instead, Sally Beauty has represented only that it is continuing to investigate potential sources of information and identify individuals who may have knowledge of the discontinuation decision, without providing meaningful detail regarding its efforts or any timeline for completion. Sally Beauty's updates are attached as Exhibit A.

The parties met and conferred on April 6, 2026 regarding the status of Sally Beauty's search and production. During that discussion, Sally Beauty represented that it conducted a "reasonable search," which it described as including interviews and efforts to locate responsive documents. However, Sally Beauty declined to provide any detail regarding the scope of its search, including custodians, search terms, or sources searched. Sally Beauty further represented that, aside from the representation of the actual date of withdrawal, no documents exist concerning product withdrawal, the decision-making, or reasoning behind the discontinuation of its hair relaxer products. Sally Beauty's position, that no documents exist regarding the decision to discontinue an entire product line, is not credible, particularly given the numerous representations that the market withdrawal was done as simply a "business decision" and its representation that multiple departments were involved.

Notwithstanding its repeated representations that no responsive documents existed, Sally Beauty produced four documents shortly before the filing of this Joint Status Report. The timing of that production undermines Sally Beauty's assertion that it had already conducted a reasonable and complete search.

2

Further, the documents are not what Sally Beauty claims. While Sally Beauty characterizes the documents as providing "context" for the discontinuation, the documents do not explain the decision or reflect any analysis, discussion, or reasoning underlying it. At most, they show that relaxer sales were declining and that products were designated for discontinuation, but they do not address why the decision was made or what considerations informed it.

In other words, the documents confirm that a discontinuation occurred but do not answer the central question at issue. The absence of those materials, particularly where Sally Beauty acknowledges that internal analysis and strategy existed, confirms that additional responsive documents should exist.

Sally Beauty's attempt to limit its obligations by focusing on the "to or from" language in RFP No. 4 is misplaced. The request broadly seeks "ALL DOCUMENTS and COMMUNICATIONS relating or referring to" market withdrawal of hair relaxer products. Even assuming the "to or from" language applies to the request as a whole, it does not eliminate Sally Beauty's obligation to produce documents that relate to the withdrawal itself.

Sally Beauty contends that the discontinuation was a "business decision." Internal documents reflecting the analyses, strategy, and evaluations underlying that decision go directly to the heart of that assertion and are necessary to test its accuracy. Limiting discovery to only third-party communications would improperly allow Sally Beauty to rely on a selective and incomplete record while shielding the internal materials necessary to evaluate its stated rationale.

Notably, Sally Beauty did not assert this interpretation of RFP No. 4 during months of meet-and-confer discussions, status updates, or prior briefing on this issue. Instead, Sally Beauty raised this limitation only during the April 6, 2026 meet and confer, after repeatedly representing that no responsive documents existed and without identifying any such limitation as the basis for its search

3

or production efforts. The timing of this newly asserted limitation further undermines Sally Beauty's position and reflects a belated attempt to narrow its discovery obligations rather than a consistent interpretation of the request.

Sally Beauty's assertion that Plaintiffs already possessed information about market withdrawal, and that Plaintiffs deposed the witnesses "most involved" in any discontinuation decision, improperly shifts the burden of its own discovery failures onto Plaintiffs and is not supported by the record. Defendants had an ongoing obligation to supplement their interrogatory responses with material information, including the discontinuation of the products at issue. Had Defendants complied with that obligation, Plaintiffs would not have been forced to piece together critical facts through incomplete deposition testimony. The testimony Defendants now rely on only underscores that failure and demonstrate that the cited witnesses were not, in fact, knowledgeable about the discontinuation decision. Maryann Herskowitz, who Defendants claim would have been aware of any such decision, could not recall whether the relaxers had been discontinued. Likewise, Kristina Brown confirmed that discontinuation occurred but could not identify when, why, or how that decision was made. This testimony does not establish that no such information exists; it demonstrates that Defendants have not identified or produced a witness with actual knowledge of the discontinuation decision. Defendants cannot rely on the lack of knowledge of individual fact witnesses to avoid providing discovery on an important issue in the case. Plaintiffs do not seek duplicative discovery; they seek only the opportunity to examine a witness with actual knowledge of the discontinuation decision, including when it occurred, who made it, and the reasons for it.

The 30(b)(6) testimony Sally Beauty cites does not resolve this issue. The Rule 30(b)(6) testimony consists of conclusory assertions that the discontinuation was a "business decision," without any supporting documents or explanation of the underlying analysis. Plaintiffs are entitled

to test that assertion through contemporaneous internal documents and discovery concerning the actual decision-making process.

