**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>Hon. Beth W. Jantz<br><br>This document relates to: All Cases |

**ORDER**

The parties submitted position statements (over a holiday weekend, which the Court appreciates) regarding Plaintiffs' request that RNA produce certain documents and sit for a Rule 30(b)(6) deposition relating to certain Defendants' Rule 19 defense. *See* Dkts. 1967, 1968, 1929. The Court has already ordered RNA to produce affidavits by July 24, 2026, stating whether or not it manufactured hair relaxers for specific Defendants, and deferred ruling on the remainder of the parties' arguments. *See* Dkt. 1972. This Order resolves the remainder of those arguments.

Plaintiffs' request for discovery as to Defendant RNA Corporation, *see* Dkts. 1967, 1968, 1929, is GRANTED IN PART and DENIED IN PART as follows:  First, although RNA is not a defendant in the upcoming bellwether trials, it is a defendant in this MDL, and the Court has substantial discretion over the scope and pace of discovery as to parties before it. *See, e.g.*, *In re Local TV Advertising Antitrust Litigation*, No. 18-cv-06785, 2023 WL 5659926, at *4 (N.D. Ill. Aug. 31, 2023) ("'[D]istrict courts enjoy extremely broad discretion in controlling discovery.'") (quoting *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013)). Indeed, "[c]ase management is of the utmost importance in proceedings of this size, and MDL courts have even 'greater discretion to organize, coordinate and adjudicate [their] proceedings.'" *In re Testosterone Replacement Therapy Products Liability Litigation*, No. 14-cv-01748, 2018 WL 6258898, at *2 (N.D. Ill. June 11,

2018) (quoting *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866 (8th Cir. 2007)).

Accordingly, as an exercise of that discretion, the Court finds it appropriate to order RNA to produce some of Plaintiffs' requested discovery at this juncture. Specifically, RNA shall produce (for only those bellwether Defendants for whom RNA does not anticipate producing an affidavit that it did not manufacture or produce hair relaxer products): (1) if not already produced, its contracts with those Defendants regarding manufacture of hair relaxer products; and (2) some—but not all—targeted correspondence (and attachments) with those Defendants if they relate to RNA's status as and nature of a contract manufacturer of hair relaxer products for that Defendant. The parties must meet and confer by 7/15/26 to target this discovery as much as possible. *See, e.g.*, dkt. 1966 ("the parties [will] meet and confer on a more granular basis about the discovery that RNA and bellwether Defendants have already produced to Plaintiffs, [and] the discovery that Plaintiffs believe they still need," subject to the Court's foregoing narrowing here).

As the Court is mindful of RNA's relevance and proportionality arguments (including that some of this discovery may be duplicative of what Plaintiffs have already received and/or sought from other Defendants), *see* Dkt. 1967 at 5–10, any remaining or further disputes over the relevance and proportionality of specific documents or categories of documents (including any technical guidance in meeting the production due date) is referred to Special Master Grossman, including whether or not a Rule 30(b)(6) deposition is necessary at this juncture in the litigation. RNA shall produce the foregoing materials by September 1, 2026. Indeed, the Court does not necessarily see this as "expedited" discovery, given that RNA will have more than seven weeks to produce these materials.

This ruling is limited to this particular dispute. At this stage, the Court defers Plaintiffs' request to set a final deadline for RNA to complete its production of all discovery. The Court will address that request at the 10/1/26 scheduled status hearing, after the parties have had more time to meet and confer, as well as to allow the parties to focus their efforts on the discovery granted by this Order.

SO ENTERED AND ORDERED.

DATED: July 10, 2026

HON. BETH W. JANTZ
United States Magistrate Judge