**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

In RE: Hair Relaxer Marketing, Sales Practices, And Products Liability Litigation, et al.

Plaintiff,

v.

Case No.: 1:23−cv−00818
Honorable Mary M. Rowland

L'Oreal USA, Inc., et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, August 27, 2026:

MINUTE entry before the Honorable Mary M. Rowland: Status hearing held on August 20, 2026. The Court addressed issues raise in the joint status report [2003]. The Court rules as follows: (1) The Court adopts the dates agreed to regarding expert disclosures, narrowing of bellwethers and case specific summary judgment briefing. Deadlines are extended as follows: (a) Defendants shall file their case−specific expert reports by 9/25/26; (b) Plaintiffs shall file their case−specific rebuttal reports by 10/13/26; (c) The parties shall file a joint submission regarding a proposed CMO whereby the bellwether cases will be reduced from ten to five by 10/21/26; (d) Case−specific expert discovery for the five remaining bellwether cases shall close on 12/21/26; (e) Summary Judgment and case−specific Rule 702 motions shall be filed by 1/11/27; (f) Oppositions to Summary Judgment and case−specific Rule 702 motions shall be filed by 2/10/27; (g) Replies in support of Summary Judgment and case−specific 702 motions shall be filed by 2/24/27; (2) The Court will allow briefing regarding whether Pamela Schwingl's expert opinion complies with CMO 15−A. Defendants shall file their brief by 8/28/26; response due 9/9/26; reply due 9/14/26. These briefings are limited to ten pages each. (3) The Court will enter orders on the individual MDL plaintiff dockets requiring the four plaintiffs discussed who were delinquent in serving their Short Form Complaints ("SFCs") under CMO 8 to serve their SFCs by no later than 10/26/26 or be dismissed with prejudice. (4) As stated in the hearing, Plaintiffs have agreed to provide certain information requested by Defendants that resolves the dispute regarding DNA testing. Plaintiffs shall provide this information by 8/27/26. (5) Certain Plaintiff experts met with plaintiffs. That is proper. Those experts do not have notes from those conversations. That is unsurprising. Defense request that experts review draft reports for statements made by a plaintiff contained in a draft and not contained in the final version of the report, if any, is denied. While such a statement would be a statement by a party opponent it is the proverbial needle in the haystack. The parties agree not to produce draft expert reports, and this puts the foot in that door. If there are any such statements, (and why would there be?), the expert in question determined the statement was not relevant to her determination. (6) Discovery into liquidated damages is stayed until further court order. All parties reserve all rights to

seek and defend against claims for punitive damages. Finally, the status hearing on 10/1/26 at 1:00pm CST remains set. The status hearing on 10/29/26 is moved to 10/23/26 at 1:00pm CST and will be held remotely. The Court Call Hearing on 10/28/26 is moved to 10/7/26 at 1:00pm CST. All case management status reports are limited to 5 pages going forward. Mailed notice. (jg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.