**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>Master Docket No. 23-cv-0818<br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Review of Magistrate Judge Jantz's Statements of Law in Connection with her Denial (Without Prejudice) of Plaintiffs' Motion to Strike ([1812]) under Federal Rule of Civil Procedure 72. [1838]. For the reasons stated herein, Plaintiffs' objection is overruled.

## I. Background

Dr. Enrico Gilberti, III was designated as a Rule 30(b)(6) corporate witness for Defendant L'Oréal USA and was deposed on December 8 and 9, 2025. *See* [1838-1]; [1838-2]. L'Oréal USA served errata changes to Dr. Gilberti's 30(b)(6) testimony on February 19, 2026. [1838-2]. After meeting and conferring, Plaintiffs moved to strike several of the errata changes. [1763].

In an order on April 23, 2026, Magistrate Judge Jantz denied Plaintiffs' motion to strike without prejudice, stating:

> the Court agrees with Defendants that "there is no reason for a party to file a motion to strike changes in an errata sheet or a court to consider such a motion unless and until a party seeks summary judgment." *Arce v. Chicago Transit Authority*, 311 F.R.D. 504, 511 (N.D. Ill. 2015).

> Therefore, Plaintiffs may re-raise any such issues that are necessary in conjunction with summary judgment briefing. This is not an invitation, however, to object to all errata modifications: "Moreover, if a motion for summary judgment is filed but the contradictory changes on an errata sheet are clearly immaterial to that motion, there is no apparent need or justification for a court usurping the jury's role by passing judgment on the genuineness of such changes. It is also worth noting that to the extent a court examines a change in an errata sheet in connection with a summary judgment motion and allows it, this ruling is of no consequence if the case proceeds to trial. Subject to the rules of evidence, the jury is permitted to hear the original answer, the change, and the reasons for the change and decide in the context of all the other evidence whether to credit either answer and what weight to assign it.... Even were a court to 'strike' a contradictory answer by disregarding it when considering summary judgment, this too is of no practical consequence at trial. Such a ruling would in no way foreclose a witness from testifying consistently with what was written in the errata sheet subject, of course, to the Rules of Evidence. As always, the witness could be impeached with the contradictory deposition testimony and, on redirect examination, could explain the reason for the change and when he made it." *Id.*

[1812]. Plaintiffs contend *Arce v. Chicago Transit Authority*, 311 F.R.D. 504 (N.D. Ill. 2015) is inapplicable to an MDL with thousands of Plaintiffs and seek an order from this Court striking non-conforming errata changes. *See generally* [1838].

## II. Standard

Under Federal Rule of Civil Procedure 72, a district court's standard of review of a magistrate judge's order depends on whether the matter raised is non-dispositive or dispositive. *Compare* Fed. R. Civ. P. 72(a) *with* Fed. R. Civ. P. 72(b). "Orders pertaining to discovery that do not seek an adverse inference, dismissal, or other form of final relief are typically non-dispositive." *Promier Prods., Inc. v. Orion Cap. LLC*, No. 21 CV 1094, 2023 WL 8868781, at *3 (N.D. Ill. Dec. 22, 2023). The challenged Order here is non-dispositive.

"A magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is 'clearly erroneous or contrary to law.'" *Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 90–91 (N.D. Ill. 1992) (quoting Fed. R. Civ. P. 72(a)). A district court cannot "reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *Doe v. Individual Members of the Ind. State Bd. of Law Exam'rs*, No. 1:09-cv-842-WTL-JMS, 2010 WL 106580, at *1 (S.D. Ind. Jan. 4, 2010) (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)). Rather, the district court can "overturn the magistrate judge's ruling *only if* the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (emphasis added).

## III. Analysis

At issue is the question of when in litigation it is appropriate for a court to address a motion to strike errata containing allegedly proscribed changes. Rule 30(e) permits "changes in form or substance," but "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription." *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000). Plaintiffs contend Dr. Gilberti's errata violates Rule 30(e) by offering contradictory changes and urges the Court to strike the errata now.

As recognized by the Magistrate Judge, courts routinely defer striking errata until summary judgment. *See, e.g.*, *Rebel Athletic Inc. v. Lundberg*, 2026 WL 393005, at *11 (N.D. Ill. Feb. 11, 2026); *Arce*, 311 F.R.D. at 511. At summary judgment, courts

may disregard contradictory testimony offered through errata (or by affidavit). *Arce*, 311 F.R.D. at 511.

Plaintiffs offer two grounds why the motion should be decided now: (1) Plaintiffs cannot compel Dr. Gilberti to attend trial and testify in-person; and (2) the circumstances of an MDL and this Court's role overseeing general liability discovery. [1838] at 5–8. Neither reason is availing. First, even if Dr. Gilberti does not testify live at trial but his testimony is offered by deposition, the jury nevertheless is permitted to hear his original answer, the change, and the reason for the change (which L'Oreal has failed to supply here), and then decide in the context of all other evidence whether to credit either answer. *Arce*, 311 F.R.D. at 511. Second, Plaintiffs offer no case law in an MDL context supporting an order at this instant. The Court is assured it can fulfill its MDL obligations even if it defers ruling until summary judgment. Deferring conserves judicial resources and avoids usurping the role of the jury to resolve factual disputes.

## **CONCLUSION**

For the reasons stated reasons, Plaintiffs' Motion for Review of Magistrate Judge Jantz's Statements of Law in Connection with her Denial (Without Prejudice) of Plaintiffs' Motion to Strike ([1812]) under Federal Rule of Civil Procedure 72 [1838] is denied. Consistent with the Magistrate Judge's order, Plaintiffs may re-raise their objections to Dr. Gilberti's errata in conjunction with summary judgment. If Plaintiffs re-raise their motion, Defendants may not later assert timeliness objections.

E N T E R:

Dated: September 22, 2026

MARY M. ROWLAND
United States District Judge