**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>Hon. Beth W. Jantz<br><br>This document relates to: All Cases |

**ORDER**

The Court held a status hearing on October 1, 2026, to discuss the status of discovery and address the issues raised in the parties' September 24, 2026 Joint Status Report (JSR) (Dkt. 2043), as between Plaintiffs and Defendant AFAM. This Order memorializes the salient aspects of that hearing and the Court's corresponding rulings.

The parties shall appear for a status hearing on October 29, 2026, at 10:00 a.m. (Central). The parties shall submit a JSR on the status of discovery by October 22, 2026, including whether the parties would like to proceed in person or via video for the 10/29/26 hearing, and which parties need to be heard at the hearing.

Pursuant to the Court's Order (Dkt. 2046), only Defendant AFAM and Plaintiffs appeared for the 10/1/26 hearing. The parties first addressed Plaintiffs' depositions of AFAM's Rule 30(b)(6) witnesses. Plaintiffs represented that they previously took two Rule 30(b)(6) depositions during the first half of September 2026. Plaintiffs subsequently received additional discovery responses from AFAM on September 18,

2026 through the parties' ongoing meet-and-confer efforts. In light of that information, Plaintiffs requested permission to use the remaining, previously unused time from the September Rule 30(b)(6) depositions to continue those depositions. Relatedly, the parties noted that AFAM had agreed to supplement certain discovery responses and produce outstanding safety data sheets, but disagreed on the deadline(s) for those supplemental productions.

The Court agrees that the new discovery responses warrant continuation of the prior Rule 30(b)(6) depositions, and finds this to be a proportional resolution. Accordingly, Plaintiffs may use some of the remainder of their previously unused deposition time to question the 2 Rule 30(b)(6) witnesses regarding any newly received information (i.e., this is not a full reopening of the Rule 30(b)(6) depositions; Plaintiffs may not question the witnesses about information that Plaintiffs already had at the time of the original depositions; and Plaintiffs represented that they do not anticipate using the full amount of time that they still have left on either one), by no later than October 30, 2026.

As discussed on the record, Plaintiffs and AFAM shall meet and confer regarding AFAM finalizing production of certain categories of discovery responses. This includes AFAM's production of outstanding safety data sheets in AFAM's possession (or confirm that AFAM does not have certain safety data sheets), and AFAM's supplemental responses to certain of Plaintiffs' discovery requests, as

discussed on the record, sufficiently in advance of any related depositions that remain (which this Court considers to be at least 48 hours in advance). The parties are permitted to mutually reschedule depositions as needed to facilitate AFAM's productions and Plaintiffs' review in advance of depositions.

The parties next addressed Plaintiffs' request for leave to subpoena for deposition two former AFAM employees on regulatory issues (Mr. Tariq Chaudhary and Mr. Vilayeth Hussain). Plaintiffs argued that the requested depositions are necessary because they have thus far been unable to depose a witness knowledgeable regarding these issues. The parties also informed the Court, however, that they are in the process of reaching an agreement to subpoena for deposition AFAM's former employee, Nhuy Tran, who was reportedly the person most recently responsible for regulatory matters at AFAM. Given that the parties are already working to secure a deposition concerning the same subject matter (of Ms. Tran), the Court declines to grant Plaintiffs leave to depose the two additional witnesses at this time; the parties can revisit the issue if Ms. Tran's deposition does not happen or is not sufficient as to regulatory issues.

The parties shall continue to meet and confer regarding the arrangements for Ms. Tran's deposition, and Plaintiffs shall serve a subpoena for her deposition by October 8, 2026. The Court further orders that Ms. Tran's deposition take place in October 2026, absent an exceptional scheduling issue on Ms. Tran's part.

SO ENTERED AND ORDERED.

DATED: October 6, 2026

HON. BETH W. JANTZ
United States Magistrate Judge