**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Case No. 23 C 818<br>Judge Mary M. Rowland<br><br>**This document relates to:**<br>All Cases |

**JOINT STATUS REPORT FOR THE OCTOBER 29, 2026
DISCOVERY STATUS CONFERENCE**

Co-Lead Counsel for Plaintiffs and counsel for Defendants provide this Joint Status Report in advance of the discovery status conference scheduled for October 29, 2026, before the Honorable Magistrate Judge Beth W. Jantz.

## I. *Defendant Specific Discovery Status*

### AFAM:

#### a. Interrogatory 10: Finished Product Ingredients

**Plaintiffs' Position:**

AFAM has repeatedly failed to answer the Interrogatory seeking product ingredients and in deposition, refused to prepare a 30b6 witness for a properly noticed deposition to confirm the ingredients in its products.

AFAM has stipulated to the formulas used in its chemical hair relaxer system and kit products. However, those formulas contain AFAM's secret internal codes and chemical trade names.

Interrogatory No. 10, served on March 19, 2026, asks AFAM to identify each ingredient in each formula of each Hair Relaxer Product by trade name and "International Nomenclature Cosmetic Ingredient," ("INCI") referring to the globally standardized, systematic naming system used to identify ingredients in haircare and cosmetic products. None of AFAM's seven responses to Interrogatory No. 10 provide a substantive answer with the INCI names of the ingredients in the formulas. Instead, each purported answer refers Plaintiffs to tens of thousands of pages of batch sheets, code sheets, Safety Data Sheets, and other records. Across all seven responses, AFAM has identified the INCI name of exactly one ingredient. During deposition on October 22, 2026, AFAM's owner, CEO, and 30b6 corporate designee on ingredients admitted that he could testify this list if

required to do so.[1] However, pointing Plaintiffs to formulas with trade names and secret internal codes and thousands of documents for Plaintiffs to use to figure out for themselves is not the same as listing the ingredients in a formula.

Because AFAM has failed to identify its own ingredients, as requested in Interrogatory No. 10, in a useable and readable format without reference to thousands of documents, Plaintiffs created the Finished Product Ingredient Summaries that Plaintiffs marked as Exhibits 100–130. When Plaintiffs provided those Exhibits to AFAM in September 2026, Plaintiffs also provided the documentation Plaintiffs utilized for every conversion from a secret code or trade name to an INCI name.

Plaintiffs served a 30b6 Deposition Notice on four topics:

1. identification and confirmation of the ingredients in AFAM's formulas;
2. the accuracy and completeness of Exhibits 100–130;
3. whether Exhibits 100-130 are accurate FRE 1006 summaries of the stipulated formulas; and
4. any discrepancies or omissions in Exhibits 100-130.

Less than 48 hours before the 30b6 deposition, AFAM served 37 pages of objections. In them, AFAM stated for the first time that it "will not produce a witness" on Subjects 2, 3, and 4 noted above. AFAM did not move for a protective order.

Consistent with AFAM's assertion, the witness was not prepared on Subjects 2 through 4. She also did not review AFAM's responses to Interrogatory No. 10 (which sought the same INCI name ingredient details being sought in the deposition) or its Safety Data Sheets, Certificate of Analyses, or Production Indices (which would resolve some of the INCI/trade name questions.

AFAM has had months to respond to Interrogatory No. 10 by providing the INCI names of the ingredients used in its formulas, which it failed to do, and has had a month to evaluate whether Plaintiffs had accurately performed these INCI name assessments when drafting Exhibits 100-130 and to confer with Plaintiffs about any proposed revisions, which it also failed to do.

This deposition and the ingredient information contained in Exhibits 100-130 is the same information AFAM should have provided in response to Interrogatory No. 10 and is foundational to the remaining AFAM depositions, three of which are scheduled for the week of October 19, 2026. Without a confirmed ingredient list by INCI name, Plaintiffs will have to spend valuable deposition time decoding AFAM's internal codes with every witness, as happened on October 14, 2026.

