**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>No. 23-cv-00818<br><br>Hon. Beth W. Jantz<br><br>This document relates to: All Cases |

**ORDER**

The Court held a status hearing on October 29, 2026, to discuss the status of discovery and address the issues raised in the parties' October 22, 2026 Joint Status Report (JSR) (Dkt. 2081). This Order memorializes the salient aspects of that hearing and the Court's corresponding rulings. The parties shall appear via video for a status hearing on November 19, 2026, at 10:00 a.m. (Central).

The Court first addressed a dispute concerning Plaintiffs' Interrogatory No. 10 directed to **Defendant AFAM Concept, Inc. ("AFAM")**, which seeks information regarding the ingredients in AFAM's finished products. This dispute is hereby referred to Professor Grossman. The parties are instructed to contact Professor Grossman by November 2, 2026, to advise her of the dispute.

The Court next addressed Plaintiffs' and AFAM's dispute concerning the production of documents and deposition transcripts from parallel state-court litigation into the MDL, an issue initially raised during the August 20, 2026 status hearing. As a preliminary matter, AFAM represented on the record that it has not withheld from production in this MDL any documents that it produced in the Cook County litigation. Accordingly, the parties agreed on the record that there is no live issue concerning AFAM's production of documents from parallel litigation into the MDL.

Plaintiffs nevertheless maintain that AFAM should produce deposition transcripts from parallel litigation that were generated before the close of AFAM's discovery period on September 30,

2026. AFAM, for its part, contends that it is situated with the other first-wave defendants and therefore has no obligation to produce these transcripts in light of the Court's September 30, 2026 Order. (Dkt. 2049.) In that Order, the Court denied Plaintiffs' request to require the production of deposition transcripts from parallel state-court proceedings into the MDL. (*See id.* at 3). However, when setting the briefing schedule for that dispute on August 27, 2026, the Court expressly instructed that, "[t]he parties' briefs shall not address the production of deposition transcripts related to Defendant AFAM Concept, Inc., as AFAM and Plaintiffs are separately conferring on that issue." (Dkt. 2013 at 1.) As reflected in this express carve-out, the Court understood that AFAM and Plaintiffs were separately conferring regarding AFAM's production of deposition transcripts. The Court's subsequent Order on September 30, 2026, therefore, was not intended to resolve that issue as to AFAM. (*See* Dkt. 2049.)

The RFP at issue, Plaintiffs' REQUEST FOR PRODUCTION NO. 52, requested that AFAM: "Produce any and all expert reports, statements, responses to Interrogatories, responses to Requests for Production, responses to Requests for Admission, documents produced, ***depositions, and all other discovery, YOU PRODUCED in any consolidated or individually filed lawsuit***, where AFAM Concept Inc. is named as a Defendant and the Plaintiff(s) claims she has suffered or suffers from ovarian, uterine, and/or endometrial cancer and/or uterine fibroids, due to any and all of YOUR HAIR RELAXER PRODUCTS" (emphasis added). In AFAM's first response on May 7, 2026, AFAM objected generally but referred Plaintiffs to approximately 12,000 Bates-numbered documents that it had previously produced in Illinois State Court Cases in Cook County. AFAM further noted that, "[d]iscovery is ongoing and AFAM's investigation is continuing. AFAM reserves the right to supplement and/or amend its response to this Request as additional information is obtained and discovery progresses."

In AFAM's SUPPLEMENTAL RESPONSES dated May 11, 2026, AFAM objected generally but once again responded that, "[d]iscovery is ongoing and AFAM's investigation is continuing. AFAM reserves the right to supplement and/or amend its response to this Request as additional information is obtained and discovery progresses. Furthermore, the scope and breadth of this Request will require a substantial amount of time for AFAM to conduct searches for responsive documents. Other defendants in this litigation have taken years to respond to similar discovery requests. ***AFAM will use its best reasonable efforts to provide responsive documents on a rolling basis***" (emphasis added).

Following issuance of this Court's September 30, 2026 Order (Dkt. 2049), which specifically excluded consideration of the issues as to AFAM, AFAM nevertheless, on October 9, 2026, objected entirely to this request: "AFAM further objects to this Request to the extent it seeks reports, statements, discovery responses, documents produced, and deposition transcripts from parallel state-court proceedings, which are beyond the scope of discovery under [the September 30, 2026 Order]."

By the time of this written, formal change of position from AFAM on October 9, 2026, discovery as to AFAM had closed as of September 30, 2026. (*See* Dkt. 1777.) AFAM represented on the record that in late September, it had informed Plaintiffs' counsel that, due to Defendants' arguments before the Court, AFAM was going to stand with and take the same position as Defendants, and so AFAM was not planning to supplement because AFAM thought it would be outside the scope of the Court's September 30, 2026 Order. But even by late September, however, Plaintiffs were to have previously issued third-party subpoenas related to AFAM by August 28, 2026 and 30(b)(6) notices by September 3, 2026. (Dkt. 2013 at 2.) In other words, by the time that AFAM changed its position from "provid[ing] responsive documents on a rolling basis" to a blanket

objection, the time had passed for Plaintiffs to timely request any more depositions regarding AFAM in this MDL.