Sally Beauty's argument that Plaintiffs seek an improper "second bite at the apple" mischaracterizes both the record and the Court's Order. Plaintiffs did not have a meaningful opportunity to examine a corporate representative regarding the discontinuation decision during the fact discovery period because Sally Beauty failed to properly disclose that its remaining relaxer products had been discontinued.

Although Sally Beauty now contends that Plaintiffs "already examined" a 30(b)(6) witness on this topic, Plaintiffs learned of the full scope of the discontinuation for the first time during the October 2, 2025 deposition, after key witnesses had already been deposed and without any supporting document production. Sally Beauty did not update its interrogatory responses to reflect that its remaining relaxer products had been discontinued until after those depositions had occurred.

Nor are Plaintiffs seeking to expand discovery beyond the scope of the Court's Order. The requested Rule 30(b)(6) testimony is directly tied to the discontinuation decision, the very issue for which the Court authorized limited reopening of discovery. Plaintiffs seek only a focused examination of the decision-making process, the individuals involved, and the considerations underlying the withdrawal.

Plaintiffs respectfully request that the Court order Sally Beauty to complete its limited discovery obligations regarding the discontinuation of its chemical hair relaxer products.

Specifically, Plaintiffs request that Sally Beauty be ordered to:
(1) conduct and complete a targeted search of responsive materials, including communications and documents relating to the decision-making, timing, and implementation of the

5

discontinuation; and (2) produce all responsive, non-privileged documents by a date certain to be set by the Court to prevent further delay and prejudice to Plaintiffs.

In addition, Plaintiffs request that the Court order Sally Beauty to designate and produce a corporate representative for a limited Rule 30(b)(6) deposition on the topic of the discontinuation of its hair relaxer products, including the decision-making process, individuals involved, and any business, safety, or strategic considerations underlying that decision. In the alternative, to the extent Sally Beauty continues to contend that no responsive documents exist, Plaintiffs request that Sally Beauty be required to provide a sworn declaration detailing the steps taken to search for responsive information and confirming that no such documents exist.

**Sally Beauty's Position:** On January 26, 2026, the Court ordered Sally Beauty to "conduct a limited custodial search for documents responsive to" a single RFP (Plaintiffs' Third Set of Requests for Production, Request No. 4).[1] Dkt. 1685 at 1. The Court also ordered the parties to "meet and confer to discuss lessening the burden on Sally Beauty," including by "Plaintiffs narrowing their Third Set of RFPs, Request No. 4, Dkt. 1498 at 32, so that they are no longer seeking 'all documents and communications' on the topic.'" *Id.* at 7.

---

[1] That RFP reads as follows: "REQUEST NO. 4. ALL DOCUMENTS and COMMUNICATIONS relating or referring to any actual or proposed safety warnings, label changes, recall (or non-recall), market withdrawal (or non-withdrawal) of any HAIR RELAXER PRODUCT(S), or relating to the potential existence of any risk of hormone-sensitive cancers to or from any of the following:
1. FDA, EMA, NCI, NIH, CDC, EPA, IARC or other regulatory body;
2. Any customer, consumer or other third party in the chain of sale or distribution of any HAIR RELAXER PRODUCT (distributor, retailer, wholesaler, etc.);
3. Journalists; or
4. Financial analysts or investors concerning the financial impact of the recall and/or market withdrawal of YOUR HAIR RELAXER PRODUCT, including but not limited to any transcripts, presentations or documents concerning any analyst conference call, SEC filings (such as 10-Ks, 10-Qs, 8-Ks or proxy statements), or business briefing."

Despite the Court's clear emphasis on the *limited* nature of the reopened discovery, Plaintiffs took that order as an invitation to demand "all communications and discussions (including emails, meeting notes, surveys, internal memos, etc.) related to the discontinuation," even though that is not what RFP No. 4 requested. Worse, Plaintiffs now want to serve a new 30(b)(6) deposition topic on discontinuation, despite knowing while discovery was open that Sally Beauty had discontinued the bulk of its hair relaxer products. Plaintiffs also obtained 30(b)(6) testimony that all remaining relaxers had been discontinued for business reasons ("low sales") and now have documents showing the market conditions underlying discontinuation, as described more fully below. The Court should deny Plaintiffs' attempt to reopen deposition discovery (which goes beyond this Court's previous order and even Plaintiffs' previous discovery requests) at this late date as untimely, overly burdensome, and wholly unnecessary.