*Relief requested.* Plaintiffs respectfully request the Court order the following:

- By October 30, 2026, AFAM must either (a) stipulate that Exhibits 100-130 are accurate summaries of AFAM's stipulated formula exhibits and may be used at

[1] "Q. If a court order comes down and says AFAM, answer Interrogatory No. 10 and list the INCI name for every single product or every single ingredient in your hair relaxer products, AFAM is capable of complying with that court order, true? …. BY THE WITNESS A. Yes." (Dep. Tr. 44:19-45:11).

the remaining depositions and by the parties' experts; or (b) specifically identify every claimed inaccuracy or omission in Exhibits 100-130, with citations to AFAM's own documents supporting each claimed discrepancy. If Plaintiff provides a response regarding the accuracy or a proposed update, AFAM shall have 24 hours to respond; OR

- AFAM must serve a complete, verified answer to Interrogatory No. 10 by October 30, 2026.
- Plaintiffs may recall any of AFAM's deponents who sat for a deposition after October 14, 2026, at AFAM's expense solely to the extent the missing or corrected ingredient information affects their prior testimony.
- Plaintiffs' experts may rely on, and supplement their reports based on, any later testimony or corrections.

**AFAM's Position:**

Plaintiffs' assertion that AFAM "repeatedly failed" to answer Interrogatory No. 10 is inaccurate and disregards the parties' agreement. On August 12, 2026, Plaintiffs first identified claimed deficiencies in AFAM's written discovery responses. With respect to Interrogatory No. 10, Plaintiffs asked only whether it was being supplemented through Exhibit A and by way of "the stipulated formulas" – with no mention of INCI names. The parties scheduled a meet-and-confer call to go over the claimed deficiencies for September 13, 2026, at which time Plaintiffs expressly agreed to table their request that AFAM supplement its response to Interrogatory No. 10 because the parties agreed to a stipulation on AFAM product formula information, including Exhibit 1009 – which resolved multiple discovery requests. Plaintiffs did not pursue any purported deficiency in Interrogatory No. 10, nor did they seek Court intervention regarding AFAM's response during AFAM's extended discovery period. Plaintiffs' current attempt to characterize issues concerning INCI names and Exhibits 100-130 as a continuing deficiency in Interrogatory No. 10 is untimely and contrary to the parties' agreement.

The parties engaged in extensive email and document exchanges over many weeks that resulted in the product formulas stipulation and Exhibit 1009, finalized on September 18, 2026. Subsequently – days before the September 30, 2026, discovery end date – Plaintiffs forwarded Exhibits 100-130 (approximately 337 pages) and asked AFAM to agree to a stipulation concerning INCI names. That proposal included information not drawn from or based on AFAM's documentation, and AFAM declined to agree to it. Contrary to Plaintiffs' representations, AFAM's formulas do not use "secret" codes. Like many manufacturers, AFAM's batch records may identify raw materials by internal codes and supplier trade names, and AFAM produced the records Plaintiffs themselves used to cross-reference those codes.

Plaintiffs' account of the October 14, 2026, Rule 30(b)(6) deposition also omits material facts. At a meet and confer the day before, Plaintiffs asked whether AFAM intended to instruct its witness not to answer questions on Topics 2, 3, and 4. AFAM's counsel confirmed that the witness would answer any questions put to her, and explained that AFAM's objection was that a Rule 30(b)(6) witness is not obligated to spend well over a hundred hours reviewing an attorney work-product document assembled from sources that

are not AFAM business records. The witness appeared prepared to testify about AFAM's product formulations based on AFAM's business records and the parties' stipulation. That she had not reviewed Plaintiffs' counsel's summaries, the subject of AFAM's objections, does not mean she was unprepared to testify regarding AFAM's ingredients: she testified that she was prepared to answer "whatever questions you need from me" to the best of her knowledge.