Plaintiffs' request is a targeted one, as reflected on the record. Plaintiffs are not asking for an ongoing obligation for AFAM to produce every transcript generated in ongoing parallel litigation after the close of their discovery. Rather, Plaintiffs are only asking for those transcripts from ***before*** the close of AFAM's discovery, in response to a properly served request. And the timeline above with respect to AFAM stands apart from the rationale in this Court's September 30, 2026 Order for barring further production of deposition transcripts. (Dkt. 2049.) With respect to AFAM, "Plaintiffs [did not have] ample opportunity to notice and conduct depositions under the protocol," as the deposition notice deadline passed before AFAM alerted Plaintiffs to the change in its position. (*Id.* at 2.) Furthermore, in its September 30, 2026 Order, this Court distinguished Plaintiffs' cited authorities because they "generally do not appear to involve an indefinite obligation, imposed after the close of discovery, to produce materials from parallel proceedings notwithstanding a previously established collection cutoff date . . . [and] are likewise distinguishable because they generally involved prior transcripts used to narrow or avoid duplicative MDL depositions or discrete productions, rather than an ongoing obligation to produce every transcript generated in ongoing parallel litigation even after the close of discovery." (*Id.* at 3.) Plaintiffs' ask here as to AFAM specifically avoids what this Court found problematic in its September 30, 2026 Order.

Accordingly, the Court will grant Plaintiffs' limited request, and the parties are to meet and confer within seven days as to whether: (1) AFAM chooses to produce deposition transcripts taken in parallel litigation prior to September 30, 2026, or (2) if not, a discrete number of depositions as to AFAM that Plaintiffs can now take out of time. As noted herein, this does not create an ongoing obligation on AFAM to produce parallel deposition transcripts generated past September 30, 2026,

and this Court's ruling goes to discovery only. This ruling does not go to admissibility or use of any deposition transcripts in dispositive motion briefing or at trial; that will be for the District Judge to decide at a later date if there are any such disputes.

The final dispute involving AFAM concerned challenges to AFAM's 1st Privilege Log. The parties are instructed to contact Professor Grossman by October 30, 2026, to advise her of the dispute and obtain her instructions regarding how she intends to address it with them.

Regarding **Defendant Bronner Bros.'s ("Bronner")** ESI review and document production schedule, Bronner informed the Court that it has finalized its search terms and received a hit report identifying 67,000 documents for review. Plaintiffs requested a firm deadline for the completion of Bronner's rolling productions that precedes the March 1, 2027 discovery cutoff. The parties are instructed to meet and confer regarding Bronner's production schedule and to submit a proposed schedule for the November monthly status hearing.

Regarding Bronner's production of historical insurance policy information, Bronner is instructed to provide the relevant disclosures to Plaintiffs by November 13, 2026. By November 13, 2026, Bronner must also provide Plaintiffs with a substantive status update regarding its identification and collection of documents maintained at Iron Mountain and other physical storage locations.

Finally, the Court addressed a dispute regarding alleged deficiencies Plaintiffs identified in Bronner's discovery responses. Bronner is instructed to provide Plaintiffs with a formal response regarding meeting and conferring about the identified deficiencies by November 18, 2026. The parties shall advise the Court at the forthcoming November 19, 2026 status hearing as to the status of this dispute.

Regarding Defendant **John Paul Mitchell Systems (“JPMS”)**, the Court orders the following:

- By October 30, 2026, JPMS shall advise Plaintiffs whether it agrees to incorporate the additional JPMS-specific search terms.
- By October 30, 2026, JPMS shall provide proposed dates for the commencement of rolling productions, an estimated review period, a projected completion date, and a substantial completion date, accounting for any additional custodians, platforms, or other identified sources.
- By November 12, 2026, JPMS shall respond to Plaintiffs’ outstanding concerns regarding global discovery issues.
- By October 30, 2026, JPMS shall provide a status update regarding the requested insurance policies or produce any responsive insurance policies.
- By October 30, 2026, JPMS shall provide a proposed timeline for reviewing and producing documents from non-custodial sources, including anticipated production dates.

Regarding Defendant **Wella Operations US LLC (“Wella”)**, Wella shall respond to any outstanding written discovery requests by November 5, 2026, to the extent the requested documents and information are available to or in the possession, custody, or control of Wella.

SO ENTERED AND ORDERED.

DATED: November 18, 2026

HON. BETH W. JANTZ
United States Magistrate Judge