Over the past two months, Sally Beauty conducted a diligent search for responsive documents (as described in more detail below) and did not locate any new documents responsive to RFP No. 4. Nevertheless, in an effort to resolve the dispute, Sally Beauty produced four additional documents, even though they are not responsive to RFP No. 4, as they provide further context to the deposition testimony that Plaintiffs already have explaining the discontinuation:

- A July 20, 2024 financial report noting that Sally Beauty's Silk Elements brand sales were down, and that the decline was "driven by relaxers."
- A July 27, 2024 financial report again noting that Silk Elements sales were down and mentions "SE discos on relaxers" (*i.e.*, Sally Beauty had decided to discontinue its Silk Elements relaxers).
- A 2024 Textured Hair Care strategy document noting that relaxer sales were declining, and reflecting Sally Beauty strategy to focus on other textured hair care products that were becoming more popular.
- An export from Sally Beauty's product system reflecting the specific date (July 18, 2024) on which the relaxers' status was changed to "pending discontinue."

RFP No. 4 requested documents or communications regarding relaxer "market withdrawal" that were "to or from" a list of third parties (such as regulatory bodies, customers, journalists, or financial analysts). All four documents are internal to Sally Beauty (not to/from a third party) and not responsive to RFP No. 4.[2] Sally Beauty produced them to try to resolve the dispute.

Plaintiffs remain unsatisfied, insisting that additional documents must exist and now demanding that Sally Beauty produce documents regarding its discontinuation "decision-making process." But such documents do not exist. In any event, the RFP Plaintiffs chose to serve was far narrower than what Plaintiffs now demand and does not seek this type of information. Sally Beauty carries over 6,000 different products at any given time. The decision to discontinue 6 of those products—within a category that had been declining for years—did not generate significant discussion or documentation. Plaintiffs' speculation to the contrary does not make it so. Sally Beauty has produced any responsive documents and information it found after a good faith, reasonable search. Plaintiffs' disappointment that more documents do not exist does not justify continuing—much less expanding—Plaintiffs' fishing expedition.

The deposition testimony that Plaintiffs already have is consistent with the documents: there was no significant discussion of relaxer discontinuation because it was a straightforward business decision driven by low sales. When asked why Sally Beauty "discontinue[d] its chemical hair relaxers," the 30(b)(6) witness testified: "It's because – it's the low sales and the high cost of raw material. It is a business decision." Dep. at 115:19-22. Plaintiffs continued to press asking if "the

---

[2] To be clear, Sally Beauty did not limit its search to only documents to or from a third party (even though Plaintiffs limited their RFP in that way). The point is that Sally Beauty located and produced these documents despite their nonresponsiveness in an attempt to resolve this dispute, demonstrating the breadth of Sally Beauty's search. For the avoidance of doubt, after conducting a good faith and reasonable search, Sally Beauty has not located any document (internal or not) "reflecting the analyses, strategy, and evaluations underlying" the relaxer discontinuation decision that Plaintiffs demand.

decision to discontinue Sally Beauty's chemical hair relaxers that was made in 2024 [was] related in any way to regulatory compliance"? *Id.* at 115:24-116:1. The 30(b)(6) representative testified, "It's not. It's a business decision only." *Id.* at 116:3. Plaintiffs asked yet again, "So the products were not – the chemical hair relaxers that Sally Beauty was selling under its private label were not discontinued, for example, because there was a risk of people getting cancer from continued use of those products? That wasn't the reason?" *Id.* at 116:5-10. The deponent answered again, "It is not the reason." *Id.* at 116:12; *see also id.* at 255:10-14 ("We discontinue because of the low sales – high cost of the raw material. So it is not like this product is not safe, we still sell it. It is because the – the business decision because of the low sales and then we can still sell the product.").

Plaintiffs also already deposed Sally Beauty witnesses who would have been most involved in any significant discontinuation discussion, had such a discussion occurred. Maryann Herskowitz, then Sally Beauty's Group Vice President of Merchandising, could not remember whether Sally Beauty's relaxers had been discontinued, even though she would have been aware of the decision at the time. Herskowitz Dep. 88:14-20. Kristina Brown, a Sally Beauty product development manager for textured hair, testified on September 22, 2025 (weeks before the 30(b)(6) deposition at which Plaintiffs claim they first learned about the discontinuation) that Sally Beauty had discontinued its relaxers, but did not know when or why that decision was made and could not recall how she learned about it.

In short, Plaintiffs have received all to which they are entitled, including documents and deposition testimony (both fact and Rule 30(b)(6)) about Sally Beauty's discontinuing those few products. Dissatisfaction with those answers does not justify further relief. Yet Plaintiffs now seek discovery-on-discovery, and a 30(b)(6) deposition that they failed to request during the fact discovery window. The Court should deny both requests.

*First*, Sally Beauty conducted a reasonable search for documents responsive to RFP No. 4, as required by the Court's order. That search included:

- Reviewing deposition transcripts of Sally Beauty deponents who were asked about discontinuation, which confirmed that those deponents had no knowledge about the details of any discontinuation, as described above.

- Interviewing multiple Sally Beauty employees about any knowledge of the decision to discontinue relaxers or where responsive documents might be. Those interviews did not reveal anyone with relevant knowledge.