AFAM's objections to Exhibits 100-130 rest on two independent grounds. First, Exhibits 100-130 are Plaintiffs' counsel's own work product, and Plaintiffs, as the proponent, bear the burden under FRE 1006 of establishing the summaries' accuracy. A Rule 30(b)(6) witness cannot be required to authenticate or certify an opposing party's litigation work product. At the pace demonstrated at the deposition, approximately 30 minutes per page by Plaintiffs' own estimate, verifying the roughly 337 pages of summaries would require approximately 168 hours – more than twenty-one full business days. Second, and independently, AFAM has identified specific, material inaccuracies in the summaries. For example, Plaintiffs' summaries list purported INCI names that do not appear in the underlying batch records, and Plaintiffs' source key does not support several of the conversions. Only on October 21, 2026 – three weeks after the discovery end date, one day before the continued Rule 30(b)(6) depositions, and as this JSR was being finalized – did Plaintiffs send a "supplemental" fragrance lookup reference, acknowledging that fragrance conversions had been "unintentionally omitted" from their original source key and substituting a different source for Aloe Vera #47258. Plaintiffs also offered to revise certain Cool Water Type F-118085 component names that did not follow INCI nomenclature. That Plaintiffs' summaries continue to require revision underscores that they are Plaintiffs' interpretive work product, not information AFAM can (or should be required to) certify.

More fundamentally, what Plaintiffs seek is not a simple verification of, or cross-reference to, INCI names. Ingredient nomenclature in manufacturing records commonly differs from the names used on product labeling, and supplier raw materials are often blends of multiple ingredients. Confirming or correcting Plaintiffs' work product would require interpreting supplier and regulatory information, synthesizing records across decades, and making technical judgments that are matters of expertise. Plaintiffs cannot require AFAM's corporate designee to supply expert analysis or to certify Plaintiffs' technical interpretations; a designee testifies to information known or reasonably available to the organization. How Plaintiffs choose to present ingredient evidence – through their own experts or otherwise – is for Plaintiffs to determine.

Notably, Exhibits 100-130 are not "newly received information" that the Court ordered continued Rule 30(b)(6) depositions could address; they are Plaintiffs' counsel's own work product.

Plaintiffs' insistence on INCI-name conversions is also difficult to reconcile with their own causation theory. In opposing Defendants' Rule 702 (*Daubert*) motion, Plaintiffs represented that their experts "repeatedly testified that they did not need to consider the *specific* chemicals in the product[s] because it was not scientifically necessary to render their opinions," which are based on classes of chemicals "and not specific chemicals contained therein." (Dkt. 1896 at 34, emphasis in original.)

In conclusion, Plaintiffs' requested relief should be denied. They ask the Court to order AFAM, by October 30, 2026 (the day after the status conference) either to adopt Plaintiffs' counsel's summaries as accurate, identify "every claimed inaccuracy or omission" across all 337 pages with supporting citations (and then respond to any reply within 24 hours), or serve a complete verified answer to Interrogatory No. 10 by INCI name. Each alternative would shift to AFAM, on an impossible timeline, the work of auditing Plaintiffs' counsel's work product or performing the technical analysis Plaintiffs could undertake through their own experts, work that would require hundreds of hours.

There is no record before this Court on which to grant the requested relief (or any of it), including the recall of witnesses at AFAM's expense – and it should be denied. Alternatively, if the Court is inclined to consider the issues, AFAM submits that they should be referred to Special Master Grossman for a full examination of the facts and issues, including the subject exhibits and the parties' stipulation, with a full opportunity for the parties to be heard.

**b. Update re Outstanding Subpoenas (Regulatory Fact Witnesses)**

**Plaintiffs' Position:**

The Nhuy Tran subpoena was served. Ms. Tran contacted Plaintiffs' counsel stating she was out of the country, however, she has agreed, in writing, to sit for a deposition on November 3, 2026.

Plaintiffs are not taking any action regarding the other regulatory fact witnesses at this time but are keeping this issue open until Ms. Tran sits for her deposition and her testimony is assessed.

**AFAM'S Position:**

AFAM anticipates that Ms. Tran's deposition can proceed on November 3, 2026, subject to confirming that date with Ms. Tran, and will meet and confer with Plaintiffs regarding any scheduling issues.

**c. Status of Interrogatory & RFP Responses**

**Plaintiffs' Position:**

On April 1, 2026, Judge Rowland extended general discovery deadlines for AFAM to September 30, 2026 under a limited scope, allowing Plaintiffs to serve 40 interrogatories and 65 RFPs. Dkt. No. 1777. By April 6, 2026,[2] Plaintiffs served 40 interrogatories and 52 RFPs.