- Conducting targeted document collection and searches to locate any responsive documents about which interviewees may not have been aware or that may have been in former employees' files.

Plaintiffs are not entitled to additional detail about the specifics of Sally Beauty's search. The Court already rejected Plaintiffs' similar request at the last hearing. Plaintiffs asked the Court to order Sally Beauty to disclose "who the individuals are" being interviewed, and "what's being searched, what the search terms are." 3/5/26 Hr'g Tr. 10:24-11:2. The Court denied the request for that "sort of discovery-on-discovery." *Id.* at 13:13-16. Granting Plaintiffs' renewed request now would result in more satellite litigation about discovery on discovery.

Requiring Sally Beauty to disclose who counsel chose to interview (and found not to have responsive information) would invade work-product protection. *See, e.g.*, *Board of Educ. of Evanston Twp. High School Dist. No. 202 v. Admiral Heating & Air Ventilation, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984) (explaining that a party must disclose persons having knowledge of relevant facts, but that "[t]o go beyond that—to tell plaintiffs whom defendants have interviewed"— invades protected work product); *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 2644243, at *5 (N.D. Ill. June 27, 2019) (denying motion to compel supplemental interrogatory response because the interrogatory "is asking defendants to identify the people their lawyers selected to interview, *i.e.*, to reveal their lawyers' mental processes," which "is an impermissible invasion of work product").

10

Sally Beauty complied with Rule 26 by disclosing those individuals likely to have discoverable information. Plaintiffs are not entitled to know who Sally Beauty interviewed and determined did *not* have discoverable information.

*Second*, plaintiffs are not entitled to a second opportunity to ask a 30(b)(6) witness about product discontinuation. Plaintiffs already examined Sally Beauty's 30(b)(6) corporate representative about the discontinuation decision and received answers. There is no basis for a second deposition. Nor may Plaintiffs expand their 30(b)(6) topics. During the fact discovery period, Plaintiffs did not request a 30(b)(6) topic on general product discontinuation, despite knowing that Sally Beauty had discontinued dozens of relaxers in the ordinary course of business, as disclosed in interrogatory responses served in 2024.

Instead, the Plaintiffs sought 30(b)(6) testimony on "Any actions taken by You with respect to the continued sale, distribution, and/or marketing of Your Hair Relaxer Product(s) upon learning of any report(s) of adverse reactions and/or injuries in humans, including whether You ever discussed or considering [sic] withdrawing Your Hair Relaxer Product from the United States market due to the report(s)." Regulatory 30(b)(6) notice, Topic 2. That question was answered, as described above. Plaintiffs should not be allowed to reopen Sally Beauty depositions (which have been concluded for 6 months) so they can ask (yet again) about the much broader "topic of the discontinuation of its hair relaxer products, including the decision-making process, individuals involved, and any business, safety, or strategic considerations underlying that decision." Plaintiffs are not entitled to a second bite at the apple.

In sum, the Court ordered a limited reopening of discovery to supplement production responsive to a single, targeted RFP. Plaintiffs' attempt to convert that narrow order into a wide-ranging inquiry into all aspects of product discontinuation, including a broad Rule 30(b)(6) never

pursued during fact discovery. The Court should reject that effort and put an end to Plaintiffs' continuing discovery demands, especially since Plaintiffs already have testimony regarding the discontinuation of Sally Beauty relaxers.

Date: April 8, 2026

**FOR PLAINTIFFS:**

/s/Edward A. Wallace
Edward A. Wallace
**WALLACE MILLER**
200 W. Madison Street, Suite 3400
Chicago, Illinois 60606
T: (312) 261-6193
E: eaw@wallacemiller.com

*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLC**
505 20th Street North, Suite 1500
Birmingham, Alabama 35203
T: (312) 214-7900
E: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
E: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

Michael A. London
**DOUGLAS & LONDON, P.C**.
59 Maiden Lane, Sixth Floor
New York, New York 10038
T: (212) 566-7500
E: mlondon@douglasandlondon.com

Respectfully submitted,

**FOR DEFENDANTS:**

/s/ Chelsea Priest
Heidi Levine
SIDLEY AUSTIN LLP
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
SIDLEY AUSTIN LLP
555 W 5th St.
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Colleen M. Kenney
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
T: (312) 853-2666
ckenney@sidley.com

Yvette Ostolaza
Chelsea Priest
Amanda Crawford-Steger
SIDLEY AUSTIN LLP
2323 Cedar Springs Rd., Ste 2600
Dallas, TX 75201
T: (214)981-3496
yostolaza@sidley.com
cpriest@sidley.com
asteger@sidley.com
*Counsel for Defendant Sally Beauty Supply LLC*

12

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
E: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

13