On October 9, 2026, AFAM provided supplemental responses to both the Interrogatories and RFPs. Plaintiffs reviewed AFAM's supplemental responses, notified AFAM of the remaining deficiencies, and continue to meet and confer with AFAM about their supplementation. While the parties plan to notify the Court of any remaining disputes in the Nov. JSR, it is Plaintiffs position that RFP 52 is ripe for the Court's review. RFP 52 requests the following:

[2] All 40 interrogatories and 51 of the 52 Requests for Production were served on AFAM on March 19, 2026.

> "Produce any and all expert reports, statements, responses to Interrogatories, responses to Requests for Production, responses to Requests for Admission, documents produced, depositions, and all other discovery, YOU PRODUCED in any consolidated or individually filed lawsuit, where AFAM Concept Inc. is named as a Defendant and the Plaintiff(s) claims she has suffered or suffers from ovarian, uterine, and/or endometrial cancer and/or uterine fibroids, due to any and all of YOUR HAIR RELAXER PRODUCTS."

In its initial response, AFAM stated that it "will use its best reasonable efforts to provide responsive documents on a rolling basis" AFAM's first MDL production was of all Cook County AFAM documents. Despite AFAM supplementing its production as discovery continued, AFAM now objects to this Request in its supplemental response, due to the Court's September 30th ruling.

As the Court noted at the September 30th and October 1st hearings, AFAM is in a different situation than the other defendants. Plaintiffs are not seeking duplicative discovery but instead to follow the common practices the parties followed at the beginning of this discovery process. Unlike the other defendants, Plaintiff's request was not after the close of discovery, oral discovery is not closed, and discovery is happening simultaneously in both state court and in the MDL as to AFAM. Judge Finnegan's May 7, 2024 Order does not apply to AFAM because no AFAM discovery occurred in 2024. It is clear from AFAM's previous response and production that it did not have any issue with Plaintiffs' request and only now at the end of discovery, AFAM has unilaterally decided to stop producing documents and other information it once deemed relevant.

Plaintiffs therefore request that the Court order AFAM to supplement its production of all documents it has in its in possession or control responsive to RFP 52.

**AFAM's Position:**

AFAM has supplemented its interrogatory and request for production responses, consistent with the parties' September 13, 2026, meet and confer and the Court's October 6, 2026, Order (Dkt. 2060). As Plaintiffs note, they have since asserted additional claimed deficiencies. The parties will meet and confer regarding those issues and will notify the Court in the November JSR if any disputes remain.

As to RFP 52, AFAM submits that the reasoning of the Court's September 30, 2026, Order (Dkt. 2049), which applies to all parallel state-court proceedings, applies equally to Plaintiffs' RFP 52 to AFAM. Although Judge Finnegan's May 7, 2024, Order predated discovery directed to AFAM, that is only because Plaintiffs did not timely serve written discovery on AFAM – which led to Judge Rowland's discovery extension as to AFAM. This Court's ruling, moreover, did not rest on that Order alone; the ruling was also predicated on the need for a largely static discovery record in advance of dispositive motions and bellwether trials. Those considerations apply equally to AFAM, whose general discovery period closed on September 30, 2026. RFP 52 seeks the same ongoing, wholesale production of state-court discovery that the Court declined to order. The scope of discovery from parallel state-court proceedings should be consistent across all Defendants in this MDL, and AFAM should not be subject to a broader obligation than other Defendants.

**d. Update: Deposition Schedule**

**Joint Statement:**

The following depositions remain and have been scheduled by agreement of the parties:

- Continuation of 30b6 on Finished Products and 30b6 on Ingredients/ Fragrances, as limited by the Court's Oct. 6, 2026, Order limitations: October 22, 2026
- 30b6 Science: October 24, 2026
- 30b6 Financials: October 27, 2026
- Nhuy Tran: November 3, 2026
- 30b6 Regulatory: November 5, 2026
- Continuation of 30b6 on Customer Complaints: November 11, 2026
- Fact witness deposition of Korkor Akoto: November 11, 2026

**e. Privilege Log Challenges**

**Joint Statement:**

On September 4, 2026, Plaintiffs served 12 challenges to AFAM's 1st Privilege Log. The parties have since met and conferred and the 12 challenges remain at issue. Plaintiffs request and AFAM agree to the submission of the subject documents to Special Master Grossman for *in camera* review.

## II. ***Second-wave Defendant Specific Discovery Status***

**Bronner Bros:**

**a. ESI Review & Rolling Production Schedule**

**Plaintiffs' Position:**

Parties have agreed on a final hit report and have requested that Bronner begin its review and start rolling production of documents by November 2nd. Plaintiffs would request that Bronner provide dates upon which rolling productions will be completed.

**Bronner Bros Position:**

Bronner Bros. has imaged its digital records and electronically stored information with its e-discovery vendor, DISCO, and is proceeding under CMO No. 4. The principal open ESI item is Plaintiffs' review of the search terms and the line-by-line DISCO hit reports and summary described in subsection (a), together with any follow-up that may arise from that review. Bronner Bros. does not presently anticipate an ESI-protocol dispute requiring Court intervention but will identify any such dispute in this section of the Joint Status Report if one arises. Bronner recognizes the Court's guidance that Second Wave Defendants should work efficiently and cooperatively within the ESI Protocol framework.

**b. Outstanding Insurance Disclosures**

**Plaintiffs' Position:**

As of date, Plaintiffs have not received any insurance disclosures or policies from Bronner Bros. and thus request that the Court order Bronner Bros. to provide its outstanding insurance disclosures and applicable policies by November 2nd. Bronner had previously indicated that it would provide insurance disclosures or policies on an expedited basis.

**Bronner Bros Position:**
Efforts are ongoing to locate historical insurance policy information, whether off-site or on-site, beyond the digital records and electronically stored information imaged by Bronner Bros.' e-discovery vendor, DISCO. Bronner will continue to work cooperatively with Plaintiffs regarding historical policy information so that document productions proceed within the schedule established by CMO No. 24. The parties will update the Court as needed but Bronner Bros. sees no need for direct Court intervention at this juncture.

**c. Outstanding Global Discovery Issues**

**Plaintiffs' Position:**

Plaintiffs provided Bronner Bros. with a letter identifying global discovery issues on September 21, 2026. To date, Plaintiffs have not received any response addressing these deficiencies. Accordingly, Plaintiffs request that the Court order Bronner Bros. to provide complete responses to Plaintiffs' outstanding global discovery issues by November 2nd.

**Bronner Bros Position:**
On September 21, 2026, Plaintiffs identified certain deficiencies and other issues with Bronner Bros.' original interrogatory responses. The newly raised issues identified by Plaintiffs on September 21, 2026 require detailed review. Bronner Bros. will review those issues in good faith, and the parties will address them as needed in the meet and confer process. Bronner Bros. reserves all objections and remains committed to working cooperatively with Plaintiffs to resolve any interrogatory disputes without Court intervention.

**d. Iron Mountain & Other Hard Copy Documents**

**Plaintiffs' Position:**

Plaintiffs continue to await an update regarding the identification and collection of documents maintained at Iron Mountain and other physical storage locations. Plaintiffs request that the Court direct Bronner Bros. to provide a status update on its collection efforts, identify any outstanding sources, and establish a timeline for production of responsive documents.

**Bronner Bros Position:**
Efforts are ongoing to locate all hard copy documents, whether off-site or on-site, and to ensure all such documents are digitally imaged by Bronner Bros.' e-discovery vendor, DISCO. Bronner will continue to work cooperatively with Plaintiffs regarding production of hard copy documents so that document productions proceed within the schedule established by CMO No. 24. The parties will update the Court as needed but Bronner Bros. sees no need for direct Court intervention at this juncture.

**JPMS:**

**a. Updated Search Terms and Hit Report**

**Joint Position:**

JPMS will advise Plaintiffs by October 30, 2026, whether it agrees to incorporate the additional JPMS specific search terms. If the parties are unable to reach an agreement, Plaintiffs reserve the right to seek Court intervention.

**b. ESI Review & Rolling Production Schedule**

**Joint Position:**

By October 30, 2026, JPMS will provide proposed dates for the commencement of rolling productions, estimated review period, projected completion date, and substantial completion date, accounting for any additional custodians, platforms, or other identified sources.

**c. Outstanding Global Discovery Issues**

**Joint Position:**

Plaintiffs have reviewed JPMS's October 16 responses and provided their reply on October 22, 2026. JPMS will respond to Plaintiffs' outstanding concerns within 21 days of receipt.

**d. Outstanding Insurance Policies**

**Joint Position:**

JPMS will provide a status update regarding the requested policies or produce any responsive policies by October 30, 2026.

**e. Non-custodial Sources**

**Joint Position:**

By October 30, 2026, JPMS will provide a proposed timeline for reviewing and producing these documents, including anticipated production dates.

**Wella:**

**a. Non-Compliance with Discovery Response Deadlines**

**Plaintiffs' Position:**

Wella confirmed during a meet and confer on September 15, 2026 that it intended to comply with the deadlines set forth in CMO 24. However, to date, Wella has not served responses and objections for previously served Interrogatories and Requests for Production, which were due by September 29, 2026. To be clear, Wella has not served *any* responses or objections to *any* of Plaintiffs' previously served Interrogatories and Requests for Production due to prior extensions which were granted in advance of the Court's stay on discovery (*see* Dkts. 1583, 1735 and 1911). Since the stay was lifted

(*see* Dkt. No. 1984), Wella has not requested an additional extension from Plaintiffs' counsel, nor has Wella responded to repeated requests for a status of the service of their responses and objections. Wella's non-compliance severely prejudices Plaintiffs. Plaintiffs therefore request that the Court order Wella to serve their overdue responses and objections by November 5, 2026.

**Wella's Position:**

Wella agrees to respond to any outstanding written discovery requests by November 5, 2026, to the extent that the requested documents and information are available to Wella.

Dated: October 22, 2026

**FOR PLAINTIFFS:**

Respectfully Submitted,

*/s/Mark R. Miller*
Mark R. Miller
**WALLACE MILLER**
200 W. Madison Street, Ste. 3400
Chicago, Illinois 60606
T: (312) 261-6193
Email: mrm@wallacemiller.com

*Plaintiffs' Liaison Counsel*

Diandra "Fu" Debrosse
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
T: (646) 933-1000
Email: fu@dicellolevitt.com

*Plaintiffs' Co-Lead Counsel*

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
T: (401) 457-7700
Email: ffitzpatrick@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

**FOR DEFENDANTS:**

Respectfully Submitted,

*/s/ Heidi Levine*
Heidi Levine
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019
T: (212) 839-5300
hlevine@sidley.com

*Defense Liaison Counsel and Counsel for Defendant Namasté Laboratories, LLC*

Daniel A. Spira
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
T: (312) 853-7274
dspira@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
350 South Grand Avenue
Los Angeles, CA 90071
T: (213) 896-6044
lgilford@sidley.com

Amanda M. Blau
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019

Michael A. London
**DOUGLAS & LONDON, P.C.**
One State Street, 35th Floor
New York, New York 10004
T: (212) 566-7500
Email: mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020
Email: ben@bencrump.com

*Plaintiffs' Co-Lead Counsel*

T: (212) 839-5441
ablau@sidley.com

Caitlin P. Strauss
**SAUL EWING LLP**
1735 Market Street
Suite 3400
Philadelphia, PA 19103-7504
T: (215) 972-7153
caitlin.strauss@saul.com

Michael A. Jacobson
**SAUL EWING LLP**
161 North Clark Street
Suite 4200
Chicago, IL 60601
T: (312) 876-7121
michael.jacobson@saul.com

*Counsel for Defendant Namasté Laboratories, LLC*

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
T: (213) 892-5200
F: (213) 892-5454
dellis@mofo.com
kmurray@mofo.com
spolatoglu@mofo.com

Jonathan Blakley
**GORDON REES SCULLY MANSUKHANI LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500

F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc. and SoftSheen-Carson LLC*

Lori B. Leskin
E. Dean Harris Porter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Dean.Porter@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
Rhonda.trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC; Strength of Nature Global LLC; and Godrej SON Holdings*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Kevin A. Titus (6217520)
Sherita S. Glover (6319197)
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6559
titus@litchfieldcavo.com
glover@litchfieldcavo.com

Daniel P. Costello (6274746)
Michael P. Turiello (6238272)
Shipra S. Mehta (6321116)
**COSTELLO GINEX & WIDEIKIS, P.C.**
150 N. Wacker Drive, Suite 1400
Chicago, IL 60606
Tel: (312) 850-2651
dcostello@cgw-legal.com
mturiello@cgw-legal.com
smehta@cgw-legal.com

*Counsel for Defendant Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
**WIEDNER & MCAULIFFE, LTD.**
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

Melissa Fallah
Robert W. Petti
Alyssa P. Fleischman
**MARON MARVEL**
191 N. Wacker Drive, Suite 2950
Chicago, Illinois 60606
T: (312) 579-2018

mfallah@maronmarvel.com
rpetti@maronmarvel.com
afleischman@maronmarvel.com

*Counsel for Defendant Luster Products, Inc.*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Edward P. Abbot
**ECKERT SEAMANS CHERIN & MELLOT, LLC**
275 Madison Avenue, 10th Floor
New York, NY 10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Group Holdings LLC*

Yvette Ostolaza
Amanda Crawford-Steger
**SIDLEY AUSTIN LLP**
2323 Cedar Springs, Ste. 2600
Dallas, TX 75201
T: (214)981-3496
yostolaza@sidley.com
asteger@sidley.com

Heidi Levine
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
T: (212) 839-5300
hlevine@sidley.com

Lisa M. Gilford
**SIDLEY AUSTIN LLP**
555 W 5th St.
Los Angeles, CA 90013
T: (213) 896-6000
lgilford@sidley.com

Lauren E. Gumerove
**SIDLEY AUSTIN LLP**
830 Brickell Plaza, Suite 4300
Miami, FL 33131
T: (305) 391-5219
lgumerove@sidley.com

*Counsel for Defendant Sally Beauty Supply LLC*

Joseph J. Welter
Ryan M. Frierott
**GOLDBERG SEGALLIA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Seth V. Alhadeff
Ravika Rameshwar
Matthew C. Wasserman

**DINSMORE & SHOHL LLP**
Southeast Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
T: (786) 957-1157
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com
Matthew.Wasserman@dinsmore.com

Matthew C. Wasserman
**DINSMORE & SHOHL LLP**
222 W. Adams Street
Suite 3400
Chicago, IL 60606
T: (312) 837-4316
Matthew.Wasserman@dinsmore.com

Adam Fox
**DINSMORE & SHOHL LLP**
801 Pennsylvania Avenue N.W., Suite 610
Washington, D.C. 20004
T: (202) 559-3615
F: (202) 372-9141
Adam.Fox@dinsmore.com

*Counsel for Defendant, McBride Research Laboratories, Inc.*

Ann C. Barron
Sara Peal
**HEYL, ROYSTER, VOELKER & ALLEN, P.C.**
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025
T: (618) 656-4646
abarron@heylroyster.com
speal@heylroyster.com

*Counsel for Advanced Beauty, Inc.*
*Second Wave Defendant Liaison*

Ashley C. Webber
Emily D. Robinson
**MARSH ATKINSON & BRANTLEY, LLC**
271 17th Street NW, Suite 1600
Atlanta, GA 30363

T: (404) 282-5050
ashley.webber@mablawfirm.com
emily.robinson@mablawfirm.com

*Counsel for Defendant, Dudley Beauty Corp, LLC*

Daniel L. Stanner
Ashley Crettol Insalaco
Megan E. Ryan
**TABET DIVITO & ROTHSTEIN LLC**
209 S. LaSalle Street, 7th floor
Chicago, IL 60604
T: (312) 762-9450
dstanner@tdrlaw.com
ainsalaco@tdrlaw.com
mryan@tdrlaw.com

*Counsel for Defendant RNA Corporation*

Mark A. Fiore
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ 08540-6241
T: (609) 919-6600
F: (877) 432-9652
mark.fiore@morganlewis.com

*Counsel for Defendant John Paul Mitchell Systems, Inc.*

Leslie A. Federer, ARDC #6325614
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
191 N. Wacker Drive, Suite 2950
Chicago, Illinois 60606
T: (312) 767-1314
lfederer@maronmarvel.com

Robert E. Dille (*pro hac vice*)
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
201 St. Charles Ave., Suite 2411
New Orleans, Louisiana 70170
T: (504) 321-9331
rdille@maronmarvel.com

*Counsel for Defendant Murray's Worldwide, Inc.*